# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

_____

| | |
|---|---|
| GLS LEASCO, INC., | Case No. 23-_____ |
| Plaintiff, | HON. |
| v. | _____ |
| NAVISTAR, INC., | Complaint Filed: |
| | 16th Circuit Court for Macomb County |
| Defendant. | Case No. 2023-003669-CB |

## DEFENDANT'S NOTICE OF REMOVAL
## UNDER 28 U.S.C. §§ 1332, 1441, and 1446

PLEASE TAKE NOTICE THAT Defendant, Navistar, Inc. ("Navistar"), by its undersigned counsel, hereby removes this action from the 16th Judicial Circuit Court for Macomb County, State of Michigan, to the United States District Court for the Eastern District of Michigan, pursuant to 28 U.S.C. § 1332, 1441, and 1446. Navistar removes on the grounds that complete diversity exists between Plaintiff GLS Leasco, Inc. ("GLS"), as a citizen of Michigan, and Navistar, as a citizen of both Illinois and Delaware. Further, the amount in controversy exceeds $75,000 and the foregoing facts were true when GLS filed their initial Complaint.

## THE STATE COURT ACTION

1. Plaintiff GLS commenced a civil action in the 16th Judicial Circuit Court for Macomb County, Michigan, by filing a Complaint on or about October 25, 2023 titled *GLS Leasco, Inc v Navistar*, Case No 2023-003669-CB. On October 27, 2023 Navistar was personally served with a copy of GLS's Complaint. Pursuant to 28 U.S.C. § 1446(d), a copy of all processes, pleadings, and orders served upon Navistar in this action are attached as <u>Exhibit 1</u>.

## TIMELINESS

2. This Notice of Removal is timely filed under 28 U.S.C. § 1446(b) because it is filed within 30 days of October 27, 2023, the date on which Navistar was properly served with a copy of the Complaint, and within one year of the commencement of this action. Accordingly, this Notice of Removal is timely filed under 28 U.S.C. § 1446(b). Defendant Navistar will promptly file a copy of this Notice with the Macomb County Circuit Court, state of Michigan, as required by 28 U.S.C. § 1446(d).

## NATURE OF THE CLAIMS

3. GLS asserted a breach of contract claim against Navistar, alleging that Navistar owes GLS more than "tens of millions of dollars in damages." Ex. 1, ¶ 39. Navistar denies liability of GLS's claims.

## THE VENUE REQUIREMENT IS MET

4. "[A]ny civil action brought in a State court which the district courts of the United States have original jurisdiction, may be removed by the defendant or the

defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

5. Venue of this removed action is proper in this District under 28 U.S.C. § 1441(a) because this Eastern District of Michigan encompasses the 16th Circuit Court for Macomb County, Michigan, where the Complaint was originally filed.

## DIVERSITY OF CITIZENSHIP EXISTS

6. Under 28 U.S.C. § 1332, this Court has original jurisdiction over GLS's claims because complete diversity of citizenship exists between the parties, and the amount in controversy exceeds $75,000.00.

7. At the time that GLS filed this action and to the present date, complete diversity exists between GLS and Navistar.

8. For removal purposes, a corporation has the citizenship of the State by which it is incorporated, as well as the State where it has its principal place of business. 28 U.S.C. § 1332(c)(1).

9. GLS is a citizen of the State of Michigan. *See* Ex. 1 at ¶ 1. According to paragraph 1 of the Complaint, "GLS is a Michigan corporation with its registered office and principal place of business located at 12225 Stephens Road, Warren, Michigan."

10. Navistar is a citizen of both the State of Delaware and Illinois. In paragraph 2 to of the Complaint, GLS acknowledges that "Navistar is a Delaware corporation registered and authorized to conduct business within the State of Michigan, with its principal place of located in Lisle, Illinois." *See* Ex. 1 at ¶ 2.

11. As such, complete diversity of citizenship exists.

## THE AMOUNT IN CONTROVERSY IS SATISFIED

12. A removing defendant must show that the amount in controversy requirement is satisfied only by a preponderance of the evidence. *See Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 572 (6th Cir. 2001).

13. In GLS's Complaint, they allege damages in excess of "tens of millions of dollars..." Ex. 1, ¶ 39.

14. Therefore, based upon the face of GLS's Complaint, the amount in controversy exceeds $75,000.

## CONCLUSION

15. Accordingly, this action is removable pursuant to 28 U.S.C. § 1332 on the basis of diversity of citizenship.

16. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being submitted for filing to the Clerk of the 16th Circuit Court for Macomb County, State of Michigan, and is being served upon GLS.

17. If this Court has any questions regarding the propriety of this Notice of Removal, Navistar respectfully requests that it issue an Order to Show Cause, so that Navistar may have an opportunity to address such questions.

WHEREFORE, Defendant Navistar, pursuant to 28 U.S.C. § 1441 and in compliance with the requirements set forth in 28 U.S.C. § 1446(b), respectfully requests that this matter be removed to the United States District Court for the Eastern District

of Michigan, and requests this Court assume full jurisdiction over this action as provided by law.

Dated: November 16, 2023                    Respectfully submitted,

                                            BARNES & THORNBURG LLP


                                            /s/ Scott R. Murphy
                                            Scott R. Murphy (P68015)
                                            Anthony C. Sallah (P84136)
                                            BARNES & THORNBURG LLP
                                            171 Monroe Avenue, N.W., Suite 1000
                                            Grand Rapids, Michigan 49503
                                            (616) 742-3932
                                            *Attorneys for Defendant Navistar, Inc.*