UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GLS LEASCO, INC.,

    Plaintiff,

v.

NAVISTAR, INC.,

    Defendant.

Case No. 23-cv-12927

Hon. Mark A. Goldsmith

Magistrate Judge Anthony P. Patti

---

KIENBAUM, HARDY, VIVIANO,
PELTON & FORREST, P.L.C.
By: Joseph E. Viviano (P60378)
    Thomas J. Davis (P78626)
    Marianne J. Grano (P82901)
Counsel for Plaintiff
48 South Main Street, Suite 2
Mt. Clemens, MI 48043
(586) 469-1580
jviviano@khvpf.com
tdavis@khvpf.com
mgrano@khvpf.com

BARNES & THORNBURG LLP
By: Scott R. Murphy (P68015)
    Anthony C. Sallah (P84136)
Counsel for Defendant
171 Monroe Ave., N.W. Ste. 1000
Grand Rapids, MI 48905
(616) 742-3932
smurphy@btlaw.com
asallah@btlaw.com

BOIES SCHILLER FLEXNER LLP
By: Hamish P.M. Hume (*Pro Hac* pending)
Co-Counsel for Plaintiff
1401 New York Ave. NW
Washington, DC 20005
(202) 274-1149
hhume@bsfllp.com

---

**Rule 26(f) Joint Discovery Plan**

In accordance with Federal Rule of Civil Procedure 26(f)(3), Plaintiff and Defendants, by their attorneys, submit the following proposed discovery plan.

On December 14, 2023 the parties conferred and discussed the following issues identified under Rule 26(f) of the Federal Rules of Civil Procedure and the Court's Scheduling Conference Order. A brief summary follows:

**1.    Brief summary of the case**.

(a)    **Plaintiff:** In July 2021, GLS and Navistar entered into a letter agreement for the purchase of over 1,300 new tractors to be delivered between February 2022 and December 2022 (Model Year 2023 units) and between January 2023 and February 2023 (Model Year 2024 units). In the letter Agreement Navistar recognized that GLS had the option to trade in 1,046 used tractors, including the Model Year 2018 at issue (the "MY2018 Tractors") for a specified residual value.

On April 8, 2022, GLS and Navistar entered into a new letter agreement specifically intended to replace the July 2021 contract. At the time, Navistar was having difficulty producing tractors with a particular safety system. At the same time, GLS wanted to take advantage of the historically strong market conditions for used tractors (including for the MY2018 Tractors). GLS agreed to accept Navistar's tractors without that safety system, *and* agreed to forego its option to resell used tractors to Navistar for a specified residual value, in exchange for an earlier production schedule. GLS would have never waived its trade-in rights, including

with respect to the MY2018 Tractors, in the absence of Navistar's agreement to the earlier production schedule, which both parties understood would allow GLS to sell the MY2018 Tractors in the historically strong used truck market.

However, Navistar breached the April 8. 2022 letter agreement and failed to timely produce and supply the new tractors. Navistar's late delivery of the new tractors extended well over a year, preventing GLS from timely replacing its used fleet with the new vehicles, and thus preventing GLS from being able to sell its used vehicles in the historically-strong market conditions for used truck sales. The price of used tractors fell by over 75% during the time period of Navistar's delay, costing GLS tens of millions of dollars in lost sales value for those vehicles, as well as additional damages in the form of far higher maintenance, fuel, driver recruitment, repair costs, and financing costs. It was entirely foreseeable to Navistar that GLS would sustain these all of these damages if GLS failed to adhere to the production schedule set forth in the April 8, 2022 letter agreement.

(b)    **Defendant:** Navistar denies that it is liable to GLS for breach of contract or otherwise and denies that GLS is entitled to its requested relief (or any other relief). Among other things, GLS did not sign the referenced Letter Agreement until May 18, 2022 and the purported "production schedule" set forth in the April 8, 2022 letter was actually a build schedule based on available production and timely orders by the customer.  In other words, the tractors could not be built until GLS

submitted its order to the relevant dealership and GLS knew the build schedule was already behind because it delayed ordering 555 of the tractors from the dealer until March of 2022. Furthermore, the average residual sale prices for Central 2018 International RH613 model tractors fluctuated based on OTB, mileage at the time of trade in, and the tractors meeting full trade terms and conditions, all of which varied vehicle by vehicle.

2. **Subject matter jurisdiction**. GLS filed this matter in Macomb County Circuit Court. Navistar removed the case on the basis of complete diversity, including claimed damages in excess of the $75,000 threshold for diversity cases. GLS does not contest that removal was appropriate.

3. **Relationship to other cases**. None.

4. **Necessity of amendments to pleadings**. The parties expect to file all motions to join parties or to amend the pleadings by February 6, 2024.

5. **Anticipated discovery disputes**. The parties will exchange written discovery and schedule deposition dates. Discovery had not commenced as of the Rule 26(f) conference. There are no anticipated discovery disputes at this time.

6. **Settlement, including alternative dispute resolution**. To date, the parties have not engaged in settlement discussions. The parties are agreeable to mediation with a mutually-agreeable mediator following the completion of appropriate discovery.

7. **Anticipated Motion Practice**. The parties do not currently anticipate any unusual motions practice (*i.e.*, apart from discovery motions if necessary and motions in limine).

8. **Subjects of Discovery**. The parties anticipate discovery on both liability and damages issues. The proposed discovery schedule is set forth below. The parties do not believe discovery should be conducted in phases.

9. **Issues concerning ESI**. The parties anticipate that discovery in this matter will require significant production of electronically-stored information ("ESI"). The parties will meet and confer regarding a protocol for the production of ESI. The proposed scheduling order incorporates the additional time that the parties anticipate will be needed for discovery in light of these ESI issues.

10. **Assertions of privilege/work-product**. The parties anticipate submitting for the Court's approval a Proposed Stipulated Protective Order regarding the discovery of confidential information that complies with the Court's Practice Guidelines for protective orders. The parties agree that the Court should enter an order under Federal Rule of Evidence 502(d) regarding privileged material and will include such language in the proposed protective order.

11. **Changes to Discovery Rules**. The parties do not seek changes to the limitations of discovery imposed by the federal rules or local rules.

**12. Other Orders.** The parties do not currently seek the entry of other orders at this time.

**13. Proposed Scheduling Order.** The parties propose the following schedule regarding the disclosures required under Fed. R. Civ. P. 26:

| EVENT | DEADLINE |
| --- | --- |
| Rule 26(a)(1) Initial Disclosures | January 25, 2024 |
| Lay Witness List | August 23, 2024 |
| Exhibit List | August 23, 2024 |
| Expert Witness List and Rule 26(a)(2) Disclosures – Plaintiff | August 23, 2024 |
| Expert Witness List and Rule 26(a)(2) Disclosures – Defendant | September 23, 2024 |
| Discovery Cut-Off (Fact) | November 22, 2024 |
| Early Settlement Conference | December 6, 2024 |
| Dispositive Motion & Motions to Limit/Exclude Expert Testimony | December 13, 2024 (adjusted by one week to account for holiday) |
| All Other Motions, Including Motions in Limine | Six weeks before the final pretrial conference |

| Final Settlement Conference | April 2025 (date to be set by Court) |
|---|---|
| Joint Final Pre-Trial Order | To be set by the Court six weeks before the Final Pre-Trial Conference |
| Final Pretrial Conference | To be set by the Court two weeks before trial |
| Trial | To be set by the Court |

Respectfully submitted,

/s/ *Scott R. Murphy (by permission)*
BARNES & THORNBURG LLP
By:  Scott R. Murphy (P68015)
       Anthony C. Sallah (P84136)
Counsel for Defendant
171 Monroe Ave., N.W. Suite 1000
Grand Rapids, MI 48905
(616) 742-3932
smurphy@btlaw.com
asallah@btlaw.com

*Counsel for Defendant*

/s/ *Thomas J. Davis*
KIENBAUM, HARDY, VIVIANO,
PELTON & FORREST, P.L.C.
By:  Joseph E. Viviano (P60378)
       Thomas J. Davis (P78626)
       Marianne J. Grano (P82901)
48 South Main Street, Suite 2
Mt. Clemens, MI  48043
(586) 469-1580
jviviano@khvpf.com
tdavis@khvpf.com
mgrano@khvpf.com

BOIES SCHILLER FLEXNER LLP
By:  Hamish P.M. Hume (*Pro Hac* pending)
1401 New York Ave. NW
Washington, DC 20005
(202) 274-1149
hhume@bsfllp.com

*Counsel for Plaintiff*

## LOCAL RULE CERTIFICATION

I, Thomas J. Davis, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify that it is the appropriate length. Local Rule 7.1(d)(3).

*/s/ Thomas J. Davis*
Kienbaum Hardy Viviano
  Pelton & Forrest, P.L.C.
280 N. Old Woodward Ave., Suite 400
Birmingham, MI  48009
(248) 645-0000
tdavis@khvpf.com
(P78626)

## CERTIFICATE OF SERVICE

I hereby certify that on December 20, 2023, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to all parties of record.

> */s/ Thomas J. Davis*
> Kienbaum Hardy
>   Viviano Pelton & Forrest, P.L.C.
> 280 N. Old Woodward Ave., Suite 400
> Birmingham, MI  48009
> (248) 645-0000
> tdavis@khvpf.com
> (P78626)