


September 24, 2024

**Via Email & U.S. Mail**

Scott R. Murphy
Anthony C. Sallah
Barnes & Thornburg LLP
171 Monroe Ave., N.W., Ste. 1000
Grand Rapids, MI 49503
smurphy@btlaw.com
asallah@btlaw.com

   Re: *GLS Leasco, Inc. et al. v Navistar, Inc.*
      Case No. 23-cv-12927

Scott:

  I write in response to Navistar's September 20, 2024 letter with respect to the litigation hold issue. I have significant concerns that Navistar's letter was issued with the intention of manufacturing an issue for the Court where none exists. That concern is magnified given that Navistar's Vice President Sean Carmichael has already conceded Navistar's liability for breach of contract *and* the foreseeability of GLS's primary damages theory, meaning that Navistar has an incentive to create such distractions from the relevant issues.

  To put it bluntly, your letter gets the facts dead wrong. GLS issued a litigation hold to Kyle Blain, Joe Hanvey, Brienne Perkins, and Nick Schmalenberg on October 9, 2023, before this litigation was filed. This information would have been apparent from Plaintiffs' forthcoming privilege log; unfortunately, Navistar has still not responded to our proposal for a deadline to exchange such a log. In the spirit of cooperation, a copy of the email with attached litigation hold (redacting everything except what would appear in a privilege log) is attached, and we will provide a redacted copy of this email with metadata intact shortly so you may confirm the same.

  That should be the end of the matter. The fact that two lay witnesses did not recall when they received a litigation hold is irrelevant. They did receive the hold. And they received it before the litigation began.

  I would, however, like to address another point in your letter which was presumably drafted with the Court's review in mind. Its recounting of the recent deposition testimony misleadingly omits that both Brienne Perkins and Nick Schmalenberg confirmed that their data *was* preserved and pulled despite their lack of specific memory regarding the litigation hold itself. As to Ms. Perkins, your letter also misleadingly omits that the referenced communications with Mr. Lollis—

Scott R. Murphy
Anthony C. Sallah
September 24, 2024
Page 2

Navistar's agent that Navistar directed to communicate with Plaintiffs—would have dated to early 2022, well before litigation. Ms. Perkins explained that her email box was limited in size and she would routinely delete emails after a relevant transaction was completed; there is thus no legitimate concern with the fact that she deleted emails a year or more before the lawsuit was filed. And it ignores that Navistar *does* have access to Mr. Lollis' emails, as it used those emails during the depositions. You have identified nothing "missing" between the two that is conceivably relevant.

In any event, Lollis himself admitted that any information he conveyed to Plaintiffs came from Navistar's own systems. Navistar is fully aware of what it produced and when. Navistar knows when it manufactured and delivered the vehicles in question. And Navistar knows it did not manufacture or deliver those vehicles consistent with its contractual obligations, apparently choosing instead to provide them to other, more profitable customers. The odd argument that Navistar is trying to develop here—that Ms. Perkins should have known that Navistar was being dishonest about its intent to fulfill its contractual obligations around the time the April 2022 agreement was signed—has no conceivable relevance to the issues of breach and damages.

Finally, with respect to the ESI searches, Plaintiffs have identified the search terms they used to search the witnesses' electronically-preserved information. And when Navistar expressed unhappiness with those search terms, Plaintiffs re-ran the searches using Navistar's proposed search terms without modification. Nearly all your proposed search terms resulted in duplicative hits, underscoring the thoroughness of the search terms Plaintiffs initially crafted. We nonetheless provided the new documents that Navistar's own proposed search terms uncovered. The fact that Plaintiffs' production was smaller than Navistar's—a significantly larger company with many more relevant witnesses and internal communications—is a meaningless comparison. There are no document preservation issues.

Very truly yours,

Thomas J. Davis

TJD/mrb

cc: Joseph E. Viviano
    Eric J. Pelton
    Lauren J. Walas

543905

| | |
|---|---|
| From: | Amber Nikonowicz [/O=GOCTII EXCHANGE ORGANIZATION/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=AMBER FETT667] |
| Sent: | 10/9/2023 8:51:39 AM |
| To: | MJ/MT Moroun's Office [/o=GoCTII Exchange Organization/ou=First Administrative Group/cn=Recipients/cn=fiery_mail]; Kyle Blain [/o=GoCTII Exchange Organization/ou=First Administrative Group/cn=Recipients/cn=kblain]; Joe Hanvey [/o=GoCTII Exchange Organization/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=Joe Hanvey2fa]; Brianne Perkins [/o=GoCTII Exchange Organization/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=Brianne Perkins1b9]; Nick Schmalenberg [/o=GoCTII Exchange Organization/ou=First Administrative Group/cn=Recipients/cn=nschmalenberg] |
| CC: | Kevin Kalczynski [/o=GoCTII Exchange Organization/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=Kevin Kalczynskiad6] |
| Subject: | LITIGATION HOLD NOTICE--Navistar, Inc. |
| Attachments: | Employees Litigation Hold Notice.pdf |
| Importance: | High |



*Amber Nikonowicz*
*Central Transport LLC*
*(586) 939-7000 ext. 2325*
*anikonowicz@centraltransport.com*

*Confidentiality Notice/Disclaimer: This e-mail message and any attachments accompanying this transmission (the "Communication"), is intended for use only by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient (or the person, employee, or agent responsible for delivering this Communication to the intended recipient), you are hereby notified that disclosure, distribution, printing, or action taken in reliance on the contents of this Communication is strictly prohibited. If you have received this Communication in error, please immediately NOTIFY the sender by reply e-mail or phone and DELETE the Communication, including printouts or copies if any.*


This email cannot be used to create a binding contract. I do not have authority to bind the company to a contract or promise. This message is confidential. It may also be privileged or otherwise protected by work product or other legal rules. If you have received it by mistake, please let us know by e-mail reply and delete it from your system; you may not copy this message or disclose its contents to anyone. The integrity and security of this message cannot be guaranteed on the Internet.

**PRIVILEGED AND CONFIDENTIAL**
**ATTORNEY-CLIENT COMMUNICATION**
**ATTORNEY WORK PRODUCT**

---

### CUSTODIAN LITIGATION-HOLD PRESERVATION NOTICE
### IMMEDIATE ACTION REQUIRED

TO: **Kyle Blain, Brianne Perkins, Joe Hanvey, Nick Schmalenberg, MJ/MT Moroun's Office**

FROM: **Kevin Kalczynski, Esq.**

RE: **Navistar, Inc. Contract Dispute**

DATED: **10/5/23**