**EXHIBIT G**

| | |
|---|---|
| **From:** | Murphy, Scott <Scott.Murphy@btlaw.com> |
| **Sent:** | Monday, August 19, 2024 6:11 PM |
| **To:** | Thomas Davis; Sallah, Anthony |
| **Cc:** | Eric Pelton; Joe Viviano; Lauren Walas; Marianne Grano; Michelle Beveridge; Imes, Sydney |
| **Subject:** | RE: Follow-up on GLS/Navistar discovery |
| **Attachments:** | 2024.08.19 - Navistar Response Letter to GLS August Discovery Letters.pdf; IMG_4024.PNG; IMG_4023.PNG |

Tom – Please find the attached correspondence concerning your prior correspondence dated August 2 and August 12, 2024.  Should you wish to discuss these matters further please advise.  I also wanted to follow up on our conversation from Friday, August 16, 2024 and address your questions below.

In regards to our meet and confer on Friday regarding deficiencies in GLS's discovery responses, we served an interrogatory on GLS that asked it to identify all individuals or parties that purchased MY2018 tractors and, for each, to identify a variety of information, including VIN numbers, sale price, appraised/blue book value, date of sale, and the amount GLS contends it lost on the sale due to Navistar's alleged conduct.  We served a similar request for production (Requests for Production # 18-19) for the underlying documentation reflecting these transactions. GLS's February 12, 2024 interrogatory response represented it would produce "a spreadsheet containing the relevant information." Further, in Mr. Pelton's letter dated August 6, 2024, he indicated that GLS is compiling information for each of the MY 2018 tractors and that it will provide the file promptly.  During our conversation on Friday I followed up on this request and you indicated that you were not handling the production of these records and that you did not know when GLS would be producing the spreadsheet or whether they would be producing the underlying documents reflecting the sale of the MY2018 tractors.  Today, we received Plaintiffs' Fifth Production of Documents which consisted of an excel spreadsheet containing some of the information requested in discovery but not all.  For example, for Rows 2-330 columns H, I and J are filled in identifying the Buyer, Invoice Date and Invoice amount.  However, the buyer, invoice amount and date of transaction are blank for the remaining ~ trucks.  In addition, the production does not include any of the underlying source documents requested in RFPs 18-19.  Please advise if GLS will produce the complete spreadsheet and underlying documents on or before August 21, 2024, otherwise we will have no alternative but to file a motion to compel.

We have also had an opportunity to review the search terms accompanying Mr. Pelton's letter that GLS purportedly applied to collect and review documents in this case. We do not believe that GLS's search terms are expansive enough to capture all of the relevant emails in this case and which Navistar has requested. As a practical matter, GLS's production (roughly 2,600 pages of documents) is a small fraction of what Navistar produced (15 custodians and over 100,000 pages of documents) and significantly less than the productions of the third parties in this case. And while we have not done an entirely exhaustive comparison, we have fairly easily identified documents in Navistar and/or other third-party productions that include GLS custodians, but which GLS did not produce and which are responsive. *See e.g.*, NAV00018001, NAV00018010, NAV00016954, NAV00016007. It is clear that GLS's search terms are far too narrow and GLS has not adequately collected and reviewed all potentially responsive documents in its possession, custody, or control. Please confirm by August 21, 2024 whether GLS will expand its collection parameters, including by applying the following search terms:

- (optional trade*) or OTB) and Navistar
- (used w/2 trucks*) and Navistar
- Navistar AND Allegiance
- Navistar AND Rush

- Navistar AND Summit
- Navistar AND Bendix
- Carmichael AND Navistar
- Sean AND Navistar
- Lollis and Navistar
- Fink and Navistar
- Deliver and schedule

In regards to your email below, we did not have an opportunity to discuss these items over the phone.  Nevertheless, I will summarize our position below and would be happy to schedule a time to discuss these items further.

In regards to Navistar's response to interrogatory 6, Navistar objected to this interrogatory for several reasons.  First, the request asks Navistar to identify every customer who purchased a truck from Navistar over a 19 month period.  Such a request would capture over 50,000 transactions and fails to distinguish between Navistar's dealer transactions versus direct sales to customers.  Furthermore, the request fails to recognize that the dealerships in many cases determine the final price paid by customers for the trucks.  This request is overbroad, unduly burdensome and not proportionate to the needs of this case which is why Navistar objected in the first instance.  We would be happy to discuss this matter further in an effort to narrow this request such that it is reasonable and proportional. Please let us know when you would like to meet and confer on this issue.

Navistar also objected to interrogatory 7 for similar reasons.  During his deposition, Mr. Stinsa responded to a single question concerning what reports Navistar could generate concerning the sale of used trucks and was never presented with interrogatory 7 nor asked if Navistar could generate all the information requested in Interrogatory 7.  It simply is not accurate to say that Navistar could easily produce a report reflected all the information requested in interrogatory 7.  Navistar is willing to have a discussion in an effort to narrow this request.

Finally, we discussed your request for the text message between Mr. Stinsa and Mr. Carmichael referenced in one of the depositions exhibits.  We have agreed to produce the text message you have requested with the understanding that neither side is agreeing to collect and produce text messages and both parties are preserving all objections to produce employee text message.  Rather, if there is reference to a text message in the documents each party agrees to undertake reasonable efforts to produce the text message, as Navistar has done here.

Best regards,

Scott


**Scott Murphy** | Partner
Barnes & Thornburg LLP
171 Monroe Avenue N.W. Suite 1000, Grand Rapids, MI 49503
Direct: (616) 742-3938 | Mobile: (616) 560-4959

    

Atlanta | Boston | California | Chicago | Delaware | Indiana | Michigan | Minneapolis | Nashville | New Jersey
New York | Ohio | Philadelphia | Raleigh | Salt Lake City | South Florida | Texas | Washington, D.C.

Visit our Subscription Center to sign up for legal insights and events.

**From:** Thomas Davis <tdavis@khvpf.com>
**Sent:** Friday, August 16, 2024 5:32 PM
**To:** Murphy, Scott <Scott.Murphy@btlaw.com>; Sallah, Anthony <Anthony.Sallah@btlaw.com>
**Cc:** Eric Pelton <epelton@khvpf.com>; Joe Viviano <jviviano@khvpf.com>; Lauren Walas <lwalas@khvpf.com>; Marianne Grano <MGrano@khvpf.com>; Michelle Beveridge <mbeveridge@khvpf.com>
**Subject:** [EXTERNAL] Follow-up on GLS/Navistar discovery

**Caution: This email originated from outside the Firm.**

Scott –

A couple of things I wanted to also discuss on the discovery.

- Navistar did not answer our Interrogatory No. 6, regarding who Navistar sold tractors to during the relevant time frame and for what price. This information is plainly relevant to the case, particularly considering your affirmative defenses. Specifically, despite your impossibility defense, Navistar manufactured sufficient vehicles during the time frame in question to fulfill Central's orders, so how it decided to allocate the tractors that were available to fulfill Central's orders—including whether Navistar chose to favor higher-margin customers rather than honor their agreement with Central—is directly at issue in this case. Please confirm that you will produce the information, otherwise we will need to move to compel.

- For Interrogatory No. 7, regarding Navistar's sales of used tractors, you said that you would "search to determine whether the information requested is reasonably available." Tony Stinsa testified that this information is readily available and suggested it could be done in a day. Please confirm that you will produce this information promptly.

- Finally, we had requested that you search and produce emails from Friedrich Baumann given the testimony and documentation confirming his involvement in the GLS/Navistar deal. We also asked for his deposition availability. Please confirm the answers to these questions.

Regards,

Thomas J. Davis



280 N. Old Woodward
Suite 400
Birmingham, MI 48009
O: (248) 645-0000
C: (248) 972-7760
tdavis@khvpf.com

**CONFIDENTIALITY NOTICE:** This email and any attachments are for the exclusive and confidential use of the intended recipient. If you are not the intended recipient, please do not read, distribute or take action in reliance upon this message. If you have received this in error, please notify us immediately by return email and promptly delete this message and its attachments from your computer system. We do not waive attorney-client or work product privilege by the transmission of this message.