UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GLS LEASCO, INC. and CENTRAL
TRANSPORT LLC,

     Plaintiffs,                     Case No. 23-cv-12927

v.                              Hon. Mark A. Goldsmith

NAVISTAR, INC.,            Magistrate Judge Anthony P. Patti

     Defendant.

---

## DEFENDANT'S MOTION TO DISMISS COUNT II OF PLAINTIFFS' SECOND AMENDED COMPLAINT

Defendant Navistar, Inc. ("Navistar"), by and through its counsel of record, Barnes & Thornburg LLP, moves to dismiss Count II of Plaintiffs' Second Amended Complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. In support, Navistar relies on the attached Memorandum in Support. Pursuant to E.D. Mich. LR 7.1(a) and the Court's Practice Guidelines, on October 6, 2024, defense counsel communicated in writing with Plaintiffs' counsel, explaining the nature of the relief to be sought by way of this motion and seeking concurrence in the relief; Plaintiffs' counsel expressly denied concurrence.

Dated:  October 15, 2024

BARNES & THORNBURG LLP

*/s/ Scott R. Murphy*
Scott R. Murphy (P68015)
Anthony C. Sallah (P84136)
171 Monroe Ave. NW, Suite 1000
Grand Rapids, MI 49503
616-742-3930
smurphy@btlaw.com
asallah@btlaw.com
*Attorneys for Defendant Navistar, Inc.*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GLS LEASCO, INC. and CENTRAL
TRANSPORT LLC,

     Plaintiffs,                   Case No. 23-cv-12927

v.                              Hon. Mark A. Goldsmith

NAVISTAR, INC.,             Magistrate Judge Anthony P. Patti

     Defendant.

_____

## **<u>DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COUNT II OF PLAINTIFFS' SECOND AMENDED COMPLAINT</u>**

## **TABLE OF CONTENTS**

**Page**

ISSUES PRESENTED ........................................................................................IV

CONTROLLING OR MOST APPROPRIATE AUTHORITY................................. V

I.     INTRODUCTION ................................................................................. 1

II.    ARGUMENT....................................................................................... 2

       A.    Michigan's economic-loss doctrine bars fraudulent inducement claims that (1) are based on alleged misrepresentations that relate to the performance of contractual terms, or (2) do not identify any harm distinct from an alleged breach of contract. ...................................... 2

       B.    Plaintiffs' fraud claim is barred by the economic loss doctrine because (1) it is based on alleged misrepresentations that relate to the performance of alleged contractual terms and (2) it does not identify any harm distinct from an alleged breach of contract. ................. 6

III.    CONCLUSION..................................................................................... 9

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009) ................................................................................... 4

*Bowlers' Alley, Inc. v. Cincinnati Ins. Co.,*
    32 F. Supp. 3d 824 (E.D. Mich. 2014) ....................................................... 4

*Brock v. Consol. Biomedical Labs.,*
    817 F.2d 24 (6th Cir. 1987)......................................................................... 4

*Carhartt, Inc. v. Innovative Textiles, Inc.,*
    440 F. Supp. 3d 710 (E.D. Mich. 2020) ..................................................... 4

*Dinsmore Instrument Co. v. Bombardier, Inc.,*
    199 F.3d 318 (6th Cir. 1999) ...................................................................... 5

*FCS Auto. Int'l, Inc. v. G&I IX E&E SPEC, LLC,*
    No. 21-CV-12122, 2022 WL 3703193 (E.D. Mich. Apr. 26, 2022) .......... 2, 5, 7

*Gen. Motors Corp. v. Alumi-Bunk, Inc.,*
    2007 WL 2118796 (Mich. Ct. App. July 24, 2007)..........................2, 6, 7, 10

*Gen. Motors Corp. v. Alumi-Bunk, Inc.,*
    757 N.W.2d 859 (Mich. 2008) .................................................................... 2, 6

*Huron Tool & Eng'g Co. v. Precision Consulting Servs., Inc.,*
    532 N.W.2d 541 (Mich. Ct. App. 1995)................................................*passim*

*Kyles v. Cnty. of Oakland,*
    696 F. Supp. 3d 390 (E.D. Mich. 2023) ..................................................... 4

*Neibarger v. Universal Coops., Inc.,*
    486 N.W.2d 612 (Mich. 1992).................................................................... 4, 5

*New London Tobacco Mkt., Inc. v. Kentucky Fuel Corp.,*
    44 F.4th 393 (6th Cir. 2022) ...................................................................... 2, 10

*PSP Stores, LLC v. Ford,*
    No. 338241, 2018 WL 4164423 (Mich. Ct. App. Aug. 30, 2018) .............. 7

*Santander Consumer USA, Inc. v. Superior Pontiac Buick GMC, Inc.*,
    No. 10-13181, 2013 WL 27921 (E.D. Mich. Jan. 2, 2013) .................................... 8, 10

*Stanley v. Nissan N. Am., Inc.*,
    --- F. Supp. 3d ---, 2024 WL 814496 (M.D. Tenn. 2024) ........................................... 4

*Think Operations, LLC v. Top Shelf Barber Supplies, LLC*,
    No. 1:19-CV-752, 2021 WL 21597 (W.D. Mich. Jan. 4, 2021) .................................. 8

*Whitesell Corp. v. Whirlpool Corp.*,
    No. 1:05-CV-679, 2009 WL 3270265 (W.D. Mich. Oct. 5, 2009) ............................ 7

*Wright Tool Co. v. ChemChamp N. Am. Corp.*,
    185 F. Supp. 2d 781 (E.D. Mich. 2002) ....................................................................... 8

**Other Authorities**

Federal Rule of Civil Procedure 15(a) ................................................................................. 10

## ISSUES PRESENTED

1.      Should Plaintiffs' fraud claim and related allegations (Count Two) in the second amended complaint be dismissed based on Michigan's economic-loss doctrine, because the fraud claim is inextricably intertwined with Plaintiffs' breach-of-contract claim?

The Court should respond "Yes."

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

- *Huron Tool & Eng'g Co. v. Precision Consulting Servs., Inc.*, 532 N.W.2d 541 (Mich. Ct. App. 1995)

- *Gen. Motors Corp. v. Alumi-Bunk, Inc.*, 757 N.W.2d 859 (Mich. 2008)

- *Gen. Motors Corp. v. Alumi-Bunk, Inc.*, 2007 WL 2118796, at *7 (Mich. Ct. App. July 24, 2007)

- *FCS Auto. Int'l, Inc. v. G&I IX E&E SPEC, LLC*, No. 21-CV-12122, 2022 WL 3703193, at *4 (E.D. Mich. Apr. 26, 2022)

- *New London Tobacco Mkt., Inc. v. Kentucky Fuel Corp.*, 44 F.4th 393, 415 (6th Cir. 2022)

# I.   INTRODUCTION

GLS and Central Transport recently filed their second amended complaint, adding a fraud claim to their existing breach-of-contract claim. Plaintiffs' fraud claim is based entirely on purported representations related to the Letter Agreement's production schedule. The second amended complaint alleges that Navistar "induce[d]" Plaintiffs to enter the agreement by "the false promise of accelerated production" so Plaintiffs would "waiv[e] contractual rights," namely "their rights to trade in their used trucks." (ECF No. 29, ¶ 70, PageID.264-65). And they acknowledged, when seeking leave to amend, that their fraud "amendment merely adds a new legal theory to already-existing facts," and that the fraud claim does not identify any additional harm or compensatory damages aside from what Plaintiffs claim to have suffered as a result of the alleged breach of contract. (ECF No. 25, at PageID.195).

Michigan's economic-loss doctrine bars the fraud claim, for at least two reasons. First, it precludes fraud claims based on "misrepresentations [that] relate to the breaching party's performance of the contract." *Huron Tool & Eng'g Co. v. Precision Consulting Servs., Inc.*, 532 N.W.2d 541, 545 (Mich. Ct. App. 1995). Put simply, Plaintiffs are trying to bring a tort claim (*i.e.* fraud), based on the exact same theory as their breach-of-contract claim – the theory that Navistar breached its promise to meet the Letter Agreement's production schedule. Second, the economic-loss doctrine bars fraud claims that do not identify "harm to the plaintiffs distinct from those caused by the

1

breach of contract." *Id.* As Plaintiffs' motion for leave essentially admits, that is the exact type of fraud claim Plaintiffs bring. Their fraud claim thus fails to state a claim and should be dismissed.

## II.  ARGUMENT

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Kyles v. Cnty. of Oakland*, 696 F. Supp. 3d 390, 395 (E.D. Mich. 2023) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Claims that are barred by the economic-loss doctrine must be dismissed. *E.g.*, *Bowlers' Alley, Inc. v. Cincinnati Ins. Co.*, 32 F. Supp. 3d 824, 827 (E.D. Mich. 2014); *Stanley v. Nissan N. Am., Inc.*, --- F. Supp. 3d ---, 2024 WL 814496, at *11 (M.D. Tenn. 2024).

> ### A.  Michigan's economic-loss doctrine bars fraudulent inducement claims that (1) are based on alleged misrepresentations that relate to the performance of contractual terms, or (2) do not identify any harm distinct from an alleged breach of contract.

The economic-loss doctrine provides that a plaintiff cannot recover for tort claims "brought by a plaintiff seeking relief for solely economic loss arising out of an alleged breach of contract." *Carhartt, Inc. v. Innovative Textiles, Inc.*, 440 F. Supp. 3d 710, 715 (E.D. Mich. 2020) (citing *Neibarger v. Universal Coops., Inc.*, 486 N.W.2d 612, 613-14 (Mich. 1992); *Brock v. Consol. Biomedical Labs.*, 817 F.2d 24, 25 (6th Cir. 1987) ("The law in Michigan is well-settled that an action in tort requires a breach of duty separate and distinct from a breach of contract.")). The doctrine "hinges on a distinction drawn

between transactions involving the sale of goods for commercial purposes where economic expectations are protected by commercial and contract law, and those involving the sale of defective products to individual consumers who are injured in a manner which has traditionally been remedied by resort to the law of torts." *Neibarger*, 486 N.W.2d at 615.

Although "fraud in the inducement" may in some circumstances constitute an exception to the economic loss doctrine, "for the exception to apply . . . the allegations of fraud must be extraneous to the contractual dispute." *Dinsmore Instrument Co. v. Bombardier, Inc.*, 199 F.3d 318, 320 (6th Cir. 1999) (quoting *Huron Tool & Eng'g Co.*, 532 N.W.2d at 546). The economic-loss doctrine thus bars fraudulent inducement claims where the alleged representations are "interwoven into the [a]greement," whereby the duty at issue is "a 'function of the contract between the parties,' which 'would not exist' absent the [a]greement." *FCS Auto. Int'l, Inc. v. G&I IX E&E SPEC, LLC*, No. 21-CV-12122, 2022 WL 3703193, at *4 (E.D. Mich. Apr. 26, 2022).

Michigan precedent makes clear that the fraudulent-inducement exception does not apply when the allegedly fraudulent statements are intertwined with the terms of the contract. In *Huron Tool*, the Court of Appeals explained that "a claim of fraud in the inducement, by definition, redresses misrepresentations that induce the buyer to enter into a contract *but that do not in themselves constitute contract or warranty terms subsequently breached by the seller.*" 532 N.W.2d at 546 (emphasis added). Applying this definition, the Court of Appeals examined the allegedly false statements and concluded that they

concerned contract terms: "the fraudulent representations alleged by plaintiff concern[ed] the quality and characteristics of the software system sold by defendants." *Id.* Because "[t]hese representations are indistinguishable from the terms of the contract and warranty that plaintiff alleges were breached," and so were "not extraneous to the contractual dispute," the Court of Appeals held that the "dismissal of plaintiff's fraud claim was proper." *Id.*

The Michigan Supreme Court has adopted this same rule in *General Motors Corp. v. Alumi-Bunk, Inc.*, 757 N.W.2d 859, 859 (Mich. 2008), by adopting the dissent of Judge Kelly in the Michigan Court of Appeals. *Id.* (reversing in part "for the reasons stated in the Court of Appeals dissenting opinion"). Like this case, *GM* involved a transaction for the sale of vehicles, where a customer agreed to purchase from GM "hundreds of Chevrolet Silverado trucks from an Ohio dealer at a substantial discount." *Gen. Motors Corp. v. Alumi-Bunk, Inc.*, No. 270430, 2007 WL 2118796, at *7 (Mich. Ct. App. July 24, 2007) (Kelly, J., dissenting), *rev'd in part*, 757 N.W.2d at 859. GM brought suit for both breach of contract and fraudulent inducement, alleging that before contracting the defendant represented it would "upfit" or modify the trucks before reselling them (so they "would not compete with the sale of non-modified vehicles on the market"), but the defendant failed to do so as promised. *Id.* In Judge Kelly's now-controlling dissent, he concluded that that the fraudulent-inducement exception to the economic-loss doctrine did not apply because "[t]he alleged misrepresentations that form the basis of GM's fraud claim are precisely the same as those alleged in its breach of contract

claim[.]" *Id.* at *10. Even though GM alleged the defendant made the representations "with the present intent not to perform," Judge Kelly concluded that the fraud allegations were "not extraneous to the contractual dispute as GM's allegations of fraud are so intertwined with its allegations of breach of contract to be indistinguishable." *Id.* This was true even though the overturned Court of Appeals majority had concluded that the "purported fraud allegedly 'induce[d] [GM] to enter into the original agreement . . . .'" *Id.* at *6 (brackets and ellipses in original); *see also FCS Auto.*, 2022 WL 3703193, at *4 ("Like the plaintiff in *Huron Tool*, Plaintiff's fraud claim relies on representations accounted for in the Agreement's 'Representation and Warranty' section."); *PSP Stores, LLC v. Ford*, No. 338241, 2018 WL 4164423, at *4 (Mich. Ct. App. Aug. 30, 2018) ("PSP's fraud claim purportedly arises from Ford's promise that he would perform under the contract.").

In sum, where alleged "misrepresentations relate to the breaching party's performance of the contract" they "do not give rise to an independent cause of action" for fraud. *PSP Stores, LLC*, 2018 WL 4164423, at *4 (citation omitted); *see also, e.g., FCS Auto.*, 2022 WL 3703193, at *4; *Whitesell Corp. v. Whirlpool Corp.*, No. 1:05-CV-679, 2009 WL 3270265, at *6 (W.D. Mich. Oct. 5, 2009) (promise to perform contractual terms was "interwoven with the contract").

Michigan courts have also developed an additional test for whether fraud claims are interwoven with breach of contract claims and therefore not actionable. That law is clear that fraud claims are "interwoven" with a contract – and fail as a matter of law –

5

where the alleged fraud "did not cause harm to the plaintiffs distinct from those caused by the breach of contract." *Huron Tool*, 532 N.W.2d at 545 (citation omitted); *see also Think Operations, LLC v. Top Shelf Barber Supplies, LLC*, No. 1:19-CV-752, 2021 WL 21597, at *5 (W.D. Mich. Jan. 4, 2021) ("Think's claimed harm for the fraudulent inducement closely parallels that for its breach of contract claim . . . Thus, the two claims are interwoven with one another."); *Santander Consumer USA, Inc. v. Superior Pontiac Buick GMC, Inc.*, No. 10-13181, 2013 WL 27921, at *11 (E.D. Mich. Jan. 2, 2013) ("The alleged power booking and actions of Sinishtaj did not cause harm to Plaintiff distinct from those caused by the breach of contract . . . The sole recourse is the recourse provided in the Agreement."); *Wright Tool Co. v. ChemChamp N. Am. Corp.*, 185 F. Supp. 2d 781, 785 (E.D. Mich. 2002).

Plaintiffs' fraud claim fails both tests.

**B.    Plaintiffs' fraud claim is barred by the economic loss doctrine because (1) it is based on alleged misrepresentations that relate to the performance of alleged contractual terms and (2) it does not identify any harm distinct from an alleged breach of contract.**

Just as in *Huron Tool* and *GM*, here Plaintiffs' fraud claim is inextricably intertwined with its allegations of breach of contract and would not exist but for that contract. Specifically, the fraud claim is: (1) based on representations that "relate to Navistar's performance" under the Letter Agreement and (2) does not identify any harm separate and apart from the alleged breach of contract.

As to the alleged representations, Plaintiffs allege that that Navistar's "representations as to production *in the Letter Agreement* were false." (ECF No. 29, ¶ 87, PageID.68) (emphasis added). They complain about the "false promise of accelerated production" of the trucks (*Id.*, ¶ 70, PageID.265). They allege that Navistar "had no intention of honoring its promise to deliver the trucks as called for *in the Letter Agreement*." (*Id.*, ¶ 94, PageID.270) (emphasis added). And they say that they now know that these statements in the contract itself were false because a witness "[i]n discovery" allegedly confirmed "that Navistar had *breached its Letter Agreement* with Plaintiffs . . . ." (*Id.*, ¶ 97, PageID.71) (emphasis added). Throughout the supposedly "new" allegations, the allegations about fraudulent inducement focus on the production schedule or waiving a trade-in option. (*E.g.*, *id.*, ¶¶ 70, 74, 79, 83-85, 86, 89, 91, 93-94, 102).

But it is that very production schedule that has always been the core of Plaintiffs' breach-of-contract claim. In Plaintiffs previous complaint, they alleged that in "the negotiations leading up to" the April 2022 letter agreement, Navistar "proposed an earlier delivery schedule for new tractors," and "in exchange for the earlier production schedule," GLS would agree to "waiv[e] its trade-in option (including with respect to the MY2018 Tractors)." (ECF No. 17, ¶ 24, PageID.136). And Plaintiffs still expressly allege that "Navistar's failure to meet the required production schedule is a material breach of the Letter Agreement." (ECF No. 25, ¶ 108). The prior complaint also alleged that Navistar "further entice[d] GLS to enter into this transaction" by offering a rebate payment, and that "GLS would never have waived its trade-in rights, including with

respect to the MY2018 Tractors, in the absence of Navistar's agreement to the earlier production schedule." (ECF No. 17, ¶¶ 24(c), 26, PageID.136-137).

In other words, every single one of the allegations offered to support the fraud claim would not exist independent of the April 2022 letter agreement and relate to Navistar's alleged obligations under that Letter Agreement. In fact, in seeking to rebut "undue prejudice or other reason to deny amendment" under Rule 15(a), Plaintiffs *admitted* that the two claims are premised on the same facts. (ECF No. 25, PageID.195). According to Plaintiffs' motion for leave, the "amendment merely adds a new legal theory ***to already-existing facts*** . . . ." (*Id.* at PageID.195 (emphasis added)). As Plaintiffs' further explain, "***[t]he fraud claims arise out of the same general facts*** that are already the subject of discovery; at best, what is different is how those facts may now be understood to make out a different legal claim." (*Id.* at PageID.202). Plaintiffs' admissions confirm that the economic-loss doctrine forecloses the fraud claim, because the actual "misrepresentations that form the basis of" Plaintiffs' claims "are precisely the same as those alleged in [their] breach of contract claim." *GMC*, 2007 WL 2118796, at *10.

In addition, Plaintiffs' fraud claim independently fails because Plaintiffs admit that there is no discrete harm alleged as part of the fraud claim. *Huron Tool*, 532 N.W.2d at 545 (noting that misrepresentations will not give rise to an independent tort separate from breach of contract where the alleged fraud "did not cause harm to the plaintiffs distinct from those caused by the breach of contract"); *New London Tobacco Mkt., Inc. v.*

*Kentucky Fuel Corp.*, 44 F.4th 393, 415 (6th Cir. 2022) (holding that Michigan's "narrower exception" to the economic loss doctrine for fraudulent inducement does not "allow a plaintiff to recover for the *same* damages under both fraudulent inducement and breach of contract.") (emphasis in original). Plaintiffs admit the only additional "damages" alleged are "attorneys' fees based on [alleged] fraudulent conduct and exemplary damages" and purportedly do not impact Plaintiffs' damages expert. (ECF No. 25, at PageID.195). But Plaintiffs cannot claim that "attorneys' fees" or "exemplary damages" suffice for independent harm to meet any economic-loss-doctrine exception, as that would permit any plaintiff to meet the exception, effectively swallowing the rule.

Both in the representations they allege and the harm they claim to have suffered, Plaintiffs' fraud claim is "but another thread in the fabric of [the] plaintiffs' contract claim." *Huron Tool*, 532 N.W.2d at 545. The economic-loss doctrine bars the claim.

## III. CONCLUSION

For these reasons, the Court should dismiss the fraud claim in the second amended complaint.

Dated: October 15, 2024

BARNES & THORNBURG LLP

*/s/ Scott R. Murphy*
Scott R. Murphy (P68015)
Anthony C. Sallah (P84136)
171 Monroe Ave. NW, Suite 1000
Grand Rapids, MI 49503
616-742-3930
smurphy@btlaw.com
asallah@btlaw.com
*Attorneys for Defendant Navistar, Inc.*

9

## LOCAL RULE CERTIFICATION

I, Scott R. Murphy, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify that it is the appropriate length. Local Rule 7.1(d)(3).

BARNES & THORNBURG LLP

Dated: October 15, 2024                  */s/ Scott R. Murphy*
                                          Scott R. Murphy (P68015)
                                          *Attorney for Defendant Navistar, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 15, 2024, the foregoing was electronically filed using the CM/ECF system which will send notification of such filing to the e-mail addresses registered in the CM/ECF system, as denoted on the Electronic Mail Notice List.

BARNES & THORNBURG LLP

Dated: October 15, 2024

/s/ Scott R. Murphy
Scott R. Murphy (P68015)
*Attorney for Defendant Navistar, Inc.*