# Exhibit 1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GLS LEASCO, INC. and CENTRAL    )
TRANSPORT LLC,                      )
                                  )
          Plaintiffs,       )
                                  )
    v.                    )    Case No. 23-cv-12927
                                  )
NAVISTAR, INC.,             )    Honorable Mark A. Goldsmith
                                  )
                                  )    Magistrate Judge Anthony P. Patti
          Defendant.      )

## DEFENDANT'S SUR-REPLY TO PLAINTIFFS' REPLY BRIEF IN SUPPORT OF MOTION FOR PROTECTIVE ORDER RE: DEFENDANT'S 30(b)(6) NOTICE RELATED TO THE LITIGATION HOLD

Plaintiffs filed their reply brief on October 15, 2024. On October 21, 2024, after Navistar's request for Plaintiffs to collect from and search additional custodians, Plaintiffs disclosed to Navistar for the first time that Plaintiffs did not retain (*i.e.*, deleted) the emails of one of their former employees, Becky Butler, after she retired. Upon information and belief, Ms. Butler retired after commencement of this litigation. This new information further supports that Navistar has made a sufficient showing entitling Navistar to its requested Rule 30(b)(6) deposition concerning Plaintiffs' document preservation and collection efforts.

Relevant here, Ms. Butler is Plaintiffs' former Director of Licensing and her name is on every bill of sale for the MY2018 trucks that were sold by GLS to its affiliate,

Universal. (Deposition Excerpt of Jay Mason, attached as **Exhibit A**, at 87:12-21). According to Mr. Mason, Universal communicated via email with Ms. Butler regarding sales of the MY2018 trucks, including transmitting purchase documents. (*Id.* at 118:7- 119:6). These purchase documents go to the very heart of Plaintiffs' damages claim.

Not only was Ms. Butler involved in the sale of the MY2018 trucks, she also "handle[d] all the title work for" the MY2023 trucks purchased from the dealership, Allegiance Truck Group. (Deposition excerpt of Brianne Perkins, **Exhibit B**, at 39:2- 9). When asked about who the actual buyer of the MY2023 trucks was, Plaintiffs' Rule 30(b)(6) witness testified that he needed to refer to the invoices and title documents on the MY2023 trucks to determine who was the buyer and owner of the trucks. (Deposition Excerpt of Kyle Blain, attached as **Exhibit C**, at 44:3-45:23). Mr. Blain testified that Ms. Butler, Plaintiffs' former Director of Licensing, would have received this information, including the titles to the MY2023 trucks. (*Id.* at 46:1-7). As set forth in Navistar's motion to compel, Plaintiffs have refused to produce all of the transactional documents reflecting the sale and purchase of the MY2023 trucks.

Navistar does not know for certain when Ms. Butler retired. According to a Linkedin page with her name, she retired in April 2024 – after Plaintiffs commenced this litigation. *See* https://www.linkedin.com/in/becky-butler-2336a347/. Notably and as an example only, documents acquired via subpoena show that Ms. Perkins – who admittedly deleted her emails – communicated with Ms. Butler and others regarding

ownership and sales of the MY2023 trucks. (*See* **Exhibit D**). Plaintiffs did not produce this particular email (as well as numerous others).

Plaintiffs' failure to retain Ms. Butler's emails further supports that Navistar is entitled to conduct its requested Rule 30(b)(6) deposition. The Court should deny Plaintiffs' motion for protective order (ECF No. 30).

Dated: November 6, 2024

BARNES & THORNBURG LLP

*/s/ Scott R. Murphy*
Scott R. Murphy (P68015)
Anthony C. Sallah (P84136)
171 Monroe Ave. NW, Suite 1000
Grand Rapids, MI 49503
616-742-3930
smurphy@btlaw.com
asallah@btlaw.com
*Attorneys for Defendant Navistar, Inc.*

3

## <u>LOCAL RULE CERTIFICATION</u>

I, Scott R. Murphy, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify that it is the appropriate length. Local Rule 7.1(d)(3).

*/s/ Scott R. Murphy*

Scott R. Murphy (P68015)
*Attorney for Defendant Navistar, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 6, 2024, the foregoing document was served

on counsel of record via this Court's electronic filing system.

*/s/ Scott R. Murphy*
Scott R. Murphy (P68015)
*Attorney for Defendant Navistar, Inc.*

# EXHIBIT A

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION


GLS LEASCO, INC., and CENTRAL
TRANSPORT LLC,


Plaintiffs,        Case No. 23-cv-12927-MAG-APP

vs.

NAVISTAR, INC.,


Defendant.

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _/


DEPONENT:        JAY MASON
DATE:            September 20, 2024
TIME:            9:05 a.m.
LOCATION:        Kienbaum Hardy Viviano
                 Pelton & Forrest, PLC
                 280 North Old Woodward, Suite 400
                 Birmingham, Michigan
REPORTER:        Shari J. Pavlovich, CSR-5926
JOB NO:          32783



1              UNITED STATES DISTRICT COURT

2            EASTERN DISTRICT OF MICHIGAN

3                  SOUTHERN DIVISION

4

5  GLS LEASCO, INC., and CENTRAL

6  TRANSPORT LLC,

7

8  Plaintiffs,      Case No. 23-cv-12927-MAG-APP

9  vs.

10 NAVISTAR, INC.,

11

12 Defendant.

13 _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _/

14

15 DEPONENT:       JAY MASON

16 DATE:           September 20, 2024

17 TIME:           9:05 a.m.

18 LOCATION:       Kienbaum Hardy Viviano

19                 Pelton & Forrest, PLC

20                 280 North Old Woodward, Suite 400

21                 Birmingham, Michigan

22 REPORTER:       Shari J. Pavlovich, CSR-5926

23 JOB NO:         32783

24

25

| | |
|---|---|
| 1 | I guess I'm trying to get an |
| 2 | understanding how that works. |
| 3 | A | I mean, I'd need some context to the question.  In |
| 4 | particular, or with this -- this sale? |
| 5 | Q | With the 2018 Internationals. |
| 6 | A | The market was very different at this time.  Again, |
| 7 | I had been researching for a while, ahead of this |
| 8 | change in the law.  And my preference slowly became |
| 9 | second to availability. |
| 10 | Mileage is a large factor, but |
| 11 | availability was a major factor, as well. |
| 12 | Q | Understood.  It says here at the bottom: |
| 13 | "Mail all payments to the above |
| 14 | address, attention Becky Butler." |
| 15 | A | Um-hmm. |
| 16 | Q | Who is Becky Butler? |
| 17 | A | Becky Butler, I believe, is an employee of |
| 18 | GLS Leasco.  I know her name from calling and |
| 19 | dealing with things of bills of sale, those types |
| 20 | of things.  So I believe that's -- that she |
| 21 | facilitates the paperwork. |
| 22 | Q | Is it your understanding that at or around the time |
| 23 | LGSI purchased these 2018 Internationals from GLS, |
| 24 | that GLS was also advertising online for these |
| 25 | trucks? |

```
1                    MR. DAVIS:  Restroom break?

2                    MR. SALLAH:  Yeah.  Let's take a

3        restroom break.

4                    (Short recess taken at 1:09 p.m.)

5                    (Back on the record at 1:16 p.m.)

6    BY MR. SALLAH:

7    Q    How would you receive these bill of sales?  Would

8         they be transmitted via email?

9    A    Correct.

10   Q    And would they -- I'll rephrase.

11                   Who at Universal would they be sent to?

12   A    My equipment manager.

13   Q    Who was that at the time?  Was that Ashley?

14   A    Ashley.

15   Q    Okay.  Ashley, was it Pelletier?

16   A    Pelletier.

17   Q    Pelletier?

18   A    Yeah.

19   Q    And then would she forward them to you?

20   A    She would process them for payment.

21   Q    All right.  So you may or may not have looked at

22        the bill of sales when they came in?

23   A    They would have been printed, and they would have

24        been put in my inbox for review.

25   Q    All right.  And you would have reviewed them?
```

| | | |
|---|---|---|
| 1 | A | Correct. |
| 2 | Q | Do you know who from GLS or Central sent them to |
| 3 | | Ashley? |
| 4 | A | Typically, it would have been Becky Butler. |
| 5 | Q | And Becky would have emailed them to Ashley? |
| 6 | A | Correct. |
| 7 | Q | All right.  Let's go to the next page, |
| 8 | | GLSN-0002650. |
| 9 | | Do you know who Vulcan Truck Sales is? |
| 10 | A | I do not. |
| 11 | Q | All right.  Would LGSI have had anything to do with |
| 12 | | this bill of sale between GLS Leasco and Vulcan |
| 13 | | Truck Sales? |
| 14 | A | I don't believe so. |
| 15 | Q | Is Vulcan Truck Sales affiliated at all with |
| 16 | | Universal? |
| 17 | A | They are not. |
| 18 | Q | All right.  Let's skip ahead to -- do you know who |
| 19 | | Five Crowns Trucking is? |
| 20 | A | Does not sound familiar. |
| 21 | Q | All right.  Brien Bell, do you know who they are? |
| 22 | | B-R-I-E-N Bell? |
| 23 | A | I don't believe so. |
| 24 | Q | All right.  And I'm just going to GLSN-2662.  7E, |
| 25 | | the letter 7E Sales, LLC.  Steve Sevigny? |

1                        CERTIFICATE

2    STATE OF MICHIGAN

3    COUNTY OF WAYNE

4

5    I do hereby certify the witness, whose attached testimony

6    was taken in the above matter, was first

7    duly sworn to tell the truth; the testimony

8    contained herein was reduced to writing in the

9    presence of the witness, by means of stenography;

10   afterwards transcribed; and is a true and complete

11   transcript of the testimony given.  I further

12   certify that I am not connected by blood or

13   marriage with any of the parties, their attorneys

14   or agents, and that I am not interested directly,

15   indirectly or financially in the matter of

16   controversy.  In witness whereof, I have hereunto

17   set my hand at Westland, Michigan, September 25, 2024.

18

19   *Shari J. Pavlovich*

20   _____

21   Shari J. Pavlovich, CSR-5926

22   Notary Public, Wayne County, Michigan

23   My commission expires 4/14/2025

24

25

# EXHIBIT B

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION


GLS LEASCO, INC., and

CENTRAL TRANSPORT LLC,

     Plaintiffs,


    -vs-               Case No. 23-CV-12927-MAG-APP


NAVISTAR, INC.,

    Defendant.

_____/



    DEPONENT:  BRIANNE PERKINS

    DATE:      Wednesday, September 18, 2024

    TIME:      9:00 a.m.

    LOCATION:  KIENBAUM, HARDY, VIVIANO,

              PELTON & FORREST, PLC

              280 North Old Woodward Avenue, Suite 400

              Birmingham, Michigan

    REPORTER:  Karen Fortna, CRR/RMR/RPR/CSR-5067

    JOB NO:    32781

Fortz Legal Support

www.FortzLegal.com

844.730.4066



```
 1                UNITED STATES DISTRICT COURT

 2                EASTERN DISTRICT OF MICHIGAN

 3                     SOUTHERN DIVISION

 4

 5   GLS LEASCO, INC., and

 6   CENTRAL TRANSPORT LLC,

 7        Plaintiffs,

 8

 9     -vs-                     Case No. 23-CV-12927-MAG-APP

10

11   NAVISTAR, INC.,

12        Defendant.

13   _____/

14

15

16        DEPONENT:  BRIANNE PERKINS

17        DATE:      Wednesday, September 18, 2024

18        TIME:      9:00 a.m.

19        LOCATION:  KIENBAUM, HARDY, VIVIANO,

20                   PELTON & FORREST, PLC

21                   280 North Old Woodward Avenue, Suite 400

22                   Birmingham, Michigan

23        REPORTER:  Karen Fortna, CRR/RMR/RPR/CSR-5067

24        JOB NO:    32781

25
```

```
 1            changed.

 2   Q.    With respect to the model year 2023 tractors that

 3         were purchased from Navistar, who would handle all

 4         the title work for that on behalf of Central?

 5   A.    We had a licensing agent at the time; her name was

 6         Becky Butler.  She's since retired.

 7   Q.    Okay.  And when did Becky Butler retire?

 8   A.    I want to say it was last year, but I'm not certain

 9         of the date.

10   Q.    And describe for me, if you know, what Becky

11         Butler's job duties were with respect to the

12         purchase of, you know, for example, in this

13         instance, the 2023 model year tractors.

14               MR. DAVIS:  Object to form.

15               THE WITNESS:  I don't know that I could

16         actually speak on it because I didn't do her

17         career.  I know she helped us get the trucks

18         plated, but aside from any specifics, I wouldn't

19         really know.

20   BY MR. MURPHY:

21   Q.    Do you know if she would help register the trucks

22         in a specific state?

23   A.    That I don't know.  She was involved in that; I was

24         not.

25   Q.    So the totality of your knowledge of her role is
```

```
 1  STATE OF MICHIGAN)

 2  COUNTY OF OAKLAND)

 3

 4              Certificate of Notary Public

 5       I do hereby certify the witness, whose attached

 6  testimony was taken in the above matter, was first duly

 7  sworn to tell the truth; the testimony contained herein

 8  was reduced to writing in the presence of the witness, by

 9  means of stenography; afterwards transcribed; and is a

10  true and complete transcript of the testimony given.  I

11  further certify that I am not connected by blood or

12  marriage with any of the parties, their attorneys or

13  agents, and that I am not interested directly, indirectly

14  or financially in the matter of controversy.

15       In witness whereof, I have hereunto set my hand

16  this day at Clarkston, Michigan, State of Michigan.

17       I hereby set my hand this day, September 22, 2024.

18

19

20          Karen Fortna

21       _____

22          Karen Fortna, CRR/RMR/RPR/CSR-5067

23          Notary Public, Oakland County, Michigan

24          My Commission expires 4/30/2025

25
```

# EXHIBIT C

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF MICHIGAN


GLS LEASCO, INC., and CENTRAL TRANSPORT LLC,


Plaintiffs,        Case No. 23-cv-12927-MAG-APP

vs.

NAVISTAR, INC.,


Defendant.

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _/

VOLUME I


DEPONENT:       KYLE BLAIN, 30(b)(6) for
                GLS Leasco, Inc.
DATE:           Tuesday, September 10, 2024
TIME:           9:08 a.m.
LOCATION:       Kienbaum Hardy Viviano
                Pelton & Forrest, PLC
                280 North Old Woodward, Suite 400
                Birmingham, Michigan
REPORTER:       Shari J. Pavlovich, CSR-5926
VIDEOGRAPHER:   Bailey Wellman
JOB NO:         32120



1          UNITED STATES DISTRICT COURT

2      FOR THE EASTERN DISTRICT OF MICHIGAN

3

4   GLS LEASCO, INC., and CENTRAL TRANSPORT LLC,

5

6   Plaintiffs,      Case No. 23-cv-12927-MAG-APP

7   vs.

8   NAVISTAR, INC.,

9

10  Defendant.

11  _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _/

12                  VOLUME I

13

14  DEPONENT:        KYLE BLAIN, 30(b)(6) for

15                   GLS Leasco, Inc.

16  DATE:            Tuesday, September 10, 2024

17  TIME:            9:08 a.m.

18  LOCATION:        Kienbaum Hardy Viviano

19                   Pelton & Forrest, PLC

20                   280 North Old Woodward, Suite 400

21                   Birmingham, Michigan

22  REPORTER:        Shari J. Pavlovich, CSR-5926

23  VIDEOGRAPHER:    Bailey Wellman

24  JOB NO:          32120

25

| | | |
|--|--|--|
|1| |these responses, Mr. Blain?|
|2|A|Yes.|
|3|Q|Okay.  And do you recall if you ever signed|
|4| |any type of verification page, you know,|
|5| |verifying that you were responding to these|
|6| |Interrogatories on behalf of GLS Leasco?|
|7|A|I don't recall.|
|8|Q|Okay.  I want to focus on paragraph 5, and|
|9| |that question -- Interrogatory is asking for:|
|10| |"Information related to the 1100|
|11| |model year 2023 tractors that Navistar|
|12| |agreed to produce as alleged in|
|13| |paragraph 26 of the Complaint."|
|14| |And the Answer to that|
|15| |essentially states that, there were no|
|16| |separate purchase orders for these|
|17| |transactions, apart from the Letter Agreement,|
|18| |itself.|
|19| |Now, I just asked you about who|
|20| |owned -- or who's the title owner of those|
|21| |trucks.  And your answer was you didn't know.|
|22| |You would need to look at some underlying|
|23| |documents to determine that.|
|24| |What documents would you need to|
|25| |refer, because this Answer says there are|

```
 1            nothing other than the Letter Agreement.
 2   A    What would I refer to?
 3   Q    Yes, sir.
 4   A    The invoices.
 5   Q    Okay.  So which invoices are you referring to?
 6   A    Invoices on the tractors.
 7   Q    Between who?
 8   A    Between Navistar and purchasing.
 9   Q    Okay.  Did Navistar invoice the buyer, or did
10        the dealership invoice the buyer?
11   A    I'm sorry.  We would have been invoiced by
12        Allegiance.
13   Q    Okay.  And do you know if it was Allegiance
14        Truck Group, or was it a different -- a
15        different Allegiance entity?
16   A    I don't recall.  I don't differentiate.
17   Q    So to your -- you need -- so there's invoices
18        that you're aware of.
19                    Did you sign those invoices?
20   A    Yes.
21   Q    Okay.  Any other documents that would reflect
22        that transaction, other than an invoice?
23   A    The titles.
24   Q    Okay.  And who would have received the titles
25        to these trucks?
```

| | | |
|---|---|---|
| 1 | A | Our licensing department. |
| 2 | Q | Okay.  And who heads up that licensing |
| 3 | | department? |
| 4 | A | At the time, I believe it would have been -- |
| 5 | | it would have been the director of licensing. |
| 6 | Q | And do you know who that person is? |
| 7 | A | It was Becky Butler. |
| 8 | Q | So you referred to titles and invoices.  Other |
| 9 | | than titles and invoices, are there any other |
| 10 | | documents that would reflect this transaction |
| 11 | | that you're aware of? |
| 12 | A | Not that I can recall right now. |
| 13 | Q | So in this Answer in paragraph 5 where it |
| 14 | | says: |
| 15 | | "The Letter Agreement does not call |
| 16 | | for any additional purchase orders or |
| 17 | | other documents.  No such documents were |
| 18 | | submitted when the tractors were |
| 19 | | eventually delivered between June of '22 |
| 20 | | and September of '23.  And no such |
| 21 | | documents were submitted in the parties' |
| 22 | | course of dealing with the past truck |
| 23 | | purchases." |
| 24 | | That's not a correct answer, is |
| 25 | | it, sir? |

```
1                    CERTIFICATE

2    STATE OF MICHIGAN

3    COUNTY OF WAYNE

4

5    I do hereby certify the witness, whose attached

6    testimony was taken in the above matter, was first

7    duly sworn to tell the truth; the testimony contained

8    herein was reduced to writing in the presence of the

9    witness, by means of stenography; afterwards

10   transcribed; and is a true and complete transcript of

11   the testimony given.  I further certify that I am not

12   connected by blood or marriage with any of the

13   parties, their attorneys or agents, and that I am not

14   interested directly, indirectly or financially in the

15   matter of controversy.  In witness whereof, I have

16   hereunto set my hand at Westland, Michigan, September

17   24, 2024.

18        Shari J. Pavlovich

19   _____

20   Shari J. Pavlovich, CSR-5926

21   Notary Public, Wayne County, Michigan

22   My commission expires 4/14/2025

23

24

25
```

# EXHIBIT D

| | |
|---|---|
| **From:** | Brianne Perkins [bperkins@centraltransport.com] |
| **Sent:** | 7/22/2022 9:31:22 PM |
| **To:** | Jim Lollis [jlollis@allegiancetrucks.com]; Becky Butler [bbutler@centraltransport.com] |
| **Subject:** | [EXTERNAL] FW: Attached Image |
| **Attachments:** | 4353_001.pdf |

**EXHIBIT** D-45
**WIT:** Elain
**DATE:** 9-11-24
Shari J. Pavlovich CSR

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the email address and know the content is safe.

Hello –

Would you be able to tell us if we need to keep these, or do anything with them? We have never received these previously, and for some we got multipled copies.

Brianne Perkins
Maintenance
O: 586.939.7000 Ext. 2957
C: 734-444-3883
12225 Stephens Rd.
Warren, MI 48089
bperkins@centraltransport.com



**From:** 002M.002@centraltransport.com <002M.002@centraltransport.com>
**Sent:** Friday, July 22, 2022 5:29 PM
**To:** Brianne Perkins <bperkins@centraltransport.com>
**Subject:** Attached Image

This email cannot be used to create a binding contract. This message is confidential. It may also be privileged or otherwise protected by work product or other legal rules. If you have received it by mistake, please let us know by e-mail reply and delete it from your system; you may not copy this message or disclose its contents to anyone. The integrity and security of this message cannot be guaranteed on the Internet.

STATE OF MAINE

# MOTOR VEHICLE DIVISION - NOTICE OF SALE

| NEW ( ) | USED (X) | | |
|---|---|---|---|

TEMPORARY PLATE NO. _____ N/A EXPIRES _____

TEMPORARY REGISTRATION VALID ONLY WHEN TEMPORARY PLATE ISSUED

| MAKE | YEAR & MODEL | | STYLE |
|---|---|---|---|
| INTERNATIONAL | 2023 | RH613 | Tractor |
| VIN # | | COLOR | MILEAGE AT TIME OF SALE |
| 3HSDWTZR8PN458007 | | WHITE | 10 |

Name of Purchaser: EQUIPMENT LEASING COMPANY, LLC Date of Sale _____

Address: 12620L STEPHENS ROAD WARREN MI 48089 Delivery Date _____

Name of person or dealer from whom you obtained this vehicle: MAUS DRO Mileage when pur_____

Address: KNOXVILLE TN

I hereby certify that the above information is true and correct to the best of my knowledge.

Reason why no mileage provided _____

By _____ Seller (Trade Name of Dealer): AF Motors, LLC4 Dealer Plate Number _____

By _____ Title _____

WHITE - DEALER COPY     YELLOW - CUSTOMER COPY

PLEASE PRINT OR TYPE LEGIBLY IN INK

FORM MVD-15 (Rev 12/16)

ALLEGIANCE00000709