UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GLS LEASCO, INC. and CENTRAL
TRANSPORT LLC,

     Plaintiffs,               Case No. 23-cv-12927

v.                          Hon. Mark A. Goldsmith

NAVISTAR, INC.,          Magistrate Judge Anthony P. Patti

     Defendant.

---

## **DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS COUNT II OF PLAINTIFFS' SECOND AMENDED COMPLAINT**

# **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES..................................................................................II

CONTROLLING OR MOST APPROPRIATE AUTHORITY ...............................III

I.      INTRODUCTION...................................................................................1

II.     ARGUMENT ..........................................................................................2

A.      Whether characterized as bad-faith fraud or fraud in the inducement, Plaintiffs'
        fraud allegations about the production of trucks in 2022 are not extraneous to
        their breach-of-contract claim. ..............................................................2

        1.      The economic-loss doctrine bars Plaintiffs' claim for fraudulent
                inducement..................................................................................2

        2.      The economic-loss doctrine bars Plaintiffs' claim for bad-faith
                fraud. ..........................................................................................4

B.      The economic-loss doctrine also bars Plaintiffs' fraud claim because Plaintiffs
        sue for the same loss as breach of contract.............................................7

III.    CONCLUSION.......................................................................................7

LOCAL RULE CERTIFICATION .....................................................................9

CERTIFICATE OF SERVICE.........................................................................10

i

# TABLE OF AUTHORITIES

**Cases**

*Charter Twp. of Shelby v. Tech. Integration Grp. Servs., Inc.*,
   2013 WL 951379 (Mich. Ct. App. Mar. 5, 2013)           1

*Chemico Sys., Inc. v. Spencer*,
   No. 22-11027, 2023 WL 1993783 (E.D. Mich. Feb. 14, 2023)    6

*Dinsmore Instrument Co. v. Bombardier, Inc.*,
   199 F.3d 318 (6th Cir. 1999)           2, 6

*Galeana Telecommunications Invs., Inc. v. Amerifone Corp.*,
   202 F. Supp. 3d 711 (E.D. Mich. 2016)        6

*Gen. Motors Corp. v. Alumi-Bunk, Inc.*,
   2007 WL 2118796 (Mich. Ct. App. July 24, 2007)    4, 5, 6, 7

*General Motors Corp. v. Alumi-Bunk, Inc.*,
   482 Mich. 1080 (2008)          1, 4, 5, 7

*Huron Tool & Eng'g Co. v. Precision Consulting Servs., Inc.*,
   209 Mich. App. 365 (1995)         2, 6

*Metropolitan Alloys Corp. v. Considar Metal Mktg., Inc.*,
   No. 06-12667, 2007 WL 2874005 (E.D. Mich. Sept. 25, 2007)    7

*New London Tobacco Mkt., Inc. v. Kentucky Fuel Corp.*,
   44 F.4th 393 (6th Cir. 2022)         9

*Orleans Int'l, Inc. v. Mistica Foods, L.L.C.*,
   2016 WL 2851349 (E.D. Mich. May 16, 2016)     1

*Think Operations, LLC v. Top Shelf Barber Supplies, LLC*,
   2021 WL 21597 (W.D. Mich. Jan. 4, 2021)      8

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

- *Huron Tool & Eng'g Co. v. Precision Consulting Servs., Inc.*, 532 N.W.2d 541 (Mich. Ct. App. 1995)

- *Dinsmore Instrument Co. v. Bombardier, Inc.*, 199 F.3d 318 (6th Cir. 1999)

- *Gen. Motors Corp. v. Alumi-Bunk, Inc.*, 757 N.W.2d 859 (Mich. 2008)

- *Gen. Motors Corp. v. Alumi-Bunk, Inc.*, 2007 WL 2118796 (Mich. Ct. App. July 24, 2007)

- *Think Operations, LLC v. Top Shelf Barber Supplies, LLC*, 2021 WL 21597 (W.D. Mich. Jan. 4, 2021)

- *New London Tobacco Mkt., Inc. v. Kentucky Fuel Corp.*, 44 F.4th 393, 415 (6th Cir. 2022)

## I.    INTRODUCTION

Attempting to avoid the economic-loss doctrine, Plaintiffs allege that their single fraud claim presents two fraud theories and argue that Navistar failed to address the second theory, which Plaintiffs now call bad-faith fraud. But as Plaintiffs admit in their own brief, "[e]ssentially, fraud by a bad-faith promise is the same as fraud in the inducement." (ECF No. 43, PageID.802 (quoting *Charter Twp. of Shelby v. Tech. Integration Grp. Servs., Inc.*, 2013 WL 951379, at *4 (Mich. Ct. App. Mar. 5, 2013)). Consistent with that admission, Navistar explained in its opening brief that the Michigan Supreme Court applied the economic-loss doctrine to *both* of those theories in *General Motors Corp. v. Alumi-Bunk, Inc.*, 482 Mich. 1080 (2008), a case Plaintiffs never address.[1] Further, Navistar did respond to what Plaintiffs now call their bad-faith allegations, namely their allegations that Navistar had no intention of performing its obligations under the 2022 letter agreement. (ECF No. 36, PageID.533, 535.)

At the November 7 hearing, Plaintiffs' counsel represented that this is a breach-of-contract case. Indeed, all of the alleged misrepresentations are intertwined with the breach-of-contract claim, not extraneous to it. They are all intertwined because they are all about the promise to produce trucks in 2022, the very subject of the 2022 letter agreement. As a result, the economic-loss doctrine bars Plaintiffs' fraud claim.

---

[1] *See also Orleans Int'l, Inc. v. Mistica Foods, L.L.C.*, 2016 WL 2851349, at *6 (E.D. Mich. May 16, 2016) (describing "the allegation that Defendants did not intend to keep the promise" as "fraud in the inducement" and barring it under the economic-loss doctrine because it was "not extraneous to the contract").

1

## II.   ARGUMENT

### A.   Whether characterized as bad-faith fraud or fraud in the inducement, Plaintiffs' fraud allegations about the production of trucks in 2022 are not extraneous to their breach-of-contract claim.

As Michigan courts have explained, the economic-loss doctrine bars fraud claims where the alleged fraud is not extraneous to a contract. *E.g.*, *Huron Tool & Eng'g Co. v. Precision Consulting Servs., Inc.*, 209 Mich. App. 365, 375 (1995) ("Because plaintiff's allegations of fraud are not extraneous to the contractual dispute, plaintiff is restricted to its contractual remedies under the UCC."); *accord Dinsmore Instrument Co. v. Bombardier, Inc.*, 199 F.3d 318, 320 (6th Cir. 1999) ("For the [fraud-in-the-inducement] exception to apply, however, the allegations of fraud must be extraneous to the contractual dispute."). Plaintiffs do not dispute this principle. (ECF No. 43, PageID.799.)

Instead, Plaintiffs contend that Navistar's allegedly fraudulent statements were extraneous to the 2022 letter agreement. (*Id.*, PageID.800–01.) But they are wrong as to all of the statements, regardless of whether they are characterized as evidence of fraudulent inducement or of bad-faith fraud.

### 1.   The economic-loss doctrine bars Plaintiffs' claim for fraudulent inducement.

As to their fraudulent-inducement theory, they assert that Navistar's "false representations about Navistar's ability to produce trucks" does "not involve the terms of the April 2022 Letter Agreement at all . . . ." (*Id.*, PageID.800.) But the very representation they address is the allegation that Navistar said, in December 2021, that

2

it could produce only "600 trucks for Plaintiffs in 2022 instead of 1,305 trucks," because Navistar "did not have the available production to build trucks." (Sec. Am. Compl., ECF No. 29, ¶ 61, PageID.262; *see also* ECF No. 43, PageID.794 (citing ¶ 61).) This statement that Navistar could produce only 600 trucks in 2022 is not extraneous to the letter agreement; it is interwoven with the alleged key promise in the letter agreement: producing trucks in 2022. (*E.g.*, Sec. Am. Compl., ECF No. 29, PageID.253 (describing the letter agreement: "Navistar agreed to produce 1100 MY2023 trucks from January through May 2022").) This promise to produce trucks in 2022 is the very basis for Plaintiffs' breach-of-contract claim, which is why Plaintiffs' breach-of-contract count culminates by asserting that "Navistar's failure to meet the required production schedule is a material breach of the Letter Agreement." (*Id.*, PageID.273.)

The fact that this statement "*pre-dated* the April 2022 Letter Agreement" does not mean, as Plaintiffs would have it, that it must be extraneous to the letter agreement. (ECF No. 43, PageID.800 (emphasis added); *id.*, PageID.801 (arguing that "[t]he conduct at issue occurred *before* the parties signed the April 2022 Letter Agreement that Navistar breached") (emphasis added).) "Extraneous" does not mean "pre-dating." Indeed, if the rule were that any statement that pre-dated a contract should be treated as extraneous to the contract, then *all* claims of fraud in the inducement would fall outside the economic-loss doctrine, because all inducements pre-date the entering (or modification of) the relevant contract. *E.g.*, *Gen. Motors Corp. v. Alumi-Bunk, Inc.*, 2007 WL 2118796, at *11 (Mich. Ct. App. July 24, 2007) (dissent adopted by the Michigan

3

Supreme Court, stating that, "[b]y definition, all contract negotiations occur before a contract is formed" but still holding that a claim of fraudulent inducement was barred by the economic-loss doctrine); *General Motors*, 482 Mich. at 1080. In short, Plaintiffs' view of "extraneous" as "pre-dating" is not the law.

Further, this allegedly false statement—that Navistar could produce only 600 trucks in 2022—cannot plausibly show fraudulent *inducement*; if anything, it would be fraudulent *discouragement*, because the allegedly false statement discourages entering the contract. It is hard to see how a statement that Navistar could *not* produce more than 600 trucks in 2022 could have induced Plaintiffs to enter a contract under which Navistar would have to produce 1,100 trucks in 2022.

### 2. The economic-loss doctrine bars Plaintiffs' claim for bad-faith fraud.

As to Plaintiffs' allegations that Navistar entered the contract with a present intent not to perform (ECF No. 43, PageID.801–04), Michigan's economic-loss doctrine bars this theory too. (This makes sense, given that it is, as Plaintiffs acknowledge, essentially " 'the same as fraud in the inducement.'" (*Id.*, PageID.802.)) As Navistar explained in its opening brief (ECF No. 36, PageID.533), the Michigan Supreme Court has held (by adopting a dissenting opinion in the Court of Appeals) that a claim of fraud based on a present intent not to perform is barred by the economic-loss doctrine if the fraud is interwoven with the breach of contract. *General Motors Corp. v. Alumi-Bunk, Inc.*, 482 Mich. 1080 (2008) (adopting "the reasons stated in the Court of

Appeals dissenting opinion"); *Gen. Motors Corp. v. Alumi-Bunk, Inc.*, 2007 WL 2118796, at *11 (Kelly, J., dissenting) (holding that the economic-loss doctrine barred a fraud claim that was based on "both evidence of *improper inducement* on the part of defendants and evidence that defendants agree to the upfitting with the *present intent not to perform*") (some emphasis added).

Ironically, given Plaintiffs' incorrect assertion that Navistar did not address allegations of bad-faith intent not to perform, Plaintiffs do not address the Michigan Supreme Court's controlling 2008 *GM* decision. And the cases Plaintiffs do address do not help them. The first two cases do not help Plaintiffs because they do not address the requirement of *GM*, *Huron Tool*, and *Dinsmore* that the alleged fraud must be extraneous to the contract. *E.g.*, *Chemico Sys., Inc. v. Spencer*, No. 22-11027, 2023 WL 1993783, at *7–9 (E.D. Mich. Feb. 14, 2023) (not addressing the extraneous-to-the-contract rule and dismissing the fraudulent-inducement claim on other grounds); *Galeana Telecommunications Invs., Inc. v. Amerifone Corp.*, 202 F. Supp. 3d 711, 728 (E.D. Mich. 2016) (same). Plaintiffs cite one unpublished district-court decision, *Metropolitan Alloys Corp. v. Considar Metal Mktg., Inc.*, No. 06-12667, 2007 WL 2874005 (E.D. Mich. Sept. 25, 2007), that does mention the "extraneous" rule, but it is inapposite. First, the "contract" at issue in that case was "never captured in a signed writing," and the district court stated "if the evidence were to establish that the parties entered into a binding contract for the sale and purchase of SHG zinc, then it seemingly would follow that Plaintiff would be limited to the remedies provided under the UCC, rather than those

allowed under Michigan tort law." *Id.* at *2, 5. Second, even if the decision can be read as Plaintiffs suggest, it was decided before, and is inconsistent with, *GM*. In *GM*, the fraudulent-inducement claim was based on a seller's statement that the vehicles "would be upfitted before resale of those vehicles to the general public," and the parties entered into a binding contract to purchase trucks "only on the condition that Alumi-Bunk upfit any such vehicles before reselling them[.]" *Gen. Motors*, 2007 WL 2118796, at *10 (Kelly, J., dissenting). The Michigan Supreme Court recognized this overlap meant the statement was not extraneous to the contract and therefore held that the economic-loss doctrine barred the fraud claim. That is the correct analysis under Michigan law.

Indeed, the good example of applying this rule is found in *Think Operations, LLC v. Top Shelf Barber Supplies, LLC*, 2021 WL 21597, at *1 (W.D. Mich. Jan. 4, 2021), a case on which Plaintiffs rely. In that case, the court held that the economic-loss doctrine barred fraud claims that were "interwoven with Top Shelf's contractual obligations":

> Think alleges that Top Shelf misrepresented its concerns about product sales and its ability to pay in accordance with the Distribution Agreement, *inducing Think to modify* the payment obligations and credit limit in the agreement. These alleged misrepresentations *directly relate to Top Shelf's performance under the contract*. In addition, Think's *claimed harm for the fraudulent inducement closely parallels that for its breach of contract claim*. Both claims allege harm arising from Top Shelf's failure to pay for product as required by the Distribution Agreement. *Thus, the two claims are interwoven with one another.* [*Id.* at *5 (emphasis added; footnote omitted).]

**B.   The economic-loss doctrine also bars Plaintiffs' fraud claim because Plaintiffs sue for the same loss as breach of contract.**

Finally, Plaintiffs offer no real response to their failure to allege distinct damages, nor do they address at all their *admission* that they are not seeking them. (*See* ECF No. 25, at PageID.195.) They first identify additional *remedies* (attorney fees, exemplary damages, and equitable relief), but those remedies would be addressing the exact same *harm* as the breach-of-contract claim—the loss of money based on Navistar's alleged failure to produce in 2022 the number of trucks promised in the letter agreement. (ECF No. 43, PageID.801.) Nor do they deny that it would swallow the economic-loss rule if merely tacking on attorney fees counted as a separate harm. And while they point to the harm of "waiv[ing] their trade-in rights under a prior contract" (*id.*), they (i) do not seek to recover those alleged trade-in rights as damages, *see New London Tobacco Mkt., Inc. v. Kentucky Fuel Corp.*, 44 F.4th 393, 414 (6th Cir. 2022) (noting Michigan and other states do not "allow a plaintiff to recover for the *same* damages under both fraudulent inducement and breach of contract.") and (ii) in any event, relied on that exact same allegation in their original complaint and in their first amended complaint, each of which contained only a breach-of-contract claim. (Compl. ¶ 23, ECF No. 1-1, PageID.12; First Am. Compl. ¶ 26, ECF No. 17, PageID.137.) The absence of a separate harm is an independent reason to dismiss the fraud claim. (*See* ECF No. 36, PageID.533–34.)

## III.   CONCLUSION

For these reasons, the Court should dismiss Plaintiffs' fraud claim.

Dated:  November 18, 2024          BARNES & THORNBURG LLP

                                   */s/ Scott R. Murphy*
                                   Scott R. Murphy (P68015)
                                   Anthony C. Sallah (P84136)
                                   171 Monroe Ave. NW, Suite 1000
                                   Grand Rapids, MI 49503
                                   616-742-3930
                                   smurphy@btlaw.com
                                   asallah@btlaw.com
                                   *Attorneys for Defendant Navistar, Inc.*

## LOCAL RULE CERTIFICATION

I, Scott R. Murphy, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify that it is the appropriate length. Local Rule 7.1(d)(3).

BARNES & THORNBURG LLP

Dated: November 18, 2024                    */s/ Scott R. Murphy*
                                            Scott R. Murphy (P68015)
                                            *Attorney for Defendant Navistar, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on November 18, 2024, the foregoing was electronically filed using the CM/ECF system which will send notification of such filing to the e-mail addresses registered in the CM/ECF system, as denoted on the Electronic Mail Notice List.

BARNES & THORNBURG LLP

Dated: November 18, 2024

/s/ Scott R. Murphy
Scott R. Murphy (P68015)
*Attorney for Defendant Navistar, Inc.*