

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GLS LEASCO, INC. and
CENTRAL TRANSPORT, LLC,

    Plaintiffs,

v.

NAVISTAR, INC.,

    Defendant.

Case No. 23-cv-12927

Hon. Mark A. Goldsmith

Magistrate Judge Anthony P. Patti

## Declaration of Kyle Blain

I, Kyle Blain, make the following declaration of my own personal knowledge and could and would testify competently thereto if called as a witness in this matter.

1. I am currently the President of GLS Leasco, Inc. ("GLS") and the Vice President of Maintenance for Central Transport, LLC ("Central"). GLS purchases and then leases equipment, such as tractors for semi-trucks. Central offers less-than-truckload freight shipping services to manufacturers and retailers across the country.

2. In 2017, GLS purchased 630 MY 2018 tractors from Navistar for the purpose of leasing them to Central. GLS also entered into an Optional Trade-In Agreement with Navistar for the MY 2018 tractors.

3. In 2021, GLS planned to trade the used MY 2018 tractors in to Navistar and replace them with new tractors.

1

4. I negotiated the July 2021 Letter Agreement with Navistar on behalf of GLS, Central, and another affiliate, LGSI Equipment of Indiana, LLC ("LGSI").

5. I also negotiated the April 2022 Letter Agreement with Navistar on behalf of GLS, Central, LGSI, and a fourth affiliate, PAM Transport, Inc. ("PAM").

6. After the parties reached an agreement in principle in January 2022, Navistar never withdrew its offer to deliver 1,100 tractors to GLS and its affiliates by the end of June 2022.

7. Navistar never asked GLS if it could extend the delivery schedule for the new tractors past June 2022, and Plaintiffs never agreed that Navistar could extend the delivery schedule for the new tractors past June 2022.

8. 630 of the new tractors to be delivered under the April 2022 Letter Agreement were intended to replace the 630 MY 2018 tractors that Central had been leasing from GLS.

9. After GLS signed the April 2022 Letter Agreement, it assigned ownership of those 630 new tractors to Equipment Leasing Company, LLC ("ELC").

10. ELC is an affiliate of GLS. I am the current President of ELC.

11. ELC holds the titles to the 630 new tractors that were intended for Central. A true and accurate copy of one of those titles is attached hereto as Exhibit 1 (GLSN-0014907).

12. ELC leases the 630 new tractors to Central. A true and accurate copy of the lease agreement between Central and ELC is attached hereto as Exhibit 2 (GLSN-0002888).

13. GLS also delegated its duty to pay for the 630 new tractors to ELC.

14. Navistar's dealer, Allegiance Trucks, issued invoices for the 630 new tractors to ELC. A true and accurate copy of one of those invoices is attached hereto as Exhibit 3 (GLSN-0015611).

15. ELC obtained financing for the 630 new tractors through Navistar Capital, Navistar's financing program with BMO Harris Bank N.A. ("BMO").

16. GLS guaranteed ELC's debt to Navistar Capital. A true and accurate copy of GLS's guaranty is attached hereto as Exhibit 4 (GLSN-0014905).

17. Neither Navistar, Navistar Capital, BMO, nor Allegiance has ever alerted ELC that Navistar has not received payment for the 630 new tractors.

18. Outside of this litigation, Navistar has never objected to the fact that ELC paid the invoices for the 630 new tractors.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 13, 2024

_____
Kyle Blain