**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

GLS LEASCO, INC., and CENTRAL
TRANSPORT, LLC,

        Plaintiff,

v.

NAVISTAR, INC.

        Defendant

Case No. 23-cv-12927

Hon. Mark A. Goldsmith

Magistrate Judge Anthony P. Patti

**DEFENDANT NAVISTAR INC.'S INTERROGATORY ANSWERS AND OBJECTIONS
TO PLAINTIFFS' 30(b)(6) DEPOSITION TOPICS 20-34 RE
AFFIRMATIVE DEFENSES**

By agreement of the parties, Defendant Navistar, Inc. ("Navistar") submits the following interrogatory answers and objections to GLS Leasco, Inc.'s and Central Transport, LLC's ("Plaintiffs") Rule 30(b)(6) Notice regarding Topics 20-34 to Navistar (the "Notice"). Navistar incorporates by reference its prior objections and responses to the Notice and, after several meet and confers, has agreed to provide responsive information to Topics 20-34 regarding Navistar's defenses in the First Amended Complaint in the form of answers to interrogatories.

20. The factual basis for Navistar's claim that it did not deliver the MY 2023 Tractors to Plaintiffs by June 2022 because Plaintiffs delayed in ordering them from the dealer.

**ANSWER: On March 29, 2022, Navistar processed an order change from Jim Lollis of Allegiance Truck Group to cancel eight (8) Central RH orders (555 jobs) (A26 engine) and replace them with new LT orders (Cum X15 engine).  On March 30, 2022, Mr. Lollis cancelled 6 RH (A26) orders and placed new LT order (LT170350) bringing the total Central, PAM and Universal order to 1100. On April 1, 2022, Mr. Lollis requested that Navistar process the**

following OCR (change) for the new LT orders:

|  | DELETE | ADD |
|---|---|---|
| WB (Wheelbase) | 187 | 177 |
| FRAME | 1WKK | 1WKJ |

The change was manually processed but the orders were not fully coded and failed Step 11 due to an engineering conflict in Central's specifications, and which necessitated further specification revisions from Central. As a result, Mr. Lollis processed another OCR on April 5, 2022, changing the following specification:

DELETE:

04EDM- AIR DRYER {Bendix AD-HF} with Heater, Includes Pressure Protection Circuits, Safety Valve, Integral Purge Tank, Governor Pressure Settings 110 psi Cut-In/130 psi Cut-Out, Integrated PuraGuard Coalescing Filtration.

ADD:

04EDJ- AIR DRYER {Bendix AD-IS} with Heater, Includes Pressure Protection Circuits, Safety Valve, Integral Purge Tank, Integrated PuraGuard Coalescing Filtration.

On April 12, 2022, Mr. Lollis submitted another OCR adding Feature Code 014862 (PDL WARNING BUZZER Power Divider Lock) to the new LT orders thereby impacting 555 trucks and further delaying EAP lineset for GLS's orders. Because of these changes and delays in finalizing the LT orders, the EAP lineset was already in mid-May 2022. In addition, GLS had yet to execute the 2022 Letter Agreement. In addition, Navistar was experiencing unprecedented supply chain impacts in May of 2022 that caused significant down time resulting in 1253 lost production slots or approximately 7.3 lost days of production. GLS's delay in signing the 2022 Letter Agreement until May 18, 2022, coupled with the order changes above and supply chain constraints made it impossible for Navistar to deliver the MY 2023 Tractors to Central in the March, April and May 2022 time period.

21. The factual basis for Navistar's claim that Plaintiffs' claims are barred by the doctrine of

unclean hands.

**Navistar is withdrawing this affirmative defense.**

22. The factual basis for Navistar's claim that Plaintiffs' claims are barred by waiver.

**ANSWER: Plaintiff GLS did not execute the 2022 Letter Agreement until May 18, 2022, 40 days after it was signed by Navistar. By that time, Plaintiffs were fully aware of the production dates, and the delays impacting Navistar's ability to build and deliver the MY 2023 Tractors. By the time GLS executed the 2022 Letter Agreement, Plaintiffs knew it was impossible for Navistar to build and deliver the MY 2023 Tractors based on the alleged schedule contained therein. On several occasions leading up to the execution of the 2022 Letter Agreement, Plaintiffs were provided with production schedules that showed changes to the schedule contained in the 2022 Letter Agreement due to changes made to GLS's order by the dealership as well as supply chain constraints as noted above.**

**Several witnesses deposed in this case described the production schedule as "fluid" and subject to constant changes. From April 13, 2022 until delivery of the last tractor in September 2023, Perkins regularly communicated with Jim Lollis of Allegiance Truck Group concerning production schedules, delivery dates, and invoicing for the MY2023 tractors. On April 13, 2022, before GLS signed the Letter Agreement, Lollis sent Perkins and Kyle Blain a spreadsheet with estimated build dates for all 630 tractors. *See* LOLL 000047. According to the build schedule, over 420 of the tractors were not even scheduled to be built by Navistar until <u>after</u> June 1, 2022. At the time Perkins and Blain received this production update from Lollis, Blain had not signed the Letter Agreement, and did not sign it until over a month later.**

**The following week, on April 21, 2022, Perkins followed up with Lollis and requested "the latest and greatest for production dates" and "weekly production updates" so she could track the production and delivery of trucks to Central. *See* LOLL – 000049. As another**

3

example, Lollis communicated with Perkins in May 2022 regarding delivery of the MY 2023 Tractors, including on May 12 and May 16, 2022. The subject line on the email reads **"Central – Delivery Status"** and the substance of the email chain provides updates in May 2022 concerning the delivery status of the Central trucks at issue in this lawsuit. *See* ALLEGIANCE00000017. The document establishes that as of May 16, 2022, just two days before GLS signed the Letter Agreement, the production build schedule had shifted significantly. More importantly, Plaintiffs knew the production schedule had shifted significantly because Central had yet to take delivery of a single truck even though, according to paragraph 37 of the second amended complaint, they should have already received *300 trucks in March and April and the remaining 330 in May, 2022.* By, among other things, executing the 2022 Letter Agreement with knowledge that the alleged schedule contained therein was outdated and materially different, Plaintiffs waived enforcement of the production scheduled contained in the 2022 Letter Agreement.

23. The factual basis for Navistar's claim that Plaintiffs' claims are barred by estoppel.

**ANSWER: Navistar incorporates by reference its response to Topic 22 above. By waiting to execute the 2022 Letter Agreement until May 18, 2022, with knowledge that the schedule contained therein was outdated and materially different than the production environment at that time, and further expressly acknowledging those production updates and the production environment, Plaintiffs are estopped from enforcing the production scheduled contained in the 2022 Letter Agreement.**

24. The factual basis for Navistar's claim that Plaintiffs' claims are barred by release.

**ANSWER: During the negotiations of the 2022 Letter Agreement, GLS and Navistar inserted language concerning the "No Trade Agreement" whereby Navistar agreed to pay Plaintiffs $6,200,000 in exchange for waiving their trade in rights for 941 model year 2017-2019**

International units. Under the Letter Agreement, GLS released any and all current or future claims for the model year 2017 – 2019 International units and terminated all other agreements pertaining to those units. During the corporate representative deposition of GLS, Mr. Blain explained that GLS released a variety of claims as part of the "No Trade Agreement" associated with the $6,200,000 payment including, without limitation, any assistance with disposing of the 941 units described in the 2022 Letter Agreement; delays in the current and future production of 2023 MY tractors; rental invoices associated with delayed production, resulting in 2017-2019 International trade units remaining in service; and all current or future issues related to the 941 model year 2017 – 2019 International units. (GLS Dep. Pp. 242-248). Furthermore, Navistar agreed at Plaintiffs' request to an earlier-than-contemplated payment of the $6,200,000 payment.

25. The factual basis for Navistar's claim that Plaintiffs' claims are barred by laches.

**ANSWER: Navistar incorporates by reference its response to Topic 22 above.**

26. The factual basis for Navistar's claim that Plaintiffs' claims are barred by novation.

**ANSWER: Navistar incorporates by reference its response to Topic 24 above. Navistar further states that under the 2022 Letter Agreement, Allegiance Truck Group replaced Summit as the dealership selling tractors that were ultimately delivered to Central.**

27. The factual basis for Navistar's claim that Plaintiffs' claims are barred by modification.

**ANSWER: Navistar incorporates by reference its answer to Topic 24 above. Under the 2022 Letter Agreement, GLS agreed to accept $6,200,000 in exchange for waiving its trade in rights.**

28. The factual basis for Navistar's claim that Plaintiffs' claims are barred because GLS was the first party to materially breach the April 2022 Letter Agreement.

**ANSWER:  GLS did not purchase the MY 2023 tractors from Navistar and never**

paid the consideration for the MY 2023 tractors to Navistar. During the continued deposition of GLS's corporate representative regarding fraud allegations, Mr. Blain testified that GLS did not purchase the 2023 tractors:

> Q. Okay.  GLS did not purchase the 2023 internationals, correct?
>
> A. Correct.
>
> Q. a company called Equipment Leasing Company did, right?
>
> A. Yes.
>
> . . .
>
> Q. Okay. We already established before, GLS did not purchase the 2023s, correct?
>
> A. Correct.
>
> Q. All right.  GLS doesn't own them, correct?
>
> A. Correct.

(Blain 11/13/24 Dep. at pp. 58-61). Additional factual support can be found in the underlying transactional documentation reflecting the sale of the MY 2023 tractors from the dealership to Equipment Leasing Company such as the invoices, the general terms attached to the invoices, and the title documentation reflecting the ownership of the MY 2023 tractors. In addition, GLS was the first party to breach the agreements when it unilaterally and without disclosure to Navistar substituted Equipment Leasing Company as the buyer of the MY 2023 tractors in violation of the OTB Agreement for the MY 2023 tractors as discussed during GLS's continued corporate representative deposition. (Blain 11/13/24 Dep. at pp. 56-62.)

29. The factual basis for Navistar's claim that Plaintiffs' claims are barred because they have not satisfied the conditions precedent to recovery.

**ANSWER: Navistar incorporates by reference its response to Topic 28. Plaintiffs did not purchase the MY 2023 tractors.**

30. The factual basis for Navistar's claim that Plaintiffs' claims are barred by the doctrine of impracticability.

**ANSWER: Navistar incorporates by reference its answer to Topic 20 and 22 above. In addition, the 2022 Letter Agreement states the following concerning the "RH New Truck Builds" and "LT New Truck Builds":**

**New Truck Delivery – based on available production at the time of this letter.**

| New Truck Build Month | RH New Truck Builds | LT New Truck Builds | Trades |
|---|---|---|---|
| January | 42 | | 0 |
| February | 32 | | 0 |
| March | 342 | | 0 |
| April | 42 | 300 | 0 |
| May | 3 | 339 | 0 |
| June- Spillover month | | | 0 |
| Total | 461 | 639 | 0 |

**According to the schedule above, 342 RH New Truck Builds were scheduled in March, 42 RH Truck Builds in April, 300 LT New Truck Builds in April, 3 RH New Truck Builds in May, and 339 LT New Truck Builds in May. However, Plaintiffs' order was not updated by the dealership until April 12, 2022 and GLS did not execute the 2022 Letter Agreement until May 18, 2022. GLS's delay in signing the 2022 Letter Agreement until May 18, 2022, coupled with the order changes above and supply chain constraints made it impossible for Navistar to deliver the MY 2023 Tractors as alleged by Plaintiffs.**

**Mr. Lollis testified that it wasn't feasible for Navistar to build the trucks according to the schedule in the 2022 Letter Agreement.**

**Q.     Do you remember your testimony that you ordered the Central trucks -- the LT Central trucks on March 29, 2022? Do you recall that?**

**A.     Yes. Yes.**
**Q.     And if you look at this chart on Exhibit 57 with those build dates, it wasn't feasible for Navistar to build 342 trucks in March of 2022 if you hadn't even ordered the trucks yet?**

**A.     There's no way.**

**MR. DAVIS: Objection. Calls for speculation.**

**Q.    There's no way; right?**

**A.    No.**

**Q.    And the same, earlier in January, it wasn't feasible for Navistar to build those trucks because they hadn't even been ordered yet?**

**A.    Correct.**

**Q.    Okay.   And were you aware of that?**

**A.    We couldn't go -- we definitely couldn't build the trucks on the early side for sure.**

**Q.    Right. And you had mentioned earlier when you looked at that chart, you said, well, that chart wasn't consistent with the order board. Do you remember that?**

**A.    Uh-huh.  Yes.**

**(Lollis Dep. pp. 308-309)  Mr. Blain was also aware of the fact that Mr. Lollis changed the order from RH tractors to LT tractors.  While he could not remember the exact date, he had no basis to disagree with March 29, 2022 as the date the order was changed by Mr. Lollis. (GLS/Blain Dep. pp. 168-169.)**

31. The factual basis for Navistar's claim that Plaintiffs' claims are barred by the doctrine of frustration of purpose.

**ANSWER:  Navistar may withdraw this affirmative defenses.**

32. The factual basis for Navistar's claim that Plaintiffs' claims are barred because the April 2022 Letter Agreement lacked mutuality of obligation and/or consideration.

**ANSWER:   Navistar incorporates by reference its responses to Topics 28-29. The 2022 Letter Agreement lacked mutuality of obligation as evidenced by, among other things, the fact that Plaintiffs did not purchase the MY 2023 tractors. Additional factual support can**

**be found in the underlying transactional documents supporting the purchase and sale of the MY 2023 tractors from the dealership to Equipment Leasing Company.**

33. The factual basis for Navistar's claim that Plaintiffs' claims are barred due to the doctrine of accord and satisfaction.

**ANSWER: Navistar incorporates by reference its answer to Topic 24 regarding the No Trade Agreement and resolution of "any and all current issues for 941 model year 2017-2019 International units and terminates any and all other agreements pertaining to these units." Plaintiff resolved all claims related to the resale of 941 model year 2017-2019 International Units by accepting the $6,200,000 payment pursuant to the "No-Trade Agreement Notes" of the 2022 Letter Agreement. Furthermore, Navistar agreed at Plaintiffs' request to an earlier-than-contemplated payment of the $6,200,000 payment.**

34. The factual basis for Navistar's claim that Plaintiffs' claims are barred based on the course of dealing between the parties.

**ANSWER: Navistar incorporates by reference its answer to Topic 22 – 24 above.**

Dated: December 4, 2024

*/s/ Scott R. Murphy*
Scott R. Murphy (P68015)
Anthony C. Sallah (P84136)
Sydney O. Imes (P86532)
Barnes & Thornburg LLP
171 Monroe Ave N.W., Suite 1000
Grand Rapids, MI 49503
(616) 742-3938
smurphy@btlaw.com
asallah@btlaw.com
Sydney.Imes@btlaw.com
*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was e-mailed on December 4, 2024 to the following:

Joseph E. Viviano
Thomas J. Davis
Marianne J. Grano
Eric J. Pelton
Lauren Walas
KIENBAUM, HARDY, VIVIANO,
PELTON & FORREST, P.L.C.
48 South Main Street, Suite 2
Mt. Clemens, MI 48043
jviviano@khvpf.com
tdavis@khvpf.com
mgrano@khvpf.com
epelton@khvpf.com
lwalas@khvpf.com

*/s/ Scott R. Murphy*
Scott R. Murphy (P68015)
Anthony C. Sallah (P84136)
Sydney O. Imes (P86532)
Barnes & Thornburg LLP
171 Monroe Ave N.W., Suite 1000
Grand Rapids, MI 49503
(616) 742-3938
smurphy@btlaw.com
asallah@btlaw.com
Sydney.Imes@btlaw.com
*Attorneys for Defendant*

10