**EXHIBIT 2**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| GLS LEASCO, INC., | |
| Plaintiff, | Case No. 23-cv-12927 |
| v. | Hon. Mark A. Goldsmith |
| NAVISTAR, INC., | Magistrate Judge Anthony P. Patti |
| Defendant. | |

**PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS AND INTERROGATORIES TO DEFENDANT**

Plaintiff GLS Leasco, Inc. ("GLS"), by and through its attorneys, and pursuant to Federal Rule of Civil Procedure 33 and 34, requests that Defendant Navistar, Inc. ("Navistar") provide originals of the documents listed below for inspection and copying to counsel for GLS, and answer the attached interrogatories, within 30 days.

**DEFINITIONS AND INSTRUCTIONS**

As used in these discovery requests, the following terms shall have the following meanings:

A. "Person" or "persons" or "third-party" or "third-parties" includes any individual, corporation, limited liability company, partnership, group, association, union, fraternity, company, sole proprietor, store, establishment, place, firm, co-partnership, joint venture, government, governmental department, governmental agency, or any other organization or entity.

B. "Document" includes the original, and any copies or drafts of, any writing, data, information, or recording of whatever kind or nature, however stored, produced, or reproduced, including without limitation, by handwriting, typewriting, printing, computer program, word processor, photo-stating, photography, magnetic impulse, mechanical recording, electronic

recording, audio recording, or any other means of preserving or recording in any form, of any information, data, communication, or representation, including, without limitation, any correspondence, records, schedules, tables, charts, drawings, reports, memoranda, papers, notes, letters, telegrams, orders, messages (including reports of telephone conversations and conferences), emails or other electronic messages, text messages, social media messages and posts, minutes, meeting notes, contracts, agreements, books, ledgers, vouchers, diaries, logs, calendar notations, computer programs, computer files, computer printouts and data, articles, studies, proposals, manuals, work sheets, schedules, summary sheets, press clippings, publications, newsletters, diagrams, photographs, transcripts, microfilms, microfiches, audio or visual recordings, and any other data compilation written, printed or recorded in any form of any kind, from which information can be obtained or translated through any means.

C. Reference to any person or entity shall include, but is not limited to, each and every officer, director, attorney, employee, or agent of each such person or entity.

D. "GLS" shall refer to the Plaintiff GLS Leasco, Inc. and its employees, agents, and representatives.

E. "You" or "your" or "Navistar" shall refer to Navistar, Inc. and any individuals acting or purporting to act on its behalf, as well as its divisions or affiliate companies, and any of its successors or predecessors-in-interest.

F. Unless otherwise specified, the term "Complaint" means the Complaint filed in Case No. 2023-003669-CB, in the 16th Circuit Court, County of Macomb, State of Michigan and removed to federal court on November 16, 2023.

G. If a document is no longer in your possession or subject to your control, state when such document was most recently in your possession or subject to your control and what

disposition was made of it. If documents have been destroyed, please identify when they were destroyed, the person who destroyed them, the person who directed that they be destroyed, the reason(s) for such action and any communications or documents which relate or refer to the destruction of the documents.

In the event any document is withheld based on privilege, please produce a privilege log pursuant to Federal Rule of Civil Procedure 26(b)(5).

These requests are continuing under Federal Rule of Civil Procedure 26(e) and you have a duty seasonably to amend your responses if you learn that your response is in some material respect incomplete or incorrect.

## REQUESTS TO PRODUCE

**Request No. 1:**

Produce all documents related to the negotiation of the July 13, 2021 letter agreement referenced at Paragraph 15 of the Complaint.

**RESPONSE:**


**Request No. 2:**

Produce all documents related to the performance of the July 13, 2021 letter agreement referenced at Paragraph 15 of the Complaint.

**RESPONSE:**


**Request No. 3:**

Produce all documents related to the negotiation of the April 8, 2022 Letter Agreement attached as Exhibit A to the Complaint.

**RESPONSE:**

**Request No. 4:**

Produce all documents related to the performance of the April 8, 2022 Letter Agreement attached as Exhibit A to the Complaint, including without limitation all communications between the parties, all internal and external communications, all scheduling records, all production records, all delivery records, and all invoices.

**RESPONSE:**

**Request No. 5:**

Produce all documents, including internal and external communications, data, analysis, reports, surveys, or market information, regarding the strength, weakness, or condition of the used truck market for the period from January 1, 2021 to December 31, 2022.

**RESPONSE:**

**Request No. 6:**

Produce all documents, including internal analyses, reports, surveys, or market data or information, regarding Navistar's decision to relocate its used truck center to Joliet, Illinois.

**RESPONSE:**

**Request No. 7:**

Produce all documents reflecting Navistar's difficulty or delay in producing new tractors for any reason during the time period from January 1, 2021 to December 31, 2022, including without limitation any issues related to Navistar's Bendix Fusion collision mitigation system or the allegedly "historic supply chain issues" referenced in Navistar's answer to Paragraph 20 of the Complaint.

**RESPONSE:**

**Request No. 8:**

Produce all documents related to Navistar's delay or difficulty in producing the tractors identified in the April 8, 2022 Letter Agreement attached as Exhibit A to the Complaint.

**RESPONSE:**

**Request No. 9:**

Produce all documents reflecting the provision by Navistar to other buyers any production slots reserved for or promised to GLS in the April 8, 2022 Letter Agreement attached as Exhibit A to the Complaint.

**RESPONSE:**

**Request No. 10:**

Produce all documents reflecting communications between Navistar and GLS regarding Navistar's Bendix Fusion collision mitigation system for the period from January 1, 2021 to December 31, 2022.

**RESPONSE:**


**Request No. 11:**

Produce all communications between Navistar and GLS for the period from January 1, 2021 to December 31, 2022 in any way related to GLS's trade-in rights or the residual value of the MY2018 Tractors referenced in the Complaint.

**RESPONSE:**


**Request No. 12:**

Produce all written statements Navistar has obtained regarding the subject matter of the Complaint or Navistar's Affirmative Defenses.

**RESPONSE:**


**Request No. 13:**

Produce all documents referenced in your initial disclosures or in your responses to interrogatories.

**RESPONSE:**


**Request No. 14:**

Produce a copy of all subpoenas or *subpoenas duces tecum* you have issued related to this matter and a copy of all responsive documents.

**RESPONSE:**

**Request No. 15:**

Produce all documents supporting or relating to your partial denial of Paragraph 4 of the Complaint.

**RESPONSE:**


**Request No. 16:**

Produce all documents supporting or relating to your partial denial of Paragraph 15 of the Complaint.

**RESPONSE:**


**Request No. 17:**

Produce all documents supporting or relating to your partial denial of Paragraph 16 of the Complaint.

**RESPONSE:**


**Request No. 18:**

Produce all documents supporting or relating to your partial denial of Paragraph 20 of the Complaint.

**RESPONSE:**


**Request No. 19:**

Produce all documents supporting or relating to your denial of Paragraph 22 of the Complaint.

**RESPONSE:**

**Request No. 20:**

Produce all documents supporting or relating to your denial of Paragraph 25 of the Complaint.

**RESPONSE:**


**Request No. 21:**

Produce all documents supporting or relating to your partial denial of Paragraph 26 of the Complaint.

**RESPONSE:**


**Request No. 22:**

Produce all documents supporting or relating to your denial of Paragraph 27 of the Complaint.

**RESPONSE:**


**Request No. 23:**

Produce all documents supporting or relating to your denial of Paragraph 32 of the Complaint.

**RESPONSE:**


**Request No. 24:**

Produce all documents supporting or relating to your denial of Paragraph 33 of the Complaint.

**RESPONSE:**


**Request No. 25:**

Produce all documents supporting or relating to your denial of Paragraph 34 of the Complaint.

**RESPONSE:**


**Request No. 26:**

Produce all documents supporting or relating to your denial of Paragraph 36 of the Complaint.

**RESPONSE:**


**Request No. 27:**

Produce all documents supporting or relating to your denial of Paragraph 37 of the Complaint.

**RESPONSE:**


**Request No. 28:**

Produce all documents supporting or relating to your denial of Paragraph 39 of the Complaint.

**RESPONSE:**


**Request No. 29:**

Produce all documents supporting or relating to your denial of Paragraph 42 of the Complaint.

**RESPONSE:**


**Request No. 30:**

Produce all documents supporting or relating to Navistar's Affirmative Defense that GLS's "Complaint is barred by the doctrine of unclean hands."

**RESPONSE:**

**Request No. 31:**

Produce all documents supporting or relating to Navistar's Affirmative Defense that GLS "was the first party to materially breach."

**RESPONSE:**


**Request No. 32:**

Produce all documents supporting or relating to Navistar's Affirmative Defense that GLS "failed to satisfy the conditions precedent to recovery."

**RESPONSE:**


**Request No. 33:**

Produce all documents supporting or relating to Navistar's Affirmative Defense that GLS's Complaint is "barred by the doctrine of impossibility, impracticability and/or frustration of purpose."

**RESPONSE:**


**Request No. 34:**

Produce all documents supporting or relating to Navistar's Affirmative Defense that GLS "failed to mitigate its damages."

**RESPONSE:**

**Request No. 35:**

Produce all documents related to the establishment, approval, prioritization, or modification of Navistar's production schedules for tractors at the Navistar assembly plant in Escobedo, Mexico for the time period from July 1, 2021 to December 31, 2022.

**RESPONSE:**

**Request No. 36:**

Produce all contracts, including dealer allocation contracts, entered into by Navistar providing for calendar year 2022 production slots at the Navistar assembly plant in Escobedo, Mexico.

**RESPONSE:**

**Request No. 37:**

Produce all documents supporting the contention in Navistar's section of the Rule 26(f) Joint Discovery Plan that "GLS did not sign the referenced Letter Agreement until May 18, 2022 and the purported 'production schedule' set forth in the April 8, 2022 letter was actually a build schedule based on available production and timely orders by the customer."

**RESPONSE:**

**Request No. 38:**

Produce all documents supporting the contention in Navistar's section of the Rule 26(f) Joint Discovery Plan that "In other words, the tractors could not be built until GLS submitted its order to the relevant dealership and GLS knew the build schedule was already behind because it delayed ordering 555 of the tractors from the dealer until March of 2022."

11

**RESPONSE:**


**Request No. 39:**

Produce all documents supporting the contention in Navistar's section of the Rule 26(f) Joint Discovery Plan that "Furthermore, the average residual sales price for Central 2018 International RH613 model tractors fluctuated based on OTB, mileage at the time of trade-in, and the tractors meeting full terms and conditions, all of which varied vehicle by vehicle."

**RESPONSE:**


**Request No. 40:**

Produce all documents, agreements, and communications between Navistar, on the one hand, and Summit Holdings, Summit Truck Group, and/or Rush Enterprises regarding the July 13, 2021 letter agreement referenced at Paragraph 15 of the Complaint.

**RESPONSE:**


**Request No. 41:**

Produce all documents, agreements, and communications between Navistar, on the one hand, and Summit Holdings, Summit Truck Group, and/or Rush Enterprises regarding the sale or prospective sale of tractors to GLS or its affiliated entities for the time period from July 1, 2021 – December 31, 2022.

**RESPONSE:**

## INTERROGATORIES

1. Please provide the following information for each person who has knowledge or information related to this lawsuit (including but not limited to every employee or other agent of Defendant who participated in the negotiation, approval, or performance of the July 13, 2021 Letter Agreement or the April 8, 2022 Letter Agreement identified in the Complaint):

    (a) Complete name, address, and telephone number;

    (b) A specific description of the substance of the information Defendant believes the witness possesses, including their role(s) if any in the negotiation, approval, or performance of the Letter Agreements identified above;

    (c) State whether Defendant has obtained or otherwise has within its possession, custody or control, a written or otherwise recorded statement of the individual;

**ANSWER:**


2. Please provide the following information for each person Defendant expects to call as an **expert witness** at trial:

    (a) Name, field of the expert's expertise or specialization, if any, and a summary of the expert's qualifications (including a curriculum vitae);

    (b) A detailed summary of the subject matter about which the expert is expected to testify, including the substance of the facts and opinions (and grounds for each opinion) to which the expert is expected to testify;

    (c) Whether the expert has rendered an opinion to Defendant or Defendant's attorney;

    (d) A list of each document, exhibit, or visual aid which will be offered in connection with the testimony of each such expert witness or upon which such expert will rely; and,

 (e)  All documents and things that refer or relate to Defendant's answers to the subparts above.

**ANSWER:**

3. Identify all Navistar employees who played any role in determining, approving, prioritizing, or modifying Navistar's production schedules for tractors at the Navistar assembly plant in Escobedo, Mexico for the time period from July 1, 2021 to December 31, 2022, and for each person identified, describe his or her role related to the production schedules.

**ANSWER:**

4. Identify all persons who participated in the preparation of the answers to these interrogatories and requests for production (not including counsel for Defendant) and specify which answers or responses each person contributed to.

**ANSWER:**

14

KIENBAUM HARDY
VIVIANO PELTON & FORREST, PLC:

By: /s/ Thomas J. Davis
Joseph E. Viviano (P60378)
Thomas J. Davis (P78626)
Marianne J. Grano (P82901)
Counsel for Plaintiff
48 S. Main Street, Suite 2
Mount Clemens, MI 48043
(586) 469-1580
jviviano@khvpf.com
mgrano@khvpf.com

and

BOIES SCHILLER FLEXNER LLP
By: Hamish P.M. Hume (*Pro Hac Vice* pending)
Co-Counsel for Plaintiff
1401 New York Ave. NW
Washington, DC 20005
(202) 274-1149
hhume@bsfllp.com

Dated: January 5, 2024

## CERTIFICATE OF SERVICE

The undersigned certifies that on January 5, 2024, she caused to be served a copy of Plaintiff's First Requests for Production of Documents and Interrogatories to Defendant and this Certificate of Service via U.S. Mail upon:

Scott R. Murphy
Anthony C. Sallah
Barnes & Thornburg LLP
171 Monroe Ave., N.W. Ste. 1000
Grand Rapids, MI 48905

/s/ Michelle R. Beveridge
Michelle R. Beveridge, legal Assistant
Kienbaum Hardy Viviano Pelton & Forrest, P.L.C.

502798