

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GLS LEASCO, INC. and
CENTRAL TRANSPORT, LLC,

    Plaintiffs,

v.

NAVISTAR, INC.,

    Defendant.

Case No. 23-cv-12927

Hon. Mark A. Goldsmith

Magistrate Judge Anthony P. Patti

**PLAINTIFFS' THIRD REQUESTS FOR
PRODUCTION OF DOCUMENTS TO DEFENDANT**

Plaintiffs GLS Leasco, Inc. and Central Transport, LLC, by and through their attorneys, and pursuant to Federal Rule of Civil Procedure 34, request that Defendant Navistar, Inc. ("Navistar") provide originals of the documents listed below for inspection and copying to counsel for Plaintiffs within 30 days.

**DEFINITIONS AND INSTRUCTIONS**

As used in these Requests, the following terms shall have the following meanings:

A. "Document" includes the original, and any copies or drafts of, any writing, data, information, or recording of whatever kind or nature, however stored, produced, or reproduced, including without limitation, by handwriting, typewriting, printing, computer program, word processor, photo-stating, photography, magnetic impulse, mechanical recording, electronic recording, audio recording, or any other means of preserving or recording in any form, of any information, data, communication, or representation, including, without limitation, any correspondence, records, schedules, tables, charts, drawings, reports, memoranda, papers, notes, letters, telegrams, orders, messages (including reports of telephone conversations and

1

conferences), emails or other electronic messages, text messages, social media messages and posts, minutes, meeting notes, contracts, agreements, books, ledgers, vouchers, diaries, logs, calendar notations, computer programs, computer files, computer printouts and data, articles, studies, proposals, manuals, work sheets, schedules, summary sheets, press clippings, publications, newsletters, diagrams, photographs, transcripts, microfilms, microfiches, audio or visual recordings, and any other data compilation written, printed or recorded in any form of any kind, from which information can be obtained or translated through any means.

      B.  Reference to any person or entity shall include, but is not limited to, each and every officer, director, attorney, employee, or agent of each such person or entity.

      C.  "GLS" shall refer to GLS Leasco, Inc. and its employees, agents, and representatives.

      D.  "Navistar" shall refer to Navistar, Inc. and any individuals acting or purporting to act on its behalf, as well as its divisions or affiliate companies, and any of its successors or predecessors-in-interest.

      E.  "July 2021 Letter Agreement" shall refer to the letter agreement entered into on or about July 13, 2021 between GLS and Navistar.

      F.  "April 2022 Letter Agreement" shall refer to the letter agreement between GLS and Navistar signed by Navistar on April 8, 2022.

      G.  If a document is no longer in Navistar's possession or subject to its control, state when such document was most recently in Navistar's possession or subject to its control and what disposition was made of it.  If documents have been destroyed, please identify when they were destroyed, the person who destroyed them, the person who directed that they be destroyed, the reason(s) for such action and any communications or documents which relate or refer to the destruction of the documents.

H.  In the event any document is withheld based on privilege, please produce a privilege log pursuant to Federal Rule of Civil Procedure 26(b)(5).

I.  These requests are continuing under Federal Rule of Civil Procedure 26(e) and you have a duty seasonably to amend your responses if you learn that your response is in some material respect incomplete or incorrect.

## REQUESTS TO PRODUCE

**Request No. 46:**

Produce all documents used, relied upon, or referenced by Navistar in responding to GLS's Interrogatory No. 8 to Navistar or that support Navistar's response to Interrogatory No. 8, including, but not limited to, (1) any contracts between Navistar and/or the relevant dealership and the customers related to the manufacture and sale of MY 2023 heavy class tractors and (2) any communications with the customers concerning changes (including reductions) to the number of MY 2023 heavy class tractors that the customer would receive in 2022.

**RESPONSE:**

**Request No. 47:**

Produce all documents used, relied upon, or referenced by Navistar in responding to GLS's Interrogatory No. 9 to Navistar or that support Navistar's response to Interrogatory No. 9, including, but not limited to, (1) any contracts between Navistar and/or the relevant dealership and the customers related to the manufacture and sale of MY 2023 heavy class tractors; and (2) any communications with the customers concerning changes (including reductions) to the number of MY 2023 heavy class tractors that the customer would receive in 2022.

**RESPONSE:**

**Request No. 48:**

Produce all documents used, relied upon, or referenced by Navistar in responding to GLS's Interrogatory No. 10 to Navistar or that support Navistar's response to Interrogatory No. 10, including, but not limited to, (1) any contracts between Navistar and/or the relevant dealership and the customers related to the manufacture and sale of MY 2023 heavy class tractors; and (2) any communications with the customers concerning changes (including reductions) to the number of MY 2023 heavy class tractors that the customer would receive in 2022.

**RESPONSE:**

**Request No. 49:**

Produce all documents used, relied upon, or referenced by Navistar in responding to GLS's Interrogatory No. 11 to Navistar or that support Navistar's response to Interrogatory No. 11, including, but not limited to, (1) any contracts between Navistar and/or the relevant dealership and the customers related to the manufacture and sale of MY 2023 heavy class tractors; and (2) any communications with the customers concerning changes (including reductions) to the number of MY 2023 heavy class tractors that the customer would receive in 2022.

**RESPONSE:**

**Request No. 50:**

All contracts between Navistar (or a Navistar dealer) and any customers concerning the production and/or delivery of (1) MY 2023 LT625 6x4 tractors or (2) MY 2023 RH613 6x4 tractors.

**RESPONSE:**

**Request No. 51:**

Produce all production reports (*see* Belisle Dep. 261:7-18) from January 1, 2021 to December 31, 2022.

**RESPONSE:**

**Request No. 52:**

Produce all communications from Navistar to Navistar dealers regarding production slots and/or production capacity from January 1, 2021 to December 31, 2022.

**RESPONSE:**

**Request No. 53:**

Produce all lineset order boards (*see, e.g.*, NAV00132621) for Navistar's Escobedo plant from January 1, 2021 to September 30, 2023.

**RESPONSE:**

**Request No. 54:**

Produce all non-lineset order boards (*see, e.g.*, NAV00069706) from January 1, 2021 to September 30, 2023 reflecting heavy class tractors to be produced at Navistar's Escobedo plant.

**RESPONSE:**

**Request No. 55:**

Produce all Order and Cancellation Reports (*see* Belisle Dep. 74:9-20) from January 1, 2021 to June 30, 2022.

**RESPONSE:**

**Request No. 56:**

Produce all orders submitted by Summit Truck Group and Allegiance Truck Group to Navistar for the tractors that were the subject of the July 2021 and April 2022 Letter Agreements.

**RESPONSE:**

**Request No. 57:**

Produce all documents reflecting, referencing, or relating to the Deal Council meetings at which the July 2021 and April 2022 Letter Agreements were discussed, including, but not limited to, agendas, minutes, and notes from the meetings.

**RESPONSE:**

**Request No. 58:**

Produce all documents reflecting, referencing, relating to, or forming the basis for Navistar's decision between February 17, 2022 and February 25, 2022 to schedule some of the MY 2023 Tractors intended for Central Transport, LLC for production in June 2022.

**RESPONSE:**

**Request No. 59:**

Produce all documents reflecting, referencing, relating to, or forming the basis for Navistar's decision in early May 2022 to schedule some of the MY 2023 Tractors intended for Central Transport, LLC for production in June 2022 and beyond.

**RESPONSE:**

**Request No. 60:**

Produce all versions of CRC's allocation spreadsheet for RH613 and LT625 production slots from January 1, 2021 to September 30, 2023. (*See* Belisle Dep. 78:10-14.)

**RESPONSE:**

**Request No. 61:**

Produce all documents reflecting, referencing, or relating to Navistar's Used Truck Organization's efforts to sell MY 2018 LT625 and MY 2018 RH613 tractors from January 1, 2022 to the present, including, but not limited to, all listings for those tractors, all advertisements related to those tractors, all communications with potential buyers for those tractors, and all invoices associated with any sales of those tractors.

**RESPONSE:**

**Request No. 62:**

Produce all documents used, relied upon, or referenced by Navistar in responding to GLS's Interrogatory No. 14 to Navistar or that support Navistar's response to Interrogatory No. 14.

**RESPONSE:**

**Request No. 63:**

Produce all documents used, relied upon, or referenced by Navistar in responding to GLS's Interrogatory No. 15 to Navistar or that support Navistar's response to Interrogatory No. 15.

**RESPONSE:**

                                                                                   KIENBAUM HARDY
VIVIANO PELTON & FORREST, P.L.C.:


By:   */s/ Thomas J. Davis*
       Eric J. Pelton (P40635)
       Joseph E. Viviano (P60378)
       Thomas J. Davis (P78626)
       Marianne J. Grano (P82901)
       Lauren Walas (P87669)
Counsel for Plaintiffs
280 N. Old Woodward Ave.
Ste. 400
Birmingham, MI 48009
(248) 645-0000
epelton@khvpf.com
jviviano@khvpf.com
tdavis@khvpf.com
mgrano@khvpf.com
lwalas@khvpf.com

Dated: October 23, 2024

8

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that on October 23, 2024, she caused to be served a copy of Plaintiffs' Third Requests for Production of Documents to Defendant and this Certificate of Service via e-mail and U.S. Mail upon:

      Scott R. Murphy
      Anthony C. Sallah
      Sydney Imes
      Barnes & Thornburg LLP
      171 Monroe Ave., N.W. Ste. 1000
      Grand Rapids, MI 49503
      scott.murphy@btlaw.com
      anthony.sallah@btlaw.com
      sydney.imes@btlaw.com

      */s/ Lauren Walas*
      Lauren Walas