**EXHIBIT 8**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GLS LEASCO, INC. and
CENTRAL TRANSPORT, LLC,

       Plaintiffs,

v.

NAVISTAR, INC.,

       Defendant.

Case No. 23-cv-12927

Hon. Mark A. Goldsmith

Magistrate Judge Anthony P. Patti

## DEFENDANT'S NAVISTAR, INC'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' THIRD REQUESTS FOR PRODUCTION OF DOCUMENTS

Defendant Navistar, Inc. ("Defendant" or "Navistar"), by and through its attorneys, hereby responds to Plaintiffs' Third Requests for Production of Documents to Defendant as follows:

## GENERAL RESPONSES AND OBJECTIONS

To avoid undue and unnecessary repetition, each of the responses below is made subject to and incorporates the following General Responses and Objections:

1.    Navistar objects to each request to the extent that it seeks information that is subject to the attorney-client privilege, the work product privilege, or any other applicable privilege. Navistar will not produce privileged documents or other information. To the extent that any privileged information is inadvertently produced, such production shall not operate as or constitute a waiver of any privilege and, upon notice, the receiving party shall promptly return all such information, however maintained.

2.    Navistar objects to each request to the extent that it fails to describe the documents sought with reasonable particularity, as required by Federal Rules of Civil Procedure. In particular, and by way of example, Navistar objects to requests that seek all documents "relating to" or "related to" a given subject because such requests do not describe with reasonable particularity the documents

requested and improperly call upon Navistar to make legal judgments about which records are and which records are not "related to" the requests.

3.      Navistar's responses are based on and limited to information and documents in its possession, custody, or control. Navistar objects to each request to the extent that it seeks information from persons or entities other than Navistar.

4.      Navistar objects to each request to the extent that it is vague, overbroad, unduly burdensome and/or seeks information that is irrelevant, immaterial or not proportional to the needs of the case.

5.      Navistar reserves the right to introduce or make use of at any hearing and at trial documents or information not known to exist after a reasonable search undertaken to comply with the requests, to make supplemental disclosures and to make any further objections that may become apparent as additional documents and/or information are located during discovery and thereafter.

6.      Navistar's response that it will provide an answer in response to any request for discovery should not be construed as suggesting that information or documents of the type requested exist. The response should only be construed as indicating that Navistar will provide information or produce documents of the type requested if they are in Navistar's possession, custody, or control and are not privileged or otherwise exempt from production.

7.      Navistar objects to each Definition, Instruction, and request to the extent that it seeks to impose a duty or burden upon Navistar that is greater than or different than those imposed by the Federal Rules of Civil Procedure. Navistar assumes no burden greater than or different than those imposed by those Rules.

8.      Navistar objects to each request to the extent that it purports to require the production of information or documents that (i) are already in Plaintiff's possession, custody, or control; (ii) are in the possession, custody, or control of third-parties; (iii) are in the public domain; (iv) are otherwise

as accessible to Plaintiff as they are to Navistar; or (v) can reasonably be obtained more conveniently from a source other than Navistar.

9.      In each and every answer, or subpart thereof, to request where an objection is interposed, the objection shall be construed to preserve all rights to enter similar objections as to any future supplemental answer to such request. Moreover, a failure to object herein shall not constitute a waiver of any objection that may be interposed as to future supplemental answers.

10.      Navistar objects to each request to the extent that it utilizes words or phrases that: (i) assume facts not established; (ii) constitute, form, imply, require or call for a legal conclusion; or (iii) incorporate a characterization based upon a legal conclusion. Furthermore, objection is generally made to each request to the extent that it contains incomplete, inaccurate or misleading descriptions or characterizations of facts, events or pleadings. No response constitutes agreement with, or acceptance of, any such assumption, implication, conclusion, description or characterization.

11.      Navistar objects to producing duplicative or repetitive documents as overly broad, unduly burdensome, and not proportional to the needs of the case. Navistar further objects to creating, for the purposes of this litigation, alternative formats of documents, information or data maintained in a different format in the ordinary course of business.

12.      Navistar objects to providing information or producing documents that contain confidential, sensitive, and proprietary business information, the disclosure of which would be detrimental to Navistar's business interests.

13.      Navistar objects to all requests that seek documents that fail to provide a reasonable timeframe.

## RESPONSES TO REQUESTS TO PRODUCE

**Request No. 46:**  Produce all documents used, relied upon, or referenced by Navistar in responding to GLS's Interrogatory No. 8 to Navistar or that support Navistar's response to Interrogatory No. 8, including, but not limited to, (1) any contracts between Navistar and/or the relevant dealership and the customers related to the manufacture and sale of MY 2023 heavy class tractors and (2) any communications with the customers concerning changes (including reductions) to the number of MY 2023 heavy class tractors that the customer would receive in 2022.

**RESPONSE:** Navistar objects to this request as overly broad and unduly burdensome, in that the request seeks any communications with over thirty customers concerning any change to orders placed through dealerships.  Navistar further objects to this request to the extent it seeks information that is irrelevant and not proportional to the needs of the case and duplicative of prior document requests – Navistar has already produced over 130,000 pages of documents which include, among other things, communications regarding sale of MY 2023 heavy class tractors.  Subject to and without waiving this objection and the foregoing General Objections, Navistar states that it communicated through its dealership network and the only document used, relied upon, or referenced in responding to GLS's Interrogatory No. 8 has already been produced at NAV129816-132014.

**Request No. 47**: Produce all documents used, relied upon, or referenced by Navistar in responding to GLS's Interrogatory No. 9 to Navistar or that support Navistar's response to Interrogatory No. 9, including, but not limited to, (1) any contracts between Navistar and/or the relevant dealership and the customers related to the manufacture and sale of MY 2023 heavy class tractors; and (2) any communications with the customers concerning changes (including reductions) to the number of MY 2023 heavy class tractors that the customer would receive in 2022.

**RESPONSE:** Navistar objects to this request as overly broad and unduly burdensome, in that the request seeks any communications with over thirty customers concerning any change to orders placed through dealerships.  Navistar further objects to this request to the extent it seeks information that is irrelevant and not proportional to the needs of the case and duplicative of prior document requests – Navistar has already produced over 130,000 pages of documents which include, among other things, communications regarding sale of MY 2023 heavy class tractors.  Subject to and without waiving this objection and the foregoing General Objections, Navistar states that it communicated through its dealership network and the only document used, relied upon, or referenced in responding to GLS's Interrogatory No. 9 has already been produced at NAV129816-132014.

**Request No. 48**: Produce all documents used, relied upon, or referenced by Navistar in responding to GLS's Interrogatory No. 10 to Navistar or that support Navistar's response to Interrogatory No. 10, including, but not limited to, (1) any contracts between Navistar and/or the relevant dealership and the customers related to the manufacture and sale of MY 2023 heavy class tractors; and (2) any communications with the customers concerning changes (including reductions) to the number of MY 2023 heavy class tractors that the customer would receive in 2022.

**RESPONSE:** Navistar objects to this request as overly broad and unduly burdensome, in that the request seeks any communications with over thirty customers concerning any change to orders placed through dealerships.  Navistar further objects to this request to the extent it seeks information that is irrelevant and not proportional to the needs of the case and duplicative or prior document requests – Navistar has already produced over 130,000 pages of documents which include, among other things, communications with dealerships regarding the sale of MY 2023 heavy class tractors.  Subject to and without waiving this objection and the foregoing General Objections, Navistar states that it communicated through its dealership network and the only document used, relied upon, or referenced in responding to GLS's Interrogatory No. 10 has already been produced at NAV129816-132014.

**Request No. 49:**  Produce all documents used, relied upon, or referenced by Navistar in responding to GLS's Interrogatory No. 11 to Navistar or that support Navistar's response to Interrogatory No. 11, including, but not limited to, (1) any contracts between Navistar and/or the relevant dealership and the customers related to the manufacture and sale of MY 2023 heavy class tractors; and (2) any communications with the customers concerning changes (including reductions) to the number of MY 2023 heavy class tractors that the customer would receive in 2022.

**RESPONSE:** Navistar objects to this request as overly broad and unduly burdensome, in that the request seeks "all" documents used, relied upon, or referenced and this request is duplicative or prior document requests – Navistar has already produced over 130,000 pages of documents which include, among other things, communications regarding sale of MY 2023 heavy class tractors and changes (including reductions) to the number of MY 2023 heave class tractors available for purchase. Subject to and without waiving this objection and the foregoing General Objections, Navistar states that no documents were used, relied upon, or referenced in responding to GLS's Interrogatory No. 11.

**Request No. 50:** All contracts between Navistar (or a Navistar dealer) and any customers concerning the production and/or delivery of (1) MY 2023 LT625 6x4 tractors or (2) MY 2023 RH613 6x4 tractors.

**RESPONSE: Navistar objects to this request as overly broad and unduly burdensome, in that the request seeks "all" contracts between Navistar *or any* Navistar dealer, and *any* customers concerning two common Navistar tractors. This request also includes no reasonable time frame, further rendering it overbroad and not reasonably calculated to lead to the discovery of relevant, admissible evidence.**

**Request No. 51:** Produce all production reports (see Belisle Dep. 261:7-18) from January 1, 2021 to December 31, 2022.

**RESPONSE: Navistar objects to this request as overly broad and unduly burdensome, in that the request seeks "all" production reports for a two-year time frame. Navistar further objects to the extent this request seeks information that is irrelevant and not proportional to the needs of the case.**

**Request No. 52:** Produce all communications from Navistar to Navistar dealers regarding production slots and/or production capacity from January 1, 2021 to December 31, 2022.

**RESPONSE: Navistar objects to this request as overly broad and unduly burdensome, in that the request seeks "all" communications for a two-year time frame regarding any changes to production slots or capacity with any Navistar dealer. As discovery has shown, Navistar communicated on a daily basis with its dealership network concerning production constraints, supply chain issues, production capacity and impacts on production availability. Navistar further objects to this request as duplicative of prior requests. Navistar has already produced over 130,000 pages of documents which include, among other things, communications with its dealers concerning production capacity during this timeframe.**

**Request No. 53:** Produce all lineset order boards (see, e.g., NAV00132621) for Navistar's Escobedo plant from January 1, 2021 to September 30, 2023.

**RESPONSE:** Navistar objects to this request as overly broad and unduly burdensome, in that the request seeks "all" lineset order boards for nearly a three-year time period. Navistar further objects to this request to the extent it seeks information that is irrelevant and not proportional to the needs of the case. Subject to and without waiving this objection and the foregoing General Objections, Navistar states that it already produced documents related to the order board during the relevant time period.

**Request No. 54:** Produce all non-lineset order boards (see, e.g., NAV00069706) from January 1, 2021 to September 30, 2023 reflecting heavy class tractors to be produced at Navistar's Escobedo plant.

**RESPONSE:** Navistar objects to this request as overly broad and unduly burdensome, in that the request seeks "all" non-lineset order boards for nearly a three-year time period. Navistar further objects to this request to the extent it seeks information that is irrelevant and not proportional to the needs of the case. Subject to and without waiving this objection and the foregoing General Objections, Navistar states that it already produced documents related to the order board during the relevant time period.

**Request No. 55:** Produce all Order and Cancellation Reports (see Belisle Dep. 74:9-20) from January 1, 2021 to June 30, 2022.

**RESPONSE:** Navistar objects to this request as overly broad and unduly burdensome, in that the request seeks "all" Order and Cancellation reports for an eighteen-month time period, with no restrictions on the specific type of Order or Cancellation Reports requested. Navistar further objects to this request to the extent it seeks information that is irrelevant and not proportional to the needs of the case.

**Request No. 56:** Produce all orders submitted by Summit Truck Group and Allegiance Truck Group to Navistar for the tractors that were the subject of the July 2021 and April 2022 Letter Agreements.

**RESPONSE: Navistar objects to this request as overly broad and unduly burdensome, in that it seeks "all" orders submitted. Subject to and without waiving this objection and the foregoing General Objections, Navistar states that it will conduct a reasonably diligent search to determine whether any additional documents responsive to this request and not previously produced are within its possession custody or control.**

**Request No. 57:** Produce all documents reflecting, referencing, or relating to the Deal Council meetings at which the July 2021 and April 2022 Letter Agreements were discussed, including, but not limited to, agendas, minutes, and notes from the meetings.

**RESPONSE: Navistar objects to this request as overly broad and unduly burdensome, in that it seeks a myriad of different types of documents reflecting, referencing, or relating to the Deal Council meetings at which the Letter Agreements were discussed. Subject to and without waiving this objection and the foregoing General Objections, Navistar states that it will conduct a reasonably diligent search to determine whether any additional documents responsive to this request and not previously produced are within its possession custody or control.**

**Request No. 58:** Produce all documents reflecting, referencing, relating to, or forming the basis for Navistar's decision between February 17, 2022 and February 25, 2022 to schedule some of the MY 2023 Tractors intended for Central Transport, LLC for production in June 2022.

**RESPONSE:** Navistar objects to this request to the extent it is vague and ambiguous, in that documents which form the basis for Navistar's decision can be interpreted in multiple ways. Similarly, Navistar objects to this request as overly broad and unduly burdensome in that it seeks "all" documents which relate to the basis for Navistar's decision, which could conceivably encompass a wide variety of documents. Subject to and without waiving this objection and the foregoing General Objections, Navistar states that all non-privileged documents responsive to this request and within Navistar's possession, custody or control have already been produced.

**Request No. 59:** Produce all documents reflecting, referencing, relating to, or forming the basis for Navistar's decision in early May 2022 to schedule some of the MY 2023 Tractors intended for Central Transport, LLC for production in June 2022 and beyond.

**RESPONSE:** Navistar objects to this request to the extent it is vague and ambiguous, in that documents which form the basis for Navistar's decision can be interpreted in multiple ways. Similarly, Navistar objects to this request as overly broad and unduly burdensome in that it seeks "all" documents which relate to the basis for Navistar's decision, which could conceivably encompass a wide variety of documents. Navistar states that all non-privileged documents responsive to this request and within Navistar's possession, custody or control have already been produced.

**Request No. 60:** Produce all versions of CRC's allocation spreadsheet for RH613 and LT625 production slots from January 1, 2021 to September 30, 2023. (See Belisle Dep. 78:10-14.)

**RESPONSE:** Navistar objects to this request as overly broad and unduly burdensome, in that it seeks "all" versions of a spreadsheet for a nearly three-year long time period. Navistar further objects to this request to the extent it seeks information that is irrelevant and not proportional to the needs of the case. The CRC allocation spreadsheet again has no bearing on Plaintiff's underlying contractual claims, nor would the production of all versions of this spreadsheet lead to any admissible, relevant evidence.

**Request No. 61:** Produce all documents reflecting, referencing, or relating to Navistar's Used Truck Organization's efforts to sell MY 2018 LT625 and MY 2018 RH613 tractors from January 1, 2022 to the present, including, but not limited to, all listings for those tractors, all advertisements related to those tractors, all communications with potential buyers for those tractors, and all invoices associated with any sales of those tractors.

**RESPONSE: Navistar objects to this request as overly broad and unduly burdensome, in that it seeks "all" documents related to Navistar's Used Truck Organizations "efforts" to sell the tractors for a nearly three-year long time period. This request also includes "all" listings, advertisements, communications, and invoices, which together comprise a plethora of documents which would be unduly burdensome upon Navistar to produce. Similarly, Navistar further objects to this request to the extent it seeks information that is largely irrelevant and not proportional to the needs of the case.**

**Request No. 62:** Produce all documents used, relied upon, or referenced by Navistar in responding to GLS's Interrogatory No. 14 to Navistar or that support Navistar's response to Interrogatory No. 14.

RESPONSE: Navistar objects to this request as overly broad and unduly burdensome, in that it seeks "all" documents relied upon. Subject to and without waiving this objection and the foregoing General Objections, Navistar states that no documents were used, relied upon, or referenced in responding to GLS's Interrogatory No. 14.

<u>**Request No. 63**</u>: Produce all documents used, relied upon, or referenced by Navistar in responding to GLS's Interrogatory No. 15 to Navistar or that support Navistar's response to Interrogatory No. 15.

RESPONSE: Navistar objects to this request as overly broad and unduly burdensome, in that it seeks "all" documents relied upon. Subject to and without waiving this objection and the foregoing General Objections, Navistar states that no documents were used, relied upon, or referenced in responding to GLS's Interrogatory No. 15.

Dated: November 22, 2024

BARNES & THORNBURG LLP

*/s/ Scott R. Murphy*
Scott R. Murphy (P68015)
Anthony C. Sallah (P84136)
171 Monroe Ave. NW, Suite 1000
Grand Rapids, MI 49503
616-742-3930
smurphy@btlaw.com
asallah@btlaw.com
*Attorneys for Defendant Navistar, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was emailed on November 22, 2024 to the following:

Joseph E. Viviano
Thomas J. Davis
Marianne J. Grano
Lauren Walas
KIENBAUM, HARDY, & VIVIANO,
PELTON & FORREST, P.L.C.
48 South Main Street, Suite 2
Mt. Clemens, MI 48043
(586) 469-1580
jviviano@khvpf.com
tdavis@khvpf.com
mgrano@khvpf.com
lawalas@khvpf.com


BARNES & THORNBURG LLP

By: _/s/ Sydney O. Imes_
    Sydney O. Imes (P86532)
    *Attorneys for Defendant Navistar, Inc.*