**EXHIBIT 9**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GLS LEASCO, INC. and
CENTRAL TRANSPORT, LLC,

       Plaintiffs,                   Case No. 23-cv-12927

v.                                Hon. Mark A. Goldsmith

NAVISTAR, INC.,                 Magistrate Judge Anthony P. Patti

       Defendant.

---

**PLAINTIFFS' RE-NOTICE OF TAKING *VIDEO RECORDED*
RULE 30(B)(6) DEPOSITION OF NAVISTAR, INC.**

PLEASE TAKE NOTICE that, pursuant to Fed. R. Civ. P. 30(b)(6), counsel for Plaintiffs will take the deposition upon oral examination of Navistar, Inc. beginning on **Wednesday, December 4, 2024 at 9:00 a.m. CDT (10:00 a.m. EDT)**, and continuing thereafter from day to day until concluded, at the offices of Thompson Court Reporters, 2020 Calamos Ct., Ste. 200, Naperville, IL 60653.

Pursuant to Fed. R. Civ. P. 30(b)(6), Navistar, Inc. is directed to produce one or more persons at the time and place for the taking of the deposition, who consent to testify on its behalf in regard to the matters set forth in Exhibit A.

The deposition will be recorded by stenographic, audio, and visual means before a person authorized by law to administer oaths.

KIENBAUM HARDY
VIVIANO PELTON & FORREST, P.L.C.:


By:  */s/ Thomas J. Davis*
      Eric J. Pelton (P40635)
      Joseph E. Viviano (P60378)
      Thomas J. Davis (P78626)
      Marianne J. Grano (P82901)
      Lauren Walas (P87669)
Counsel for Plaintiffs
280 N. Old Woodward Ave.
Ste. 400
Birmingham, MI 48009
(248) 645-0000
epelton@khvpf.com
jviviano@khvpf.com
tdavis@khvpf.com
mgrano@khvpf.com
lwalas@khvpf.com

Dated:  November 19, 2024

550999

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned certifies that on November 19, 2024, she caused to be served a copy of Plaintiffs' Re-Notice of Taking Rule 30(b)(6) Deposition of Navistar, Inc. and this Certificate of Service via email and U.S. Mail upon:

Scott R. Murphy
Anthony C. Sallah
Sydney Imes
Barnes & Thornburg LLP
171 Monroe Ave., N.W. Ste. 1000
Grand Rapids, MI 49503
scott.murphy@btlaw.com
anthony.sallah@btlaw.com
sydney.imes@btlaw.com

/s/ *Michelle R. Beveridge*
Michelle R. Beveridge, Legal Assistant
Kienbaum Hardy Viviano Pelton & Forrest, P.L.C.

**EXHIBIT A**

1. Navistar's Integrated Business Planning Management Business Review documents in general, including the specific content of the following documents:

    a. NAV00045205, with respect to discussions of a "methodology for distributing lost production," and details of that purported methodology and the actual methodology ultimately used by Navistar to distribute production in 2022;

    b. NAV00082288; and

    c. NAV00082367.

2. Navistar's "retail sales share target" for 2022 (*see* NAV00085181) including the steps Navistar took to meet that target in 2022.

3. Navistar's allocation of order and production slots for 2022 and/or its customer mix strategy for 2022, including the discussions and meetings mentioned in the following documents:

    a. NAV00041782;

    b. NAV00006726;

    c. NAV00047107; and

    d. NAV00047203.

4. Dan Keyser's proposal regarding allocation and priorities in NAV00073102, including the basis for his proposal and the outcome and implementation of the proposal discussed therein.

5. The October 2021 meeting referenced by Dan Kayser (*see* NAV00060129) and documented by Gary Mascetti (*see* NAV00057540), including specifically the "criteria used to pick customers" and "customer priority" discussed in that meeting.

1

6. Navistar's planning and implementation in late 2021 of an order board reduction for 2022, including:

    a. Chester Ciesielski's role in the decision-making process, including the meaning and understanding of his comments in NAV00058733;

    b. The identities and roles of any other individuals involved in the planning and/or implementation of the order board reduction, including the individuals with ultimate authority to approve the reduction;

    c. The contents of and proposed cuts discussed in NAV00059270, NAV00059273, NAV00059355, NAV00059358, NAV00059368, NAV00059372, NAV00059704, and NAV00059705; and

    d. The actual heavy truck allocation decision(s) made as of December 2021 with respect to the other customers identified in the documents above.

7. The "orderboard overhaul" identified by Carl Webb in NAV00061144, including the "process going forward" as discussed therein.

8. Navistar's ability and decision-making process for reallocating vehicles from other customers or regions – including for purposes of fulfilling its contractual obligations to Plaintiffs and other customers – and its decisions on such reallocation(s), including the specific conversations in the following documents:

    a. NAV00061191;

    b. NAV00061220;

    c. NAV00061235;

    d. NAV00061246;

    e. NAV00061256;

2

    f.  NAV00061265;

    g.  NAV00061275;

    h.  NAV00061334; and

    i.  NAV00066030.

9. Carl Webb's February 3, 2022 statement that Navistar was "in the process of linesetting 900 A26 trucks for… Central Transport for March/April truck production" (*see* NAV00072879) including:

    a.  Webb's basis for making that statement;

    b.  Why the 900 A26 trucks were not lineset for March or April 2021 production as indicated;

    c.  Who decided not to lineset those trucks;

    d.  When the decision was made; and

    e.  Which customers received the 900 A26 trucks referenced therein, instead of Plaintiffs, and when they were built.

10. Carl Webb's involvement in the slotting, linesetting, and/or production of Plaintiffs' trucks in 2022, including his discussions in the following documents:

    a.  NAV00068010;

    b.  NAV00068012;

    c.  NAV00071637;

    d.  NAV00072879;

    e.  NAV00078694;

    f.  NAV00077703;

    g.  NAV00079260;

   h.  NAV00079272;

   i.  NAV00078694; and

   j.  NAV00081900.

11. The 2022 "protected" customers (as discussed in NAV00021310 and NAV0021312),

   including

      a.  The definition of and criteria for a protected customer;

      b.  The result or effect of being a protected customer; and

      c.   The reasons why Plaintiffs were not protected customers but Penske, Rush, and

         Idealease were.

12. Navistar's decision between February 17, 2022 and February 25, 2022 (*compare*

   NAV00016166 *with* NAV00016955) to schedule some of the MY 2023 tractors intended

   for Central Transport, LLC for production in June 2022.

13. Navistar's decision in early May 2022 (*compare* NAV00020436 *with* NAV00020532) to

   schedule hundreds of the MY 2023 tractors intended for Central Transport, LLC for

   production in June 2022 and beyond.

14. Navistar's decision(s) to not build all of the 630 MY 2023 tractors intended for Central

   Transport, LLC by the end of June 2022.

15. Dan Keyser's statements regarding pricing and allocation in NAV00076904, including

   the basis for his assertions and the outcome and implementation of the plans discussed

   therein.

16. The March 2022 Commercial Team Meeting with Goran Nyberg (*see* NAV00077304,

   NAV00077306, and NAV00077312).

4

17. The "New Truck Strategy" discussed in NAV00085988, including the specific comments made therein and the implementation of the strategy.

18. The July 2022 meeting between Navistar and Traton Group (*see* NAV00090857 and NAV00090859), including the plan to increase operating profit as discussed therein.

19. Paul Martin's email (NAV00096725) discussing a forthcoming meeting about "how we came up with our allocations across vehicle centers," the meeting itself, and the reasons why the summary identified therein was not produced in this litigation.

20. The factual basis for Navistar's claim that it did not deliver the MY 2023 Tractors to Plaintiffs by June 2022 because Plaintiffs delayed in ordering them from the dealer.

21. The factual basis for Navistar's claim that Plaintiffs' claims are barred by the doctrine of unclean hands.

22. The factual basis for Navistar's claim that Plaintiffs' claims are barred by waiver.

23. The factual basis for Navistar's claim that Plaintiffs' claims are barred by estoppel.

24. The factual basis for Navistar's claim that Plaintiffs' claims are barred by release.

25. The factual basis for Navistar's claim that Plaintiffs' claims are barred by laches.

26. The factual basis for Navistar's claim that Plaintiffs' claims are barred by novation.

27. The factual basis for Navistar's claim that Plaintiffs' claims are barred by modification.

28. The factual basis for Navistar's claim that Plaintiffs' claims are barred because GLS was the first party to materially breach the April 2022 Letter Agreement.

29. The factual basis for Navistar's claim that Plaintiffs' claims are barred because they have not satisfied the conditions precedent to recovery.

30. The factual basis for Navistar's claim that Plaintiffs' claims are barred by the doctrine of impracticability.

31. The factual basis for Navistar's claim that Plaintiffs' claims are barred by the doctrine of frustration of purpose.

32. The factual basis for Navistar's claim that Plaintiffs' claims are barred because the April 2022 Letter Agreement lacked mutuality of obligation and/or consideration.

33. The factual basis for Navistar's claim that Plaintiffs' claims are barred due to the doctrine of accord and satisfaction.

34. The factual basis for Navistar's claim that Plaintiffs' claims are barred based on the course of dealing between the parties.