

**EXHIBIT 11**

KIENBAUM HARDY VIVIANO PELTON FORREST

Address: 280 N. Old Woodward | 48 S. Main Street
Suite 400 | Suite 2
Birmingham, MI 48009 | Mt. Clemens, MI 48043
Phone: 248.645.0000 | 586.469.1580
Fax: 248.458.4581 | 586.469.1399
Website: khvpf.com

November 27, 2024

**Via Email**

Scott R. Murphy
Barnes & Thornburg LLP
171 Monroe Ave. NW, Suite 1000
Grand Rapids, MI 49503

  Re: GLS Leasco, Inc. and Central Transport LLC v Navistar, Inc.
     Navistar's Response to Third Discovery Requests

Dear Mr. Murphy:

  Navistar's objections to Plaintiffs' third requests for production of documents and third set of interrogatories are not well taken. The responses appear to be part of a continuing attempt to stonewall discovery into Navistar's "impracticability" defense at which most of the third set of discovery is directed.

  Impracticability requires you to show, in the first instance, that an unforeseeable event occurred, that the non-occurrence of the event was a basic assumption underlying the agreement, and the event rendered performance impracticable. We do not believe you can make that showing on this record. Summary judgment may thus be appropriate. In the event the defense is not summarily dismissed, you must also still demonstrate a fair and reasonable allocation of Navistar's production among Navistar's customers. Throughout discovery, Navistar has resisted discovery efforts on this topic starting with witness disclosures, running through evasive answers to deposition questions by witnesses, and in objecting to specific corporate deposition topics. This third set of interrogatories and requests for production go directly and without ambiguity to this defense. Responsive discovery may well also support the fraud claims. And the one answer given—that is, reference to a 2000+ page range of pages (NAV129816 – NAV132014)—further exposes Navistar's evasiveness in revealing the truth of what occurred.

  Interrogatories 8 through 11 and corresponding requests to produce 46 through 49, seek specific information on Navistar's 2022 contractual commitments to customers for the same sort of trucks sold to GLS and the extent to which those commitments were fulfilled. Interrogatory 12 also seeks information concerning Navistar's capacity and assignment of trucks. After dubious objections, Navistar states that the answers to interrogatories 8 through 11 can be gleaned from NAV00129816 – NAV132014. Setting aside for a moment that Navistar has continually refused to produce this list of 2023 trucks in a usable excel format, the information contained in that document falls far short of answering the questions posed in these interrogatories. It merely

November 27, 2024
Page 2

provides the year, make and model of trucks (which is implicit in the interrogatories) and the delivery date and destination. The document does not tell us the total number of tractors Navistar was contractually obligated to build, the dates of the contracts, or the total number of heavy class tractors Navistar was contractually obligated to build, dates and copies of those contracts, total numbers actually built, etc. It also does not designate which customers are considered "small," co-op, or national. Interrogatory 12 is objected to on the basis that Navistar claims not to understand the term "stock." This is, of course, a term frequently utilized at Navistar and as explained in detail at pages 61-63 of Mr. Belisle's deposition. There is nothing vague or ambiguous about it.

Although we do not think there is any merit to the assertion Plaintiffs have exceeded the allowable number of interrogatories, we are willing to withdraw interrogatory 14. That leaves 15 to be answered. Interrogatory 15, of course, goes directly to the issues highlighted above concerning your impracticability defense and must be answered.

With respect to the remaining requests for production, we emphasize the following:

Request 51 seeks production reports. While "all" production reports for a two-year timeframe might be overbroad, the request specifically references the type of production report described by Belisle at page 262: lines 7-18 of his deposition. He even identifies Wayne Harvey as being the person who would have copies of this particular report, which appears to have been monthly and shared at MBR meetings.

Request 52: We are seeking documents reflecting either (1) claims that Navistar had reached full capacity, closing the order board, etc.; and (2) communications regarding the same sort of things Navistar was telling GLS/Central that it could only produce a limited number of trucks for GLS/Central, it had supply constraints, etc. We can limit the end date to June 1, 2022.

Requests 53 – 54: You indicate that the line-set and non-line set order board documents have already been produced; this does not appear to be the case. It appears we have only received a limited set of these, including none after April 4, 2022 (*see* NAV00133099 and attachments) and—apparently—only when they happened to be included in an email. If you disagree, identify what documents by control number.

Request 55: You object to "all" order and cancellation reports suggesting as burdensome. But the request is specifically restricted by Belisle's deposition testimony, which should sufficiently narrow the request.

Requests 56 and 57: Please state a timeframe for the production of these responsive documents.

Requests 58 and 59: Again, these documents do not appear to have been produced. A mere reference to the entire production, without more, is insufficient. Identify by control number the purportedly responsive documents.

November 27, 2024
Page 3

Request 60: The suggestion that the CRC allocation worksheets are not relevant is utterly meritless. Belisle testified that these sheets reflect how customer orders were chronologically slotted on the order board. This case involves Navistar's failure to provide trucks on a specified timeframe, and documentation reflecting the order in which trucks were slotted—ordering that led to *other* customers receiving trucks rather than Plaintiffs during the contractually-relevant time frame—is plainly relevant. Indeed, it goes to the core claim in the case. We are willing, however, to narrow the request to change the start date to August 1, 2021 (coinciding with the first month that Plaintiffs' 1305-truck order should have been slotted).

Requests 61 and 62: We will withdraw this request along with interrogatory 14.

Request 63 goes with interrogatory 15 and must be responded to.

We would like to schedule a time for a meet-and-confer on Friday or, if necessary, next Monday. Unless we can come to agreement, we intend to file a motion to compel or, in the alternative, strike the impracticability defense.

Very truly yours,

Eric J. Pelton

EJP/mrb

cc:  Anthony C. Sallah
     Sydney O. Imes
     Thomas J. Davis
     Lauren J. Walas

550140