**EXHIBIT 12**

| | |
|---|---|
| **From:** | Murphy, Scott |
| **To:** | Eric Pelton |
| **Cc:** | Vander Kooy, Sophia; Thomas Davis; Lauren Walas; Sallah, Anthony |
| **Subject:** | RE: discovery |
| **Date:** | Wednesday, January 8, 2025 3:35:20 PM |
| **Attachments:** | image010.png |
| | image001.png |
| | image004.png |
| | image005.png |
| | image006.png |
| | image008.png |
| | inky-injection-inliner-378a3dfdaa58fddbaa4a2cb78946f294.png |

External (scott.murphy@btlaw.com) 

Report This Email  FAQ  Protection by INKY

Eric –

Following up on a few items from Anthony's email below.

First, we have located the MBR report you requested and are in the process of loading and processing it for production.

We have also requested from Navistar the "order and cancellation report" you referred to in your discovery letter and as referenced in Mark Belisle's deposition. The Navistar representative who would control a document like this has been out of the office so we don't anticipate having an answer until early next week and will follow up. If this document category exists and is responsive, we will produce it, although I anticipate that we will need to confer on the time period for Plaintiffs' RFP No. 55 (to which this document relates according to your letter) as it is clearly overbroad. The same is true for the "allocation spreadsheet" you asked for as referenced in Mark's deposition, as well as the category of information referenced in the first paragraph of my email below – we expect to know more early next week.

As for the CCO/CSA meeting minutes you requested as referenced in Kerri Podewell's deposition, there are no additional responsive meeting minutes. All responsive CCO/CSA meeting minutes have been produced.

Lastly, we need to schedule expert depositions and the deposition of Plaintiffs' Rule 30(b)(6) witness on litigation hold. Please let us know if Mr. Kahaian and the litigation hold witness are available during the weeks of February 3 and February 10, 2025.  We will reach out to Mr. Hosfield and ask for available dates as well.

Best regards,

Scott

**Scott Murphy** | Partner
Barnes & Thornburg LLP

171 Monroe Avenue N.W. Suite 1000, Grand Rapids, MI 49503
Direct: (616) 742-3938 | Mobile: (616) 560-4959



Atlanta | Boston | California | Chicago | Delaware | Indiana | Michigan | Minneapolis | Nashville | New Jersey
New York | Ohio | Philadelphia | Raleigh | Salt Lake City | South Florida | Texas | Washington, D.C.

Visit our Subscription Center to sign up for legal insights and events.

**From:** Sallah, Anthony <Anthony.Sallah@btlaw.com>
**Sent:** Monday, December 23, 2024 6:03 PM
**To:** Eric Pelton <epelton@khvpf.com>; Murphy, Scott <Scott.Murphy@btlaw.com>
**Cc:** Vander Kooy, Sophia <Sophia.VanderKooy@btlaw.com>; Thomas Davis <tdavis@khvpf.com>; Lauren Walas <lwalas@khvpf.com>
**Subject:** RE: discovery

Eric –

We have been able to speak with our client. At a high level, the client is investigating whether the data you are asking for – which includes "the total number of tractors Navistar was contractually obligated to build and the dates of those contracts" – even exists in the ordinary course. If the data, or something similar, exists and the collection is proportional, we won't object to supplementing our production. But as of now, we don't know whether the specific information you are requesting is available. And as we have noted during our calls, Navistar has already produced a significant amount of information and testimony concerning its allocation of production slots in light of lost production capacity.

Just so you know, Navistar (as is true for most OEMs) essentially shuts down the last two weeks of the year and none of the personnel we need to work with were in the office last week or this week. So this is not something that we expect to have an answer on by the end of the year. But we will continue to work with Navistar and will communicate with you as to status when we can after January 1.

We are also running searches for the order reports that you referred to from Mark Belisle's deposition to see if those documents actually exist. If they are responsive, we will produce them. The same is true for the meeting notes referenced/introduced at Kerri Podewell's deposition. As to the latter set of documents, I'll note that we produced several of those meeting notes using our search terms, where Central was discussed. I anticipate that others were not produced because Central was not mentioned, and we will not be producing non-responsive documents. I do not know one way or the other, and won't know until we are able to review those documents. They have been collected.

I think this addresses the large majority of what we discussed on our call. We should have more information next week as to some items, and then more information after January 1.

-Anthony

**Anthony Sallah** | Partner
Direct: (616) 742-3976 | Mobile: (419) 410-8525
Grand Rapids, MI



---

**From:** Eric Pelton <epelton@khvpf.com>
**Sent:** Friday, December 20, 2024 6:13 PM
**To:** Murphy, Scott <Scott.Murphy@btlaw.com>; Sallah, Anthony <Anthony.Sallah@btlaw.com>
**Cc:** Vander Kooy, Sophia <Sophia.VanderKooy@btlaw.com>; Thomas Davis <tdavis@khvpf.com>; Lauren Walas <lwalas@khvpf.com>
**Subject:** [EXTERNAL] RE: discovery

**Caution: This email originated from outside the Firm.**

What is the status? We need to schedule a call. Otherwise, a motion will be forthcoming.

To further this along, we have attached the excel spreadsheet of 2022 truck sales to include columns for the additional information we will need. Does this work for your client? One other thought in light of your objection that it will be a lot of work: If we can agree on the information you will be providing, we can hold off having you do that until after SJ motions are decided. If your impossibility defense goes away, we won't need it.

Let find time on Monday to discuss.

---

**From:** Eric Pelton
**Sent:** Thursday, December 19, 2024 10:08 AM
**To:** 'Murphy, Scott' <Scott.Murphy@btlaw.com>; 'Sallah, Anthony' <Anthony.Sallah@btlaw.com>
**Cc:** 'sophia.vanderkooy@btlaw.com' <sophia.vanderkooy@btlaw.com>; Thomas Davis <tdavis@khvpf.com>; Lauren Walas <lwalas@khvpf.com>
**Subject:** RE: discovery

What is the status of your objections? Over a week has passed, so we hope you have discussed these issues and possible solutions with your client. Can we schedule a call today to discuss where we stand on these issues and discuss the mediation process?

Thanks,

Eric J. Pelton

Kienbaum Hardy Viviano Pelton & Forrest, P.L.C.

280 N. Old Woodward Ave., Suite 400

Birmingham, MI  48009

(248)645-0000

This communication may contain confidential or legally privileged information.  If you believe you have received it in error, please notify the sender immediately and delete this message without copying or disclosing it.

---

**From:** Eric Pelton
**Sent:** Thursday, December 12, 2024 10:41 AM
**To:** Murphy, Scott <Scott.Murphy@btlaw.com>; Sallah, Anthony <Anthony.Sallah@btlaw.com>
**Cc:** sophia.vanderkooy@btlaw.com; Thomas Davis <tdavis@khvpf.com>; Lauren Walas <lwalas@khvpf.com>
**Subject:** discovery

Scott and Anthony,

Thank you for taking time out of your legal conference to meet and confer with us over our discovery deficiency letters of December 4 and November 27. We are, however, disappointed with the outcome of that discussion.

Initially, we again explained, as we did in the November 27 letter, that much of this discovery goes to the issue of Navistar's impracticability defense. That is, Navistar must demonstrate that not only did it have an unforeseen contingency making performance impracticable, it must show that it made a "fair and reasonable allocation" of the partially-available production among contracted customers and "regular customers not then under contract." MCL 440.2615. As discussed, the prior listing of trucks delivered to customers does not include the necessary information, which should also include the total number of tractors Navistar was contractually obligated to build and the dates of those contracts. We also need information on the stock allocations, insofar as Navistar plainly made allocations to customers not under contract as well, and thus are part of the defense. You've stated that it would be tremendously voluminous to try to gather all of the contracts and related materials,

but that you would discuss with your client putting together extra columns on the existing listing of delivered trucks (NAV129816 – NAV132014). Please advise as soon as possible whether this will be something you will agree to. We will then need to discuss what backup document review went into that listing.

We discussed the limitations that we had attempted to place on the remaining requests at issue, which you have claimed are too broad, again as set forth in the November 27 letter. We also provided guidance on where we thought you might find some of the information, such as requests 53 and 54 that came out of the corporate deposition and the deposition of Kerri Podewell. You have also insisted that you believed a number of documents have already been produced. For example, requests 58 and 59. But we pointed out that while we located March and April data, there was nothing in prior productions for February and May. Again, Carl Webb testified on behalf of the corporation that he though Teresa Magdelena would have the information from the specific systems referenced.

With respect to the December 4 letter, Tom walked you through our reasoning for the information we have requested and provided guidance, based on the testimony of Podewell and Webb where this information can be found.

You stated that you would not be able to get back to us until next week given your out of town conference, summary judgment deadline of Friday, and other pressing matters. We will hold off on a motion to compel, but expect a prompt response next week as to your willingness to supplement per our discussion and where you may end up standing on your current objections.

Eric J. Pelton

Kienbaum Hardy Viviano Pelton & Forrest, P.L.C.

280 N. Old Woodward Ave., Suite 400

Birmingham, MI  48009

(248)645-0000

This communication may contain confidential or legally privileged information.  If you believe you have received it in error, please notify the sender immediately and delete this message without copying or disclosing it.

**CONFIDENTIALITY NOTICE:** This email and any attachments are for the exclusive and confidential use of the intended recipient. If you are not the intended recipient, please do not read, distribute or take action in reliance upon this message. If you have received this in error, please notify us immediately by return email and promptly delete this message and its attachments from your computer system. We do not waive attorney-client or work product privilege by the transmission of this message.