# EXHIBIT B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GLS LEASCO, INC., and
CENTRAL TRANSPORT, LLC,

    Plaintiffs,

v.

NAVISTAR, INC.

    Defendant.

Case No. 23-cv-12927

Hon. Mark A. Goldsmith

Magistrate Judge Anthony P. Patti

## DEFENDANT NAVISTAR, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' SECOND REQUESTS FOR PRODUCTION OF DOCUMENTS

Defendant, Navistar, Inc., by and through its attorneys, hereby responds to Plaintiffs' Second Requests for Production of Documents to Defendant as follows:

## GENERAL RESPONSES AND OBJECTIONS

To avoid undue and unnecessary repetition, each of the responses below is made subject to and incorporates the following General Responses and Objections:

1.    Navistar objects to each request to the extent that it seeks information that is subject to the attorney-client privilege, the work product privilege, or any other applicable privilege. Navistar will not produce privileged documents or other information. To the extent that any privileged information is inadvertently produced, such production shall not operate as or constitute a waiver of any privilege and, upon notice, the receiving party shall promptly return all such information, however maintained.

2.    Navistar objects to each request to the extent that it fails to describe the documents sought with reasonable particularity, as required by Federal Rules of Civil Procedure. In particular, and by way of example, Navistar objects to requests that seek all documents "relating to" or "related to" a given subject because such requests do not describe with reasonable particularity the documents

43745336.1

requested and improperly call upon Navistar to make legal judgments about which records are and which records are not "related to" the requests.

3. Navistar's responses are based on and limited to information and documents in its possession, custody, or control. Navistar objects to each request to the extent that it seeks information from persons or entities other than Navistar.

4. Navistar objects to each request to the extent that it is vague, overbroad, unduly burdensome and/or seeks information that is irrelevant, immaterial or not proportional to the needs of the case.

5. Navistar reserves the right to introduce or make use of at any hearing and at trial documents or information not known to exist after a reasonable search undertaken to comply with the requests, to make supplemental disclosures and to make any further objections that may become apparent as additional documents and/or information are located during discovery and thereafter.

6. Navistar's response that it will provide an answer in response to any request for discovery should not be construed as suggesting that information or documents of the type requested exist. The response should only be construed as indicating that Navistar will provide information or produce documents of the type requested if they are in Navistar's possession, custody, or control and are not privileged or otherwise exempt from production.

7. Navistar objects to each Definition, Instruction, and request to the extent that it seeks to impose a duty or burden upon Navistar that is greater than or different than those imposed by the Federal Rules of Civil Procedure. Navistar assumes no burden greater than or different than those imposed by those Rules.

8. Navistar objects to each request to the extent that it purports to require the production of information or documents that (i) are already in Plaintiff's possession, custody, or control; (ii) are in the possession, custody, or control of third-parties; (iii) are in the public domain; (iv) are otherwise

as accessible to Plaintiff as they are to Navistar; or (v) can reasonably be obtained more conveniently from a source other than Navistar.

9. In each and every answer, or subpart thereof, to request where an objection is interposed, the objection shall be construed to preserve all rights to enter similar objections as to any future supplemental answer to such request. Moreover, a failure to object herein shall not constitute a waiver of any objection that may be interposed as to future supplemental answers.

10. Navistar objects to each request to the extent that it utilizes words or phrases that: (i) assume facts not established; (ii) constitute, form, imply, require or call for a legal conclusion; or (iii) incorporate a characterization based upon a legal conclusion. Furthermore, objection is generally made to each request to the extent that it contains incomplete, inaccurate or misleading descriptions or characterizations of facts, events or pleadings. No response constitutes agreement with, or acceptance of, any such assumption, implication, conclusion, description or characterization.

11. Navistar objects to producing duplicative or repetitive documents as overly broad, unduly burdensome, and not proportional to the needs of the case. Navistar further objects to creating, for the purposes of this litigation, alternative formats of documents, information or data maintained in a different format in the ordinary course of business.

12. Navistar objects to providing information or producing documents that contain confidential, sensitive, and proprietary business information, the disclosure of which would be detrimental to Navistar's business interests.

13. Navistar objects to all requests that seek documents that fail to provide a reasonable timeframe.

## REQUESTS TO PRODUCE

**REQUEST NO. 42:** Provide documents sufficient to describe what is referred to as the "order board" at Navistar *(see, e.g.,* NAV000026603) and how it is used, including all manuals, guidebooks, or other instructional or training materials in use from 2021 through 2023.

**RESPONSE:** Navistar objects to this request on the basis that it is vague, ambiguous, and subject to multiple interpretations, including seeking to have Navistar produce documents that "describe" other documents already produced by Navistar in this action. Navistar additionally objects as overly broad and unduly burdensome, in that the request seeks "all" such referenced documents. Navistar further objects as seeking information that is irrelevant and not proportional to the needs of the case. Subject to and without waiving this objection and the foregoing General Objections, Navistar states that it is not aware of any manuals, guidebooks or similar documents regarding the "order board"

**REQUEST NO. 43:** Provide documents sufficient to explain what "SPA" means and to describe the SPAs that applied to Navistar's sales of 2023 International RH and LT tractors to GLS.

**RESPONSE:** Navistar objects to this request on the basis that it is vague, ambiguous, and subject to multiple interpretations, including seeking to have Navistar produce documents that "explain" other documents already produced by Navistar in this action. Navistar additionally objects as overly broad, unduly burdensome, and as seeking information that is irrelevant and not proportional to the needs of the case. Subject to and without waiving this objection and the foregoing General Objections, Navistar states that SPA means Special Pricing Allowance and relates to the percentage discount offered to certain customers.

**REQUEST NO. 44:** Provide documents sufficient to explain the process by which third parties (including but not limited to dealers) order vehicles from Navistar and/or request changes to

4

the order board, including all manuals, guidebooks, or other instructional or training materials in use from 2021 through 2023.

**RESPONSE:** Navistar objects to this request on the basis that it is vague, ambiguous, and subject to multiple interpretations. Navistar additionally objects as overly broad, unduly burdensome, and as seeking information that is irrelevant and not proportional to the needs of the case. Subject to and without waiving this objection and the foregoing General Objections, Navistar states that it will conduct a reasonably diligent search to determine whether any documents responsive to this request are within its possession custody or control.

**REQUEST NO. 45:**  Provide documents sufficient to explain the meaning of all "Steps" in the Navistar ordering and/or manufacturing process, including but not limited to, Steps 3, 21, 28, and 34 as referenced in Exhibit A attached hereto.

**RESPONSE:** Navistar objects to this request on the basis that it is vague, ambiguous, and subject to multiple interpretations. Navistar additionally objects as overly broad, unduly burdensome, and as seeking information that is irrelevant and not proportional to the needs of the case. Subject to and without waiving this objection and the foregoing General Objections, Navistar states that it will conduct a reasonably diligent search to determine whether any documents responsive to this request are within its possession custody or control.

Dated:  August 2, 2024					BARNES & THORNBURG LLP

*/s/ Scott R. Murphy*
Scott R. Murphy (P68015)
Anthony C. Sallah (P84136)
171 Monroe Ave. NW, Suite 1000
Grand Rapids, MI 49503
616-742-3930
smurphy@btlaw.com
asallah@btlaw.com
*Attorneys for Defendant*

5

## CERTIFICATE OF SERVICE

      The undersigned certifies that the foregoing document was e-mailed and mailed on August 2, 2024 to the following:

Joseph E. Viviano (P60378)
Thomas J. Davis (P78626)
Marianne J. Grano (P82901)
KIENBAUM, HARDY, VIVIANO,
PELTON & FORREST, P.L.C.
48 South Main Street, Suite 2
Mt. Clemens, MI  48043
(586) 469-1580
jviviano@khvpf.com
tdavis@khvpf.com
mgrano@khvpf.com
*Counsel for Plaintiff*

                                       */s/ Scott R. Murphy*
                                       Scott Murphy (P68015)
                                       *Counsel for Defendant Navistar Inc.*