# EXHIBIT D

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GLS LEASCO, INC. and
CENTRAL TRANSPORT, LLC,

      Plaintiffs,

v.

NAVISTAR, INC.,

      Defendant.

Case No. 23-cv-12927

Hon. Mark A. Goldsmith

Magistrate Judge Anthony P. Patti

## NAVISTAR INC.'S ANSWERS AND OBJECTIONS TO PLAINTIFF GLS LEASCO, INC.'S THIRD SET OF INTERROGATORIES TO DEFENDANT

Defendant Navistar, Inc. ("Navistar" or "Defendant") hereby provides its Answers and Objections to Plaintiff GLS Leasco, Inc.'s ("GLS" or "Plaintiff") Third Set of Interrogatories (the "Requests") and states as follows:

## GENERAL ANSWERS AND OBJECTIONS

To avoid undue and unnecessary repetition, each of the answers below is made subject to and incorporates the following General Answers and Objections.

1. Navistar objects to each interrogatory to the extent it seeks information subject to the attorney-client privilege, the work product privilege, or any other applicable privilege. Navistar will not produce privileged documents or other information. To the extent that any privileged information is inadvertently produced, such production shall not operate as or constitute a waiver of any privilege.

2. Navistar objects to each interrogatory to the extent that it fails to describe the information sought with reasonable particularity, as required by the Federal Rules of Civil Procedure.

3.      Navistar's answers are based on and limited to information and documents in its possession, custody, or control. Navistar objects to each interrogatory to the extent that it seeks information from persons or entities other than Navistar.

4.      Navistar objects to each request to the extent that it is vague, overbroad, unduly burdensome and/or seeks information that is irrelevant, immaterial, or not proportional to the needs of the case.

5.      Navistar reserves the right to introduce or make use of at any hearing and at trial documents or information not known to exist after a reasonable search undertaken to comply with the requests, to make supplemental disclosures, and to make further objections that may become apparent as additional documents and/or information are located during discovery and thereafter.

6.      Navistar's answer that it will provide an answer in response to any interrogatory should not be construed as suggesting that information or documents of the type requested exist. The answer should only be construed as indicating that Navistar will provide information or produce documents of the type requested if they are in Navistar's possession, custody, or control and are not privileged or otherwise exempt from production.

7.      Navistar objects to each interrogatory to the extent it seeks to impose a duty or burden upon Navistar that is greater than or different than those imposed by the Federal Rules of Civil Procedure. Navistar assumes no burden greater than or different than those imposed by those Rules.

8.      Navistar objects to each interrogatory to the extent that it purports to require information that (i) is already in Plaintiff's possession, custody, or control; (ii) is in the possession, custody, or control of third parties; (iii) is in the public domain; (iv) is otherwise as accessible to

Plaintiff as they are to Navistar; or (v) can reasonably be obtained more conveniently from a source other than Navistar.

9.      In each and every answer, or subpart thereof, to an interrogatory where an objection is interposed, the objection shall be construed to preserve all rights to enter similar objections as to any future supplemental answers to such interrogatory. Moreover, a failure to object shall not constitute a waiver of any objection that may be interposed to future supplemental answers.

10.      Navistar objects to each interrogatory to the extent that it utilizes words or phrases that: (i) assume facts not established; (ii) constitute, form, imply, require or call for a legal conclusion; or (iii) incorporate a characterization based upon a legal conclusion. Furthermore, objection is generally made to each interrogatory to the extent that it contains incomplete, inaccurate, or misleading descriptions or characterizations of facts, events, or pleadings. No response constitutes agreement with, or acceptance of, any such assumption, implication, conclusion, description, or characterization.

11.      Navistar objects to providing information that contains confidential, sensitive, and proprietary business information, the disclosure of which would be detrimental to Navistar's business interests.

12.      Navistar objects to the extent Plaintiff has exceeded the amount of interrogatories allowed under Federal Rule of Civil Produce ("FRCP") 31(a)(1). FRCP 31(a)(1) allows a total of twenty-five interrogatories. Plaintiff GLS served seven interrogatories total in their first and second sets of interrogatories. In this third set of interrogatories, Plaintiff often lists a haphazard set of subparts under singular interrogatories. However, if a subpart to an interrogatory "can stand alone, independent of the first question, then it is discrete" and should be counted as a separate interrogatory. *See Gray v. Price*, No. CV 19-10383, 2020 WL 12721645, at *1 (E.D. Mich. Feb. 12, 2020); *see also United*

*States v. EES Coke Battery, LLC*, No. 22-11191, 2024 WL 3262593, at *3 (E.D. Mich. July 1, 2024). Here, Plaintiff's eighth interrogatory comprises three discrete interrogatories, Plaintiff's ninth interrogatory comprises seven discrete interrogatories, Plaintiff's tenth interrogatory comprises seven discrete interrogatories, and Plaintiff's eleventh interrogatory comprises seven discrete interrogatories. This brings Plaintiff over the applicable limit beginning at the eleventh interrogatory. Navistar objects to answering any interrogatory that supersedes the limit allowed by the Federal Rules of Civil Procedure.

## ANSWERS AND OBJECTIONS TO INTERROGATORIES

8. For each of the customers identified for the Vehicle Class ("VC") of Heavy ("HVY") on NAV00051498 ("SW Dealer Placeholder Customer List 19Aug2021 (004).xlsx"), please state the following:

      a. The total number of tractors that Navistar was contractually obligated to build for that customer in 2022;

      b. The date that Navistar signed the contract(s) that required it to build tractors for that customer in 2022;

      c. The total number of tractors that Navistar actually built for that customer in 2022.

**ANSWER: Navistar objects to this interrogatory on the basis that it seeks information that is irrelevant and not proportional to the needs of the case. NAV00051498 is a lengthy spreadsheet attached to an email dated August 27, 2021 (NAV00051496) concerning preliminary customer placeholders for the southwest region, well before the April 2022 Letter Agreement was negotiated and signed. Plaintiff was not even a part of the southwest region**

4

in August of 2021. This spreadsheet also contains information related to other customers and dealerships that have no relation to Plaintiff's breach of contract claims.

Navistar further objects to this interrogatory as overly broad and unduly burdensome, in that this interrogatory seeks information spanning an entire year for roughly thirty different customers. Navistar additionally objects to this interrogatory as vague and ambiguous, as some of the items in the column "customer/deal" of NAV00051498 are crossed out, and it is unclear whether these are also "customer/deal[s]" for which Plaintiff seeks information. In addition, Navistar sells its tractors through dealerships, not directly to customers as inferred by this interrogatory. *See* Transcript of David Brown (10/9/24), 18:1-7; 46:23-47:1; 83:4-14; 98:5-11; 126:5-8; 145:13-20.

Subject to and without waiving these objections or the foregoing General Objections, Navistar states that it previously produced the total number of tractors actually built for each customer in 2022 and the answer to this interrogatory may be derived from reviewing the information compiled in NAV129816-NAV132014. *See* Rule 33(d), Fed. R. Civ. P. 33(d).

9.     For each of the customers listed in the "Heavy" tab of NAV00133058 ("CY 22 Cornerstone Customers – Feedback v3.xlsx"), please state the following:

      a.     The total number of tractors that Navistar was contractually obligated to build for that customer in 2022;

      b.     The date that Navistar signed the contract(s) that required it to build tractors for that customer in 2022;

      c.     The total number of tractors that Navistar actually built for that customer in 2022;

d.  The total number of LT625 6x4 tractors that Navistar was contractually obligated to build for that customer from January 2022 through June 2022;

e.  The total number of RH613 6x4 tractors that Navistar was contractually obligated to build for that customer from January 2022 through June 2022;

f.  The total number of LT625 6x4 tractors that Navistar actually built for that customer from January 2022 through June 2022; and

g.  The total number of RH613 6x4 tractors that Navistar actually built for that customer from January 2022 through June 2022.

**ANSWER:** **Navistar objects to this interrogatory on the basis that it seeks information that is irrelevant and not proportional to the needs of the case. Specifically, this interrogatory requests a broad array of information pertaining to customers other than Plaintiffs and, therefore, is not relevant to Plaintiffs' claims. Navistar further objects to this interrogatory as overly broad and unduly burdensome, in that this interrogatory requests specific transactional information for the manufacture of each and every tractor by Navistar to over forty different customers. Lastly, as explained above, Navistar receives orders to build tractors from dealerships, and Navistar already produced information reflecting the total number of tractors built for each customer/dealer in 2022. *See* Transcript of David Brown (10/9/24), 18:1-7; 46:23-47:1; 83:4-14; 98:5-11; 126:5-8; 145:13-20.**

**Subject to and without waiving these objections or the foregoing General Objections, Navistar states that it previously produced the total number of tractors actually built for each customer in 2022 and the answer to this interrogatory may be derived from reviewing the information compiled in NAV129816-NAV132014. *See* Rule 33(d), Fed. R. Civ. P. 33(d).**

6

10.     To the extent not already identified in Navistar's answers to Interrogatory Nos. 8 and 9, for each of Navistar's co-op or national account customers of heavy tractors, please state the following:

    a.    The total number of heavy class tractors that Navistar was contractually obligated to build for that customer in 2022;

    b.    The date that Navistar signed the contract(s) that required it to build heavy class tractors for that customer in 2022;

    c.    The total number of heavy class tractors that Navistar actually built for that customer in 2022;

    d.    The total number of LT625 6x4 tractors that Navistar was contractually obligated to build for that customer from January 2022 through June 2022;

    e.    The total number of RH613 6x4 tractors that Navistar was contractually obligated to build for that customer from January 2022 through June 2022;

    f.    The total number of LT625 6x4 tractors that Navistar actually built for that customer from January 2022 through June 2022; and

    g.    The total number of RH613 6x4 tractors that Navistar actually built for that customer from January 2022 through June 2022.

**ANSWER:** **Navistar objects to this interrogatory on the basis that it seeks information that is irrelevant and not proportional to the needs of the case and duplicative of the prior interrogatory requests. Subject to and without waiving the foregoing objections or the general objections, Navistar incorporates by reference its answers to Interrogatory No.'s 8-9.**

11.    For each of Navistar's "small" customers, as Mark Belisle defined that term at his deposition (see Belisle Dep. 54:3-9, 64:21-65:1), please state the following:

    a.    The total number of heavy class tractors that Navistar was contractually obligated to build for that customer in 2022;

    b.    The date that Navistar signed the contract(s) that required it to build heavy class tractors for that customer in 2022;

    c.    The total number of heavy class tractors that Navistar actually built for that customer in 2022;

    d.    The total number of LT625 6x4 tractors that Navistar was contractually obligated to build for that customer from January 2022 through June 2022;

    e.    The total number of RH613 6x4 tractors that Navistar was contractually obligated to build for that customer from January 2022 through June 2022;

    f.    The total number of LT625 6x4 tractors that Navistar actually built for that customer from January 2022 through June 2022; and

    g.    The total number of RH613 6x4 tractors that Navistar actually built for that customer from January 2022 through June 2022.

**ANSWER:    Navistar objects as Plaintiff has exceeded the amount of interrogatories allowed under FRCP 31(a)(1). Plaintiff served seven interrogatories total in their first and second sets of interrogatories. In this third set of interrogatories, Plaintiff lists a haphazard set of subparts under each singular interrogatory. However, if a subpart to an interrogatory "can stand alone, independent of the first question, then it is discrete" and should be counted as a separate interrogatory. *See Gray v. Price*, No. CV 19-10383, 2020 WL 12721645, at \*1 (E.D.**

Mich. Feb. 12, 2020); *see also United States v. EES Coke Battery, LLC*, No. 22-11191, 2024 WL 3262593, at *3 (E.D. Mich. July 1, 2024). Here, Plaintiff's eighth interrogatory comprises three discrete interrogatories, Plaintiff's ninth interrogatory comprises seven discrete interrogatories, Plaintiff's tenth interrogatory comprises seven discrete interrogatories, and Plaintiff's eleventh interrogatory comprises seven discrete interrogatories. This brings Plaintiff over the applicable limit, and Navistar objects to answering any interrogatory that exceeds the limit allowed by the Federal Rules of Civil Procedure.

Navistar additionally objects to this interrogatory on the basis that it seeks information that is irrelevant and not proportional to the needs of the case. This interrogatory is irrelevant in that it seeks information which has no bearing on Plaintiff's underlying contractual claims in this action. Navistar further objects to this interrogatory as overly broad and unduly burdensome, in that it seeks a wide variety of information regarding an array of other "small" customers throughout a six-month span or even a year-long span of time.

Lastly, as explained above, Navistar receives orders to build tractors from dealerships, and Navistar already produced information reflecting the total number of tractors build for each small customer in 2022. *See* Transcript of David Brown (10/9/24), 18:1-7; 46:23-47:1; 83:4-14; 98:5-11; 126:5-8; 145:13-20.

Subject to and without waiving these objections or the foregoing General Objections, Navistar states that it previously produced the total number of tractors actually built for each customer in 2022 and the answer to this interrogatory may be derived from reviewing the information compiled in NAV129816-NAV132014. *See* Rule 33(d), Fed. R. Civ. P. 33(d).

12.     For each month in 2022, please state the following:

    a.      the total number of heavy class tractors that Navistar built as stock;

    b.      the total number of LT625 6x4 tractors that Navistar built as stock; and

    c.      the total number of RH613 6x4 tractors that Navistar built as stock.

**ANSWER:** **Navistar objects as Plaintiff has exceeded the amount of interrogatories allowed under FRCP 31(a)(1).** *See Gray v. Price*, **No. CV 19-10383, 2020 WL 12721645, at \*1 (E.D. Mich. Feb. 12, 2020);** *see also United States v. EES Coke Battery, LLC*, **No. 22-11191, 2024 WL 3262593, at \*3 (E.D. Mich. July 1, 2024). Navistar objects to answering any interrogatory that exceeds the limit allowed by the Federal Rules of Civil Procedure.**

**Navistar additionally objects to this interrogatory on the basis that it seeks information that is irrelevant and not proportional to the needs of the case. This interrogatory is irrelevant in that the quantity of tractors built as "stock" has no bearing on Plaintiff's underlying breach of contract claims in this Action. Navistar additionally objects to this interrogatory as vague and ambiguous, as it is unclear what is meant by "stock" which was built by Navistar.**

13.    For each of the orders submitted by Summit Truck Group and/or Allegiance Truck Group on behalf of Plaintiffs in 2021 and 2022, please identify (1) the date on which the tractors in that order were originally scheduled to begin production; (2) whether that date ever changed; and (3) for each instance in which that date changed, (a) the date that it was changed; (b) the date to which it was changed; (c) the individual who made the decision to change the date; and (d) the reason for the change.

**ANSWER:** **Navistar objects as Plaintiff has exceeded the amount of interrogatories allowed under FRCP 31(a)(1).** *See Gray v. Price*, **No. CV 19-10383, 2020 WL 12721645, at \*1 (E.D. Mich. Feb. 12, 2020);** *see also United States v. EES Coke Battery, LLC*, **No. 22-11191,**

2024 WL 3262593, at *3 (E.D. Mich. July 1, 2024). Navistar objects to answering any interrogatory that exceeds the limit allowed by the Federal Rules of Civil Procedure. Navistar further objects to this interrogatory as overly broad and unduly burdensome, in that production dates could frequently change and listing every single date of change, the individual who made the change, and reason for the change would be unduly burdensome on Navistar.

14.     For each of the MY 2018 LT625 6x4 and MY 2018 RH613 6x4 tractors sold by Navistar's Used Truck Organization ("UTO") between January 1, 2022 and September 30, 2023, please state the following:

> a.     The date that the UTO acquired or received the tractor;
>
> b.     The date that the UTO listed the tractor or otherwise made the tractor available for sale;
>
> c.     The price at which the UTO listed the tractor; and
>
> d.     The name of the purchaser.

**ANSWER:**     **Navistar objects as Plaintiff has exceeded the amount of interrogatories allowed under FRCP 31(a)(1).** *See Gray v. Price*, **No. CV 19-10383, 2020 WL 12721645, at *1 (E.D. Mich. Feb. 12, 2020);** *see also United States v. EES Coke Battery, LLC*, **No. 22-11191, 2024 WL 3262593, at *3 (E.D. Mich. July 1, 2024). Navistar objects to answering any interrogatory that exceeds the limit allowed by the Federal Rules of Civil Procedure.**

**Navistar additionally objects to this interrogatory on the basis that it seeks information that is irrelevant and not proportional to the needs of the case. This interrogatory is irrelevant in that the underlying Action is a breach of contract case relating to the April 2022 Letter**

11

**Agreement. Information relating to the date tractors were sold by Navistar's Used Truck Organization, the name of the purchaser, and related information have no bearing on Plaintiff's underlying breach of contract claims, nor would this information lead to any admissible relevant evidence.**

15. Please identify all facts that Navistar intends to rely upon at trial to support the contention made by David Brown at his deposition that Navistar's reductions in production in 2022 were "mostly proportional" across customers. In Navistar's answer, also identify the reductions that were not "proportional" and the reasons why.

**ANSWER:** **Navistar objects as Plaintiff has exceeded the amount of interrogatories allowed under FRCP 31(a)(1).** *See Gray v. Price***, No. CV 19-10383, 2020 WL 12721645, at \*1 (E.D. Mich. Feb. 12, 2020);** *see also United States v. EES Coke Battery, LLC***, No. 22-11191, 2024 WL 3262593, at \*3 (E.D. Mich. July 1, 2024).**

Dated: November 22, 2024

BARNES & THORNBURG LLP

/s/ *Scott R. Murphy*
Scott R. Murphy (P68015)
Anthony C. Sallah (P84136)
Sydney O. Imes (P86532)
171 Monroe Ave. NW, Suite 1000
Grand Rapids, MI 49503
616-742-3930
smurphy@btlaw.com
asallah@btlaw.com
Sydney.Imes@btlaw.com
*Attorneys for Defendant Navistar, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was e-mailed on November 22, 2024 to the following:

Joseph E. Viviano (P60378)
Thomas J. Davis (P78626)
Marianne J. Grano (P82901)
KIENBAUM, HARDY, VIVIANO,
PELTON & FORREST, P.L.C.
48 South Main Street, Suite 2
Mt. Clemens, MI  48043
(586) 469-1580
jviviano@khvpf.com
tdavis@khvpf.com
mgrano@khvpf.com
Counsel for Plaintiff

/s/ Sydney O. Imes
Sydney O. Imes (P86532)
*Counsel for Defendant Navistar Inc.*