UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GLS LEASCO, INC. and CENTRAL
TRANSPORT LLC,

    Plaintiffs,

v.

NAVISTAR, INC.,

    Defendant.

Case No. 23-cv-12927

Hon. Mark A. Goldsmith

Magistrate Judge Anthony P. Patti

**DEFENDANT'S REPLY BRIEF IN SUPPORT OF
ITS MOTION FOR SUMMARY JUDGMENT**

## TABLE OF CONTENTS

 **Page**

CONTROLLING OR MOST APPROPRIATE AUTHORITY ................................. iii

REPLY TO COUNTER-STATEMENT OF MATERIAL FACTS ............................ 1

REPLY ARGUMENT ................................................................................................ 3

    I.     Plaintiffs' fraud claim fails as a matter of law. ........................................ 3

    II.    Original impossibility is satisfied here. .................................................... 4

    III.   Plaintiffs cannot recover consequential damages. ................................... 6

    IV.   CONCLUSION ............................................................................................ 7

LOCAL RULE CERTIFICATION ............................................................................ 8

CERTIFICATE OF SERVICE .................................................................................... 9

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bissell v. L.W. Edison Co.*,
　156 N.W.2d 623 (Mich. Ct. App. 1967) ............................................................... 4

*Greater Lakes Ambulatory Surgical Ctr., LLC v. Meemic Ins. Co.*,
　No. 353842, 2021 WL 3234350 (Mich. Ct. App. July 29, 2021) .................................. 7

*Nathan v. Brownstone Plastics, LLC*,
　511 B.R. 863 (E.D. Mich. 2014) ................................................................... 4, 5

*Nieves v. Bell Indus., Inc.*,
　517 N.W.2d 235 (Mich. App. 1994) ................................................................ 4

*Oraha v. Troy Motors, Inc.*,
　No. 358183, 2022 WL 3330152 (Mich. Ct. App. Aug. 11, 2022) ................................. 4

*Rogers Plaza, Inc. v. SS Kresge Co.*,
　189 N.W.2d 346 (Mich. Ct. App. 1971) .......................................................... 4, 5

*Vergote v. K Mart Corp.*,
　404 N.W.2d 711 (Mich. Ct. App. 1987) ........................................................... 4

**Statutes**

MCL 440.1103 ........................................................................................ 5

**Other Authorities**

6A Charles Alan Wright and Arthur R. Miller,
　Application of the Real Party in Interest Rule – Assignments, Fed. Prac. & Proc.
　Juris. § 1545 (3d ed.) ............................................................................... 7

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

*Bissell v. L.W. Edison Co.*,
  156 N.W.2d 623 (Mich. App. 1967)..................................................................... 4

*Greater Lakes Ambulatory Surgical Ctr., LLC v. Meemic Ins. Co.*,
  No. 353842, 2021 WL 3234350 (Mich. Ct. App. July 29, 2021) ................................. 7

*Nieves v. Bell Indus., Inc.*,
  517 N.W.2d 235 (Mich. App. 1994)..................................................................... 4

*Rogers Plaza, Inc. v. SS Kresge Co.*,
  189 N.W.2d 346 (Mich. App. 1971).................................................................. 4, 5

## REPLY TO COUNTER-STATEMENT OF MATERIAL FACTS

33. Denied. *See* Navistar Counter-Statement of Material Facts ("CSMF") at ¶ 8. (ECF No. 56, PageID.2078.)[1]

34. Denied. *See* Navistar CSMF at ¶ 9. (ECF No. 56, PageID.2078.)

35. *See* Navistar CSMF at ¶ 13. (ECF No. 56, PageID.2079.)

36. Denied. *See* Navistar CSMF at ¶ 15. (ECF No. 56, PageID.2079.)

37. Denied. *See* Navistar CSMF at ¶ 18. (ECF No. 56, PageID.2079.)

38. Denied. (Letter Agreement, ECF No. 29-1, PageID.278.)

39. Denied. The referenced emails postdate the Letter Agreement and discuss only "projected delivery schedule" rather than any obligation to deliver by end of June. (*See* ECF No. 51-40.)

40. Admitted that Navistar never withdrew the Letter Agreement prior to GLS signing.

41. Denied. *See* Navistar CSMF at ¶ 35. (ECF No. 56, PageID.2081.)

42. *See* Navistar CSMF at ¶ 36. (ECF No. 56, PageID. 2081.)

43. Denied. *See* Navistar CSMF at ¶ 38. (ECF No. 56, PageID.2082.)

44. Denied. The production schedule provided estimated build dates, many of which stated "TBD" or were blank. (ECF No. 55-5, Page.ID. 1938–43.)

---

[1] Plaintiffs' Statement of Additional Material Facts nearly mimic the statement of material facts from their Motion for Partial Summary Judgment. Where appropriate Navistar will refer to specific paragraphs from its own CSMF. (ECF No. 56, PageID. 2078–84).

45. Navistar admits that certain executives had authority to reallocate tractor production with dealership and CRC approval but not after production is line set. *See* Navistar CSMF at ¶ 33. (ECF No. 56, PageID.2081).

46. Navistar admits Ex. 5 includes a summary reflecting total heavy production but denies that "Navistar built 12,725 tractors." *See* NAV00133353.[2]

47. Navistar denies Plaintiffs' interpretation of the spreadsheet, which is not accompanied by any testimony attesting to Plaintiffs' interpretation. (ECF No. 55-6.)

48. Navistar admits the spreadsheet contains, among other things, columns for actual build date, order date, ETA, etc., but denies Plaintiffs' interpretation.

49. Navistar denies Plaintiffs' interpretation of the spreadsheet, which is not accompanied by any testimony attesting to their interpretation and denies there was any explicit deadline for manufacture and delivery of the MY 2023 tractors in the Letter Agreement or otherwise. Navistar CSMF at ¶ 16. (ECF No. 56, PageID.2079.)

50. Navistar admits Lollis sent updated production build dates to GLS. The spreadsheet speaks for itself.

51. Navistar admits Plaintiffs' spreadsheet (ECF No. 50-11) reflects delivery dates for 606 tractors. The spreadsheet speaks for itself.

52. Denied. (ECF No. 51-21, PageID.1292.)

53. Denied. Navistar CSMF at ¶¶ 46-48. (ECF No. 56, PageID.2083.)

---

[2] Navistar will make available the built pivot spreadsheet upon request by the Court.

# REPLY ARGUMENT

I. **Plaintiffs' fraud claim fails as a matter of law.**

In an attempt to save its fraud claim, Plaintiffs abandon any argument based on the Letter Agreement's language and contend that Navistar fraudulently promised to "deliver all tractors by the end of June 2022" (ECF No. 55, PageID.1907). Plaintiffs' argument fails for two reasons.

*First*, Plaintiffs have no evidence of such a promise. Navistar did not promise any *delivery* date, much less to deliver all trucks by June 2022. (ECF No. 56, PageID.2086-87.) Rather, the Letter Agreement sets out a *production* schedule with "Build Month[s]." (ECF No. 29-1, PageID.277-280.) Plaintiffs do not even cite the Letter Agreement in support, because it does not make that promise. (ECF No. 55, PageID.1908 & 1892 at ¶ 38.)

*Second*, even if the Letter Agreement had promised delivery dates (which it does not), GLS could not reasonably have relied on that promise as a reason to sign the agreement on May 18, 2022. It is uncontested that GLS knew before signing that the actual production schedule extended beyond June 2022. Plaintiffs *admit* that they received weekly updates on the production schedule beginning at least by April 13, 2022, including updates which showed deliveries past June 2022, and that Plaintiffs could have verified the status of production at any time. (*Compare* ECF No. 50, PageID.880-81 at ¶¶ 14-20, *with* ECF No. 55, PageID.1889 ¶¶ 14-20 (admitting that these facts are "[u]ncontested").)

3

A "plaintiff cannot claim to have been defrauded where he had information available to him that he chose to ignore." *Nieves v. Bell Indus., Inc.*, 517 N.W.2d 235, 238 (Mich. App. 1994) (citation omitted); *Oraha v. Troy Motors, Inc.*, No. 358183, 2022 WL 3330152, at *3 (Mich. Ct. App. Aug. 11, 2022) (same). Plaintiffs do not deny this principle or even address these cases. Accordingly, because there is no genuine dispute about the law or the facts, the Court should dismiss Plaintiffs' fraud claim.

## II. Original impossibility is satisfied here.

Plaintiffs try to avoid the impossibility doctrine by relying on the wrong standard. Plaintiffs' cases discuss ***supervening*** impossibility, which "may depend upon whether the supervening event producing such impossibility was or was not reasonably foreseeable when he entered into the contract." *Bissell v. L.W. Edison Co.*, 156 N.W.2d 623, 626 (Mich. Ct. App. 1967) ("Impossibility of performance may be classified as original impossibility or supervening impossibility. . . . Supervening impossibility is that which develops some time after the inception of the contract.") (quoting 84 A.L.R.2d 12, § 5, pp. 31, 32 (originally published in 1962)); *see* ECF No. 55, PageID.1898-99 (quoting *Vergote v. K Mart Corp.*, 404 N.W.2d 711, 717 (Mich. Ct. App. 1987)), and also citing *Bissell*, 156 N.W.2d at 626). But ***original*** impossibility applies here: "Where the impossibility of performance is *known to both parties at the time of making the agreement*, the promise is not binding." *Nathan v. Brownstone Plastics, LLC*, 511 B.R. 863, 867 (E.D. Mich. 2014) (quoting *Rogers Plaza, Inc. v. SS Kresge Co.*, 189 N.W.2d 346, 351 (Mich. Ct. App. 1971) (emphasis added)).

4

Here, Plaintiffs *admit* that they knew when GLS signed the agreement on May 18, 2022, that they had not received any trucks in January, February, March, or April. (ECF No. 55, PageID.1889–90, at ¶ 18 (admitting to tracking production), ¶ 28 (asserting that "Central's business records show it received the first MY 2023 tractor on May 19, 2022").) There is therefore no genuine dispute of material fact that both parties knew at the time of contracting that it would be impossible for 42 trucks to be built in January 2022, 32 trucks to be built in February 2022, 342 trucks to be built in March 2022, and 342 trucks to be built in April 2022. (ECF No. 29-1, PageID.278.) Plaintiffs' foreseeability arguments prove that both parties knew at the time of contracting that it would be impossible to meet the already lapsed production schedule, and thus original impossibility renders the promise void.

Plaintiffs do not and cannot argue that the original impossibility doctrine is displaced by Michigan's UCC, *see* MCL 440.1103, do not attempt to distinguish *Nathan* or *Rogers Plaza*, and do not deny that the original impossibility doctrine applies. *See Rogers Plaza*, 189 N.W.2d at 351.

Instead, Plaintiffs point to Navistar's supposed "unilateral right" to rescind its offer before GLS signed the Letter Agreement (ECF No. 55, PageID.1900), but never explain the relevance of this point to the impossibility doctrine, because there is none. What matters is the undisputed fact that both parties knew at the time of contracting that meeting the January – May production schedule was literally impossible.

5

Plaintiffs lastly assert that the Letter Agreement did not call for "strict, undeviating compliance" with its production schedule, while also arguing that it did call for strict, undeviating compliance to deliver all trucks by June 2022. (ECF No. 55, PageID.1899–900.) This new theory contradicts the complaint (where Plaintiffs alleged that "Navistar's failure to meet the *required production* schedule is a material breach of the Letter Agreement," ECF No. 29, PageID.273), their corporate representative's testimony (*id.*), and their interrogatory responses (where Plaintiffs stated that the Letter Agreement "sets forth pricing, quantities, and a specific schedule of *new truck delivery through May 2022*").[3] Plaintiffs abandon their previous theories because they recognize there is no basis to dispute that compliance with the Letter Agreement's production schedule (and any subsequent delivery) was facially impossible as of May 18. The Court should grant Navistar summary judgment on this basis alone.[4]

### III. Plaintiffs cannot recover consequential damages.

GLS tries to save its damages claim by arguing that it assigned its rights to receive the trucks to ELC. Assuming for purposes of summary judgment that the facts are as GLS presents them, that dooms its claims. Even if GLS had been a buyer because it

---

[3] *See* GLS's original and supplemental Interrogatory Response No. 5, **Exhibit A.** These interrogatory responses contradict Blain's summary judgment declaration, in which he avers that Navistar agreed to deliver trucks by June 2022. (ECF No. 51-2.)

[4] Indeed, even if Plaintiff were allowed to pursue its new theory that the parties did not actually anticipate compliance with the Letter Agreement schedule, there is still no evidence of a different promise to deliver all trucks by June 2022. In other words, Plaintiffs' concession simply shows there was no contractual time for delivery. (ECF No. 56, PageID.2086–88.)

"contracted" to purchase trucks, it asserts that it assigned away that contract right—and thus, with it, its status as a buyer and ability to recover consequential damages. If GLS assigned any rights it had to ELC regarding the trucks, then such an assignment "divested plaintiff of any ownership interest" and so "there is no genuine issue of material fact that plaintiff lacked standing and was not the real party in interest . . . ." *Greater Lakes Ambulatory Surgical Ctr., LLC v. Meemic Ins. Co.*, No. 353842, 2021 WL 3234350, at *3 (Mich. Ct. App. July 29, 2021); 6A Charles Alan Wright and Arthur R. Miller, Application of the Real Party in Interest Rule – Assignments, Fed. Prac. & Proc. Juris. § 1545 (3d ed.) ("[A]n assignment passes the title to the assignee so that the assignee is the owner of any claim arising from the chose and should be treated as the real party in interest under Rule 17(a)."); *see also* ECF No. 55, PageID.1896 ("GLS assigned its contractual right to pay for and accept delivery of the tractors to an affiliated company."). GLS's claims fail as a matter of law.

## IV.   CONCLUSION

For these reasons, the Court should grant Navistar summary judgment.

| | |
|---|---|
| Dated:  February 11, 2025 | BARNES & THORNBURG LLP |
| | */s/ Scott R. Murphy*<br>Scott R. Murphy (P68015)<br>Anthony C. Sallah (P84136)<br>171 Monroe Ave. NW, Suite 1000<br>Grand Rapids, MI 49503<br>616-742-3930<br>smurphy@btlaw.com<br>asallah@btlaw.com<br>*Attorneys for Defendant Navistar, Inc.* |

7

## LOCAL RULE CERTIFICATION

I, Scott R. Murphy, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify that it is the appropriate length. Local Rule 7.1(d)(3).

                                                                  BARNES & THORNBURG LLP

Dated: February 11, 2025                */s/ Scott R. Murphy*
                                                           Scott R. Murphy (P68015)
                                                           *Attorney for Defendant Navistar, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 11, 2025, the foregoing was electronically filed using the CM/ECF system which will send notification of such filing to the e-mail addresses registered in the CM/ECF system, as denoted on the Electronic Mail Notice List.

BARNES & THORNBURG LLP

Dated: February 11, 2025

*/s/ Scott R. Murphy*
Scott R. Murphy (P68015)
*Attorney for Defendant Navistar, Inc.*