# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GLS LEASCO, INC.,

   Plaintiff,       Case No. 23-cv-12927

v.            Hon. Mark A. Goldsmith

NAVISTAR, INC.,       Magistrate Judge Anthony P. Patti

    Defendant.

---

### PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT NAVISTAR, INC.'S FIRST SET OF INTERROGATORIES DIRECTED TO PLAINTIFF

Plaintiff GLS Leasco, Inc. ("GLS"), pursuant to Federal Rule of Civil Procedure 33, submits the following Objections and Responses to Defendant's Navistar, Inc.'s First Set of Interrogatories Directed to Plaintiff dated January 12, 2024.

**General Statements and Objections Regarding Plaintiff's Responses**

1.  Plaintiff objects to any interrogatory, including any prefatory statement, that does not comply with, or seeks to alter, the rights and obligations imposed by the Federal Rules of Civil Procedure or seeks to impose obligations that are inconsistent with or beyond the scope of those imposed by the Federal Rules of Civil Procedure.

2.  Plaintiff objects to the extent that Defendant's interrogatories are intended to seek information (1) not in Plaintiff's possession, custody, or control; or (2) are just as accessible to Defendant as they are to Plaintiff.

3.  Plaintiff objects to interrogatories that seek attorney work product and/or information subject to the attorney-client privilege or any other applicable privilege.

4.      Plaintiff does not concede that any of the information it will provide is or will be admissible evidence at trial or any evidentiary hearing. Further, Plaintiff does not waive any objection, whether or not asserted herein, to the use of any such material at trial.

5.      Defendant will supplement its Responses, if necessary, consistent with its obligations set forth by Federal Rule of Civil Procedure 26(e).

Consistent with these statements and understandings, Defendant responds to Defendant Navistar, Inc.'s First Set of Interrogatories Directed to Plaintiff:

## INTERROGATORIES

**1.      Identify all persons who participated in preparing the Answers to these Interrogatories, or who participated in Responding to Defendant's First Set of Requests for Production of Documents.**

**ANSWER:** GLS objects to this request, as it seeks to invade attorney-client and work product privileges, including the mental impressions of counsel as to which employees/records custodians should be consulted with respect to the legal task of responding to specific interrogatories and requests to produce. It is also overbroad and seeks information that is neither relevant nor proportional to the needs of the case, to the extent that it would require the identification of individuals gathering information that do not have first-hand knowledge of the underlying issues in the case.

Subject to and without waiving the foregoing objections, Kyle Blain, a non-attorney with substantive knowledge of the events of this case, provided information used in these interrogatories and document requests.

**2.       Identify the following information for any person who has knowledge or information supporting the allegations of your Complaint: name, address, telephone number, a complete description of the substance of information that person may have, and whether Plaintiff has**

2

**a written statement from the Person concerning the Action, or facts alleged or at issue in the Action.**

**ANSWER:** GLS directs Defendant to its Initial Disclosures, setting forth this information. To date, GLS has not obtained any witness statements related to this matter.

**3.     Do you expect to call any expert witnesses in this case? If so, please provide the following information for each person you intend to call as an expert witness: name, address, telephone number, and email address; present occupation, the subject matter of their anticipated testimony, a summary of their opinions, and a summary of the basis for each opinion including the identification of any documents he/she has reviewed in connection with this matter.**

**ANSWER:** GLS has not yet retained any experts. As litigation progresses, GLS will provide any required disclosures under Federal Rule of Civil Procedure 26(a)(2).

**4.     Identify all individuals or parties that purchased the MY2018 tractors and with respect to each tractor sold, state the following:**
        **(a) Vin number of the tractor;**
        **(b) Sale price of the tractor;**
        **(c) Appraised value and/or "Blue Book" value of the tractor;**
        **(d) Date of the sale; and**
        **(e) The amount GLS contends it lost on the sale due to Navistar's alleged breach of contract.**

**ANSWER:** GLS objects to this interrogatory as premature; the information requested (and in particular subparts (c) and (e)) will be the subject of an expert opinion to be produced consistent with the Court-ordered deadline for expert disclosures. GLS also objects insofar as certain information requested herein (such as "Blue Book" values) is information as readily available to Defendant as to Plaintiff. GLS further objects that request for disclosure of "individuals or parties that purchased the MY 2018 tractors" seeks information that is neither relevant nor proportional to the needs of the case.

Subject to and without waiving the foregoing objections, GLS will produce in due course a spreadsheet containing the relevant information.

**5.     With respect to the 1100 MY2023 tractors that you allege Navistar agreed to produce from January 2022 to May 2022 as alleged in paragraph 26 of the Complaint, identify the following:**

> **(a) The date You submitted a purchase order for each MY2023 tractor;**
> **(b) The entity or entities that submitted each order for the MY2023 tractors;**
> **(c) Describe the process by which You submitted orders for the purchase of the tractors subject to the April 2022 Letter Agreement attached as Exhibit A to the Complaint; and**
> **(d) Produce a copy of each purchase order for the MY2023 tractors.**

**ANSWER:** GLS objects to the form of this Interrogatory as it assumes facts not in evidence. The April 2022 Letter Agreement (the "Letter Agreement") sets forth pricing, quantities, and a specific schedule of new truck delivery through May 2022. The Letter Agreement does not call for any additional "purchase orders" or other documents; no such documents were submitted when the tractors were eventually delivered, between June 2022 and September 2023; and no such documents were submitted in the parties' course of dealing with past truck purchases.

Subject to and without waiving these objections, no separate purchase orders were required for these transactions apart from the Letter Agreement itself.

**6.     Identify and describe in detail all damages you are seeking in connection with this Action as alleged in paragraph 46 of the Complaint, including:**

> **(a) The loss profit related to each MY2018 tractor which you claim could not be sold at the historically strong used tractor market;**
> **(b) GLS's increased maintenance costs, fuel, and repair costs for each tractor;**
> **(c) GLS's driver recruitment costs;**
> **(d) GLS's higher finance costs and interest;**
> **(e) The method of procedure by which such alleged damage(s) were calculated;**
> **(f) The identity of the person(s) performing the calculations; and**
> **(g) Identification of all facts that support each category or item of damages.**

**ANSWER:** The information requested will be the subject of an expert opinion to be produced consistent with the Court-ordered deadline for expert disclosures.

Subject to that expert analysis, GLS preliminarily states that:

(a) Because of Navistar's breach of its obligations under the Letter Agreement, GLS sold the majority of the MY2018 tractors for less than GLS would have been able to sell them for had Navistar performed its obligations under the Letter Agreement. The final calculation of lost profits will require expert analysis and will be set forth in the expert report at the time for disclosure of such reports.

(b) Maintenance and repair costs are greater for used vehicles than new vehicles; among other things, new tractors have 1-year standard warranty coverage. Likewise, the MY2018 tractors had inferior fuel efficiency than the new tractors that were not timely delivered. The increase in fuel costs incurred due to Navistar's failure to timely provide new vehicles (requiring the continued use of older vehicles) is estimated to exceed $500,000. Repair costs that would not have otherwise been incurred had new vehicles been timely delivered exceeds $4,000,000. Additional maintenance costs will be calculated as part of an expert report.

(c) The MY2018 tractors used a manual transmission for which newer commercial drivers are untrained. This required specialty advertising for manual-transmission drivers, and its total driver advertising cost is estimated to exceed $800,000 between July 2022 and March 2023. Approximately half of this cost was related to Navistar's breach; a final calculation will be part of an expert report.

(d) GLS's increased financing costs related to the MY2018 tractors are still being determined and calculated and will be part of an expert report.

As to subparts (e)-(f), GLS objects to this request, as it seeks to invade attorney-client and work product privileges, including the mental impressions of counsel as to which employees/records custodians should be consulted with respect to the legal task of responding to specific interrogatories and requests to produce. It is also overbroad and seeks information that is neither relevant nor proportional to the needs of the case, to the extent that it would require the identification of individuals gathering information that do not have first-hand knowledge of the underlying issues in the case. Subject to and without waiving these objections, GLS answers subpart (f) as follows: Kyle Blain. As to subpart (g), see the answers to subparts (a)-(d).

5

KIENBAUM HARDY
VIVIANO PELTON & FORREST, PLC:


By: ___/s/ Thomas J. Davis_____
     Joseph E. Viviano (P60378)
     Thomas J. Davis (P78626)
     Marianne J. Grano (P82901)
Counsel for Plaintiff
48 S. Main Street, Suite 2
Mount Clemens, MI 48043
(586) 469-1580
jviviano@khvpf.com
mgrano@khvpf.com

and

BOIES SCHILLER FLEXNER LLP
By:  Hamish P.M. Hume (*Pro Hac Vice* pending)
Co-Counsel for Plaintiff
1401 New York Ave. NW
Washington, DC 20005
(202) 274-1149
Dated:  February 12, 2024     hhume@bsfllp.com


## CERTIFICATE OF SERVICE

The undersigned certifies that on February 12, 2024, she caused to be served a copy of Plaintiff's Objections and Responses to Defendant Navistar, Inc.'s First Set of Interrogatories Directed to Plaintiff and this Certificate of Service via U.S. Mail upon:

     Scott R. Murphy
     Anthony C. Sallah
     Barnes & Thornburg LLP
     171 Monroe Ave., N.W. Ste. 1000
     Grand Rapids, MI 48905


     _____
     Michelle R. Beveridge, Legal Assistant
     Kienbaum Hardy Viviano Pelton & Forrest, P.L.C.

502798

6

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GLS LEASCO, INC.,

    Plaintiff,

v.

NAVISTAR, INC.,

    Defendant.

Case No. 23-cv-12927

Hon. Mark A. Goldsmith

Magistrate Judge Anthony P. Patti

---

**PLAINTIFF GLS LEASCO, INC.'S RESTATED AND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO DEFENDANT NAVISTAR, INC.'S FIRST SET OF INTERROGATORIES**

Plaintiff GLS Leasco, Inc. ("GLS"), pursuant to Federal Rule of Civil Procedure 33, submits the following Restated and Supplemental Objections and Responses to Defendant's Navistar, Inc.'s First Set of Interrogatories Directed to Plaintiff dated January 12, 2024.

**General Statements and Objections Regarding Plaintiff's Responses**

1.    Plaintiff objects to any interrogatory, including any prefatory statement, that does not comply with, or seeks to alter, the rights and obligations imposed by the Federal Rules of Civil Procedure or seeks to impose obligations that are inconsistent with or beyond the scope of those imposed by the Federal Rules of Civil Procedure.

2.    Plaintiff objects to the extent that Defendant's interrogatories are intended to seek information (1) not in Plaintiff's possession, custody, or control; or (2) are just as accessible to Defendant as they are to Plaintiff.

3.    Plaintiff objects to interrogatories that seek attorney work product and/or information subject to the attorney-client privilege or any other applicable privilege.

4.      Plaintiff does not concede that any of the information it will provide is or will be admissible evidence at trial or any evidentiary hearing. Further, Plaintiff does not waive any objection, whether or not asserted herein, to the use of any such material at trial.

5.      Defendant will supplement its Responses, if necessary, consistent with its obligations set forth by Federal Rule of Civil Procedure 26(e).

Consistent with these statements and understandings, Defendant responds to Defendant Navistar, Inc.'s First Set of Interrogatories Directed to Plaintiff:

## INTERROGATORIES

1.      **Identify all persons who participated in preparing the Answers to these Interrogatories, or who participated in Responding to Defendant's First Set of Requests for Production of Documents.**

**ANSWER:** GLS objects to this request, as it seeks to invade attorney-client and work product privileges, including the mental impressions of counsel as to which employees/records custodians should be consulted with respect to the legal task of responding to specific interrogatories and requests to produce. It is also overbroad and seeks information that is neither relevant nor proportional to the needs of the case, to the extent that it would require the identification of individuals gathering information that do not have first-hand knowledge of the underlying issues in the case.

Subject to and without waiving the foregoing objections, Kyle Blain, a non-attorney with substantive knowledge of the events of this case, provided information used in these interrogatories and document requests.

2.      **Identify the following information for any person who has knowledge or information supporting the allegations of your Complaint: name, address, telephone number, a complete description of the substance of information that person may have, and whether Plaintiff has a written statement from the Person concerning the Action, or facts alleged or at issue in the Action.**

2

**ANSWER:** GLS directs Defendant to its Initial Disclosures, setting forth this information. To date, GLS has not obtained any witness statements related to this matter.

3.      **Do you expect to call any expert witnesses in this case? If so, please provide the following information for each person you intend to call as an expert witness: name, address, telephone number, and email address; present occupation, the subject matter of their anticipated testimony, a summary of their opinions, and a summary of the basis for each opinion including the identification of any documents he/she has reviewed in connection with this matter.**

**ANSWER:** GLS has not yet retained any experts. As litigation progresses, GLS will provide any required disclosures under Federal Rule of Civil Procedure 26(a)(2).

**SUPPLEMENTAL ANSWER:** GLS refers Navistar to the report of its expert, Michael N. Kahaian, which was disclosed on August 23, 2024.

4.      **Identify all individuals or parties that purchased the MY2018 tractors and with respect to each tractor sold, state the following:**
>    (a) **Vin number of the tractor;**
>    (b) **Sale price of the tractor;**
>    (c) **Appraised value and/or "Blue Book" value of the tractor;**
>    (d) **Date of the sale; and**
>    (e) **The amount GLS contends it lost on the sale due to Navistar's alleged breach of contract.**

**ANSWER:** GLS objects to this interrogatory as premature; the information requested (and in particular subparts (c) and (e)) will be the subject of an expert opinion to be produced consistent with the Court-ordered deadline for expert disclosures. GLS also objects insofar as certain information requested herein (such as "Blue Book" values) is information as readily available to Defendant as to Plaintiff. GLS further objects that request for disclosure of "individuals or parties that purchased the MY 2018 tractors" seeks information that is neither relevant nor proportional to the needs of the case.

3

Subject to and without waiving the foregoing objections, GLS will produce in due course a spreadsheet containing the relevant information.

5.      With respect to the 1100 MY2023 tractors that you allege Navistar agreed to produce from January 2022 to May 2022 as alleged in paragraph 26 of the Complaint, identify the following:

(a) The date You submitted a purchase order for each MY2023 tractor;
(b) The entity or entities that submitted each order for the MY2023 tractors;
(c) Describe the process by which You submitted orders for the purchase of the tractors subject to the April 2022 Letter Agreement attached as Exhibit A to the Complaint; and
(d) Produce a copy of each purchase order for the MY2023 tractors.

**ANSWER:** GLS objects to the form of this Interrogatory as it assumes facts not in evidence. The April 2022 Letter Agreement (the "Letter Agreement") sets forth pricing, quantities, and a specific schedule of new truck delivery through May 2022. The Letter Agreement does not call for any additional "purchase orders" or other documents; no such documents were submitted when the tractors were eventually delivered, between June 2022 and September 2023; and no such documents were submitted in the parties' course of dealing with past truck purchases.

Subject to and without waiving these objections, no separate purchase orders were required for these transactions apart from the Letter Agreement itself.

6.      Identify and describe in detail all damages you are seeking in connection with this Action as alleged in paragraph 46 of the Complaint, including:

(a) The loss profit related to each MY2018 tractor which you claim could not be sold at the historically strong used tractor market;
(b) GLS's increased maintenance costs, fuel, and repair costs for each tractor;
(c) GLS's driver recruitment costs;
(d) GLS's higher finance costs and interest;
(e) The method of procedure by which such alleged damage(s) were calculated;
(f) The identity of the person(s) performing the calculations; and
(g) Identification of all facts that support each category or item of damages.

**ANSWER:** The information requested will be the subject of an expert opinion to be produced consistent with the Court-ordered deadline for expert disclosures.

Subject to that expert analysis, GLS preliminarily states that:

(a) Because of Navistar's breach of its obligations under the Letter Agreement, GLS sold the majority of the MY2018 tractors for less than GLS would have been able to sell them for had Navistar performed its obligations under the Letter Agreement. The final calculation of lost profits will require expert analysis and will be set forth in the expert report at the time for disclosure of such reports.

(b) Maintenance and repair costs are greater for used vehicles than new vehicles; among other things, new tractors have 1-year standard warranty coverage. Likewise, the MY2018 tractors had inferior fuel efficiency than the new tractors that were not timely delivered. The increase in fuel costs incurred due to Navistar's failure to timely provide new vehicles (requiring the continued use of older vehicles) is estimated to exceed $500,000. Repair costs that would not have otherwise been incurred had new vehicles been timely delivered exceeds $4,000,000. Additional maintenance costs will be calculated as part of an expert report.

(c) The MY2018 tractors used a manual transmission for which newer commercial drivers are untrained. This required specialty advertising for manual-transmission drivers, and its total driver advertising cost is estimated to exceed $800,000 between July 2022 and March 2023. Approximately half of this cost was related to Navistar's breach; a final calculation will be part of an expert report.

(d) GLS's increased financing costs related to the MY2018 tractors are still being determined and calculated and will be part of an expert report.

As to subparts (e)-(f), GLS objects to this request, as it seeks to invade attorney-client and work product privileges, including the mental impressions of counsel as to which employees/records custodians should be consulted with respect to the legal task of responding to specific interrogatories and requests to produce. It is also overbroad and seeks information that is neither relevant nor proportional to the needs of the case, to the extent that it would require the identification of individuals gathering information that do not have first-hand knowledge of the underlying issues in the case. Subject to and without waiving these objections, GLS answers subpart (f) as follows: Kyle Blain. As to subpart (g), see the answers to subparts (a)-(d).

**SUPPLEMENTAL ANSWER:** Subject to and without waiving these objections, GLS refers Navistar to the report of its expert, Michael N. Kahaian, which was disclosed on August 23, 2024. With respect to the fraud claim, GLS seeks (1) exemplary damages for the injury to its reputation among customers and employees and the loss of its goodwill, in an amount to be determined by the jury and (2) its costs and attorneys' fees.

KIENBAUM HARDY
VIVIANO PELTON & FORREST, P.L.C.:

By:___/s/ Thomas J. Davis_____
      Thomas J. Davis (P78626)
      Eric J. Pelton (P40635)
      Joseph E. Viviano (P60378)
      Marianne J. Grano (P82901)
      Lauren Walas (P87669)
Counsel for Plaintiffs
280 N. Old Woodward Ave.
Ste. 400
Birmingham, MI 48009
(248) 645-0000
tdavis@khvpf.com
epelton@khvpf.com
jviviano@khvpf.com
mgrano@khvpf.com
lwalas@khvpf.com

Dated:  November 8, 2024

6

## CERTIFICATE OF SERVICE

The undersigned certifies that on November 8, 2024, she caused to be served a copy of Plaintiff GLS Leasco, Inc.'s Restated and Supplemental Objections and Responses to Defendant Navistar, Inc.'s First Set of Interrogatories and this Certificate of Service via email and U.S. Mail upon:

> Scott R. Murphy
> Anthony C. Sallah
> Sydney Imes
> Barnes & Thornburg LLP
> 171 Monroe Ave., N.W. Ste. 1000
> Grand Rapids, MI 49503
> smurphy@btlaw.com
> asallah@btlaw.com
> sydney.imes@btlaw.com

/s/ Lauren Walas
Lauren Walas

7

## **VERIFICATION**

I, Kyle Blain, state under penalty of perjury that I have read and subscribe to Plaintiff GLS Leasco, Inc.'s Restated and Supplemental Objections and Responses to Defendant Navistar Inc.'s First Set of Interrogatories in the case entitled *GLS Leasco, Inc. et al. v. Navistar, Inc.,* Case No. 23-cv-12927. GLS Leasco, Inc.'s responses are based upon information furnished by agents of GLS Leasco, Inc. or obtained from a review of company records, which I believe is true and correct to the best of my current information and belief.

Kyle Blain