UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GLS LEASCO, INC. and
CENTRAL TRANSPORT, LLC,

    Plaintiffs,

v.

    NAVISTAR, INC.,

Defendant.

Case No. 23-cv-12927

Hon. Mark A. Goldsmith

Magistrate Judge Anthony P. Patti

**Plaintiffs' Reply in Support of
Their Motion to Compel Discovery**

Defendant Navistar, Inc.'s primary defense in this case is impracticability. It concedes that it will continue to rely on this defense *and* that the defense turns in part on whether Navistar fairly and reasonably allocated its limited supply of tractors. For months, Plaintiffs ("GLS") diligently sought information adequate to respond to that defense. Navistar makes half-hearted claims that gathering the information was too burdensome, without any concrete proof. And it knows those arguments will fall flat, since any "burden" is a direct result of Navistar's decision to rely on a defense that requires analysis of how over 10,000 tractors were allocated.

So now, Navistar goes all-in on procedural issues, but it misstates this Court's Case Management and Scheduling Order to do so. Navistar begins by accusing GLS of unreasonably delaying in filing its Motion, but omits that *it* caused the delay. It also selectively reads the Court's Order, which requires parties to "exhaust" all "reasonable efforts to resolve" a discovery dispute before seeking the Court's intervention. Navistar strung GLS along with suggestions that it would compromise for two months, and only after those words rung hollow did GLS file this Motion. Navistar now seeks to weaponize GLS's good faith efforts to negotiate against it, a tack that ignores both the letter and the spirit of this Court's rules.

Navistar chose to assert a complex defense. Its procedural arguments designed to prevent GLS from exploring that defense are meritless and should be rejected.

### I. GLS's motion is timely.

The Court's Case Management and Scheduling Order provides that "[a]ny motion to compel discovery must be filed promptly after the grounds for the motion become apparent and reasonable efforts to resolve the dispute have been exhausted." (PageID.74.) That is exactly what happened here. The Order does not say that a party cannot file a motion to compel *timely* discovery after discovery closes.

Navistar served its objections to GLS's third Requests for Production ("RFPs") and Interrogatories on November 22, 2024. (PageID.1767.) GLS sent Navistar a letter five days later to initiate the meet-and-confer process and continued to chase Navistar for over two months to obtain a response. (PageID.1768-70.) During that time, Navistar's counsel repeatedly stated that they were conferring with their client and promised to respond to shortly. (*Id.*) They never did. (PageID.1770.) Finally, GLS concluded that it had "exhausted" all "reasonable efforts to resolve the dispute" and filed this Motion. (PageID.74.)

There was thus no delay. GLS attempted—as the Order requires, and as this Court previously cautioned (Ex. 1, Nov. 7, 2024 Hr'g Tr. 14)—to diligently work towards obtaining the discovery without Court intervention. Navistar responded with what, in hindsight, was intentional delay for strategic purposes. The Court should not reward such manipulation and deprive GLS of highly relevant information because it acted as if Navistar's counsel were proceeding in good faith.

Navistar's attempts to divert blame to GLS are unavailing. First, it suggests that GLS knew of the grounds for this Motion in July 2024. Wrong. Navistar points to GLS's July 8, 2024 letter requesting production of Navistar's weekly "Orders and Production Update" reports. (PageID.2239.) But GLS is not seeking to compel the production of such reports. Instead, GLS has challenged Navistar's November 22, 2024 responses to RFPs 46-49, 53-54, 58-60, and 63 and Interrogatories 8-12 and 15, which request information regarding Navistar's contractual obligations to other customers and Navistar's decision to schedule some of the tractors in GLS's orders for production beyond May and June 2022. (PageID.1766-67.) The parties' current dispute arose, then, in November 2024, not July 2024.

Second, the cases that Navistar cites are distinguishable. Unlike the movants in *Curry v. SBC Commc'ns, Inc.*, 2009 WL 728545, at *1 (E.D. Mich. Mar. 19, 2009) and *Craig-Wood v. Time Warner N.Y. Cable LLC*, 549 F. App'x 505, 508 (6th Cir. 2014), GLS served the discovery requests at issue so that Navistar's responses were due during the discovery period. Furthermore, GLS is challenging Navistar's most recent discovery responses (or lack thereof), not reviving old disputes that first arose ten-plus months ago. *Supra*; *contra United States v. Quicken Loans, Inc.*, 2018 WL 4352696, at *3 (E.D. Mich. Sept. 12, 2018) (discovery disputes arose over 12 months earlier); *Glob. Fleet Sales, LLC v. Delunas*, 2016 WL 2342319, at *2 (E.D. Mich. May 4, 2016) (ten months earlier). Nor did GLS wait for months on end to file its

Motion, in contrast to *Suntrust Bank v. Blue Water Fiber, L.P.*, 210 F.R.D. 196, 200 (E.D. Mich. 2002) (motion filed 18 months after discovery closed) and *Pittman v. Experian Info. Sols., Inc.*, 901 F.3d 619, 643 (6th Cir. 2018) (5 months after).

Third, Navistar's assertion that it has been prejudiced because GLS filed this Motion after the parties started summary judgment briefing is baseless. (*See* PageID.2243.) Neither party seeks summary judgment on the "fair and reasonable" prong of the impracticability test; indeed, GLS expressly limits its argument to the preliminary question of foreseeability, as allocation is a fact question. (*See* PageID.1079-81; *see generally* ECF No. 50.) Navistar has not explained how a decision on the merits of GLS's Motion to Compel would impact the parties' summary judgment arguments, and it cannot.

## II.     Navistar is refusing to produce admittedly relevant information.

As GLS detailed in its opening brief, the information that it is moving to compel is essential to Navistar's impracticability defense, which requires Navistar to prove that it fairly and reasonably allocated production among its customers. (PageID.1771.) Navistar does not dispute this. (*See generally* ECF No. 58.)

Instead, Navistar complains that it has already produced thousands of documents related to its allocation of production slots. (PageID.2243-44.) But the fact that Navistar has produced other documents related to the same general topic does not excuse it from producing the specific information sought in RFPs 46-49,

-4-

53-54, 58-60, and 63 and Interrogatories 8-12 and 15. Notably, Navistar stops short of claiming that it has fully responded to Interrogatories 8-12 and 15 and RFPs 46-49, 53-54, 60, and 63—because it has not. As GLS previously showed, Navistar continues to withhold relevant, responsive materials. (PageID.1776-77.)

### III.  Navistar's "undue burden" excuse for non-production is baseless.

As GLS noted (PageID.1772), a party resisting discovery on the grounds that it is unduly burdensome must "show specifically how each discovery request is burdensome and oppressive by submitting affidavits or offering evidence revealing the nature of the burden." *In re Heparin Prods. Liab. Litig.*, 273 F.R.D. 399, 410 (N.D. Ohio 2011). Navistar's response, however, falls far short of this standard.

To start, the Court must reject Navistar's attempt to sidestep its obligation to provide affidavits or other evidence supporting its objections. Navistar criticizes GLS for citing an opinion from another district (*Heparin*), and suggests that, in the Eastern District of Michigan, all that is required is a "common sense" explanation. (PageID.2246.) That is not the law.[1] Courts in this district have repeatedly held that a party objecting based on undue burden must substantiate its claim with sworn

---

[1] Navistar cites only *Boykins v. Trinity, Inc.*, 2020 WL 13594956 (E.D. Mich. Sept. 15, 2020), but *Boykins* merely reflected that the magistrate judge was frustrated that the defendants had not made *any* efforts to substantiate their objections, not that "common sense" is enough. *See id.* at *2 ("A party objecting to a request for production of documents as burdensome must support that objection with affidavits, other evidence or at least common sense to substantiate its objections.").

testimony or other evidence. *See, e.g.*, *Bloomer v. Word Network Oper. Co., Inc.*, 2023 WL 8540000, at *8 (E.D. Mich. Dec. 8, 2023); *Waskul v. Washtenaw Cnty. Cmty. Mental Health*, 569 F. Supp. 3d 626, 634 (E.D. Mich. 2021); *Hayse v. City of Melvindale*, 2018 WL 11176493, at *7 (E.D. Mich. Apr. 10, 2018) (citing *Heparin* with approval). Navistar has not done so, so its objections should be dismissed.

At any rate, Navistar fails to explain how *each* discovery request at issue is burdensome. *Heparin*, 273 F.R.D. at 410. It merely asserts that "many" of the requests are unduly burdensome "on their face" before discussing RFPs 50-53. (PageID.2244-46.) But GLS is not even moving to compel responses to RFPs 50-52 (*see* PageID.1764), so Navistar's discussion of those requests is irrelevant. And Navistar ignores that GLS has agreed to limit the temporal scope of RFP 3 (*id.*), rendering its argument beside the point. Otherwise, Navistar has offered no basis for claiming that the rest of the requests at issue are burdensome.

In sum, GLS's Motion described how the benefit of providing the information it has requested outweighs any burden on Navistar. (PageID.1773-74.) It was Navistar's obligation to come forward with affidavits or other compelling evidence to rebut GLS's analysis. It has not. Its undue burden objections should be overruled.

### IV. GLS's interrogatories are within the limits permitted by rule.

GLS have already explained that, since the subparts of Interrogatories 8-11 are related to the same primary question, they are only counted as one interrogatory

each—meaning GLS is well below the 25-interrogatory limit. (PageID.1774-76.) For its part, Navistar contends that each interrogatory should be viewed as multiple interrogatories because each interrogatory requests information about multiple customers. (PageID.2247.) But courts have roundly rejected Navistar's reasoning. *See Concerned Citizens of Belle Haven v. Belle Haven Club*, 223 F.R.D. 39, 47 (D. Conn. 2004) (interrogatory seeking information about each address in a chart containing multiple addresses should be counted as one interrogatory); *Motley v. Metro Man I, Inc.*, 2021 WL 3089299, at *2 (E.D. Mich. July 22, 2021) (interrogatory seeking information about all lawsuits against defendant should be counted as one interrogatory). This Court should follow suit, and Navistar should be compelled to respond.

## Conclusion

The Court should grant GLS's Motion to Compel.

                          Respectfully submitted,

                          KIENBAUM HARDY
                          VIVIANO PELTON & FORREST, P.L.C.:

                          By:   */s/ Thomas J. Davis*
                               Eric J. Pelton (P40635)
                               Thomas J. Davis (P78626)
                          Counsel for Plaintiffs
                          280 N. Old Woodward Ave., Ste. 400
                          Birmingham, MI 48009
                          (248) 645-0000
                          epelton@khvpf.com
Date: February 18, 2025      tdavis@khvpf.com

## LOCAL RULE CERTIFICATION

      I, Thomas J. Davis, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify that it is the appropriate length. Local Rule 7.1(d)(3).

                                        */s/ Thomas J. Davis*
                                        Thomas J. Davis (P78626)
                                        Kienbaum Hardy
                                        Viviano Pelton & Forrest, P.L.C.
                                        280 N. Old Woodward Ave., Ste. 400
                                        Birmingham, MI 48009
                                        (248) 645-0000
                                        tdavis@khvpf.com

## CERTIFICATE OF SERVICE

      I hereby certify that on February 28, 2025, the foregoing and all accompanying documents were served via the Court's CM/ECF system, which sent electronic notice of the filing to all counsel of record.

                                      */s/ Thomas J. Davis*
                                      Thomas J. Davis (P78626)
                                      Kienbaum Hardy
                                      Viviano Pelton & Forrest, P.L.C.
                                      280 N. Old Woodward Ave., Ste. 400
                                      Birmingham, MI 48009
                                      (248) 645-0000
                                      tdavis@khvpf.com