UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GLS LEASCO, INC. and CENTRAL
TRANSPORT LLC,

    Plaintiffs,                        Case No. 23-cv-12927

v.                                      Hon. Mark A. Goldsmith

NAVISTAR, INC.,                Magistrate Judge Anthony P. Patti

    Defendant.

## MOTION FOR LEAVE TO FILE MOTION TO EXCLUDE EXPERT TESTIMONY OF MICHAEL N. KAHAIAN

Defendant Navistar, Inc. ("Defendant" or "Navistar"), by and through its counsel of record, respectfully moves, under Federal Rule of Civil Procedure 7(b) and Eastern District of Michigan Local Rule 7.1, for leave to file a motion to exclude the expert testimony of Michael N. Kahaian. Navistar's proposed motion will be brought pursuant to *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993), and Federal Rule of Evidence 702. The undersigned has sought the concurrence of Plaintiffs' counsel in seeking the relief under this Motion and concurrence was denied.

In support of this motion, Navistar states as follows:

1. On March 25, 2025, this Court adjourned its Case Management and Scheduling Order (the "CMO"), including its deadlines for all pretrial submissions and motions *in limine*, because of pending motions for summary judgment.

2. However, under the CMO, motions to limit/exclude expert testimony as well as dispositive motions would have been due on December 13, 2024. At that time, the parties were preparing dispositive motions and had yet to conduct expert depositions.

3. As such, the parties agreed to postpone expert depositions until after the holidays, and their January 7, 2025 mediation. Unfortunately, mediation was unsuccessful.

4. On February 12, 2025, Navistar conducted the deposition of Plaintiffs' proffered expert, Michael N. Kahaian.

5. On March 14, 2025, Plaintiffs conducted the deposition of Navistar's proffered expert, Mark Hosfield.

6. On April 3, 2025, the Court held a status conference. ECF No. 62. During the status conference, the Court invited the Parties to move for leave to file motions to exclude damages experts' opinions under Federal Rule of Evidence 702 and *Daubert*.

7. Because Navistar would be filing this motion well before any trial date, at a time when several motions are pending, and when all dates under the CMO have been suspended, Plaintiffs will not be prejudiced by the filing of the motion.

8. Further, Navistar has good cause for leave to file a motion to exclude Kahaian's testimony. While a party must have "good cause" to modify a scheduling order, Fed. R. Civ. P. 16(b)(4), this "good cause" requirement does not apply here

because the scheduling order has been adjourned. In any event, Navistar believes that the following reasons would satisfy the "good cause" standard, if it applied. *See, e.g., Gaines v. Cnty. of Wayne*, No. 20-11186, 2021 WL 5997980, at *2 (E.D. Mich. Dec. 20, 2021) (Goldsmith, J.).

9. First, the Parties agreed to schedule Mr. Kahaian's deposition after the close of expert discovery and the deadline for filing motions to limit/exclude expert testimony. Second, Navistar did not fully learn all the bases for excluding Kahaian's testimony until his deposition on February 12, 2025, so any motion to limit / exclude Kahaian's testimony filed before that date would have been premature. Third, as described in detail in Navistar's motion to exclude, Kahaian's deposition proved that his underlying assumptions lack a reasonable basis in fact, an issue he has been disqualified for in the past. *See Rondigo, L.L.C. v. Casco Twp., Mich.*, 537 F. Supp. 2d 891, 899 (E.D. Mich. 2008) (disqualifying Kahaian because his "calculations simply lack a reasonable basis in fact."). Fourth, Navistar would be entitled to object to any evidence offered from Kahaian at trial, and addressing Navistar's Rule 702 objects through this motion will be more efficient for the parties and the Court.

10. Given this, Navistar should be given leave to file a motion further explaining why his expert testimony is unreliable and should be excluded.

11. There is no prejudice to Plaintiffs by permitting Navistar to file the motion; no trial date has been scheduled, and Navistar has yet to file an answer to the second amended complaint because its motion to dismiss (ECF No. 36) is pending.

3

12. Attached as <u>Exhibit A</u> is Navistar's proposed Motion to Exclude Expert Testimony of Michael N. Kahaian

WHEREFORE, Defendant Navistar respectfully prays that this Honorable Court grant its motion for leave to file a motion to exclude the expert testimony of Michael N. Kahaian.

| | |
|---|---|
| Dated: August 18, 2025 | BARNES & THORNBURG LLP |
| | <u>/s/ *Scott R. Murphy*</u><br>Scott R. Murphy (P68015)<br>Anthony C. Sallah (P84136)<br>171 Monroe Ave., N.W. Ste. 1000<br>Grand Rapids, MI 49503<br>(616) 742-3930<br>smurphy@btlaw.com<br>asallah@btlaw.com<br><br>*Counsel for Defendant Navistar, Inc.* |

4

## ISSUES PRESENTED

1. Should the Court allow Navistar to file a motion to exclude the expert testimony of Michael N. Kahaian, where he based his opinion facts that are contradicted by the record?

The Court should respond "Yes."

# CONTROLLING OR MOST APPROPRIATE AUTHORITY

Eastern District of Michigan Local Rule 7.1 .......................................................................... 1

Federal Rule of Civil Procedure 7 ......................................................................................... 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GLS LEASCO, INC. and CENTRAL
TRANSPORT LLC,

    Plaintiffs,　　　　　　　　　　Case No. 23-cv-12927

v.　　　　　　　　　　　　　　　　Hon. Mark A. Goldsmith

NAVISTAR, INC.,　　　　　　　　　Magistrate Judge Anthony P. Patti

    Defendant.

---

## MEMORANDUM IN SUPPORT OF MOTION TO EXCLUDE THE EXPERT TESTIMONY OF MICHAEL N. KAHAIAN

For the reasons stated in the accompanying motion, Navistar respectfully requests that the Court grant Navistar leave to file a motion to exclude the expert testimony of Michael N. Kahaian.

                                          /s/ *Scott R. Murphy*
                                          Scott R. Murphy (P68015)
                                          *Counsel for Defendant Navistar, Inc.*

                                          Dated:  August 18, 2025

## LOCAL RULE CERTIFICATION

I, Scott R. Murphy, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify that it is the appropriate length. Local Rule 7.1(d)(3).

BARNES & THORNBURG LLP

Dated: August 18, 2025

*/s/ Scott R. Murphy*
Scott R. Murphy (P68015)
*Attorney for Defendant Navistar, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on August 18, 2025, the foregoing was electronically filed using the CM/ECF system which will send notification of such filing to the e-mail addresses registered in the CM/ECF system, as denoted on the Electronic Mail Notice List.

                                                      BARNES & THORNBURG LLP

Dated: August 18, 2025                  */s/ Scott R. Murphy*
                                                     Scott R. Murphy (P68015)
                                                     *Attorney for Defendant Navistar, Inc.*