UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GLS LEASCO, INC. and
CENTRAL TRANSPORT, LLC,

          Case No. 23-cv-12927

      Plaintiffs,

          Hon. Mark A. Goldsmith

v.

          Magistrate Judge Anthony P. Patti

      NAVISTAR, INC.,

    Defendant.

_____

**Plaintiffs' Opposition to Navistar's Motion for Leave to File a *Daubert* Motion
Eight Months Past the Court-Ordered Deadline**

## Introduction

*Daubert* motions were due on December 13, 2024. Nearly nine months later, Navistar seeks leave to file an untimely motion. Its excuse—the postponement of expert depositions until February 2025—has long been known. Navistar even admits this motion was contemplated in April 2025 yet inexplicably waited another four months to file. That undue delay alone warrants denial of leave.

Not only is Navistar's proposed motion late, it is improper on its face. It seeks to rehash issues already briefed in the parties' cross-motions for summary judgment. The Sixth Circuit does not permit parties to use *Daubert* as a backdoor to reargue dispositive motions. While that would provide a basis to deny the motion on the merits, at this procedural juncture it is reason to deny leave as premature.

The Court's forthcoming summary judgment rulings may render much of Navistar's proposed motion moot. The parties are also scheduled for facilitative mediation in October, which may resolve the case entirely. Forcing the Court to review a duplicative *Daubert* motion now—and forcing GLS to incur the expense of responding—would waste both judicial and party resources alike.

## Argument

### I.   Navistar has not acted with diligence in filing its motion.

Under Rule 16(b)(4), a scheduling order "may be modified only for good cause and with the judge's consent." The Sixth Circuit holds that the "primary measure" of Rule 16(b)(4) good cause "is the moving party's diligence in attempting

to meet the case management order's requirements." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002). Thus, when a party knows of the basis for its request but delays seeking relief, courts consistently find no diligence and deny the motion. *See, e.g.*, *Korn v. Paul Revere Life Ins. Co.*, 382 F. App'x 443, 450 (6th Cir. 2010); *Pianko v. Gen. R.V. Ctr., Inc.*, No. 20-CV-13371, 2024 WL 2863245, at *1 (E.D. Mich. June 6, 2024) (denying motion for leave to file a late *Daubert* motion where there was no justification given for the party's delay in seeking leave); *Vomund v. Signor Trucking, Inc.*, No. 8:08CV76, 2009 WL 1562835, at *2 (D. Neb. May 28, 2009) (no good cause where plaintiff sought leave to file late *Daubert* motion three months after being aware of the need for the extension); *Am. K-9 Detection Servs., Inc. v. Rutherford Int'l, Inc.*, 2016 WL 11573449, at *1 (M.D. Fla. Mar. 2, 2016) (no good cause where excuse for late *Daubert* motion was late deposition of the opposing parties' expert, but motion not filed for 42 days after deposition was taken).

Prejudice is *not* the test. Courts "consider the extent of prejudice to the nonmoving party only if the movant proceeded diligently, and then only to ascertain whether there exist additional reasons to deny a motion." *Smith v. Holston Med. Grp., P.C.*, 595 F. App'x 474, 479 (6th Cir. 2014) (cleaned up).

Navistar tries to sidestep the "good cause" analysis by pointing to the Court's March 25, 2025 text order adjourning the remaining schedule dates due to the pending summary judgment motions. ECF No. 65 ¶ 8. That argument fails at the

threshold. The *Daubert* deadline had already expired when the Court issued its order, which did not retroactively reopen lapsed deadlines or relieve Navistar of its obligation to show diligence.

Navistar has shown none. GLS served its expert report on **August 23, 2024**, nearly four months before the December 13, 2024 *Daubert* motion deadline. Navistar knew of its contents then. At that point, Navistar had a choice: act on the report or, if it believed a deposition was necessary, seek an extension of the *Daubert* deadline before it expired. It did neither. And this was no oversight; Navistar sought extensions of other deadlines when it thought them necessary, including its own expert disclosure deadline. *See* ECF No. 27. Its failure to extend the Daubert deadline reflects a lack of diligence and forethought.

Navistar's conduct after the deposition only compounds that lack of diligence. The deposition occurred in February 2025, and Navistar admits that it had identified its basis for seeking exclusion at that time. ECF No. 65 ¶ 9. Yet it still did not act. By April 2025, Navistar concedes it was contemplating a late *Daubert* motion, *id.* ¶ 6, but it waited until August 18, 2025—six months after the deposition—to finally file. Navistar's post-deposition delay further underscores its lack of diligence.

## II.  Navistar's Motion Seeks to Relitigate Merits Issues and Is Premature

The motion should also be denied because it seeks to rehash issues already presented in the summary judgment motions and is thus premature. While that is

3

improper as a substantive matter, *see, e.g.*, *Louzon v. Ford Motor Co.*, 718 F.3d 556, 561 (6th Cir. 2013), GLS will not argue the merits here. Instead, GLS notes this duplication because the Court's resolution of the summary judgment motions will shape or dispose of the issues in Navistar's *Daubert* motion, which would moot the motion—and any response—in its present form.

Navistar's *Daubert* challenge rests on its premise that the parties' contract did not require Navistar to deliver trucks to GLS on any deadline, but instead made a vague commitment to build GLS trucks as circumstances allowed. ECF No. 65-1, PageID.2676. The same premise underlies its summary judgment briefing. ECF No. 56, PageID.2086. GLS has already responded, explaining why Navistar misstates its contractual obligations: Navistar explicitly promised to deliver on a certain schedule, with an ultimate June 2022 deadline for final completion. *E.g.,* ECF No. 60, PageID.2343-44. Additional briefing on the same point is unnecessary, and because the Court's summary judgment rulings will directly affect the foundation of the *Daubert* motion, judicial efficiency dictates that—if the Court were inclined to grant leave at all—it should do so only after summary judgment is resolved.

The parties have also agreed to continued mediation with retired Judge Lita Popke in October 2025, which may resolve the entire dispute. Forcing duplicative briefing now would waste judicial and party resources, particularly where summary judgment and mediation are likely to narrow or eliminate these issues altogether.

**Conclusion**

The Court should deny Navistar's motion for leave.

Respectfully submitted,

KIENBAUM HARDY
VIVIANO PELTON & FORREST, P.L.C.:

By: _/s/ Thomas J. Davis_
    Eric J. Pelton (P40635)
    Thomas J. Davis (P78626)
Counsel for Plaintiffs
280 N. Old Woodward Ave., Ste. 400
Birmingham, MI 48009
(248) 645-0000
epelton@khvpf.com
Date:  September 8, 2025    tdavis@khvpf.com
582494

## LOCAL RULE CERTIFICATION

I, Thomas J. Davis, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify that it is the appropriate length. Local Rule 7.1(d)(3).

*/s/ Thomas J. Davis*
Thomas J. Davis (P78626)
Kienbaum Hardy
Viviano Pelton & Forrest, P.L.C.
280 N. Old Woodward Ave., Ste. 400
Birmingham, MI 48009
(248) 645-0000
tdavis@khvpf.com

## CERTIFICATE OF SERVICE

I hereby certify that on September 8, 2025, the foregoing and all accompanying documents were served via the Court's CM/ECF system, which sent electronic notice of the filing to all counsel of record.

*/s/ Thomas J. Davis*
Thomas J. Davis (P78626)
Kienbaum Hardy
Viviano Pelton & Forrest, P.L.C.
280 N. Old Woodward Ave., Ste. 400
Birmingham, MI 48009
(248) 645-0000
tdavis@khvpf.com

582494

2