## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

GLS LEASCO, INC., and CENTRAL TRANSPORT LLC

                Plaintiffs,

       v.

NAVISTAR, INC.

                Defendant.

Civil Action No. 23-cv-12927

Hon. Mark A. Goldsmith

Magistrate Judge Anthony P. Patti

## DEFENDANT'S MOTION FOR LEAVE TO FILE COMBINED MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS AND MOTION FOR PARTIAL SUMMARY JUDGMENT

Defendant Navistar, Inc. ("Defendant" or "Navistar"), by and through its counsel of record Barnes & Thornburg LLP, respectfully moves, under Federal Rule of Civil Procedure 16(b)(4) and Local Rule 7.1(b)(2), for leave to file a combined: (i) Rule 12(c) motion for partial judgment on the pleadings, and (ii) Rule 56 motion for partial summary judgment, brought in the alternative to Navistar's request for dismissal under Rule 12(c). The proposed motion is directed to Plaintiffs' fraudulent inducement claim (Count II) of Plaintiffs' Second Amended Complaint ("SAC") and derives from issues raised in the Court's recent Opinion & Order (Dkt. No. 72). Pursuant to Eastern District of Michigan Local Rule 7.1(a) and the Court's Practice Guidelines, on November 12, 2025, defense counsel communicated in writing and via videoconference

with Plaintiffs' counsel, explaining the nature of the relief sought by this motion and seeking concurrence in the relief; Plaintiffs' counsel expressly denied concurrence.

In support of this motion, Navistar states as follows:

1. On October 15, 2024, Navistar filed its motion to dismiss Count II of Plaintiffs' SAC, specifically Plaintiffs' fraudulent inducement claim. (Dkt. No. 36.)

2. On September 26, 2025, the Court issued its Opinion & Order granting in part Navistar's motion to dismiss and denying the parties' motions for summary judgment (the "Opinion & Order"). (Dkt. No. 72.)

3. In ruling on the parties' motions, the Court interpreted Plaintiffs' SAC as bringing two fraud theories. First, "that in December 2021 Navistar told GLS and Central Transport that it 'could only produce 600 trucks for' them in 2022," instead of the 1,305 trucks in the parties' 2021 agreement. (Dkt. No. 72, PageID.2963.) Second, that "Navistar subsequently represented to GLS and Central Transport that it would produce 1,100 trucks by the end of June if it signed the" parties' May 2022 letter agreement.

4. The Court dismissed the second misrepresentation due to the economic loss doctrine. However, the Court held that the first misrepresentation survived because it was extraneous to the May 2022 letter agreement. While the Court recognized that the claim could be dismissed if Plaintiffs' breach of contract and tort harms were not distinct, *Huron Tool and Eng'g Co. v Precision Consulting Servs., Inc.*, 532 N.W.2d 541, 545 (Mich. App. 1995), the Court found that the "fraud and breach harms" were not

necessarily equivalent because "[r]eviewing the record developed to date, it is at least arguable that the alleged loss under the fraud theory of trade-in rights would be 'distinct' from the loss caused by a failure to timely deliver trucks." (*Id.* at PageID.2963-64, n.3.)

5.      Thus, as it stands, Plaintiffs' fraudulent inducement claim rests on one single alleged misrepresentation: "[T]hat in December 2021 Navistar told GLS and Central Transport that it 'could only produce **600** trucks for' them in 2022," instead of the 1,305 trucks in the parties' 2021 agreement. (Dkt. No. 72, PageID.2963.)

6.      After the Court issued the Opinion & Order, Navistar filed its Answer to the SAC on October 10, 2025. Thus, the pleadings closed on October 10, 2025.

7.      As set forth in the proposed motion attached as **Exhibit A**, Navistar's proposed Rule 12(c) motion is directed to the remaining aspect of Plaintiffs' fraud claim, Navistar's alleged December 2021 misrepresentation. Navistar's proposed Rule 56 motion, which is brought in the alternative to Navistar's Rule 12(c) motion, seeks summary judgment on Plaintiffs' fraudulent inducement claim due to Plaintiffs' lack of evidence of any distinct fraud damages.

8.      Good cause[1] exists to grant Navistar leave to file the motion.

---

[1] At least one Court in this judicial district has held that a Rule 12(c) motion filed after the dispositive motion deadline in a scheduling order requires good cause. *Frontczak v. City of Detroit*, No. 18-13781, 2021 WL 1736954, at *3 (E.D. Mich. May 3, 2021). As set forth below, good cause exists because the pleadings did not close until October 10, 2025, no trial date has been set, and the proposed motion is intended to narrow the issues for trial that, at least in part, derive from the Opinion & Order. *Id.* (finding good cause "because of the unique procedural facts of the present case.").

9.      First, a motion under Rule 12(c) cannot be filed until the pleadings are

closed, and if it does not delay trial. Fed. R. Civ. P. 12(c); *Gould Elecs., Inc. v. Livingston*

*Cty. Rd. Comm'n*, No. 17-CV-11130, 2019 WL 1002442, at *2 (E.D. Mich. Mar. 1, 2019)

("A motion for judgment on the pleadings may only be brought after the pleadings are

closed. Pleadings are deemed 'closed' upon the filing of a complaint and answer.")

(Goldsmith, J.). Here, Navistar did not file its Answer to the SAC until October 10,

2025, after the Court issued the Opinion & Order, meaning that October 10 was the

earliest point at time in which Navistar could file a Rule 12(c) motion directed to the

SAC. Furthermore, Navistar's proposed motion will not delay trial because no trial date

has been set. *See Morrison v. Miller*, 690 F. App'x 380, 381 (6th Cir. 2017) (holding that a

Rule 12(c) motion filed "four months before the trial date … was timely under Rule

12(c).").

10.      Second, the issue presented in Navistar's proposed Rule 12(c) motion is a

consequence of the Court's Opinion & Order. Specifically, after the Opinion & Order,

Plaintiffs' fraudulent inducement claim rests on a single statement: "that in December

2021 Navistar told GLS and Central Transport that it 'could only produce 600 trucks

for' them in 2022[.]" (Dkt. No. 72, PageID.2963.) For Plaintiffs to establish reasonable

reliance, they would have to show that it was reasonable to rely on this statement—that

Navistar could *only produce 600 trucks in 2022*—as an inducement to later enter a

contract to *produce 1,100 trucks in 2022*. But as set forth in Navistar's proposed

motion, as a matter of law, no reasonable person would rely on an alleged

4

misrepresentation that is expressly contradicted by the contract the person is being induced to enter. This issue becomes increasingly clear *after* the Opinion & Order, where the Court interpreted the SAC as asserting two distinct fraudulent inducement theories—instead of the now-dismissed fraud theory that Plaintiffs featured in the SAC and dispositive motion briefing.

11.     Third, Navistar's Rule 56 request—which the Court can address only if the Court does not dismiss the fraud claim under Rule 12(c)—is also a consequence of the Opinion & Order. The Opinion & Order acknowledged Navistar's argument that the fraud claim cannot survive "because the damages [Plaintiffs] allege are indistinguishable from the ones in their breach of contract claim." (*Id.* at PageID.2964, n.3.) However, the Court left the claim intact because "it is at least arguable that the alleged loss under the fraud theory of trade-in rights would be 'distinct' from the loss caused by a failure to timely deliver trucks." (*Id.*) As set forth in Navistar's proposed Rule 56 motion, the fully developed record establishes that Plaintiffs are ***not*** claiming as damages the value of their "waived" trade-in rights and have produced no evidence of such damages.

12.     There is no undue prejudice to Plaintiffs by permitting Navistar to file the combined motion. As set forth above, no trial date has been set, this is the earliest point at time in which Navistar could file a Rule 12(c) motion directed to the SAC, and the motion is based, in part, on issues arising from the Opinion & Order. Moreover, Navistar has been diligent in meeting the scheduling order's requirements. The

proposed motion addresses issues raised in the Opinion & Order, which is dispositive of Plaintiffs' fraud claim. *Perrin v. State Farm Mut. Auto. Ins. Co.*, No. 17-CV-10558, 2019 WL 13072737, at *2 (E.D. Mich. May 6, 2019) (permitting a second summary judgment motion where the "delay in bringing this motion creates no prejudice" and the party was diligent in meeting the scheduling order's requirements) (Goldsmith, J.). Because Plaintiffs' have presented no evidence of any separate damages related to the waiver of the trade-in rights, addressing this issue now will narrow the issues for trial.

WHEREFORE, Defendant Navistar respectfully prays that this Honorable Court grant its motion for leave to file the proposed motion for partial judgment on the pleadings and motion for partial summary judgment, attached as **Exhibit A**.

Dated:  November 13, 2025

BARNES & THORNBURG LLP

/s/*Scott R. Murphy*
Scott R. Murphy (P68015)
Anthony C. Sallah (P84136)
171 Monroe Ave., N.W. Ste. 1000
Grand Rapids, MI 49503
(616) 742-3930
smurphy@btlaw.com
asallah@btlaw.com

*Attorneys for Defendant Navistar, Inc.*

## STATEMENT OF ISSUES PRESENTED

1.      Whether the Court should allow Navistar to file a combined motion for partial judgment on the pleadings, and for partial summary judgment, on Plaintiffs' fraud claim in their Second Amended Complaint, pursuant to Federal Rule of Civil Procedure 12(c) and 56.

Navistar's Answer: Yes.

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

- Federal Rule of Civil Procedure 7

- Federal Rule of Civil Procedure 16(b)(4)

- *Perrin v. State Farm Mut. Auto. Ins. Co.*, No. 17-CV-10558, 2019 WL 13072737

  (E.D. Mich. May 6, 2019)

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

|  |  |
|---|---|
| GLS LEASCO, INC., and CENTRAL TRANSPORT LLC | Civil Action No. 23-cv-12927 |
| Plaintiffs, | Hon. Mark A. Goldsmith |
| v. | Magistrate Judge Anthony P. Patti |
| NAVISTAR, INC. |  |
| Defendant. |  |

## MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION FOR LEAVE TO FILE COMBINED MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS AND MOTION FOR PARTIAL SUMMARY JUDGMENT

For the reasons stated in the accompanying motion, Navistar respectfully requests that the Court grant Navistar leave to file the attached motion for partial judgment on the pleadings and motion for partial summary judgment on Plaintiffs' fraud claim in their Second Amended Complaint.

Dated:  November 13, 2025

BARNES & THORNBURG LLP

/s/ *Scott R. Murphy*
Scott R. Murphy (P68015)
Anthony C. Sallah (P84136)
171 Monroe Ave., N.W. Ste. 1000
Grand Rapids, MI 49503
(616) 742-3930
smurphy@btlaw.com
asallah@btlaw.com

*Attorneys for Defendant Navistar, Inc.*

1

## LOCAL RULE CERTIFICATION

I, Scott R. Murphy, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify that it is the appropriate length. Local Rule 7.1(d)(3).

BARNES & THORNBURG LLP

Dated: November 13, 2025

*/s/ Scott R. Murphy*
Scott R. Murphy (P68015)
*Attorney for Defendant Navistar, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on November 13, 2025, the foregoing was electronically filed using the CM/ECF system which will send notification of such filing to the e-mail addresses registered in the CM/ECF system, as denoted on the Electronic Mail Notice List.

Dated: November 13, 2025            */s/ Scott R. Murphy*
                                            Scott R. Murphy (P68015)
                                            *Attorney for Defendant Navistar, Inc.*