# EXHIBIT A

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

GLS LEASCO, INC., and CENTRAL
TRANSPORT LLC

               Plaintiffs,

      v.

NAVISTAR, INC.

               Defendant.

Civil Action No. 23-cv-12927

Hon. Mark A. Goldsmith

Magistrate Judge Anthony P. Patti

## DEFENDANT'S COMBINED MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS AND MOTION FOR PARTIAL SUMMARY JUDGMENT

Defendant Navistar, Inc. ("Navistar"), by and through its counsel of record Barnes & Thornburg LLP, moves for judgment on the pleadings on Count II of Plaintiff's Second Amended Complaint ("SAC"). Fed. R. Civ. P. 12(c). In the alternative, Navistar moves for summary judgment on Plaintiffs' Count II. Fed. R. Civ. P. 56. Navistar relies on the attached memorandum in support. Pursuant to Eastern District of Michigan Local Rule 7.1(a) and the Court's Practice Guidelines, on November 12, 2025, defense counsel communicated in writing and via videoconference with Plaintiffs' counsel, explaining the nature of the relief sought by this motion and seeking concurrence in the relief; Plaintiffs' counsel expressly denied concurrence.

For the reasons stated below and in the accompanying memorandum in support, the Court should grant judgment on the pleadings as to the Plaintiffs' fraud claim. The

1

claim now rests solely on Navistar's alleged statement that it "could only produce 600 trucks for [Plaintiffs] in 2022," (Dkt. No. 72, PageID.2963).

Assuming, as Plaintiffs allege, Navistar made that statement and it meant that Navistar in fact *could only* produce 600 trucks (as opposed to it *would only* allocate that amount to Plaintiffs), then Plaintiffs could not have reasonably relied on it to enter the Letter Agreement. That is because—according to Plaintiffs—the Letter Agreement promises to produce *1,100* trucks for them in 2022. But that is almost twice as many trucks as Plaintiffs allege Navistar claimed was the maximum it could produce. Simply put, no buyer could reasonably rely on a seller's purported representation that it was unable to build a product, as inducement to purchase that product.

In the alternative, the Court should grant summary judgment to Navistar on Plaintiffs' fraud claim because Plaintiffs have disclaimed, and presented no evidence of, any separate damages related to the waiver of the trade-in rights, meaning their purported "fraud" harm is not distinct from their claimed breach of contract harm.

Dated: November 13, 2025

BARNES & THORNBURG LLP

/s/ *Scott R. Murphy*
Scott R. Murphy (P68015)
Anthony C. Sallah (P84136)
171 Monroe Ave., N.W. Ste. 1000
Grand Rapids, MI 49503
(616) 742-3930
smurphy@btlaw.com
asallah@btlaw.com

*Attorneys for Defendant Navistar, Inc.*

2

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| GLS LEASCO, INC., and CENTRAL TRANSPORT LLC<br><br>　　　　　　　　Plaintiffs,<br><br>　　　v.<br><br>NAVISTAR, INC.<br><br>　　　　　　　　Defendant. | Civil Action No. 23-cv-12927<br><br>Hon. Mark A. Goldsmith<br><br>Magistrate Judge Anthony P. Patti |

**<u>DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS COMBINED</u>**
**<u>MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS AND</u>**
**<u>MOTION FOR PARTIAL SUMMARY JUDGMENT</u>**

i

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................. iii

STATEMENT OF ISSUES PRESENTED ........................................................... v

CONTROLLING OR MOST APPROPRIATE AUTHORITY ................................. vi

I.    STATEMENT OF MATERIAL FACTS ONLY FOR PURPOSES OF
      NAVISTAR'S MOTION FOR PARTIAL SUMMARY JUDGMENT ........... 1

II.   SUMMARY OF ARGUMENT............................................................... 1

III.  LEGAL STANDARD .......................................................................... 2

      A.    Federal Rule of Civil Procedure 12(c)........................................ 2

      B.    Federal Rule of Civil Procedure 56. ........................................... 3

IV.   ARGUMENT..................................................................................... 4

      A.    GLS and Central Transport cannot satisfy the reliance element for their
            fraud claim, because they could not reasonably rely on an oral statement
            contradicted by the written contract. ........................................... 4

      B.    On the surviving fraud theory, Plaintiffs do not claim as fraud damages
            waiver of their trade-in rights and have no evidence of such damages.... 7

V.    CONCLUSION.................................................................................. 9

LOCAL RULE CERTIFICATION............................................................... 10

CERTIFICATE OF SERVICE .................................................................... 11

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Aron Alan, LLC v. Tanfran, Inc.,*
   240 F. App'x 678 (6th Cir.2007) ........................................................................ 5

*Beacon Navigation GmbH v. Bayerische Motoren Werke AG,*
   709 F. Supp. 3d 364 (E.D. Mich. 2023) .......................................................... 3

*Brent v. Wayne Cty. Dep't of Human Servs.,*
   901 F.3d 656 (6th Cir. 2018) .............................................................................. 3

*Busch Marine Grp., Inc. v. Calumet River Fleeting, Inc.,*
   617 F. Supp. 3d 809 (E.D. Mich. 2022) .......................................................... 5

*Cook v. Little Caesar Enters., Inc.,*
   210 F.3d 653 (6th Cir. 2000) .............................................................................. 5

*Fred Lavery Co. v. Nissan N. Am., Inc.,*
   99 F. App'x 585 (6th Cir. 2004) ........................................................................ 4

*Huron Tool and Eng'g Co. v Precision Consulting Servs., Inc.,*
   532 N.W.2d 541 (Mich. App. 1995) ........................................................... vi, 8

*Knight v. Wells Fargo,* No. CIV. 12-12129,
   2014 WL 4829577 (E.D. Mich. Sept. 29, 2014) .............................. vi, 4, 5, 6

*Kowalke v. Swiss-Am. Trading Corp.,*
   523 F. App'x 341 (6th Cir. 2013) ...................................................................... 4

*MacDonald v. Thomas M. Cooley L. Sch.,*
   724 F.3d 654 (6th Cir. 2013) ......................................................... vi, 4, 5, 6

*Mitchell v. Per-Se Techs., Inc.,*
   64 F. App'x 926 (6th Cir. 2003) ........................................................................ 4

*Naji v. City of Dearborn, Michigan,*
   120 F.4th 520 (6th Cir. 2024) ............................................................................ 3

*New London Tobacco Mkt., Inc. v. Kentucky Fuel Corp.*,
44 F.4th 393 (6th Cir. 2022) ................................................................... vi, 8

*Novak v. Nationwide Mut. Ins. Co.*,
235 Mich. App. 675 (1999) ........................................................................ 4

*Rodgers v. Fisher Body Div., Gen. Motors Corp.*,
739 F.2d 1102 (6th Cir.1984) .................................................................... 4

## Rules

Federal Rule of Civil Procedure 12(b)(6) ................................................... 2

Federal Rule of Civil Procedure 12(c) ....................................................... 2

Federal Rule of Civil Procedure 56 ........................................................... 3

Federal Rule of Civil Procedure 56(a) ....................................................... 3

## STATEMENT OF ISSUES PRESENTED

1.      Whether the Court should grant Navistar judgment on the pleadings on Plaintiffs' fraudulent-inducement claim (Count II of Plaintiffs' Second Amended Complaint).

Navistar's Answer: Yes.

2.      Whether the Court should grant Navistar summary judgment on Plaintiffs' fraudulent-inducement claim (Count II of Plaintiffs' Second Amended Complaint).

Navistar's Answer: Yes.

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

- Opinion & Order, Dkt. No. 72

- *MacDonald v. Thomas M. Cooley L. Sch.*, 724 F.3d 654 (6th Cir. 2013)

- *Knight v. Wells Fargo*, No. CIV. 12-12129, 2014 WL 4829577 (E.D. Mich. Sept. 29, 2014)

- *Huron Tool and Eng'g Co. v Precision Consulting Servs., Inc.*, 532 N.W.2d 541 (Mich. App. 1995)

- *New London Tobacco Mkt., Inc. v. Kentucky Fuel Corp.*, 44 F.4th 393 (6th Cir. 2022)

## I.  STATEMENT OF MATERIAL FACTS ONLY FOR PURPOSES OF NAVISTAR'S MOTION FOR PARTIAL SUMMARY JUDGMENT

1.    When Plaintiffs sought leave to file the SAC, they disclaimed seeking waiver of their trade-in rights (or any other compensatory damages) for their fraud claim. (Dkt. No. 25, PageID.195 (wherein Plaintiffs stated that the only additional "damages" alleged are "attorneys' fees based on fraudulent conduct and exemplary damages" and did not impact Plaintiffs' damages expert).)

2.    In a supplemental and restated answer to an interrogatory that sought "all damages you are seeking in connection with this Action," GLS attested that it is not claiming the value of trade-in rights as damages for fraud. (Dkt. No. 59-1, PageID.2339 (noting that "[w]ith respect to the fraud claim," GLS seeks only exemplary damages, costs, and attorneys' fees).)

## II.  SUMMARY OF ARGUMENT

After this Court's recent order, Plaintiffs fraudulent-inducement claim fails for two independent reasons.

First, the claim fails pursuant to Federal Rule of Civil Procedure 12(c). The fraudulent-inducement claim asserted by GLS and Central Transport rests on a single statement: "that in December 2021 Navistar told GLS and Central Transport that it 'could only produce 600 trucks for' them in 2022[.]" (Order, Dkt. No. 72, PageID.2963.) For GLS and Central Transport to establish reasonable reliance, they would have to show that it was reasonable to believe that Navistar could produce *only*

*600 trucks in 2022*—and based on that belief entered a contract requiring production of *1,100 trucks* in that same time frame. But Michigan law is clear that no reasonable person can rely on an alleged misrepresentation that is expressly contradictory to the contract the person is being induced to enter. Accordingly, this Court should grant Navistar judgment on the pleadings as to Count II of the SAC.

Second, and alternatively, the claim fails pursuant to Federal Rule of Civil Procedure 56. The Court's Opinion & Order acknowledged Navistar's argument that the fraud claim cannot survive "because the damages [Plaintiffs] allege are indistinguishable from the ones in their breach of contract claim." (*Id.* at PageID.2964, n.3.) But the Court left the claim intact because "it is at least arguable that the alleged loss under the fraud theory of trade-in rights would be 'distinct' from the loss caused by a failure to timely deliver trucks." But in discovery, Plaintiffs disclaimed damages based on having "waived" their trade-in rights, and only disclosed damages based upon an alleged failure to deliver trucks on the production schedule in the Letter Agreement. Plaintiffs are not seeking distinct damages for fraud and therefore the fraudulent-inducement claim fails for this independent reason.

## III. LEGAL STANDARD

### A. Federal Rule of Civil Procedure 12(c).

"Where, as here, the defendant is the moving party, district courts decide a motion for judgment on the pleadings under Rule 12(c) using the same standard that applies to a motion to dismiss under Rule 12(b)(6)." *Beacon Navigation GmbH v. Bayerische*

2

*Motoren Werke AG*, 709 F. Supp. 3d 364, 373 (E.D. Mich. 2023). "Accordingly, a district court must accept all of the factual allegations contained in the complaint as true and construe the complaint and its exhibits in the light most favorable to the plaintiff." *Id.* at 373. In addition to the complaint, the Court "may consider public records, items in the record of the case, and exhibits attached to the defendant's motion for judgment on the pleadings so long as they are 'referred to' in the complaint and 'central to' the claims." *Id.* (quoting *Brent v. Wayne Cty. Dep't of Human Servs.*, 901 F.3d 656, 695 (6th Cir. 2018)). Here, the record includes this Court's own opinion (Dkt. 72), which identifies the only alleged misrepresentation remaining in the case, and which identifies the relevant contractual provision.

To survive the motion, the plaintiff must state a plausible claim, and "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (citation omitted).

### B.    Federal Rule of Civil Procedure 56.

"Summary judgment is appropriate when there is no genuine dispute of material fact, and the moving party is entitled to judgment as a matter of law." *Naji v. City of Dearborn, Michigan*, 120 F.4th 520, 523 (6th Cir. 2024) (citing Fed. R. Civ. P. 56(a)). The court must "construe the evidence and make all reasonable inferences in favor of the nonmoving party." *Id.*

"A party seeking relief must prove damages, just as it must prove every other element of a legal claim." *Fred Lavery Co. v. Nissan N. Am., Inc.*, 99 F. App'x 585, 592 (6th Cir. 2004) (citing *Rodgers v. Fisher Body Div., Gen. Motors Corp.*, 739 F.2d 1102, 1107 (6th Cir. 1984)). "If the movant points to a lack of evidence concerning an element of the case," including damages, "the burden shifts to the nonmoving party to bring forth significant evidence which shows that there is a genuine issue of material fact to be resolved at trial." *Mitchell v. Per-Se Techs., Inc.*, 64 F. App'x 926, 926 (6th Cir. 2003); *see also Kowalke v. Swiss-Am. Trading Corp.*, 523 F. App'x 341, 342 (6th Cir. 2013) (affirming summary judgment on fraud claim for lack of damages).

## IV.    ARGUMENT

### A.    GLS and Central Transport cannot satisfy the reliance element for their fraud claim, because they could not reasonably rely on an oral statement contradicted by the written contract.

One of the elements of fraud is "that the plaintiffs' reliance on the alleged misrepresentation must have been reasonable." *MacDonald v. Thomas M. Cooley L. Sch.*, 724 F.3d 654, 662–63 (6th Cir. 2013) (citing *Novak v. Nationwide Mut. Ins. Co.*, 235 Mich. App. 675, 690 (1999)). Under Michigan law, "[u]nreasonable reliance includes relying on an alleged misrepresentation that was expressly contradicted in a written contract that a plaintiff reviewed and signed." *Id.* "A plaintiff unreasonably relies on one of the defendant's statements if another of the defendant's statements contradicts it." *Id.*

This Court applied this principle in *Knight v. Wells Fargo*, No. CIV. 12-12129, 2014 WL 4829577 (E.D. Mich. Sept. 29, 2014) (Goldsmith, J.), and dismissed a fraud claim

for a lack of reasonable reliance. In *Knight*, the plaintiff brought a fraudulent-inducement claim based on an oral representation that her insurance proceeds would be used to repair her fire-damaged rental property, not to pay off her loan. *Id.* at *1, *5. She alleged that Wells Fargo's agent told her that if she signed the signature page, Wells Fargo would "begin applying the insurance proceeds *toward repairs*" for her rental property. *Id.* at *5 (emphasis added). But the plain language of the signature page authorized Wells Fargo "to use the insurance proceeds *to pay off the mortgage loan*." *Id.* at *7 (emphasis added).

This Court found that the plaintiff could not have reasonably relied on the claimed misrepresentation. This Court observed that "[u]nreasonable reliance includes relying on an alleged misrepresentation that is expressly contradicted in a written contract that the plaintiff reviewed and signed." *Id.* (quoting *Aron Alan, LLC v. Tanfran, Inc.*, 240 F. App'x 678, 682 (6th Cir.2007)). Therefore, "[b]ecause the plain language of the written document expressly contradicted the claimed oral misrepresentation, Plaintiff's reliance on the oral statement was not reasonable." *Id.* at *7; *see also MacDonald*, 724 F.3d at 665; *Busch Marine Grp., Inc. v. Calumet River Fleeting, Inc.*, 617 F. Supp. 3d 809, 820 (E.D. Mich. 2022) ("[R]eliance upon oral representations or prior documents, even if false, is unreasonable if the party enters into a subsequent agreement [with contrary terms].") (quoting *Cook v. Little Caesar Enters., Inc.*, 210 F.3d 653, 658 (6th Cir. 2000), and adding bracketed language).

The rule from *Knight* and *MacDonald* bars Plaintiffs' fraud claim. They could not reasonably rely on a promise that contradicted the contract they later signed. According to this Court's recent order, Plaintiffs are allowed to proceed on a claim that the May 2022 agreement promised "that Navistar would produce **1,100** trucks by the end of June 2022." (Order, Dkt. No. 72, PageID.2956 (emphasis added).)

Such a promise expressly contradicts the claimed oral misrepresentation "that in December 2021 Navistar told GLS and Central Transport that it 'could **only** produce **600** trucks for' them in 2022[.]" (*Id.*, PageID.2963 (emphasis added).) Accordingly, as this Court held in *Knight*, Plaintiffs' reliance on the oral statement was not reasonable.

Put another way, a reasonable person would not rely on a representation that a person can ***not*** do something as an inducement to a contract calling for the counterparty to do exactly what he or said she could not do. For example, if a farmer said he could produce only 600 acres of corn during next year's summer crop, no reasonable person would rely on that promise to later enter a contract that required the farmer to produce 1,100 acres of corn during that same harvest.

Because no reasonable person would rely on a statement that Navistar could produce only 600 trucks as an inducement to enter in a later contract with ***almost double the production requirement*** (1,100 trucks), this Court should grant Navistar judgment on the fraud claim.

6

**B.    On the surviving fraud theory, Plaintiffs do not claim as fraud damages waiver of their trade-in rights and have no evidence of such damages.**

In addition, Navistar is entitled to summary judgment because Plaintiffs have no evidence of—and in fact disclaimed—fraud damages. The Opinion & Order acknowledges Navistar's argument that Plaintiffs' claimed fraud damages "are indistinguishable from the ones in their breach of contract claim," and barred by the economic loss doctrine, but found that "[r]eviewing the record to date, it is at least arguable that the alleged loss under the fraud theory of trade-in rights would be 'distinct' from the loss caused by a failure to timely deliver trucks." (Dkt. No. 72, PageID.2964, n.3.) However, the record to date establishes that Plaintiffs do not allege their trade-in rights as fraud damages.

When Plaintiffs sought leave to file the SAC, they disclaimed seeking waiver of their trade-in rights (or any other compensatory damages) for their fraud claim. (Dkt. No. 25, PageID.195 (wherein Plaintiffs stated that the only additional "damages" alleged are "attorneys' fees based on fraudulent conduct and exemplary damages" and did not impact Plaintiffs' damages expert).) Moreover, in their subsequent interrogatory answers, Plaintiffs attested that they were not claiming the value of their trade-in rights as damages for fraud. (Dkt. No. 59-1, PageID.2339 (noting that "[w]ith respect to the fraud claim," GLS seeks only exemplary damages, costs, and attorneys' fees).)

Plaintiffs can point to no evidence in the record to establish that they seek waiver of their trade-in rights as damages in this case. And while Plaintiffs have at times

7

identified additional *remedies* (attorney fees and exemplary damages), those remedies would be addressing the exact same *harm* as the breach-of-contract claim—the loss of money based on Navistar's alleged failure to produce in 2022 the number of trucks promised in the letter agreement. (Dkt. No. 46, PageID.855.) The same was true at the time of the Opinion & Order, and at no point have Plaintiffs claimed waiver of their trade-in rights as damages in this case.

Fundamentally, Plaintiffs' claimed damages in this case—whether for breach of contract or fraud—have *always* comprised the damages in Mr. Kahaian's expert report, the alleged loss of sales in the market on their 2018 used trucks. Plaintiffs have presented no alternative damages model. As the Court acknowledged, a plaintiff cannot "recover for the *same* damages under both fraudulent inducement and breach of contract." *New London Tobacco Mkt., Inc. v. Kentucky Fuel Corp.*, 44 F.4th 393, 414 (6th Cir. 2022) (citing *Huron Tool and Eng'g Co. v Precision Consulting Servs., Inc.*, 532 N.W.2d 541, 546 (Mich. App. 1995)) (emphasis added). This is precisely what Plaintiffs claim

here, meaning the fraudulent inducement claim should be dismissed for this independent reason.[1]

## V.    CONCLUSION

For these reasons, Navistar respectfully asks the Court to grant it judgment on the pleadings on Count II of the Second Amended Complaint. Alternatively, Navistar respectfully asks the Court to grant it summary judgment on Count II.

Dated:  November 13, 2025

BARNES & THORNBURG LLP

/s/ *Scott R. Murphy*
Scott R. Murphy (P68015)
Anthony C. Sallah (P84136)
171 Monroe Ave., N.W. Ste. 1000
Grand Rapids, MI 49503
(616) 742-3930
smurphy@btlaw.com
asallah@btlaw.com
*Attorneys for Defendant Navistar, Inc.*

---

[1] Plaintiffs cannot claim that "attorneys' fees" or "exemplary damages" suffice for independent harm, as that would permit any plaintiff to meet the exception to the economic loss doctrine, effectively swallowing the rule

**LOCAL RULE CERTIFICATION**

I, Scott R. Murphy, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts).  I also certify that it is the appropriate length.  Local Rule 7.1(d)(3).

*/s/ Scott R. Murphy*
Scott R. Murphy
*Attorney for Defendant Navistar, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on November 13, 2025, the foregoing was electronically filed using the CM/ECF system which will send notification of such filing to the e-mail addresses registered in the CM/ECF system, as denoted on the Electronic Mail Notice List.

/s/ Scott R. Murphy
Scott R. Murphy
*Attorney for Defendant Navistar, Inc.*