UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GLS LEASCO, INC. and
CENTRAL TRANSPORT, LLC,

                       Case No. 23-cv-12927

     Plaintiffs,

                       Hon. Mark A. Goldsmith

v.

                       Magistrate Judge Anthony P. Patti

     NAVISTAR, INC.,

   Defendant.

_____

**Plaintiffs' Brief in Opposition to Defendant's Motion for Leave to File
Combined Motion for Partial Judgment on the Pleadings
and Motion for Partial Summary Judgment**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................................................................... ii

INTRODUCTION ...................................................................................1

ARGUMENT ..........................................................................................1

I.    The Court Should Deny Navistar's Motion for Leave to File a Rule 12(c) Motion Because It is Both Procedurally Unsupported and Futile on the Merits. ....................................................................1

    A. Navistar's Motion for Leave Presents None of the Unique, Limited Circumstances Supporting a Rule 12(c) Motion *After* Denial of a Near-Identical Rule 12(b)(6) Motion and Navistar Provides No Good Cause for Its Filing. ................................2

        1. There are no "unique circumstances" supporting Navistar's Rule 12(c) motion. ...............................................................2

        2. Navistar offers no good cause to circumvent the Court's scheduling order. ...............................................................4

        3. It is nonsensical to reconsider this case under the plausibility standard for pleadings after the conclusion of discovery. ................6

    B. The Rule 12(c) Motion is Meritless, and So Granting Leave to File It Would Be Futile. ...............................................................7

II.    Navistar's Second Summary Judgment Motion is Similarly Deficient on Both Procedure and Merits, Supporting Denial of Leave. ...........................................................................................10

    A. There is No Good Cause to Permit a Second Rule 56 Motion. ..........10

    B. Navistar is Incorrect in Claiming That GLS Has No Damages Unique to Its Fraud Claim, So Its Rule 56 Motion Would Also Be Futile. ............................................................................12

CONCLUSION ...................................................................................15

# TABLE OF AUTHORITIES

## Cases

*Argo v. Woods*,
  399 F. App'x 1 (5th Cir. 2010) ............................................................5

*Bazzi v. Sentinel Ins. Co.*,
  502 Mich. 390 (2018) ................................................................. 13, 15

*Beacon Navigation GmbH v. Bayerische Motoren Werke AG*,
  709 F. Supp. 3d 364 (E.D. Mich. 2023) ...............................................2

*Boulger v. Woods*,
  306 F. Supp. 3d 985 (S.D. Ohio 2018) ................................................2

*Dzurka Bros., LLC v. Luckey Farmers, Inc.*,
  712 F. Supp. 3d 979 (E.D. Mich. 2024) .............................................13

*Estep v. City of Somerset, Ky.*,
  No. CIV.A. 10-286-ART, 2011 WL 845847 (E.D. Ky. Mar. 8, 2011)............3, 4

*Frontczak v. City of Detroit*,
  No. 18-13781, 2021 WL 1736954 (E.D. Mich. May 3, 2021)............................5

*Grajales v. Puerto Rico Ports Auth.*,
  682 F.3d 40 (1st Cir. 2012) ...............................................................6

*Inge v. Rock Fin. Corp.*,
  281 F.3d 613 (6th Cir. 2002) .......................................................5, 12

*Knight v. Wells Fargo*,
  No. 12-12129, 2014 WL 4829577 (E.D. Mich. Sept. 29, 2014) .......................9

*Kovacevich v. Kent State Univ.*,
  224 F.3d 806 (6th Cir. 2000) ...........................................................10

*Lexicon, Inc. v. Safeco Ins. Co. of Am.*,
  436 F.3d 662 (6th Cir. 2006) ...........................................................10

*Lindsay v. Yates*,
  498 F.3d 434 (6th Cir. 2007) .............................................................6

*MacDonald v. Thomas M. Cooley L. Sch.*,
  724 F.3d 654 (6th Cir. 2013) .............................................................9

*Riggins v. Walter*,
  279 F.3d 422 (7th Cir. 1995) .............................................................5

*Riverview Health Inst. LLC v. Med. Mutual of Ohio*,
    601 F.3d 505 (6th Cir. 2010) ...................................................................7

*Spigno v. Precision Pipeline, LLC*,
    59 F. Supp. 3d 831 (E.D. Mich. 2014) ..................................................7

*Thomas v. Lambert*,
    587 F. Supp. 3d 635 (E.D. Mich. 2022) ...................................... 10, 11

## Statutes & Rules

Fed. R. Civ. P. 12 ...................................................................................4, 6

Fed. R. Civ. P. 16 ......................................................................................4

## INTRODUCTION

The Court has already ruled on Navistar's arguments against GLS's fraud claims. ECF No. 72. Navistar nevertheless seeks yet another bite at the apple in the form of a combined Rule 12(c) and second Rule 56 motion despite asserting no new evidence or grounds for relief that were unavailable to it the first go-round. Nor does the court's decision denying Navistar's Rule 12(b)(6) and first Rule 56 motion raise new issues. Navistar's request that the court take another look is procedurally and substantively deficient on each of the two separate motions, and this Court should deny it leave to file this meritless attempt to relitigate a fraud claim that has every right to proceed to the jury.

## ARGUMENT

### I. The Court Should Deny Navistar's Motion for Leave to File a Rule 12(c) Motion Because It is Both Procedurally Unsupported and Futile on the Merits.

In seeking leave to file a Rule 12(c) motion for judgment on the pleadings at this late stage of the litigation, Navistar does not explain what "unique circumstances" exist to permit this duplicative filing. Nor can it because no such circumstances exist. Moreover, Navistar's arguments for judgment on the pleadings fail on the merits, providing the Court a separate basis for denial, on the grounds that granting leave would be futile.

**A. Navistar's Motion for Leave Presents None of the Unique, Limited Circumstances Supporting a Rule 12(c) Motion *After* Denial of a Near-Identical Rule 12(b)(6) Motion and Navistar Provides No Good Cause for Its Filing.**

Navistar's Rule 12(c) motion is procedurally improper on three different grounds: (1) it provides no legitimate basis for the Court to consider anew the arguments they made or could have made in their already-decided Rule 12(b)(6) motion, (2) they offer no good cause to modify the Court's scheduling order, and (3) it simply makes no sense for the Court to revert back to the Rule 12 plausibility standard after completion of the voluminous discovery conducted in this case.

**1. There are no "unique circumstances" supporting Navistar's Rule 12(c) motion.**

Although the Federal Rules of Civil Procedure technically permit a party to file a Rule 12(c) motion following a Rule 12(b)(6) motion, *Boulger v. Woods*, 306 F. Supp. 3d 985, 995 (S.D. Ohio 2018), *aff'd,* 917 F.3d 471 (6th Cir. 2019), leave to file such motions need not be granted as a matter of course. Given that "district courts decide a motion for judgment on the pleadings under Rule 12(c) using the same standard that applies to a motion to dismiss under Rule 12(b)(6)," *Beacon Navigation GmbH v. Bayerische Motoren Werke AG*, 709 F. Supp. 3d 364, 373 (E.D. Mich. 2023), courts strongly disfavor such repetitive motion practice when the Rule 12(c) arguments are duplicative of arguments previously raised under Rule 12(b)(6) or center on arguments that could have been raised at that time. "If the defendant's

– 2 –

12(c) motion simply reiterates the same arguments that he made in his 12(b)(6) motion, the court should deny it out of hand," and "[i]f the defendant raises new arguments in his 12(c) motion that he could (and should) have raised in his 12(b)(6) motion, the court should usually deny the 12(c) motion, lest its first opinion be rendered merely advisory." *Estep v. City of Somerset, Ky.*, No. CIV.A. 10-286-ART, 2011 WL 845847, at *2 (E.D. Ky. Mar. 8, 2011) (Thapar, J.). Thus, a Rule 12(c) motion following a Rule 12(b)(6) motion is only "appropriate" in certain "unique situations," such as when: "(1) the court's decision denying the motion to dismiss raises new or unexpected issues, (2) the defendant produces legal authority and/or evidence in response to the court's decision, (3) the plaintiff's claim must fail as a matter of law and cannot be saved with any amount of discovery, and (4) dismissing the claim will save the parties' and the court's resources, ruling on the defendant's 12(c)." *Id.*

Here, Navistar meets none of these necessary criteria for filing such a duplicative motion, and the Court can deny its motion for leave on this ground. There are no new issues. Navistar's Rule 12(b)(6) motion, filed back in October of 2024, took direct aim at GLS's fraud claim. *See* ECF No. 32, PageID.404–05. Navistar acknowledged that GLS has "alleged that in 'the negotiations leading up to' the April 2022 letter agreement, Navistar 'proposed an earlier delivery schedule for new tractors,'" *Id.*, PageID.404 (quoting ECF No. 17, ¶ 24, PageID.136). This

– 3 –

specifically relates to the exact same fraud theory that Navistar now seeks to attack again in its duplicative Rule 12(c) motion—that Navistar said it could not deliver more than 600 tractors under the 2021 agreement. *Compare* ECF No. 32, PageID.404–05, *with* ECF No. 76, PageID.3027–28. In other words, Navistar was well aware of, and attacked, GLS's claim that Navistar committed fraudulent inducement by arguing that it could not deliver all ordered trucks under the old agreement. Thus, this Rule 12(c) motion "simply reiterates the same arguments that [Navistar] made in [its] 12(b)(6) motion," and the Court "should deny it out of hand." *Estep*, 2011 WL 845847, at *2. At an absolute minimum, Navistar was well aware of the facts related to its contention about the reasonableness of GLS's reliance on Navistar's misrepresentations, meaning it "could (and should) have raised [it] in [its] 12(b)(6) motion," which still supports this Court "deny[ing] the 12(c) motion, lest its first opinion be rendered merely advisory." *Id.*

### 2. Navistar offers no good cause to circumvent the Court's scheduling order.

Furthermore, case management and scheduling deadlines within litigation matter, and cannot be ignored by a dilatory litigant. Pursuant to Rule 16(b)(4), a case "schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). This more-specific language trumps the language within Rule 12(c)—allowing the filing of such a motion "[a]fter the pleadings are closed[,] but early enough not to delay trial," Fed. R. Civ. P. 12(c)—because Rule 12(c) "does not

– 4 –

restrict the court's discretion under Rule 16(b)," and requires "the moving party [to] compl[y] with the requirements of Rule 16(b)" in order to bring a Rule 12(c) motion "after the dispositive motions deadline." *Riggins v. Walter*, 279 F.3d 422, 427–28 (7th Cir. 1995); *see also Argo v. Woods*, 399 F. App'x 1, 3 (5th Cir. 2010) (agreeing with *Riggins* and noting that such a motion must "meet[ ] Rule 16's fairly stringent 'good cause' standard"); *Frontczak v. City of Detroit*, No. 18-13781, 2021 WL 1736954, at *2 (E.D. Mich. May 3, 2021) (same). Good cause requires the moving party to show "diligence in attempting to meet the case management order's requirements," as well as no "possible prejudice to the party opposing the modification." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002).

Navistar does not have good cause to file this motion after the deadline for dispositive motions in the Court's scheduling order. *Riggins*, 279 F.3d at 427–28. Navistar could have (and in large measure *did*) raise this issue in response to GLS's Second Amended Complaint, over a year ago, already attacking that Complaint under Rule 12(b)(6)/Rule 12(c)'s identical plausibility standard. *See* ECF No. 32, PageID.404–05. Raising the issue again, now, well after the conclusion of discovery and dispositive briefing, is the antithesis of "diligence in attempting to meet the case management order's requirements." *Inge*, 281 F.3d at 625. And accepting this Rule 12(c) motion would "prejudice" GLS. *Id.* The parties have engaged in and completed extensive discovery and are gearing up for a June trial date with pre-trial

deadlines in April and May. Navistar, however, asks the Court to reject all of those efforts, ignore all of the actual evidence marshaled by the parties, and engage in a purely academic exercise related only to the pleadings, all the while forcing GLS to expend efforts responding to their late filing, rather than preparing for the trial ahead. Navistar has not met its burden to cause this disruption.

### 3. It is nonsensical to reconsider this case under the plausibility standard for pleadings after the conclusion of discovery.

As Courts have noted, it "makes little sense" for the Court to address the "threshold inquiry" raised in a Rule 12(c) motion at this late stage of litigation by "[i]gnoring the entire panoply of facts developed during discovery" and "[a]pply[ing] the plausibility standard to a complaint after substantial pretrial discovery has taken place." *Grajales v. Puerto Rico Ports Auth.*, 682 F.3d 40, 45–46 (1st Cir. 2012); *see Lindsay v. Yates*, 498 F.3d 434, 438 (6th Cir. 2007) ("The same standards apply irrespective of whether the complaint has been dismissed under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim or under Rule 12(c) for judgment on the pleadings."). Since "one of the main goals of the plausibility standard is the avoidance of unnecessary discovery . . . [a]pplying the plausibility standard to a complaint after discovery is nearly complete would defeat this core purpose." *Grajales*, 682 F.3d at 46.

That applies with equal force here, and is exactly the principle Navistar seeks to violate. Granting Navistar leave to file its Rule 12(c) motion would force this

– 6 –

Court back into an alternate universe where all of the developed and admitted record facts do not exist. The Court should not countenance Navistar's request to engage in this belated hypothetical exercise, particularly since the court already ruled on motions brought under Rule 56 regarding the developed record.

### B. The Rule 12(c) Motion is Meritless, and So Granting Leave to File It Would Be Futile.

Even if Navistar's Rule 12(c) motion were not procedurally defective in multiple ways, *supra* Part I.A, the Court should nevertheless deny it as futile.

As is well understood in the amendment-of-pleadings context, courts will deny a party's motion to amend when it is "futile." *Riverview Health Inst. LLC v. Med. Mutual of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010). The purpose of the futility doctrine is to "save the parties and the court the expense of having to confront a claim doomed to failure from its outset." *Spigno v. Precision Pipeline, LLC*, 59 F. Supp. 3d 831, 834 (E.D. Mich. 2014). By analogy, courts need not grant leave to file motions out of time when they too are "doomed to failure from [the] outset." *Id.*

Here, Navistar's motion for judgment on the pleadings rests entirely on the argument that GLS could not have "reasonably rel[ied]" on a "claimed oral misrepresentation that in December 2021 Navistar told GLS and Central Transport that it 'could **only** produce **600** trucks for them in 2022," when the Letter Agreement "promised that Navistar would produce **1,100** trucks by the end of June 2022," because "a reasonable person would not rely on a representation that a person can

– 7 –

***not*** do something as an inducement to a contract calling for the counterparty to do exactly what he or said she could not do." ECF No. 76-1, PageID.3049 (emphases in original). This argument ignores entirely the allegations in the Second Amended Complaint (and Navistar's own Answer to that Complaint) that explain *exactly* why GLS believed Navistar's fraudulent misrepresentation and why the second contract, entered into months later, does not promise the same terms they misrepresented.

As GLS explained, Navistar's "difficulty producing new trucks" that impacted its ability to meet its contractual obligations was based upon issues obtaining "its Bendix Fusion collision mitigation system," and so it was shifting production slots to "customers willing to accept delivery of new trucks without the Bendix system." ECF No. 29, PageID.251, ¶ 23. And Navistar explicitly *admitted* that, at that time, "it experienced historic supply chain issues and that supply of the Bendix Fusion collision mitigation system was delayed." ECF No. 75, PageID.2985, ¶ 23. Indeed, as Navistar admitted, "the parties negotiated a number of key points with respect to the April 8, 2022 Letter Agreement including producing certain trucks with a Bendix Prewire with credit for aftermarket install," to remedy its problems obtaining the Bendix system for new truck builds. *Id.*, PageID.2986, ¶ 24; *see also id.*, PageID.2987, ¶ 27 ("In order to secure the earlier production slots, GLS agreed to allow Navistar to complete the installation and wiring of its Bendix system after delivery of GLS's new trucks. ANSWER: Navistar admits that it built trucks

without the Bendix system to [*sic*] GLS as contemplated by the Letter Agreement.").
Navistar even explicitly acknowledged this to be a "Bendix accommodation
package," which GLS has alleged was the driving force allowing Navistar to build
and deliver all of the trucks GLS ordered under the Letter Agreement. *Id.*,
PageID.3004, ¶ 67.

Taken all together, then, the allegations show that GLS *reasonably* relied on
Navistar's claims that it would not be able to meet its contractual duties under the
prior agreement but that it could, as promised a month later, provide 1,100 trucks in
2022 because GLS had agreed to "accommodat[e]" its inability to obtain sufficient
numbers of the Bendix system. *Id.* Thus, there is nothing at all "expressly
contradict[ory]," *MacDonald v. Thomas M. Cooley L. Sch.*, 724 F.3d 654, 665 (6th
Cir. 2013); *Knight v. Wells Fargo*, No. 12-12129, 2014 WL 4829577, at *6 (E.D.
Mich. Sept. 29, 2014), between Navistar's statement that it could only provide GLS
600 trucks with the Bendix system and its later promise to provide 1,100 trucks
*without* that Bendix system that it was having extreme difficulty obtaining.[1]

Because Navistar's proposed Rule 12(c) motion is completely meritless,
granting it leave to file that motion would be futile.

---

[1] Moreover, this ignores the evidence that the misrepresentation was part of a
broader effort to eliminate the Optional Trade Back Agreement. *See, e.g.*, ECF
No. 51-15; ECF No. 51-17.

II.   **Navistar's Second Summary Judgment Motion is Similarly Deficient on Both Procedure and Merits, Supporting Denial of Leave.**

Navistar's second motion for summary judgment fares no better, as it too is both procedurally and substantively lacking to justify leave to file.

### A. There is No Good Cause to Permit a Second Rule 56 Motion.

As the Sixth Circuit has explained, while "[d]istrict courts may in their discretion permit renewed or successive motions for summary judgment," such motions are generally accepted "when the moving party has expanded the factual record on which summary judgment is sought." *Lexicon, Inc. v. Safeco Ins. Co. of Am.*, 436 F.3d 662, 670 n. 6 (6th Cir. 2006) (quoting *Kovacevich v. Kent State Univ.*, 224 F.3d 806, 835 (6th Cir. 2000) (Gilman, J., concurring in part)). And as other Judges on this Court have explained, a movant generally must show "(1) an intervening change in controlling law; (2) newly available evidence or an expanded factual record; and (3) a need to correct a clear error or prevent manifest injustice" for a second motion for summary judgment to be "appropriate." *Thomas v. Lambert*, 587 F. Supp. 3d 635, 638 (E.D. Mich. 2022). And it is obvious that a mere "lack of diligence does not create good cause." *Id.* at 639.

Here, Navistar cannot show any good cause to allow this second motion for summary judgment. The proposed motion claims no "intervening change in controlling law," no "newly available evidence or an expanded record," and no "need to correct a clear error or prevent manifest injustice." *Id.* at 638. Instead,

– 10 –

Navistar bases the entire motion on two allegedly "material facts": (1) "When Plaintiffs sought leave to file the SAC, they disclaimed seeking waiver of their trade-in rights (or any other compensatory damages) for their fraud claim," and (2) "[i]n a supplemental and restated answer to an interrogatory that sought 'all damages you are seeking in connection with this Action,' GLS attested that it is not claiming the value of trade-in rights as damages for fraud." ECF No. 76-1, PageID.3044; *see also id.*, PageID.3051–52.

While both of these factual assertions are deeply misleading, such that Navistar's summary judgment motion has no substantive merit, *see infra* Part II.B, even if they were true they are in no way "newly available evidence or an expanded factual record," *Thomas*, 587 F. Supp. 3d at 638, that would allow Navistar a do-over. Both the motion for leave to amend, ECF No. 25, PageID.195, to which Navistar stipulated, and the interrogatory response, ECF No. 59-1, PageID.2339, on which it relies to claim GLS is not seeking damages in connection with its fraud claim were in Navistar's possession prior to Navistar filing its first motion to dismiss or summary judgment motion. Thus, as in *Thomas*, "[t]he evidence [Navistar] rel[ies] on . . . was in their possession . . . when this Court denied summary judgment," and Navistar's "lack of diligence does not create good cause." 587 F. Supp. 3d at 639.

Moreover, Navistar's second Rule 56 motion fails to show "good cause" necessary to modify this Court's case "schedule," Fed. R. Civ. P. 16(b)(4), for all the same reasons its Rule 12(c) motion failed as well, *supra* Part I.A.2. Attempted reliance on old facts, already in Navistar's possession well before the dispositive-motion deadline is simply not the sort of "diligence in attempting to meet the case management order's requirements" necessary to show good cause. *Inge*, 281 F.3d at 625.

### B. Navistar is Incorrect in Claiming That GLS Has No Damages Unique to Its Fraud Claim, So Its Rule 56 Motion Would Also Be Futile.

Finally, even if Navistar could show good cause meriting a second summary judgment motion, that motion would fail on the merits, further supporting denial of the motion for leave. As noted above, *supra* p.7, courts need not grant leave to file motions out of time when they are "doomed to failure from [the] outset" because the Court has the authority to "save the parties and the court the expense of having to confront a claim" with no legitimate hope of success. *Spigno*, 59 F. Supp. 3d at 834.

Here, Navistar's proposed summary judgment motion relies upon purported "facts" that do not present any basis to grant judgment on GLS's fraud claim. GLS did not limit its possible fraud remedies in its motion for leave to file the Second Amended Complaint, even noting that the fraud claim would provide "new damages related theories" that would include "attorneys' fees based on fraudulent conduct and exemplary damages." ECF No. 25, PageID.195. And the Second Amended

– 12 –

Complaint itself requested damages "in an amount greater than $75,000.00, plus interest, costs, exemplary damages, attorneys' fees, equitable relief as appropriate (including potential reformation or rescission of part or all of the fraudulently-induced contract), and such further relief as the Court deems just and equitable," related to fraud. ECF No. 29, PageID.274. Rescission is an "equitable remedy," *Dzurka Bros., LLC v. Luckey Farmers, Inc.*, 712 F. Supp. 3d 979, 1002 (E.D. Mich. 2024), that "abrogates a contract and restores the parties to the relative positions that they would have occupied if the contract had never been made," *Bazzi v. Sentinel Ins. Co.*, 502 Mich. 390, 409 (2018). That would operate here to rescind the parties' Letter Agreement, returning them to the 2021 Agreement, which Navistar breached by not accepting trade-ins of 75–100 trucks per month throughout 2022 at the contractual rate. *See Indiana Flooring Co. v. Grand Rapids Tr. Co.*, 20 F.2d 63, 65 (6th Cir. 1927); *Travelers Ins. Co. v. Carey*, 24 Mich. App. 207, 215–17 (1970).

No better are Navistar's arguments based on GLS's interrogatory answers. Navistar's interrogatory at issue never encompassed any damages or other remedies GLS claimed as a result of Navistar's *fraud*. Navistar quotes the interrogatory as requesting "all damages you are seeking in connection with this Action," but misleadingly omits the remainder of that clause: "*as alleged in paragraph 46 of the Complaint*." ECF No. 59-1, PageID.2337 (emphasis added). Paragraph 46 of GLS's original Complaint noted that "GLS has suffered tens of millions of dollars of

damages caused by Navistar's *material breach* of the Letter Agreement," and falls within that Complaint's sole count for "BREACH OF CONTRACT." ECF No. 1-1, PageID.17, ¶ 46. And it could not relate to either GLS's Amended Complaint or Second Amended Complaint, as both of those pleadings' paragraph 46 have nothing to do with "damages [GLS is] seeking in connection with this Action," ECF No. 59-1, PageID.2337, at all. *See* ECF No. 17, PageID.143, ¶ 46; ECF No. 29, PageID.258, ¶ 46. Thus, Navistar's Interrogatory #6 never encompassed fraud damages, and no other interrogatory ever requested that information either. Furthermore, despite taking a supplemental deposition of GLS's Rule 30(b)(6) corporate designee, that supplemental deposition notice did not include damages as a topic, and even the designee's testimony in his personal capacity noted that there were numerous forms of damages above and beyond the contract claim that he believed GLS had sustained as a result of Navistar's fraud. (**Exhibit 1**, Navistar's Amended Rule 30(b)(6) Deposition Notices; **Exhibit 2**, Parties' Correspondence Regarding Deposition Topics; **Exhibit 3**, Excerpts of November 13, 2024 Deposition of GLS Corporate Representative, pp.8–16.)

While it is true that GLS later mentioned certain damages it was seeking "[w]ith respect to the fraud claim," in a supplemental answer to this interrogatory, *see* ECF No. 59-1, PageID.2339, that answer was not required by the interrogatory's subject matter, and so was provided voluntarily to ensure that Navistar was aware it

– 14 –

faced damages related to GLS's reputational harms caused by Navistar's fraud, and could also expect that GLS intended to pursue its attorneys' fees and costs as well. As stated above, *supra* pp.12–13, the Second Amended Complaint also seeks equitable relief as appropriate, including reformation and rescission. Such forms of equitable relief are not damages. *Bazzi*, 502 Mich. at 410 n.11 ("A plaintiff . . . is not required to elect between the remedies of rescission and damages.")

## CONCLUSION

This Court should deny Navistar leave to file its procedurally and substantively deficient Combined Motion.

Respectfully submitted,

KIENBAUM HARDY
VIVIANO PELTON & FORREST, P.L.C.:

By:  ___/s/ Eric J. Pelton___
    Eric J. Pelton (P40635)
    Thomas J. Davis (P78626)
    Counsel for Plaintiffs
    280 N. Old Woodward Ave., Ste. 400
    Birmingham, MI 48009
    (248) 645-0000
    epelton@khvpf.com
Date: December 1, 2025     tdavis@khvpf.com
557691

## LOCAL RULE CERTIFICATION

I, Eric J. Pelton, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify that it is the appropriate length. Local Rule 7.1(d)(3).

*/s/ Eric J. Pelton*
Eric J. Pelton (P40635)
Kienbaum Hardy
Viviano Pelton & Forrest, P.L.C.
280 N. Old Woodward Ave., Ste. 400
Birmingham, MI 48009
(248) 645-0000
epelton@khvpf.com

## CERTIFICATE OF SERVICE

I hereby certify that on December 1, 2025, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to all ECF participants on record.

/s/ Eric J. Pelton
Eric J. Pelton (P40635)
Kienbaum Hardy
Viviano Pelton & Forrest, P.L.C.
280 N. Old Woodward Ave.
Ste. 400
Birmingham, MI 48009
(248) 645-0000
epelton@khvpf.com

591523