UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GLS LEASCO, INC. and CENTRAL
TRANSPORT LLC,

    Plaintiffs,

v.

NAVISTAR, INC.,

    Defendant.

Case No. 23-cv-12927

Hon. Mark A. Goldsmith

Magistrate Judge Anthony P. Patti

## NAVISTAR, INC.'S REPLY BRIEF IN SUPPORT OF ECF NO. 76

### I. Navistar's Straightforward Rule 12(c) Motion is Procedurally Proper and There is Good Cause to Hear it.

Plaintiffs do not dispute that the earliest point in time at which Navistar could have filed its Rule 12(c) motion was after Navistar answered the Second Amended Complaint ("SAC"), on October 10, 2025. Nor do Plaintiffs dispute that a party may file a Rule 12(c) motion after having filed a Rule 12(b)(6) motion—much less one that addresses a fraud theory that Plaintiffs developed *after* Navistar filed its Rule 12(b)(6) motion. *Boulger v. Woods*, 306 F. Supp. 3d 985, 995 (S.D. Ohio 2018), *aff'd*, 917 F.3d 471 (6th Cir. 2019). That is, Plaintiffs identify no procedural rule barring consideration of Navistar's Rule 12(c) motion.

Instead, Plaintiffs rely on an unpublished, out-of-district decision, *Estep v. City of Somerset, Ky.*, No. CIV.A. 10-286, 2011 WL 845847 (E.D. Ky. Mar. 8, 2011), to argue

that Navistar does not meet the "necessary criteria" to consider the motion. Plaintiffs argue that Navistar's Rule 12(c) motion reargues issues because Navistar's prior Rule 12(b)(6) motion took "direct aim" at GLS's fraud claim and that Navistar "could (and should) have" raised the Rule 12(c) argument previously. (ECF No. 79, PageID.3068-3069.) Plaintiffs are wrong; Navistar's Rule 12(c) motion is proper.

First, *Estep* is not binding and it cites no case, statute, or rule to support the Rule 12(c) analysis upon which Plaintiffs' principally rely. And other district courts have rejected the idea that a successive Rule 12(c) motion is improper. *Cf. Thorpe v. Miller*, No. 1:23-CV-00052, 2025 WL 254818, at *2 (M.D. Tenn. Jan. 21, 2025) ("[T]he Court finds that Plaintiff is incorrect in his contention that Defendants cannot raise their current argument for dismissal in a Rule 12(c) motion because they previously filed a Rule 12(b)(6) that did not include the argument …. A party may raise a defense based on failure to state a claim in a Rule 12(c) motion even if a prior Rule 12(b) motion was filed."), *report and recommendation adopted*, 2025 WL 1699845 (M.D. Tenn. Feb. 11, 2025).

Second, even *Estep* held—on multiple grounds—that the defendant's second challenge to the pleadings under Rule 12(c) was "not only permissible, but also desirable." 2011 WL 845847 at *2. Here, just as in *Estep*, "the Court's prior decision denying [Navistar's] motion to dismiss raised some new issues," and Navistar's "motion establishes that the claim fails as a matter of law, even assuming all of the factual allegations in his complaint are true," which means that "dis26missing the [fraud] claim

2

now will promote judicial economy and save the parties' resources." *Id.*; *see also* ECF No. 76 (explaining these same bases for Navistar's Rule 12(c) motion).

Third, the Court's Opinion & Order will not be rendered "advisory." In its motion for leave, Navistar explained why its Rule 12(c) argument was not raised previously: Plaintiffs, who at summary judgment abandoned one breach theory and invented another (ECF No. 72, PageID.2967), did not feature conspicuously the "surviving" fraud theory until after Navistar filed its motion to dismiss. Further, even if the Court had addressed this argument, the Court can always reconsider its opinions before final judgment. *See Priorities USA v. Nessel*, 628 F. Supp. 3d 716, 725 (E.D. Mich. 2022) ("[T]he law-of-the-case doctrine does not prevent the Court from addressing the merits of the Rule 12(c) motion.").

Rules 12(g)(2) and 12(h)(2)(B) allow a successive Rule 12(c) motion, particularly given the "unique procedural facts of the present case," *i.e.*, Navistar's Answer having just been filed on October 10. *Frontczak v. City of Detroit*, No. 18-13781, 2021 WL 1736954, at *3 (E.D. Mich. May 3, 2021). The Court need not rely on any of the parties' "extensive discovery" (ECF No. 79, PageID.3070), nor is a Rule 12(c) motion improper simply because discovery has already occurred. *Stillwagon v. City of Delaware*, 175 F. Supp. 3d 874, 891-92 (S.D. Ohio 2016) (rejecting argument that Rule 12(c) was improper after "extensive and wide-ranging discovery" because it would "not delay trial."); *Morrison v.*

3

*Miller*, 690 F. App'x 380, 381 (6th Cir. 2017) (holding that a Rule 12(c) motion filed "four months before the trial date … was timely under Rule 12(c).").[1]

As set forth above and in Navistar's motion for leave, good cause exists—under Rule 16(b)(4) and otherwise—to hear Navistar's Rule 12(c) motion, and Plaintiffs will not be prejudiced should the Court do so. The motion presents a straightforward legal issue: whether GLS could reasonably rely on a claimed oral representation expressly contradicted by the contract GLS later executed. The answer is no. *Knight v. Wells Fargo*, No. CIV. 12-12129, 2014 WL 4829577 (E.D. Mich. Sept. 29, 2014) (Goldsmith, J.). Navistar should not be denied the ability to file an otherwise timely Rule 12(c) motion where this issue became apparent only after the Opinion & Order. And there is ample time for the Court to address this straightforward issue, and clarify the scope of trial, before trial begins to allow the parties to prepare accordingly. *Stillwagon*, 175 F. Supp. 3d at 891; *Morrison*, 690 F. App'x at 381.

## II. Good Cause Also Exists to Hear Navistar's Rule 56 Motion, Particularly Given that Plaintiffs Admit they are not Seeking Waiver of Trade-In Rights as Damages.

The Court's "primary consideration" when addressing "leave to file a second motion for summary judgment" is "the moving party's diligence in attempting to meet the case management order's requirements." *Perrin v. State Farm Mut. Auto. Ins. Co.*, No. 17-CV-10558, 2019 WL 13072737, at *2 (E.D. Mich. May 6, 2019) (Goldsmith, J.)

---

[1] Plaintiffs' argument in opposition to this point relies entirely on *Grajales*, an out-of-circuit decision whose reasoning the Sixth Circuit has not adopted.

4

(quoting *Inge v. Rock Financial Corp.*, 281 F.3d 613, 625 (6th Cir. 2002)). The standard is not limited, as Plaintiffs' suggest, to whether, *e.g.*, there is an "intervening change in controlling law" or "newly available evidence" or "a need to correct a clear error or prevent manifest injustice." (ECF No. 79, PageID.3075.)

Here, Navistar acted diligently. Navistar's Rule 56 motion addresses squarely the issue of whether Plaintiffs claim waiver of trade-in rights as damages, first raised in the Court's Opinion & Order. Navistar had no reason to raise this argument in its original motion for summary judgment. Plaintiffs never asserted that waiver of their trade-in rights were distinct damages claimed in the lawsuit (ECF No. 29), swore under oath they did not claim them (ECF No. 59-1, PageID.2339), and did not argue in dispositive motion briefing that they claimed them. They do not dispute any of these points in their response brief. Stated simply, the issue arose by virtue of the Court's Opinion & Order, and addressing this dispositive issue now will narrow the issues for trial to what this case should be—a breach of contract case between two sophisticated businesses. *Estep*, 2011 WL 845847 at *2 (stating courts consider a second dispositive motion where "the court's decision denying the motion to dismiss raises new or unexpected issues," and "dismissing the claim will save the parties' and the court's resources.").

### III. Navistar's Rule 12(c) and Rule 56 Motion are not Futile, but the Court Does not Need to Decide That Now.

Plaintiffs cite no authority for the proposition that Navistar's motion for leave, which does not seek to amend a pleading, can be denied based on futility grounds. (ECF

5

No. 79, PageID.3072 (Plaintiffs' acknowledgment that their futility argument is "by analogy" to the amendment of pleadings context).) The Court should analyze Navistar's motion for leave under the good cause standard under Rule 16(b)(4). No rule requires the Court to analyze futility, and the Court should analyze Plaintiffs' merits argument in full merits briefing. *Frontczak*, 2021 WL 1736954 at *4 (analyzing only "good cause" under Rule 16(b)(4) in addressing the filing of a Rule 12(c) motion filed after the dispositive motion deadline in scheduling order).

In any event, the proposed motions are not futile. As to Navistar's Rule 12(c) motion, Plaintiffs try to save their fraud claim by arguing that Navistar's representations related to its ability to produce trucks equipped with, or without, Bendix systems is at the heart of its alternative fraud theory. (ECF No. 79, PageID.3074.) (arguing that taken together Plaintiffs' allegations show reasonable reliance on alleged representations that Navistar "could, as promised a month later, provide 1,100 trucks in 2022 because GLS had agreed to 'accommodat[e]' its inability to obtain sufficient numbers of the Bendix system). Plaintiffs argue (and plead) themselves into a corner.

If their fraud theory is based on an alleged representation that Navistar **could** produce only 600 trucks **with** the Bendix system, then the Rule 12(c) Motion should be granted because Plaintiffs do not allege falsity or knowledge of falsity. And if Plaintiffs' theory is based on a representation that Navistar **could** produce 1100 trucks **without** the system, that relates to performance of contractual terms, and is barred by the

6

economic loss doctrine. *See* Opinion & Order, ECF No. 72. Either way, Plaintiffs' shifting theories show exactly why the Court should address Navistar's motion.

Nor is the Rule 56 motion futile. Plaintiffs claim that their answer to Navistar's *damages* interrogatory "never encompassed any damages or other remedies GLS claimed as a result of Navistar's fraud." That is belied by the words GLS wrote:

> **SUPPLEMENTAL ANSWER:** Subject to and without waiving these objections, GLS refers Navistar to the report of its expert, Michael N. Kahaian, which was disclosed on August 23, 2024. With respect to the fraud claim, GLS seeks (1) exemplary damages for the injury to its reputation among customers and employees and the loss of its goodwill, in an amount to be determined by the jury and (2) its costs and attorneys' fees.

(ECF No. 59-1, PageID.2339.) The answer makes no mention of rescission, trade-in rights, or any of the other equitable relief arguments Plaintiffs now raise.[2]

For these reasons, and for those stated in Navistar's motion for leave, the Court should grant Navistar leave and consider any merits issues on full merits briefing.

Dated: December 8, 2025

/s/ *Scott R. Murphy*
Scott R. Murphy (P68015)
Anthony C. Sallah (P84136)
BARNES & THORNBURG LLP
171 Monroe Ave., N.W. Ste. 1000
Grand Rapids, MI 49503
(616) 742-3930
smurphy@btlaw.com
asallah@btlaw.com
*Counsel for Defendant Navistar, Inc.*

---

[2] Moreover, regardless of whether Plaintiffs admitted having no such damages in their interrogatory response, (i) it still stands that expert discovery is closed, and they have disclosed no damages calculations, and (ii), any rescission-based remedy would be barred by Plaintiffs' acceptance of trucks under the Letter Agreement. *See, e.g.*, *McIntosh v. Fixel*, 297 N.W. 512, 518 (Mich. 1941).

7

## LOCAL RULE CERTIFICATION

I, Scott R. Murphy, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify that it is the appropriate length. Local Rule 7.1(d)(3).

                                                BARNES & THORNBURG LLP

Dated: December 8, 2025                  */s/ Scott R. Murphy*
                                                Scott R. Murphy (P68015)
                                                *Attorney for Defendant Navistar, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on December 8, 2025, the foregoing was electronically filed using the CM/ECF system which will send notification of such filing to the e-mail addresses registered in the CM/ECF system, as denoted on the Electronic Mail Notice List.

BARNES & THORNBURG LLP

Dated: December 8, 2025

*/s/ Scott R. Murphy*
Scott R. Murphy (P68015)
*Attorney for Defendant Navistar, Inc.*