UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GLS LEASCO, INC. and
CENTRAL TRANSPORT, LLC,

    Plaintiffs,

v.

NAVISTAR, INC.,

    Defendant.

Case No. 23-cv-12927

Hon. Mark A. Goldsmith

Magistrate Judge Anthony P. Patti

## JOINT STATEMENT REGARDING DISCOVERY DISPUTES

Pursuant to the Court's November 18, 2025 Order (ECF No. 77, PageID.3055), Plaintiffs GLS Leasco, Inc. and Central Transport LLC and Defendant Navistar, Inc., through their undersigned counsel, submit the following joint statement regarding the remaining discovery disputes related to Plaintiffs' Motion to Compel Discovery (ECF No. 54).

**Interrogatories 8-11 and Requests for Production 46-49**

<u>Plaintiffs' Position</u>: Interrogatory 8 asks Navistar to identify "[t]he total number of tractors that Navistar was contractually obligated to build…in 2022" for each customer in a specific set of customers, as well as "[t]he date that Navistar signed the contract(s) that required it to build tractors for that customer in 2022." Interrogatories 9-11 request the same information for other sets of customers.

Navistar's supplemental answers to these interrogatories do not include a simple chart with this information. Instead, Navistar states: "Navistar will produce contracts responsive to sales made in 2022, provided Navistar entered a contract with the customer….Additionally, in cases where the transaction was dealer-led, there will be no contract." Navistar recently produced copies of contracts with a handful of these customers, but it has not produced any contracts regarding the majority of the customers at issue.

This appears woefully insufficient. Navistar's generalized statements could mean that it was not contractually obligated to build tractors for many of these customers in 2022. If that is true, Navistar should say so in its answer. On the other hand, if contracts do exist, they should be produced.

This distinction matters. Navistar has asserted a commercial impracticability defense to Plaintiffs' breach of contract claim, which requires it to prove that it "allocate[d] production and deliveries among [its] customers" in a "fair and reasonable manner." Mich. Comp. Laws § 440.2615. It would significantly undermine Navistar's defense if it chose to allocate production slots to customers to whom it had no contractual duties instead of to Plaintiffs. *See, e.g.*, *Roth Steel Prods. v. Sharon Steel Corp.*, 705 F.2d 134, 151 (6th Cir. 1983). Accordingly, the Court should order Navistar to serve supplemental answers to Interrogatories 8-11 that clarify its position with respect to each customer.

Additionally, Navistar has refused to provide a list of the co-op and national accounts that are the subject of Interrogatory 11. Given the significance of the representations that Navistar is making with respect to its contractual obligations to these customers, it is important to identify exactly which customers Navistar is referring to.

Relatedly, Requests for Production 46-49 ask for communications with these customers regarding changes to the number of tractors that the customer would receive in 2022. Yet it does not appear that Navistar has produced all responsive documents. Interrogatories 8-11 reference dozens of customers, but Navistar has only produced a few scattered emails with some customers and no emails whatsoever with many of them. If contracts and communications do not exist, Navistar should say so.

Navistar's Position: Navistar's supplemental answers and document production is sufficient and it has complied with its discovery obligations.

Plaintiffs first state they asked Navistar to provide "[t]he total number of tractors that Navistar was contractually obligated to build…in 2022." Navistar produced an excel spreadsheet to Plaintiffs comprising every sale of Navistar trucks in 2022, for the entire company, which also specified the customer name and date of sale.

Plaintiffs also sought the underlying contracts for a specific set of customers, identified on a spreadsheet. Navistar has produced all available contracts with the customers identified by Plaintiffs. However, Navistar does not have a direct contract with every customer. The majority of the customers identified by Plaintiffs are dealer-lead sales, meaning Navistar's contract is with the dealer, not the customer, and Navistar is not in possession, custody, or control of the underlying dealer-customer contract. Given that Interrogatories 8-11 and Requests for Production 46-49 ask Navistar to identify contractual obligations with specific customers, after a reasonable search and inquiry, Navistar produced the contracts in its possession, custody, and control for the customers identified by Plaintiffs.

At Plaintiffs' request, undersigned counsel is in the process of re-confirming with Navistar that Navistar produced all available responsive contracts.

With respect to Plaintiffs' demand for communications with each of these customers (Requests for Production 46-49 ask for communications), Navistar maintains its objections. Obviously, Navistar producing all communications with these customers is overly burdensome and is disproportionate to the needs of the case. These requests do not relate to Plaintiffs' claims at all. Furthermore, Plaintiffs did not demand this information during the parties' recent meet and confer efforts.

**Requests for Production 58-59**

Plaintiffs' Position: Navistar has done nothing to supplement its responses to these requests, which seek documents related to Navistar's decisions to schedule some of the tractors in Plaintiffs' orders to be built *after* the delivery deadline. This information goes directly to the heart of the parties' claims and defenses and must be produced.

Navistar's Position: Navistar has already informed Plaintiffs that Navistar has already produced all responsive documents and communications in its possession, custody, and control. Plaintiffs do not identify any documents or communications that Navistar is withholding that Plaintiffs seek. Navistar is not withholding documents and, in addition to documents already produced, Navistar supplemented its recent production with correspondence specifically related to changes in Central's MY2023 truck order.

**Interrogatory 15 and Request for Production 63**

Plaintiffs' Position: Interrogatory 15 asked Navistar to identify all facts that support its contention that its reductions in production in 2022 were "mostly proportional" across customers and to explain which reductions were not proportional and why. Navistar's answer is vague and incomplete in several respects:

- It does not cite any specific documents.
- It lists four customers "among others" who received delayed deliveries, but does not provide any additional details regarding Navistar's decision to reduce

the number of tractors it built for them, nor does it explain how that reduction was proportional.
- It states that "production shortfalls were spread among customers based on their individual circumstances" but does not identify the circumstances that Navistar considered when making the reductions.
- It refers to "disclosed witnesses who have firsthand knowledge" of the reduction decisions, but does not name them.
- It does not identify which customers received disproportionate reductions or the reasons for those reductions.

Likewise, Request for Production 63 requested all documents supporting Navistar's answer to Interrogatory 15. Navistar, however, has not provided a supplemental response.

Navistar's Position: Plaintiffs are incorrect; Navistar provided Plaintiffs with a three-paragraph supplemental interrogatory answer which, in part, identified prior testimony of Navistar's witnesses concerning Navistar's allocation of proportionate production cuts among customers. Navistar has already conducted numerous reasonable searches and produced an extensive amount of responsive documents related to production cuts in 2022.

Plaintiffs just identified their purported deficiencies with Navistar's supplemental answers and production on Friday, December 12. Given the short time frame, Navistar contends that its responses are appropriate. Nonetheless, undersigned counsel is again speaking its client today to address Plaintiffs' contentions.

Respectfully submitted,

| | |
|---|---|
| /s/*Eric J. Pelton* | /s/*Anthony C. Sallah with permission* |
| KIENBAUM, HARDY, VIVIANO, PELTON & FORREST, P.L.C. | BARNES & THORNBURG LLP |
| By:  Eric J. Pelton (P40635) | By:  Scott R. Murphy (P68015) |
|       Joseph E. Viviano (P60378) |       Anthony C. Sallah (P84136) |
|       Thomas J. Davis (P78626) | 171 Monroe Ave., N.W. Ste. 1000 |
| 280 N. Old Woodward Ave., Ste. 400 | Grand Rapids, MI 48903 |
| Birmingham, MI 48009 | (616) 742-3930 |
| (248) 645-0000 | smurphy@btlaw.com |
| epelton@khvpf.com | asallah@btlaw.com |
| jviviano@khvpf.com | |
| tdavis@khvpf.com | |
| | |
| *Counsel for Plaintiffs* | *Counsel for Defendant Navistar, Inc.* |
| | |
| Dated: December 15, 2025 | Dated:  December 15, 2025 |

552395

# CERTIFICATE OF SERVICE

I hereby certify that on December 15, 2025, the foregoing and all accompanying documents were served via the Court's CM/ECF system, which sent electronic notice of the filing to all counsel of record.

*/s/ Eric J. Pelton*
Eric J. Pelton (P40635)
Kienbaum Hardy
Viviano Pelton & Forrest, P.L.C.
280 N. Old Woodward Ave., Ste. 400
Birmingham, MI 48009
(248) 645-0000
epelton@khvpf.com