# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

|  |  |
|---|---|
| GLS LEASCO, INC., and CENTRAL TRANSPORT LLC<br><br>          Plaintiffs,<br><br>    v.<br><br>NAVISTAR, INC.<br><br>          Defendant. | Civil Action No. 23-cv-12927<br><br>Hon. Mark A. Goldsmith<br><br>Magistrate Judge Anthony P. Patti |

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO EXCLUDE THE OPINIONS OF PLAINTIFFS' DAMAGES EXPERT MICHAEL KAHAIAN**

**TABLE OF CONTENTS**

Page

INTRODUCTION AND SUMMARY OF ARGUMENT ........................................1

ARGUMENT .........................................................................................................1

    A.    Plaintiffs Ignore Kahaian's Unreliable *Inputs*.......................................1

    B.    Kahaian's Delivery Date Assumption Is Irreconcilable With This Court's Summary Judgment Order And Plaintiffs' Theory..................2

    C.    Kahaian's Resale Date Assumption Has No Evidentiary Basis ...........4

    D.    Kahaian's Resale Price Assumption Is Unreliable ...............................5

    E.    Plaintiffs Have No Meaningful Response to Three Additional Fundamental Flaws................................................................................6

CONCLUSION ......................................................................................................7

## INTRODUCTION AND SUMMARY OF ARGUMENT

Navistar's Motion showed that Kahaian's key assumptions (the Delivery Date Assumption, the Resale Date Assumption, and the Resale Price Assumption) are inconsistent with Plaintiffs' liability theory at summary judgment and record evidence. Plaintiffs largely ignore Navistar's arguments—and the Court's summary judgment decision—and try to (i) distract the Court with irrelevant asides and (ii) claim the issues go to weight rather than admissibility. But under Rule 702 and Sixth Circuit precedent, Plaintiffs must prove by a preponderance of the evidence that Kahaian reliably applied a methodology, including that he reliably selected his methodology's inputs. Plaintiffs do not meet their burden.

## ARGUMENT

### A.    Plaintiffs Ignore Kahaian's Unreliable *Inputs*

Plaintiffs argue that because Navistar's expert "utilizes the exact same damages equation" as Kahaian, the remedy for Navistar's criticisms is "cross-examination" and "not exclusion." Opp. at 7. This red-herring argument is wrong.

Navistar challenged the reliability of Kahaian's assumptions and ***inputs*** for that equation—*i.e.*, whether his opinions were based on "sufficient facts and data" and "reflect[] a reliable application of the principles and methods to the facts of the case." Fed. R. Evid. 702(b), (d). These are issues of admissibility, not weight. Fed. R. Evid. 702 advisory committee's notes to 2023 amendment. Indeed, Plaintiffs' case law makes clear that even when experts "use[] the same methodology," the

Court "ha[s] an independent duty to ensure that all experts 'reliably appl[y]'" the chosen methodology. *In re Onglyza Prods. Liab. Litig.*, 93 F.4th 339, 347 (6th Cir. 2024) (affirming exclusion of expert testimony). The Court's independent review should find Kahaian failed to reliably **apply** any methodology to the facts here.[1]

**B.      Kahaian's Delivery Date Assumption Is Irreconcilable With This Court's Summary Judgment Order And Plaintiffs' Theory**

As the Motion established, Kahaian's Delivery Date Assumption, including that Navistar would deliver 75 New Trucks in April and 225 in May, contradicts the evidence and Plaintiffs' case theory. Mot. at 10. This Court's summary judgment order affirmed this: "both parties knew that only 61 [trucks] had been built (and none delivered) [when] GLS signed the contract in May," and thus Plaintiffs now "pursu[e] only the second breach theory: that the breach occurred when Navistar failed to deliver all the trucks by end of June 2022." ECF No. 72 ("Ord.") at 11–12. Plaintiffs are "barred" from advancing a contrary theory at trial. *Id.* at 12.

Plaintiffs attempt to reframe this as a "minor factual distraction," Opp. at 9, and submit a revised schedule from Kahaian that shifts the expected delivery of 75 trucks from April to May. ECF No. 91-10. Plaintiffs claim this is "reasonable" because of the parties' "course of performance" and supposed testimony from Maria

---

[1] Plaintiffs assert there is "significant agreement" among Hosfield and Kahaian, Opp. at 6, but Hosfield made clear that although he adopted certain of Kahaian's assumptions for purposes of the rebuttal report, he disagreed with them. *See, e.g.*, Hosfield Dep. at 81:23–82:3, 103:20–21, attached as Exhibit A.

Averhart that a 30-day window from production to delivery is "possible." Opp. at 7–10. This cannot save Kahaian's opinions for three reasons.

*First*, Kahaian's "revised" schedule of May delivery of 300 trucks contradicts Plaintiffs' only available trial theory: a breach "occurred when Navistar failed to deliver all the trucks by end of June." Ord. at 12. And breach of contract damages "are only those damages that are the direct, natural, and proximate result of the breach." *Alan Custom Homes, Inc. v. Krol*, 667 N.W.2d 379, 383 (Mich. Ct. App. 2003). Damages from alleged lack of sales in May could not have proximately resulted from a breach that occurred—if at all—in June at the earliest.

*Second*, Kahaian relied on the Letter Agreement schedule, not Averhart's testimony or course of performance, in forming his opinions. *See* ECF No. 90-4, ¶¶ 21–22. Counsel's "after the fact rationalizations. . . weigh in favor of exclusion." *See Rondigo, L.L.C. v. Casco Twp., Mich.*, 537 F. Supp. 2d 891, 897 (E.D. Mich. 2008); *see also* Fed. R. Civ. P. 26(a)(2)(B)(i) (expert report must include "complete statement of all opinions . . . and the basis").

*Third*, the after-the-fact rationalizations fail to support his assumptions. As to the asserted "course of performance," "both parties knew that only 61 [of the trucks] had been built" when signing the agreement in May. Ord. at 11. Moreover, in April (before signing), Navistar sent GLS a projected schedule showing 404 trucks being **built** in June and July. ECF No. 50-7, PageID.972–79. Even a 30-day delivery

window would put the ***earliest*** deliveries in July or August—rendering Kahaian's revised schedule assuming 300 New Trucks delivered in May unreliable.[2]

The Delivery Date Assumption has no basis and is unreliable. *Rose v. Truck Centers, Inc.*, 388 Fed. App'x. 528, 535 (6th Cir. 2010) (an expert's conclusion is unreliable where it is based on an assumption contradicted by the evidence).

**C.    Kahaian's Resale Date Assumption Has No Evidentiary Basis**

The Motion showed Kahaian's Resale Date Assumption—that GLS would have sold a 1:1 ratio of Used Trucks in the same month New Trucks were delivered—has no support and is contradicted by the evidence: by the end of August, despite receiving delivery of 278 New Trucks, GLS had only sold 51 Used Trucks. *See* Mot. at 14. Plaintiffs claim: (i) there was a "hot seller's market" in early 2022, and (ii) "piecemeal" delivery hindered GLS's ability to sell. Opp. at 13–14.

High-level assertions about a general "hot" market for used trucks prove nothing about whether GLS had buyers for ***its*** Used Trucks. Regardless, Plaintiffs do not specify the months the market was "hot." *See* ECF No. 90-4, ¶ 33. If they mean April and May, Plaintiffs are barred from presenting such a theory. *See supra*

---

[2] Nor does Averhart's testimony—that a 28-day window may be "possible" to expedite delivery of 43 trucks from Escobedo, Mexico to Laredo, Texas—support that 300 trucks could be delivered to Michigan in that time frame. *See* ECF No. 91-2 at 54:12–65:13.

at 2.  And if they mean June, GLS had sold only 30 Used Trucks despite receiving 114 New Trucks, so the "hot" market explanation fails.  Mot. at 14.

Plaintiffs' claim that "piecemeal" delivery precluded sales fares no better. They do not ***offer a single piece of evidence*** of any sale agreement or negotiation, bulk or otherwise, that fell through due to piecemeal deliveries.  Mot. at 14–15.  And they do not respond to the fact that GLS's corporate representative admitted it was ***not*** pursuing bulk sales, but sales of "smaller lots" of "20 trucks."  Mot. at 15.  Given Navistar had delivered 114 New Trucks by June, the supposed "piecemeal" delivery would not have prohibited more sales of such smaller lots.

Kahaian's Resale Date Assumption is therefore based only on his clients' unsupported arguments, and "[w]here an expert merely offers his client's opinion as his own, that opinion may be excluded."  *Ask Chemicals, LP v. Comput. Packages, Inc.*, 593 Fed. App'x 506, 510 (6th Cir. 2014); *see Endless River,* 2025 WL 233659, at *8 (error to admit damages expert testimony that adopted plaintiff's projections without expert independently validating those inputs).

### D.    Kahaian's Resale Price Assumption Is Unreliable

Navistar explained Kahaian's Resale Price Assumption—that Plaintiffs would have received the average of auction and retail prices for Used Trucks sold individually during those months—is unreasonable because: (i) Kahaian used prices

*higher* than those GLS received in actual May and June sales, and (ii) the large bulk sales Kahaian claimed GLS contemplated would depress the price. Mot. at 16–18.

Plaintiffs try to justify Kahaian disregarding GLS's actual sales by asserting those sales occurred in a "post breach" market. Opp. at 12. But, again, Plaintiffs may only argue that the breach occurred by the end of June 2022, so May and June are not "post breach." GLS's receipt of prices *lower* than the Resale Price Assumption in actual arm's-length transactions shows that assumption is unreliable.

As to bulk sales, Plaintiffs do not dispute the basic economic principle that such sales would depress prices and instead claim that Kahaian assumes a "three-month rolling sell-off." Opp. at 14, n.2. But Kahaian's revised schedule assumes the sale of 300 Used Trucks in May and 294 in June, ECF No. 91-10, PageID.3747, and Plaintiffs do not explain how those do not qualify as bulk sales.

In any event, Kahaian's "bulk sale" conjecture was his only explanation for Plaintiffs' lack of Used Truck sales in June. *See* ECF No. 90-2 at 88:5–20, 138:20–21. If Kahaian now disavows bulk sales, he has no basis for his Resale Date Assumption. If not, he has no basis for his Resale Price Assumption. Kahaian's assumptions are internally contradictory, untethered to the evidence, and unreliable.

### E. Plaintiffs Have No Meaningful Response to Three Additional Fundamental Flaws

*First*, Plaintiffs do not address Kahaian's failure to offset the lease revenue GLS received from the Used Trucks it did not sell. *See* Mot. at 20. This failure

alone renders his entire methodology unreliable. *See Hillside Prods., Inc. v. Cnty. of Macomb*, 389 Fed. App'x 449, 461 (6th Cir. 2010) (failure to calculate damages "without offsetting the value of the asset that Plaintiffs retained when the transaction fell through" rendered expert opinion unreliable).

*Second*, Plaintiffs have presented no evidence of any attempt to sell the 166 Used Trucks still in operation despite all trucks having been delivered two-and-a-half years ago. There is no reliable basis on which to calculate "lost resale" damages for trucks that GLS simply chose not to resell.

*Third*, Plaintiffs claim the damages on the 30 Used Trucks sold in May or June are proper because those Used Trucks would have sold for more in the "but-for April 2022 world." Opp. at 15. Again, the only remaining liability theory is delivery by end of ***June***, Ord. at 11–12, rendering these damages excludable.

## CONCLUSION

Defendant respectfully requests that the Court grant the Motion.

DATED: January 27, 2026

Respectfully submitted,

/s/ *Kevin M. Jakopchek*

| | |
|---|---|
| Scott R. Murphy (P68015) | Kevin M. Jakopchek (IL 6317040) |
| BARNES & THORNBURG LLP | LATHAM & WATKINS LLP |
| 171 Monroe Ave. NW, Suite 1000 | 330 North Wabash Avenue, Suite 2800 |
| Grand Rapids, MI 49503 | Chicago, Illinois 60611 |
| 616-742-3930 | Tel: (312) 876-7700 |
| smurphy@btlaw.com | kevin.jakopchek@lw.com |

*Attorneys for Defendant Navistar, Inc. n/k/a International Motors LLC*

**LOCAL RULE CERTIFICATION**

I, Kevin J. Jakopchek, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts).  I also certify that it is the appropriate length.  Local Rule 7.1(d)(3).

*/s/ Kevin M. Jakopchek*
Kevin M. Jakopchek (IL Bar #6317040)
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, Illinois 60611
Tel: 312.876.7700
Fax: 312.993.9767
kevin.jakopchek@lw.com

**CERTIFICATE OF SERVICE**

I certify that on January 27, 2026 a true and correct copy of the foregoing document was filed with the Clerk of Court using the CM/ECF system, which will send electronic notification of such filing to all counsel of record.

*/s/ Kevin M. Jakopchek*