UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GLS LEASCO, INC., et al,

   Plaintiffs,

v.

NAVISTAR, INC.,

   Defendant,

_____/

Case No. 23-cv-12927

HON. MARK A. GOLDSMITH

## STIPULATED ORDER RESOLVING PLAINTIFFS' MOTION TO COMPEL DISCOVERY (ECF NO. 54)

Plaintiffs GLS Leasco, Inc. and Central Transport, LLC ("Plaintiffs") and Defendant Navistar, Inc. ("Defendant" or "Navistar") hereby stipulate and agree to the following in complete resolution of Plaintiffs' Motion to Compel Discovery (ECF No. 54):

**WHEREAS**, Plaintiffs filed a Motion to Compel Discovery (ECF No. 54) (the "Motion");

**WHEREAS**, Defendant filed a Memorandum in Opposition to Plaintiffs' Motion to Compel Discovery (ECF No. 58);

**WHEREAS**, Plaintiffs filed a Reply in Support of Their Motion to Compel Discovery (ECF No. 61);

1

**WHEREAS**, the parties filed a Joint Statement Regarding Discovery Disputes (ECF No. 83);

**WHEREAS**, on December 23, 2025, the Court appointed Nathan J. Fink as Special Master (ECF No. 85) in this case to assist the Court and the parties in resolving pretrial disputes, including the pending Motion;

**WHEREAS**, the Special Master has worked extensively with counsel to reach a resolution of the remaining disputes arising from the Motion, including reviewing supplemental briefing, holding telephone conferences, corresponding via email, and conducting an in-person meeting with counsel at the Court on January 28, 2026; and

**WHEREAS**, as a result of the efforts of the parties and the Special Master, the parties have reached a resolution regarding the discovery disputes at issue in the Motion;

**IT IS ORDERED** as follows:

1. By February 13, 2026, Navistar will produce its heavy (HVY) North American dealer agreements applicable in 2022 in response to Plaintiffs' Interrogatories 8 through 11. If Navistar designates any portion of the production as CONFIDENTIAL-ATTORNEYS' EYES ONLY, Plaintiffs may challenge that designation pursuant to the Stipulated Protective Order (ECF No. 14) and the Stipulation and Order to Amend Protective Order (ECF No. 81).

2.  In reference to Interrogatories 8 through 11 and Defendant's commercial impracticability defense, Navistar represents that, after conducting a reasonable search, it has identified and will produce all contracts with dealers and end-user customers responsive to Plaintiffs' requests in its possession, custody, or control for the production of tractors in 2022. With regard to Navistar's commercial impracticability defense, and consistent with both parties' obligations under Rule 26 and Rule 37, neither party will be allowed to call witnesses or use information required to be disclosed by Rule 26(a) or (e) but not previously disclosed in discovery, unless the failure to disclose is substantially justified or is harmless. Navistar agrees that this includes evidence of any contract with dealers and end-user customers responsive to Plaintiffs' Interrogatories 8 through 11 that has not been disclosed. If Navistar designates any portion of the production as CONFIDENTIAL-ATTORNEYS' EYES ONLY, Plaintiffs may challenge that designation pursuant to the Stipulated Protective Order (ECF No. 14) and the Stipulation and Order to Amend Protective Order (ECF No. 81).

3.  By February 13, 2026, Navistar will serve a supplemental interrogatory answer in response to Plaintiffs' Interrogatory 15.

4.  By February 25, 2026, in response to Plaintiffs' Requests for Production Nos. 58-59, Navistar will run the additional search terms (Central /3 Transport) and "GLS" over custodians Carl Webb, Maria Averhart, Sean Carmichael, and Mark

3

Belisle for the time periods of February 17, 2022, to February 25, 2022, and May 1, 2022, to May 10, 2022, and produce responsive documents to Plaintiffs. In addition, if necessary, the parties will work in good faith to identify any additional documents hitting on variations of the search term "Central" that yield a reasonable and proportional number of hits for these custodians. The parties will work in good faith to identify additional reasonable search terms. Based on the results of the production, Plaintiffs may, to the extent justified, ask for expanded search terms or that similar searches be conducted of additional account holders.

5. The parties may re-engage Mr. Fink to resolve any issues arising out of this Order.

**IT IS SO ORDERED.**

Dated: February 3, 2026  
Detroit, Michigan

s/Mark A. Goldsmith  
MARK A. GOLDSMITH  
United States District Judge

So stipulated:

/s/ Eric J. Pelton  
Eric J. Pelton (P40635)  
Thomas J. Davis (P78626)  
**KIENBAUM HARDY VIVIANO PELTON & FORREST, P.L.C.**  
280 N. Old Woodward Ave, Suite 400  
Birmingham, MI 48009  
(248) 645-0000  
epelton@khvpf.com  
tdavis@khvpf.com

*Counsel for Plaintiffs*

/s/ Scott Murphy  
Scott R. Murphy (P68015)  
Anthony C. Sallah (P84136)  
**BARNES & THORNBURG LLP**  
171 Monroe Ave NW, Suite 1000  
Grand Rapids, MI 49503  
(616) 742-3930  
smurphy@btlaw.com  
Anthony.sallah@btlaw.com

*Counsel for Defendant*

4