UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GLS LEASCO, INC. and
CENTRAL TRANSPORT, LLC,

        Plaintiffs,

v.

NAVISTAR, INC.,

        Defendant.

Case No. 23-cv-12927

Hon. Mark A. Goldsmith

Magistrate Judge Anthony P. Patti

---

**Plaintiffs' Motion for Leave to Take *De Bene Esse*
Depositions of Justin Fink and Jim Lollis**

Plaintiffs GLS Leasco, Inc. and Central Transport, LLC, through their counsel, move this Court for leave to take the *de bene esse* depositions of critical witnesses Justin Fink and Jim Lollis, for use in the impending trial in this matter. In support of the motion, Plaintiffs state the following:

1. The undersigned counsel certifies that counsel for Plaintiffs personally corresponded with opposing counsel on April 15, 16, and 17, 2026, explaining the nature of the relief to be sought by way of this motion and seeking concurrence in the relief. Opposing counsel expressly denied concurrence on April 17.

2. On July 31, 2024, the undersigned counsel took the deposition of Justin Fink in Dallas, Texas. (*See* **Exhibit 1**.) This was the very first deposition taken in this case.

3. On August 6, 2024, the undersigned counsel took the deposition of Jim Lollis in Arkansas. (*See* **Exhibit 2**.) This was the second deposition taken in this case.

4. Both depositions were transcribed, but neither was video recorded.

5. Following those depositions, the parties have engaged in extensive additional discovery, comprising:

    a. 13 separate individual fact witness depositions;

    b. Three separate Federal Rule of Civil Procedure 30(b)(6) depositions;

    c. Two separate expert depositions;

    d.  The exchange of approximately 20,000 additional pages of documents in response to various documents requests served by the parties; and

    e.  Additional documents produced by the two deponents for which Defendant seeks to depose.

6.    In late March, undersigned counsel called both witnesses without reaching them. Eventually, Mr. Fink was contacted. He advised he was represented by counsel. On April 1, 2026, undersigned counsel sent correspondence to counsel for Mr. Fink and Mr. Lollis in furtherance of coordinating *de bene esse* depositions for both witnesses. In that correspondence, undersigned counsel mentioned that Plaintiffs would be willing to accommodate these witnesses' schedules, by scheduling their depositions when they would both be available in Grand Rapids, Michigan, where they both routinely conduct business in person. (**Exhibit 3**.) Counsel's office advised he was unavailable until April 13.

7.    On April 13, 2026, the undersigned counsel spoke with counsel for Mr. Fink and Mr. Lollis and discussed the scheduling of supplemental *de bene esse* depositions of those two witnesses, for use at trial, consistent with Federal Rule of Civil Procedure 32(a)(1), (4). In a follow-up letter sent to all counsel in this case, counsel for Mr. Fink and Mr. Lollis stated that, in order to depose these witnesses again, GLS and Central Transport would need to proceed by motion for leave with

this Court, or all parties must agree to re-depose Mr. Fink and Mr. Lollis "under limited time frames." (**Exhibit 4** at 1.)

8.    Undersigned counsel requested that Navistar's counsel agree to conduct *de bene esse* depositions of Mr. Fink and Mr. Lollis, in order to avoid having to seek leave of this Court, but Navistar's counsel refused. (*See* **Exhibit 5**.)

9.    Mr. Fink and Mr. Lollis offer case-critical testimony regarding transactions between Navistar and GLS/Central Transport for the trucks at issue, and would undoubtedly be called as witnesses at trial if they were not unavailable within the meaning of Federal Rule of Civil Procedure 32(a)(4)(B).

10.    Although their sworn testimony is available via transcript, the transcript pre-dates important developments and records in the case. Given their importance to the case, GLS and Central Transport request that their testimony be presented at the upcoming "jury trial . . . in nontranscript form," Fed. R. Civ. P. 32(c), thereby requiring *de bene esse* depositions for use at trial.

For these reasons, and those further explained in the attached Brief in Support, GLS and Central Transport now move this Court for leave to take the *de bene esse* depositions of Mr. Fink and Mr. Lollis, to use their case-critical testimony at trial.

Respectfully submitted,

KIENBAUM HARDY VIVIANO
PELTON & FORREST, PLC:

By: */s/ Thomas J. Davis*
    Joseph E. Viviano (P60378)
    Eric J. Pelton (P40635)
    Thomas J. Davis (P78626)
Counsel for Plaintiffs
48 S. Main Street, Suite 2
Mount Clemens, MI 48043
(586) 469-1580
jviviano@khvpf.com
epelton@khvpf.com
tdavis@khvpf.com

Date: April 20, 2026

– 4 –

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GLS LEASCO, INC. and
CENTRAL TRANSPORT LLC,

        Plaintiffs,

v.

NAVISTAR, INC.,

        Defendant.

Case No. 23-cv-12927

Hon. Mark A. Goldsmith

Magistrate Judge Anthony P. Patti

**Plaintiffs' Brief in Support of Motion for Leave to Take**
***De Bene Esse* Depositions of Justin Fink and Jim Lollis**

**Statement of Issues Presented**

Courts permit *de bene esse* depositions of unavailable witnesses, even those already deposed once, without consideration of generic procedural limitations on discovery depositions. Plaintiffs deposed Justin Fink and Jim Lollis without video at the outset of discovery, before the record fully developed. Now their testimony is central to Plaintiffs' case, but both witnesses are beyond the Court's trial-subpoena power. Should the Court grant GLS and Central Transport leave to take the *de bene esse* depositions of Fink and Lollis?

# Table of Contents

Statement of Issues Presented ................................................................................ i

Table of Authorities ........................................................................................... iii

Introduction .........................................................................................................1

Background ..........................................................................................................2

    A.    Plaintiffs depose Fink and Lollis early in the case, before most documents are produced and other witnesses are deposed. ...................2

    B.    Plaintiffs need to present Fink's and Lollis's testimony at trial, but they will not agree to sit for a *de bene esse* deposition without either an order from this Court or stipulation between the parties, which Navistar refuses...........................................................................3

Argument.............................................................................................................4

Conclusion ..........................................................................................................6

## Table of Authorities

**Cases**

*Benedict v. United States*,
No. 15-CV-10138, 2016 WL 6138599 (E.D. Mich. Oct. 21, 2016) .......................5

*Burket v. Hyman Lippitt, P.C.*,
No. 05-72110, 2008 WL 1741875 (E.D. Mich. Apr. 11, 2008) ...........................5

*In re Nat'l Prescription Opiate Litig.*,
No. 21-3041, 2021 WL 3777638 (6th Cir. Jan. 12, 2021) ...................................4

*Landis v. Galarneau*, No. 2:05-CV-74013, 2010 WL 446445 (E.D.
Mich. Jan. 28, 2010) ......................................................................................5

*Marmelshtein v. City of Southfield*,
No. 07-CV-15063, 2010 WL 4226667 (E.D. Mich. Oct. 21, 2010) ......................5

**Statutes & Rules**

Fed. R. Civ. P. 30 .............................................................................................5

Fed. R. Civ. P. 32 ..........................................................................................1, 6

Fed. R. Civ. P. 45 ..........................................................................................3, 6

## Introduction

This motion presents a narrow, practical request: leave to take limited, video-recorded *de bene esse* depositions of Justin Fink and Jim Lollis for trial use. Plaintiffs deposed both witnesses at the outset of discovery, before the factual record was fully developed and before the parties completed the extensive discovery that followed. Their testimony is now central to Plaintiffs' case. Yet both witnesses live beyond the Court's subpoena power for trial, so Plaintiffs cannot compel their live appearance before the jury.

Anticipating this dilemna, the Federal Rules of Civil Procedure provide the sensible answer to this problem. Rule 32(a)(4)(B) permits the use of deposition testimony from witnesses who are more than 100 miles from the place of trial, and Rule 32(c) contemplates presenting that testimony in nontranscript form when available. Plaintiffs therefore seek only a targeted trial-preservation procedure that is necessary only because the witnesses will not appear for these limited preservation depositions absent either stipulation or leave of Court, and Navistar has refused to stipulate.

Granting the motion will preserve critical, admissible testimony, streamline the presentation of evidence at trial, and cause Navistar no meaningful prejudice. The Court should grant Plaintiffs' motion.

## Background

### A.   Plaintiffs depose Mr. Fink and Mr. Lollis early in the case, before most documents are produced and other witnesses are deposed.

Plaintiffs filed their First Amended Complaint on March 8, 2024. (ECF No. 17). Shortly thereafter, the parties began engaging in discovery, serving written discovery requests and providing initial responsive document exchanges. Given that this Court's original Case Management and Scheduling Order established a November 22, 2024, fact-discovery cutoff (ECF No. 13, PageID.73), the parties also began taking critical witness depositions in Summer and Fall of 2024.

To that end, GLS and Central Transport began the process of taking the extensive number of depositions required by this complex commercial dispute. Beginning on July 31, 2024, Plaintiffs took the deposition of Justin Fink, in his then-State of residence in Dallas, Texas. (**Exhibit 1**.) That deposition was sworn before a court reporter, but it was not video recorded. (*Id.*) Mr. Fink has since moved to Grand Rapids, Michigan, where he lives and works.

The following week, GLS and Central Transport took the deposition of Jim Lollis, in his State of Residence in Fayetteville, Arkansas. (**Exhibit 2**.) Like Mr. Fink's deposition, Mr. Lollis's deposition was sworn before a court reporter, but it was not video recorded. (*Id.*) Mr. Lollis has also changed jobs, working for the same Grand Rapids-based company as Mr. Fink. He works in a hybrid role from Arkansas and regularly conducts business in Grand Rapids in person.

– 2 –

Following these two initial depositions, discovery in this matter began to take off, with the parties conducting numerous Rule 30(b)(6) depositions, expert depositions, 13 additional fact witness depositions, and exchanging over 20,000 additional pages of documentary evidence. Indeed, following his own deposition, Mr. Fink provided the parties with a supplemental document production, which included text messages between himself and Mr. Lollis that are pertinent to the case. *See* JF-000001–JF-000325.[1]

> **B.** **Plaintiffs need to present Mr. Fink's and Mr. Lollis's testimony at trial, but they will not agree to sit for a *de bene esse* deposition without either an order from this Court or stipulation between the parties, which Navistar refuses.**

As GLS and Central Transport have been preparing for trial, it became evident that they would need to ensure usable trial testimony from Mr. Fink and Mr. Lollis. Because Mr. Fink and Mr. Lollis live and work in Grand Rapids, Michigan, and Arkansas, (*see* **Exs. 1 & 2**), they fall significantly outside the 100 miles that the Federal Rules of Civil Procedure set as the outermost limit for commanding a witness "to attend a trial." Fed. R. Civ. P. 45(c)(1)(A). Absent this prohibition on subpoenaing these two third-party witnesses, GLS and Central Transport would

---

[1] Because a number of these text messages and other correspondence have been designated confidential, Plaintiffs have not attached them to this filing. However, Plaintiffs stand ready to provide these documents for the Court's *in camera* review, should the Court so request.

absolutely have commanded them to attend trial and provide critical testimony regarding Navistar's conduct contributing to the breach of contract and fraud claims.

For that reason, GLS and Central Transport contacted counsel for Mr. Fink and Mr. Lollis in order to have them appear for video recorded *de bene esse* depositions. (**Exhibit 3**.) In response to these requests, counsel for Mr. Fink and Mr. Lollis sent a letter to counsel for all parties explaining that they do not believe there is any "automatic right to re-depose [Mr. Fink and Mr. Lollis] without agreement of all counsel or leave of Court." (**Exhibit 4** at 1.) Following receipt of this correspondence GLS and Central Transport's counsel emailed Navistar's counsel, seeking their agreement to proceed with video recorded *de bene esse* depositions of both witnesses. (**Exhibit 5**.) But Navistar refused to agree to this reasonable procedure (**Id.**), meaning that the only way GLS and Central Transport can obtain testimony to play for the jury is through a motion for leave with this Court.

**Argument**

"Preservation depositions, . . . also known as *de bene esse* depositions, are provisional examination[s] of a witness whose testimony is important and might otherwise be lost, for use at trial in case the witness is unable to attend in person at the time or cannot be produced." *In re Nat'l Prescription Opiate Litig.*, No. 21-3041, 2021 WL 3777638, at *2 (6th Cir. Jan. 12, 2021). Given this unique purpose, "courts generally recognize the distinct purposes of preservation depositions as compared to

– 4 –

depositions taken during the normal course of discovery." *Id.*; *see also Marmelshtein v. City of Southfield*, No. 07-CV-15063, 2010 WL 4226667, at *2 (E.D. Mich. Oct. 21, 2010) ("Courts in this circuit generally recognize the need to treat *de bene esse* depositions differently in certain respects than those of discovery depositions."). Consistent with this understanding, there exists "a federal common law distinction between discovery depositions and trial deposition." *Benedict v. United States*, No. 15-CV-10138, 2016 WL 6138599, at *2 (E.D. Mich. Oct. 21, 2016).

This distinction in treatment of *de bene esse* depositions has led courts to conclude that expired discovery deadlines will not preclude the taking of preservation depositions for trial. For example, in *Burket v. Hyman Lippitt, P.C.*, No. 05-72110, 2008 WL 1741875 (E.D. Mich. Apr. 11, 2008), the Court noted that its "scheduling order setting a date by which discovery shall be completed" simply "had nothing to do with *de bene esse* depositions," which could occur many months after that deadline had passed. *Id.* at *3 & n. 6. And in circumstances where the *de bene esse* deposition will be the second deposition of that witness, that poses no barrier so long as the party seeking the deposition complies with Federal Rule of Civil Procedure 30(a)(2)(A)(ii) by seeking either stipulation or leave of court. *Marmelshtein*, 2010 WL 4226667, at *3; *see also Landis v. Galarneau*, No. 2:05-CV-74013, 2010 WL 446445, at *3 (E.D. Mich. Jan. 28, 2010).

Here, there is good cause for allowing the *de bene esse* depositions of Mr. Fink and Mr. Lollis to preserve their testimony for trial. They are critical witnesses with first-hand knowledge of Navistar's actions in the lead up to the parties entering the 2021 Letter Agreement, which actions undergird or contributed to Navistar's fraud. (*See* **Exs. 1 & 2**.) They are also witnesses to Navistar's breach of contract. This deeply important testimony is necessary for Plaintiffs to adequately present their case to the jury, but Plaintiffs are not able to call them as witnesses at trial because they fall beyond the Court's subpoena authority under the Rules. *See* Fed. R. Civ. P. 45(c)(1)(A). Given Mr. Fink's and Mr. Lollis's geographic location, Plaintiffs are permitted "use for any purpose the[ir] deposition[s]" at trial, Fed R. Civ. P. 32(a)(4)(B), and such use of the depositions at the impending "jury trial for any purpose other than impeachment must be presented in nontranscript form, if available," Fed R. Civ. P. 32(c). For that reason, Plaintiffs seek leave to obtain video recorded *de bene esse* depositions of Mr. Fink and Mr. Lollis to present their crucial testimony at trial. Granting Plaintiffs' motion will not, in any relevant way, prejudice Navistar, which has no valid basis to object to these two *de bene esse* depositions for presentation to the jury.

### Conclusion

This Court should grant Plaintiffs' motion for leave to take the *de bene esse* depositions of Mr. Fink and Mr. Lollis.

Respectfully submitted,

KIENBAUM HARDY VIVIANO
PELTON & FORREST, PLC:

By: */s/ Thomas J. Davis*
    Joseph E. Viviano (P60378)
    Eric J. Pelton (P40635)
    Thomas J. Davis (P78626)
Counsel for Plaintiffs
48 S. Main Street, Suite 2
Mount Clemens, MI 48043
(586) 469-1580
jviviano@khvpf.com
epelton@khvpf.com
tdavis@khvpf.com

Date: April 20, 2026

– 7 –

## LOCAL RULE CERTIFICATION

I, Thomas J. Davis, certify that this document complies with Local Rule 5.1(a), including:  double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts).  I also certify that it is the appropriate length. Local Rule 7.1(d)(3).

Respectfully submitted,

KIENBAUM HARDY VIVIANO
PELTON & FORREST, PLC:

By: /s/ Thomas J. Davis
      Joseph E. Viviano (P60378)
      Eric J. Pelton (P40635)
      Thomas J. Davis (P78626)
Counsel for Plaintiffs
48 S. Main Street, Suite 2
Mount Clemens, MI 48043
(586) 469-1580
jviviano@khvpf.com
epelton@khvpf.com
tdavis@khvpf.com

Dated:  April 20, 2026

## CERTIFICATE OF SERVICE

I hereby certify that on April 20, 2026, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to all ECF participants on record.

/s/ Thomas J. Davis
Thomas J. Davis (P78626)
Kienbaum Hardy
Viviano Pelton & Forrest, P.L.C.
280 N. Old Woodward Ave., Ste. 400
Birmingham, Michigan 48009
(248) 645-0000
tdavis@khvpf.com