# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

|  |  |
|---|---|
| GLS LEASCO, INC., and CENTRAL TRANSPORT LLC<br><br>           Plaintiffs,<br><br>    v.<br><br>NAVISTAR, INC.<br><br>           Defendant. | Civil Action No. 23-cv-12927<br><br>Hon. Mark A. Goldsmith<br><br>Magistrate Judge Anthony P. Patti |

## DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO TAKE SECOND DEPOSITIONS OF JUSTIN FINK AND JIM LOLLIS

**TABLE OF CONTENTS**

Page

INTRODUCTION AND SUMMARY OF ARGUMENT ................................................. 1

BACKGROUND ............................................................................................................ 4

ARGUMENT .................................................................................................................. 5

    A.    Rule 26(b)(2) Bars The Cumulative And Duplicative Testimony Plaintiffs Had Ample Opportunity To Obtain

    B.    Plaintiffs' Self-Inflicted Discovery Choices Do Not Constitute Good Cause To Reopen Discovery

CONCLUSION ............................................................................................................. 12

**STATEMENT OF ISSUE PRESENTED**

Plaintiffs GLS Leasco, Inc. and Central Transport, LLC have already deposed each of non-parties Justin Fink and Jimmy ("Jim") Lollis for a total of over ten hours on the record with the benefit of tens of thousands of documents produced by Defendant Navistar, Inc. and Mr. Fink's and Mr. Lollis's employers.   Despite knowing that Mr. Fink and Mr. Lollis were outside the subpoena power of this Court, Plaintiffs made the strategic decision to transcribe, but not videorecord, the depositions.   In addition, Plaintiffs decided to wait until after taking Mr. Fink's deposition to subpoena him for documents—the documents they now claim support their request for second depositions.

Should this Court deny Plaintiffs' request for leave to take Mr. Fink's and Mr. Lollis's second depositions where (i) such second depositions would be unreasonably cumulative and duplicative of the testimony obtained in the first depositions; (ii) the first depositions are a source of testimony that is more convenient, less burdensome, and less expensive; and (iii) Plaintiffs had more than ample opportunity to videorecord the first depositions or elicit testimony they desired during discovery.

## CONTROLLING OR MOST APPROPRIATE AUTHORITIES

1.      Fed. R. Civ. P. 26(b)(2)(C)

2.      Fed. R. Civ. P. 30(a)(2)(A)(ii)

3.      *Franklin v. City of Highland Park Police Officer Hollis Smith*, 2016 WL 4267827 (E.D. Mich. Aug. 15, 2016)

4.      *Haydar v. Amazon Corporate, LLC*, 2019 WL 3892405 (E.D. Mich. Aug. 19, 2019)

5.      *Marmelshtein v. City of Southfield*, 2010 WL 4226667 (E.D. Mich. Oct. 21, 2010)

6.      *Weddington v. City of Detroit*, 2022 WL 16856085 (E.D. Mich. Nov. 10, 2022)

## TABLE OF AUTHORITIES

### CASES

*Benedict v. United States*,
  2016 WL 6139599 (E.D. Mich. Oct. 21, 2016) ......................................................8

*Betts v. Costco Wholesale Corp.*,
  2007 WL 850999 (E.D. Mich. Mar. 16, 2007) ......................................................5

*Burket v. Hyman Lippitt, P.C.*,
  2008 WL 1741875 (E.D. Mich. Apr. 11, 2008).....................................................6

*Duran v. Sara Lee Corp.*,
  2013 WL 12308200 (W.D. Mich. May 3, 2013) ........................................... 11, 12

*Franklin v. City of Highland Park Police Officer Hollis Smith*,
  2016 WL 4267827 (E.D. Mich. Aug. 15, 2016)................................................ 8, 10

*Haydar v. Amazon Corporate, LLC*,
  2019 WL 3892405 (E.D. Mich. Aug. 19, 2019)........................................... 5, 7, 10

*In re Nat'l Prescription Opiate Litig.*,
  2021 WL 3777638 (6th Cir. Jan. 12, 2021) ..........................................................5

*Landis v. Galarneau*,
  2010 WL 446445 (E.D. Mich. Jan. 28, 2010).......................................................8

*Marmelshtein v. City of Southfield*,
  2010 WL 4226667 (E.D. Mich. Oct. 21, 2010)..................................................6, 8

*Nellcor Puritan Bennett LLC v. CAS Med. Sys., Inc.*,
  2013 WL 3242960 (E.D. Mich. June 26, 2013) ...................................................10

*Tatman v. Collins*,
  938 F.2d 509 (4th Cir. 1991)................................................................................2

*Weddington v. City of Detroit*,
  2022 WL 16856085 (E.D. Mich. Nov. 10, 2022)................................... 3, 8, 9, 11

### RULES

Fed. R. Civ. P. 26 ..................................................................................... 2, 3, 6, 8

Fed. R. Civ. P. 30 .................................................................................... 2, 6, 7

Fed. R. Civ. P. 32 .........................................................................................7

## **INTRODUCTION AND SUMMARY OF ARGUMENT**

Plaintiffs' request for two separate second depositions—one each of Mr. Fink and Mr. Lollis—should be denied. Plaintiffs already deposed non-parties Mr. Fink and Mr. Lollis for over ten hours on the record—at the time and place that Plaintiffs chose. At the time of the depositions, Plaintiffs had access to tens of thousands of produced documents (totaling over 130,000 pages) from Navistar, as well as Allegiance Trucks and Summit Truck Group (Mr. Fink's and Mr. Lollis's former employers), and examined Mr. Fink and Mr. Lollis on over 80 of those documents. Given Plaintiffs' extensive discovery efforts, Mr. Fink and Mr. Lollis unsurprisingly "underst[ood] that their previous depositions would be the only depositions that would be required of them" and "strongly prefer to avoid any further" discovery. ECF No. 97-5, PageID.3819–20. Consistent with the Federal Rules of Civil Procedure, Navistar understood those depositions would be the only testimony from these non-parties as well and planned its discovery and trial strategy around that understanding.

Plaintiffs now seek to shift the playing field and secure a second round of depositions because, according to Plaintiffs, "[a]s GLS and Central Transport have been preparing for trial, it became evident that they would need to ensure usable trial testimony from Mr. Fink and Mr. Lollis." ECF No. 97, PageID.3804. But under Rule 32, Mr. Fink's and Mr. Lollis's previous deposition transcripts *are* usable.

Plaintiffs do not explain why those transcripts should be considered not usable, but Plaintiffs' failures to understand their case or ask the right questions clearly cannot support a request for second depositions under Rules 26(b)(2) and 30(a)(2).

Recognizing as much, Plaintiffs instead assert that they need second depositions because they made strategic decisions to (i) transcribe, but not videorecord, the first depositions, and (ii) have Mr. Fink and Mr. Lollis as their first deponents prior to the completion of all discovery. These justifications do not meet the strict requirements for seeking second depositions under the Federal Rules of Civil Procedure.

*First*, to the extent Plaintiffs seek to videorecord testimony on topics they already elicited in the first depositions, Rules 26(b)(2) and 30(a)(2) bar such second depositions. The Federal Rules of Civil Procedure draw no distinction between discovery and *de bene esse* depositions and in fact such distinction "was deliberately eliminated from the rule." *Tatman v. Collins*, 938 F.2d 509, 511 (4th Cir. 1991); Fed. R. Civ. P. 30, advisory committee's note to 1970 amendment. Instead, Rule 30(a)(2) prohibits second depositions that are not "consistent with Rule 26(b)(1) and (2)." Fed. R. Civ. P. 30(a)(2)(A)(ii). Rule 26(b)(2) in turn mandates that the Court "must limit" testimony that is "unreasonably cumulative or duplicative," that "can be obtained from some other source that is more convenient, less burdensome, or less expensive," or that the requesting party "had ample opportunity" to obtain. *Id.*

2

26(b)(2)(C)(i), (ii).  A second deposition necessitated by a party's decision not to videorecord the first is precisely what Rule 26(b)(2) is meant to prevent.  By definition, memorializing the same testimony in a different format is cumulative and duplicative.  It can be obtained from a more convenient source (the previous transcripts).  And Plaintiffs had ample opportunity to obtain it previously (by videorecording the prior depositions).

*Second*, to the extent Plaintiffs intend to examine Mr. Fink and Mr. Lollis on documents Plaintiffs solicited in discovery after their first depositions, that is a naked attempt to reopen discovery for which Plaintiffs cannot establish good cause.  To the contrary, Plaintiffs' situation is one of their own doing:  Plaintiffs chose to depose Mr. Fink and Mr. Lollis early in discovery prior to receiving all document production or even subpoenaing Mr. Fink for his text messages.  And to the extent Plaintiffs ever could have justified a need for testimony related to additional documents, the time to seek that testimony was during discovery.  The Federal Rules of Civil Procedure prohibit rewarding Plaintiffs' lack of diligence with a do-over.  Doing so would prejudice Navistar as it proceeded through discovery and prepared for trial on the record as it exists to date.  *See Weddington v. City of Detroit*, 2022 WL 16856085, at *1 (E.D. Mich. Nov. 10, 2022) ("Second depositions . . . provide the deposing party with an unfair strategic advantage, offering it multiple bites at the apple[.]") (cleaned up).

3

For the foregoing reasons, the Court should deny Plaintiffs' Motion.

## BACKGROUND

Mr. Fink and Mr. Lollis are non-parties who were previously employed as dealers for Summit and Allegiance. *See, e.g.*, ECF No. 29 (Second Am. Compl.) ¶¶ 51, 86. Plaintiffs deposed Mr. Fink and Mr. Lollis on July 31, 2024 and August 6, 2024, respectively, for a total of ten hours on a combined 82 exhibits. *See* Ex. A (J. Fink Dep. Tr.); ECF No. 97-3 (J. Lollis Dep. Tr.).

By the time of these depositions, Navistar had produced over 20,000 documents (out of approximately 22,000 by the close of fact discovery) and GLS had produced nearly 800 documents (out of approximately 1,850 by the close of fact discovery). In addition, Allegiance—Mr. Lollis's employer at the time of the deposition and Mr. Fink's former employer—completed its nearly 3,000-document production prior to both depositions. Plaintiffs also had access to documents produced by Summit—Mr. Fink's and Mr. Lollis's former employer—and, by the time of Mr. Lollis's deposition, documents produced by Mr. Lollis, including text messages. In total, Plaintiffs received well over 20,000 documents before Mr. Fink's and Mr. Lollis's depositions.

It was not until after Mr. Fink's deposition that Plaintiffs issued a subpoena for Mr. Fink's text messages. Ex. B (J. Fink Subpoena) (Sept. 20, 2024). In October

2024, over a year and a half ago, Mr. Fink produced approximately 200 text messages.

## ARGUMENT

Plaintiffs' Motion is not a straightforward request for a *de bene esse* deposition to preserve testimony as they imply. *Cf.* ECF No. 97, PageID.3802. It is a request for second depositions, which are permitted in only limited circumstances that are not applicable here.

"[T]he Federal Rules of Civil Procedure do not distinguish between a deposition taken for the purpose of discovery and one taken for the purpose of preserving testimony for trial." *Haydar v. Amazon Corporate, LLC*, 2019 WL 3892405, at *2 (E.D. Mich. Aug. 19, 2019); Fed. R. Civ. P. 30 advisory committee's note to 1970 amendment ("The changes in Rule 30(a) … replace the provision for depositions de bene esse."). Thus, a party seeking a second deposition must satisfy Rules 30(a)(2) and 26(b)(2). *See Betts v. Costco Wholesale Corp.*, 2007 WL 850999, at *2 (E.D. Mich. Mar. 16, 2007) (denying motion to compel second deposition under Rules 30(a)(2) and 26(b)(2) where party "failed to request authority from the Court"). For all these reasons, Plaintiffs' cited cases regarding a *de bene esse* deposition taken as a first deposition are inapposite.[1]

---

[1] *See In re Nat'l Prescription Opiate Litig.*, 2021 WL 3777638, at *2 (6th Cir. Jan. 12, 2021) (cited ECF No. 97, PageID.3805–06) (applying Rule 30(a)(2)(A)(iii) for

Indeed, Plaintiffs agree Rule 30(a)(2) applies.  *See* ECF No. 97, PageID.3806 (citing *Marmelshtein v. City of Southfield*, 2010 WL 4226667, at \*3 (E.D. Mich. Oct. 21, 2010) ("Plaintiffs were required to comply with Fed. R. Civ. P. 30" "[b]ecause the deposition . . . was not merely a *de bene esse* deposition, but was [a] second deposition.")).  But they cannot satisfy it.

Under Rule 30, a court may grant leave for such second depositions only "to the extent consistent with Rule 26(b)(1) and (2)."  Fed. R. Civ. P. 30(a)(2)(A)(iii).  But in applying Rule 26(b)(2), the court "must limit" testimony if "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive" or "(ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action."  *Id.* 26(b)(2)(C)(i), (ii).

### A.    Rule 26(b)(2) Bars The Cumulative And Duplicative Testimony Plaintiffs Had Ample Opportunity To Obtain

Plaintiffs' primary reason for seeking second depositions of Mr. Fink and Mr. Lollis is that they did not videorecord the prior depositions.  *See* ECF No. 97, PageID.3807.

---

taking "depositions before the time specified in Rule 26(d)" and denying stay of district court's order permitting "preservation deposition" of expert witness who was not previously deposed); *Burket v. Hyman Lippitt, P.C.*, 2008 WL 1741875, at \*2–3 (E.D. Mich. Apr. 11, 2008) (cited ECF No. 97, PageID.3805–06) (permitting *de bene esse* deposition via **telephone** where witness had not yet been deposed but opposing party had "previously agreed" to deposition after discovery cutoff).

Plaintiffs disingenuously assert that, "[a]s [they] have been preparing for trial, it became evident that they would need to ensure usable trial testimony from Mr. Fink and Mr. Lollis." *Id.* at PageID.3804. As an initial matter, video is not a requirement to present a transcript. *See* Fed. R. Civ. P. 32(c) ("[A] party **must** provide a transcript of any deposition testimony the party offers, but **may** provide the court with the testimony in nontranscript form as well.") (emphasis added). In Plaintiffs' own words, "[g]iven Mr. Fink's and Mr. Lollis's geographic location, Plaintiffs are permitted 'use for any purpose the[ir] deposition[s]' at trial." ECF No. 97, PageID.3807 (quoting Fed. R. Civ. P. 32(a)(4)(B)).

But to the extent that Plaintiffs mean it became clear they **want** video testimony to present for a jury—there are no changed circumstances regarding Mr. Fink's and Mr. Lollis's availability. Plaintiffs knew from the outset that Mr. Fink and Mr. Lollis were outside this Court's subpoena power: They took the first depositions in Texas and Arkansas. *See* ECF No. 97, PageID.3803. Courts routinely deny second depositions when the requesting party knew that the witness would be unavailable at trial. *See, e.g.*, *Haydar*, 2019 WL 3892405, at *2 (denying motion for

7

leave to take *de bene esse* second deposition because witness "posed the risk of being an 'unavailable' non-party witness" at the time of the first deposition).[2]

By definition, re-recording transcribed testimony is "unreasonably cumulative or duplicative" of testimony that is available from a "more convenient, less burdensome, or less expensive" source. Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiffs had more than "ample opportunity" to videorecord the first depositions but chose not to. *Id.* 26(b)(2)(C)(ii). Courts routinely reject such paradigmatic second bite at the apple that would "yield testimony that is duplicative." *Weddington*, 2022 WL 16856085, at *1; *Franklin v. City of Highland Park Police Officer Hollis Smith*, 2016 WL 4267827, at *1 (E.D. Mich. Aug. 15, 2016) (overruling objections to Magistrate Judge's denial of motion to take second deposition under Rule 26(b)(2)(c) because "a second deposition would be unreasonably cumulative.").

Plaintiffs notably cite no case suggesting a party's failure to videorecord a deposition entitles it to a second one. It does not.

---

[2] Plaintiffs' case law is factually inapposite. *See* ECF No. 97, PageID.3806 (citing *Marmelshtein*, 2010 WL 4226667, at *2 (permitting *de bene esse* deposition of plaintiff due to his physical condition where defendants had stipulated to the second deposition); *Benedict v. United States*, 2016 WL 6139599, at *2 (E.D. Mich. Oct. 21, 2016) (parties had "conducted discovery under the assumption that" a witness who became unavailable after the deposition "would be available . . . at trial"); *Landis v. Galarneau*, 2010 WL 446445, at *1, *3 (E.D. Mich. Jan. 28, 2010) (defendant's own expert agreed to testify live during plaintiff's case in chief or through *de bene esse* deposition)).

**B.     Plaintiffs' Self-Inflicted Discovery Choices Do Not Constitute Good Cause To Reopen Discovery**

In addition to the lack of a videorecording, Plaintiffs also argue that they chose to depose Mr. Fink and Mr. Lollis early in the case and additional discovery occurred afterwards. *See* ECF No. 97, PageID.3803. That choice does not support a finding of good cause for second depositions.

*First*, it was Plaintiffs who made the decision to depose Mr. Fink and Mr. Lollis first, with full knowledge these non-parties were outside the Court's subpoena power. The Motion claims these non-parties have "first-hand knowledge of Navistar's actions in the lead up to the parties entering the 2021 Letter Agreement" and "Navistar's breach of contract." *Id.* at PageID.3807. But these are precisely the topics Plaintiffs covered in the first depositions. *See, e.g.*, ECF No. 97-2, PageID.3813 (most exhibits are from 2021); ECF No. 97-3, PageID.3816–17 (exhibits covering 2021–23). To the extent Plaintiffs are asking for a "do-over" to ask better or more informed questions, that is the exact type of gamesmanship courts reject. *See Weddington*, 2022 WL 16856085, at *1 ("Second depositions . . . provide the deposing party with an unfair strategic advantage, offering it multiple bites at the apple, each time with better information than the last.") (cleaned up); *Franklin*, 2016 WL 4267827, at *1 (denying second deposition where "counsel could have asked further questions and perhaps elicited more detail, but he made the strategic choice not to do so").

9

In any event, that Plaintiffs "took a risk by deposing [Mr. Fink and Mr. Lollis] before all the necessary information was available" and chose not to "leave the deposition open pending" additional productions is their own doing. *Nellcor Puritan Bennett LLC v. CAS Med. Sys., Inc.*, 2013 WL 3242960, at *3 (E.D. Mich. June 26, 2013) (rejecting second deposition); *see also Franklin*, 2016 WL 4267827, at *1; *Haydar*, 2019 WL 3892405, at *2.

**Second**, Plaintiffs misconstrue the discovery record.  They point to "over 20,000 additional pages of documentary evidence." ECF No. 97, PageID.3804.  But it is Plaintiffs who produced nearly 14,000 pages after the depositions of Mr. Fink and Mr. Lollis.  They also omit that Plaintiffs had received over 20,000 **documents** (for a total of over 130,000 pages) from Navistar, Allegiance, and Summit before Mr. Fink's and Mr. Lollis's depositions.  And they had documents produced by Mr. Lollis, including text messages, at the time they took Mr. Lollis's deposition.  But most tellingly, they do not describe—at all—how the 20,000 additional pages relate to Mr. Fink and Mr. Lollis.

The only documents they point to of any relevance to Mr. Fink and Mr. Lollis are Mr. Fink's 200-text-message production in October 2024.  But Plaintiffs received those documents in October because they did not subpoena them until *after* Mr. Fink's deposition.  Ex. B (J. Fink Subpoena) (Sept. 20, 2024).  And, once they had them, they did nothing for eighteen months.  Their belated assertion that this

10

"testimony is *now* central to Plaintiffs' case," ECF No. 97, PageID.3802 (emphasis added), is belied by the record and their actions.

*Third*, forcing Navistar to spend the time and expense preparing for second depositions, instead of trial, is precisely the "cost and burden" that Rule 26(b) exists to prevent.  *See Weddington*, 2022 WL 16856085, at *1; *see also Duran v. Sara Lee Corp.*, 2013 WL 12308200, at *4 (W.D. Mich. May 3, 2013) ("[U]nfair impositions . . . in terms of time, money and strategic disadvantage" for a second deposition "constitute undue burden and expenses").

*Fourth*, Navistar conducted the "Rule 30(b)(6) depositions, expert depositions, [and] 13 additional fact witness depositions" entirely in light of the depositions of Mr. Fink and Mr. Lollis that had already occurred.  ECF No. 97, PageID.3804.  As it prepares for trial, does Navistar wish that it had asked an additional question, referred to an additional document, or rephrased at least one inquiry for every single witness?  Of course.  But that is how litigation works.  To allow Plaintiffs to elicit new facts at this juncture would prejudice Navistar—as it will be unable to obtain additional fact discovery to respond to any new lines of inquiry Plaintiffs now pursue.  Such an "unfair imposition" of this "strategic disadvantage" constitutes "undue burden."  *Duran*, 2013 WL 12308200, at *4–5 (denying request for a second deposition).

For these reasons, the Court should deny Plaintiffs' Motion in its entirety.

11

## CONCLUSION

For the foregoing reasons, Navistar respectfully requests that the Court deny Plaintiffs' Motion for Leave to Take Second Depositions of Justin Fink and Jim Lollis.

Respectfully submitted,

Dated: April 24, 2026

/s/ *Kevin M. Jakopchek*
Kevin M. Jakopchek (IL Bar #6317040)
Kathryn K. George (IL Bar #6306004)
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, Illinois 60611
Tel: 312.876.7700
Fax: 312.993.9767
kevin.jakopchek@lw.com
katie.george@lw.com

and

Scott R. Murphy (P68015)
Anthony C. Sallah (P84136)
BARNES & THORNBURG LLP
171 Monroe Ave. NW, Suite 1000
Grand Rapids, MI 49503
616-742-3930
smurphy@btlaw.com
asallah@btlaw.com

*Attorneys for Defendant Navistar, Inc.*
*n/k/a International Motors LLC*

12

## LOCAL RULE CERTIFICATION

I, Kevin M. Jakopchek, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for nonproportional fonts) or 14 point (for proportional fonts).  I also certify that it is the appropriate length.  Local Rule 7.1(d)(3).

/s/  *Kevin M. Jakopchek*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on April 24, 2026, the foregoing was electronically filed with the CM / ECF system which will send notification of such filing to the e-mail addresses registered in the CM / ECF system, as denoted on the Electronic Mail Notice List.

/s/  *Kevin M. Jakopchek*
*Attorney for Defendant Navistar, Inc.*