EXHIBIT 5

**LEASE AGREEMENT**
**(GLS – Central Transport)**

This Agreement is effective as of 12:01 A.M on January 1, 2019 by and between GLS LeasCo, Inc., with offices at 12225 Stephens Road, Warren, MI 48089 ("LESSOR"), and Central Transport LLC, an Indiana limited liability company, with its principal place of business at 12225 Stephens Road, Warren, MI 48089 ("LESSEE").

Subject to the terms and conditions herein set forth, LESSOR agrees to lease to LESSEE, and LESSEE agrees to hire from LESSOR each Unit of Equipment described in the Equipment Rental Schedule or Schedules, ("Unit"). The terms and conditions contained herein (including the Supplements and Annexes, if any, attached hereto) and in each Equipment Rental Schedule shall govern the leasing and use of the Equipment.

1.    **TERM**

The obligations of LESSOR and LESSEE under this Agreement shall commence upon the execution hereof by LESSOR and LESSEE and shall end upon full performance and observance of each and every term, condition, and covenant set forth in this Lease and in each Equipment Rental Schedule hereto. The lease term for each vehicle under this Agreement begins on the date set forth in the applicable Equipment Rental Schedule and shall continue on a monthly basis, unless earlier terminated as provided in this Agreement.

2.    **RENT**

When Due. As to all Equipment, the monthly rental payable by LESSEE to LESSOR shall be as set forth in the applicable Equipment Rental Schedule. Rental periods under this Agreement shall commence at midnight on the first day of each accounting period, and end at midnight on the last day of each accounting period. As soon after the ending of any rental period as it can reasonably be done, LESSOR will invoice LESSEE for all charges due from LESSEE for that period. The LESSOR'S determination of rent per the Equipment Rental Schedule shall be conclusive, absent manifest error.

3.    **TAXES**

LESSEE shall promptly report, file, pay and hold LESSOR harmless with respect to all taxes, fees and assessments due, assessed or levied by any foreign, federal, state or local government or taxing authority, and/or any penalties, fines or interest thereon, which are imposed upon the use of the Equipment by LESSEE, but shall not include any federal or state taxes based upon or measured by the net income of the LESSOR.

4.    **NET LEASE**

This Lease is a net lease, it being the intention of the parties that all costs, expenses and liability associated with the use of the Equipment or its lease shall be borne by LESSEE unless expressly agreed to the contrary in the Equipment Schedule. LESSEE's agreement to pay all obligations hereunder, including but not limited to rent, shall be absolute and unconditional and such agreement is for the benefit of LESSOR. Except as may be otherwise expressly provided herein, the Lease shall not terminate, nor shall such

obligations of LESSEE be affected, by reason of any damage to, or any loss or destruction of the Equipment or any Unit thereof by any private person, corporation or governmental authority.

It is the express intention of LESSOR and LESSEE that all rent and other sums payable by LESSEE hereunder shall be, and continue to be, payable in all events throughout the term hereof. The Lease shall be binding upon the LESSEE, its successors and assignees and shall inure to the benefit of LESSOR as herein defined.

## 5.    USE AND OPERATION OF EQUIPMENT

LESSEE shall at all times use the Equipment only for the purposes and only in the manner for which it was designed and intended to be used. LESSEE shall not operate any Unit unless and until it is covered by a current and valid policy of insurance in conformance with the provisions of Clause 8 of this Agreement relating to Insurance.

LESSEE shall not permit any Unit to be used, operated, or maintained in violation or contravention of any applicable law or of any rule, regulation, or order of any governmental or regulatory agency, body, or authority or in violation of any license, certificate, or registration relating to such Unit issued by any such authority, excepting only unanticipated minor nonrecurring violations.

Should any Unit be required to be registered or licensed under any applicable law or governmental or regulatory agency, body, or authority as a prerequisite to LESSEE's proper and lawful use thereof, LESSEE shall, at LESSEE's expense, cause each and every such Unit to be timely and properly registered or licensed in the name of LESSEE or LESSOR as appropriate, and to remain so registered or licensed at all times during the term of the Lease. LESSEE shall so use the Equipment and shall, at LESSEE's expense, perform or cause to be performed such maintenance, inspection, service, repair, overhaul, and testing of the Equipment as to keep the Equipment at all times during the term of each Lease is such repair and operating conditions may be required by applicable law.

LESSEE will comply with all applicable requirements of the manufacturer of the Equipment which apply to the physical possession, use, operation, condition, and maintenance of the Equipment. LESSOR will assign to LESSEE all warranty rights which are made available by the manufacturer of the leased Equipment and by the manufacturer of the tires.

LESSEE shall bear the cost of any modification or repairs to bring the Equipment into compliance with applicable law implemented after the execution of this Agreement.

All vehicles leased to LESSEE under this agreement shall be operated only by safe, careful and licensed drivers to be selected, and controlled by LESSEE, said drivers being conclusively presumed to be the agent of LESSEE only and LESSEE shall require said drivers to operate all such vehicles with reasonable care and diligence and to use every reasonable precaution to prevent loss or damage to any of the said vehicles because of fire, theft, collision, or injury to third persons or property of third persons and upon written complaint from LESSOR specifying any reckless, careless or abusive handling of any

CONFIDENTIAL

vehicles leased hereunder, LESSEE shall remove such driver, or drivers, and substitute therefore careful and safe drivers as soon as it is reasonably possible so to do.

LESSEE shall be solely responsible for any fines, penalties, or forfeitures arising from LESSEE's use of the Equipment.

## 6. SERVICE

LESSEE shall, at LESSEE's sole expense and at all times during the term of this Lease Agreement, maintain the Equipment in good operating order, repair condition, and appearance, all according to the specifications and requirements of the manufacturer and of any governmental authority. LESSEE's obligation to maintain the equipment shall not constitute authority on the part of LESSEE to incur any mechanic's storage, vendor's, warehouseman's, or any other liens or attachments thereon or thereto.

## 7. RETURN OF EQUIPMENT

LESSEE shall, at the termination of the lease term for each Unit, at its sole expense, return each Unit to LESSOR at such location within the continental United States as shall be mutually agreed to by LESSOR and LESSEE in the same operating order, repair condition and appearance as of the Delivery Date, reasonable wear and tear excepted. In the event that LESSEE returns Unit to any other location, LESSEE shall pay all costs incurred by LESSOR in returning said Unit to the Return Location.

Because of the fact that LESSOR does not undertake the storage of LESSEE's goods, it is expressly understood and agreed that LESSOR shall not be liable for loss of or damage to any property left in or upon the vehicles leased hereunder at any time or place while such vehicles are covered by this Agreement.

## 8. INSURANCE

LESSEE agrees at its own cost and expense to maintain in full force and effect a public liability and property damage insurance policy written by a non-assessable stock insurance company authorized to transact business in the State in which the Equipment is domiciled, protecting the interest of LESSOR, LESSEE and their authorized drivers with respect to their liability for injuries to third persons and damage to or loss of use of property of third persons resulting from the operation of the vehicles leased hereunder. Such public liability and property damage insurance policy shall have limits of not less than $1,000,000.00 for injury to or death of one person and subject to that limit for each person to total liability of $1,000,000.00 for all persons injured or killed in the same accident and shall also have a limit of $1,000,000.00 for damage or destruction and agrees to indemnify and save LESSOR harmless from any and all claims for injuries or damages due to the operation of the vehicles leased hereunder in excess of the limits of the public liability and property damage insurance policies as above set out. LESSEE agrees to self-insure the Leased Equipment maintained hereunder against the hazards of fire, theft, vandalism, physical damage or loss. The LESSEE agrees to indemnify and save LESSOR harmless from any and all claims for damages, injuries and/or death sustained by LESSEE or any driver, servant or employee of LESSEE or any passenger in any of the vehicles leased

hereunder or any liability imposed upon or assumed by LESSEE under any Workmen's Compensation Act, Plan or Law and/or Contract of whatever nature.

Each and every insurance policy required hereunder:

* Shall be primary and without right of contribution from other insurance which may be available to or carried by LESSOR;

* Shall contain an express waiver of subrogation rights as against LESSOR.

* LESSEE will name LESSOR an additional insured under the required policies and will furnish LESSOR with evidence of such coverage along with such other documentation as LESSOR shall reasonably require.

* All insurance policies shall require the insurer to give LESSOR 30 days prior written notice of any cancellation or non-renewal of such insurance.

## 9. LESSOR'S OWNERSHIP RIGHTS

This Agreement is a lease only and LESSEE acquires no title or ownership rights to any vehicle. LESSOR or its agent shall have free access to the Equipment at all reasonable times for the purpose of inspection and for any other purpose contemplated in this Agreement, subject to reasonable requirements of LESSEE.

LESSEE shall keep the Equipment free and clear of all liens and encumbrances. LESSEE shall not assign this Agreement, any of its rights hereunder, nor sublease the Equipment without the prior written consent of LESSOR, except as permitted below.

Notwithstanding the foregoing, LESSEE may upon thirty (30) days prior written notice to LESSOR assign this Agreement, or sublease the Equipment to any parent or subsidiary corporation, or to a corporation which shall have acquired all or substantially all of the property of LESSEE by merger, consolidation or purchase. No permitted assignment or sublease shall relieve LESSEE of any of its obligations hereunder, and LESSEE agrees to pay all costs and expenses LESSOR may incur in connection with any such sublease or assignment.

LESSEE shall execute and immediately deliver such instruments, including Uniform Commercial Code statements, as are required by LESSOR to be filed to evidence LESSOR's interest in the Equipment or the Lease. LESSOR and LESSEE hereby agree, and LESSEE hereby represents for the benefit of LESSOR and its assignees, that each Lease is intended to be a "true lease" as the term is commonly used in the applicable Uniform Commercial Code and the Internal Revenue Code of 1986 as amended. LESSEE represents and warrants that the description of the Equipment as set forth on each document executed by LESSEE in connection with this Agreement is true, complete and accurate including features, models and serial numbers.

## 10. LESSEE'S RIGHTS

CONFIDENTIAL

GLSN-0002882

Quiet Enjoyment. LESSOR hereby agrees and covenants, so long as no Event of Default has occurred and is continuing, that LESSEE shall as between LESSOR and LESSEE, and subject only to the conditions of this Agreement, have and hold and may quietly enjoy, subject to this Agreement, the Equipment and every Unit and part thereof during the term of this Agreement, free from repossession or disturbance by LESSOR or its officers, agents, employees, servants, successors, or assigns or by anyone claiming by, through, or under LESSOR, whether such be the holder of a lien or otherwise.

Manufacturer's Warranties. LESSOR hereby agrees to assign to LESSEE during the term of this Agreement all of the rights which LESSOR may have against the Equipment manufacturer or vendor or both for any breach of warranty, fraud, misrepresentation, or defect in design or manufacture of the Equipment, such assignment to be effective only so long as no Event of Default under this Lease has occurred and is continuing, and only so long as the exercise and enforcement of such rights are without any recourse whatsoever against LESSOR. Such assignment is solely for the purpose of allowing LESSEE, at LESSEE's expense, to make and prosecute any such claim and to receive and use any money or other adjustments obtained thereunder for repair or replacement of any applicable Item of Equipment. LESSOR hereby agrees to execute any documents reasonably necessary to enable prosecution of any such claim.

## 11. RISK OF LOSS, IRREPARABLE DAMAGE

LESSEE hereby assumes and shall bear the entire risk of loss and damage to the Equipment, whether or not insured against, commencing as of the date the Equipment is delivered to LESSEE. No loss or damage to the Equipment or any part thereof shall impair any obligation of LESSEE under the Lease, which shall continue in full force and effect. LESSEE shall have the right to pursue property damage claims against any third party that causes damage to Equipment subject to this Agreement.

In the event of loss or damage of any kind to any Unit, LESSEE shall use all reasonable efforts to place the Unit in good repair, condition and working order to the satisfaction of LESSOR, unless such Unit has been irreparably damaged, in which case LESSEE shall make its election to pay LESSOR for the irreparably damaged Unit or to replace the irreparably damaged Unit all as hereinafter provided.

If LESSEE elects to replace the irreparably damaged Unit, LESSEE shall continue all payments under the Lease without interruption, as if no such damage, loss or destruction had occurred, and shall replace such irreparably damaged Unit, as provided herein, paying all such costs associated therewith. LESSEE shall, following the determination or irreparable damage, effect the replacement by replacing the irreparably damaged Unit with replacement Equipment (as hereinafter defined), so that LESSOR has good and valid title thereto. The "Replacement Unit" or "Replacement Equipment" shall:

* Have a fair market value at the time of such replacement equal to the then fair market value of the Equipment for which replacement is made, and

* Be the same type and at least equal to the Equipment for which the replacement is being made. Upon delivery, such Replacement Equipment shall become subject to all of the

terms and conditions of this Agreement and the Lease. LESSEE shall execute all such documents necessary to effect the foregoing.

## 12. DEFAULT

LESSEE shall be in Default under this Agreement upon the happening of any of the following events or conditions: (a) failure to pay monthly rental when due; (b) failure by LESSEE to pay any taxes, fees or other assessments when due; (c) failure of LESSEE to maintain the equipment as set forth in this Agreement; (d) failure of LESSEE to observe any other term, covenant or condition of this Agreement; (e) LESSEE ceasing its business as it currently is operating; (f) LESSEE becomes insolvent, or is unable to pay its debts as they mature or makes an assignment for the benefit of creditors or has a petition under any bankruptcy or state insolvency law filed for or against it or LESSEE is dissolved, or merges or is consolidated with any person or party except as allowed by Paragraph 9 hereof.

## 13. REMEDIES UPON DEFAULT

In the event LESSEE shall be in default under this Agreement, LESSOR may, without notice, declare all rentals due or to become due hereunder immediately due and payable and may, without notice or liability or legal process, enter into any premises where the Equipment may be located and render the Equipment unusable and/or repossess the Equipment without being liable to LESSEE for damages caused by such taking of possession. In addition, LESSOR may have and may exercise from time to time any and all rights and remedies provided under the Uniform Commercial Code of the state where the Units are located and any other applicable law or in equity. Upon such default, and at the request of LESSOR, LESSEE shall assemble and return all of the Units to LESSOR at a convenient place designated by LESSOR.

## 14. WARRANTIES

LESSEE agrees to inspect each item of Equipment before subjecting such Equipment to terms of this Lease. LESSOR is not the manufacturer of the Equipment or the agent for the manufacturer. LESSOR MAKES NO WARRANTY, EITHER EXPRESS OR IMPLIED, AS TO ANY MATTER WHATSOEVER, INCLUDING WITHOUT LIMITATION, THE EQUIPMENT'S CONDITION, MERCHANTABILITY OR FITNESS FOR ANY PURPOSE, NOR AGAINST DEFECTS IN MATERIAL, WORKMANSHIP OR CAPACITY OF THE EQUIPMENT OR OTHERWISE. LESSEE LEASES THE EQUIPMENT "AS IS".

## 15. DISCLAIMER AND LIMITATION OF LIABILITY

IN NO EVENT SHALL LESSOR BE LIABLE FOR (i) SPECIAL, INDIRECT OR CONSEQUENTIAL DAMAGES OR (ii) ANY DAMAGES WHATSOEVER RESULTING FROM THE LOSS OF USE OR PROFITS, ARISING OUT OF OR IN CONNECTION WITH THIS AGREEMENT OR THE USE OR PERFORMANCE OF THE QUIPMENT, WHETHER IN AN ACTION OF CONTRACT OR TORT INCLUDING NEGLIGENCE.

## 16. INDEMNITY

LESSEE agrees to indemnify, defend and hold harmless LESSOR, including its affiliates, subsidiaries, employees, officers, directors and agents, from and against any and all claims, lawsuits, judgments, losses, civil penalties, actions (administrative or judicial), liabilities, damages, fines, costs (including environmental remediation), and expenses (including reasonable attorney's fees) incurred or to be incurred, and which may be made oe are brought against the LESSOR by any individual, person (including, but not limited to LESSEE's employees or agents), corporation, government, governmental agency, class, or any other entity whatsoever arising out of or alleged to have arisen out of this Agreement or in any relating to this Agreement except to the extent that such claims are caused by LESSOR's gross negligence or willful misconduct.

17.   GENERAL

This Lease shall be deemed to have been made and delivered in the State of LESSOR's incorporation and be governed in all respects by the laws and venue of such state. Any proceeding arising out of or relating to this Agreement may be brought in the courts of the State of Michigan, Counties of Macomb, Oakland, or Wayne, or, if it has or can acquire jurisdiction, in the United States District Court for the Eastern District of Michigan, and the parties irrevocably submit to the exclusive jurisdiction of each such court in any such proceeding, waive any objection it may now or hereafter have to venue or to convenience of forum, agree that all claims shall be heard and determined only in one of the foregoing courts and agree not to bring any proceeding arising out of or relating this Agreement in any other court.

This Agreement and the Equipment Rental Schedule annexed hereto, constitute the entire and only Agreement between LESSEE and LESSOR with respect to the Equipment. The covenants, conditions, terms and provisions hereof may not be waived or modified orally and shall supersede all previous proposals, both oral and written, negotiations, representations, commitments, writings or Agreements or any other communication between the parties. This Agreement may not be amended or discharged except by a subsequent written Agreement entered into by duly authorized representatives of LESSOR and LESSEE.

All equipment subject to this Lease is and shall at all times be and remain personal property.

The waiver by LESSOR of any breach of any obligation of LESSEE shall not be deemed a waiver of any future breach of the same or any other obligation.

The relationship of LESSOR to LESSEE with respect to this Lease is that of a LESSOR of personal property to a LESSEE of personal property only, and nothing contained herein shall be considered or construed by LESSOR or by LESSEE or by any other person as creating the relationships of employer to employee or principal to agent or as constituting, as between LESSOR and LESSEE, any partnership, joint venture, or other form of business association.

Section headings are for convenience only and shall not be construed as part of the Agreement. All consents required to be obtained in the Agreement shall be submitted in writing.

Time is of the essence of this Agreement and of each and all of its provisions.

All communications and notices given under the provisions of this Agreement shall be in writing and shall become effective when deposited in the United States mail with proper postage for first-class, certified return receipt, mail prepaid and addressed to LESSOR or to LESSEE at their respective addresses as appearing in this Agreement or to such other addresses as either party may from time to time designate by written notice to the other.

18. **EXECUTION**

IN WITNESS WHEREOF, LESSOR and LESSEE have by their authorized representative hereunto set their respective hands as of the date first above appearing.

GLS LeasCo, Inc.
**LESSOR**

By: _____

Its:    **President**

Central Transport LLC
**LESSEE**

By: _____

Its:    **Vice President**

CONFIDENTIAL

GLSN-0002886

# EQUIPMENT RENTAL SCHEDULE

## ** SEE ATTACHED SCHEDULE**

GLSN-0002887