**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

|  |  |
|---|---|
| GLS LEASCO, INC., and CENTRAL TRANSPORT LLC | Civil Action No. 23-cv-12927 |
| Plaintiffs, | Hon. Mark A. Goldsmith |
| v. | Magistrate Judge Anthony P. Patti |
| NAVISTAR, INC. | |
| Defendant. | |

**DEFENDANT NAVISTAR, INC.'S OMNIBUS MOTION *IN LIMINE*
TO EXCLUDE CERTAIN EVIDENCE OR ARGUMENT**

Pursuant to the Court's Order Amending the Case Management and Scheduling Order (ECF No. 78), Defendant Navistar, Inc. ("Navistar"), through undersigned counsel, moves this Court for an order excluding evidence or argument during the trial on the following matters:

1. **MIL No. 1:** Preclude evidence or argument of any contract liability theory other than that the May 2022 Letter Agreement required delivery of all trucks by June 30, 2022.

2. **MIL No. 2:** Preclude evidence or argument that Plaintiffs suffered any damages prior to June 30, 2022 or with respect to trucks delivered on or before June 30, 2022, including:

a. Evidence or argument seeking damages based on the expected resale value of the Used Trucks before June 30, 2022;

b. Evidence or argument seeking damages with respect to the first 114 Used Trucks sold (equivalent to the 114 New Trucks delivered by June 30, 2022); and

c. Evidence or argument seeking damages for any Used Trucks Plaintiffs sold in May or June 2022.

3. **MIL No. 3:** Preclude evidence or argument that Navistar did not intend to fulfill the May 2022 Letter Agreement.

4. **MIL No. 4:** Preclude evidence or argument that the May 2022 Letter Agreement was rescinded.

5. **MIL No. 5:** Preclude evidence or argument that Navistar breached the July 2021 Letter Agreement or that Navistar knew it could not perform under the July 2021 Letter Agreement when it was signed.

6. **MIL No. 6:** Preclude evidence or argument regarding damages for driver recruitment and increased financing costs.

7. **MIL No. 7:** Preclude evidence or argument regarding damages for forfeited trade-in rights.

8. **MIL No. 8:** Preclude evidence or argument regarding exemplary damages for harm to reputation and goodwill.

ii

9.   **MIL No. 9:**  Preclude evidence or argument of undisclosed "bulk" sales or resale negotiations.

10.   **MIL No. 10:**  Preclude hearsay evidence regarding verbal discussions of potential sales with third parties.

11.   **MIL No. 11:**  Preclude evidence or argument regarding attorneys' fees and costs.

Such evidence or argument is inadmissible under Federal Rules of Evidence 401, 402, 403, 801, and 802, and Federal Rules of Civil Procedure 26 and 37.  An order excluding such evidence and argument is thus necessary to avoid delay, to ensure an even-handed and expeditious trial, and to shield the jury from unfairly prejudicial, misleading, confusing, and improper evidence.

Pursuant to Local Rule 7.1(a), counsel for Navistar sought the concurrence of Plaintiffs' counsel, explaining the nature of this Motion and its legal basis, and concurrence was not obtained.

DATED: April 28, 2026                          Respectfully submitted,

/s/ *Kevin M. Jakopchek*

Scott R. Murphy (P68015)                Kevin M. Jakopchek (IL 6317040)
BARNES & THORNBURG LLP            LATHAM & WATKINS LLP
171 Monroe Ave. NW, Suite 1000      330 North Wabash Avenue, Suite 2800
Grand Rapids, MI 49503                   Chicago, Illinois 60611
616-742-3930                                  Tel: (312) 876-7700
smurphy@btlaw.com                        kevin.jakopchek@lw.com

*Attorneys for Defendant Navistar, Inc. n/k/a International Motors LLC*

iii

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

|  |  |
|---|---|
| GLS LEASCO, INC., and CENTRAL TRANSPORT LLC<br><br>Plaintiffs,<br><br>v.<br><br>NAVISTAR, INC.<br><br>Defendant. | Civil Action No. 23-cv-12927<br><br>Hon. Mark A. Goldsmith<br><br>Magistrate Judge Anthony P. Patti |

**DEFENDANT NAVISTAR, INC.'S BRIEF IN SUPPORT OF**
**ITS OMNIBUS MOTION *IN LIMINE* TO EXCLUDE**
**CERTAIN EVIDENCE OR ARGUMENT**

# TABLE OF CONTENTS

INTRODUCTION AND SUMMARY OF ARGUMENT ......................................1

LEGAL STANDARD.........................................................................................1

ARGUMENT .......................................................................................................2

I.    PRECLUDE EVIDENCE OR ARGUMENT INCONSISTENT WITH
      PLAINTIFFS' BREACH OF CONTRACT THEORY .................................2

      A.    MIL No. 1: Preclude evidence or argument of any contract
            liability theory other than that the May 2022 Letter Agreement
            required delivery of all trucks by June 30, 2022.................................3

      B.    MIL No. 2: Preclude evidence or argument that Plaintiffs
            suffered any damages prior to June 30, 2022 or with respect to
            trucks delivered on or before June 30, 2022. .....................................4

            1.    The Court should preclude evidence or argument seeking
                  damages based on the expected resale value of the Used
                  Trucks before June 30, 2022.......................................................5

            2.    The Court should preclude evidence or argument seeking
                  damages with respect to the first 114 Used Trucks sold
                  (equivalent to the 114 New Trucks delivered by June 30,
                  2022). .........................................................................................7

            3.    The Court should preclude evidence or argument seeking
                  damages for any Used Trucks Plaintiffs sold in May or
                  June 2022. ..................................................................................8

II.   PRECLUDE EVIDENCE OR ARGUMENT INCONSISTENT WITH
      PLAINTIFFS' FRAUD THEORY ................................................................9

      A.    MIL No. 3: Preclude evidence or argument that Navistar did not
            intend to fulfill the May 2022 Letter Agreement. ...............................9

      B.    MIL No. 4: Preclude evidence or argument that the May 2022
            Letter Agreement was rescinded. .......................................................11

C.     MIL No. 5: Preclude evidence or argument that Navistar breached the July 2021 Letter Agreement or that Navistar knew it could not perform under the July 2021 Letter Agreement when it was signed. .........................................................................................13

III.   PRECLUDE EVIDENCE OR ARGUMENT REGARDING UNDISCLOSED AND LEGALLY NON-VIABLE DAMAGES................15

A.     MIL No. 6: Preclude evidence or argument regarding damages for driver recruitment and increased financing costs. .........................16

B.     MIL No. 7: Preclude evidence or argument regarding damages for forfeited trade-in rights. ...............................................................18

C.     MIL No. 8: Preclude evidence or argument regarding exemplary damages for harm to reputation and goodwill....................................19

D.     MIL No. 9: Preclude evidence or argument of undisclosed "bulk" sales or resale negotiations. ..............................................................22

E.     MIL No. 10: Preclude hearsay evidence regarding verbal discussions of potential sales with third parties. ..................................23

F.     MIL No. 11: Preclude evidence or argument regarding attorneys' fees and costs...............................................................................24

CONCLUSION .............................................................................................25

## STATEMENT OF ISSUE PRESENTED

Whether the Court should enter an order *in limine*, under Federal Rules of Evidence ("FRE") 401, 402, 403, 801, and 802, and Federal Rules of Civil Procedure ("FRCP") 26 and 37, barring Plaintiffs GLS Leasco, Inc. ("GLS") and Central Transport LLC ("Central") from introducing the following at trial:

1.  Evidence or argument of any contract liability theory other than that the May 2022 Letter Agreement required delivery of all trucks by June 30, 2022.

2.  Evidence or argument that Plaintiffs suffered any damages prior to June 30, 2022 or with respect to trucks delivered on or before June 30, 2022, including:

    a.  Evidence or argument seeking damages based on the expected resale value of the Used Trucks before June 30, 2022;

    b.  Evidence or argument seeking damages with respect to the first 114 Used Trucks sold (equivalent to the 114 New Trucks delivered by June 30, 2022); and

    c.  Evidence or argument seeking damages for any Used Trucks Plaintiffs sold in May or June 2022.

3.  Evidence or argument that Navistar, Inc. ("Navistar") did not intend to fulfill the May 2022 Letter Agreement.

4.  Evidence or argument that the May 2022 Letter Agreement was rescinded.

iii

5.     Evidence or argument that Navistar breached the July 2021 Letter Agreement or that Navistar knew it could not perform under the July 2021 Letter Agreement when it was signed.

6.     Evidence or argument regarding damages for driver recruitment and increased financing costs.

7.     Evidence or argument regarding damages for forfeited trade-in rights.

8.     Evidence or argument regarding exemplary damages for harm to reputation and goodwill.

9.     Evidence or argument of undisclosed "bulk" sales or resale negotiations.

10.    Hearsay evidence regarding verbal discussions of potential sales with third parties.

11.    Evidence or argument regarding attorneys' fees and costs.

# TABLE OF AUTHORITIES

## CASES

*Alexander v. Hoffman*,
  2019 WL 4640281 (E.D. Mich. Sept. 24, 2019)................................................ 10, 15

*Barton-Spencer v. Farm Bureau Life Ins. Co. of Mich.*,
  2016 WL 1125968 (Mich. Ct. App. Mar. 22, 2016)..................................... 24, 25

*Bessemer & Lake Erie R.R. Co. v. Seaway Marine Transp.*,
  596 F.3d 357 (6th Cir. 2010)................................................................. passim

*Clark v. Thomas*,
  2014 WL 2573738 (D. Nev. June 6, 2014)...............................................................1

*Cleveland-Cliffs Iron Co. v. Chicago & N.W. Transp. Co.*,
  581 F. Supp. 1144 (W.D. Mich. 1984) ...................................................................12

*Colombo v. Moore*,
  2011 WL 2555394 (Mich. Ct. App. June 28, 2011) ...............................................11

*Crockett v. Ford Motor Co.*,
  2016 WL 949211 (E.D. Mich. Mar. 14, 2016) ............................................. passim

*Currithers v. FedEx Ground Package System, Inc.*,
  2012 WL 12961114 (E.D. Mich. Feb. 9, 2012)............................................ 12, 13

*Donovan v. Curts*,
  245 Mich. 348 (1929)...............................................................................................12

*Dryvit Sys., Inc. v. Great Lakes Exteriors, Inc.*,
  2004 WL 874802 (6th Cir. Apr. 20, 2004) ............................................................24

*Endless River Techs., LLC v. TransUnion, LLC*,
  2025 WL 233659 (6th Cir. Jan. 17, 2025) ...............................................................4

*Grabendike v. Adix*,
  335 Mich. 128 (1952)...............................................................................................13

*Gray v. City of Detroit*,
  2021 WL 2885807 (E.D. Mich. July 9, 2021) ........................................... 2, 4, 7, 9

*Jones v. Prudential Sec., Inc.*,
  2021 WL 1108579 (E.D. Mich. Mar. 23, 2021) ....................................................23

*Latimer v. Piper*,
  261 Mich. 123 (1933)..............................................................................................13

*Louzon v. Ford Motor Co.*,
  718 F.3d 556 (6th Cir. 2013)......................................................................................1

*Mattress Closeout Ctr. IV, LLC v. Panera, LLC*,
  2016 WL 3855184 (E.D. Mich. July 15, 2016) .....................................................22

*McCullen v. Joldersma*,
  174 Mich. App. 207 (1988).....................................................................................13

*McIntosh v. Fixel*,
  297 Mich. 331 (1941)..............................................................................................12

*McNeal v. Tuori*,
  107 Mich. App. 141 (1981)....................................................................................4, 5

*Miller v. Gentry*,
  2018 WL 11243682 (W.D. Mich. Apr. 25, 2018) ............................. 16, 17, 18, 20

*Park W. Galleries, Inc. v. Global Fine Art Registry, LLC*,
  2010 WL 987772 (E.D. Mich. Mar. 12, 2010) ......................................................22

*Roundhouse v. Owens-Illinois, Inc.*,
  604 F.2d 990 (6th Cir. 1979)...................................................................................22

*Shaltry v. City of Saginaw*,
  2010 WL 2104956 (E.D. Mich. May 21, 2010) ........................................... 15, 19

*State Farm Mut. Auto. Ins. Co. v. Universal Rehab. Servs., Inc.*,
  2017 WL 1304984 (E.D. Mich. Mar. 30, 2017) ....................................... 18, 19, 20

*Stephen Michaels LLC v. Am. Suzuki Motor Corp.*,
  2011 WL 6339045 (E.D. Mich. Dec. 19, 2011) ....................................................21

*Trepel v. Roadway Express, Inc.*,
  194 F.3d 708 (6th Cir. 1999)................................................................... 23, 24

*Trutek Corp. v. BlueWillow Biologics, Inc.*,
   2023 WL 6130532 (E.D. Mich. Sept. 19, 2023)..............................................21, 22

*Tucker v. Union of Needletrades, Indus. & Textile Emps.*,
   407 F.3d 784 (6th Cir. 2005)...................................................................................14

*Van Dyke Spinal Reh. Ctr., PLLC v. USA Underwriters*,
   2024 WL 2787560 (Mich. Ct. App. May 30, 2024) ..............................................11

*Versen v. City of Detroit*,
   2024 WL 1855421 (E.D. Mich. Apr. 29, 2024)...........................................4, 7, 10

*Veselenak v. Smith*,
   414 Mich. 567 (1982)..................................................................................19, 20

**RULES**

Federal Rule of Civil Procedure 26 ................................................................. passim

Federal Rule of Civil Procedure 37 ................................................................. passim

Federal Rule of Civil Procedure 54 .......................................................................24

Federal Rule of Evidence 401........................................................................... passim

Federal Rule of Evidence 402........................................................................... passim

Federal Rule of Evidence 403........................................................................... passim

Federal Rule of Evidence 801................................................................................23

Federal Rule of Evidence 802................................................................................23

## CONTROLLING OR MOST APPROPRIATE AUTHORITIES

1. *Alexander v. Hoffman*, 2019 WL 4640281 (E.D. Mich. Sept. 24, 2019).

2. *Barton-Spencer v. Farm Bureau Life Ins. Co. of Mich.*, 2016 WL 1125968 (Mich. Ct. App. Mar. 22, 2016).

3. *Bessemer & Lake Erie R.R. Co. v. Seaway Marine Transp.*, 596 F.3d 357 (6th Cir. 2010).

4. *Crockett v. Ford Motor Co.*, 2016 WL 949211 (E.D. Mich. Mar. 14, 2016).

5. *Donovan v. Curts*, 245 Mich. 348 (1929).

6. *Endless River Techs., LLC v. TransUnion, LLC*, 2025 WL 233659 (6th Cir. Jan. 17, 2025).

7. Federal Rules of Civil Procedure 26(a), 37(c).

8. Federal Rules of Evidence 401, 402, 403.

9. *Grabendike v. Adix*, 335 Mich. 128 (1952).

10. *Gray v. City of Detroit*, 2021 WL 2885807 (E.D. Mich. July 9, 2021).

11. *McCullen v. Joldersma*, 174 Mich. App. 207 (1988).

12. *Shaltry v. City of Saginaw*, 2010 WL 2104956 (E.D. Mich. May 21, 2010).

13. *State Farm Mut. Auto. Ins. Co. v. Universal Rehab. Servs., Inc.*, 2017 WL 1304984 (E.D. Mich. Mar. 30, 2017).

14. *Trutek Corp. v. BlueWillow Biologics, Inc.*, 2023 WL 6130532 (E.D. Mich. Sept. 19, 2023).

15. *Tucker v. Union of Needletrades, Indus. & Textile Emps.*, 407 F.3d 784 (6th Cir. 2005).

16. *Van Dyke Spinal Reh. Ctr., PLLC v. USA Underwriters*, 2024 WL 2787560 (Mich. Ct. App. May 30, 2024).

17.     *Veselenak v. Smith*, 414 Mich. 567 (1982).

18.     *Versen v. City of Detroit*, 2024 WL 1855421 (E.D. Mich. Apr. 29, 2024).

## INTRODUCTION AND SUMMARY OF ARGUMENT

Trials are the products of, and limited to, the litigation that leads to them. Here, that includes this Court's summary judgment order, which expressly limited Plaintiffs' surviving contract and fraud theories to: (i) a single breach of contract theory based on Navistar's supposed failure to deliver all New Trucks by the end of June 2022 under the May 2022 Letter Agreement; and (ii) a single fraud theory based on a December 2021 statement regarding Navistar's production capacity. This trial—like any trial—must also necessarily be limited to the information properly disclosed pursuant to Plaintiffs' FRCP 26 obligations and in response to Navistar's discovery requests. These motions *in limine* are necessary to enforce the Court's summary judgment order and the parties' discovery obligations, and to bar Plaintiffs from introducing evidence and argument that would violate those limitations.

## LEGAL STANDARD

A motion in limine is intended to "narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions." *Louzon v. Ford Motor Co.*, 718 F.3d 556, 561 (6th Cir. 2013). Such "[p]retrial consideration avoids the futile attempt to 'unring the bell'" when jurors hear inadmissible evidence." *Clark v. Thomas*, 2014 WL 2573738, at *1 (D. Nev. June 6, 2014).

Evidence that fails to both (i) have any tendency to make a fact more or less probable than it would be without the evidence and (ii) be of consequence in

determining the action—is irrelevant and therefore inadmissible.  *Gray v. City of Detroit*, 2021 WL 2885807, at \*2 (E.D. Mich. July 9, 2021) (Goldsmith, J.) (quoting Fed. R. Evid. 401-402).  And even still, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  Fed. R. Evid. 403.

## ARGUMENT

I.     **PRECLUDE EVIDENCE OR ARGUMENT INCONSISTENT WITH PLAINTIFFS' BREACH OF CONTRACT THEORY**

In opposing summary judgment on Navistar's impossibility theory, Plaintiffs disavowed that the May 2022 Letter Agreement imposed a requirement for "new tractor delivery in March, April, and May."  ECF No. 55, PageID.1895.  Instead, Plaintiffs argued that their theory was that Navistar was obligated to "deliver 1,100 tractors . . . ***by the end of June 2022***."  *Id.* (emphasis added).

In ruling on summary judgment, the Court recognized that if the May 2022 Letter Agreement required adherence to the production schedule contained in the May 2022 Letter Agreement, performance was impossible at the time of execution. ECF No. 72, PageID.2966 ("[I]t is true that it was impossible for Navistar to meet the monthly production schedule that had already passed before it had even signed the agreement[.]").  But the Court acknowledged that Plaintiffs "disavow[ed]" that theory and "insist they are pursuing only" a theory "that the breach occurred when

Navistar failed to deliver all the trucks by end of June 2022." *Id.* at PageID.2967. The Court allowed that claim to survive, but "barred" Plaintiffs from advancing an alternative theory at trial. *Id.* Plaintiffs never moved for reconsideration.

MIL Nos. 1-2 seek to hold Plaintiffs to this sole surviving theory of breach. Evidence or argument in support of any other theories "is not relevant, risks confusion, distraction, and delay, and poses a high risk of unfair prejudice" and thus should be excluded. *Crockett v. Ford Motor Co.*, 2016 WL 949211, at *3 (E.D. Mich. Mar. 14, 2016) (excluding "evidence and argument related to the claims that the Court dismissed"); *see also* Fed. R. Evid. 401-403.

A. **MIL No. 1: Preclude evidence or argument of any contract liability theory other than that the May 2022 Letter Agreement required delivery of all trucks by June 30, 2022.**

Plaintiffs have a single remaining contract liability theory: that the May 2022 Letter Agreement required delivery before June 30, 2022 and was breached on that day. Any contractual duty to deliver all the trucks by end of June cannot logically include a separate obligation to deliver some trucks in April, May, or June 1-29. To evade summary judgment, Plaintiffs agreed: "the parties' agreement was the manufacture and delivery of 1,100 tractors *by the end of June 2022*." ECF No. 55, PageID.1899-1900. As the Court found, this meant the breach could not have occurred before June 30, 2022: "the breach occurred when Navistar failed to deliver all the trucks by end of June 2022." ECF No. 72, PageID.2967.

3

Accordingly, any evidence or argument regarding other liability theories, including that Navistar was required to deliver any trucks before June 30 or that Navistar breached the May 2022 Letter Agreement prior to that date, is irrelevant, risks confusion, distraction, and delay by injecting issues that are no longer part of the case, and poses a high risk of unfair prejudice. Fed. R. Evid. 401-403. Such evidence and argument should be excluded. *See Versen v. City of Detroit*, 2024 WL 1855421, at \*1 (E.D. Mich. Apr. 29, 2024) (Goldsmith, J.) (excluding evidence related to matters previously resolved by the Court as "irrelevant"); *see also Gray*, 2021 WL 2885807, at \*3-8; *Crockett*, 2016 WL 949211, at \*3.

**B.** **MIL No. 2:** **Preclude evidence or argument that Plaintiffs suffered any damages prior to June 30, 2022 or with respect to trucks delivered on or before June 30, 2022.**

Plaintiffs could not have incurred any damages before June 30, 2022, including damages with respect to any New Trucks Navistar delivered on or before June 30, 2022 or Used Trucks Plaintiffs sold before June 30, 2022. Given Plaintiffs can only assert that the breach occurred at the end of June 2022, their methodology must measure damages "starting at the date of [the] breach," June 30, 2022. *Endless River Techs., LLC v. TransUnion, LLC*, 2025 WL 233659, at \*5 (6th Cir. Jan. 17, 2025) (excluding expert who measured lost profits "from the start of the parties' Agreement . . . rather than starting at the date of breach."); *McNeal v. Tuori*, 107 Mich. App. 141, 145-46 (1981) (damages are measured by "the difference between

4

the contract price and the market value of the land at the time of the breach."). As a result, Plaintiffs cannot seek any damages before June 30, 2022.

1.    <u>The Court should preclude evidence or argument seeking damages based on the expected resale value of the Used Trucks before June 30, 2022.</u>

Pending the Court's decision on Navistar's Motion to Exclude (ECF No. 90), Plaintiffs' expert, Michael N. Kahaian, intends to testify that "Navistar agreed to produce" the New Trucks "from January 2022 through May 2022." ECF No. 90-4, PageID.3239. Based on his assumption that delivery would occur "30 days after the ***build schedule*** presented in the Letter Agreement," *id.* at PageID.3274 (emphasis added), Mr. Kahaian intends to present a monthly "Delivery Schedule" requiring the ***delivery*** of 75 New Trucks in April, 225 in May, and 330 in June 2022. *Id.* at PageID.3239. Then, Mr. Kahaian intends to present a methodology to measure damages caused by "Navistar fail[ing] to meet" that "Delivery Schedule." *Id.* But this Court already held that "it was impossible for Navistar to meet the monthly production schedule." ECF No. 72, PageID.2966. Specifically, "when GLS signed the contract in May ***it was impossible to meet the schedule*** because the dates had already passed." *Id.* (emphasis added). Accordingly, Mr. Kahaian cannot offer a damages calculation that rests on compliance with the production schedule.

In response to the Motion to Exclude, Mr. Kahaian submitted a declaration with an "***alternate*** damage calculation," ECF No. 91-10, PageID.3740 (emphasis

5

added), but that schedule still relies on the "***build schedule*** presented in the Letter Agreement," *id.* at PageID.3747 (emphasis added).  The only difference is that he assumed that the 75 New Trucks he previously assumed would be delivered in April would now be delivered in May, leading to delivery of 300 trucks in May.  *Id.* at PageID.3739-42.  Again, such testimony runs afoul of (i) this Court's holding that it was impossible to meet the production schedule, and (ii) Plaintiffs' surviving theory that "the parties' agreement was the manufacture and delivery of 1,100 tractors *by the end of June 2022*."  ECF No. 55, PageID.1899-1900.

Plaintiffs even doubled down on Mr. Kahaian's error: they argued that the May 2022 Letter Agreement "contemplated rolling deliveries rather than a single bulk delivery on the contract deadline of June 30."  ECF No. 91, PageID.3443.  Plaintiffs went so far as to assert without any evidentiary support that a "'handshake' deal reached in January 2022" obligated Navistar to produce and deliver trucks "before Navistar signed the agreement in mid-April."  *Id.* at PageID.3436.

This "handshake deal" theory was not pled by Plaintiffs, would be barred by the statute of frauds if it had been pled, *see* M.C.L. § 440.2201(1), and is inconsistent with Plaintiffs' summary judgment argument and the Court's summary judgment order.  *See also* ECF No. 50-3, PageID.922 (there was not a "done deal" until Mr. Blain signed); ECF No. 51-30, PageID.1618 ("[Mr. Blain] waited a month and ten days to execute . . . because [he] w[as] waiting on finalizing the negotiations").

6

Allowing Mr. Kahaian to interject this theory—whether directly or by calculating damages based on the expected resale value of Used Trucks before June 30, 2022—is an attempt to revisit issues this Court has already resolved and will unfairly prejudice Navistar by allowing Plaintiffs to relitigate a theory they abandoned. *See* Fed. R. Evid. 401-403. As this Court already held, Plaintiffs should be "barred from advancing that theory at trial." ECF No. 72, PageID.2967; *see Crockett*, 2016 WL 949211, at *3; *Gray*, 2021 WL 2885807, at *3-8; *Versen*, 2024 WL 1855421, at *1.

> 2. <u>The Court should preclude evidence or argument seeking damages with respect to the first 114 Used Trucks sold (equivalent to the 114 New Trucks delivered by June 30, 2022).</u>

Navistar delivered ***114 of the 630*** New Trucks by June 30. Ex. A (M. Kahaian Dep.) at 106:1-12. Under Plaintiffs' theory, these trucks were delivered on time (*i.e.*, before June 30, 2022). Navistar thus cannot be held liable for the New Trucks it delivered on time. Nor can Plaintiffs recover any damages purportedly caused by Navistar's timely delivery of the 114 New Trucks. Mr. Kahaian agrees (in theory): he did not include in his damages calculations "maintenance and incremental costs on 114 of th[e] trucks because Navistar had, in fact, delivered that many by the end of June[.]" *Id.* at 120:7-13. Because Plaintiffs' theory is that Navistar's delivery of New Trucks enabled Plaintiffs' sale of Used Trucks on a one-to-one basis, Plaintiffs cannot recover any damages for the first 114 Used Trucks they sold. ECF No. 90-4, PageID.3242 & 3277-3294. Yet, Mr. Kahaian's damages model claims losses for

*594* Used Trucks, including the first 114 Used Trucks sold which, under Plaintiffs' own theory, were possible as soon as it received the 114 New Trucks prior to June 30, 2022.  Accordingly, Plaintiffs should be precluded from claiming any breach as to the 114 New Trucks Navistar delivered by June 30, 2022, or any damages for the first 114 Used Trucks Plaintiffs sold.   *See* Fed. R. Evid. 401-403.

3.  <u>The Court should preclude evidence or argument seeking damages for any Used Trucks Plaintiffs sold in May or June 2022.</u>

Nor can Plaintiffs recover any damages for any Used Trucks they sold in May and June 2022.  ECF No. 90-4, PageID.3277.  Yet, Mr. Kahaian intends to testify that Plaintiffs are due damages for these sales.  His basis?  Plaintiffs "didn't achieve the full amount at that time," that is, he theorizes that Plaintiffs sold the trucks for less than the market price they "would" have been able to sell at in his hypothetical world.  Ex. A (M. Kahaian Dep.) at 78:10-79:21.  But the prices Plaintiffs received in May and June 2022 are the actual market prices they "would" have—and did— receive, and Plaintiffs cannot credibly argue they suffered damages on Used Trucks sold before Navistar's performance was supposedly due.  Permitting Plaintiffs to do so would invite the jury to speculate about hypothetical prices for transactions that actually occurred, and would award damages untethered to any cognizable breach.  Such evidence and argument should therefore be precluded.  Fed. R. Evid. 401-403.

## II.     PRECLUDE EVIDENCE OR ARGUMENT INCONSISTENT WITH PLAINTIFFS' FRAUD THEORY

MIL Nos. 3-5 address evidence and argument that would improperly expand Plaintiffs' sole surviving fraud claim.  In the Second Amended Complaint ("SAC"), Plaintiffs' fraud claim was "based on two different alleged misrepresentations:" (i) a December 2021 statement to Plaintiffs that Navistar  "could only produce 600 trucks for them in 2022;" and (ii) "subsequent[] represent[ations]" by Navistar that "it would produce 1,100 trucks by the end of June if it signed the agreement."  ECF No. 72, PageID.2963.  This Court held that the "latter type of representation" could not serve as a basis for a fraud claim because it was "nothing more than a statement that [Navistar] will perform the contract[, which] is implicit in every contractual promise."  *Id.* at PageID.2963-2964.  The Court therefore dismissed Plaintiffs' fraud claim as to Navistar's representations concerning its intent to produce or deliver trucks in accordance with the May 2022 Letter Agreement.  *Id.*

Plaintiffs' sole surviving fraud theory is "that in December 2021 Navistar told GLS and Central Transport it 'could only produce 600 trucks for' them in 2022." *Id.*  MIL Nos. 3-5 seek to preclude Plaintiffs from circumventing this ruling.  *See Crockett*, 2016 WL 949211, at *3; *Gray*, 2021 WL 2885807, at *3-8.

### A.      MIL No. 3: Preclude evidence or argument that Navistar did not intend to fulfill the May 2022 Letter Agreement.

Plaintiffs should be precluded from introducing evidence or argument seeking

to revive their dismissed theory of fraud based on any representations Navistar made after December 2021 regarding its ability to produce or deliver New Trucks.

Plaintiffs claim that a text message Jim Lollis (dealership employee) sent on May 17, 2022 to Kyle Blain (GLS's president and Central's vice president) conveyed a "threat" "issued" by Sean Carmichael (Navistar's vice president of sales) and contend that it shows that "Navistar knew at the time of this threat that it had no intention of honoring its promise to deliver the trucks." ECF No. 29, PageID.270-271; *see also id.* at PageID.272 (claiming Navistar made "promises it had no intention of keeping, both when Navistar signed the [] Agreement and when it coerced Plaintiffs into signing the Agreement on May 18, 2022."). These, however, are the exact fraud allegations that the Court has already dismissed.

Plaintiffs should be precluded from conducting a trial regarding dismissed theories that are irrelevant to the fraud claim that is being tried, unfairly prejudicial to Navistar, and "would create a significant risk of creating undue delay and wasted time at trial." *Alexander v. Hoffman*, 2019 WL 4640281, at *2 (E.D. Mich. Sept. 24, 2019) (excluding evidence regarding "previously dismissed claims"); Fed. R. Evid. 401-403; *Versen*, 2024 WL 1855421, at *2 (excluding evidence related to matters resolved by the Court as "irrelevant"). "Addressing these matters runs far too high a risk of confusing and distracting the jury from the key issues in dispute and could require the Court to conduct a series on 'mini-trials' on extraneous allegations that

10

[Navistar] den[ies]."  *Crockett*, 2016 WL 949211, at *2-3 (excluding evidence on "circumstances of [plaintiff's] termination" in employment action because it "will create a strong temptation for the jury to punish the Defendants for alleged wrongdoing . . . that does not relate to the [] claim that remains alive").

B.    **MIL No. 4:** **Preclude evidence or argument that the May 2022 Letter Agreement was rescinded.**

Plaintiffs should be precluded from introducing evidence or arguing that the May 2022 Letter Agreement was rescinded.  Rescission is an equitable remedy for the Court, irrelevant to jury issues.  And the four issues below the Court would have to consider show the request is futile.

*First*, Plaintiffs did not disclose a rescission request in discovery, only made a reference to a *potential* request in September 2024, when they filed the SAC.  ECF No. 29, PageID.274 ("equitable relief as appropriate (including potential reformation or rescission of part or all of the fraudulently-induced contract)").  This was a year after Plaintiffs had received all trucks under the May 2022 Letter Agreement and over two years after the parties entered into the agreement.  This delay alone bars a rescission claim.  *Van Dyke Spinal Reh. Ctr., PLLC v. USA Underwriters*, 2024 WL 2787560, at *6 (Mich. Ct. App. May 30, 2024) ("the right to rescind a contract can be waived by inexcusable delay"); *Colombo v. Moore*, 2011 WL 2555394, at *5 (Mich. Ct. App. June 28, 2011) ("delay" of "almost two years" in seeking rescission "justified the grant of summary disposition").

11

*Second*, Plaintiffs repeatedly affirmed the May 2022 Letter Agreement and accepted its benefits.  And a "party who delays and accepts the benefits of a contract cannot thereafter rescind, his remedy being an action for damages."  *McIntosh v. Fixel*, 297 Mich. 331, 345 (1941).  Here, Plaintiffs accepted delivery of every New Truck and a $6.2 million payment under the May 2022 Letter Agreement.  ECF No. 29, PageID.253-257; *see Cleveland-Cliffs Iron Co. v. Chicago & N.W. Transp. Co.*, 581 F. Supp. 1144, 1153 (W.D. Mich. 1984) ("a party may waive their right to rescind a contract . . . by accepting continued performance").

*Third*, Plaintiffs further affirmed the May 2022 Letter Agreement by averring in the original complaint that it "constitutes a binding contract between GLS and Navistar" and suing for breach.  ECF No. 1-1, PageID.17.  That is, Plaintiffs "chose" to "affirm the contract and sue for damages," and cannot "rescind the contract" as it is "no longer voidable."  *Donovan v. Curts*, 245 Mich. 348, 350 (1929).  Indeed, Central's entire claim is that it is a third-party beneficiary of the contract.  "Plaintiffs have [thus] waived their rescission claim by not seasonably asserting their rescission rights but instead continuing under the contract."  *Currithers v. FedEx Ground Package System, Inc.*, 2012 WL 12961114, at *3 (E.D. Mich. Feb. 9, 2012).

*Fourth*, rescission is impossible to implement.  Reverting the parties' rights to the July 2021 Letter Agreement would be impossible, given (i) Plaintiffs have already received the New Trucks, and (ii) their optional trade-in rights under the old

12

agreement would be worthless since Plaintiffs already sold the Used Trucks (and thus cannot trade them back to Navistar). *See Currithers*, 2012 WL 12961114, at *3 ("Michigan law only allows rescission for fraud in the inducement where the defrauded party tenders back the consideration received"). Plaintiffs would also have to return the $6.2 million payment, and all warranty payments made under the warranty extensions of the May 2022 Letter Agreement, with interest. Two years down the line, it is simply impossible to "unscramble the egg" and return the parties to their status quo *ex ante*. *Grabendike v. Adix*, 335 Mich. 128, 142 (1952) (plaintiffs "not entitled to rescission" where they "could not restore to defendant the leases with the same value as when they received them"); *McCullen v. Joldersma*, 174 Mich. App. 207, 219 (1988) ("plaintiffs could not restore defendants to the status quo and were not entitled to rescission"); *Latimer v. Piper*, 261 Mich. 123, 133 (1933) ("rescission is generally denied" "when the parties seeking relief cannot make restitution, through their own acts or fault" "so as to restore the original status quo.").

C.     <u>MIL No. 5</u>: **Preclude evidence or argument that Navistar breached the July 2021 Letter Agreement or that Navistar knew it could not perform under the July 2021 Letter Agreement when it was signed.**

Plaintiffs represented to this Court that they "are not suing over breaches of [] old agreements; rather, they are suing over breach of the 2022 agreement *itself*." ECF No. 51, PageID.1050. Yet Plaintiffs intend to argue breach and fraudulent intent with regard to the July 2021 Letter Agreement as supposed context, including

13

that Navistar knew it could not perform under that agreement when it was signed.

*First*, Plaintiffs cannot invent a claim for breach that they never plead. None of Plaintiffs' three complaints asserted a breach of the July 2021 Letter Agreement, nor did Plaintiffs identify such a claim in any discovery response. To the contrary, Plaintiffs expressly disclaimed such a breach in their summary judgment papers, *see id.*, and then conjured up this theory in response to Navistar's second motion for summary judgment. *See* ECF No. 79, PageID.3078 (rescission "would . . . return[ the parties] to the 2021 Agreement, which Navistar breached by not accepting trade-ins of 75–100 trucks per month throughout 2022 at the contractual rate."). Plaintiffs, however, "may not raise a new legal claim for the first time in response to the opposing party's summary judgment motion," because "[t]o permit a plaintiff to do [so] would subject defendants to unfair surprise." *Tucker v. Union of Needletrades, Indus. & Textile Emps.*, 407 F.3d 784, 788 (6th Cir. 2005) (quotation omitted). Plaintiffs should be precluded from raising such a claim for the first time at trial.

*Second*, Plaintiffs cannot introduce evidence or argue that Navistar knew it could not perform the July 2021 Letter Agreement when signed. Plaintiffs intend to argue that "Navistar had filled all of its 2022 production schedule slots" before signing the agreement. ECF No. 51, PageID.1058 ("2022 order board filled in May 2021"; "On July 13, 2021, Navistar announced to its dealers that its 2022 production schedule was full"). Such evidence and arguments, however, are only relevant to a

14

claim for fraudulent inducement into the July 2021 Letter Agreement, which is not at issue here. Accordingly, it, and any attempt to argue that Navistar breached the July 2021 Letter Agreement, should be excluded as irrelevant, unfairly prejudicial to Navistar, confusing to the jury, and needlessly creating undue delay and wasted time at trial. Fed. R. Evid. 401-403; *Alexander*, 2019 WL 4640281, at *2.

## III. PRECLUDE EVIDENCE OR ARGUMENT REGARDING UNDISCLOSED AND LEGALLY NON-VIABLE DAMAGES.

Plaintiffs should also be precluded from introducing evidence or argument regarding categories and theories of damages they did not disclose during discovery. MIL Nos. 6-11 address a recurring theme in Plaintiffs' damages case: the assertion of damages theories unsupported by any required computation or evidence. Under FRCP 26, each party is required to produce "a computation of each category of damages claimed" along with "the documents or other evidentiary material . . . on which each computation is based." Fed. R. Civ. P. 26(a)(1)(iii). FRCP 37 provides the enforcement mechanism: "[i]f a party fails to provide information . . . as required by Rule 26(a) . . ., the party is not allowed to use that information . . . at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). This "sanction is 'automatic and mandatory,' unless the noncompliant party satisfies the burden of proving harmlessness." *Shaltry v. City of Saginaw*, 2010 WL 2104956, at *1 (E.D. Mich. May 21, 2010) (quotation omitted). Indeed, under FRCP 37, "an

evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4).

Throughout this litigation, Plaintiffs have repeatedly promised evidence and calculations for various damages categories—yet no such calculations ever materialized, thereby preventing Navistar from challenging them. "The Federal Rules of Civil Procedure do not countenance Plaintiff[s'] dilatory conduct." *Miller v. Gentry*, 2018 WL 11243682, at *2 (W.D. Mich. Apr. 25, 2018). Plaintiffs should be precluded from doing so for the first time at trial. Fed. R. Civ. P. 37(c)(1).

### A.     <u>MIL No. 6:</u> Preclude evidence or argument regarding damages for driver recruitment and increased financing costs.

On January 25, 2024, GLS served its Initial Disclosures, asserting damages for, among other things, "higher financing costs and interest expenses" and "driver recruitment." Ex. B (GLS's Initial Disclosures) at 4. It promised that "the amount" was "to be determined and calculated." *Id.*  Central never served its initial disclosures. In its Responses and Objections ("<u>R&Os</u>") to Navistar's Interrogatories ("<u>ROGs</u>"), GLS stated that "a final calculation" of the "total driver advertising cost" for recruitment "will be part of an expert report." ECF No. 59-1, PageID.2331. GLS added that the "financing costs" "are still being determined and calculated and will be part of an expert report." *Id.* When GLS filed its supplemental R&Os, GLS again "refer[red] Navistar to the report of its expert, Michael N. Kahaian." *Id.* at PageID.2339. But Mr. Kahaian's report is silent on recruitment or financing costs.

16

Out of an abundance of caution, Navistar questioned Mr. Blain about these damages as GLS identified Mr. Blain as "the person(s) performing the calculations." *Id.* at PageID.2330-2331.  But Plaintiffs' "corporate representative[] could [not] do the job." *Bessemer & Lake Erie R.R. Co. v. Seaway Marine Transp.*, 596 F.3d 357, 366-68 (6th Cir. 2010) (affirming exclusion of lost profits damages where party "provided no explanation and no supporting documentation to back up the calculations").  Specifically, Mr. Blain testified he was "still reviewing the financing costs" and "pulling together" the "data," but conceded that "that component of [the] claim is uncertain" and "[t]here is not a dollar amount associated with it."  Ex. C (Central Sept. 11 Dep.) at 17:12-22, 18:6-20:9.  The "explanation that he has not yet calculated damages is not an acceptable excuse."  *Miller*, 2018 WL 11243682, at \*2.

Plaintiffs never produced the computation of driver recruitment or financing costs they promised, as required by FRCP 26, which prevented Navistar from evaluating, challenging, or rebutting these damages.  Plaintiffs should be precluded from offering them at trial.  *Bessemer*, 596 F.3d at 367-68; Fed. R. Civ. P. 37(c).

Nor can Plaintiffs attempt to avoid the required computation by claiming these costs are a form of "exemplary" damages, as they have indicated they may argue. First, Plaintiffs promised a calculation, and cannot pull a "bait and switch" to pursue uncalculated damages.  In addition, GLS admitted that it has "records showing GLS's increased costs of . . . driver recruitment . . . and financing," which could

17

have been used to calculate those costs. Ex. B (GLS's Initial Disclosures) at 4. Such "purely pecuniary grievance susceptible to full and definite monetary compensation" cannot form the basis for exemplary damages. *State Farm Mut. Auto. Ins. Co. v. Universal Rehab. Servs., Inc.,* 2017 WL 1304984, at *4 (E.D. Mich. Mar. 30, 2017).

B.   **MIL No. 7: Preclude evidence or argument regarding damages for forfeited trade-in rights.**

Plaintiffs also contend they would seek damages based upon the trade-in rights they abandoned in entering the May 2022 Letter Agreement.

As an initial matter, this claim is legally not viable, because Plaintiffs admit they waived any claim based upon such trade-in rights by entering the May 2022 Letter Agreement, *see* ECF No. 51, PageID.1061, and Plaintiffs have no viable claim for rescission. *See* MIL No. 4.

Plaintiffs also never disclosed this category of damages in discovery. GLS's initial disclosures, which were never supplemented, contain no reference to damages calculated by reference to the trade-in rights. *See Miller*, 2018 WL 11243682, at *2 (excluding damages where "Plaintiff never supplemented his discovery responses"). And when Plaintiffs supplemented the R&Os to address the fraud claim, they did not include trade-in rights as the category of damages. ECF No. 59-1, PageID.2339 ("With respect to the fraud claim, GLS seeks (1) exemplary damages . . . and (2) its costs and attorneys' fees"). The reason is simple: the May 2022 Letter Agreement "terminates any and all other agreements pertaining to" the Used Trucks, including

18

those containing the trade-in rights.  ECF No. 29-1, PageID.279.

Plaintiffs first mentioned trade-in rights as a damages measure in response to Navistar's second summary judgment motion.  ECF No. 79, PageID.3078.  At that time, Plaintiffs simply stated that Navistar's assertion that Plaintiffs never sought such damages was "deeply misleading," but provided no citation or explanation.  *Id.* at PageID.3076.  Because no damages computation for trade-in rights was ever disclosed, any evidence or argument on this theory of damages should be excluded. *Shaltry*, 2010 WL 2104956, at *1 (excluding damages theory that "was never reasonably disclosed"); *Bessemer*, 596 F.3d at 367-69.

### C.   <u>MIL No. 8:</u> Preclude evidence or argument regarding exemplary damages for harm to reputation and goodwill.

Plaintiffs also claim to seek exemplary damages for harm to reputation and goodwill.  Plaintiffs never disclosed any witness with personal knowledge of harm to reputation or goodwill, any computation of such harm, nor—despite being asked—the claim's factual basis.

"Exemplary damages are especially inappropriate in cases, like the present one, where the alleged injury is a financial one arising out of commercial dealings between the parties."  *State Farm*, 2017 WL 1304984, at *4.  Indeed, "the type of conduct which would give rise to the threshold of injured feelings necessary to support an award of exemplary damages . . . must inspire feelings of humiliation, outrage and indignity . . . [and] must be malicious or so willful and wanton as to

19

demonstrate a reckless disregard of plaintiff's rights." *Veselenak v. Smith*, 414 Mich. 567, 574-75 (1982).  But Plaintiffs have provided no evidence showing such humiliation, outrage, and indignity in this commercial case about the delivery of trucks. *See State Farm*, 2017 WL 1304984, at \*4.  Thus, exemplary damages cannot be awarded "to compensate a purely pecuniary grievance susceptible to full and definite monetary compensation." *Id.*  Plaintiffs have not disclosed evidence of such a non-pecuniary grievance.

The first time Plaintiffs identified "exemplary damages" was in their request for leave to file the SAC, in September 2024.  ECF No. 25, PageID.202.  But neither GLS nor Central amended their initial disclosures to address such damages, never provided a computation, and never identified any witness with personal knowledge of any harm to reputation and goodwill.  *Bessemer*, 596 F.3d at 369 (affirming exclusion of damages where initial disclosures "did not mention" that party "intended to claim damages for the loss"); *Miller*, 2018 WL 11243682, at \*2; Fed. R. Civ. P. 26(e).  Instead, on November 8, 2024, GLS amended its R&Os to address the fraud claim, stating nothing more than: "With respect to the fraud claim, GLS seeks (1) exemplary damages for the injury to its reputation among customers and employees and the loss of its goodwill, in an amount to be determined by the jury." ECF No. 59-1, PageID.2339.

But the relevant interrogatory required GLS to provide "all facts that support

20

each category or item of damages." *Id.* at PageID.2337.  GLS did not disclose ***any*** factual basis for its reputation and goodwill exemplary damages request.  Such "evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4).  Indeed, "the Sixth Circuit [has] affirmed the exclusion of a plaintiff's damages theory under Rule 37(c)(1) for failure to disclose elements of its claim for damages in response to [] interrogatories." *Trutek Corp. v. BlueWillow Biologics, Inc.*, 2023 WL 6130532, at *11 (E.D. Mich. Sept. 19, 2023) (excluding damages where party failed to disclose the factual basis for its damages in response to ROGs); *Stephen Michaels LLC v. Am. Suzuki Motor Corp.*, 2011 WL 6339045, at *13 (E.D. Mich. Dec. 19, 2011) (striking damages affidavit where R&Os to ROGs stated that "damages have not yet been calculated" and "Plaintiff never supplemented those discovery responses").

Plaintiffs' position appears to be that Navistar's re-deposition of their corporate representative on the fraud claim relieved any need to disclose information.  But during that deposition, Plaintiffs' counsel objected to questions on damages because "[t]hat's not one of the corporate dep topics for today, the damages," and instead permitted Mr. Blain to testify in his individual capacity.  Ex. D (Pls.' Nov. 13 Dep.) at 8:16-9:17.  Mr. Blain testified he had ***not*** "done anything to calculate the damages sought for reputational harm" and was ***not*** "aware of anyone doing that." *Id.* at 13:15-22.  And no point did Mr. Blain provide the

21

information required by FRCP 26 (a computation and individuals with personal knowledge), or Navistar's ROGs (the factual basis for the claim).

Accordingly, Plaintiffs have not properly disclosed any "evidence from which loss of reputation or goodwill may be inferred." *Mattress Closeout Ctr. IV, LLC v. Panera, LLC*, 2016 WL 3855184, at *6 (E.D. Mich. July 15, 2016); *see also Roundhouse v. Owens-Illinois, Inc.*, 604 F.2d 990, 995 (6th Cir. 1979) (affirming directed verdict on "reputation and goodwill" damages where plaintiffs did not "offer any expert testimony valuing goodwill"). Nor can Navistar "be expected to respond to newly disclosed damages evidence" at trial. *Trutek Corp.*, 2023 WL 6130532, at *8; *Bessemer*, 596 F.3d at 367-68 (affirming exclusion of damages where corporate representative "had no information about any costs [party] may have saved and said that he did not know of anyone who would"); *Park W. Galleries, Inc. v. Global Fine Art Registry, LLC*, 2010 WL 987772, at *6 (E.D. Mich. Mar. 12, 2010) (limiting party "to only [] those damages [] disclosed during discovery").

**D.  MIL No. 9: Preclude evidence or argument of undisclosed "bulk" sales or resale negotiations.**

The Court should preclude Plaintiffs from introducing evidence or argument regarding negotiations of sales that were not disclosed during discovery.

GLS designated Mr. Blain to testify on 30(b)(6) topics seeking "GLS's efforts to sell, and actual sales of each MY2018 Tractor sold by GLS . . . including GLS's business dealings with the purchasers of the tractors in connection with the same."

22

Ex. E (GLS 30(b)(6) Dep. Notice) at 2.  When Navistar explicitly asked Mr. Blain about any negotiations for sales of more than 50 trucks, he could only identify two. Ex. F (GLS Sept. 11 Dep.) at 258:25-259:9 (when asked whether there were transactions for "more than 50" trucks, Mr. Blain answered: "[O]ther than, you know, the potential with Navistar and All Truck, I don't recall any other real large ones like that.").  Because Plaintiffs did not disclose any evidence of other potential sales of 50 or more trucks, they cannot do so at trial.  *See* Fed. R. Civ. P. 37(c)(1); *Jones v. Prudential Sec., Inc.*, 2021 WL 1108579, at *4 (E.D. Mich. Mar. 23, 2021) (Goldsmith, J.) (excluding evidence where party "deprived [opposing party] of the opportunity to conduct discovery" thereon); *Bessemer*, 596 F.3d at 367.

E.    **MIL No. 10: Preclude hearsay evidence regarding verbal discussions of potential sales with third parties.**

Plaintiffs should be prohibited from testifying regarding verbal discussions with third parties concerning the potential sale of trucks.  As one example, Mr. Blain testified that one potential buyer (All Truck) expressed interest in the Used Trucks, but such discussions were "verbal" and "a little more informal"—in other words, inadmissible hearsay.  Ex. F (GLS Sept. 11 Dep.) at 252:4-20.  Any attempt to introduce evidence of this or other verbal conversations to try to establish that Plaintiffs had interested buyers whose sales they lost out on would be inadmissible hearsay.  *See* Fed. R. Evid. 801-802; *Trepel v. Roadway Express, Inc.*, 194 F.3d 708, 716-17 (6th Cir. 1999) (out-of-court statement declaring a price one is willing to pay

or accept is assertion offered for its truth, not "a verbal act[]").

F.      **MIL No. 11: Preclude evidence or argument regarding attorneys' fees and costs.**

Plaintiffs also failed to disclose evidence regarding their attorneys' fees and costs.  Under FRCP 54(d), "[a] claim for attorney's fees and related nontaxable expenses must be made by motion ***unless the substantive law requires those fees to be proved at trial as an element of damages***."  Fed. R. Civ. P. 54(d)(2)(A) (emphasis added).  But "when 'the substantive law governing the action provides for the recovery of [attorneys'] fees as an element of damages to be proved at trial,'" the motion practice contemplated by Rule 54 "does not apply."  *Dryvit Sys., Inc. v. Great Lakes Exteriors, Inc.*, 2004 WL 874802, at *1 (6th Cir. Apr. 20, 2004).

Both in pleading their fraud claim and in avoiding summary judgment on their fraud claim, Plaintiffs argued that attorneys' fees were an element of damages for their fraud claim.  *See* ECF No. 25, PageID.202 & n.2 (arguing that "attorneys' fees" were a "distinct damages theor[y] arising from the fraud claim" and "an element of damages in a fraud claim"); ECF No. 79, PageID.3077-3078.  In fact, GLS's initial disclosures listed "attorney's fees" as one "category of damages claimed."  Ex. B (GLS's Initial Disclosures) at 4.

Michigan law is clear that when attorneys' fees are an element of damages, a party is entitled to a trial by jury on entitlement to and reasonableness of the fees, absent a waiver of that right.  *See Barton-Spencer v. Farm Bureau Life Ins. Co. of*

24

*Mich.*, 2016 WL 1125968, at *13-14 (Mich. Ct. App. Mar. 22, 2016), *rev'd on other grounds*, 500 Mich. 32, 40-42 (2017). *Barton* reversed a trial court's judgment on attorneys' fees based on a post-trial motion because "claims for money damages were generally considered legal in nature." *Id.* at *13. Because the fees claim was an element of damages in the case, the party "was entitled to have the issue decided by a jury rather than the trial court." *Id.*

Plaintiffs were required to present any attorneys' fees claim to the jury. But they disclosed neither a computation of such damages, nor documents supporting any computation, nor any witness to testify regarding such fees, as required by FRCP 26(a). FRCP 37(c)(1) therefore bars Plaintiffs from offering such evidence.

## **CONCLUSION**

For the foregoing reasons, Navistar respectfully requests that the Court grant the foregoing motions *in limine*.

DATED: April 28, 2026                    Respectfully submitted,

                                                         /s/ *Kevin M. Jakopchek*
Scott R. Murphy (P68015)            Kevin M. Jakopchek (IL 6317040)
BARNES & THORNBURG LLP          LATHAM & WATKINS LLP
171 Monroe Ave. NW, Suite 1000    330 North Wabash Avenue, Suite 2800
Grand Rapids, MI 49503              Chicago, Illinois 60611
616-742-3930                          Tel: (312) 876-7700
smurphy@btlaw.com                  kevin.jakopchek@lw.com

*Attorneys for Defendant Navistar, Inc. n/k/a International Motors LLC*

25

## LOCAL RULE CERTIFICATION

I, Kevin M. Jakopchek, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify that it is the appropriate length. Local Rule 7.1(d)(3).

/s/ Kevin M. Jakopchek
Kevin M. Jakopchek (IL Bar #6317040)
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, Illinois 60611
Tel: 312.876.7700
Fax: 312.993.9767
kevin.jakopchek@lw.com

26

## CERTIFICATE OF SERVICE

I certify that on April 28, 2026 a true and correct copy of the foregoing document was filed with the Clerk of Court using the CM/ECF system, which will send electronic notification of such filing to all counsel of record.

*/s/ Kevin M. Jakopchek*