# EXHIBIT B

GLS LEASCO, INC.,

        Plaintiff,

v.

NAVISTAR, INC.,

        Defendant.

Case No. 23-cv-12927

Hon. Mark A. Goldsmith

Magistrate Judge Anthony P. Patti

---

## PLAINTIFF GLS LEASCO, INC.'S INITIAL DISCLOSURES

Plaintiff GLS Leasco, Inc. ("GLS") hereby make the following disclosures in accordance with Rule 26(a)(1) of the Federal Rules of Civil Procedure. The following disclosures are based on information reasonably available to GLS as of the date of this disclosure, and represent GLS's good faith effort to identify information pertaining to the allegations of its complaint, as required under Rule 26(a)(1). GLS reserves the right to supplement this disclosure.

By making these disclosures, GLS does not waive any objection, whether or not asserted below, to the admissibility or use of any such documents or information at trial or otherwise. Specifically and without limitation, GLS makes the following disclosures subject to, and without waiving, its right to protect from disclosure all documents or communications protected by the attorney-client privilege or work product doctrine.

Subject to and without waiving the foregoing objections, Defendant makes the following disclosures pursuant to Rule 26(a)(1):

**A.** **The name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.**

GLS identifies the individuals and entities listed below as likely having discoverable information related to the facts underlying the claims and defenses in this matter.

1. Kyle Blain, c/o Kienbaum, Hardy, Viviano, Pelton & Forrest, P.L.C., 48 South Main Street, Suite 2, Mt. Clemens, MI 48043, (586) 469-1580. Kyle Blain has discoverable information regarding the negotiation and performance of the April 2022 Letter Agreement, and GLS's damages.

2. Joe Hanvey, c/o Kienbaum, Hardy, Viviano, Pelton & Forrest, P.L.C., 48 South Main Street, Suite 2, Mt. Clemens, MI 48043, (586) 469-1580. Joe Hanvey has discoverable information regarding the negotiation and performance of the April 2022 Letter Agreement and GLS's damages.

3. Nick Schmalenberg, c/o Kienbaum, Hardy, Viviano, Pelton & Forrest, P.L.C., 48 South Main Street, Suite 2, Mt. Clemens, MI 48043, (586) 469-1580. Nick Schmalenberg has discoverable information regarding the negotiation and performance of the April 2022 Letter Agreement and GLS's damages.

4. Jay Mason, c/o Kienbaum, Hardy, Viviano, Pelton & Forrest, P.L.C., 48 South Main Street, Suite 2, Mt. Clemens, MI 48043, (586) 469-1580. Jay Mason has discoverable information regarding the performance of the April 2022 Letter Agreement and GLS's damages.

5. Members of the Information Technology Department and additional employees of GLS and its affiliates, c/o Kienbaum, Hardy, Viviano, Pelton & Forrest, P.L.C., 48 South Main Street, Suite 2, Mt. Clemens, MI 48043, (586) 469-1580. These employees of GLS and its affiliates may have discoverable information regarding GLS's business practices, the negotiation and performance of the April 2022 Letter Agreement, and GLS's damages.

6. Sean Carmichael, c/o Barnes & Thornburg LLP, 171 Monroe Ave. NW, Suite 1000, Grand Rapids, MI 49503, (616) 742-3930. Sean Carmichael has discoverable information regarding Navistar, Inc.'s negotiation, performance, and breaches of the April 2022 Letter Agreement.

7. Mark Belisle, c/o Barnes & Thornburg LLP, 171 Monroe Ave. NW, Suite 1000, Grand Rapids, MI 49503, (616) 742-3930. Mark Belisle has discoverable information regarding Navistar, Inc.'s negotiation, performance, and breaches of the April 2022 Letter Agreement.

8. Jeff Felix, c/o Barnes & Thornburg LLP, 171 Monroe Ave. NW, Suite 1000, Grand Rapids, MI 49503, (616) 742-3930. Jeff Felix has discoverable information regarding Navistar, Inc.'s performance and breaches of the April 2022 Letter Agreement.

9. Brock Frederick, c/o Barnes & Thornburg LLP, 171 Monroe Ave. NW, Suite 1000, Grand Rapids, MI 49503, (616) 742-3930. Brock Frederick has discoverable information regarding Navistar, Inc.'s performance and breaches of the April 2022 Letter Agreement.

10. Employees and agents of Navistar, Inc., c/o Barnes & Thornburg LLP, 171 Monroe Ave. NW, Suite 1000, Grand Rapids, MI 49503, (616) 742-3930. Employees and agents of Navistar, Inc. may have discoverable information regarding Navistar, Inc.'s business practices and Navistar, Inc.'s negotiation, performance and breaches of the April 2022 Letter Agreement.

11. Justin Fink, Allegiance Trucks North America, LLC, c/o 9 West Broad Street, Suite 720, Stamford, CT 06902. Justin Fink has discoverable information regarding GLS's negotiations with Navistar, Inc., Summit Truck Group, LLC, and Allegiance Trucks North America, LLC and their affiliates during the negotiation of the April 2022 Letter Agreement.

12. Jim Lollis, Allegiance Trucks North America, LLC, c/o 9 West Broad Street, Suite 720, Stamford, CT 06902. Jim Lollis has discoverable information regarding GLS's negotiations with Navistar, Inc., Summit Truck Group, LLC, Rush Truck Centers of Arkansas, Inc., and Allegiance Trucks North America, LLC and their affiliates during the negotiation of the April 2022 Letter Agreement.

13. Will Waterbury, Rush Enterprises, Inc., 555 IH 35 South New Braunfels, TX, 78130, (830) 626-5200. Will Waterbury has discoverable information regarding GLS's negotiations with Rush Enterprises, Inc. and its affiliates during the negotiation of the April 2022 Letter Agreement.

14. Any and all records custodians.

**B. A copy—or a description by category and location—of all documents, electronically stored information and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment:**

GLS identifies the following documents and categories of documents in its possession:

1. The April 8, 2022 Letter Agreement;

2. The July 13, 2021 Letter Agreement;

3. Additional past agreements between GLS and Navistar related to tractor purchase and resale;

4. Communications between GLS and Navistar related to the April 2022 Letter Agreement and the negotiations that preceded it;

5. Communications between GLS and Summit Truck Group, LLC, and its affiliates related to the April 2022 Letter Agreement and the negotiations that preceded it;

6. Communications between GLS and Allegiance Trucks North America, LLC, and its affiliates related to the April 2022 Letter Agreement and the negotiations that preceded it;

7. Communications between GLS and Rush Enterprises, Inc., and its affiliates related to the Letter Agreement and the negotiations that preceded it;

8. Communications between GLS and Rush Truck Centers of Arkansas, Inc., and its affiliates related to the Letter Agreement and the negotiations that preceded it;

9. Documentation of GLS's damages, including records of the delayed MY2018 tractor sales, and records showing GLS's increased costs of maintenance, fuel, driver recruitment, repair, and financing.

C. **A computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered:**

1. Damages for GLS's inability to sell its used tractors into the historically strong used tractor market as intended and expected by both parties at the time of the Letter Agreement, in an amount to be determined and calculated.

2. Damages related to GLS's higher financing costs and interest expenses for the purchase of new tractors, in an amount to be determined and calculated.

3. Damages related the costs of GLS's increased maintenance, fuel, driver recruitment, and repair costs during the period of GLS's delay, in an amount to be determined and calculated.

4. Costs and attorney's fees.

5. Such other relief as this Court should determine.

D. **Any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment:**

None.

Respectfully submitted,

KIENBAUM HARDY VIVIANO
PELTON & FORREST, PLC:

By: _____
Joseph E. Viviano (P60378)
Thomas J. Davis (P78626)
Marianne J. Grano (P82901)
Counsel for Plaintiff
48 S. Main Street, Suite 2
Mount Clemens, MI 48043
(586) 469-1580
jviviano@khvpf.com
tdavis@khvpf.com
mgrano@khvpf.com

and

BOIES SCHILLER FLEXNER LLP
By: Hamish P.M. Hume
Co-Counsel for Plaintiff
1401 New York Ave. NW
Washington, DC 20005
(202) 274-1149

January 25, 2024

## CERTIFICATE OF SERVICE

The undersigned certifies that on January 25, 2024, she caused to be served a copy of Plaintiff GLS Leasco, Inc.'s Initial Disclosures to Defendant and this Certificate of Service via U.S. Mail upon:

Scott R. Murphy
Anthony C. Sallah
Barnes & Thornburg LLP
171 Monroe Ave., N.W. Ste. 1000
Grand Rapids, MI 48905

_____
Michelle R. Beveridge, Legal Assistant
Kienbaum Hardy Viviano Pelton & Forrest, P.L.C.

503968

5