**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

|  |  |
|---|---|
| GLS LEASCO, INC., and CENTRAL TRANSPORT LLC, <br><br>          Plaintiffs, <br><br>    v. <br><br> NAVISTAR, INC. <br><br>          Defendant. | Civil Action No. 23-cv-12927 <br><br> Hon. Mark A. Goldsmith <br><br> Magistrate Judge Anthony P. Patti |

**STIPULATED ORDER REGARDING NAVISTAR WITNESSES CARMICHAEL, BELISLE, AND WEBB**

Plaintiffs GLS Leasco, Inc. ("GLS") and Central Transport LLC ("Central," and together with GLS, the "Plaintiffs") and Defendant Navistar, Inc. ("Navistar," and together with the Plaintiffs, the "Parties"), by and through their undersigned counsel, hereby stipulate and agree as follows and jointly request that the Court enter the below Order approving this Stipulation:

WHEREAS, on April 23, 2026, the Court entered an order directing counsel for the Parties to "confer to discuss how to address GLS's request that the testimony of certain witnesses who will be called by Navistar (Carmichael, Belisle, and Webb) be presented either live for both sides or by deposition for both sides," ECF No. 98, PageID.3823;

WHEREAS, the Court ordered the Parties to "either submit a proposed stipulated order or, if agreement cannot be reached, inform the Court's case manager by email that a disagreement remains," *id.*;

WHEREAS, the Parties have negotiated this Stipulation in lieu of such motion practice, and intend that this Stipulation resolve the issues that would otherwise be raised by Plaintiffs' anticipated motion; and

WHEREAS, the Parties have conferred in accordance with the Court's directive and have reached agreement on the matters set forth below;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED,** and respectfully requested, by the Parties hereto, by and through their undersigned counsel, subject to approval of the Court, as follows:

1.    <u>Live Testimony.</u>  Navistar represents that Guy Sean Carmichael is within its control for purposes of Federal Rule of Civil Procedure 32(a)(4) and Federal Rule of Evidence 804(a)(5). Navistar represents that Mark Belisle and Carl Webb are now former employees, that both have indicated their intention to appear live at trial, and that it is Navistar's intention that they will appear. Navistar shall use its best efforts, including the exercise of any contractual rights to require cooperation for ex-employees, if any, to secure each witness's live appearance.

2.    <u>Timing of Live Testimony.</u>  The court will require Navistar to have Carmichael appear live at trial during Plaintiffs' case in chief. Navistar will use its

2

best efforts to facilitate the appearance of Mark Belisle and Carl M. Webb (the "ex-employee Witnesses") during Plaintiffs' case-in-chief.  Plaintiffs will provide their anticipated witness order as soon as practicable to assist those efforts and no later than the Final Pretrial Conference on June 2, 2026.  If despite Navistar's best efforts as demonstrated to the Court's satisfaction, an ex-employee Witness is not available during Plaintiffs' case-in-chief but would be available during Navistar's case-in-chief, the Plaintiffs may (a) elect to use video deposition testimony or (b) rest subject to reopening to for examination of such Witness. In the latter case, any directed verdict motion brought by Navistar will be delayed until testimony of ex-employee Witnesses is taken.

3.     Cross-Examination Beyond the Scope of Direct.  In the interest of avoiding requiring Carmichael, Belisle, or Webb to appear at trial more than once, the Parties stipulate that if Plaintiffs call Carmichael, Belisle, or Webb during Plaintiffs' case-in-chief, Navistar's cross-examination of that Witness may exceed the scope of the direct examination.

4.     Consequences of Non-Appearance.   The Parties agree that the presentation of each ex-employee Witness's testimony shall be symmetric: either (i) the Witness appears live for examination by both sides, or (ii) the Witness's testimony is presented at trial solely by deposition, with both sides permitted to designate; provided, however, if Plaintiffs elect to designate deposition testimony

3

pursuant to Section 2(a) of this Order, Navistar may still call the ex-employee Witness live in its case-in-chief (who will then be subject to live-cross examination beyond the scope of Navistar's direct). In the event an ex-employee Witness becomes unavailable to testify live at trial within the meaning of Federal Rule of Civil Procedure 32(a)(4) or Federal Rule of Evidence 804(a), the Parties shall be afforded a reasonable opportunity to designate portions of that Witness's deposition testimony for use at trial, to serve counter-designations, and to exchange objections to such designations and counter-designations.  The Parties shall meet and confer in good faith regarding a schedule for any such designations, counter-designations, and objections, and shall promptly notify the Court of any dispute requiring judicial resolution.

**SO ORDERED.**

Dated: May 18, 2026                                           s/Mark A. Goldsmith
Detroit, Michigan                                              MARK A. GOLDSMITH
                                                               United States District Judge

Dated: May 18, 2026                          Respectfully submitted,

/s/ *Kevin M. Jakopcheck with permission*
Kevin M. Jakopchek (IL Bar #6317040)
Kathryn K. George (IL Bar #6306004)
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, Illinois 60611
Tel: 312.876.7700
Fax: 312.993.9767
kevin.jakopchek@lw.com
katie.george@lw.com

and

Scott R. Murphy (P68015)
Anthony C. Sallah (P84136)
BARNES & THORNBURG LLP
171 Monroe Ave. NW, Suite 1000
Grand Rapids, MI 49503
616-742-3930
smurphy@btlaw.com
asallah@btlaw.com

*Attorneys for Defendant Navistar, Inc.*
*n/k/a International Motors LLC*

/s/ *Eric J. Pelton*
Eric J. Pelton (P40635)
Thomas J. Davis (P78626)
KIENBAUM HARDY
VIVIANO PELTON & FORREST, PLC
280 N. Old Woodward Ave., Ste. 400
Birmingham, Michigan 48009
(248) 645-0000
epelton@khvpf.com
tdavis@khvpf.com

*Attorneys for Plaintiffs GLS Leasco, Inc.*
*& Central Transport LLC*

5