UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GLS LEASCO, INC. and
CENTRAL TRANSPORT, LLC,

    Plaintiffs,

v.

NAVISTAR, INC.,

    Defendant.

Case No. 23-cv-12927

Hon. Mark A. Goldsmith

Magistrate Judge Anthony P. Patti

---

**REPORT AND RECOMMENDATION OF SPECIAL MASTER
REGARDING OBJECTIONS TO CERTAIN TRIAL EXHIBITS**

## I.    INTRODUCTION

Pursuant to this Court's text-only order entered May 18, 2026, the parties met with the undersigned Special Master to resolve disputes regarding the parties' use at trial of exhibits not identified on their preliminary trial exhibit lists. The parties timely filed a Joint Memorandum Regarding Objections to Exhibits (ECF No. 107), which sets forth their respective positions on the categories of exhibits that should be permitted on a showing of "good cause," and identifies the specific exhibits as to which disagreement remains. Having reviewed the Joint Memorandum and its attached spreadsheets (ECF Nos. 107-1, 107-2), the operative scheduling orders (ECF Nos. 13, 78), and the preliminary exhibit lists (ECF Nos. 39, 40), and having heard from counsel, I respectfully submit this Report and Recommendation.

1

The threshold dispute is one of construction: Plaintiffs read the Court's order amending the scheduling order to permit a party to offer at trial only those exhibits identified on that party's own preliminary exhibit list (absent good cause), while Defendant reads the order to permit use of any exhibit identified on either side's preliminary list. A second dispute is whether the parties' use of categorical descriptions (e.g., "All Orders and Production Update reports") provided sufficient notice to support use of specific documents within those categories. The remaining disputes concern application of those standards to specific exhibits on each side's trial exhibit list.

## II.    PROCEDURAL BACKGROUND

This action arises out of Plaintiffs' purchase of trucks from Defendant Navistar. Plaintiffs assert claims for breach of contract and fraud, the latter added by way of a Second Amended Complaint filed September 24, 2024 (ECF No. 29). The Court issued its opinion on Defendant's motion to dismiss the fraud claim and the parties' cross-motions for summary judgment on September 26, 2025 (ECF No. 72).

The original Case Management and Scheduling Order (ECF No. 13) required each party to disclose its preliminary trial exhibit list "separately identifying those [exhibits] that it expects to offer at trial and those it may offer if the need arises." (ECF No. 13, PageID.74.) The Court subsequently amended the scheduling order (ECF No. 78), which provides in pertinent part: "Absent good cause, only those

2

exhibits that have been listed on an exhibit list previously filed and in the proposed JFPO may be offered into evidence, except for rebuttal exhibits that could not be reasonably anticipated before trial." (ECF No. 78, PageID.3059.)

The parties filed preliminary trial exhibit lists on October 22–23, 2024. Defendant's list (ECF No. 39) identified 87 specifically enumerated exhibits, together with "Any exhibit identified by Plaintiffs". Plaintiffs' list (ECF No. 40) did the same, including "Any Relevant, Admissible Exhibit on Defendant's Exhibit List" and subject-matter categories such as "All Orders and Production Update reports, as needed" and "All Reports produced by Navistar regarding Supply Chain and Material Shortage Issues, as needed."

Following the exchange of trial exhibit lists for the Joint Final Pretrial Order, Plaintiffs initially objected to 431 of Defendant's 603 trial exhibits on the ground that those exhibits were not identified on Defendant's preliminary exhibit list. After meeting with the Special Master and through direct discussions by counsel, the parties agreed on five categories of "good cause," narrowing the dispute. The parties' remaining disagreements are: (i) Plaintiffs' objection to 48 exhibits on Defendant's trial exhibit list identified on neither party's preliminary list (ECF No. 107-1, Ex. A); (ii) Plaintiffs' broader objection to Defendant's use of exhibits identified on Plaintiffs' preliminary exhibit list (a category Plaintiffs represent numbers 281

documents, for a total of 329); and (iii) Defendant's objection to 29[1] exhibits on Plaintiffs' trial exhibit list (ECF No. 107-2, Ex. B).

## III. APPLICABLE STANDARD

The Court's order amending the scheduling order (ECF No. 78) supplies the governing standard. Exhibits not listed on a previously filed exhibit list may be offered at trial only on a showing of "good cause." The good cause inquiry under Rule 16(b) of the Federal Rules of Civil Procedure focuses principally on the diligence of the party seeking modification and the prejudice to the opposing party. Defendant cites *Leary v. Daeschner*, 349 F.3d 888, 907–08 (6th Cir. 2003), for the proposition that a "significant showing of prejudice" bears on the inquiry.

The purpose of preliminary trial exhibit disclosure is to provide notice. Fed. R. Civ. P. 26(a)(3)(A)(iii) requires each party to provide "an identification of each document or other exhibit . . . that the party expects to offer." The case management order in this case (ECF No. 13) tracks that language by requiring each party "separately" to identify its expected exhibits.

Plaintiffs cite several decisions criticizing the use of broad "catch-all" descriptions in trial exhibit lists, including *U.S. Equal Employment Opportunity Commission v. Ohio State University*, 2023 WL 1070245 (S.D. Ohio Jan. 27, 2023);

---

[1] In the Joint Memorandum, the parties refer to 30 of Plaintiffs' exhibits in dispute (ECF No. 107, PageID.4638), but according to Plaintiffs' arguments presented at ECF No. 107, PageID.4638-4641, there are apparently only 29 at issue.

*Stansbury v. Hopkins Hardwoods, Inc.*, 2018 WL 2977439 (W.D. Ky. Mar. 2, 2018); and *Burkhart v. R.J. Reynolds Tobacco Co.*, 2014 WL 12617550 (M.D. Fla. Apr. 30, 2014). Defendant relies principally on *Park West Galleries, Inc. v. Global Fine Art Registry*, LLC, 2010 WL 764368 (E.D. Mich. Mar. 2, 2010), which (as Defendant represents) recognizes that broad categorical descriptions appropriate for discovery should be "carve[d] up" and specifically identified when preparing the Joint Final Pretrial Order.

These authorities are largely complementary: a party may not satisfy the notice function of an exhibit list with descriptions so vague as to identify nothing, and at the JFPO stage the party intending to offer documents must specifically identify them.

## IV.    AGREED CATEGORIES OF GOOD CAUSE

The parties' agreed categories of good cause are reasonable, and I recommend the Court approve them. The following circumstances constitute good cause to mark a document as a trial exhibit:

1. Exhibits produced by the other party or a third party after the October 22, 2024 deadline for preliminary trial exhibit lists;

2. Documents produced by third parties in September 2024 in response to Plaintiffs' subpoenas;

3. Exhibits used at deposition;

4. Documents expressly relied on in the parties' experts' reports, but not otherwise included in the list of documents reviewed that were attached to the experts' reports; and

5. Documents that are encompassed within longer email chains that fall into one or more of the preceding categories of exhibits.

These categories are consistent with the notice purpose underlying Rule 26(a)(3) and the Court's scheduling order. The parties should be permitted to mark and use at trial any document falling within any of these five categories, without further showing.

## V.   DISPUTED ISSUES AND ANALYSIS

### A. Whether Defendant May Rely on Exhibits Identified on Plaintiffs' Preliminary Exhibit List.

The first remaining dispute concerns 281 exhibits that appear on Defendant's JFPO trial exhibit list and that were identified on Plaintiffs' (but not Defendant's) preliminary exhibit list. Plaintiffs contend these exhibits should be excluded because the rule is party-specific—that is, each party may only offer at trial those exhibits identified on that party's own preliminary list, absent good cause. Defendant contends that the plain text of ECF No. 78 imposes no such party-specific limitation, and that a document on "an" exhibit list (i.e., either side's) satisfies the rule.

I respectfully recommend that the Court adopt Defendant's reading on this issue, for three reasons.

6

First, the plain text of the operative order favors Defendant's construction. ECF No. 78 states that "only those exhibits that have been listed on *an* exhibit list previously filed and in the proposed JFPO may be offered into evidence." (Emphasis added.) The indefinite article is not "the offering party's" or "its." While ECF No. 13 and Rule 26(a)(3) impose party-specific *disclosure* obligations, the question presented here—whether a document may be *offered* at trial—is governed by ECF No. 78, which uses indefinite, non-party-specific language.

Second, the rationale for the disclosure requirement is notice, and that purpose is fully satisfied as to documents the objecting party itself identified as evidentially significant. Plaintiffs cannot meaningfully claim surprise or lack of opportunity to prepare cross-examination concerning documents they themselves listed. Neither party has cited authority precluding use of a document specifically identified on the opposing side's exhibit list.

Third, Plaintiffs have not articulated any specific prejudice from Defendant's use of documents on Plaintiffs' own preliminary exhibit list. The trial exhibit lists were exchanged with ample time to address any objection to admissibility. Cf. *Leary v. Daeschner*, 349 F.3d 888, 907–08 (6th Cir. 2003) (requiring "significant showing of prejudice").

Plaintiffs' cited authorities are not to the contrary. Each of *EEOC v. Ohio State University*, *Stansbury*, and *Burkhart* concerned challenges to catch-all designations

7

on the listing party's own exhibit list (e.g., "any document produced by any party in this case during discovery"). None addressed use by Party B of documents specifically identified on Party A's list.

I therefore recommend that Defendant be permitted to use at trial any document specifically identified on Plaintiffs' preliminary exhibit list (ECF No. 40), without further showing of good cause. Plaintiffs retain all other evidentiary objections (relevance, hearsay, foundation, Rule 403, and the like) at trial.

A related sub-issue concerns Plaintiffs' categorical entries on their preliminary exhibit list, such as "All Orders and Production Update reports, as needed" and "All Reports produced by Navistar regarding Supply Chain and Material Shortage Issues, as needed." Plaintiffs argue these were impermissible catch-alls. On this posture, I disagree. Plaintiffs themselves elected to identify documents categorically at the preliminary stage; Defendant has now specifically identified, by Bates number, the documents within those categories on its JFPO trial exhibit list—precisely the "carve up" approach endorsed by *Park West Galleries*. A party that designates a category on its own preliminary list cannot fairly claim lack of notice when the opposing party identifies specific documents within that category at the JFPO stage. Accordingly, where a document on Defendant's JFPO trial exhibit list falls within a category Plaintiffs themselves designated, I recommend the document be permitted without further showing.

8

**B. Defendant's Forty-Eight Disputed Exhibits (ECF No. 107-1, Ex. A).**

There remain 48 exhibits on Defendant's JFPO trial exhibit list that appear on neither party's preliminary exhibit list and that Plaintiffs continue to oppose. Defendant offers three principal good cause justifications for these documents: (i) they are continuations of email chains for which a constituent email was on a prior exhibit list or used as a deposition exhibit; (ii) they are third-party documents on which a Plaintiff GLS representative was included but which Plaintiff GLS did not produce; and (iii) they are reports and email communications concerning Plaintiffs, supply-chain issues, and/or production updates that fall within categorical entries on Plaintiffs' preliminary exhibit list. Defendant additionally cites the Second Amended Complaint adding a fraud claim on September 24, 2024, the post-list emergence of Plaintiffs' "second breach theory" at summary judgment, and the substantial discovery activity that followed the preliminary lists, as bases for good cause.

Having reviewed the description, dates, and Bates ranges of the 48 contested exhibits, the great majority appear to be internal Navistar communications, third-party emails, and program announcements ("G-letters" and "DYK" letters) concerning subject matter that overlaps significantly with the categorical entries on Plaintiffs' own preliminary exhibit list, including "All Orders and Production Update reports" and "All Reports produced by Navistar regarding Supply Chain and

9

Material Shortage Issues." Many concern the Bendix Wingman Fusion supply situation, pre-wire program communications, weekly business updates, and customer-specific order discussions—topics that go to the heart of both the contract claim and (after the September 24, 2024 amendment) the fraud claim. The Bates ranges fall within the discovery production made before the close of fact discovery, so Plaintiffs have long had the documents in their possession.

I recommend the Court overrule Plaintiffs' remaining objection to these 48 exhibits for the following reasons. First, the documents concerning supply-chain issues, orders, production updates, Bendix radar availability, and the related program communications fall within the categorical designations Plaintiffs themselves placed on their own preliminary list, and the analysis in Section V(A) applies. Second, Plaintiffs' September 24, 2024 amendment adding a fraud claim less than one month before the preliminary exhibit list deadline supplies independent good cause for additional documents bearing on Defendant's knowledge, intent, and state of mind— precisely the universe in which most of the 48 contested documents sit. Third, Plaintiffs identify no specific document as to which they would be unfairly surprised; the documents have been produced in discovery, and the JFPO lists were exchanged with sufficient lead time. Fourth, several of the contested exhibits are facially within the agreed good cause category for email-chain continuations, and where Defendant

10

credibly represents that an email continues a chain on a prior exhibit list or used at deposition, that representation should be honored.

Two ancillary points warrant mention. First, Defendant's exhibit no. 517 is listed with a date of "7/19/2026," a clerical error given the Bates range (NAV00023966–71); the parties should correct it before trial. Second, the one-day delay in Defendant's exchange of its JFPO list does not warrant exclusion of any document; the variance is not substantial, and the parties have had each other's lists for at least two weeks. That objection is overruled.

The recommendation is not unqualified. Plaintiffs retain all substantive evidentiary objections, including relevance, hearsay, foundation, completeness, and Rule 403 prejudice, which may be raised at trial.

### C. Plaintiffs' Twenty-Nine Disputed Exhibits (ECF No. 107-2, Ex. B).

Defendant objects to 29 exhibits on Plaintiffs' JFPO trial exhibit list as not appearing on Plaintiffs' preliminary list (ECF No. 40) and not falling within the agreed good cause categories. I address each disputed exhibit (or group of related exhibits) in turn.

### 1. Exhibit P-162 (final monthly delivery tracker, GLSN-0002913–14).

Plaintiffs describe this document as the final version of a monthly delivery tracker, the predecessors of which were identified on Plaintiffs' preliminary list and used throughout the litigation. Defendant does not press a timeliness objection so long as

it receives reciprocal treatment for continuing emails in chains it has identified. The document is a natural extension of a recurring, already-disclosed document type and presents no risk of surprise. I recommend P-162 be allowed.

**2. Exhibits P-164d, 166a, 166b, 166c, 166d, 168a, 169a, 169b, 170l, 170p, 172a–d, 172f–i, 174d, 174e, and 174f (twenty-one documents concerning communications regarding potential MY 2018 tractor sales).** These documents are correspondence with potential buyers (7 E Sales, Allegiance Trucks, Truck Planet/Iron Planet/Ritchie Bros., The Trailer Connection, Inc., and "Multiple Parties") concerning Plaintiffs' disposition of the MY 2018 tractors, an issue central to mitigation of damages. Other communications with each of these same buyers, on the same subject, were specifically identified on Plaintiffs' preliminary list. Defendant does not object so long as it receives parallel treatment for related continuations of email chains on Defendant's list. These documents are sufficiently analogous to the agreed email-chain-continuation category to be allowed. I recommend Exhibits P-164d, 166a–d, 168a, 169a–b, 170l, 170p, 172a–d, 172f–i, and 174d–f be allowed.

**3. Exhibits P-175b, 175d, 175e, and 175f (invoices supporting MY 2018 tractor sales).** Plaintiffs offer two grounds. The first—that they are "expressly relied on" within agreed good cause category 4—is contested. Defendant represents that these invoices are not expressly cited in the report of Plaintiffs' damages expert, Mr.

Kahaian, and the Joint Memorandum provides no cross-reference. On this record, Plaintiffs have not established the "expressly relied upon" ground. Plaintiffs' second ground, however, is more persuasive: Plaintiffs represent that these invoices reflect tractor sales that occurred *after* the October 22, 2024 deadline for preliminary exhibit lists—meaning they could not have been listed in October 2024. If accurate, this falls within the policy of the parties' first agreed good cause category. Defendant's response acknowledges that Plaintiffs produced these documents after the preliminary exhibit list deadline (albeit after a motion to compel).

There is a fairness asymmetry the parties have not resolved: agreed category 1 covers post-deadline documents produced by "the other party or a third party," but not those the listing party itself produced post-deadline. The underlying policy—that a party cannot list a document that does not yet exist—applies regardless of which side produced it. I therefore recommend the Court permit these four invoices on the alternative ground that they relate to post-deadline transactions, conditional on Plaintiffs confirming on the record (or at the pretrial conference) that each invoice reflects a sale post-dating October 22, 2024. The same principle should apply reciprocally to any document on Defendant's list reflecting a transaction or event post-dating October 22, 2024.

**4. Exhibits P-187b, 187d, and 187g (Navistar's written responses to Plaintiffs' First, Second, and Third Requests for Production of Documents).**

13

These are Defendant's own RFP responses. The companion interrogatory responses (P-187a, c, e, f, h, i, and j) and the verification (P-187h) are on Plaintiffs' preliminary list and are not in dispute. The dispute is somewhat artificial: as Plaintiffs note, RFP responses are typically not offered as substantive exhibits but may be used as admissions or for impeachment, as deposition testimony may be. Defendant agrees with this much—its position is that the question of *admissibility* of these documents should be considered if and when Plaintiffs seek to use them at trial.

On this point Defendant is correct. Marking the RFP responses for identification does not waive Defendant's objection to their receipt in evidence. I recommend the Court permit P-187b, P-187d, and P-187g to be marked as exhibits, without prejudice to Defendant's objections to admissibility at trial, by motion in limine or contemporaneous objection.

## VI.   RECOMMENDATIONS

For the foregoing reasons, I respectfully recommend that the Court enter an order as follows:

1. The five agreed categories of "good cause" set forth in the Joint Memorandum (ECF No. 107, at 2) and reproduced in Section IV of this Report are approved. Documents falling within one or more of those categories may be marked and used at trial without further showing of good cause.

14

2. Plaintiffs' objection that Defendant may not offer at trial documents identified solely on Plaintiffs' preliminary exhibit list (ECF No. 40) is overruled. Defendant may offer at trial any document specifically identified on Plaintiffs' preliminary exhibit list.

3. To the extent a document on Defendant's JFPO trial exhibit list falls within a categorical designation on Plaintiffs' preliminary exhibit list (e.g., "All Orders and Production Update reports, as needed"; "All Reports produced by Navistar regarding Supply Chain and Material Shortage Issues, as needed"), good cause is established and the document may be offered at trial.

4. Plaintiffs' objection to the 48 exhibits identified on Defendant's spreadsheet (ECF No. 107-1, Ex. A) is overruled. Each of those exhibits may be marked and used at trial, subject to all other evidentiary objections.

5. Defendant's objection to Plaintiffs' Exhibit P-162 is overruled.

6. Defendant's objection to Plaintiffs' Exhibits P-164d, P-166a, P-166b, P-166c, P-166d, P-168a, P-169a, P-169b, P-170l, P-170p, P-172a, P-172b, P-172c, P-172d, P-172f, P-172g, P-172h, P-172i, P-174d, P-174e, and P-174f is overruled.

7. Defendant's objection to Plaintiffs' Exhibits P-175b, P-175d, P-175e, and P-175f is overruled, conditional on Plaintiffs confirming on the record (or by supplemental written submission at or before the final pretrial conference) that

the sales transactions reflected in those invoices post-date October 22, 2024. The same post-deadline good cause principle shall apply reciprocally to any exhibit on Defendant's JFPO trial exhibit list reflecting a transaction or event post-dating October 22, 2024.

8. Defendant's objection to Plaintiffs' Exhibits P-187b, P-187d, and P-187g is overruled solely with respect to marking these documents as trial exhibits. Defendant's objections to their admissibility for substantive use at trial are preserved and may be raised by motion in limine or by objection at trial.

9. The parties shall correct the date of Defendant's Exhibit 517 (presently listed as "7/19/2026") to reflect the correct year, on or before the final pretrial conference.

10. Nothing in this Report or in any order adopting it limits the parties' ability to assert any objection to admissibility of any exhibit at trial, including but not limited to objections based on relevance, hearsay, authentication, foundation, completeness, or Rule 403 of the Federal Rules of Evidence.

## VII. CONCLUSION

The parties have narrowed an initial objection to hundreds of exhibits down to a smaller set of genuinely disputed items. The recommendations above give effect to the plain text of ECF No. 78, honor the notice purposes of preliminary disclosure,

16

apply the agreed good cause categories consistently and reciprocally, and permit this case to be tried on the merits. They leave all substantive evidentiary objections intact.

Pursuant to the Court's text-only order of May 18, 2026, any responses to this Report and Recommendation must be filed no later than 3:00 p.m. on June 1, 2026.

Respectfully submitted,

Dated: May 29, 2026

/s/ Nathan J. Fink
Nathan J. Fink
Special Master