UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GLS LEASCO, INC. and
CENTRAL TRANSPORT, LLC,

          Case No. 23-cv-12927

      Plaintiffs,

          Hon. Mark A. Goldsmith

v.

          Magistrate Judge Anthony P. Patti

      NAVISTAR, INC.,

      Defendant.

---

## THE PARTIES' JOINT PROPOSED VOIR DIRE INQUIRIES

The parties submit the following proposed voir dire inquiries for the purpose of qualifying jurors in this case:

**Background**

1. Please tell us your age, the extent of your education, your employer, and the nature of your job duties.

2. Have you or any immediate family member ever worked at a trucking, transportation, logistics, or fleet management company? If so, identify the company, the period of employment, and the nature of the job duties. If the individual is no longer employed, please explain the reason their employment ended.

3. Have you or any immediate family member ever worked in a manufacturing or heavy equipment industry — for example, at a car or truck

manufacturer or a dealership? If so, identify the company, the period of employment, and the nature of the job duties.

4.      Have you ever been a member of an organization such as a union, the Chamber of Commerce, the American Trucking Associations, the Rotary Club, Kiwanis, the NRA, or the ACLU? That list is not intended to be comprehensive. It merely provides examples of the different types of organizations I am asking you to identify. If you have had such a membership, please describe how long you have been, or were, a member and whether you are or were actively involved in the organization.

5.      **DEFENDANT OBJECTS.**   Have you ever served in the Armed Forces of the United States? If yes, please state what branch you served in, the highest rank attained, and under what circumstances you left the service.

6.      How do you stay informed of current events? If you get all or part of your news by reading newspapers, the internet, or magazines, by listening to the radio, or by watching television, please state the newspapers, websites, and magazines you read, the radio stations you listen to, and the television stations and programs you watch.

7.      Have you or a family member had any form of legal training? If so, who? What form? Have you ever discussed commercial lawsuits, trials, or jury duty?

2

**Business and Commercial Experiences**

8.      Do you own or have you ever owned your own business? If so, please describe your business and how long you have owned or operated it.

9.      Have you had experience negotiating contracts — either personally or on behalf of a business? If so, please briefly describe that experience.

10.     **DEFENDANT OBJECTS.**  Have you ever **entered** into a written agreement to purchase goods or services that were then not delivered on time or not delivered at all? If so, please describe the circumstances.

    a.  Please explain what happened.

    b.  Was the other party a large company or corporation?

    c.  What was the result?

    d.  Did the experience leave you with any feelings for or against either party?

11.     Have you or has any member of your immediate family or a close friend ever been involved in a business dispute involving a contract for the purchase or sale of goods? If so:

    a.  Please explain the circumstances.

    b.  What was the result?

    c.  Did the result leave you with any feelings for or against any party?

3

12. Have you ever lost a significant amount of money? What happened and who, if anyone do you believe was at fault?

13. Have you had experience supervising employees or managing a team?

14. **DEFENDANT OBJECTS.** Did you have any difficult situations involving commitments that were made but not kept? How did you handle it?

**Commercial Vehicles and the Trucking Industry**

15. Are you familiar with the commercial trucking or freight transportation industry? If so, describe the nature of your familiarity — for example, through employment, a family member's occupation, personal use, or other exposure.

16. Do you have any experience purchasing, leasing, or managing a fleet of vehicles — commercial or personal? If so, please describe that experience.

17. Do you have any opinions — favorable or unfavorable — about large commercial vehicle manufacturers or the heavy-duty trucking industry generally? If so, please describe your views.

18. Do you have any opinions — favorable or unfavorable — about large trucking or transportation companies? If so, please describe your views.

19. This case involves a dispute between businesses — a large trucking company and a large truck manufacturer — both of which are sizable corporations. Do you have any reason to believe that you could not be fair to either party in a dispute between two corporations?

4

**Contracts and Promises**

20.      **DEFENDANT OBJECTS.**  Do you believe that when two businesses sign a written agreement, each side should be held to what that agreement says? If you disagree with that statement, please explain your thinking.

21.      **PLAINTIFFS OBJECT.**[1]  Do you believe that when a party interprets an agreement as requiring something the party knew at the time the party signed the agreement was impossible, that party's interpretation of the agreement is unreasonable?  If you disagree with that statement, please explain your thinking.

22.      **PLAINTIFFS OBJECT.** Do you believe there are circumstances in which a company should be excused from performing its obligations under a signed contract? If so, what circumstances do you believe would justify that?

23.      **PLAINTIFFS OBJECT.** Do you believe there are circumstances in which a party that has already been compensated for a claimed harm should be compensated twice?  If so, what circumstances do you believe would justify that?

24.      **DEFENDANT OBJECTS.** In this case, the Plaintiffs claim that Navistar entered into written letter agreements promising to deliver a specific number of trucks on a specific schedule and then failed to do so. Hearing that

---

[1] Navistar conditionally requests 21, 23, and 25 only in the event its objections to 20, 22, and 24 are overruled.

summary — which is not evidence — do you have any initial reaction for or against either position that might affect your ability to be a fair juror in this case?

25. **PLAINTIFFS OBJECT.** In this case, Navistar claims the written letter agreements conditioned the schedule on being based upon production availability, and that by the time Plaintiffs signed the letter agreement, they knew the schedule in the agreement was outdated, and that any of Plaintiffs' claimed harm resulted from their own business choices, not from any alleged contractual violation. Hearing that summary – which is not evidence – do you have an initial reaction for or against either position?

**Sympathies and Biases**

26. Have you ever been involved as a party or as a witness in any lawsuit against a corporation or an individual? If so:

    a. Please explain the circumstances.

    b. What was the result?

    c. Did the result leave you with any feelings for or against corporations?

27. Do you have any feelings — positive or negative — about companies that bring lawsuits to enforce their claimed rights under a signed business contract?

28. According to the law, Navistar is not liable to Plaintiffs simply because Plaintiffs filed a lawsuit. The Plaintiffs bear the burden of proving each of their

claims. Similarly, Navistar asserts certain defenses on which it bears the burden of proof. The court will instruct you on the burdens of proof for the claims and defenses.

    a. Do you believe that the defendant must have done something wrong if Plaintiffs and their lawyers have gone through the trouble of suing defendant and we are here in court?

    b. Do you believe that simply because someone brings a lawsuit, that must mean the person deserves to get money?

    c. Are you aware of any reason why you could not follow the court's instructions in rendering your verdict?

29. If Plaintiffs prove their claims and the evidence shows they are entitled to damages, would you be willing to award them those damages, even if the amount is substantial?

30. **PLAINTIFFS OBJECT.** If Plaintiffs prove their claims but do not show they are entitled to any damages, would you be willing to award them zero damages, even if you found Navistar was liable?

31. If the evidence does not support Plaintiffs' legal claims, would you be willing to return a verdict in favor of Navistar, even if you thought Navistar could have done some things better?

32.     If you find that a party is wronged and lost money as a result, would you have difficulty considering whether the party took reasonable efforts to minimize its losses?

33.     Under the rules of this Court, the Plaintiffs put on their case first. Then the Defendant puts on its case. Each side may present opposing evidence. And finally, the Court will instruct you on the applicable law. Do you believe you can keep an open mind in this matter until you have heard all of the evidence and have been instructed by the Court?

34.     Is there anything at all that would affect your ability to sit as a juror in this lawsuit and to render a fair and impartial verdict based solely upon the evidence presented? If so, please describe your beliefs on the subject.

Respectfully submitted,

/s/ Eric J. Pelton

KIENBAUM, HARDY, VIVIANO, PELTON & FORREST, P.L.C.
Eric J. Pelton (P40635)
Thomas J. Davis (P78626)
280 N. Old Woodward Ave., Ste. 400
Birmingham, MI 48009
(248) 645-0000
epelton@khvpf.com
tdavis@khvpf.com

*Counsel for Plaintiffs*

Dated: May 29, 2026

/s/ Kevin M. Jakopchek with permission

LATHAM & WATKINS, LLP
Kevin M. Jakopchek (IL Bar #6317040)
Kathryn K. George (IL Bar #6306004)
330 N. Wabash Ave., Ste. 2800
Chicago, IL 60611
(312) 876-7700
Kevin.jakopcheki@lw.com
Katie.george@lw.com

BARNES & THORNBURG LLP
Scott R. Murphy (P68015)
Anthony C. Sallah (P84136)
171 Monroe Ave., N.W. Ste. 1000
Grand Rapids, MI 48903
(616) 742-3930
smurphy@btlaw.com
asallah@btlaw.com

*Counsel for Defendant Navistar, Inc.*

Dated: May 29, 2026

9

**CERTIFICATE OF SERVICE**

I hereby certify that on May 29, 2026, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to all ECF participants on record.

*/s/Michelle R. Beveridge*
Michelle R. Beveridge

492-1133-5344 v.1