*GLS Leasco, Inc. and Central Transport, LLC v. Navistar, Inc.* , Case No. 23-cv-12927
**Plaintiffs' Deposition Designations**
Deposition of Olawale Akinosho

| Plaintiffs' Designations (Page:Line) | Defendant's Objections | Plaintiffs' Response to Defendant's Objections | Defendant's Counter-Designation (if objections not sustained in full) | Plaintiffs' Objections to Defendant's Counter-Designations |
|---|---|---|---|---|
| 6:8-14 | | | | |
| 9:14-24 | | | | |
| 10:14-24 | | | | |
| 11:1-5 | | | | |
| 12:17-13:24 | 13:5-12 -- form, vague, compound and confusing question | Objections waived under 32(d)(3)(b) for lack of contemporaneous objection | | |
| 13:1-14:12 | | | | |
| 42:5-7 | | | **42:20 - 43:12** | No basis for counter-designation as no objection lodged. Counter-designation irrelevant (401) and lack of personal knowledge per witness |
| 51:22-24 | | | | |
| 52:7-24 | | | | |
| 53:22-54:1 | | | | |
| 56:19-57:22 | 57:10-12; 57:18-22 -- FRE 602, form, foundation calls for speculation | Navistar identified Akinosho as most knowledgeable on production build schedules (Interrog. No. 3). Arithmetic comparing 159 built to 100 promised is not speculation. | | |
| 58:1-22 | 58:4-7; 58:13-18 -- FRE 602, form, foundation calls for speculation | See above | | |
| 59:2-3 | 58:21-22; 59:2 -- FRE 602, form, foundation calls for speculation | See above. | | |

*GLS Leasco, Inc. and Central Transport, LLC v. Navistar, Inc.* , Case No. 23-cv-12927
**Plaintiffs' Deposition Designations**
Deposition of Olawale Akinosho

| Plaintiffs' Designations (Page:Line) | Defendant's Objections | Plaintiffs' Response to Defendant's Objections | Defendant's Counter-Designation (if objections not sustained in full) | Plaintiffs' Objections to Defendant's Counter-Designations |
|---|---|---|---|---|
| 66:14-67:2 | 66:23-67:4 -- FRE 602, form, foundation; exhibit is objected to; if excluded then testimony on document should be excluded as well | Exhibit objection moot per special master decision. Form objection waived. Akinosho asked questions about whether his recollection was consistent with contents of document Navistar produced; question called for his personal knowledge. Also, | 67:3-5 | If counter-designation allowed, 67:6-10 needs to be included; stub counter-designation is misleading alone |
| 68:4-73:6 | exhibit is objected to; if excluded then testimony on document should be excluded as well | | | |
| 86:9-18 | exhibit is objected to; if excluded then testimony on document should be excluded as well | Exhibit objection moot per special master decision. | | |
| 90:19-91:7 | exhibit is objected to; if excluded then testimony on document should be excluded as well | Exhibit objection moot per special master decision. | | |
| 91:10-15 | exhibit is objected to; if excluded then testimony on document should be excluded as well | Exhibit objection moot per special master decision. | | |
| 91:18-23 | exhibit is objected to; if excluded then testimony on document should be excluded as well | Exhibit objection moot per special master decision. | | |
| 94:12-23 | exhibit is objected to; if excluded then testimony on document should be excluded as well | Exhibit objection moot per special master decision. | | |
| 95:11-15 | exhibit is objected to; if excluded then testimony on document should be excluded as well | Exhibit objection moot per special master decision. | | |
| 95:22-96:2 | | Exhibit objection moot per special master decision. | 96:3-96:6 | None |

*GLS Leasco, Inc. and Central Transport, LLC v. Navistar, Inc.* , Case No. 23-cv-12927
**Plaintiffs' Deposition Designations**
Deposition of Olawale Akinosho

| Plaintiffs' Designations (Page:Line) | Defendant's Objections | Plaintiffs' Response to Defendant's Objections | Defendant's Counter-Designation (if objections not sustained in full) | Plaintiffs' Objections to Defendant's Counter-Designations |
|---|---|---|---|---|
| 96:7-10 | exhibit is objected to; if excluded then testimony on document should be excluded as well | Exhibit objection moot per special master decision. | | |
| 105:11-107:22 | exhibit is not on Plaintiffs' amended trial exhibit list -- testimony re exhibit should be excluded | Exhibit objection moot per special master decision. | **104:11-105:10** | Hearsay if offered by Navistar; witness lacks personal knowledge per answer |
| 108:2-10 | | | | |
| 110:15-112:2 | exhibit is not on Plaintiffs' amended trial exhibit list -- testimony re exhibit should be excluded | Exhibit objection moot per special master decision. | | |
| 112:5-113:9 | exhibit is not on Plaintiffs' amended trial exhibit list -- testimony re exhibit should be excluded | Exhibit objection moot per special master decision. | | |
| 132:23-133:2 | exhibit is objected to; if excluded then testimony on document should be excluded as well | Exhibit objection moot per special master decision. | | |
| 133:8-10 | exhibit is objected to; if excluded then testimony on document should be excluded as well | Exhibit objection moot per special master decision. | | |
| 135:3-5 | exhibit is objected to; if excluded then testimony on document should be excluded as well | Exhibit objection moot per special master decision. | | |
| 142:3-7 | 142:3-7, FRE 602, form, foundation | Form objection not preserved. Foundation and 602 objection is frivolous; witness copied on the document and agreed to interpretation of document of a sort he is familiar with in employment. | | |

*GLS Leasco, Inc. and Central Transport, LLC v. Navistar, Inc.* , Case No. 23-cv-12927
**Plaintiffs' Deposition Designations**
Deposition of Olawale Akinosho

| Plaintiffs' Designations (Page:Line) | Defendant's Objections | Plaintiffs' Response to Defendant's Objections | Defendant's Counter-Designation (if objections not sustained in full) | Plaintiffs' Objections to Defendant's Counter-Designations |
|---|---|---|---|---|
| 142:10-142:10 | exhibit is objected to; if excluded then testimony on document should be excluded as well | Exhibit objection moot per special master decision. | | |
| 142:12-22 | exhibit is objected to; if excluded then testimony on document should be excluded as well | Exhibit objection moot per special master decision. | | |
| 155:12-22 | exhibit is objected to; if excluded then testimony on document should be excluded as well | Exhibit objection moot per special master decision. | | |
| 156:20-157:3 | exhibit is objected to; if excluded then testimony on document should be excluded as well | Exhibit objection moot per special master decision. | | |
| 159:7-161:13 | exhibit is objected to; if excluded then testimony on document should be excluded as well | Exhibit objection moot per special master decision. | **161:14-163:17** | lack of personal knowledge per witness answer; hearsay when offered by Navistar |
| 224:5-14 | | | **224:15-20** | no basis for counter-designation; our designation not objected to |
| 226:4-6 | 226:4-6, FRE 602 -- form, foundation | Form objection waived. Foundation objection meritless; witness offered understanding of the June delivery deadline as written in contract he was familiar with; Akinosho further copied on emails at pp. 226-227 by his boss Carmichael confirming same contractual understanding. | | |
| 226:9-227:24 | | | | |
| 229:3-229:13 | | | | |
| 230:14-24 | | | | |
| 231:5-12 | | | | |

*GLS Leasco, Inc. and Central Transport, LLC v. Navistar, Inc.* , Case No. 23-cv-12927
**Plaintiffs' Deposition Designations**
Deposition of Olawale Akinosho

| Plaintiffs' Designations (Page:Line) | Defendant's Objections | Plaintiffs' Response to Defendant's Objections | Defendant's Counter-Designation (if objections not sustained in full) | Plaintiffs' Objections to Defendant's Counter-Designations |
|---|---|---|---|---|
| 231:19-234:24 | 234:11-24; exhibit is not on Plaintiffs' amended trial exhibit list -- testimony re exhibit should be excluded | Exhibit objection moot per special master decision. | | |
| 245:1-246:23 | exhibit is objected to; if excluded then testimony on document should be excluded as well | Exhibit objection moot per special master decision. | | |
| 248:2-249:5 | exhibit is objected to; if excluded then testimony on document should be excluded as well | Exhibit objection moot per special master decision. | | |
| 251:20-252:14 | exhibit is objected to; if excluded then testimony on document should be excluded as well | Exhibit objection moot per special master decision. | | |
| 253:11-254:9 | exhibit is objected to; if excluded then testimony on document should be excluded as well | Exhibit objection moot per special master decision. | | |
| 255:8-21 | 255:16-18, FRE 602 -- form, foundation | | | |
| 256:8-261:21 | 256:8-18, 256:23-257:24, FRE 602, form, foundation -- witness was not copied on email being discussed | Objections waived under 32(d)(3)(b) for lack of contemporaneous objection; witness earlier admitted Lollis had same order board access; testimony relates to his own order board contents | | |
| 262:1-12 | | | | |
| 263:11-264:14 | | | **264:15-265:8** | no basis for counter-designation; our designation not objected to; lack of personal knowledge |
| 265:9-12 | 265:9-11 -- form, speculation | Not speculation; FRE 406 permits testimony about routine practice | | |
| 266:5-7 | | | | |
| 267:5-9 | | | | |

*GLS Leasco, Inc. and Central Transport, LLC v. Navistar, Inc.* , Case No. 23-cv-12927
**Plaintiffs' Deposition Designations**
Deposition of Olawale Akinosho

| Plaintiffs' Designations (Page:Line) | Defendant's Objections | Plaintiffs' Response to Defendant's Objections | Defendant's Counter-Designation (if objections not sustained in full) | Plaintiffs' Objections to Defendant's Counter-Designations |
|---|---|---|---|---|
| 267:13-269:16 | | | | |
| 270:12-271:3 | 270:24-271:3 -- FRE 602, form, foundation | There is no problem with the form of the question and witness understood it; the witness can testify as to the lack of a conversation, which is pertinent evidence. | **270:4-7** | Cross-designation not pertinent and includes half of a question but no answer. |
| 271:6-7 | | | | |
| 272:2-14 | | | | |
| 272:19-20 | | | | |
| 272:22-274:6 | | | | |
| 274:14-275:7 | | | **274:7-13** | |
| 275:13-278:14 | exhibit is objected to; if excluded then testimony on document should be excluded as well | Exhibit objection moot per special master decision. | | |
| 279:9-280:17 | exhibit is objected to; if excluded then testimony on document should be excluded as well | Exhibit objection moot per special master decision. | | |
| 285:13-15 | | | | |
| 285:18-285:18 | | | | |
| 285:24-287:3 | 286:3-8, 286:15-22, FRE 602 -- form, foundation, compound and confusing question | Objections waived for lack of contemporaneous objection (and witness understood the question and answered). Witness has personal knowledge of his work environment and reasonable inferences to be drawn therefrom | | |
| 287:1-7 | | | | |

*GLS Leasco, Inc. and Central Transport, LLC v. Navistar, Inc.* , Case No. 23-cv-12927
**Plaintiffs' Deposition Designations**
Deposition of Olawale Akinosho

| Plaintiffs' Designations (Page:Line) | Defendant's Objections | Plaintiffs' Response to Defendant's Objections | Defendant's Counter-Designation (if objections not sustained in full) | Plaintiffs' Objections to Defendant's Counter-Designations |
|---|---|---|---|---|
| 287:12-288:7 | | | **288:8-290:19** | Witness answer non-responsive (288:8-9); remainder non-responsive to GLS designation and improperly cross-designated. |
| 300:13-301:21 | | | | |
| 302:6-303:16 | | | | |
| 304:1-308:20 | exhibit is not on Plaintiffs' amended trial exhibit list -- testimony re exhibit should be excluded | Exhibit objection moot per special master decision. | | |

*GLS Leasco, Inc. and Central Transport, LLC v. Navistar, Inc.* , Case No. 23-cv-12927
**Plaintiffs' Deposition Designations**
Deposition of David Brown

| Plaintiffs' Designations (Page:Line) | Defendant's Objections | Plaintiffs' Responses to Defendant's Objections | Defendant's Counter-Designations (if objections not sustained in full) | Plaintiffs' Objections to Defendant's Counter-Designations |
|---|---|---|---|---|
| 7:7-9 | | | | |
| 10:1-3 | | | | |
| 11:12-12:17 | 11:22-12:4, FRE 602 - Knowledge | Witness testified as to his knowledge of who his own managers were and their roles at the time. This is basic information well within his knowledge, which he answered without difficulty. | | |
| 15:5-16:9 | Vague/Ambiguous: confusing question objected to on record; 15:5-12, FRE 402 - Relevance | No contemporaneous objection. Question about his duties. Basic foundational information from any witness. | **15:1-12; 16:4-20** | Interstitial objections inappropriately designated |
| 16:18-25 | 16:10-20, Incomplete (does not include question asked or objection from (counter designated above); 17:22-18:19, Incomplete (does not include description of the order board from  ("· It's general data that can be pulled. I mean...")) | 16:10-20: Objections need not be included; designation presumes they will be overruled and answer designated follows from the question. | **17:22-18:19** | This is non-pertinent and an improper designation. Hearsay when offered by Navistar |
| 19:3-21:1 | 19:11-21, FRE 402 - Relevance | This objection is frivolous. The witness's ability to make order board changes or lack thereof, in case related to delaying Plaintiffs' orders on the order board, plainly and directly relevant to breach | | |
| 21:5-11 | 21:5-7, FRE 402 - Relevance;  FRE 602 - Knowledge | Basic information about his employment chain is relevant; he has personal knowledge and answered without indicating a lack of knowledge. | | |

*GLS Leasco, Inc. and Central Transport, LLC v. Navistar, Inc.* , Case No. 23-cv-12927

**Plaintiffs' Deposition Designations**

Deposition of David Brown

| Plaintiffs' Designations (Page:Line) | Defendant's Objections | Plaintiffs' Responses to Defendant's Objections | Defendant's Counter-Designations (if objections not sustained in full) | Plaintiffs' Objections to Defendant's Counter-Designations |
|---|---|---|---|---|
| 25:8-26:10 | Incomplete (does not include Brown's response on 26:15 (dictated by court reporter) or description of Averhart and Brown's emails regarding the "statue of the order board") | The designation stopped at a question and answer. The "incompleteness" argument proves too much; the whole point of deposition designations is that a party is not required to play every portion of the deposition. | 26:11-27:13 | No objection to 26:11-15. Otherwise what is omitted is a nonresponsive answer that is not pertinent/not needed per FRE 106. Hearsay when offered by Navistar |
| 26:17-20 | Assumes facts not in evidence in question ("*this*" order borad document) | This is a form objection not contemporaneously objected to; context clear from surrounding testimony | | |
| 27:3-29:25 | | | | |
| 30:13-31:20 | 31:21-23: Incomplete, FRE 402 - Relevance 31:21-24) | Not incomplete; this is a distinct question and answer not designated as non-pertinent to the examination GLS intends to put on. Navistar then objects to the non-pertinent portion as irrelevant anyway, proving the point. | 31:21-24 | Witness has no recollection; non-pertinent under 106, hearsay by Navistar |
| 34:3-22 | 34:3-9, Vague/Ambiguous: compound, confusing question; Assumes facts not in evidence (Brown explains that a vehicle could be "built" in one day at the Escobedo plant but fails to state the weeks long process of inspecting and finalizing the vehicles) | Waived by lack of contemporaneous objection; the objection on its face is attempting to exclude pertinent, relevant testimony because it is harmful to Navistar's defenses. | | |

*GLS Leasco, Inc. and Central Transport, LLC v. Navistar, Inc.* , Case No. 23-cv-12927
**Plaintiffs' Deposition Designations**
Deposition of David Brown

| Plaintiffs' Designations (Page:Line) | Defendant's Objections | Plaintiffs' Responses to Defendant's Objections | Defendant's Counter-Designations (if objections not sustained in full) | Plaintiffs' Objections to Defendant's Counter-Designations |
|---|---|---|---|---|
| 36:10-23 | 36:10-15, Vague/Ambiguous: confusing question; Assumes facts not in evidence: Brown speculates that about 300 "heavy" trucks could be built in a day at the Escobedo plant | Waived by lack of contemporaneous objection; witness has personal knowledge to estimate number of trucks built in a plant when his duties involve assisting with order board and production issues. Objection, on its face, openly seeks to exclude pertinent, relevant testimony because it is harmful to Navistar's defenses. | | |
| 54:6-14 | 54:15, FRE 402 - Relevance; Incomplete: fails to include Brown's answer to the question; Foundation and hearsay: exhibit not on Ps exhibit list (Ex. 225, NAV00133099) | Exhibit objection waived. Navistar's documents produced in this litigation are not hearsay. This designation merely identifies the exhibit that is being discussed later. | **54:12-15** | Will include 54:15. |
| 55:8-16 | 55:8-14, FRE 402 - Relevance: Brown does not answer any questions in the cited lines of page 55; Foundation and hearsay: exhibit not on Ps exhibit list (Ex. 225, NAV00133099) | This clip is intended to identify the document that is being discussed in subsequent clips. It is a necessary foundational piece of testimony to introduce the exhibit that the special master has ruled should be admitted. | | |
| 56:17-58:5 | 57:13-19. Vague/Ambiguous: confusing questions; Foundation and hearsay: exhibit not on Ps exhibit list (Ex. 225, NAV00133099): Relevancy | Form objections waived by lack of contemporaneous objection. Navistar documents are not hearsay. Brown admits he has knowledge of order board documents, which are unambiguously relevant. | **56:17-57:10** | This was already designated by Plaintiffs. |
| 58:18-22 | Foundation and hearsay: exhibit not on Ps exhibit list (No Ex. #,cited on record as NAV00133105); 58:18-22, FRE 402 - Relevance: no testimony | Another clip meant to identify the exhibit being discussed on the record--an exhibit the special master held should be admitted. | | |

*GLS Leasco, Inc. and Central Transport, LLC v. Navistar, Inc.* , Case No. 23-cv-12927
**Plaintiffs' Deposition Designations**
Deposition of David Brown

| Plaintiffs' Designations (Page:Line) | Defendant's Objections | Plaintiffs' Responses to Defendant's Objections | Defendant's Counter-Designations (if objections not sustained in full) | Plaintiffs' Objections to Defendant's Counter-Designations |
|---|---|---|---|---|
| 59:12-19 | Foundation and hearsay: exhibit not on Ps exhibit list (No Ex. #,cited on record as NAV00133105); Incomplete (fails to include Brown's doubt regarding Plaintiffs' interpretation of the spreadsheet) | See above - Brown has knowledge of order boards. Not "incomplete" - that is distinct question not pertinent to examination. Clip identified to make clear to jury how document was sorted, in advance of subsequent questions on same | **59:20-60:9** | Non-pertinent; distinct question not appropriately designated under 106. Hearsay when offered by Navistar |
| 62:12-63:17 | Foundation and hearsay: exhibit not on Ps exhibit list (No Ex. #,cited on record as NAV00133105); 63:8-11, Vague/Ambiguous: confusing question | Same as above. Form objection waived by lack of contemporaneous objection. | **62:12-63:4** | This is already designated by Plaintiffs |
| 63:21-64:13 | Assumes facts not in evidence in question ("this was not an ordinary assignment"?) | Form objection waived by lack of contemporaneous objection. Witness answered the questions | | |
| 65:10-19 | 65:16-19, Vague/Ambiguous: confusing question; FRE 602 - Knowledge | Form objection waived by lack of contemporaneous objection. Plainly a foundation for the cross question (there was a contract to produce trucks) and witness answered the questions. | **65:10-16** | This is already designated by Plaintiffs |
| 68:18-69:3 | | | | |
| 73:10-74:18 | 74:1-4, Vague/Ambiguous: compound/confusing question; 73:7-18, FRE 602 - Knowledge | Form objection waived by lack of contemporaneous objection. Witness did not indicate a lack of knowledge to a single question in this sequence. | **73:10-74:6** | All already designated by plaintiffs. |
| 75:18-76:1 | Exhibit is objected to; if excluded then testimony on document should be excluded as well (Ex. 226, NAV00132595) | Moot - special master held admitted. | | |

*GLS Leasco, Inc. and Central Transport, LLC v. Navistar, Inc.* , Case No. 23-cv-12927
**Plaintiffs' Deposition Designations**
Deposition of David Brown

| Plaintiffs' Designations (Page:Line) | Defendant's Objections | Plaintiffs' Responses to Defendant's Objections | Defendant's Counter-Designations (if objections not sustained in full) | Plaintiffs' Objections to Defendant's Counter-Designations |
|---|---|---|---|---|
| 79:3-80:7 | 79:17-20, FRCP 602 - Knowledge: Asks for Chet's background and knowledge; Incomplete: fails to include Brown's testimony regarding the meaning of the exhibit being used<br><br>Exhibit is objected to; if excluded then testimony on document should be excluded as well (Ex. 226, NAV00132595) | Exhibit objection moot. Witness indicated personal knowledge of co-worker's background. Testimony not "incomplete" - the questions and answers indicated are distinct and non-pertinent to GLS's intended trial examination. | 80:7-80:25 | Not pertinent or necessary under FRE 106; hearsay when offered by Navistar. |
| 81:16-82:15 | 82:7-9, Vague/Ambiguous: Confusing question; Assumes facts not in evidence; 82:7-9, Vague/Ambiguous: Confusing question<br><br>Exhibit is objected to; if excluded then testimony on document should be excluded as well (Ex. 226, NAV00132595) | Form objections waived by lack of contemporaneous objection. Exhibit objection moot per special master | 82:9-82:15 | Already designated |
| 82:7-84:16 | Vague/Ambiguous: confusing, compound question<br><br>Exhibit is objected to; if excluded then testimony on document should be excluded as well (Ex. 226, NAV00132595) | Apart from the objection to 82:7-9, form objections waived due to lack of contemporaneous objection. 82:7-9 was not vague and witness answered "I do not recall." | 82:7-83:14 | To the extent the form objection is overruled, improper to include to jury. |

*GLS Leasco, Inc. and Central Transport, LLC v. Navistar, Inc.* , Case No. 23-cv-12927

**Plaintiffs' Deposition Designations**

Deposition of David Brown

| Plaintiffs' Designations (Page:Line) | Defendant's Objections | Plaintiffs' Responses to Defendant's Objections | Defendant's Counter-Designations (if objections not sustained in full) | Plaintiffs' Objections to Defendant's Counter-Designations |
|---|---|---|---|---|
| 84:19-85:18 | Exhibit is objected to; if excluded then testimony on document should be excluded as well (Ex. 226, NAV00132595) | Objection moot per special master | **85:18-86:16** | Already designated |
| 86:7-88:18 | Exhibit is objected to; if excluded then testimony on document should be excluded as well (Ex. 226, NAV00132595) | Objection moot per special master | | |
| 88:25-88:25 | FRE 402 - Relevance: This one line designation is completely irrelevant; Incomplete<br><br>Exhibit is objected to; if excluded then testimony on document should be excluded as well (Ex. 226, NAV00132595) | Exhibit objection moot. The one line designation is the start of the question that the witness interrupted. Will not object to adding 89:1-89:5 if Navistar wants the cross-talk played. | | |
| 89:6-92:5 | 91:3-5, Vague/Ambiguous: confusing, compound question; 90:3-23 FRE 602 - Knowledge<br><br>Exhibit is objected to; if excluded then testimony on document should be excluded as well (Ex. 226, NAV00132595) | Form objections waived by lack of contemporaneous objections. Witness is being asked of his interpretation of what he was told to do by the witnesses; he has knowledge of his own understandings. Exhibit objection moot. | **92:6-92:19** | Inappropriate to designate attorney cross-talk and objections to a question (92:2-5) that Navistar does not object to in this document. 92:18-19 is already designated as the answer to the non-objected to question |
| 92:18-19 | 92:2-19, Incomplete<br><br>Exhibit is objected to; if excluded then testimony on document should be excluded as well (Ex. 226, NAV00132595) | See above. This is the answer to the question at 92:2-5, that Navistar does not object to in this document. Objection to the exhibit moot. | | |

*GLS Leasco, Inc. and Central Transport, LLC v. Navistar, Inc.* , Case No. 23-cv-12927
**Plaintiffs' Deposition Designations**
Deposition of David Brown

| Plaintiffs' Designations (Page:Line) | Defendant's Objections | Plaintiffs' Responses to Defendant's Objections | Defendant's Counter-Designations (if objections not sustained in full) | Plaintiffs' Objections to Defendant's Counter-Designations |
|---|---|---|---|---|
| 92:23-93:24 | Incomplete: fails to include original question and objectiosn; 93:7-15, FRE 602 - Knowledge<br><br>Exhibit is objected to; if excluded then testimony on document should be excluded as well (Ex. 226, NAV00132595) | Will include 92:20-22 even though it's filler and not the question. | 92:2-22 | See above. Inappropriate inclusion of cross-talk and objections that are not revived in this document. |
| 94:11-16 | 94:11-14, Incomplete; Form/foundation: asks Brown to speculate regarding "placeholders" on the order board<br><br>Exhibit is objected to; if excluded then testimony on document should be excluded as well (Ex. 226, NAV00132595) | The question objecting to "speculation" is not included. This question was not contemporaneously objected to as speculative and witness indicated his knowledge of the distinct question asked here. Exhibit objection moot | 93:25-94:10 | Inappropriate to designate testimony reflecting question that was objected to, leading to contemporaneous reformation. |
| 94:24-95:10 | 94:15-16, Incomplete<br><br>Exhibit is objected to; if excluded then testimony on document should be excluded as well (Ex. 226, NAV00132595) | Exhibit objection moot. 94:15-16 is a complete question and answer. | 95:10-16 | This is a distinct question/answer set, what is omitted is the objection. Inappropriate to include objection that is not sustained. |

*GLS Leasco, Inc. and Central Transport, LLC v. Navistar, Inc.* , Case No. 23-cv-12927
**Plaintiffs' Deposition Designations**
Deposition of David Brown

| Plaintiffs' Designations (Page:Line) | Defendant's Objections | Plaintiffs' Responses to Defendant's Objections | Defendant's Counter-Designations (if objections not sustained in full) | Plaintiffs' Objections to Defendant's Counter-Designations |
|---|---|---|---|---|
| 95:15-20 | 96:1-3, fails to include the entirety of Brown's answer regarding the dealers placing order on page 96 lines 1 through 3<br><br>Exhibit is objected to; if excluded then testimony on document should be excluded as well (Ex. 226, NAV00132595) | 96:1-3 is a distinct question and answer set that was not designated. | **95:21-96:3** | Not pertinent or necessary under FRE 106; hearsay when offered by Navistar. |
| 96:4-6 | 96:9, Incomplete: fails to include Brown's actual answer<br><br>Exhibit is objected to; if excluded then testimony on document should be excluded as well (Ex. 226, NAV00132595) | The question is 96:4-6 and the answer is 96:9 and both are designated. Exhibit objection moot. | **96:6-9** | Designation of objection (that is no longer raised in this document) is inappropriate. |
| 96:9-98:4 | Exhibit is objected to; if excluded then testimony on document should be excluded as well (Ex. 226, NAV00132595) | Exhibit objection moot. | | |
| 113:20-114:21 | 114:4-11, FRE 602 - Knowledge: Asks for information regarding Roman Lewinsky and James, including their role and work location | Witness literally expressed his knowledge of colleagues' work location. | | |
| 114:25-115:24 | 115:17-18, Form/foundation: speculation, Brown says that Ex. 229 was "probably" worked on toward the end of the year | Objection waived by lack of contemporaneous objection. Witness's testimony as to what was "probable" is not speculation. Inference from his knowledge | | |

*GLS Leasco, Inc. and Central Transport, LLC v. Navistar, Inc.* , Case No. 23-cv-12927
**Plaintiffs' Deposition Designations**
Deposition of David Brown

| Plaintiffs' Designations (Page:Line) | Defendant's Objections | Plaintiffs' Responses to Defendant's Objections | Defendant's Counter-Designations (if objections not sustained in full) | Plaintiffs' Objections to Defendant's Counter-Designations |
|---|---|---|---|---|
| 117:25-120:18 | 119:7-19, Form/foundation: speculation, Brown testifies that he believes the "SPA" listed on Ex. 229 is "most likely" the average for the reasons; Assumes facts not in evidence | Form objection waived by lack of contemporaneous objection; witness literally expresses his personal knowledge and understanding of what document reflects. Inference from knowledge is not speculative. | | |
| 122:13-18 | | | | |
| 123:20-126:7 | Incomplete: fails to include the rest of Brown's testimony regarding program and stock customers | There is nothing incomplete. The designated testimony are all complete question and answer sets. | **126:8-16** | Non-pertinent; distinct question not appropriately designated under 106. Hearsay when offered by Navistar |
| 132:11-133:1 | Incomplete: fails to include Brown's full response; 132:22-24, Assumes facts not in evidence | There is nothing incomplete. The designated testimony are all complete question and answer sets. No contemporaneous objection on "assumes facts not in evidence" and the fact at issue-- a Navistar document--was identified by the witness who identified what it was. | **133:2-15** | |
| 133:10-15 | 133:7-15, Vague/ambiguous: confusing questions and cross talk starting | Objection waived by lack of contemporaneous objection. There is nothing vague or ambiguous; witness understood and answered. | | |
| 139:21-140:7 | 130:22-23, Form/foundation: speculation and mistates prior testimony | Form objections waived by lack of contemporaneous objection; witness did not speculate and gave answers to questions. | | |

*GLS Leasco, Inc. and Central Transport, LLC v. Navistar, Inc.* , Case No. 23-cv-12927
**Plaintiffs' Deposition Designations**
Deposition of David Brown

| Plaintiffs' Designations (Page:Line) | Defendant's Objections | Plaintiffs' Responses to Defendant's Objections | Defendant's Counter-Designations (if objections not sustained in full) | Plaintiffs' Objections to Defendant's Counter-Designations |
|---|---|---|---|---|
| 140:19-141:1 | FRE 402 - Relevance: this testimony just introduced Exhibit 232 (NAV00132187) which is on Plaintiff's trial exhibti list and not contested | Exhibit objection moot. Identification of exhibit that is then discussed is not "irrelevant" it is basic foundation. | | |
| 141:7-18 | 142:7-11, Vague/ambiguous: confusing questions | 142:7-11 is not even designated. Any form objections to 141:7-11 would be waived due to lack of contemporaneous objections. | | |
| 142:18-144:20 | | | | |
| 145:13-146:5 | 145:21-25 - Assumes facts not in eviednce; compound questions | Form objections waived by lack of contemporaneous objection. Cross-exam questions that the witness answers do not "assume facts not in evidence," they elicit evidence. | **146:6-147:1** | Non-pertinent; distinct question not appropriately designated under 106. Hearsay when offered by Navistar |
| 175:1-2 | FRE 402 - Relevance: only introduces exhibit, not testimony: "·(Deposition Exhibit 239 was marked · · ·for identification.)" | No testimony will even play with this clip; it is simply to make clear to the parties and court what exhibit is being discussed when questioning starts at 175:12-15. | | |
| 175:12-15 | FRE 402 - Relevance: no testimony, only Plaintiffs explaining Ex. 239 "·For the record, the attachment there · · ·is -- the parent document is NAV00059270, · · ·and the attachment is NAV00059273.· So just · · ·attach that to 239, Exhibit 239." | This is merely identifying the exhibit that the attorney and witness subsequently discuss. It is necessary foundation. | | |

*GLS Leasco, Inc. and Central Transport, LLC v. Navistar, Inc.* , Case No. 23-cv-12927
**Plaintiffs' Deposition Designations**
Deposition of David Brown

| Plaintiffs' Designations (Page:Line) | Defendant's Objections | Plaintiffs' Responses to Defendant's Objections | Defendant's Counter-Designations (if objections not sustained in full) | Plaintiffs' Objections to Defendant's Counter-Designations |
|---|---|---|---|---|
| 175:24-180:5 | 176:3-6, 177:21-178:1 -- FRE 602 - Knowledge; Vague/Ambiguous; Assumes facts not in evidence; Incomplete: fails to include Brown's explanation 180:7-11 | | **180:6-11** | |
| | | | | |
| 180:12-191:9 | 182:1-5; 182:15-183:11; 191:3-5; 190:10-12 - Vague/Ambiguous: compound, confusing questions; Assumes facts in evidence; Misstates testimony; Incomplete: leaves out the remaining testimony and objections on 191 | Form objections waived due to lack of contemporaneous objections. | **191:10-16** | This is a form objection that is not revived by Navistar's additional objections in Column C. Inappropriate to include waived objections in a clip to jury. |
| | | | | |
| 191:16--191:16 | Incomplete: this is Brown's answer without context or objections | This is the answer after the waived objection (see above at Row 59 Col. F) | | |
| 192:22-195:15 | 194:3-8, 194:9-18 - Vague/Ambiguous: compound, confusing questions; Incomplete: fails to include Brown's final explanation regarding the 1,500 allocation | Form objections waived due to lack of contemporaneous objections. There is nothing incomplete; the entire run here are complete questions and answers. | **195:16-24** | Distinct question that elicited non-pertinent answer; inappropriate under Rule 106 and hearsay if offered by Navistar. |
| 197:3-14 | 197: 8-13 - Form/Foundation: speculation; Incomplete: fails to include the rest of Brown's testimony; FRE 602 - Knowledge: asks questions outside of Brown's knowledge | Form objections waived by lack of contempraneous objection; Brown's alleged lack of knowledge on topics he reasonably should know given his position is highly relevant by itself. | **197:15-25** | No objection |
| | | | | |
| | | | | |
| 201:10-13 | Incomplete: only states Plainitffs' question, not testimony and leaves out objections | The answer is at 201:22-23 which is included. | **201:14-23** | No objection. |

*GLS Leasco, Inc. and Central Transport, LLC v. Navistar, Inc.*, Case No. 23-cv-12927

**Plaintiffs' Deposition Designations**

Deposition of David Brown

| Plaintiffs' Designations (Page:Line) | Defendant's Objections | Plaintiffs' Responses to Defendant's Objections | Defendant's Counter-Designations (if objections not sustained in full) | Plaintiffs' Objections to Defendant's Counter-Designations |
|---|---|---|---|---|
| 201:22-202:15 | 201:24-25: Argumentative, and asserts facts contrary to evidence, "Mostly. Now it's mostly."; Incomplete: fails to include Brown's follow-up reasoning and conclusions | Objection waived by lack of contemporaneous objection. "Mostly" was Brown's own testimony. There is nothing "incomplete" the pull is complete question and answer sets. | 202:16-203:6 | "Counter designation" is non-responsive to a pending question, distinct from selected material, inappropriate under Rule 106 and hearsay if offered by Navistar. |
| 208:1-6 | 208:4-6: Vague/ambiguous: confusing question; Incomplete: fails to include objections and ultimate answer to the question "So, Mr. Brown, who told you to come in here and say that the cuts were proportional?· Did somebody tell you to -- to testify that way?" | Form objections waived by lack of contemporaneous objection (which was "asked and answered," an inappropriate objection in general and not revived here).Objections that are waived should not be played to a jury. The "ultimate answer" to the question identified here is plainly included (209:7) | | |
| 208:14-209:14 | 209:3-6: Argumentative, and asserts facts contrary to evidence, including that someone "told" Brown to "say that the cuts were proportional" | Form objections waived by lack of contemporaneous objections. Cross-examination questions are permitted to be pointed and witness's demeanor in response to a question seeking to elicit the reason for a hostile witness's evasive answers and non-sequitur interjections is highly pertinent to witness credibility. | | |
| 210:5-14 | Incomplete: fails to include objections and Plaintiffs argumentative language | Same as above. The deposition selections here are all complete question-answer sets. | 209:15-210:4 | Inappropriate to include lawyer objections that are waived. |
| 211:9-212:15 | Incomplete: fails to include Brown's full response | The deposition pulls here are all complete question and answer sets | 212:16-19 | 212:16-17 is the Court reporter asking to have her volume turned up. 212:18-19 is included already. |
| 212:18-213:3 | | | | |

*GLS Leasco, Inc. and Central Transport, LLC v. Navistar, Inc.* , Case No. 23-cv-12927
**Plaintiffs' Deposition Designations**
Deposition of David Brown

| Plaintiffs' Designations (Page:Line) | Defendant's Objections | Plaintiffs' Responses to Defendant's Objections | Defendant's Counter-Designations (if objections not sustained in full) | Plaintiffs' Objections to Defendant's Counter-Designations |
|---|---|---|---|---|
| 214:6-16 | Incomplete: fails to include Brown's full response | These are complete question and answer sets. Nothing incomplete. | 214:17-18 | "counter designation" is a witness interjection not in response to a pending question and inappropriate under FRE 106. Hearsay if offered by Navistar |
| 215:2-7 | Incomplete: fails to include Brown's full response | This is merely the question; the answer is designated as well (215:10-11) | 215:8-9 | Attorney's objection (not revived in this document) is not properly shown to jury. |
| 215:10-11 | | | | |
| 215:13-20 | Incomplete: fails to include objections | Improper to include objections that are not revived in this document | 215:21-21 | Same - objections should not be shown to jury. |
| 215:22-24 | | | | |
| 218:25-219:3 | Incomplete: fails to include objections | Improper to include objections that are not revived in this document | 219:4-6 | Objections not properly shown to jury. |
| 219:7-13 | | | | |
| 221:21-223:13 | | | | |
| 224:2-225:8 | 224:24-225:3, form - vague, ambiguous | Form objections waived as they were not contemporaneously made | | |
| 225:23-25 | FRE 402 - Revelancy: this just instruducing Ex. 245, no testimony | Yes, introducing an exhibit is necessary foundation for the jury to understand the subsequent questions regarding that exhibit. | | |
| 227:7-230:10 | | | | |
| 231:7-25 | FRE 402 - Revelancy: this just instruducing Ex. 246 | Yes, introducing an exhibit is necessary foundation for the jury to understand the subsequent questions regarding that exhibit. | | |
| 234:24-235:8 | 234:24-235:3, form - vague, ambiguous, compound and confusing questions | Form objections waived due to lack of contemporaneous objections | | |

*GLS Leasco, Inc. and Central Transport, LLC v. Navistar, Inc.* , Case No. 23-cv-12927
**Plaintiffs' Deposition Designations**
Deposition of David Brown

| Plaintiffs' Designations (Page:Line) | Defendant's Objections | Plaintiffs' Responses to Defendant's Objections | Defendant's Counter-Designations (if objections not sustained in full) | Plaintiffs' Objections to Defendant's Counter-Designations |
|---|---|---|---|---|
| 258:12-16 | Incomplete: fails to include full answer; 258:12-15, form - vague, ambiguous, compound and confusing questions | This is a complete question and answer. Form objections waived due to lack of contemporaneous objection. | **258:17-259:4** | This is not pertinent to the question that GLS selected for the deposition under FRE 106. Hearsay if offered by Navistar. |
| 259:6-261:22 | 259:6-9, 259:11-13, FRE 602, form -- vague, foundation | Form objections waived due to lack of contemporaneous objections. Witness indicated his personal knowledge by answering the questions asked. | **259:5-21; 234:24-235:20** | 259:5 we will add. 259:6-21 is already included. Portions of the transcript from 20 pages earlier is plainly not pertinent to the questions being asked and is inappropriate under FRE 106. Hearsay if offered by Navistar. |
| 262:23-263:3 | 262:23-263:3, form -- vague ambiguous | Witness specifically asked if he understood the question and stated he did; objection not contemporaneously revived (263:4-10) | **263:4-5** | Inappropriate to add objection. If this is added, 263:4-10 should be included so jury sees witness indicating he understood question despite the lawyer objection. |
| 263:11-18 | 263:11-15, form -- vague, ambiguous and calls for speculation | Form objections waived by lack of contemporaneous objection | | |
| 263:25-265:1 | 264:21-265:1, FRE 602, form -- foundation | No problem with form of the question, witness did not express any lack of understanding. | | |
| 265:4-25 | 265:15-17, form -- vague | No contemporaneous objection on "vagueness" made, witness did not express confusion with the question and then it was clarified and answered again without objection (264:21-265:8) | **265:2-3** | Inappropriate to designate objection |

*GLS Leasco, Inc. and Central Transport, LLC v. Navistar, Inc.*, Case No. 23-cv-12927
**Plaintiffs' Deposition Designations**
Deposition of David Brown

| Plaintiffs' Designations (Page:Line) | Defendant's Objections | Plaintiffs' Responses to Defendant's Objections | Defendant's Counter-Designations (if objections not sustained in full) | Plaintiffs' Objections to Defendant's Counter-Designations |
|---|---|---|---|---|
| 266:25-267:21 | exhibit is objected to; if excluded then testimony on document should be excluded as well | Exhibit objection moot per special master. | | |
| 268:13-273:3 | 270:20-22, 271:23-272:4, FRE 602, form -- foundation; 272:12-272:15, form -- assumes facts not in evidence | Objections waived due to lack of contemporaneous objections. Witness answered all questions, expressing his knowledge and understanding of documents he worked on within the scope of his duteis. The objections are baseless. | | |
| 279:7-16 | exhibit is objected to; if excluded then testimony on document should be excluded as well | Exhibit objection moot per special master. | | |
| 284:2-12 | | | | |
| 284:18-285:21 | exhibit is objected to; if excluded then testimony on document should be excluded as well | Moot per special master | **285:22-287:11** | Non-pertinent to deposition selections; inappropriate under FRE 106 and hearsay if offered by Navistar |
| 289:10-291:14 | exhibit is objected to; if excluded then testimony on document should be excluded as well | Moot per special master | | |
| 291:21-292:13 | 292:2-12, FRE 602, form -- foundation | Objections waived due to lack of contemporaneous objections. "Foundation" was presentation of document witness was familiar with and could answer questions about. Meritless objections | | |

*GLS Leasco, Inc. and Central Transport, LLC v. Navistar, Inc.* , Case No. 23-cv-12927

**Plaintiffs' Deposition Designations**

Deposition of David Brown

| Plaintiffs' Designations (Page:Line) | Defendant's Objections | Plaintiffs' Responses to Defendant's Objections | Defendant's Counter-Designations (if objections not sustained in full) | Plaintiffs' Objections to Defendant's Counter-Designations |
|---|---|---|---|---|
| 293:9-12 | 293:9-11, FRE 602, form -- foundation | Objections waived due to lack of contemporaneous objections; question literally asked witness to answer based on his knowledge, for which he has foundation to answer. | | |
| 296:4-12 | 296:4-12, form -- calls for speculation | No such contemporaneous objection raised; witness was asked whether or not he had knowledge which is a question he can answer without speculating. | | |
| 296:17-22 | | | | |
| 297:5-12 | | | | |
| 297:15-298:15 | 297:19-22, 298:6-9, FRE 602, form -- foundation, calls for speculation | Objections waived due to lack of contemporaneous objection. All questions asked witness of extent of his knowledge; witness's knowledge or lack thereof is not speculation. | | |

*GLS Leasco, Inc. and Central Transport, LLC v. Navistar, Inc.* , Case No. 23-cv-12927
**Plaintiffs' Deposition Designations**
Deposition of Maria Averhart

Navistar objects to Plaintiffs' designations of Maria Averhart as she will be appearing live for trial and therefore any designations are cumulative and impermissible under FRCP 32. Plaintiffs respond that they are permitted to use a party-opponent's deposition for all purposes under Fed. R. Civ. P. 32 and her deposition transcript is not hearsay under Fed. R. Evid. 801. Further, Averhart is not "available" to Plaintiffs through the subpoena power and there is no Court order compelling her attendance.

| Plaintiffs' Designations (Page:Line) | Defendant's Objections | Plaintiffs' Responses to Defendant's Objections | Defendant's Counter-Designations (if objections not sustained in full) | Plaintiffs' Objections to Defendant's Counter-Designations |
|---|---|---|---|---|
| 8:14-21 | | | | |
| 13:7-13 | | | | |
| 18:12-19:23 | | | | |
| 20:9-21:1 | | | | |
| 21:1-24 | | | | |
| 21:13-24:1 | 23:21 - 24, Form -- vague, ambiguous | Question was "do you know why you were copied on these documents" and witness understood and answered. Not vague or ambiguous | 24:2 - 24:5 | Inappropriate to show jury overruled/waived objections |
| 24:6-25:6 | | | | |
| 30:13-31:5 | | | 31:7 - 33:9 | Navistar did not make an objection to the deposition selection here; counter-designations are inappropriate under FRE 106 and hearsay if offered by Navistar |
| 34:1-13 | 34:6-11 -- form, vague, ambiguous, compound and confusing question | Objection waived by lack of contemporaneous objection | | |
| 35:2-18 | | | 35:19 -36:4 | Navistar did not make an objection to the deposition selection here; counter-designations are inappropriate under FRE 106 and hearsay if offered by Navistar |
| 36:5-9 | | | | |

*GLS Leasco, Inc. and Central Transport, LLC v. Navistar, Inc.*, Case No. 23-cv-12927
**Plaintiffs' Deposition Designations**
Deposition of Maria Averhart

Navistar objects to Plaintiffs' designations of Maria Averhart as she will be appearing live for trial and therefore any designations are cumulative and impermissible under FRCP 32. Plaintiffs respond that they are permitted to use a party-opponent's deposition for all purposes under Fed. R. Civ. P. 32 and her deposition transcript is not hearsay under Fed. R. Evid. 801. Further, Averhart is not "available" to Plaintiffs through the subpoena power and there is no Court order compelling her attendance.

| Plaintiffs' Designations (Page:Line) | Defendant's Objections | Plaintiffs' Responses to Defendant's Objections | Defendant's Counter-Designations (if objections not sustained in full) | Plaintiffs' Objections to Defendant's Counter-Designations |
|---|---|---|---|---|
| 49:16-22 | 49:16 -18, FRE 602, form -- speculation | Witness specifically asked "to your knowledge." On its face, the question disclaimed a call for speculation. | 49:23 - 50-14 | Non-pertinent back and forth including attorney objections. Inappropriate under Rule 106 and hearsay if offered by Navistar |
| 50:15-23 | | | | |
| 51:7-12 | | | 51:13 - 53:1 | Navistar did not make an objection to the deposition selection here; counter-designations are inappropriate under FRE 106 and hearsay if offered by Navistar |
| 54:10-16 | 54:10 - 16, form -- speculation, vague | Witness clearly understood and answered question, and testimony established that questions about truck delivery were explicitly within her knowledge base. | 54:17-18 | Inappropriate to show jury overruled/waived objections |
| 54:19-55:8 | 55:3 - 8, form -- speculation, vague | Witness clearly understood and answered question, and testimony established that questions about truck delivery were explicitly within her knowledge base. | 55:9 - 55:9 | Inappropriate to show jury overruled/waived objections |
| 55:10-21 | 55:16 - 18, form -- speculation, vague | Witness clearly understood and answered question, and testimony established that questions about truck delivery were explicitly within her knowledge base. | | |

*GLS Leasco, Inc. and Central Transport, LLC v. Navistar, Inc.*, Case No. 23-cv-12927
**Plaintiffs' Deposition Designations**
Deposition of Maria Averhart

Navistar objects to Plaintiffs' designations of Maria Averhart as she will be appearing live for trial and therefore any designations are cumulative and impermissible under FRCP 32. Plaintiffs respond that they are permitted to use a party-opponent's deposition for all purposes under Fed. R. Civ. P. 32 and her deposition transcript is not hearsay under Fed. R. Evid. 801. Further, Averhart is not "available" to Plaintiffs through the subpoena power and there is no Court order compelling her attendance.

| Plaintiffs' Designations (Page:Line) | Defendant's Objections | Plaintiffs' Responses to Defendant's Objections | Defendant's Counter-Designations (if objections not sustained in full) | Plaintiffs' Objections to Defendant's Counter-Designations |
|---|---|---|---|---|
| 56:3-16 | | | | |
| 57:18-59:3 | 58:20 - 59:2, form -- hearsay | Form objections waived by lack of contemporaneous objection. Statement by a Navistar employee is non-hearsay. | 59:4-60:6 | Hearsay if offered by Navistar. Non-pertinent and inappropriate under FRE 106 |
| 60:8-12 | Form -- vague, speculation | The question was not remotely vague, the witness established that this information central to her duties. Witness understood and answered. | 60:13 - 14 | Inappropriate to show jury overruled/waived objections |
| 60:15-17 | Form -- vague, speculation | Form objections waived by lack of contemporaneous objection. See also above - witness understood question which is within the core of her job duties. | 60:18 - 61:9 | Hearsay if offered by Navistar. Non-pertinent and inappropriate under FRE 106 |
| 61:10-13 | | | | |
| 62:4-12 | | | 61:14-62:3 | Navistar did not make an objection to the deposition selection here; counter-designations are inappropriate under FRE 106 and hearsay if offered by Navistar |
| 63:21-64:9 | 63:21-22, form -- speculation | Form objections waived by lack of contemporaneous objections. See also above - witness understood, question goes to core job knowledge of witness | 62:13 - 63:20 | Hearsay if offered by Navistar. Non-pertinent and inappropriate under FRE 106 |

*GLS Leasco, Inc. and Central Transport, LLC v. Navistar, Inc.* , Case No. 23-cv-12927
**Plaintiffs' Deposition Designations**
Deposition of Maria Averhart

Navistar objects to Plaintiffs' designations of Maria Averhart as she will be appearing live for trial and therefore any designations are cumulative and impermissible under FRCP 32. Plaintiffs respond that they are permitted to use a party-opponent's deposition for all purposes under Fed. R. Civ. P. 32 and her deposition transcript is not hearsay under Fed. R. Evid. 801. Further, Averhart is not "available" to Plaintiffs through the subpoena power and there is no Court order compelling her attendance.

| Plaintiffs' Designations (Page:Line) | Defendant's Objections | Plaintiffs' Responses to Defendant's Objections | Defendant's Counter-Designations (if objections not sustained in full) | Plaintiffs' Objections to Defendant's Counter-Designations |
|---|---|---|---|---|
| 64:15-65:23 | 65:1-7, form -- hearsay | Form objection waived by lack of contemporaneous objection. Question literally asked witness to explain her own statement to her own subordinate, not hearsay. | 64:10 - 14, 65:24 - 66:22 | Hearsay if offered by Navistar. Non-pertinent and inappropriate under FRE 106 |
| 70:10-71:5 | | | | |
| 73:16-75:1 | | | | |
| 80:17-81:16 | | | 82:23 - 83:22 | Navistar did not make an objection to the deposition selection here; counter-designations are inappropriate under FRE 106 and hearsay if offered by Navistar |
| 87:6-89:5 | 87:6-19, FRE 602, form -- foundation | Form objections waived by lack of contemporaneous objections. Witness literally stated she was familiar with document at issue (which was produced by Navistar) | | |
| 89:14-19 | | | 89:20 - 90:18 | Navistar did not make an objection to the deposition selection here; counter-designations are inappropriate under FRE 106 and hearsay if offered by Navistar |
| 97:1-5 | Form -- vague, ambiguous | Form objections waived by lack of contemporaneous objections. | | |

*GLS Leasco, Inc. and Central Transport, LLC v. Navistar, Inc.* , Case No. 23-cv-12927
**Plaintiffs' Deposition Designations**
Deposition of Maria Averhart

Navistar objects to Plaintiffs' designations of Maria Averhart as she will be appearing live for trial and therefore any designations are cumulative and impermissible under FRCP 32. Plaintiffs respond that they are permitted to use a party-opponent's deposition for all purposes under Fed. R. Civ. P. 32 and her deposition transcript is not hearsay under Fed. R. Evid. 801. Further, Averhart is not "available" to Plaintiffs through the subpoena power and there is no Court order compelling her attendance.

| Plaintiffs' Designations (Page:Line) | Defendant's Objections | Plaintiffs' Responses to Defendant's Objections | Defendant's Counter-Designations (if objections not sustained in full) | Plaintiffs' Objections to Defendant's Counter-Designations |
|---|---|---|---|---|
| 97:12-99:1 | 98:3-9, FRE 602 | Form objections waived by lack of contemporaneous objections | **99:2 - 12** | Hearsay if offered by Navistar. Non-pertinent and inappropriate under FRE 106 |
| 99:13-18 | 99:13 - 15, FRE 602, form -- vague | Form objections waived by lack of contemporaneous objections | | |
| 115:13-18 | Form - vague, ambiguous | Form objections waived by lack of contemporaneous objections | | |
| 116:2-117:1 | | | **117:22 - 118:17** | Navistar did not make an objection to the deposition selection here; counter-designations are inappropriate under FRE 106 and hearsay if offered by Navistar |
| 117:10-21 | | | | |
| 118:18-119:2 | | | | |
| 119:22-121:6 | 120:16-19, FRE 402, relevance | Navistar's ability to reallocate production to certain customers is obviously relevant to a case where a primary issue is Navistar's failure to allocate production to Plaintiffs in order to fulfill their contractual obligations. | | |
| 121:19-122:14 | | | **122:15-20** | Navistar did not make an objection to the deposition selection here; counter-designations are inappropriate under FRE 106 and hearsay if offered by Navistar |

*GLS Leasco, Inc. and Central Transport, LLC v. Navistar, Inc.*, Case No. 23-cv-12927
**Plaintiffs' Deposition Designations**
Deposition of Maria Averhart

Navistar objects to Plaintiffs' designations of Maria Averhart as she will be appearing live for trial and therefore any designations are cumulative and impermissible under FRCP 32. Plaintiffs respond that they are permitted to use a party-opponent's deposition for all purposes under Fed. R. Civ. P. 32 and her deposition transcript is not hearsay under Fed. R. Evid. 801. Further, Averhart is not "available" to Plaintiffs through the subpoena power and there is no Court order compelling her attendance.

| Plaintiffs' Designations (Page:Line) | Defendant's Objections | Plaintiffs' Responses to Defendant's Objections | Defendant's Counter-Designations (if objections not sustained in full) | Plaintiffs' Objections to Defendant's Counter-Designations |
|---|---|---|---|---|
| 122:21--23 | | | | |
| 123:15-124:16 | 124:6-7, FRE 602, form -- speculation as to what Mike Garcia was doing | Form objections waived by lack of contemporaneous objections. Witness not asked to speculate; witness asked to interpret a colleague's request; her own beliefs and feelings are not speculative. | 124:17 - 126:1 | Hearsay if offered by Navistar. Non-pertinent and inappropriate under FRE 106 |
| 126:5-11 | | | 126:12 - 127:1 | Navistar did not make an objection to the deposition selection here; counter-designations are inappropriate under FRE 106 and hearsay if offered by Navistar |
| 127:2-16 | 127:14-16, FRE 602, form -- foundation | Witness asked to testify as to her own knowledge and understood question. No form issue. As to foundation, Averhart held a high-level management position involving truck production and delivery. Question asked her to testify as to her knowledge as to who could alter truck production and delivery. There is implicit foundation to ask a witness what facts she knows. | | |
| 127:19-128:5 | 127:22 - 128:4, FRE form - vague, calls for speculatiojn | Form objections waived due to lack of contemporaneous objections. | | |

*GLS Leasco, Inc. and Central Transport, LLC v. Navistar, Inc.* , Case No. 23-cv-12927

**Plaintiffs' Deposition Designations**

Deposition of Maria Averhart

Navistar objects to Plaintiffs' designations of Maria Averhart as she will be appearing live for trial and therefore any designations are cumulative and impermissible under FRCP 32. Plaintiffs respond that they are permitted to use a party-opponent's deposition for all purposes under Fed. R. Civ. P. 32 and her deposition transcript is not hearsay under Fed. R. Evid. 801. Further, Averhart is not "available" to Plaintiffs through the subpoena power and there is no Court order compelling her attendance.

| Plaintiffs' Designations (Page:Line) | Defendant's Objections | Plaintiffs' Responses to Defendant's Objections | Defendant's Counter-Designations (if objections not sustained in full) | Plaintiffs' Objections to Defendant's Counter-Designations |
|---|---|---|---|---|
| 129:11-12 | | | **129:18-22** | Navistar did not make an objection to the deposition selection here; counter-designations are inappropriate under FRE 106 and hearsay if offered by Navistar |
| 129:23-130:16 | | | | |
| 131:12-132:5 | | | | |
| 132:13-133:3 | 132:13-19 - form -- hearsay | Form objections waived due to lack of contemporaneous objections. Statements from Navistar employees/agents not hearsay | **133:4-22** | |
| 135:14-136:14 | | | | |
| 137:1-13 | | | | |
| 137:22-138:16 | | | | |
| 141:14-142:2 | | | | |
| 145:20-146:19 | 146:11-18 - form -- hearsay | Form objections waived due to lack of contemporaneous objections. Lollis is an agent of Navistar whose statements are not hearsay. | | |
| 147:9-147:9 | | | | |
| 147:21-148:3 | | | | |

Page 8

*GLS Leasco, Inc. and Central Transport, LLC v. Navistar, Inc.*, Case No. 23-cv-12927
**Plaintiffs' Deposition Designations**
Deposition of Maria Averhart

Navistar objects to Plaintiffs' designations of Maria Averhart as she will be appearing live for trial and therefore any designations are cumulative and impermissible under FRCP 32. Plaintiffs respond that they are permitted to use a party-opponent's deposition for all purposes under Fed. R. Civ. P. 32 and her deposition transcript is not hearsay under Fed. R. Evid. 801. Further, Averhart is not "available" to Plaintiffs through the subpoena power and there is no Court order compelling her attendance.

| Plaintiffs' Designations (Page:Line) | Defendant's Objections | Plaintiffs' Responses to Defendant's Objections | Defendant's Counter-Designations (if objections not sustained in full) | Plaintiffs' Objections to Defendant's Counter-Designations |
|---|---|---|---|---|
| 154:16-155:21 | | | **155:22 - 156:11** | Navistar did not make an objection to the deposition selection here; counter-designations are inappropriate under FRE 106 and hearsay if offered by Navistar |
| 156:12-15 | | | | |
| 157:13-158:21 | 157:13 - 20, 157:22, 158:13, FRE 602, form -- hearsay | Form objections waived due to lack of contemporaneous objection. The preserved form objection did not elicit an answer; it elicited a follow-up/clarification that was not objected to. Statements of Navistar employees and agents are not hearsay. | | |
| 165:22-24 | | | | |
| 166:5-167:21 | | | **169:20 - 172:8** | Navistar did not make an objection to the deposition selection here; counter-designations are inappropriate under FRE 106 and hearsay if offered by Navistar |
| 172:20-173:24 | 173:12-15, form, speculation, omits answer to last question | Form objections waived due to lack of contemporaneous objections. | **174:1-3** | No objection to adding 174:1-12. |
| 174:13-16 | | | | |
| 181:7-14 | | | | |

*GLS Leasco, Inc. and Central Transport, LLC v. Navistar, Inc.*, Case No. 23-cv-12927
**Plaintiffs' Deposition Designations**
Deposition of Maria Averhart

Navistar objects to Plaintiffs' designations of Maria Averhart as she will be appearing live for trial and therefore any designations are cumulative and impermissible under FRCP 32. Plaintiffs respond that they are permitted to use a party-opponent's deposition for all purposes under Fed. R. Civ. P. 32 and her deposition transcript is not hearsay under Fed. R. Evid. 801. Further, Averhart is not "available" to Plaintiffs through the subpoena power and there is no Court order compelling her attendance.

| Plaintiffs' Designations (Page:Line) | Defendant's Objections | Plaintiffs' Responses to Defendant's Objections | Defendant's Counter-Designations (if objections not sustained in full) | Plaintiffs' Objections to Defendant's Counter-Designations |
|---|---|---|---|---|
| 183:1-185:8 | | | **185:9-187-16** | Navistar did not make an objection to the deposition selection here; counter-designations are inappropriate under FRE 106 and hearsay if offered by Navistar |
| 195:14-195:14 | | | | |
| 195:20-196:12 | | | | |
| 196:15-197:3 | Form - vague, ambiguous, designation stops in the middle of a question. | Form objections waived due to lack of contemporaneous objections. 197:4-5 should have been highlighted, no objection. | | |
| 197:6-199:7 | FRE 602, form, foundation as it relates to NAV00076173; Questions 198:2-3, 198:5-8, 198: 11-15, FRE 602, form -- foundation -- witness lacks knowledge and did not create document | Form objections waived by lack of contemporaneous objection. Document produced by Navistar; there is foundation to ask questions about Navistar's own document. Witness asked to confirm her knowledge of matters documented in the same, which by definition does not call for speculation. | **199:7 - 200:5** | Hearsay if offered by Navistar. Non-pertinent and inappropriate under FRE 106 |
| 220:18-19 | FRE 602, form, foundation as it relates to Dep Ex. 283; Questions 221: 10-15, FRE 602, form -- foundation -- witness lacks knowledge and did not create document | Same as above. Document is order board which witness repeatedly discussed and which are a key aspect of her duties. Form objections waived. | | |
| 221:1-15 | | | | |

*GLS Leasco, Inc. and Central Transport, LLC v. Navistar, Inc.* , Case No. 23-cv-12927
**Plaintiffs' Deposition Designations**
Deposition of Maria Averhart

Navistar objects to Plaintiffs' designations of Maria Averhart as she will be appearing live for trial and therefore any designations are cumulative and impermissible under FRCP 32. Plaintiffs respond that they are permitted to use a party-opponent's deposition for all purposes under Fed. R. Civ. P. 32 and her deposition transcript is not hearsay under Fed. R. Evid. 801. Further, Averhart is not "available" to Plaintiffs through the subpoena power and there is no Court order compelling her attendance.

| Plaintiffs' Designations (Page:Line) | Defendant's Objections | Plaintiffs' Responses to Defendant's Objections | Defendant's Counter-Designations (if objections not sustained in full) | Plaintiffs' Objections to Defendant's Counter-Designations |
|---|---|---|---|---|
| 221:18-222:21 | | | | |
| 227:12-13 | FRE 602, form, foundation as it relates to Dep. Ex. 284 | Same as above. | | |
| 227:18-23 | | | | |
| 228:13-230:9 | 229:10-15, FRE 602, form - foundation | Same as above. | | |
| 238:2-3 | FRE 602, form, foundation, hearsay as it relates to Dep. Ex. 287 | Objections waived/no contemporaneous objection. Witness was author of document. Navistar employee statements not hearsay. | | |
| 241:1-242:8 | | | | |
| 243:18-245:4 | | | **243:6-17** | Navistar did not make an objection to the deposition selection here; counter-designations are inappropriate under FRE 106 and hearsay if offered by Navistar |
| 247:4-15 | | | **245:19 - 247:3** | Navistar did not make an objection to the deposition selection here; counter-designations are inappropriate under FRE 106 and hearsay if offered by Navistar |

*GLS Leasco, Inc. and Central Transport, LLC v. Navistar, Inc.*, Case No. 23-cv-12927
**Plaintiffs' Deposition Designations**
Deposition of Maria Averhart

Navistar objects to Plaintiffs' designations of Maria Averhart as she will be appearing live for trial and therefore any designations are cumulative and impermissible under FRCP 32. Plaintiffs respond that they are permitted to use a party-opponent's deposition for all purposes under Fed. R. Civ. P. 32 and her deposition transcript is not hearsay under Fed. R. Evid. 801. Further, Averhart is not "available" to Plaintiffs through the subpoena power and there is no Court order compelling her attendance.

| Plaintiffs' Designations (Page:Line) | Defendant's Objections | Plaintiffs' Responses to Defendant's Objections | Defendant's Counter-Designations (if objections not sustained in full) | Plaintiffs' Objections to Defendant's Counter-Designations |
|---|---|---|---|---|
| 255:2-20 | | | **255:21 - 255:24** | Navistar did not make an objection to the deposition selection here; counter-designations are inappropriate under FRE 106 and hearsay if offered by Navistar |
| 256:1-12 | | | | |
| 257:8-24 | 257:17-42, form -- vague, ambiguous | Witness understood the question and answered it; neither vague nor ambiguous. | **258:1-2** | Inappropriate to show jury overruled/waived objections |
| 258:3-259:10 | 258:17-21, form -- compound question, confusing. | Objection waived/no contemporaneous objection. | | |
| 260:2-12 | 260:2-7, FRE 602, form - vague, foundation as to what "sales" would decide in hypothetical situation | Objection waived/no contemporaneous objection. Witness's answers to questions about how she understands the business to operate is not speculation | | |
| 262:17-21 | Form - vague, ambiguous | Objection waived/no contemporaneous objection. | **262:00:00** | Hearsay if offered by Navistar. Non-pertinent and inappropriate under FRE 106 |
| 263:14-264:13 | 263:14-19, form -- vague, ambiguous, assumes facts not in evidence | Objection waived/no contemporaneous objection. Witness specifies her personal knowledge of Navistar's sales telling her that certain customers' production cannot be touched / are protected. | | |

*GLS Leasco, Inc. and Central Transport, LLC v. Navistar, Inc.* , Case No. 23-cv-12927
**Plaintiffs' Deposition Designations**
Deposition of Kerri Podewell

| Plaintiffs' Designations (Page:Line) | Defendant's Objections | Plaintiffs' Responses to Defendant's Objections | Defendant's Counter-Designations (if objections not sustained in full) | Plaintiffs' Objections to Defendant's Counter-Designations |
|---|---|---|---|---|
| 10:23-25 | | | | |
| 11:1-1 | | | | |
| 11:12-17 | | | **11:24-12:21** | No objection to including |
| 13:2-5 | | | **13:6-13** | No objection to including |
| 13:25-25 | | | | |
| 14:1-11 | | | | |
| 15:1-25 | | | | |
| 16:1-24 | | | | |
| 18:2-6 | | | **18:7-18** | No objection to including |
| 18:19-25 | | | | |
| 19:1-25 | | | | |
| 20:1-18 | | | | |
| 21:5-12 | 401-402, 602 | Relevant to Navistar's knowledge of ELC taking ownership of 2023s. Question was clear and witness had no problem answering question based on her duties at Navistar. Foundationobjection waived. | | |
| 31:22-25 | | | | |
| 32:1-25 | | | | |
| 33:1-25 | | | | |
| 34:1-25 | | | | |
| 35:1-25 | | | | |
| 36:1-25 | | | | |
| 37:1-25 | | | | |
| 38:1-8 | | | | |
| 38:13-25 | | | | |
| 39:1-6 | | | | |
| 39:16-25 | | | | |

*GLS Leasco, Inc. and Central Transport, LLC v. Navistar, Inc.* , Case No. 23-cv-12927
**Plaintiffs' Deposition Designations**
Deposition of Kerri Podewell

| Plaintiffs' Designations (Page:Line) | Defendant's Objections | Plaintiffs' Responses to Defendant's Objections | Defendant's Counter-Designations (if objections not sustained in full) | Plaintiffs' Objections to Defendant's Counter-Designations |
|---|---|---|---|---|
| 40:1-5 | | | | |
| 41:19-24 | | | | |
| 43:9-25 | | | | |
| 44:1-12 | | | | |
| 44:19-25 | | | | |
| 45:1-25 | | | | |
| 46:1-25 | | | | |
| 47:1-1 | | | **47:2-48:16** | No objection to including |
| 70:5-8 | 602, the witness testified the nots were taken by others, and that she would be speculating to interpret such notes | Objection waived | **50:25-51:9; 53:16-54:20; 66:3-11;69:15-19** | Plaintiffs object to the Defendant's selections as lacking context and not providing relevant information. |
| 71:11-21 | 602, the witness testified the nots were taken by others, and that she would be speculating to interpret such notes and that she did not recal meeting | Objection waived. This selection identifies the exhibit referenced in the testimony, which will be Trial Exhibit P- 11. Witness says she is familiar with the meeting minutes and attends these meetings in her position at Navistar as VP of Central Sales Administration(see page 39). The document involves a meeting of Central Sales Admin. | **71:22-25** | This selection identifies the exhibit referenced in the testimony, which will be Trial Exhibit P- 11. Witness says she is familiar with the meeting minutes and attends these meetings in her position at Navistar as VP of Central Sales Administration(see page 39).(see page 39).  Plaintiffs object to the Defendant's selections as lacking context and not providing relevant information. |
| 72:4-25 | | | | |
| 73:1-13 | | | | |
| 77:18-25 | | | | |
| 78:20-25 | | | | |
| 79:1-7 | **Starting at 86:25;** 401-403, 601, assumes facts not in evidence | | | 86:25 et seq is not selected |
| 88:6-25 | **Starting at 86:25;** 401-403, 601, assumes facts not in evidence | | | 86:25 et seq. is not selected |

*GLS Leasco, Inc. and Central Transport, LLC v. Navistar, Inc.*, Case No. 23-cv-12927
**Plaintiffs' Deposition Designations**
Deposition of Kerri Podewell

| Plaintiffs' Designations (Page:Line) | Defendant's Objections | Plaintiffs' Responses to Defendant's Objections | Defendant's Counter-Designations (if objections not sustained in full) | Plaintiffs' Objections to Defendant's Counter-Designations |
|---|---|---|---|---|
| 89:1-25 | | | | |
| 90:1-25 | Starting at 90:14: 401-403, 501-502 | The privilege was waived in a later version of this document, see P-84. That waiver shows there is no basis to assert privilege. The exchange is relevant to executive knowledge and involvemen tin the transacton and motive and defendant's effort to hide behind a non-existent privilege. | | |
| 91:1-4 | 401-403, 501-502 | The privilege was waived in a later version of this document, see P-84. That waiver shows there is no basis to assert privilege. The exchange is relevant to executive knowledge and involvemen tin the transacton and motive and defendant's effort to hide behind a non-existent privilege. | | |
| 96:2-25 | | | | |
| 97:1-25 | **97:22-25**: 602, calls for speculation | The witness had no problem understnading and answering the questions based on the exhibit. | | |
| 98:1-7 | 602, calls for speculation (see 98:8-10 | Objection waived | **98:8-10** | |
| 103:16-25 | | | | |
| 104:1-24 | | | | |
| 108:18-25 | | | | |

*GLS Leasco, Inc. and Central Transport, LLC v. Navistar, Inc.* , Case No. 23-cv-12927
**Plaintiffs' Deposition Designations**
Deposition of Kerri Podewell

| Plaintiffs' Designations (Page:Line) | Defendant's Objections | Plaintiffs' Responses to Defendant's Objections | Defendant's Counter-Designations (if objections not sustained in full) | Plaintiffs' Objections to Defendant's Counter-Designations |
|---|---|---|---|---|
| 109:1-25 | **Starting at 109:25**: 602, witness testified these series of meeting minutes were not her notes ( 66:3-11;69:15-19) , and that she could not interpret the notes, and that she is making assumptions regarding what was meant (see 111:2-5) | Objection waived. Witness attended the CSA meetings and has a base of knowledge about what was discussed in such meetings and by vitrtue of her position at Navistar as VP of Central Sales Administration(see page 39).. She had no difficulty answering the questions and when uncertain, she said so. | | |
| 110:1-23 | 602, witness testified these series of meeting minutes were not her notes ( 66:3-11;69:15-19) , and that she could not interpret the notes, and that she is making assumptions regarding what was meant (see 111:2-5) | Objection waived. Witness attended the CSA meetings and has a base of knowledge about what was discussed in such meetings and by vitrtue of her position at Navistar. She had no difficulty answering the questions and when uncertain, she said so. | **110:24-111:5** | |
| 111:16-25 | | | | |
| 112:1-25 | | | | |
| Add lines 1 to 4 to 1 | Incomplete designation, question begins at 113:2;602, witness testified to lack of knowledge regarding source of information (113:13-18) | Agree that page 113 lines 1 to 4 should be added. Objection waived. Witness attended the CSA meetings and has a base of knowledge about what was discussed in such meetings and by vitrtue of her position at Navistar. She had no difficulty answering the questions and when uncertain, she said so. | | Agree that page 113 lines 1 to 4 should be added. Witness attended the CSA meetings and has a base of knowledge about what was discussed in such meetings and by vitrtue of her position at Navistar. She had no difficulty answering the questions and when uncertain, she said so. |
| 114:1-21 | 401-403, 408, 602 (witness testified to not drafting these notes, and to not having recollection of them) | Objection waived | | |
| 117:7-20 | | | | |
| 119:17-25 | | | | |

*GLS Leasco, Inc. and Central Transport, LLC v. Navistar, Inc.*, Case No. 23-cv-12927
**Plaintiffs' Deposition Designations**
Deposition of Kerri Podewell

| Plaintiffs' Designations (Page:Line) | Defendant's Objections | Plaintiffs' Responses to Defendant's Objections | Defendant's Counter-Designations (if objections not sustained in full) | Plaintiffs' Objections to Defendant's Counter-Designations |
|---|---|---|---|---|
| 120:1-22 | Starting at 120:113: 401-403, 408, 602; witness testified that she did not write document and had no knowledge about it (see 121:8-13). | The privilege was waived in a later version of this document, see P-84. That waiver shows there is no basis to assert privilege. The exchange is relevant to executive knowledge and involvemen tin the transacton and motive and defendant's effort to hide behind a non-existent privilege. | | |
| 120:24-25 | 401-403, 408, 602; witness testified that she did not write document and had no knowledge about it (see 121:8-13). | Witness attended the CSA meetings and has a base of knowledge about what was discussed in such meetings and by vitrtue of her position at Navistar. She had no difficulty answering the questions and when uncertain, she said so. This is not a compromise offer under 408. | | |
| 121:1-25 | **121:1-23:** 401-403, 408, 602; witness testified that she did not write document and had no knowledge about it (see 121:8-13). | The privilege was waived in a later version of this document, see P-84. That waiver shows there is no basis to assert privilege. The exchange is relevant to executive knowledge and involvemen tin the transacton and motive and defendant's effort to hide behind a non-existent privilege. This is not a compromise offer under 408. | | |
| 122:1-11 | | | | |
| 124:9-20 | | | | |
| 126:9-25 | | | | |
| 127:1-13 | | | | |
| 127:24-25 | | | | |

*GLS Leasco, Inc. and Central Transport, LLC v. Navistar, Inc.* , Case No. 23-cv-12927
**Plaintiffs' Deposition Designations**
Deposition of Kerri Podewell

| Plaintiffs' Designations (Page:Line) | Defendant's Objections | Plaintiffs' Responses to Defendant's Objections | Defendant's Counter-Designations (if objections not sustained in full) | Plaintiffs' Objections to Defendant's Counter-Designations |
|---|---|---|---|---|
| 128:1-4 | | | | |
| 129:8-24 | 602, witness testified she did not draft | Objection waived. She states a relevant belief as to the meaning of the document as VP of Central Sales Administration and based on her attendance at such meetings. | | She states a relevant belief as to the meaning of the document as VP of Central Sales Administration and based on her attendance at such meetings. |
| 130:6-25 | | | | |
| 131:1-16 | 401-403, facts not in evidence, attempt to interject discovery dispute | The absence of these monthly reports for a period of time is not a discovery dispute. The fact at trial is that they don't exists and their absence for an 11 month period is inexplicable to this witness who believes they should exist. Their absence is relevant becasue this is the precise time period production fo trucks for Central was delayed. | | |
| 132:3-16 | | | | |
| 133:3-14 | 602, witness testifies to not know what is being referred to at 133:15-21. | Objection waived. | | Agree to add 133: 15 - 21 |
| 133:22-25 | | | | |
| 134:1-16 | 602 (see above); 401-403 | The absence of these monthly reports for a period of time is not a discovery dispute. The fact at trial is that they don't exists and their absence for an 11 month period is inexplicable to this witness who believes they should exist. Their absence is relevant becasue this is the precise time period production fo trucks for Central was delayed. 602 objection waived | | |

*GLS Leasco, Inc. and Central Transport, LLC v. Navistar, Inc.*, Case No. 23-cv-12927
**Plaintiffs' Deposition Designations**
Deposition of Kerri Podewell

| Plaintiffs' Designations (Page:Line) | Defendant's Objections | Plaintiffs' Responses to Defendant's Objections | Defendant's Counter-Designations (if objections not sustained in full) | Plaintiffs' Objections to Defendant's Counter-Designations |
|---|---|---|---|---|
| 136:25-25 | | | | |
| 137:1-16 | | | 137:17-1.38:2 | No objection to including |
| 137:23-25 | | | | |
| 138:1-19 | | | 138:20-25 | No objection to including |
| 139:1-8 | 602, witness testified that she did not have personal involvement and was speculating, (138:20-25, 139:1-5) | Objection waived. Witness she doesn't know without other context, but she then says "other than…" meaning she does have a reason. | 139:9-140:7 | Witness she doesn't know without other context, but she then says "other than…" meaning she does have a reason. |
| 140:8-25 | 602, witness testified that she did not have personal involvement and was speculating, (138:20-25, 139:1-5, 140:14-16) | Objection wavied. Witness is following instructions form others and identifies who that was. | | |
| 141:1-4 | 602, witness testified that she did not have personal involvement and was speculating, (138:20-25, 139:1-5, 140:14-16) | Continuation from prior page identifying one of two executives who made decisions, she just doesn't recall which one was there at the time. | 144:25-145:3 | |
| 143:8-25 | | | | |
| 144:1-20 | **Starting at 144:6**; 602, witness testifies as to "belief" without any testimony regarding basis for belief | Objection waived. Witness has no problem answering questions based on her recollection of who had access to SPA data Addition of line 25 is agreed, but should start at 21 with the question that is answered on line 25. | 144:25-145:3 | |
| 145:7-25 | | | 146:1-3 | |
| 146:4-21 | 401-403 (gratuitous reference to language); 602 (witness testifies she does not recall meeting); question asserts facts not in evidence. | Establishes attendance at a meeting based on the exhibit. Language reference is merely a typo in the document. | 146:22-147:3 | |
| 149:23-25 | | | | |

*GLS Leasco, Inc. and Central Transport, LLC v. Navistar, Inc.* , Case No. 23-cv-12927
**Plaintiffs' Deposition Designations**
Deposition of Kerri Podewell

| Plaintiffs' Designations (Page:Line) | Defendant's Objections | Plaintiffs' Responses to Defendant's Objections | Defendant's Counter-Designations (if objections not sustained in full) | Plaintiffs' Objections to Defendant's Counter-Designations |
|---|---|---|---|---|
| 150:1-7 | Omits answer (150:8) | line 8 is not an answer. It interrupts the question and will be smoother to present by completing the question on line 16 and then the answer. | | |
| 150:16-25 | | | | |
| 151:1-2 | | | **150:3-12** | Assume defendant seeks to use lines 3 to 12 from 151 and not 150. Agreed. |
| 151:13-25 | | | | |
| 152:1-13 | **Starting at 152:9;** 602 witness repeatedly testified she had no knowledge of the topics of questioning  (See152:22-153:2) | Establishes that this witness did not have involvment in the allocation decisions. | | |
| 152:21-25 | 02 witness repeatedly testified she had no knowledge of the topics of questioning (See152:22-153:2) |  Establishes that this witness did not have involvment in the allocation decisions. | | |
| 153:1-2 | 02 witness repeatedly testified she had no knowledge of the topics of questioning (See152:22-153:2) | Objecton waived.Establishes that this witness did not have involvment in the allocation decisions. | | |
| 158:9-25 | | | | |
| 159:1-12 | **159:9-12;** form, compound, and vague | Objections wavied. Follow up questions clarify for a reluctant witness on a topic she knows well. Jury entitled to see her combativeness. | | |
| 159:14-25 | **159:14-15;** form, compound, and vague | Not a question.  It's her answer | | |
| 160:1-25 | **160:2-8:** 602, the witness testifies she is "guessing" at 160:7; 160:22-25 (401-403, 408, reference to settlement with different customer) | Objecton waived. A witness is entitled to provide an educated "guess. She says "slightly guessing. This is a topic she clearly knows and is provding her best recollection and/or being combative. Jury can assess. | | |

*GLS Leasco, Inc. and Central Transport, LLC v. Navistar, Inc.* , Case No. 23-cv-12927
**Plaintiffs' Deposition Designations**
Deposition of Kerri Podewell

| Plaintiffs' Designations (Page:Line) | Defendant's Objections | Plaintiffs' Responses to Defendant's Objections | Defendant's Counter-Designations (if objections not sustained in full) | Plaintiffs' Objections to Defendant's Counter-Designations |
|---|---|---|---|---|
| 161:1-25 | **161:1-11;** 401-403, 408 ( reference to settlement with different customer); 1**63:23-25; 602** (witness testifies she is not familiar with term and does not know what it means) | 408 doesn't apply. This is not a compromise that impacts these parties. No prejudcice. It is an example of what can impact SPA percentages. Objectons waived. | | |
| 162:1-11 | 602 (witness testifies she does not know what is being referred to and she would be "guessing" regarding question) | She is a recipient of the email and Plaintiff is entitled to question her understanding of the email addressed to her and concerning a meeting she attended.Plaintiff is entitled to her best recollection. | | |
| 163:3-13 | 602 (witness testifies she does not know what is being referred to and she would be "guessing" regarding question) | Objecton waived. She is a recipient of the email and Plaintiff is entitled to question her understanding of the email addressed to her and concerning a meeting she attended.Plaintiff is entitled to her best recollection. | | |
| 164:14-25 | | | | |
| 165:1-25 | | | | |
| 166:1-2 | | | | |
| 166:16-25 | | | | |
| 167:1-13 | | | | |
| 167:17-23 | | | 167:24-168:3; 170:24-171:15 | No objection to including |
| 169:16-22 | | | 169:23-170:2; 170:24-171:15 | No objection to including |
| 171:19-25 | | | | |

*GLS Leasco, Inc. and Central Transport, LLC v. Navistar, Inc.* , Case No. 23-cv-12927
**Plaintiffs' Deposition Designations**
Deposition of Kerri Podewell

| Plaintiffs' Designations (Page:Line) | Defendant's Objections | Plaintiffs' Responses to Defendant's Objections | Defendant's Counter-Designations (if objections not sustained in full) | Plaintiffs' Objections to Defendant's Counter-Designations |
|---|---|---|---|---|
| 172:1-6 | **172:4-16**; form, compound, vague, undefined reference to "Bendix issue" | Questions are clear. Witness is fighting it because it is a critical point on Defendant's impracticability defense. Jury can assess credibility of her testimony.She is invovled in approval process of the deal | | |
| 172:8-23 | **172:8-18**; 602, witness testifies to lacking personal knowledge; **172:19-23:** form -- vague, compound, confusing | Objecton waived. Questions are clear. Witness is fighting it because it is a critical point on Defendant's impracticability defense. Jury can assess credibility of her testimony.She is invovled in approval process of the deal | | |
| 172:25-25 | Question (at 172:19-23), form -- vague, compound, confusing | Questions are clear. Witness is fighting it because it is a critical point on Defendant's impracticability defense. Jury can assess credibility of her testimony.She is invovled in approval process of the deal | | |
| 173:1-3 | Question (at 172:19-23), form -- vague, compound, confusing | Questions are clear. Witness is fighting it because it is a critical point on Defendant's impracticability defense. Jury can assess credibility of her testimony.She is invovled in approval process of the deal | | |
| 173:5-25 | Argumentative, and asserts facts contrary to evidence, counsel misstates prior testimony, then asks a multi-part question with incomplete phrases and asserts that it is a "simple question" | Questions are clear. Witness is fighting it because it is a critical point on Defendant's impracticability defense. Jury can assess credibility of her testimony.She is invovled in approval process of the deal | | |

*GLS Leasco, Inc. and Central Transport, LLC v. Navistar, Inc.*, Case No. 23-cv-12927
**Plaintiffs' Deposition Designations**
Deposition of Kerri Podewell

| Plaintiffs' Designations (Page:Line) | Defendant's Objections | Plaintiffs' Responses to Defendant's Objections | Defendant's Counter-Designations (if objections not sustained in full) | Plaintiffs' Objections to Defendant's Counter-Designations |
|---|---|---|---|---|
| 174:1-1 | | | | |
| 174:5-25 | | | | |
| 175:1-24 | 175:20-24, form, vague and compound | Questions are clear. Witness is fighting it because it is a critical point on Defendant's impracticability defense. Jury can assess credibility of her testimony.She is invovled in approval process of the deal | | |
| 176:1-21 | 176:4-21 form, vague, confusing, compound | Questions are clear. Witness is fighting it because it is a critical point on Defendant's impracticability defense. Jury can assess credibility of her testimony.She is invovled in approval process of the deal | | |
| 176:25-25 | | | | |
| 177:1-25 | | | | |
| 178:1-9 | | | | |
| 178:15-25 | | | | |
| 179:1-21 | | | | |
| 180:1-18 | | | | |
| 180:25-25 | | | | |
| 181:1-22 | | | | |
| 183:17-25 | | | | |
| 184:1-25 | | | | |
| 185:1-2 | | | 185:3-14 | No objection to including |
| 185:18-25 | | | | |
| 186:1-21 | | | 186:22-187:1 | No objection to including |
| 187:2-25 | | | | |

*GLS Leasco, Inc. and Central Transport, LLC v. Navistar, Inc.* , Case No. 23-cv-12927
**Plaintiffs' Deposition Designations**
Deposition of Kerri Podewell

| Plaintiffs' Designations (Page:Line) | Defendant's Objections | Plaintiffs' Responses to Defendant's Objections | Defendant's Counter-Designations (if objections not sustained in full) | Plaintiffs' Objections to Defendant's Counter-Designations |
|---|---|---|---|---|
| 188:1-25 | | | | |
| 189:1-25 | | | | |
| 190:1-16 | 190:13-16 is incomplete portion of question | | **190:17-22** | Agree 14 to 16 is not necessary and can be cut. Object to 17 - 22 because it a new topic and not needed here for context. |
| 193:7-25 | | | | |
| 194:1-6 | | | | |
| 194:16-25 | | | **194:7-15** | No objection to including |
| 195:1-25 | | | | |
| 196:1-17 | | | **196:18-197:1** | No objection to including |
| 197:25-25 | | | | |
| 198:1-13 | | | **198:14-19** | No objection to including if also include through line 22, |
| 200:13-25 | | | | |
| 201:1-20 | | | | |
| 208:22-25 | | | | |
| 209:1-25 | | | | |
| 210:9-19 | | | **210:4-8** | Object to including lines 4 to 8. it is unnecessary apology to witness for using a screen rather than hard copy. Wintess had no trouble seeing the document on screen. |
| 210:25-25 | | | | |
| 211:1-25 | | | | |

*GLS Leasco, Inc. and Central Transport, LLC v. Navistar, Inc.* , Case No. 23-cv-12927
**Plaintiffs' Deposition Designations**
Deposition of Kerri Podewell

| Plaintiffs' Designations (Page:Line) | Defendant's Objections | Plaintiffs' Responses to Defendant's Objections | Defendant's Counter-Designations (if objections not sustained in full) | Plaintiffs' Objections to Defendant's Counter-Designations |
|---|---|---|---|---|
| 212:1-25 | **212:4-8**: 602 (witness is not on document, did not put it tgether and, is testifying regarding "assumption", and there is no testimony regarding  basis for assumption) | Objecton waived. Jury can assess basis for her assumption, and witness may make reasonable inferences from her knowledge. Witness has no difficulty interpreting a business document with which she is familiar (page 210 lines 25 to page 211 lines 1 to 12). | | |
| 213:1-10 | | | | |
| 215:18-25 | | | | |
| 216:1-21 | | | | |
| 217:1-25 | | | | |
| 218:1-25 | | | | |
| 219:1-10 | | | | |
| 221:2-25 | | | | |
| 224:14-25 | | | | |
| 225:1-13 | | | | |
| 227:6-25 | 602, witness testifies to having no knowledge, see 228:1-22 | Witnesses establishes her organizaton does not control delivery schedules and order boards. Object ot requested additions as lacking context or relationship to plaintiff's designation. | 226:2-227:3 | |
| 228:1-22 | 602/401-403 | Objecton waived. Witnesses establishes her organizaton does not control delivery schedules and order boards. Object ot requested additions as lacking context or relationship to plaintiff's designation. | | |

*GLS Leasco, Inc. and Central Transport, LLC v. Navistar, Inc.*, Case No. 23-cv-12927

**Plaintiffs' Deposition Designations**

Deposition of Kerri Podewell

| Plaintiffs' Designations (Page:Line) | Defendant's Objections | Plaintiffs' Responses to Defendant's Objections | Defendant's Counter-Designations (if objections not sustained in full) | Plaintiffs' Objections to Defendant's Counter-Designations |
|---|---|---|---|---|
| 228:25-25 | 602/401-403 | Objecton waived. Witnesses establishes her organizaton does not control delivery schedules and order boards. Object ot requested additions as lacking context or relationship to plaintiff's designation. | | |
| 229:1-19 | | | | |
| 229:22-25 | | | | |
| 230:1-25 | | | | |
| 231:1-25 | | | | |
| 232:1-24 | | | | |
| 234:1-25 | | | | |
| 235:1-25 | | | | |
| 236:1-25 | | | | |
| 237:1-20 | | | | |
| 237:22-24 | | | | |
| 238:1-24 | | | | |
| 240:5-25 | Should start at 240:4 | | | Agreed |
| 241:1-16 | | | | |
| 241:18-25 | | | | |
| 242:1-11 | | | | |

*GLS Leasco, Inc. and Central Transport, LLC v. Navistar, Inc.* , Case No. 23-cv-12927

**Plaintiffs' Deposition Designations**

Deposition of Tony Stinsa

Navistar objects to Plaintiffs' designations of Tony Stinsa as he will be appearing live for trial and therefore any designations are cumulative and impermissible under FRCP 32. Plaintiffs respond that they are permitted to use a party-opponent's deposition for all purposes under Fed. R. Civ. P. 32 and his deposition transcript is not hearsay under Fed. R. Evid. 801. Further, Stinsa is not "available" to Plaintiffs through the subpoena power and there is no court order compelling his attendance.

| Plaintiffs' Desginations (Page:Line) | Defendant's Objections | Plaintiffs' Response to Defendant's Objections | Defendant's Counter-Designations (if objections not sustained in full) | Plaintiffs' Objections to Defendant's Counter-Designations |
|---|---|---|---|---|
| 6:3-4 | | | | |
| 7:23-24 | incomplete (does not include answer to question at 8:1) | | 8:01 | Agreed. |
| 8:1-15 | | | | |
| 15:18-24 | incomplete (15:24 is the start to the question but the answer is not designated at 16:1-7) | | 16:1-7 | Clip should end at 23. 15:24 - 16:7 not necessary |
| 16:8-24 | | | | |
| 17:1-4 | | | 17:5-11 | |
| 18:4-23 | | | | |
| 19:14-24 | | | | |
| 20:1-24 | | | | |
| 21:1-24 | | | | |
| 22:1-5 | | | | |
| 22:15-24 | | | | |
| 23:1-24 | | | | |
| 24:1-24 | | | | |
| 25:1-12 | 25:11-12: 602 | Objection waived by lack of contempraneous objection. There is sufficient basis for witness to answer. | | |
| 25: 20-24 | 602 | There is sufficient basis for witness to answer. | | |
| 26:1-4 | vague | Question is clear and witness had no difficulty answering | | |
| 26:7-24 | | | | |

*GLS Leasco, Inc. and Central Transport, LLC v. Navistar, Inc.* , Case No. 23-cv-12927
**Plaintiffs' Deposition Designations**
Deposition of Tony Stinsa

Navistar objects to Plaintiffs' designations of Tony Stinsa as he will be appearing live for trial and therefore any designations are cumulative and impermissible under FRCP 32. Plaintiffs respond that they are permitted to use a party-opponent's deposition for all purposes under Fed. R. Civ. P. 32 and his deposition transcript is not hearsay under Fed. R. Evid. 801. Further, Stinsa is not "available" to Plaintiffs through the subpoena power and there is no court order compelling his attendance.

| Plaintiffs' Desginations (Page:Line) | Defendant's Objections | Plaintiffs' Response to Defendant's Objections | Defendant's Counter-Designations (if objections not sustained in full) | Plaintiffs' Objections to Defendant's Counter-Designations |
|---|---|---|---|---|
| 27:1-21 | | | | |
| 35:5-14 | | | 35:15-19 | |
| 35:23-24 | | | | |
| 36:1-24 | | | | |
| 37:1-12 | | | 37:13-16 | |
| 37:24-24 | foundation and hearsay: exhibit not on Ps exhibit list | Witness prepared the document. 803(6) applies. Exhibit objection moot per special master ruling | | |
| 38:1-13 | 38:13: incomplete as he amended his answer at 38:14-19 | | 38:14-19 | |
| 39:6-24 | | | | |
| 40:1-24 | | | | |
| 41:1-2 | | | | |
| 41:14-24 | | | | |
| 42:1-24 | | | | |
| 43:1-2 | | | | |
| 43:10-16 | | | | |
| 44:1-24 | | | | |
| 45:1-3 | | | | |
| 46:14-24 | | | 45:7-13 | |
| 47:1-9 | | | | |
| 52:4-17 | | | 52:18-20 | |
| 53:8-15 | | | | |

*GLS Leasco, Inc. and Central Transport, LLC v. Navistar, Inc.* , Case No. 23-cv-12927

**Plaintiffs' Deposition Designations**

Deposition of Tony Stinsa

Navistar objects to Plaintiffs' designations of Tony Stinsa as he will be appearing live for trial and therefore any designations are cumulative and impermissible under FRCP 32. Plaintiffs respond that they are permitted to use a party-opponent's deposition for all purposes under Fed. R. Civ. P. 32 and his deposition transcript is not hearsay under Fed. R. Evid. 801. Further, Stinsa is not "available" to Plaintiffs through the subpoena power and there is no court order compelling his attendance.

| Plaintiffs' Desginations (Page:Line) | Defendant's Objections | Plaintiffs' Response to Defendant's Objections | Defendant's Counter-Designations (if objections not sustained in full) | Plaintiffs' Objections to Defendant's Counter-Designations |
|---|---|---|---|---|
| 66:6-11 | 401-403 | Relevant to motive of eliminating OTB obligation | 65:24-66:5 | |
| 67:24-24 | 401-403 | Relevant to motive of eliminating OTB obligation | | |
| 68:1-24 | 401-403 | Relevant to motive of eliminating OTB obligation | | |
| 69:1-1 | 401-403 | Relevant to motive of eliminating OTB obligation | 69:2-3 | |
| 69:4-22 | 401-403 | Relevant to motive of eliminating OTB obligation | | |
| 82:14-24 | exhibit is objected to; if excluded then testimony on document should be excluded as well | Exhibit objection moot per special master this is trial exhibit p-72) | | |
| 83:1-21 | | | | |
| 84:1-85:9 | 84:24-85:9: foundation | Witness is part of email chain discussion and he answers the posed question without difficulty | | |
| 85:12-24 | 85:12-14:foundation | Objecton waived. Witness is part of email chain discussion and he answers the posed question without difficulty | | |
| 86:1-3 | | | | |
| 88:18-24 | | | | |
| 89:1-15 | | | | |
| 91:9-24 | | | | |
| 92:1-1 | | | | |

*GLS Leasco, Inc. and Central Transport, LLC v. Navistar, Inc.* , Case No. 23-cv-12927

**Plaintiffs' Deposition Designations**

Deposition of Tony Stinsa

Navistar objects to Plaintiffs' designations of Tony Stinsa as he will be appearing live for trial and therefore any designations are cumulative and impermissible under FRCP 32. Plaintiffs respond that they are permitted to use a party-opponent's deposition for all purposes under Fed. R. Civ. P. 32 and his deposition transcript is not hearsay under Fed. R. Evid. 801. Further, Stinsa is not "available" to Plaintiffs through the subpoena power and there is no court order compelling his attendance.

| Plaintiffs' Desginations (Page:Line) | Defendant's Objections | Plaintiffs' Response to Defendant's Objections | Defendant's Counter-Designations (if objections not sustained in full) | Plaintiffs' Objections to Defendant's Counter-Designations |
|---|---|---|---|---|
| 124:18-126:18 | exhibit is objected to; if excluded then testimony on document should be excluded as well | Moot per special master ruling | | |
| 129:1-130:12 | | | | |
| 132:2-16 | | | | |
| 133:18-135:17 | | | | |
| 136:5-15 | | | | |
| 140:13-24 | | | | |
| 141:1-18 | 141:16-18: speculation, vague | Witness is well qualified to answer questions about used truck market as the head of Used Truck Organization for all of Navistar. | | |
| 141:22-142:6 | 141:22-142:2: speculation, vague | Objecton waived. Witness is well qualified to answer questions about used truck market as the head of Used Truck Organization for all of Navistar. | | |
| 152:23-153:10 | incomplete as document is not designated and identified (152:6-22)<br><br>401-403<br><br>exhibit is objected to; if excluded then testimony on document should be excluded as well | This document is identified by Bates number and is now marked as Trial Exhibit P-209. The witness prepared the document relevant to profit margin in used truck sales and high market prices. | 152:6-22 | |

*GLS Leasco, Inc. and Central Transport, LLC v. Navistar, Inc.* , Case No. 23-cv-12927
**Plaintiffs' Deposition Designations**
Deposition of Tony Stinsa

Navistar objects to Plaintiffs' designations of Tony Stinsa as he will be appearing live for trial and therefore any designations are cumulative and impermissible under FRCP 32. Plaintiffs respond that they are permitted to use a party-opponent's deposition for all purposes under Fed. R. Civ. P. 32 and his deposition transcript is not hearsay under Fed. R. Evid. 801. Further, Stinsa is not "available" to Plaintiffs through the subpoena power and there is no court order compelling his attendance.

| Plaintiffs' Desginations (Page:Line) | Defendant's Objections | Plaintiffs' Response to Defendant's Objections | Defendant's Counter-Designations (if objections not sustained in full) | Plaintiffs' Objections to Defendant's Counter-Designations |
|---|---|---|---|---|
| 153:16-154:22 | 401-403<br><br>154:9-22: vague, speculation | The witness prepared the document relevant to profit margin in used truck sales and high market prices. The witness has no difficulty understanding the question. Lines 12 to 13 should be removed. Objecton waived. | | |
| 156:22-158:4 | 401-403<br><br>hearsay<br><br>exhibit is objected to; if excluded then testimony on document should be excluded as well | Relevant to pricing of 2018 models. No basis for ojection to this document, which is Trial Exhibit P-210. 803(6) | | |
| 158:19-162:15 | 401-403<br><br>hearsay<br><br>exhibit is objected to; if excluded then testimony on document should be excluded as well<br><br>if document is allowed, Incomplete as document is not designated and identified (158:5-9) | Relevant to pricing of 2018 models. No basis for ojection to this document, which is Trial Exhibit P-210. 803(6) | 158:5-9 | |

*GLS Leasco, Inc. and Central Transport, LLC v. Navistar, Inc.* , Case No. 23-cv-12927
**Plaintiffs' Deposition Designations**
Deposition of Tony Stinsa

Navistar objects to Plaintiffs' designations of Tony Stinsa as he will be appearing live for trial and therefore any designations are cumulative and impermissible under FRCP 32. Plaintiffs respond that they are permitted to use a party-opponent's deposition for all purposes under Fed. R. Civ. P. 32 and his deposition transcript is not hearsay under Fed. R. Evid. 801. Further, Stinsa is not "available" to Plaintiffs through the subpoena power and there is no court order compelling his attendance.

| Plaintiffs' Desginations (Page:Line) | Defendant's Objections | Plaintiffs' Response to Defendant's Objections | Defendant's Counter-Designations (if objections not sustained in full) | Plaintiffs' Objections to Defendant's Counter-Designations |
|---|---|---|---|---|
| 162:22-163:16 | 401-403<br><br>exhibit is objected to; if excluded then testimony on document should be excluded as well<br><br>if document is allowed, Incomplete as document is not designated and identified (162:16-20) | Relevant to pricing of 2018 models. No basis for ojection to this document, which is Trial Exhibit P-211. 803(6) | 162:16-20 | |
| 188:3-189:22 | 188:23-189:15:hearsay<br><br>exhibit is objected to; if excluded then testimony on document should be excluded as well | Party admissions. Exhibit objection moot per special master | | |
| 191:17 - 192:5 | 803. Incomplete, exhibit objected to; if excluded then testimony on document should be excluded as well. | This is communication between GLS and Navistar about potential sales of 2018s relevant to damages and mitigation. Exhibit objection moot per special master.  For completeness, Plaintiffs will add lines 12 to 13 on page 191. | | |
| 192:11-16 | incomplete | | 191:17-192:5 | Agreed. |

*GLS Leasco, Inc. and Central Transport, LLC v. Navistar, Inc.* , Case No. 23-cv-12927
**Plaintiffs' Deposition Designations**
Deposition of Tony Stinsa

Navistar objects to Plaintiffs' designations of Tony Stinsa as he will be appearing live for trial and therefore any designations are cumulative and impermissible under FRCP 32. Plaintiffs respond that they are permitted to use a party-opponent's deposition for all purposes under Fed. R. Civ. P. 32 and his deposition transcript is not hearsay under Fed. R. Evid. 801. Further, Stinsa is not "available" to Plaintiffs through the subpoena power and there is no court order compelling his attendance.

| Plaintiffs' Desginations (Page:Line) | Defendant's Objections | Plaintiffs' Response to Defendant's Objections | Defendant's Counter-Designations (if objections not sustained in full) | Plaintiffs' Objections to Defendant's Counter-Designations |
|---|---|---|---|---|
| 193:20-197:8 | incomplete as document is not designated and identified (193:14-18); 401-403<br><br>195:15-196:19: speculation | Question at line 20 identifies the document. Discussion of Trial Exhibit P-212. Witness is discussing reality of market prices and timing to obtain those prices as head of the Used Truck Organiztion at Navistar.Relevant to high used truck prices and importanace of selling them while market is high. 195: 19-20 and 196:5 objections should be removed. | | |
| 198:9-199:9 | 199:7-9: foundation; speculation | Witness is discussing reality of market prices and timing to obtain those prices as head of the Used Truck Organiztion at Navistar. Objecton to all but last question at line 7 - 9 wiaved. | | |
| 199:12-14 | 199:12-14: foundation; speculation | Witness is discussing reality of market prices and timing to obtain those prices as head of the Used Truck Organiztion at Navistar. | | |