UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GLS LEASCO, INC. and
CENTRAL TRANSPORT, LLC,

      Plaintiffs,

v.

NAVISTAR, INC.,

      Defendant.

Case No. 23-cv-12927

Hon. Mark A. Goldsmith

Magistrate Judge Anthony P. Patti

## PRELIMINARY JURY VERDICT FORMS

Counsel for Plaintiffs GLS Leasco, Inc. ("GLS") and Central Transport LLC ("Central") and Defendant Navistar, Inc. ("Navistar") submit these proposed preliminary jury verdict forms.[1]  The parties object to each other's verdict forms, and anticipate continuing to revise and confer regarding the verdict forms based upon the Court's ruling on jury instructions and the presentation of evidence.

---

[1] The parties' proposals as to the form of any question are subject to their objections that any question should not be given because of their contention that a claim or argument fails as a matter of law.

1

## I.        PLAINTIFFS' PROPOSED VERDICT FORM

We, the jury, answer the questions submitted as follows:

QUESTION NO. 1: Did Plaintiffs prove that Navistar breached the 2022 Letter Agreement between GLS Leasco, Inc. and Navistar, Inc.?

Yes _____

No _____

QUESTION NO. 2: Did Plaintiffs prove that Central Transport, LLC was an intended third-party beneficiary under the 2022 Agreement?

Yes _____

No _____

QUESTION NO. 3: Did Plaintiffs prove by clear and convincing evidence that Navistar, Inc. committed fraud based on false representation?

Yes _____

No _____

If you answered "Yes" to either Question 1 or Question 3, or to both Question 1 and Question 3, continue.

QUESTION NO. 4: Did Plaintiffs prove that Navistar, Inc.'s breach and/or fraud was a proximate cause of Plaintiffs' damages?

Yes _____

No _____

QUESTION NO. 5: If you answered "Yes" to Question 1 and Question 4: State the amount of contract damages that will fairly compensate Plaintiffs for damages proximately caused by the breach of contract:

$ _____

QUESTION NO. 6: If you answered "Yes" to Question 3 and Question 4: State the amount of fraud damages that will fairly compensate Plaintiffs for damages proximately caused by fraud:

$ _____

QUESTION NO. 7: If you answered "Yes" to Question 3 and Question 4: State the amount of exemplary damages that will fairly compensate Plaintiffs for any incremental or increased injury due to unquantifiable losses caused by fraud:

$ _____

Signed,

_____
Foreperson                              Date

## II. NAVISTAR'S PROPOSED VERDICT FORM

We, the jury, answer the questions submitted as follows:

### COUNT I – BREACH OF CONTRACT

**QUESTION NO. 1**: Did GLS and Central prove by a preponderance of the evidence that the 2022 Letter Agreement required delivery of all 630 New Trucks by June 30, 2022?

    \_\_\_ **Yes**

    \_\_\_ **No**

*If "Yes", proceed to Question No. 2.*

*If "No", proceed to Question No. 12.*

**QUESTION NO. 2**: Did GLS and Central prove by a preponderance of the evidence that Navistar breached its obligations under the 2022 Letter Agreement?

    \_\_\_ **Yes**

    \_\_\_ **No**

*If "Yes", proceed to Question No. 3.*

*If "No", proceed to Question No. 12.*

**QUESTION NO. 3**: Did GLS and Central prove by a preponderance of the evidence that they provided notice of breach to Navistar within a reasonable time after they discovered or should have discovered any breach of the 2022 Letter Agreement?

4

___ **Yes**

___ **No**

*If "Yes", proceed to Question No. 4.*

*If "No", proceed to Question No. 12.*

**QUESTION NO. 4**: Was Central Transport, LLC was an intended third-party beneficiary under the 2022 Agreement?

___ **Yes**

___ **No**

*If "Yes", proceed to Question No. 5.*

*If "No", proceed to Question No. 12*

**QUESTION NO. 5**: Did Navistar prove by a preponderance of the evidence that Plaintiffs waived their claims against Navistar related to the MY 2018 Trucks?

___ **Yes**

___ **No**

*If "Yes", proceed to Question 12.*

*If "No", proceed to Question No. 6.*

**QUESTION NO. 6**: Did Navistar prove by a preponderance of the evidence that accord and satisfaction bars Plaintiffs' claims?

___ **Yes**

___ **No**

*If "Yes", proceed to Question 12.*

*If "No", proceed to Question No. 7.*

**QUESTION NO. 7**: Did Navistar prove by a preponderance of the evidence that Plaintiffs released their claims against Navistar related to the MY 2018 Trucks?

___ **Yes**

___ **No**

*If your answer is "Yes", proceed to Question 12.*

*If your answer is "No", proceed to Question No. 8.*

**QUESTION NO. 8**: Did Navistar prove by a preponderance of the evidence that any breach was excused by the doctrine of impracticability?

___ **Yes**

___ **No**

*If your answer is "Yes", proceed to Question 12.*

*If your answer is "No", proceed to Question No. 9.*

**QUESTION NO. 9**: Did  Plaintiffs prove by a preponderance of the evidence that any breach by Navistar of the 2022 Letter Agreement cause Plaintiffs to suffer any damages?

___ **Yes**

___ **No**

*If your answer is "No", proceed to Question 12.*

*If your answer is "Yes", proceed to Question No. 10.*

**QUESTION NO. 10:** If you answered "Yes" to Question 9: State the amount of contract damages that will fairly compensate each Plaintiff for damages proximately caused by the breach of the 2022 Letter Agreement:

**GLS Lost Resale Profits: $ _____**

**Central Maintenance Cost Damages: $ _____**

**Central Fuel Cost Damages: $ _____**

**QUESTION NO. 11**: If you answered "Yes" to Question 11: Did GLS or Central incur any damages which they could have reasonably mitigated?  (Check one)

___ **Yes**

___ **No**

If your answer is "yes," state the amount of damages each Plaintiff should be awarded after removing any losses that could have been reasonably mitigated:

**GLS Lost Resale Profits: $ _____**

**Central Maintenance Cost Damages: $ _____**

**Central Fuel Cost Damages: $ _____**

## COUNT II – FRAUD (GLS)

**QUESTION NO. 12**: Did GLS prove by clear and convincing evidence that Navistar represented to GLS December 2021 that it could only make 600 Trucks in 2022?

    **___ Yes**

    **___ No**

*If your answer is "Yes", proceed to Question No. 13.*

*If your answer is "No", proceed to Question No. 20.*

**QUESTION NO. 13**: Did GLS prove by clear and convincing evidence that Navistar's December 2021 representation was false?

    **___ Yes**

    **___ No**

*If your answer is "Yes", proceed to Question No. 14.*

*If your answer is "No", proceed to Question No. 20.*

**QUESTION NO. 14**: Did GLS prove by clear and convincing evidence that Navistar's December 2021 representation was material?

    **___ Yes**

    **___ No**

*If your answer is "Yes", proceed to Question No. 15.*

*If your answer is "No", proceed to Question No. 20.*

**QUESTION NO. 15**: Did GLS prove by clear and convincing evidence that Navistar knew that Navistar's December 2021 representation was false at the time it was made?

   **___ Yes**

   **___ No**

*If your answer is "Yes", proceed to Question No. 16.*

*If your answer is "No", proceed to Question No. 20.*

**QUESTION NO. 16**: Did GLS prove by clear and convincing evidence that Navistar made the December 2021 representation with the intention that GLS would rely on it to enter the 2022 Letter Agreement?

   **___ Yes**

   **___ No**

*If your answer is "Yes", proceed to Question No. 17.*

*If your answer is "No", proceed to Question No. 20.*

**QUESTION NO. 17**: Did GLS prove by clear and convincing evidence that it justifiably relied on Navistar's December 2021 representation to enter the 2022 Letter Agreement?

   **___ Yes**

   **___ No**

*If your answer is "Yes", proceed to Question No. 18.*

*If your answer is "No", do not answer any further questions.*

**QUESTION NO. 18**: Did GLS prove by clear and convincing evidence that it is are entitled to exemplary damages?

**___ Yes**

**___ No**

*If your answer is "Yes", proceed to Question No. 19.*

*If your answer is "No", proceed to Question No. 20.*

**QUESTION NO. 19**: If you answered "Yes" to Question 18: State the amount of exemplary damages that will fairly compensate GLS for any incremental or increased unquantifiable injury due to reputation and goodwill.

**GLS: $_____**

*Proceed to Question No. 20.*

**COUNT II – FRAUD (Central)**

**QUESTION NO. 20**: Did Central prove by clear and convincing evidence that Navistar represented to Central December 2021 that it could only make 600 Trucks in 2022?

**___ Yes**

**___ No**

*If your answer is "Yes", proceed to Question No. 13.*

*If your answer is "No", do not answer any further questions.*

**QUESTION NO. 21**: Did Central prove by clear and convincing evidence that Navistar's December 2021 representation was false?

    ___ **Yes**

    ___ **No**

*If your answer is "Yes", proceed to Question No. 14.*

*If your answer is "No", do not answer any further questions.*

**QUESTION NO. 22**: Did Central prove by clear and convincing evidence that Navistar's December 2021 representation was material?

    ___ **Yes**

    ___ **No**

*If your answer is "Yes", proceed to Question No. 15.*

*If your answer is "No", do not answer any further questions.*

**QUESTION NO. 23**: Did Central prove by clear and convincing evidence that Navistar knew that Navistar's December 2021 representation was false at the time it was made?

    ___ **Yes**

    ___ **No**

*If your answer is "Yes", proceed to Question No. 16.*

*If your answer is "No", do not answer any further questions.*

11

**QUESTION NO. 24**: Did Central prove by clear and convincing evidence that Navistar made the December 2021 representation with the intention that Central would rely on it to enter the 2022 Letter Agreement?

___ **Yes**

___ **No**

*If your answer is "Yes", proceed to Question No. 17.*

*If your answer is "No", do not answer any further questions.*

**QUESTION NO. 25**: Did Central prove by clear and convincing evidence that it justifiably relied on Navistar's December 2021 representation to enter the 2022 Letter Agreement?

___ **Yes**

___ **No**

*If your answer is "Yes", proceed to Question No. 18.*

*If your answer is "No", do not answer any further questions.*

**QUESTION NO. 26**: Did Central prove by clear and convincing evidence that it is entitled to exemplary damages?

___ **Yes**

___ **No**

*If your answer is "Yes", proceed to Question No. 19.*

*If your answer is "No", do not answer any further questions.*

13

**QUESTION NO. 27**: If you answered "Yes" to Question 18: State the amount of exemplary damages that will fairly compensate Central for any incremental or increased unquantifiable injury to its reputation and goodwill.

**Central: $**_____

Signed,

_____
Foreperson                                    Date

Respectfully submitted:

| | |
|---|---|
| */s/ Lauren Walas* | */s/ Kevin M. Jakopchek with permission* |
| KIENBAUM, HARDY, VIVIANO, PELTON & FORREST, P.L.C. | LATHAM & WATKINS, LLP |
| Eric J. Pelton (P40635) | Kevin M. Jakopchek (IL Bar #6317040) |
| Thomas J. Davis (P78626) | Kathryn K. George (IL Bar #6306004) |
| Lauren Walas (P87669) | 330 N. Wabash Ave., Ste. 2800 |
| 280 N. Old Woodward Ave., Ste. 400 | Chicago, IL 60611 |
| Birmingham, MI 48009 | (312) 876-7700 |
| (248) 645-0000 | Kevin.jakopcheki@lw.com |
| epelton@khvpf.com | Katie.george@lw.com |
| tdavis@khvpf.com | |
| lwalas@khvpf.com | BARNES & THORNBURG LLP |
| | Scott R. Murphy (P68015) |
| *Counsel for Plaintiffs* | Anthony C. Sallah (P84136) |
| | 171 Monroe Ave., N.W. Ste. 1000 |
| Dated: May 29, 2026 | Grand Rapids, MI 48903 |
| | (616) 742-3930 |
| | smurphy@btlaw.com |
| | asallah@btlaw.com |
| | |
| | *Counsel for Defendant Navistar, Inc.* |
| | |
| | Dated: May 29, 2026 |