**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

|  |  |
|---|---|
| GLS LEASCO, INC., and CENTRAL TRANSPORT LLC<br><br>          Plaintiffs,<br><br>     v.<br><br>NAVISTAR, INC.<br><br>          Defendant. | Civil Action No. 23-cv-12927<br><br>Hon. Mark A. Goldsmith<br><br>Magistrate Judge Anthony P. Patti |

**DEFENDANT NAVISTAR, INC.'S MEMORANDUM TO PRECLUDE
PLAINTIFFS FROM PRESENTING DEPOSITION TESTIMONY
OF NAVISTAR'S LIVE WITNESSES**

Defendant, Navistar, Inc. ("Navistar") respectfully submits this memorandum to preclude Plaintiffs GLS Leasco, Inc. ("GLS") and Central Transport LLC ("Central") from presenting deposition testimony of Maria Averhart and Tony Stinsa who are appearing live at trial.

In the Final Joint Pretrial Order, Navistar listed Maria Averhart and Tony Stinsa as coming live to testify at trial.  Plaintiffs nevertheless thereafter designated testimony for both witnesses to play during their case-in-chief, claiming they had an absolute right to do so under Rule 32(a)(3).  ECF No. 112 at 24-34, 49-55.  Courts in this district have expressly rejected Plaintiffs' exact argument.

In *Gonzalez Production Systems, Inc. v. Martinrea International Inc.*, 310 F.R.D. 341, 344 (E.D. Mich. 2015), the movant sought to use deposition testimony

1

of live witnesses pursuant to Rule 32(a)(3).  *Id.* at 342.  Judge Drain squarely rejected the argument, the same Plaintiffs now advance, holding that "[w]hen given effect, Rule 32(a)(3) precludes an opposing party from presenting the deposition of a party or its agent *at trial* as opposed to calling such individual to provide direct testimony."

*Id.* at 344 (citations omitted) (emphasis in original).  The court reasoned:

> Rule 32(a)(3) says that 30(b)(6) depositions "may" be used "for any purpose," but nothing in the statute indicates that they may be used *at any time* or *in any manner* as a party sees fit.  To permit such a course would undermine the general "preference for live testimony" and the "importance of cross-examination[.]"

*Id.*  (citing *White v. Illinois,* 502 U.S. 346, 356 (1992)) (emphasis in original).  The court concluded that it "will simply not allow these video depositions to be used when the witnesses are available to testify."  *Id.*  Judge Drain reaffirmed his reasoning in *United States v. EES Coke Battery*, LLC, 2025 WL 2623431, at *8 (E.D. Mich. Sept. 11, 2025), holding, "[n]otwithstanding the broad language used in Rule 32(a)(3), this Court has recognized that this rule does not confer an absolute right to introduce Rule 30(b)(6) deposition testimony at trial when the witness is available to testify live."

Tellingly, initially objecting to Navistar's deposition designation of Central's CFO, Mr. Schmalenberg, Plaintiffs relied on *Gonzalez* before changing course when Navistar pointed out that the same logic applied to testimony from Mr. Stinsa and Ms. Averhart:

2

"Given the testimony for live preference and the Court's discretion, live testimony is required and the deposition should only be used for impeachment. *See Gonzalez Production Systems, Inc. v. Martinrea International Inc.*, 310 F.R.D. 341 (E.D. Mich. 2015) (holding that party could not use opposing party's video deposition when witness available to testify live)."

Indeed, "[d]istrict courts throughout the Sixth Circuit have disallowed parties to introduce deposition evidence, except for impeachment purposes, when a witness is available to testify during trial." *Consumers Energy Co. v. Toshiba Am. Energy Sys. Corp.*, 2025 WL 2859130, at *1-2 (E.D. Mich. 2025) (holding that plaintiffs could not play deposition testimony of witnesses appearing live). Requiring Plaintiffs to question these live witnesses that they are affirmatively calling "cannot possibly cause unfair prejudice, because [Plaintiffs] can call the adverse witness live, impeach [the adverse witness] with the deposition if necessary, and even question the witness using the exact same questions asked at the deposition." *AWGI, L.L.C. v. Atlas Trucking Co.*, 2019 WL 7288766, at *3 (E.D. Mich. 2019) (quoting *Dhyne v. Meiners Thriftway, Inc.,* 184 F.3d 983, 989-90 (8th Cir. 1999)).

This Court has broad discretion to exclude "relevant evidence if its probative value is substantially outweighed by a danger of … wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403; *see Heights Driving Sch., Inc. v. Top Driver, Inc.,* 51 F. Appx. 932, 940 (6th Cir. 2002) ("the admission of deposition testimony still remains subject to the sound discretion of the trial court, and it has a perfect right to limit the use of the material if the deposition is repetitious

3

or immaterial").  Here, Plaintiffs are seeking to designate approximately two hours of deposition testimony of Ms. Averhart and Mr. Stinsa, *see* ECF No. 112 at 24-34, 49-55, only to cross-examine the witnesses live to the same subjects days later. "[T]he probative value of the deposition transcript itself is substantially outweighed by the risk of undue delay, wasted time, and cumulative evidence.  Thus, generally, it would not be appropriate for Defendants to read or admit the deposition transcript in lieu of live testimony." *AWGI, L.L.C.*, 2019 WL 7288766 at *4.

There is no basis for Plaintiffs' asserted concern that the witnesses may not appear.  Navistar has confirmed repeatedly to Plaintiffs that Ms. Averhart and Mr. Stinsa will appear live and are available to be called in Plaintiffs' case-in-chief.

So too with their meritless gripe that Navistar would be able to question these witnesses in Plaintiffs' case-in-chief.  Plaintiffs elected to call these adverse witnesses affirmatively—if they do not wish to have their testimony in their case-in-chief, they may elect not to call them.  But they cannot elect to present these available witnesses in their case-in-chief while also avoiding calling them live.  And this comports with Rule 611, which provides that courts "exercise reasonable control over the mode and order of examining witnesses and presenting evidence" so as to "make those procedures effective for determining the truth" and "avoid wasting time," including by "allow[ing] inquiry into additional matters as if on direct examination."  Fed. R. Evid. 611; *see also Consumers Energy Co.*, 2025 WL

2859130 at *1 ("Management of cross-examination is committed to the trial court's discretion….In order to streamline the presentation of evidence, the court would like witnesses to only have to appear once.") (citations omitted).

In fact, the parties and the Court already agreed to that protocol: if a witness is coming live and called by both parties, then they will go in Plaintiffs' case-in-chief with Navistar's cross-examination exceeding the scope of the direct examination. ECF. No. 103 at 3 ("In the interest of avoiding requiring Carmichael, Belisle, or Webb to appear at trial more than once, the Parties stipulate that if Plaintiffs call Carmichael, Belisle, or Webb during Plaintiffs' case-in-chief, Navistar's cross-examination of that Witness may exceed the scope of the direct examination."). There is no reason these witnesses should be any different.[1]

DATED: June 4, 2026     Respectfully submitted,

            /s/ *Kevin M. Jakopchek*

Scott R. Murphy (P68015)     Kevin M. Jakopchek (IL 6317040)
BARNES & THORNBURG LLP    LATHAM & WATKINS LLP
171 Monroe Ave. NW, Suite 1000  330 North Wabash Avenue, Suite 2800
Grand Rapids, MI 49503     Chicago, Illinois 60611
616-742-3930        Tel: (312) 876-7700
smurphy@btlaw.com      kevin.jakopchek@lw.com

*Attorneys for Defendant Navistar, Inc. n/k/a International Motors LLC*

---

[1] This Memorandum does not address Mr. Schmalenberg (Plaintiff's CFO), Mr. Brown or Mr. Akinosho, whose depositions both parties have designated. Should neither party elect to call those witnesses live, Navistar does not object to both parties being able to designate their depositions.

**LOCAL RULE CERTIFICATION**

I, Kevin M. Jakopchek, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts).  I also certify that it is the appropriate length.  Local Rule 7.1(d)(3).

*/s/ Kevin M. Jakopchek*
Kevin M. Jakopchek (IL Bar #6317040)
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, Illinois 60611
Tel: 312.876.7700
Fax: 312.993.9767
kevin.jakopchek@lw.com

6

## CERTIFICATE OF SERVICE

I certify that on June 4, 2026 a true and correct copy of the foregoing document was filed with the Clerk of Court using the CM/ECF system, which will send electronic notification of such filing to all counsel of record.

*/s/ Kevin M. Jakopchek*