UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GLS LEASCO, INC. and
CENTRAL TRANSPORT, LLC,

        Plaintiffs,

v.

NAVISTAR, INC.,

        Defendant.

Case No. 23-cv-12927

Hon. Mark A. Goldsmith

Magistrate Judge Anthony P. Patti

**Plaintiffs' Trial Brief re: Use of Navistar Deposition Testimony**

## ARGUMENT

**I.**      **Rules 32(a)(3) and 801(d)(2) let GLS use Navistar's party-witness depositions as substantive evidence, even if they can appear "live."**

Rule 32(a)(3) is unambiguous: "An adverse party may use for any purpose the deposition of a party or anyone who, when deposed, was the party's officer, director, managing agent, or designee under Rule 30(b)(6) or 31(a)(4)." Rule 32 allows a party to introduce its opponents' depositions "as part of [its] substantive proof," and "it is quite immaterial that the adversary is available to testify at trial or has testified there."[1] *Creative Consumer Concepts, Inc. v. Kreisler,* 563 F.3d 1070, 1080 (10th Cir. 2009) (citation omitted); *accord* 8A Wright, Miller et al., Federal Practice and Procedure § 2145 (3d ed.) ("The trial court… may not refuse to allow the deposition to be used merely because the party is available to testify in person").

These depositions also clear the hearsay bar when offered by GLS. The depositions—all from Navistar employees regarding their job duties—are statements "offered against an opposing party" made by the party's agent or employee within the scope of the relationship. Fed. R. Evid. 801(d)(2). The Sixth

---

[1] The rule Navistar relied on governs the use of deposition testimony for a witness who has died, is incapacitated, or lives outside the subpoena radius. *See* Rule 32(a)(4). The inclusion of an "unavailability" requirement in 32(a)(4), coupled with the lack of any such requirement in 32(a)(3), is textual confirmation of GLS's right to use the transcripts. *Insight Terminal Sols., LLC v. Cecelia Fin. Mgmt.*, 148 F.4th 869, 878 (6th Cir. 2025) (applying this general interpretive principle in rejecting a court-created condition beyond those set forth in the plain text of Rule 32).

Circuit accordingly allows video depositions of party-opponents to be admitted as evidence. *See Shanklin v. Norfolk S. Ry. Co.*, 369 F.3d 978, 990 (6th Cir. 2004) (affirming admission of party's video deposition as compliant with both Rule 32 and Rule 801(d)). And last year, the Sixth Circuit refused to impose additional conditions on the use of a deposition when the express conditions of Rule 32 had been met. *Insight Terminal Sols., LLC v. Cecelia Fin. Mgmt.*, 148 F.4th 869, 878 (6th Cir. 2025).[2] Here, GLS has met Rule 32's terms and may use the non-hearsay depositions of party-opponents at trial for any purpose.

## II.  Navistar cannot use its employees' depositions because they are hearsay.

Rule 32(a)(3), by its terms, runs one way: it lets a party use the deposition of "an adverse party." Navistar can thus use a deposition of a GLS employee, but not of its own employee. Navistar may instead invoke Rule 32(a)(4), arguing that its witnesses are "unavailable." But that argument fails at the next step: hearsay. Rule 804(b)(1) admits "former testimony" of an unavailable witness, but a witness is "unavailable" only if he "is absent from the trial or hearing and the statement's proponent has not been able, by process *or other reasonable means*, to procure" his

---

[2]Navistar may cite *Gonzalez Production Systems, Inc. v. Martinrea International Inc.*, 310 F.R.D. 341 (E.D. Mich. 2015), which limited a 30(b)(6) witness's video deposition to impeachment because the designee could appear live. *Id.* at 344. But *Insight Terminal* confirms that once a party meets Rule 32's express conditions, it has a "right" to use the deposition, and courts should be "wary of adding an implied requirement on top of the express ones." 148 F.4th at 878. *Gonzalez*'s implied availability-based limit cannot be squared with *Insight Terminal*'s reasoning.

attendance. Fed. R. Evid. 804(a)(5)(A) (emphasis added); *see Angelo v. Armstrong World Indus., Inc.*, 11 F.3d 957, 963 (10th Cir. 1993) (distinguishing Rule 32 unavailability from Rule 804 unavailability).

"Other reasonable means" asks what the proponent did beyond serving a subpoena, including whether it sought the witness's voluntary compliance and offered to cover travel costs and related expenses. *See United States v. Losada,* 674 F.2d 167, 172 (2d Cir. 1982); *United States v. Yida,* 498 F.3d 945, 949 (9th Cir. 2007). Navistar has not established that its own employee-witnesses are unavailable. *NLRB v. Augusta Bakery Corp.*, 957 F.2d 1467, 1480 (7th Cir. 1992) (employer could not treat its own employee as unavailable when it failed to show it could not secure his attendance through "other reasonable means"). Such an argument would be especially dubious here, where Navistar could direct its own employees to appear. In fact, just yesterday Navistar represented that it *can* have Brown, Akinosho, and Averhart appear live.[3] Navistar cannot use its own witnesses' hearsay transcripts.

**III. GLS's request that three other Navistar witnesses appear live is immaterial to its ability to use video testimony.**

Navistar says that GLS's position is inconsistent, because it asked that Navistar make Carmichael and Webb available for live testimony. But there is no inconsistency, as different rules and different reasoning govern the two.

---

[3]Navistar's stated plan to produce the witnesses appears aimed at defeating GLS's ability to use video testimony. As Part I explains, witness availability is irrelevant.

GLS's right to use Navistar's depositions comes from Rule 32(a)(3) and Rule 801(d)(2). That right does not depend on live testimony, and GLS does not waive it by examining a witness in person. *See Creative Consumer*, 563 F.3d at 1080. GLS's request regarding Carmichael and Webb flowed from a different concern: they are key witnesses, and the facts have developed materially since their depositions. The concern there was the risk that Navistar would leverage its ability to control those primary witnesses' availability to GLS's detriment: forcing GLS to use video testimony while Navistar asked the witnesses about material developments live in its own case. But GLS did not ask for any other out-of-jurisdiction witnesses to appear live, because there was no comparable risk of harm. GLS can use video testimony; Navistar is free to call the witnesses live in its own case-in-chief.

## IV.    Navistar's reversal on availability would prejudice GLS's case-in-chief.

Navistar's efforts to block GLS from using video depositions weaken when the Court remembers how this dispute arrived here. GLS first asked Navistar to produce Carmichael and Webb live; Navistar initially declined to commit and tried to reserve the right to call them live while forcing GLS to use video testimony. The Court's resulting order stated that the witnesses would appear live but let Navistar present its testimony during GLS's case, breaking the flow of GLS's presentation.

Having resisted producing the key witnesses that GLS wanted to present live—witnesses Navistar always intended to have testify live in its own case-in-

– 4 –

chief—Navistar suddenly offers to bring in secondary witnesses live, whose testimony GLS intended to present via deposition video. And again, Navistar wants to interrupt GLS's case-in-chief by examining these witnesses beyond the scope of direct, under the pretense of having the witnesses only appear once. It made that about-face only after GLS disclosed video designations under the Court's pretrial order, revealing how GLS intended to use that testimony. Navistar believes that by offering the witnesses live, it can deprive GLS of its Rule 32(a)(3) right to show the jury how Navistar's witnesses behaved and answered questions at their depositions.

To be sure, GLS could use the same video for impeachment if these witnesses testified live and gave different answers. But that detour will only lengthen the trial. GLS built its trial plan on the rules as written. The Court should not let Navistar strategically rewrite them for its own benefit. The Court should hold that GLS may use video deposition clips as non-hearsay statements authorized by Rule 32(a)(3).

Respectfully submitted,

KIENBAUM HARDY
VIVIANO PELTON & FORREST, P.L.C.

By: */s/Thomas J. Davis*
    Eric J. Pelton (P40635)
    Thomas J. Davis (P78626)
Attorneys for Defendant
280 N. Old Woodward Ave., Ste. 400
Birmingham, MI 48009
(248) 645-0000
epelton@khvpf.com
Dated:  June 4, 2026        tdavis@khvpf.com

– 5 –

**CERTIFICATE OF SERVICE**

I hereby certify that on June 4, 2026, I electronically filed this document with the Clerk of the Court using the ECF system which will send notification of such filing to all parties of record.

/s/Thomas J. Davis
Thomas J. Davis (P78626)
Kienbaum Hardy
Viviano Pelton & Forrest, P.L.C.
280 N. Old Woodward Ave., Suite 400
Birmingham, MI  48009
(248) 645-0000
tdavis@khvpf.com

4935-4975-8642, v. 1