UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GLS LEASCO, INC. and
CENTRAL TRANSPORT, LLC,

      Plaintiffs,

v.

NAVISTAR, INC.,

Defendant.

Case No. 23-cv-12927

Hon. Mark A. Goldsmith

Magistrate Judge Anthony P. Patti

---

**JOINT LIST OF EVIDENTIARY ISSUES FOR POTENTIAL
RESOLUTION BY THE SPECIAL MASTER**

Pursuant to the Court's June 3, 2026 Order Following Pretrial Conference of June 2, 2026 (ECF No. 115), Plaintiffs GLS Leasco, Inc. and Central Transport, LLC and Defendant Navistar, Inc. submit the following list of evidentiary issues for potential resolution by Special Master Nathan Fink.[1]

1.      Whether employees of Summit Truck Group and Allegiance Truck Centers were Defendant's agents with respect to the 2021 and 2022 agreements between Plaintiffs and Defendant, such that statements made by those employees regarding the negotiation, terms, and performance of the 2021 and 2022 agreements are not hearsay under Fed. R. Evid. 801(d)(2)(D). (*See, e.g.*, P-2, P-12, P-50.)

---

[1] Based on the parties' June 3, 2026 meeting regarding these topics, they currently anticipate they may reach agreement on some of the issues herein.

1

2. Whether communications among Defendant's employees are not hearsay under Fed. R. Evid. 801(d)(2)(D). (*See, e.g.*, P-51, P-62, P-78.)

3. Whether Defendant's objections under Fed. R. Evid. 1002 to P-175b, P-175c, P-175d, P-175e, and P-175f should be overruled.

4. Whether Defendant's objection to the admission of parol evidence regarding the delivery terms of the 2022 agreement should be overruled.

5. The use of documents designated as Confidential Attorneys' Eyes Only. (*See* P-185, P-186.)

6. Whether accurate summary exhibits (*e.g.* DX 587, 590) are admissible under Fed. R. Evid. 1006.

7. Whether documents exchanged in the course of negotiation of the 2021 and 2022 letter agreements (*e.g.*, DX 21, DX 261) are relevant and admissible.

8. Whether pre-signing production updates sent to Plaintiffs (*e.g.*, DX 43) are relevant and admissible.

9. Whether regularly produced business reports (Order and Production Updates, *e.g.* DX 330; Critical Supply Constraints reports, *e.g.* DX 562; Weekly Business Updates, *e.g.* DX 523; Dealer Letters, *e.g.* DX 214) are exceptions to the hearsay rule under Fed. R. Evid. 803(6).

10. The use of documents with references to unrelated settlements with third parties and redactions for attorney-client privilege and whether for trial

purposes they should be replaced with versions that do not publish to the jury the

unrelated settlements and/or invocation of privilege (*e.g.* PX 11, PX 62).

Respectfully submitted,

| | |
|---|---|
| */s/ Lauren Walas* | */s/ Kevin M. Jakopchek (with consent)* |
| KIENBAUM, HARDY, VIVIANO, PELTON & FORREST, P.L.C. | LATHAM & WATKINS, LLP |
| Eric J. Pelton (P40635) | Kevin M. Jakopchek (IL Bar #6317040) |
| Thomas J. Davis (P78626) | Kathryn K. George (IL Bar #6306004) |
| Lauren Walas (P87669) | 330 N. Wabash Ave., Ste. 2800 |
| 280 N. Old Woodward Ave., Ste. 400 | Chicago, IL 60611 |
| Birmingham, MI 48009 | (312) 876-7700 |
| (248) 645-0000 | kevin.jakopchek@lw.com |
| epelton@khvpf.com | katie.george@lw.com |
| tdavis@khvpf.com | |
| lwalas@khvpf.com | BARNES & THORNBURG LLP |
| | Scott R. Murphy (P68015) |
| *Counsel for Plaintiffs* | Anthony C. Sallah (P84136) |
| | 171 Monroe Ave., N.W. Ste. 1000 |
| Dated: June 4, 2026 | Grand Rapids, MI 48903 |
| | (616) 742-3930 |
| | smurphy@btlaw.com |
| | asallah@btlaw.com |
| | |
| | *Counsel for Defendant* |
| | |
| | Dated: June 4, 2026 |