UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GLS LEASCO, INC. and
CENTRAL TRANSPORT, LLC,

      Plaintiffs,

v.

NAVISTAR, INC.,

      Defendant.

Case No. 23-cv-12927

Hon. Mark A. Goldsmith

Magistrate Judge Anthony P. Patti

---

**REPORT AND RECOMMENDATION OF THE SPECIAL MASTER REGARDING THE USE OF CERTAIN NAVISTAR DEPOSITION TESTIMONY (ECF NOS. 117 AND 118)**

## I.    INTRODUCTION

This Report and Recommendation addresses two cross-briefs filed June 4, 2026: Defendant Navistar, Inc.'s ("Navistar") Memorandum to Preclude Plaintiffs from Presenting Deposition Testimony of Navistar's Live Witnesses (ECF No. 117), and Plaintiffs' Trial Brief re: Use of Navistar Deposition Testimony (ECF No. 118).[1] The two filings present a single, discrete legal question: whether Plaintiffs GLS Leasco, Inc. ("GLS") and Central Transport, LLC ("Central") (together, "Plaintiffs") may present video deposition testimony of Navistar witnesses, specifically Maria

---

[1]The signature block of ECF No. 118 identifies the filing firm (Kienbaum Hardy Viviano Pelton & Forrest, P.L.C. ("KHVPF")) as "Attorneys for Defendant," which is a scrivener's error; KHVPF is counsel for Plaintiffs in this action.

Averhart and Tony Stinsa, as substantive evidence during Plaintiffs' case-in-chief, even though Navistar has stated that those witnesses will appear live at trial.

For the reasons below, I recommend that the Court **DENY** Navistar's request (ECF No. 117) to the extent it seeks a categorical, pretrial bar on Plaintiffs' use of the party-opponent video depositions, and **GRANT** Plaintiffs' position (ECF No. 118) in substantial part, subject to a threshold confirmation and the Court's continuing discretion under Rules 403 and 611.

## II.     BACKGROUND

In the draft Joint Final Pretrial Order, Navistar listed Ms. Averhart and Mr. Stinsa as witnesses it intends to call live at trial. Plaintiffs subsequently designated deposition testimony of both witnesses to play during Plaintiffs' case-in-chief, asserting a right to do so under Federal Rule of Civil Procedure 32(a)(3). *See* ECF No. 112; ECF No. 117, PageID.4970. Navistar has represented repeatedly that both witnesses will appear live and will be available to be called during Plaintiffs' case-in-chief. ECF No. 117, PageID.4973.

Navistar's memorandum expressly does not reach three other witnesses: Mr. Schmalenberg, Mr. Brown, and Mr. Akinosho, whose depositions both parties have designated. As to those three, Navistar states that, should neither party elect to call them live, it does not object to both parties designating their depositions. ECF No.

2

117, PageID.4974. The live dispute is therefore confined to Ms. Averhart and Mr. Stinsa.

## III.   THE PARTIES' POSITIONS

### A. Navistar (ECF No. 117)

Navistar argues that Rule 32(a)(3)'s "for any purpose" language does not confer an absolute right to use the deposition of a witness who is available to testify live. It relies principally on Judge Gershwin A. Drain's decisions in *Gonzalez Production Systems, Inc. v. Martinrea International Inc.*, 310 F.R.D. 341, 344 (E.D. Mich. 2015), and *United States v. EES Coke Battery, LLC*, 2025 WL 2623431, at *8 (E.D. Mich. Sept. 11, 2025), which hold that the rule does not permit a party to substitute deposition testimony for available live testimony, in light of the "preference for live testimony" and the "importance of cross-examination." *Gonzalez*, 310 F.R.D. at 344 (citing *White v. Illinois*, 502 U.S. 346, 356 (1992)). Navistar adds that Plaintiffs themselves invoked *Gonzalez* when objecting to Navistar's designation of Mr. Schmalenberg, then reversed course.

Navistar further invokes *Consumers Energy Co. v. Toshiba America Energy Systems Corp.*, 2025 WL 2859130, at *1–2 (E.D. Mich. 2025), and *AWGI, L.L.C. v. Atlas Trucking Co.*, 2019 WL 7288766, at *3–4 (E.D. Mich. 2019), for the proposition that requiring a party to question an available adverse witness live causes no unfair prejudice. It also argues that, under Rule 403, designating roughly two

3

hours of deposition testimony only to cross-examine the same witnesses live days later wastes time and is needlessly cumulative; that Rule 611 authorizes the Court to control the mode and order of examination; and that the parties already stipulated to an "appear once" protocol for Carmichael, Belisle, and Webb, permitting Navistar's cross-examination to exceed the scope of direct. ECF No. 103 at 3.

### B. Plaintiffs (ECF No. 118)

Plaintiffs argue that Rule 32(a)(3) is unambiguous: an adverse party may use "for any purpose" the deposition of a party or anyone who, when deposed, was the party's officer, director, managing agent, or Rule 30(b)(6) designee, and that availability is immaterial. They rely on *Creative Consumer Concepts, Inc. v. Kreisler*, 563 F.3d 1070, 1080 (10th Cir. 2009), and 8A Wright & Miller, Federal Practice and Procedure § 2145 (3d ed.). Plaintiffs add that the depositions are not hearsay when offered against Navistar, because they are statements of Navistar's agents or employees within the scope of the relationship, Fed. R. Evid. 801(d)(2)(D), and that the Sixth Circuit permits admission of a party-opponent's video deposition, *Shanklin v. Norfolk Southern Railway Co.*, 369 F.3d 978, 990 (6th Cir. 2004).

Plaintiffs further contend that the Sixth Circuit's recent decision in *Insight Terminal Solutions, LLC v. Cecelia Financial Management*, 148 F.4th 869, 878 (6th Cir. 2025), counsels against grafting an implied availability condition onto Rule 32's express terms, and that the contrasting unavailability requirement in Rule 32(a)(4)

4

confirms, by negative implication, that no such requirement exists in Rule 32(a)(3). They also argue that Navistar may not offer the depositions of its *own* employees, because Rule 32(a)(3) runs only in favor of an adverse party and Navistar cannot establish unavailability under Rule 804(a)(5)(A) and 804(b)(1) for witnesses it represents will appear live. Finally, Plaintiffs maintain that their separate request to have Carmichael and Webb appear live is not inconsistent with their position and that Navistar's late offer to produce these witnesses live would disrupt Plaintiffs' case-in-chief.

## IV.   ANALYSIS

### A. A threshold question must be resolved as to each witness: status under Rule 32(a)(3).

Rule 32(a)(3) authorizes an adverse party to use a deposition "for any purpose" only where the deponent, when deposed, was "the party's officer, director, managing agent, or designee under Rule 30(b)(6) or 31(a)(4)." That category is narrower than the hearsay exemption in Rule 801(d)(2)(D), which reaches any agent or employee speaking within the scope of the relationship. The distinction matters here. A statement by a rank-and-file Navistar employee is non-hearsay under Rule 801(d)(2)(D) if offered, but Rule 32(a) independently governs whether a *deposition* may be used at trial in lieu of available live testimony. If a given witness was not an officer, director, managing agent, or Rule 30(b)(6)/31(a)(4) designee when deposed, then Rule 32(a)(3) does not authorize playing that witness's deposition as

5

substantive evidence, and because an available witness is not "unavailable" under Rule 32(a)(4), no other subsection of Rule 32(a) would supply that authorization either. For such a witness, the deposition would be usable only for impeachment.

Neither brief squarely establishes the status of Ms. Averhart or Mr. Stinsa at the time of their depositions. Because that status is potentially outcome-determinative, I recommend that the Court confirm, as to each witness, whether she or he was an officer, director, managing agent, or Rule 30(b)(6)/31(a)(4) designee when deposed. The analysis that follows assumes the witnesses fall within Rule 32(a)(3)'s enumerated categories.

### B. For a qualifying party-opponent witness, the text of Rule 32(a)(3) does not condition use on the witness's unavailability.

On its face, Rule 32(a)(3) permits an adverse party to use a qualifying deponent's deposition "for any purpose," without regard to availability. Rule 32(a)(4), by contrast, permits use of *any* deponent's deposition only on a showing of unavailability. The presence of an express unavailability requirement in (a)(4) and its absence from (a)(3) is a meaningful textual contrast that supports Plaintiffs' reading. Plaintiffs' out-of-circuit and treatise authorities are to the same effect: the deposition of a party-opponent may be used as substantive proof even though the deponent is available to testify, and indeed even if the deponent does testify. *Creative Consumer Concepts*, 563 F.3d at 1080; 8A Wright & Miller § 2145. The Sixth Circuit has affirmed the admission of a corporate officer's videotaped deposition,

6

though on facts involving testimony from a prior proceeding and a prior opportunity to cross-examine, rather than the available-live-witness scenario presented here. *Shanklin*, 369 F.3d at 990-91. The Sixth Circuit has elsewhere approved the substantive use of an adverse corporate agent's deposition at trial despite the witness's physical presence in the courtroom. *Black v. United Parcel Serv.*, 797 F.2d 290, 293 (6th Cir. 1986) (holding that it was "reasonable" for the trial court to allow the "presentation of testimony [from a managing agent] by way of deposition" even when the witness was available to testify live); *see also Pingatore v. Montgomery Ward & Co.*, 419 F.2d 1138, 1142 (6th Cir. 1969) (holding that limiting a party's deposition to impeachment purposes was "erroneous" because former Rule 26(d)(2), the predecessor to current Rule 32(a)(3), "permits the deposition of a party to a suit to be used by an adverse party for any purpose at the trial, even though the party was present at the trial and testified orally.")

### C. The E.D. Mich. authorities Navistar cites are persuasive only and reflect the exercise of trial-management discretion, not a categorical textual bar.

*Gonzalez*[2], *EES Coke Battery*, *Consumers Energy*, and *AWGI* are district-court decisions; they are persuasive but not binding on this Court. Each rests in

---

[2] The *Gonzalez* court itself acknowledged a split of authority on whether Rule 32(a)(3) confers a right to use an adverse party's 30(b)(6) deposition or merely an option and rested its ruling on the court's broad discretion and the parties' existing agreement for live appearances. 310 F.R.D. at 344. *See SanDisk Corp. v. Kingston Tech. Co.*, 863 F. Supp. 2d 815, 817 (W.D. Wis. 2012) (where "individuals were

substantial part on the general preference for live testimony and on the trial court's discretion to avoid cumulative or time-wasting presentation, considerations sounding in Rules 403 and 611 rather than in the text of Rule 32(a)(3) itself. These cases therefore establish only that a trial court *may* exercise its discretion to limit duplicative deposition use; they do not establish that Rule 32(a)(3) *requires* unavailability as a precondition. The Sixth Circuit has confirmed that the admission of deposition testimony "remains subject to the sound discretion of the trial court." *Heights Driving Sch., Inc. v. Top Driver, Inc.*, 51 F. App'x 932, 940 (6th Cir. 2002).

That said, I do not read *Insight Terminal* to have squarely resolved the precise availability scenario presented here; indeed, *Insight Terminal* arose in the opposite posture. It held that a bankruptcy court committed legal error by categorically excluding the deposition of a deponent who had died before trial, taken without cross-examination, and so concerns unavailability under Rule 804 rather than the use of an available witness's deposition. Plaintiffs cite it only for the general principle that courts should not add atextual conditions to Rule 32, not for any holding on the live witness question.

---

officers and designees under [Rule] 30(b)(6)…, an adverse party may use their deposition testimony for any purpose [under Rule 32(a)(3)], regardless of their availability.") *See also Wang v. Injective Labs Inc.*, No. CV 22-943, 2026 WL 323084, at *3 (D. Del. Feb. 6, 2026) (Allowing the plaintiff to play the defendant CEO's deposition in the plaintiff's case-in-chief even though the CEO was available and intended to testify live in the defense case).

Weighing these authorities, the better-reasoned position, grounded in the text of Rule 32(a)(3), the (a)(3)/(a)(4) contrast, the Sixth Circuit's decisions in *Black*, *Shanklin*, and *Insight Terminal*, and persuasive authority including *Creative Consumer Concepts* and the cited treatise, is that a qualifying party-opponent deposition may be used as substantive evidence notwithstanding the witness's availability. The trial court's legitimate efficiency concerns are best addressed through case-by-case management under Rules 403 and 611, not through a categorical pretrial prohibition.

## V.    RECOMMENDATIONS

For the foregoing reasons, I respectfully recommend that the Court:

1. **DENY** Navistar's request (ECF No. 117) to the extent it seeks a categorical, pretrial bar precluding Plaintiffs from presenting the deposition testimony of Ms. Averhart and Mr. Stinsa, and **GRANT** Plaintiffs' position (ECF No. 118) to the extent that, for any such witness who was Navistar's officer, director, managing agent, or Rule 30(b)(6)/31(a)(4) designee when deposed, Plaintiffs may use the witness's video deposition in their case-in-chief as substantive, non-hearsay evidence under Rules 32(a)(3) and 801(d)(2)(D); that right is not defeated by the witness's availability or live appearance;

2. **CONFIRM** as a threshold matter the status of each of Ms. Averhart and Mr. Stinsa at the time of their depositions under Rule 32(a)(3). As to any witness

shown not to fall within Rule 32(a)(3)'s enumerated categories, Plaintiffs' use of that witness's deposition should be limited to impeachment, because no subsection of Rule 32(a) would authorize substituting the deposition for available live testimony;

3. **RESERVE** to the trial court its discretion under Rules 403 and 611 to prevent the needless presentation of cumulative evidence and to manage the mode, order, and scope of examination at trial, rather than resolving those case-management questions by categorical pretrial order.

This Report and Recommendation resolves the legal question framed by ECF Nos. 117 and 118 while leaving the trial court the discretion that Rules 403 and 611 commit to it.

Pursuant to the Court's instruction at the June 8, 2026 Pretrial Conference, parties are advised that they may file objections to this Report and Recommendation no later than 10:30 a.m. on June 11, 2026.

Respectfully submitted,

Dated: June 8, 2026

/s/ Nathan J. Fink
Nathan J. Fink
Special Master

10