UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GLS LEASCO, INC. and
CENTRAL TRANSPORT, LLC,

Case No. 23-cv-12927

    Plaintiffs,

Hon. Mark A. Goldsmith

v.

Magistrate Judge Anthony P. Patti

NAVISTAR, INC.,

    Defendant.

---

**Joint Stipulation Resolving Pre-Trial Disputes on
Evidentiary Issues Nos. 2-6, 9, and 10.**

GLS Leasco, Inc. and Central Transport, LLC and Navistar, Inc. conferred, met with the Special Master, and resolved the issues below related to the Joint List of Evidentiary Issues (ECF No. 119). The parties stipulate and agree:

**Issue 2 — Party-opponent statements (Rule 801(d)(2)).** Communications among Navistar's employees are not hearsay when offered against Navistar for the truth of the matter asserted by the Navistar employee under Fed. R. Evid. 801(d)(1). For the same reason, communications among Plaintiffs' employees are not hearsay when offered against Plaintiffs for the truth of the matter asserted by Plaintiffs' employees. Each party reserves its objections under Fed. R. Evid. 805 to statements within these documents that are not the opposing party's own (*e.g.*, a non-party's statement embedded in either side's document or in their employees' statements). The parties agree that objections to such statements, if any, are appropriately resolved by the Court at trial.

**Issue 3 — Best evidence (Rule 1002).** Navistar withdraws its objections under Fed. R. Evid. 1002, including its objections to P-175b, P-175c, P-175d, P-175e, and P-175f.

**Issue 4 — Parol and extrinsic evidence.** The parties stipulate that their offering, admitting, or arguing from parol or extrinsic evidence does not waive any argument they may otherwise assert that the 2022 Agreement's terms are unambiguous and that they are entitled to judgment as a matter of law.

**Issue 5 — Attorneys'-Eyes-Only documents (P-185, P-186).** Navistar agrees that the AEO designation is not a basis to preclude their admission. The names of the customers whose contracts were produced may be disclosed to GLS's witnesses now. The parties continue to confer on a method to redact other information, such as customer specifications and pricing. Absent agreement, the parties will seek an order governing the documents' presentation to the jury, which will need to see the contracts as written.

**Issue 6 — Summary exhibits (Rule 1006).** The parties continue to confer on which evidence summaries (e.g., DX 587, DX 590) are admissible in their own right under Fed. R. Evid. 1006 and which are demonstratives that may be shown to the jury but not introduced as an exhibit. The parties will provide the specific basis of any objection to a summary prior to trial. The parties agree that any disputes over admissibility of summary exhibits (*i.e.*, whether they are admissible or merely demonstrative) is appropriately decided by the Court at trial.

**Issue 9 — Business records (Rule 803(6)).** Plaintiffs do not contest that Navistar's regularly produced business reports—Order and Production Updates (e.g., DX 330), Critical Supply Constraints reports (e.g., DX 562), and Weekly Business Updates (e.g., DX 523)—satisfy Fed. R. Evid. 803(6) with respect to the documents themselves. Plaintiffs reserve their objections under Fed. R. Evid. 805 to

– 2 –

hearsay within those reports, including statements attributed to third parties about their own capabilities.

**Issue 10 — Privilege and settlement redactions (PX 11, PX 62).** Navistar will produce unredacted versions of certain documents whose privilege designations were withdrawn. For the remaining documents, Navistar will reproduce versions with redactions but without the "Attorney-Client Privileged" legend on the redaction bar. The parties have one remaining disagreement to be resolved by the Court: whether Navistar may add redactions to certain documents which discuss settlements with third parties. The parties will brief this dispute in their submissions on the remaining exhibit category disputes to be filed today.

Dated: June 9, 2026                              Respectfully submitted,

                                                 /s/ *Kevin M. Jakopchek*
                                                 Kevin M. Jakopchek (IL Bar #6317040)
                                                 Kathryn K. George (IL Bar #6306004)
                                                 LATHAM & WATKINS LLP
                                                 330 North Wabash Avenue, Suite 2800
                                                 Chicago, Illinois 60611
                                                 Tel: 312.876.7700
                                                 Fax: 312.993.9767
                                                 kevin.jakopchek@lw.com
                                                 katie.george@lw.com

                                                 and

                                                 Scott R. Murphy (P68015)
                                                 Anthony C. Sallah (P84136)
                                                 BARNES & THORNBURG LLP
                                                 171 Monroe Ave. NW, Suite 1000
                                                 Grand Rapids, MI 49503

616-742-3930
smurphy@btlaw.com
asallah@btlaw.com

*Attorneys for Defendant Navistar, Inc.*
*n/k/a International Motors LLC*

/s/ *Eric J. Pelton with permission*
Eric J. Pelton (P40635)
Thomas J. Davis (P78626)
KIENBAUM HARDY
VIVIANO PELTON & FORREST, PLC
280 N. Old Woodward Ave., Ste. 400
Birmingham, Michigan 48009
(248) 645-0000
epelton@khvpf.com
tdavis@khvpf.com

*Attorneys for Plaintiffs GLS Leasco, Inc.*
*& Central Transport LLC*

– 4 –

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 9, 2026, I electronically filed this document with the Clerk of the Court using the ECF system which will send notification of such filing to all parties of record.

/s/ Kevin M. Jakopchek