# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

|  |  |
|---|---|
| GLS LEASCO, INC., and CENTRAL TRANSPORT LLC <br><br> Plaintiffs, <br><br> v. <br><br> NAVISTAR, INC. <br><br> Defendant. | Civil Action No. 23-cv-12927 <br><br> Hon. Mark A. Goldsmith <br><br> Magistrate Judge Anthony P. Patti |

## DEFENDANT NAVISTAR, INC.'S RESPONSE TO REPORT AND RECOMMENDATION REGARDING PLAINTIFFS' PRESENTATION OF DEPOSITION TESTIMONY OF NAVISTAR'S LIVE WITNESSES

Navistar respectfully submits this memorandum in response to the Special Master's Report and Recommendation regarding Plaintiffs' presentation of deposition testimony of Maria Averhart and Tony Stinsa (the "Report").

In the Final Joint Pretrial Order, Navistar listed Averhart and Stinsa as live trial witnesses, but Plaintiffs thereafter designated deposition testimony for both witnesses knowing Averhart and Stinsa were coming live, claiming an absolute right to do so under Rule 32(a)(3).  ECF No. 112, PageID.4744–4754, 4769–4775.

The Report recommended that (i) no categorical legal bar existed to Plaintiffs' use of deposition testimony of witnesses who qualify under Rule 32(a)(3), even if such witnesses are appearing live, (ii) the parties needed to further address whether Stinsa and Averhart fall within Rule 32(a)(3)'s enumerated categories, and (iii) there is no absolute right to play the deposition testimony of a witness who falls within 32(a)(3)'s scope, but rather the Court retains discretion under Rules 403 and 611 to prohibit the use of such depositions and order that such witnesses be examined live, as courts within this district have repeatedly done.[1]

This response addresses the two issues the Report left open: (i) Stinsa and Averhart do not fall into any of Rule 32(a)(3)'s enumerated categories and (ii) even

---

[1] The Report rejected Plaintiffs' reliance on *Insight Terminal Solutions, LLC v. Cecelia Financial Management*, 148 F.4th 869 (6th Cir. 2025) as it "arose in the opposite posture" of unavailability under Rule 804 of a deceased deponent "rather than the use of an available witness's deposition."  ECF No. 125, PageID.5699.

if they did, the Court should exercise its discretion to prohibit Plaintiffs from presenting their deposition testimony instead of examining the witnesses live.

### A.     Stinsa and Averhart do not fall into any of Rule 32(a)(3)'s categories

Rule 32(a)(3) applies only if the deponent, "when deposed," was the party's "officer, director, managing agent, or designee under Rule 30(b)(6) or 31(a)(4)." Fed. R. Civ. P. 32(a)(3); ECF No. 125, PageID.5695.  As the Report recognized, that rule is narrower than Rule 801(d)(2)(D), ECF No. 125, PageID.5696, and Plaintiffs bear the burden to show that each witness falls within one of Rule 32(a)(3)'s enumerated categories, *Allgeier v. United States*, 909 F.2d 869, 876 (6th Cir. 1990).

The parties do not dispute that neither Averhart nor Stinsa were an officer, director, or designee under 30(b)(6) or 31(a)(4) at the time of their depositions. Therefore, the only question is if they were "managing agents."  The answer is no.

In the Sixth Circuit, a "managing agent" is one who "[a]cts with superior authority" and is "invested with general powers to exercise his judgment and discretion in dealing with his principal's affairs."  *Brandon v. Art Centre Hosp. (Osteopathic)*, 366 F.2d 369, 372 (6th Cir. 1966).  Titles, direct reports, trial relevance, inclusion in disclosures, and operational importance are not enough; rather the inquiry is functional and turns on whether the witness had general corporate authority. *See Libbey Glass, Inc. v. Oneida, Ltd.*, 197 F.R.D. 342, 350–51 (N.D. Ohio 1999) (a procurement representative who played an "important role" in

2

contract formation was not a managing agent where he lacked authority to contract, did not control "terms, conditions, and formation of the [relevant] agreement," and "facilitated, but did not control" the process); *Young & Assocs. Pub. Rels., L.L.C. v. Delta Air Lines, Inc.*, 216 F.R.D. 521, 523–24 (D. Utah 2003) (managerial titles insufficient where employees "lacked discretion to make decisions for the corporation without approval and authorization from higher authority").

Averhart does not qualify. She testified she was "more like a manager," reported to Tim Gerke and previously to Carl Webb, and performed the functional task of working with sales and dealers to ensure that orders were scheduled and processed correctly. Ex. A (Averhart Dep.) at 18:12–19:5, 20:9–22:13. Plaintiffs' own theory confirms that her role was operational, not corporate: her group made slotting-date changes at the direction of sales, and that, apart from plant- or supplier-driven changes, did not change those dates unless directed by sales. *Id.* at 48:2–24 ("Q. But apart from [supplier change], you don't make changes that aren't directed by sales? A. Correct."). That is not "superior authority" or "general powers" over Navistar's affairs; it is execution of scheduling and order-processing functions within a defined operational lane. *Brandon*, 366 F.2d at 372; *see also Libbey*, 197 F.R.D. at 350–51 (witness who played an "important role" was not a managing agent where he lacked authority to contract, was subordinate, and did not act with "substantially unfettered discretion and power"); *Young*, 216 F.R.D. at 523–24

(managerial titles insufficient where employees required "higher approval for decisions of substance").

Stinsa does not qualify either.  When deposed, Mr. Stinsa was Director of Logistics, responsible for managing inbound and outbound logistics for parts and trucks.  Ex. B (Stinsa Dep.) at 8:2–11.  And even considering his former used-truck role, he testified that he typically would not see the new-truck-side agreement details, did not know the April 2022 contract terms, did not know whether there was a contract, and was not involved in the decision to move to no-trade credits.  *Id*. at 31:5–32:5, 114:3–115:14, 142:13–143:1, 183:10–184:14.  At most, Stinsa is a fact witness with business-unit knowledge about used-truck valuation and market conditions.  That is not enough.  *See Brandon*, 366 F.2d at 372.

**B.**    **This Court should exercise its discretion to exclude Plaintiffs' presentation of these witnesses' deposition testimony**

Even if the witnesses qualified, "the admission of deposition testimony still remains subject to the sound discretion of the trial court, and it has a perfect right to limit the use of the material if the deposition is repetitious or immaterial."  *Heights Driving Sch., Inc. v. Top Driver, Inc.,* 51 F. Appx. 932, 940 (6th Cir. 2002).

In exercising their discretion when faced with the situation presented here, "[d]istrict courts throughout the Sixth Circuit have disallowed parties to introduce deposition evidence, except for impeachment purposes, when a witness is available to testify during trial."  *Consumers Energy Co. v. Toshiba Am. Energy Sys. Corp.,*

4

2025 WL 2859130, at *1-2 (E.D. Mich. 2025) ("In order to streamline the presentation of evidence, the court would like witnesses to only have to appear once."). This discretion applies even where a witness falls within one of Rule 32(a)(3)'s enumerated categories. *Id.*

In *Gonzalez Production Systems, Inc. v. Martinrea International Inc.*, the movant sought to use deposition testimony of live witnesses pursuant to Rule 32(a)(3). 310 F.R.D. 341, 344 (E.D. Mich. 2015). Judge Drain held that "[t]o permit such a course would undermine the general 'preference for live testimony' and the 'importance of cross-examination[.]'" *Id.* at 344 (citing *White v. Illinois,* 502 U.S. 346, 356 (1992)) ("Rule 32(a)(3) says that 30(b)(6) depositions 'may' be used 'for any purpose,' but nothing in the statute indicates that they may be used *at any time* or *in any manner* as a party sees fit.") (emphasis in original). The court concluded that it "will simply not allow these video depositions to be used when the witnesses are available to testify." *Id*. Judge Drain reaffirmed his reasoning in *United States v. EES Coke Battery, LLC*, holding, "[n]otwithstanding the broad language used in Rule 32(a)(3), this Court has recognized that this rule does not confer an absolute right to introduce Rule 30(b)(6) deposition testimony at trial when the witness is available to testify live." 2025 WL 2623431, at *8 (E.D. Mich. Sept. 11, 2025). "To permit such a course would undermine the general 'preference for live testimony' and the 'importance of cross examination,' as well as 'undermine this Court's ability

5

to efficiently run [a] trial.'" *Id.* (quoting *White*, 502 U.S. at 356).

Here, Plaintiffs are seeking to designate approximately two hours of deposition testimony of Averhart and Stinsa, *see* ECF No. 112, PageID.4744–4754, 4769–4775, only to cross-examine the witnesses live on the same subjects days later. Indeed, Plaintiffs have stated that their current order of witnesses calls for one live witness, followed by hours of deposition designations of Fink and Lollis, then another live witness followed by many hours of deposition testimony from four witnesses (Akinosho, Brown, Podewell, and Averhart), then a live witness, then more deposition testimony (Stinsa), then their expert. There is simply no reason for Plaintiffs to force the jury to sit through ***multiple days of*** deposition videos, simply to have them then have to sit through two of those same witnesses' live testimony and cross-examination that is likely to just repeat whatever points Plaintiffs made during the hours of deposition testimony.

Indeed, "the probative value of the deposition transcript itself is substantially outweighed by the risk of undue delay, wasted time, and cumulative evidence. Thus, generally, it would not be appropriate for Defendants to read or admit the deposition transcript in lieu of live testimony." *AWGI, L.L.C. v. Atlas Trucking Co., L.L.C.*, 2019 WL 7288766, at *4 (E.D. Mich. 2019).

There is no basis for Plaintiffs' claimed prejudice as a result of Navistar questioning these witnesses in Plaintiffs' case-in-chief. Requiring Plaintiffs to

6

question these live witnesses that they are affirmatively calling "cannot possibly cause unfair prejudice, because [Plaintiffs] can call the adverse witness live, impeach [the adverse witness] with the deposition if necessary, and even question the witness using the exact same questions asked at the deposition." *Id.* at *3 (quoting *Dhyne v. Meiners Thriftway, Inc.,* 184 F.3d 983, 989–90 (8th Cir. 1999)).

This approach comports with the approach repeatedly taken in this district as well as with Rule 611 itself, which provides that courts "exercise reasonable control over the mode and order of examining witnesses and presenting evidence" so as to "make those procedures effective for determining the truth" and "avoid wasting time," including by "allow[ing] inquiry into additional matters as if on direct examination." Fed. R. Evid. 611(a)(b). The fairness and efficiency of this procedure in this case is bolstered by the fact that the parties and the Court already agreed to that protocol with respect to other live witnesses being called by both parties. ECF No. 103, PageID.4088. There is no reason these witnesses should be any different.

DATED: June 10, 2026        Respectfully submitted,

/s/ *Kevin M. Jakopchek*

| | |
|---|---|
| Scott R. Murphy (P68015) | Kevin M. Jakopchek (IL 6317040) |
| BARNES & THORNBURG LLP | LATHAM & WATKINS LLP |
| 171 Monroe Ave. NW, Suite 1000 | 330 North Wabash Avenue, Suite 2800 |
| Grand Rapids, MI 49503 | Chicago, Illinois 60611 |
| 616-742-3930 | Tel: (312) 876-7700 |
| smurphy@btlaw.com | kevin.jakopchek@lw.com |

*Attorneys for Defendant Navistar, Inc. n/k/a International Motors LLC*

**LOCAL RULE CERTIFICATION**

I, Kevin M. Jakopchek, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify that it is the appropriate length. Local Rule 7.1(d)(3).

*/s/ Kevin M. Jakopchek*
Kevin M. Jakopchek (IL Bar #6317040)
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, Illinois 60611
Tel: 312.876.7700
Fax: 312.993.9767
kevin.jakopchek@lw.com

## CERTIFICATE OF SERVICE

I certify that on June 10, 2026 a true and correct copy of the foregoing document was filed with the Clerk of Court using the CM/ECF system, which will send electronic notification of such filing to all counsel of record.

*/s/ Kevin M. Jakopchek*