**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| GLS LEASCO, INC., and CENTRAL TRANSPORT LLC <br><br>                 Plaintiffs, <br><br>     v. <br><br> NAVISTAR, INC. <br><br>                 Defendant. | Civil Action No. 23-cv-12927 <br><br> Hon. Mark A. Goldsmith <br><br> Magistrate Judge Anthony P. Patti |

**DEFENDANT NAVISTAR, INC.'S LIMITED OBJECTION TO SPECIAL MASTER'S REPORT AND RECOMMENDATION REGARDING <u>REMAINING EVIDENTIARY ISSUES (ECF NOS. 119, 126, AND 127)</u>**

Defendant Navistar, Inc. ("Navistar") respectfully submits this memorandum in response to Issue 10 of the Special Master's Report and Recommendation (the "Report") regarding redactions to unrelated third-party settlements.

In the Report, the Special Master recommended that Navistar's request to redact irrelevant and unfairly prejudicial references to third-party settlements in trial exhibits is "not ripe for categorical resolution."  ECF No. 132, PageID.5998-6000. The Report relied on page 59 of P-62, a Navistar Board of Directors presentation that reads "Net Cash flow of ($159)M include ($533)M of legal settlements and ($444)M of investments."  ECF No. 51-11, PageID.1197.  Relying on Plaintiffs' never-before-seen arguments, *see* ECF No. 127, PageID.5867, the Report recommended that the reference "is at least arguably probative of financial motive on the fraud claim and may not be a properly redactable, unrelated reference."  ECF No. 132, PageID.6000.   Within Recommendation 4, the Report further recommended that the reference to legal settlements on page 59 of P-62 and "comparable language" should be "treated as presumptively relevant" (the "Recommended Presumption").  *Id.* at PageID.6002.  Navistar respectfully objects to the Recommended Presumption for three reasons:

First, during conferral, Plaintiffs' position was simply that they would agree to no new redactions, and they did not articulate any theory of relevance.  This meant that Navistar had no opportunity to respond to Plaintiffs' position, and Plaintiffs

1

should not be entitled to the Recommended Presumption without Navistar ever having the chance to respond to their relevance argument.

Second, Plaintiffs' new theory of relevance purportedly concerns Navistar's net cash flow position, namely that Navistar was "bleeding cash and looking for margin wherever it could find it."  ECF No. 127, PageID.5867.  By its own terms, such theory depends on Navistar's aggregate cash flow figures—which Navistar does not intend to redact—***not*** on identifying any particular expense as legal settlements.  If anything, the non-repeating nature of a legal settlement expense ***cuts against*** Plaintiffs' "bleeding cash" proffered relevance.  *See* ECF No. 51-11, PageID.1198 (projecting operating profit of "$590M").  Regardless, characterizing a component of cash flow as a settlement rather than another expense adds nothing to Plaintiffs' net cash flow theory, while introducing precisely the kind of unfair prejudice Rule 403 is designed to prevent and inviting a mini-trial into Navistar's operating finances.

Third, no evidentiary foundation supports a finding that third-party legal settlement expenses factored into any decision-making relevant to Plaintiffs.  No fact witness has testified as to their *knowledge* of these settlement obligations, much less that such obligations influenced production allocation, pricing, or any decision at issue.  No expert has opined that settlement expenses drove the alleged diversion of production away from Plaintiffs, or attempted to quantify what, if any, marginal

2

impact on Navistar's financials occurred because of the alleged *delays* (not non-delivery) related to Plaintiffs' trucks.[1]  Without such a foundation, the bare mention of settlements in a 71-page Board presentation cannot support the Recommended Presumption.

Accordingly, Navistar respectfully requests that the Court decline to adopt the Recommended Presumption.

DATED: June 11, 2026

Respectfully submitted,

/s/ *Kevin M. Jakopchek*

| | |
|---|---|
| Scott R. Murphy (P68015) | Kevin M. Jakopchek (IL 6317040) |
| BARNES & THORNBURG LLP | LATHAM & WATKINS LLP |
| 171 Monroe Ave. NW, Suite 1000 | 330 North Wabash Avenue, Suite 2800 |
| Grand Rapids, MI 49503 | Chicago, Illinois 60611 |
| 616-742-3930 | Tel: (312) 876-7700 |
| smurphy@btlaw.com | kevin.jakopchek@lw.com |

*Attorneys for Defendant Navistar, Inc. n/k/a International Motors LLC*

---

[1] Indeed, Plaintiffs have withdrawn their disclosure of Mark Belisle as a witness, meaning no witness who received P-62 will even appear in Plaintiffs' case-in-chief.

## LOCAL RULE CERTIFICATION

I, Kevin M. Jakopchek, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts).  I also certify that it is the appropriate length.  Local Rule 7.1(d)(3).

/s/ Kevin M. Jakopchek
Kevin M. Jakopchek (IL Bar #6317040)
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, Illinois 60611
Tel: 312.876.7700
Fax: 312.993.9767
kevin.jakopchek@lw.com

4

**CERTIFICATE OF SERVICE**

I certify that on June 11, 2026 a true and correct copy of the foregoing document was filed with the Clerk of Court using the CM/ECF system, which will send electronic notification of such filing to all counsel of record.

*/s/ Kevin M. Jakopchek*

5