UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GLS LEASCO, INC. and
CENTRAL TRANSPORT, LLC,

       Case No. 23-cv-12927

    Plaintiffs,

       Hon. Mark A. Goldsmith

v.

       Magistrate Judge Anthony P. Patti

NAVISTAR, INC.,

    Defendant.

---

**Plaintiffs' Limited Objections to the Special Master's
June 10, 2026 Report and Recommendation**

**Argument**

Plaintiffs object on two narrow points. They do not object to the Report's remaining recommendations.

I.  **Rule 104(a) directs the Court to decide the agency question, and the record already answers it: Fink and Lollis were Navistar's agents.**

A statement is not hearsay if it "is offered against an opposing party" and "was made by the party's agent or employee on a matter within the scope of that relationship and while it existed." Fed. R. Evid. 801(d)(2)(D). Whether that relationship existed is a preliminary question of admissibility, and the rule's command is mandatory: "The court *must* decide any preliminary question about whether . . . evidence is admissible." Fed. R. Evid. 104(a) (emphasis added). In deciding it, the Court "is not bound by evidence rules, except those on privilege," *id.*, meaning that it may decide, on a preponderance-of-the-evidence standard, based on depositions, exhibits, and the proffered statements themselves. *Bourjaily v. United States*, 483 U.S. 171, 175–76 (1987); Fed. R. Evid. 104(a) advisory committee's note ("the judge should be empowered to hear any relevant evidence, such as affidavits or other reliable hearsay") (quoting McCormick § 53); Fed. R. Evid. 801(d)(2) (final sentence) & advisory committee's note to 1997 amendment (extending reasoning of *Bourjaily* to the agency hearsay subsection).

Nothing in this framework conditions the Court's duty on hearing live trial testimony. To the contrary: the Sixth Circuit has endorsed resolving the Rule 104(a)

predicate for a Rule 801(d)(2) statement in a pre-trial hearing. *United States v. Vinson*, 606 F.2d 149, 152–53 (6th Cir. 1979). The Sixth Circuit itself has resolved Rule 801(d)(2)(D) agency questions based on deposition and affidavit testimony. *Re/Max Int'l, Inc. v. Realty One, Inc.*, 173 F.3d 995, 1011-15 (6th Cir. 1999). And if a discrete foundational question genuinely remains at issue, Rule 104(b) supplies the remedy: conditional admission "subject to" later connection, not deferral of the question. *Vinson*, 606 F.2d at 153; Fed. R. Evid. 104(b).

Here, the Special Master concluded that "the record amply supports a preponderance finding of agency as to the co-op transactions."[1] ECF No. 132, PageID.6000–6001. That finding rested on undisputed structural facts, drawn largely from Navistar's own witnesses: (1) Navistar led the co-op transactions; (2) it retained the risk of loss; (3) it set the price and paid the dealer a flat $750-per-truck commission; (4) it controlled ordering, production, and delivery, such that the dealer could not order trucks until Navistar authorized it; and (5) it communicated its negotiating positions to GLS through the dealer, including its position that GLS sign

---

[1] The special master did so despite leaving unaddressed the authority most squarely on point: *Olson Mfg. Co. v. Roberts*, 280 P.2d 433, 437 (Colo. 1955), cited at ECF No. 127, PageID.5863–64. There, agency existed where the manufacturer made the "arrangements for the sale and the method of sale," "dictated and controlled the sale price," "fixed the amount of the commission to be paid" to the dealer, and retained rights in the vehicles before sale. *Id.* Those facts map onto the co-op structure here.

– 2 –

the 2022 agreement. ECF No. 127, PageID.5862–63. Plaintiffs will lay the same foundation at trial. The predicate is not in doubt; only its timing.

Given this, and given the authority governing when and on what record a Court should decide Rule 104(a) issues, the Court should hold that Plaintiffs have satisfied their burden to show that the dealership (and its employees Justin Fink and Jim Lollis) were Navistar's agents with respect to the 2021 and 2022 co-op transactions, and that their statements on matters concerning those transactions are admissible under Rule 801(d)(2)(D). Any specific concern over whether a Lollis or Fink statement falls within the scope of that transaction should be handled by conditional admission under Rule 104(b).

## II. Navistar should be barred from using DX-261, DX-43, and DX-88 in its opening statement.

On Issues 7 and 8, the Report reserves for trial (a) all questions about DX-261, (b) the Rule 403 balance as to DX-43 and DX-88 even for the notice-and-knowledge purpose, and (c) the truth-of-the-dates use of DX-43 and DX-88 and its supporting hearsay foundation. ECF No. 132, PageID.6001. Plaintiffs do not object to those reservations. But their corollary should be made explicit.

**DX-261.** Because no ruling admitting DX-261 will exist when opening statements are delivered, the Court should hold that Navistar may not display, quote, or characterize DX-261 in its opening statements.

– 3 –

**DX-43 and DX-88.** For these exhibits—emails from Jim Lollis transmitting purported production schedules—the Special Master's recommendation is conditional: Navistar may use the documents for the non-hearsay purpose of showing "what Plaintiffs knew, or were on notice of," but not for the truth of the production dates they report. ECF No. 132, PageID.5996-5997. And even on that non-hearsay use, the Special Master recommends that admission be conditioned on a Rule 403 balancing analysis. *Id.*

Here, Rule 403 balancing cannot be performed before opening statements, because the Court cannot rule on that issue until it knows how Navistar will actually characterize them. And the 403 risk here is profound. The two exhibits are spreadsheets Lollis himself built; neither is a mere transmission of, say, Navistar's own internal production system reports. The jury is very likely to assume that the numbers in Lollis's hearsay spreadsheet are Navistar's actual numbers—that is, the jury will credit them for the truth of the matter asserted. Moreover, Navistar seeks to use Lollis's unofficial spreadsheets to invite the inference that those production dates were fixed, when that schedule—even if accurate—merely reflected Navistar's own discretionary allocation choices rather than some externally imposed reality carved in stone. Navistar's choice to divert production to higher-margin customers, despite its contractual obligations to Plaintiffs, is one of the key issues to be addressed at trial. Until the Court resolves these reserved admissibility issues,

– 4 –

Navistar should not be permitted to display, quote, or characterize DX-43 and DX-88 during openings either.

### Conclusion

Plaintiffs respectfully request that the Court (1) rule under Rule 104(a) that Fink's and Lollis's statements concerning the 2021 and 2022 co-op transactions are non-hearsay statements of Navistar's agents under Rule 801(d)(2)(D), with any statement-specific scope or foundation issues addressed as offered, subject to connection under Rule 104(b); and (2) adopt the Report's reservations as to DX-261, DX-43, and DX-88 with the added directive that Navistar may not use or refer to those documents in its opening statement.

Respectfully submitted,

KIENBAUM HARDY
VIVIANO PELTON & FORREST, P.L.C.

By: */s/ Thomas J. Davis*
   Eric J. Pelton (P40635)
   Thomas J. Davis (P78626)
Attorneys for Defendant
280 N. Old Woodward Ave., Ste. 400
Birmingham, MI 48009
(248) 645-0000
epelton@khvpf.com
tdavis@khvpf.com

Dated:  June 11, 2026

## CERTIFICATE OF SERVICE

I hereby certify that on June 11, 2026, I electronically filed this document with the Clerk of the Court using the ECF system which will send notification of such filing to all parties of record.

/s/ Thomas J. Davis
Thomas J. Davis (P78626)
Kienbaum Hardy
Viviano Pelton & Forrest, P.L.C.
280 N. Old Woodward Ave., Suite 400
Birmingham, MI  48009
(248) 645-0000
tdavis@khvpf.com