UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GLS LEASCO, INC. and
CENTRAL TRANSPORT, LLC,

     Plaintiffs,

v.

NAVISTAR, INC.,

     Defendant.

Case No. 23-cv-12927

Hon. Mark A. Goldsmith

Magistrate Judge Anthony P. Patti

**REPORT AND RECOMMENDATION OF THE SPECIAL MASTER REGARDING DEPOSITION DESIGNATIONS, COUNTER-DESIGNATIONS, OBJECTIONS, AND RESPONSES (ECF No. 116)**

## I.    INTRODUCTION

This Report and Recommendation addresses the parties' combined deposition designations, counter-designations, objections, and responses (ECF No. 116; working spreadsheet provided June 3, 2026) for six witnesses: David Brown, Wale Akinosho, Nick Schmalenberg, Maria Averhart, Tony Stinsa, and Kerri Podewell. Counsel for Navistar provided to the Special Master crosswalk spreadsheets correlating deposition designations to underlying trial exhibit numbers and their associated objections. To the extent any structural conflict arose between the crosswalk documents and the baseline filings, ECF No. 116 controls. Counsel met with the Special Master multiple times to discuss the designations and objections.

1

Recommended dispositions for all designation rows appear in the accompanying spreadsheet appendix (**Ex. 1**) (Part VI).

The spreadsheet contains one or two sections per witness. Where present, the first section covers Navistar's designations, Plaintiffs' objections and Navistar's responses, and Plaintiffs' counter-designations with Navistar's objections and Plaintiffs' responses. The second covers Plaintiffs' designations, Navistar's objections and Plaintiffs' responses, and Navistar's counter-designations with Plaintiffs' objections and Navistar's responses. Brown, Podewell, and Akinosho have both sections; Schmalenberg has only Navistar's designations; Averhart and Stinsa have only Plaintiffs' designations. The appendix adds recommended-ruling columns to each section.

## II.  BACKGROUND

This is a commercial dispute arising from Navistar's performance under 2021 and 2022 letter agreements with Plaintiffs for the purchase of trucks. The central issues are breach, excused performance (supply-chain disruption), and damages including disposition of used trucks. All six deponents were Navistar personnel involved in sales planning, order-board management, production scheduling, or the used-truck business.

Averhart and Stinsa are party-opponent witnesses whom Plaintiffs seek to use substantively; Navistar identifies them as live trial witnesses. The question whether

Plaintiffs may use those depositions in their case-in-chief is the subject of a separate Report and Recommendation (ECF No. 125) that has not yet been adopted by the Court; it is not relied upon as an order here, and the evidentiary dispositions below apply to the extent the Court permits substantive use. Navistar has represented that, should neither party call Schmalenberg, Brown, or Akinosho live, it does not object to both parties designating their depositions.

## III.    GOVERNING LEGAL STANDARDS

Rule 32(a)(1) permits deposition use against a party present at the taking, to the extent admissible under the Federal Rules of Evidence. Rule 32(a)(3) permits adverse-party use of an officer, director, managing agent, or Rule 30(b)(6)/31(a)(4) designee's deposition for any purpose. Rule 32(a)(6) and Federal Rule of Evidence 106 embody the completeness rule.

Rule 32(d)(3)(B): form objections—vague, ambiguous, compound, leading, calls-for-speculation—are waived unless raised at the deposition when the defect could have been corrected. Admissibility objections are generally preserved under Rule 32(d)(3)(A). Rule 602 requires personal knowledge. Rule 801(d)(2)(D) excludes from hearsay a party-opponent's employee's statement when offered against the party—it does not authorize a party to offer its own agent's statement for its own benefit.

## IV.    ANALYSIS OF RECURRING OBJECTION CATEGORIES

The parties' objections cluster into eight recurring categories (Parts IV.A–IV.G). The appendix applies these dispositions row by row. A ninth issue—the Rule 408 settlement references—is confined to a single witness (Podewell) and is addressed in Part IV.H.

### A. Form Objections.

The witnesses understood and answered every challenged question. Plaintiffs represent—and the response column confirms for most entries—that these objections were not raised contemporaneously at the deposition, waiving them under Rule 32(d)(3)(B). Recommended disposition: OVERRULE, on both grounds, subject to the Court's Rule 611(a) authority.

### B. Foundation and Personal Knowledge (Rule 602).

A witness's acknowledgment that she lacks knowledge—"I don't know," "I don't recall," "I was not involved"—is admissible first-hand testimony about the state of her own knowledge and the limits of her role. Objections aimed at such disclaimers are OVERRULED.

The objection has force where a witness, having disclaimed knowledge of a document she did not prepare, is pressed to interpret it and expressly labels her answer speculation. The clearest instance is Podewell 163:3–13, where—over a preserved contemporaneous objection—the witness prefaced her interpretation with

"My — my speculation is that…" Where a witness answers from her own role, attendance, or conduct, the objection goes to weight and is OVERRULED.

### C. Relevance (Rules 401–403).

The designated testimony—order-board mechanics, allocation decisions, production constraints, the used-truck market, motive, damages, and mitigation—satisfies Rule 401 throughout. Rules 401/402 objections: OVERRULE. Rule 403 balancing (cumulativeness, time, unfair prejudice): OVERRULE. The probative value of this testimony is not substantially outweighed by a danger of unfair prejudice, and cumulativeness and the allocation of trial time are matters of trial presentation managed under Rule 611(a). This disposition reaches the principal Rule 403 dispute among the designations, the Stinsa "large ugly package" references and the testimony that Navistar had "lost money on Central" (Stinsa 67:24–69:1): that testimony is motive evidence directly relevant to the breach theory, its probative value is not substantially outweighed by a danger of unfair prejudice, and the Rule 403 objection is OVERRULED, with presentation managed under Rule 611(a).

### D. Hearsay.

**Plaintiffs' designations of Navistar employees:** When Plaintiffs offer a Navistar employee's statement against Navistar for its truth, it is a party-opponent admission under Rule 801(d)(2)(D). These objections are OVERRULED.

**Navistar's designations of its own employees (Brown, Akinosho, Podewell first sections):** Rule 801(d)(2)(D) does not assist Navistar. Two paths remain. First, testimony about what a witness personally did, observed, or understood is not hearsay at all—it is the witness's own first-hand account (e.g., Brown: "I was not making cuts to orders" (78:19); "I was instructed to slot 1,100 trucks" (174:12)). Those passages are OVERRULED. Second, where a designation has the witness recounting third-party statements for their truth, those passages are hearsay and are SUSTAINED IN PART on that basis, and are excluded absent an identified hearsay exception, which the proponent has not supplied; the witness's availability for substantive use under Rule 32(a) (and, where invoked, Rule 804) is a trial-foundation matter to be laid at trial, not a basis to defer the objection now. Plaintiffs' general objection to Navistar's use of Schmalenberg's deposition—that he is available within the subpoena radius under *Gonzalez Production Systems, Inc. v. Martinrea International Inc.*, 310 F.R.D. 341 (E.D. Mich. 2015), so that his deposition should be confined to impeachment—presents this same own-employee question and is not a basis to strike the designations now: Navistar's substantive use is governed by Rule 32(a), and any unavailability predicate is a trial foundation to be laid at trial. Navistar has represented that, if neither party calls him live, it does not object to both parties' designations, and the related substantive-use questions remain pending before the Court (ECF No. 125, not yet adopted) and are not relied upon here.

6

## E. Completeness (Rule 32(a)(6); Rule 106).

Completeness objections are curable, not exclusionary. Where the parties have agreed to add lines, the additions should be incorporated; otherwise, designations must be conformed to include the predicate question or responsive answer. No designation may present a question without its answer. Recommended: SUSTAIN IN PART; designations are conformed directly within the appendix to provide an operational directive for video clip editing.

## F. Exhibit-Contingent Objections.

Where Navistar objects that testimony concerns an "objected-to document" or a document not on Plaintiffs' exhibit list, the objection is contingent on the underlying exhibit ruling and is resolved by a self-executing disposition keyed to that ruling: "good cause" exhibit objections were resolved by ECF No. 122 (adopting ECF No. 108). If the underlying exhibit is admitted, the testimony objection is overruled; if excluded, document-dependent testimony is excluded with it. Where an exhibit-contingent row also raises grounds independent of the exhibit—personal knowledge, relevance, form, or hearsay—the appendix resolves those grounds conditionally ("if the exhibit is admitted, …"), so that no rows need to return to the Special Master once the exhibit objections are decided.

### G. Counter-Designation Objections.

The disposition of a counter-designation objection depends on which party offers the counter-designation.

**Where Plaintiffs counter-designate a Navistar witness** (the section of each witness's designations in which Navistar designates and Plaintiffs counter-designate): the counter-designated testimony is offered by Plaintiffs against Navistar and is a party-opponent admission under Rule 801(d)(2)(D). A "hearsay if offered by Navistar" objection has no application to testimony Plaintiffs offer, and any hearsay objection to such a counter-designation is OVERRULED.

**Where Navistar counter-designates its own witness** (the section of each witness's designations in which Plaintiffs designate and Navistar counter-designates Brown, Akinosho, Podewell, Averhart, or Stinsa): the counter-designated testimony is offered by Navistar, and Rule 801(d)(2)(D) does not apply, because that rule reaches a party-opponent's statements only when offered against the party. Plaintiffs' "hearsay if offered by Navistar" objection to such a counter-designation is therefore governed by the own-employee framework in Part IV.D: the counter-designation is admissible as the witness's non-hearsay account of his or her own conduct, observations, or understanding, but SUSTAINED IN PART as to any passage offered for the truth of others' statements, which are excluded absent an identified hearsay exception, which the proponent has not supplied; the witness's

availability for substantive use under Rule 32(a) (and, where invoked, Rule 804) is a trial-foundation matter to be laid at trial, not a basis to defer the objection now.

The remaining counter-designation objections are resolved without regard to posture. Redaction objections ("inappropriate to show jury overruled/waived objections"): SUSTAINED as to mechanical redaction of attorney colloquy and waived objections from the video and transcript played to the jury; the substantive testimony is not excluded. Categorical Rule 106 objections ("Navistar did not object to the underlying designation, so the counter-designation is inappropriate"): OVERRULED; the right of completeness does not depend on whether the designating party objected to its own designation. Responsiveness objections that a particular counter-designation is non-responsive or not necessary for completeness are SUSTAINED IN PART under Part IV.E: the counter-designation is allowed only to the extent Rule 32(a)(6)/Rule 106 completeness requires, and designations are conformed directly within the appendix to provide an operational directive for video clip editing.

### H. Rule 408 (Settlement References) and Privilege (Podewell).

This issue is confined to Podewell. Navistar invokes Rule 408 against Plaintiffs' designations (and one Plaintiffs' counter-designation) in which Podewell, the head of CSA, refers to a settlement Navistar reached with a different customer, Hirschbach Motor Lines, to explain that the settlement drove that customer's SPA

9

discount into the seventies (114:1–21; 120:1–121:25; 160:22–161:11; and, by completeness, within 158:9–162:11). Rule 408(a) bars a compromise only when offered to prove the validity or amount of a disputed claim; Rule 408(b) admits it for any other purpose. Plaintiffs do not offer the reference to prove their own claim—they offer it to illustrate how a customer's non-price terms inflate its SPA, bearing on market context and motive—so it falls within Rule 408(b). That the compromise involves a non-party and a different dispute makes Rule 408's application doubtful in any event.

Navistar's Rule 408 objection is therefore SUSTAINED only insofar as the testimony is offered to prove the validity or amount of the disputed claim, and OVERRULED—with the testimony admitted for motive and market context under Rule 408(b)—subject to a Rule 105 limiting instruction; the same limitation attaches to the completeness counter-designation, so completeness does not become a vehicle for unrestricted use. For the document-based passages (114:1–21; 120:1–121:25), this ruling operates within the self-executing exhibit framework of Part IV.F. The related privilege objection is OVERRULED as to fact and own-conduct testimony, with any specific privileged communication redacted; Plaintiffs further represent that privilege was waived in a later version of the document (P-84).

10

## V.    RECOMMENDATIONS

For the foregoing reasons, I respectfully recommend the following dispositions, applied line by line in the spreadsheet appendix:

- **FORM OBJECTIONS:** OVERRULE—waived under Rule 32(d)(3)(B) and witnesses answered substantively.

- **FOUNDATION / RULE 602:** OVERRULE objections to disclaimers or testimony within the witness's role (weight, not admissibility). SUSTAIN as to expressly speculative interpretive testimony without personal knowledge (for example, Podewell 163:3–13).

- **RELEVANCE (RULES 401/402):** OVERRULE throughout, including Rule 403: probative value is not substantially outweighed by unfair prejudice, and cumulativeness and time are managed under Rule 611(a).

- **HEARSAY — PLAINTIFFS' DESIGNATIONS OF NAVISTAR WITNESSES:** OVERRULE, these are party-opponent admissions under Rule 801(d)(2)(D).

- **HEARSAY — NAVISTAR'S DESIGNATIONS OF ITS OWN EMPLOYEES:** OVERRULE as to own-conduct testimony (not hearsay). SUSTAIN IN PART as to passages offered for the truth of others' statements, which are excluded absent an identified hearsay exception (none supplied);

11

availability for substantive use under Rule 32(a)/Rule 804 is a trial-foundation matter to be laid at trial.

- **COMPLETENESS:** SUSTAIN IN PART—designations are conformed to integrate required predicate context as itemized in the appendix.

- **EXHIBIT-CONTINGENT OBJECTIONS:** Self-executing disposition keyed to exhibit rulings: the testimony is admitted with the underlying exhibit and excluded with it as to document-dependent passages, with no row returning to the Special Master. Parties to prepare a conforming matrix.

- **COUNTER-DESIGNATION OBJECTIONS:** Resolve by posture. Where Plaintiffs counter-designate a Navistar witness, OVERRULE hearsay objections (party-opponent admissions under Rule 801(d)(2)(D)). Where Navistar counter-designates its own witness, apply the own-employee framework—OVERRULE as to own-conduct testimony and SUSTAIN IN PART as to statements of others offered for their truth, which are excluded absent an identified hearsay exception (none supplied), availability being a trial-foundation matter under Rule 32(a)/Rule 804. OVERRULE categorical Rule 106 objections; SUSTAIN mechanical redaction of attorney colloquy and waived objections from the jury presentation.

- **RULE 408 / PRIVILEGE:** As to Podewell, SUSTAIN the Rule 408 settlement reference only insofar as offered to prove the validity or amount of

12

the claim (redact under FRE 408(a)); OVERRULE otherwise for a permitted purpose under FRE 408(b) with a Rule 105 limiting instruction; and OVERRULE the privilege objection as to fact and own-conduct testimony, redacting any specific privileged communication.

## VI.   APPENDIX

The line-by-line recommended dispositions are set out in the accompanying spreadsheet, Ex. 1, which reproduces the ECF No. 116 spreadsheet in full and adds two ruling columns to each section: one for the designation/objection and one for the counter-designation/objection. Each witness occupies its own tab; the original section structure is retained. Where a recommended ruling is conditioned on a determination outside this Report—a self-executing exhibit-objection disposition, or a trial foundation such as the witness's availability under Rule 32(a)—the appendix so states.

The parties may file objections to this Report and Recommendation by 2:00 p.m. on June 17, 2026.

Respectfully submitted,

Dated: June 16, 2026

/s/ Nathan J. Fink
Nathan J. Fink
Special Master