# EXHIBIT 1

| | A | B | C | D | E | F | G | H | I |
|---|---|---|---|---|---|---|---|---|---|
| 1 | | | | | *Both Parties Designated; See Plaintiffs' Designations Below in Yellow* | | | | |
| 2 | **David Brown** | | | | | | | | |
| 3 | **NAVISTAR'S GENERAL OBJECTIONS:** Navistar objects to Plaintiffs' designations and counter designations to the extent they rely upon exhibits not included in Plaintiffs final trial exhibit list or are excluded based upon Navistar's objections to the exhibit. **PLAINTIFFS' GENERAL OBJECTIONS:** Navistar's use of Brown's testimony is hearsay that does not fall into the "unavailable witness" exception of FRE 804(a)(5). The exception only applies if Navistar cannot procure Brown's live testimony through "subpoena or other reasonable means." While it could not subpoena him, as its employer it could reasonably procure his attendance as a part of his job duties. **He is not unavailable TO NAVISTAR.** See *United States v. Alexander*, 467 F. App'x 355, 366 (6th Cir. 2012) (proponent must make a "good faith effort" to secure the witness's prescense for trial to satisfy FRE 804(a)(5); *Peppers v. Washington Cnty., Tennessee*, 686 F. App'x 328, 332 (6th Cir. 2017) (holding that even after FRCP 32 is satisfied, admissibility turns on FRE 804(b)); *United States v. Atlas Lederer Co.*, No. 3:91CV309, 2012 WL 13226237, at *2 (S.D. Ohio Jan. 10, 2012) (FRE 804 and FRCP 32 must both be satisfied to use deposition testimony at trial) | | | | | | SPECIAL MASTER: Navistar's general (exhibit-dependent) objection is administered row by row through self-executing, exhibit-contingent rulings keyed to the entered exhibit rulings (Report, Part IV.F). As to Plaintiffs' general objection to Navistar's use of this witness's deposition (FRE 804(a)(5)/FRCP 32 unavailability; FRE 804(b)): RECOMMENDED — the objection is not a basis to strike the designations now. Plaintiffs' authorities (Alexander, Peppers, and Atlas Lederer) address admissibility at trial, not the propriety of the designations themselves, and are therefore consistent with deferring the FRE 804(b) predicate to trial: Navistar's substantive use is governed by Rule 32(a), and the unavailability predicate (or, if the witness is called live, the confinement of the deposition to impeachment and other permitted uses) is a foundation to be laid at trial. Navistar has represented that, if neither party calls Brown live, it does not object to both parties' designations (Report, Background). This own-employee question is analyzed at Report, Part IV.D. The row-level rulings below apply accordingly. | |
| 4 | **Brown — Navistar's Deposition Designations / Plaintiffs' Objections & Counter-Designations** | | | | | | | | |
| 5 | **#** | **Navistar's Designation** | **Plaintiffs' Objection (apart from general objection to Navistar's use, see above)** | **Navistar's Response to Plaintiffs' Objections** | **Counter-Designation** | **Objections to Counter-Designation** | | **Special Master's Recommended Ruling — Designation / Objection** | **Special Master's Recommended Ruling — Counter-Designation** |
| 6 | 1 | Page 7, lines 7-9 | None | | | | | **ADMITTED — no objection.** | |
| 7 | 2 | Page 10, lines 1-12 | None | | | | | **ADMITTED — no objection.** | |
| 8 | 3 | Page 11, lines 12-16 | None | | | | | **ADMITTED — no objection.** | |
| 9 | 4 | Page 11:20 – Page 12:4 | None | | | | | **ADMITTED — no objection.** | |
| 10 | 5 | Page 14:25 – Page 15:12 | None | | | | | **ADMITTED — no objection.** | |
| 11 | 6 | Page 16, lines 21-25 | None | | | | | **ADMITTED — no objection.** | |
| 12 | 7 | Page 17:22 – Page 18:10 | None | | | | | **ADMITTED — no objection.** | |
| 13 | 8 | Page 19, lines 3-10 | None | | | | | **ADMITTED — no objection.** | |
| 14 | 9 | Page 19, lines 22-23 | None | | | | | **ADMITTED — no objection.** | |
| 15 | 10 | Page 27, lines 4-16 | None | | | | | **ADMITTED — no objection.** | |
| 16 | 11 | Page 33:17 – Page 34:2 | None | | | | | **ADMITTED — no objection.** | |
| 17 | 12 | Page 35, lines 1-3 | None | | | | | **ADMITTED — no objection.** | |
| 18 | 13 | Page 62:24 – Page 63:17 | None | | | | | **ADMITTED — no objection.** | |

| | A | B | C | D | E | F | G | H | I |
|---|---|---|---|---|---|---|---|---|---|
| | 14 | Page 64, lines 5-13 | None | | | | | **ADMITTED — no objection.** | |
| | 15 | Page 65, lines 10-16 | None | | | | | **ADMITTED — no objection.** | |
| | 16 | Page 68:18 – Page 69:11 | None | | | | | **ADMITTED — no objection.** | |
| | 17 | Page 78, lines 12-22 | 802 (hearsay; Brown not Navistar's party opponent); FRE 602 (speculation/lack of personal knowledge) | Inconsistent hearsay objection. Designation is not hearsay. Witness is unavailable and not a managing agent. Witness also has knowledge of his own actions, including the fact that he was "not making cuts to orders." As the former Sales Planning Manager, he also has knowledge regarding disruptions to the supply chain and downtime at the plants. Lastly, witness is on the email chain being reviewed, Exhibit 226, NAV00132595, in the designation. | 73:10-74:18 | 73:10-17, 73:22-24, Vague/Ambiguous - confusing questions; 74:1-4, Vague/Ambiguous - compound question | | **OVERRULE hearsay objection as to own-conduct and internal company knowledge. SUSTAIN IN PART as to third-party out-of-court statements offered for their truth without an exception. OVERRULE FRE 602 personal knowledge objection as it goes to weight.** | **OVERRULE objections. Plaintiffs' counter-designations are admissions of a party-opponent when offered against Navistar (Rule 801(d)(2)). The form objections (vague/compound) are overruled as waived on the record. Counter-designation ADMITTED under FRE 106.** |
| | 18 | Page 86, lines 7-16 | None (on both parties' pulls) | | | | | **ADMITTED — no objection.** | |
| | 19 | Page 98, lines 5-11 | 802 (hearsay; Brown not Navistar's party opponent); FRE 602 (speculation/lack of personal knowledge) | Inconsistent hearsay objection. Designation is not hearsay. Witness is unavailable and not a managing agent. Witness also has knowledge of his own actions and the extent of his responsibility, including the decisions that were at his "level." As the former Sales Planning Manager, witness also has knowledge about dealers and their prioritization of customers. | 215:2-7, 215:10-20, 218:2-7 | 215:8-9, Incomplete designation as this fails to include objections made on the record; 215:2-7, Vague/Ambiguous - confusing questions | | **OVERRULE hearsay objection as to own-conduct and witness's corporate role; SUSTAIN IN PART as to third-party text offered for its truth. OVERRULE FRE 602 speculation objection as going to the weight of the testimony.** | **OVERRULE form objections as waived for lack of a contemporaneous record objection. The record objection colloquy at lines 215:8-9 must be entirely redacted from the jury presentation. The remaining witness lines are ADMITTED under Rule 106.** |
| | 20 | Page 99, lines 2-9 | Hearsay (when offered by Navistar) | Inconsistent hearsay objection. Designation is not hearsay. Witness is unavailable and not a managing agent. | | | | **OVERRULE hearsay objection as to own-conduct and corporate boundaries; SUSTAIN IN PART as to out-of-court statements of others offered for their truth.** | |
| | 21 | Page 149:4 – Page 150:12 | Hearsay (when offered by Navistar); FRE 602 (lack of personal knowledge) | Inconsistent hearsay objection. Designation is not hearsay. Witness is unavailable and not a managing agent. As the former Sales Planning Manager, witness also has knowedlge regarding dealer feedback. Lastly, witness is on the email chain being reviewed, Exhibit 233, in the designation. | 183:16–184:21 and 218:2-7 | Exhibit is objected to, if excluded then testimony on document should be excluded as well (Dep. Ex. 241, NAV00059705) | | **OVERRULE hearsay objection as to own-conduct and witness's corporate role; SUSTAIN IN PART as to out-of-court statements of others offered for their truth. OVERRULE FRE 602 objection as going to weight.** | **This ruling is self-executing and keyed to entered exhibit rulings: the counter-designation is ADMITTED under Rule 106 if the underlying Exhibit 241 (P-226) is admitted, and EXCLUDED as to document-dependent text if it is not.** |

| | A | B | C | D | E | F | G | H | I |
|---|---|---|---|---|---|---|---|---|---|
| | 22 | Page 165, lines 6-9 | 602 (lack of personal knowledge, as confirmed by text omitted by Navistar at 165:3-5) | Witness has personal knowledge regarding what he recalls seeing and what he does not recall seeing. He does not recall "seeing the July 2021 agreement between Central and Navistar." This designation does not seek to bring in any additional testimony on the document. | 163:3-5 | 163:2-16, Incomplete designation, fails to include full question and answer | | **OVERRULE FRE 602 objection. Challenges to the precision of the witness's memory or knowledge depth go to weight rather than threshold admissibility. Designation ADMITTED.** | **OVERRULE completeness objection. The counter-designation contains a minor typographical citation error (citing 163:3-5 instead of 165:3-5). Correcting the citation to lines 165:3-5, the context is ADMITTED under Rule 106/FRCP 32(a)(6) to complete the response sequence.** |
| | 23 | Page 167:1 – Page 168:3 | Hearsay (when offfered by Navistar)' FRE 602 (lack of personal knowledge/speculation as cofnrimed by 166:15-25 re: this document) | Inconsistent hearsay objection. Designation is not hearsay. Witness is unavailable and not a managing agent. As the former Sales Planning Manager, witness has knowledge regarding the 2022 order board and the various spreadsheets and snapshots that would have been circulated summarizing the same. Lastly, witness is on the parent email chain of the spreadsheet attachment being reviewed, Exhibit 235, in the designation. | 166:9-25 | FRE 602 - foundation and hearsay: exhibit not on Ps exhibit list (Ex. 235, NAV00132118) | | **OVERRULE hearsay objection as to own-conduct and internal company reporting; SUSTAIN IN PART as to third-party statements offered for truth. OVERRULE FRE 602 objection as going to weight.** | **This ruling is self-executing and keyed to entered exhibit rulings: admitted if the underlying Exhibit 235 is admitted; excluded if it is not. Hearsay objections are overruled as a party-opponent admission.** |
| | 24 | Page 172:5 – Page 173:17 | Hearsay (when offered by Navistar); 401/403 (testimony regarding a document witness says is irrelevant) | Inconsistent hearsay objection. Designation is not hearsay. Witness is unavailable and not a managing agent. Relevant for context of email, Exhibit 238, that witness is being questioned on, if admitted. Additionally, the schedule, orderboard,  and allocation of trucks in 2022 is relevant to the remaining issue of "whether the 2022 contract was breached." See ECF No. 72, PageID. 2972. | If not excluded in full, add 172:1-4, 173:18-174:20 | Exhibit is objected to, if excluded then testimony on document should be excluded as well (Dep. Ex. 238, NAV000132163); 173:18-174:2, FRE 602 - knowledge, witness testifying to lack of personal knowledge; 174:8-11, 174:14-19, Argumentative, Counsel misstates prior testimony | | **OVERRULE hearsay objection as to own-conduct; SUSTAIN IN PART as to others' statements offered for truth. OVERRULE FRE 401/402 and 403 relevance objections; the order board allocation data is highly probative to breach claims.** | **This ruling is self-executing and keyed to entered exhibit rulings: admitted if Exhibit 238 is admitted; excluded if it is not. Form and argumentative objections are overruled as waived. FRE 602 goes to weight.** |
| | 25 | Page 174, lines 8-13 | Same as 24 | Inconsistent hearsay objection. Designation is not hearsay. Witness is unavailable and not a managing agent. Relevant for context of email, Exhibit 238, that witness is being questioned on, if admitted. Additionally, the schedule, orderboard, and allocation of trucks in 2022 is relevant to the remaining issue of "whether the 2022 contract was breached." See ECF No. 72, PageID. 2972. | 173:18-174:20 | Exhibit is objected to, if excluded then testimony on document should be excluded as well (Dep. Ex. 238, NAV000132163); 173:18-174:2, FRE 602 - knowledge, witness testified to lack of personal knowledge; 174:8-11, 174:14-19, Argumentative, counsel misstates prior testimony | | **Same objection as #24; ruling restated: OVERRULE hearsay as to own-conduct; SUSTAIN IN PART as to others' statements. OVERRULE FRE 401/402 and 403 relevance objections.** | **This ruling is self-executing and keyed to entered exhibit rulings: admitted if Exhibit 238 is admitted; excluded if it is not. Form and argumentative objections are overruled as waived. FRE 602 goes to weight.** |

| | A | B | C | D | E | F | G | H | I |
|---|---|---|---|---|---|---|---|---|---|
| 31 | 26 | Page 175, lines 1-15 | 106 | This designation is complete as it introduces Exhibit 239 as NAV0005927 and NAV00059273. | 175:24-191:9, 191:16 | Exhibits are objected to; if excluded then testimony on document should be excluded as well (Dep. Ex. 239, NAV00059270)(Dep. Ex. 240, NAV00059355); 175:24-176:14, FRE 602 - foundation/knowledge, witness testifying that he was not copied on the original email; FRE 602 - foundation and hearsay: exhibit not on Ps exhibit list (Ex. 241, NAV00059704); 191:10-15, Incomplete designation as this fails to include objections made on the record | | **OVERRULE completeness objection. The main designation stands on its own as a substantively complete question-and-answer clip; the completeness request is addressed entirely via Column I.** | **This ruling is self-executing and keyed to entered exhibit rulings: admitted to the extent the underlying Exhibits 239, 240, and 241 are admitted; excluded if they are not. All record objection colloquy at lines 191:10-15 must be entirely redacted.** |
| 32 | 27 | Page 179:13 – Page 180:11 | Object to 180:6-11 (Hearsay when offered by Navistar; 602/403 (lack of personal knowledge/argumentative) | Inconsistent hearsay objection. Designation is not hearsay. Witness is unavailable and not a managing agent. As the former Sales Planning Manager, witness has knowledge regarding the 2022 order board and the various spreadsheets and snapshots that would have been circulated summarizing the same. This designation is not argumentative. It includes no objections nor any argumentative conversations between witness and Plaintiffs' counsel. | See above - while sequence from 175:24-191:9 should be included | Exhibits are objected to; if excluded then testimony on document should be excluded as well (Dep. Ex. 239, NAV00059270)(Dep. Ex. 240, NAV00059355); 175:24-176:14, FRE 602 - foundation/knowledge, witness testifying that he was not copied on the original email; FRE 602 - foundation and hearsay: exhibit not on Ps exhibit list (Ex. 241, NAV00059704) | | **OVERRULE hearsay objection as to own-conduct; SUSTAIN IN PART as to others' statements offered for truth. OVERRULE FRE 602 objection as going to weight. OVERRULE FRE 403 objection; the form concern was waived on the record.** | **MOOT. The requested completeness sequence (lines 175:24–191:9) is already fully evaluated and addressed via the ruling on Item #26 (Row 31).** |
| 33 | 28 | Page 187, lines 3-23 | Incomplete - see pulls for above | This is designation is complete as it includes a full line of questioning and ends with witness confirming that he was not "supposed to consider SPA at all." | See above - while sequence from 175:24-191:9 should be included | Exhibits are objected to; if excluded then testimony on document should be excluded as well (Dep. Ex. 239, NAV00059270)(Dep. Ex. 240, NAV00059355); 175:24-176:14, FRE 602 - foundation/knowledge, witness testifying that he was not copied on the original email; FRE 602 - foundation and hearsay: exhibit not on Ps exhibit list (Ex. 241, NAV00059704) | | **OVERRULE completeness objection; the designation stands alone as a complete standalone question-and-answer set.** | **MOOT. The requested completeness sequence is already fully evaluated and addressed via the ruling on Item #26 (Row 31).** |
| 34 | 29 | Page 194, lines 9-22 | None, so long as complete sequence added | | 192:22-195:15 is full sequence | Exhibit is objected to, if excluded then testimony on document should be excluded as well (Dep. Ex. 242, NAV00011409) | | **ADMITTED, conditioned on the continuous inclusion of the counter-designation block to maintain a unified presentation sequence.** | **This ruling is self-executing and keyed to entered exhibit rulings: admitted if Exhibit 242 is admitted; excluded as to document-dependent passages if it is not.** |

| | A | B | C | D | E | F | G | H | I |
|---|---|---|---|---|---|---|---|---|---|
| | 30 | Page 198, lines 18-24 | Hearsay (when offered by Navistar); FRE 602 (lack of personal knowledge) | Inconsistent hearsay objection. Designation is not hearsay. Witness is unavailable and not a managing agent.  As the former Sales Planning Manager, witness has knowledge regarding the 2022 order board and the various spreadsheets and snapshots that would  have been circulated summarizing the same. | 197:3-14, 215:16-24 and 218:2-7 | 197:3-14, FRE 602 - knowledge, witness testifying to lack of personal knowledge; 215:2-11, 215:16-24, Vague/ambiguous - confusing question, FRE 602 - knowledge, witness testifying to lack of personal knowledge | | **OVERRULE hearsay objection as to own-conduct and internal company summaries; SUSTAIN IN PART as to others' statements offered for truth. OVERRULE FRE 602 objection as going to weight.** | **OVERRULE form objections to the counter-designation as waived. OVERRULE FRE 602 personal knowledge objection as going to weight. Counter-designation ADMITTED under Rule 106 and FRCP 32(a)(6).** |
| | 31 | Page 200, lines 6-11 | Hearsay (when offered by Navistar); FRE 602 (lack of personal knowledge) | Inconsistent hearsay objection. Designation is not hearsay. Witness is unavailable and not a managing agent. Witness has personal knowledge regarding what he recalls and what he does not recall. As this designation clarifies, witness "wasn't involved in" any conversations in which "Central was told that their allocation was going to be cut to 600." | 215:2-24 | 215:2-11, 215:16-24, Argumentative, Vague/ambiguous - confusing question, FRE 602 - knowledge, witness testifying to lack of personal knowledge | | **OVERRULE hearsay objection as to own-conduct and corporate tracking; SUSTAIN IN PART as to others' statements offered for truth. OVERRULE FRE 602 objection as going to weight.** | **OVERRULE form and argumentative objections as waived due to the lack of a contemporaneous record objection during the deposition. OVERRULE FRE 602 objection as going to weight. Counter-designation ADMITTED under FRE 106.** |
| | 32 | Page 210:18 – Page 211:6 | 401/403 (irrelevant/confusing); hearsay when offered by Navistar; non-responsive. | Inconsistent hearsay objection. Designation is not hearsay. Witness is unavailable and not a managing agent. The schedule, orderboard,  and allocation of trucks in 2022 is relevant to the remaining issue of "whether the 2022 contract was breached." See ECF No. 72, PageID. 2972. Subsequently, his testimony explaining that "[t]here were proportional cuts to dealer groups" and the tesitmony leading up to that statement is relevant. | 210:5-213:3, 214:6–215:24, 216:12-20, 218:2-7 | 210:5-14, 215:2-11, Argumentative, Vague/ambiguous - confusing question, Counsel misstates prior testimony; 215:16-24, Vague/ambiguous - confusing question, FRE 602 - knowledge, witness testifying to lack of personal knowledge | | **OVERRULE hearsay objection as to own-conduct; SUSTAIN IN PART as to others' statements. OVERRULE FRE 401/402 and 403 objections; the industry-wide cut data is highly probative. Non-responsiveness is overruled as a trial presentation issue.** | **OVERRULE form and argumentative objections to the counter-designation as waived. OVERRULE FRE 602 objection as going to weight. The counter-designation is ADMITTED under Rule 106 to show the complete allocation context.** |
| | 33 | Page 214, lines 6-18 | None so long as the counter-designation is added; otherwise hearsay when offered by Navistar | Inconsistent hearsay objection. Designation is not hearsay. Witness is unavailable and not a managing agent. | 214:19-215:24, 218:2-7, 281:25-219:3, 219:7-13 | 215:2-11, 215:16-24, Argumentative, Vague/ambiguous - confusing question, FRE 602 - knowledge, witness testifying to lack of personal knowledge; 219:4-5, Incomplete designation as this fails to include objections made on the record | | **ADMITTED, conditioned on the continuous inclusion of the counter-designation sequence. Fallback hearsay objection is overruled as to own-conduct and sustained as to third-party statements.** | **OVERRULE form and argumentative objections as waived. OVERRULE FRE 602 objection as going to weight. The record objection crosstalk at lines 219:4-5 must be completely redacted from the jury presentation. NOTE: the Special Master assumes that "281:25-219:3" references is a digit transposition of "218:25-219:3"** |
| | 34 | Page 231, lines 18-25 | None (on both parties' pulls) | | | | | **ADMITTED — no objection.** | |

| | A | B | C | D | E | F | G | H | I |
|---|---|---|---|---|---|---|---|---|---|
| 40 | 35 | Page 234:24 – Page 235:20 | Object to 235:9-20 (hearsay when offered by Navistar/FRE 602/speculation, as confirmed by 235:21-24 where he confirms he doesn't know if these alleged issues affected GLS's trucks) | Inconsistent hearsay objection. Designation is not hearsay. Witness is unavailable and not a managing agent. As the former Sales Planning Manager, witness has knowledge regarding the supplier constraints affecting the industry in various time periods. Witness is not speculating as he explains that "supplier contraints" affected the "whole industry" in May of 2022. | 235:21-237:2 | | | **OVERRULE hearsay objection as to own-conduct and general industry supply chain knowledge; SUSTAIN IN PART as to discrete third-party statements offered for truth. OVERRULE speculation/FRE 602 objection as going to weight.** | **ADMITTED — no objection/agreed.** |
| 41 | 36 | Page 250:23 – Page 251:15 | Hearsay when offered by Navistar; FRE 602 lack of personal knowledge as confirmed by 251:16-252:4; 403; Navistar's own counsel objected to form. | Inconsistent hearsay objection. Designation is not hearsay. Witness is unavailable and not a managing agent. As the former Sales Planning Manager, witness has knowledge regarding Navistar's efforts to build Plaintiffs' orders. | 251:16-252:19, 253:25-254:3 | 251:17-252:4, FRE 602 - knowledge, witness testifying to lack of personal knowledge; 252:5-11, Vague/ambiguous - confusing question, FRE 602 - knowledge | | **OVERRULE hearsay objection as to own-conduct and internal company summaries; SUSTAIN IN PART as to others' statements offered for truth. OVERRULE FRE 602 objection as going to weight. OVERRULE FRE 403 objection. Preserved form objection is overruled on the merits.** | **OVERRULE form objections to the counter-designation as waived. OVERRULE FRE 602 objection as going to weight. Counter-designation ADMITTED under Rule 106.** |
| 42 | 37 | Page 259, lines 5-21 | None, with the additional pulls identified | | 258:12-16, 259:22-261:22, 262:23-263:3, 263:11-265:25 | 260:25-261:6, Argumentative, "you're talking generalities. I'm trying to get specifics," Vague/ambiguous - confusing question; 263:20-264:8, Vague/ambiguous - confusing question; 264:21-265:4, Vague/ambiguous - confusing, compound question, FRE 602 - Knowledge, Assumes facts not in evience, Counsel misstates prior testimony | | **ADMITTED, conditioned on the continuous inclusion of the counter-designation sequence to ensure a complete, coherent narrative flow for the jury.** | **OVERRULE all form, compound, argumentative, and foundational objections as waived due to a lack of a contemporaneous record objection during the deposition. OVERRULE FRE 602 objection as going to weight. Counter-designation ADMITTED under Rule 106.** |
| 43 | 38 | Page 260, lines 8-14 | See above | | See above - whole sequence to 265:25 to be added | 260:25-261:6, Argumentative, "you're talking generalities. I'm trying to get specifics," Vague/ambiguous - confusing question; 263:20-264:8, Vague/ambiguous - confusing question; 264:21-265:4, Vague/ambiguous - confusing, compound question, FRE 602 - Knowledge, Assumes facts not in evience, Counsel misstates prior testimony | | **Same objection as #37; ruling restated: ADMITTED, conditioned on the continuous inclusion of the counter-designation sequence.** | **OVERRULE all form, compound, argumentative, and foundational objections as waived. OVERRULE FRE 602 objection as going to weight. Counter-designation ADMITTED under Rule 106.** |

| # | Plaintiffs' Designations (Page:Line) | Defendant's Objections | Plaintiffs' Responses to Defendant's Objections | Defendant's Counter-Designations (if objections not sustained in full) | Plaintiffs' Objections to Defendant's Counter-Designations | Defendant's Responses to Plaintiffs' Objections to Defendant's Counter-Designations | Special Master's Recommended Ruling — Designation / Objection | Special Master's Recommended Ruling — Counter-Designation |
|---|---|---|---|---|---|---|---|---|
| 39 | Page 315:20 – Page 317:6 | Hearsay when offered by Navistar, FRE 602 (speculation on Belisle/other dealers); 403 | Inconsistent hearsay objection. Designation is not hearsay. Witness is unavailable and not a managing agent. As the former Sales Planning Manager, witness would have knowledge of other people's involvement with orders and sales, including Belisle's and is therefore not speculating.  Relevant for context of email, Exhibit 258, that witness is being questioned on, if admitted. | 317:7-14 | 317:7-14, Vague/ambiguous - confusing, compound question | | **OVERRULE hearsay objection as to own-conduct and witness's internal company knowledge; SUSTAIN IN PART as to third-party statements offered for truth. OVERRULE FRE 602 speculation objection as going to weight. OVERRULE FRE 403 objection.** | **OVERRULE form objections to the counter-designation as waived. Counter-designation ADMITTED under Rule 106.** |

**Brown - Plaintiffs' Deposition Designations**

| # | Plaintiffs' Designations (Page:Line) | Defendant's Objections | Plaintiffs' Responses to Defendant's Objections | Defendant's Counter-Designations (if objections not sustained in full) | Plaintiffs' Objections to Defendant's Counter-Designations | Defendant's Responses to Plaintiffs' Objections to Defendant's Counter-Designations | Special Master's Recommended Ruling — Designation / Objection | Special Master's Recommended Ruling — Counter-Designation |
|---|---|---|---|---|---|---|---|---|
| 1 | 7:7-9 | | | | | | **ADMITTED — no objection.** | |
| 2 | 10:1-3 | | | | | | **ADMITTED — no objection.** | |
| 3 | 11:12-12:17 | 11:22-12:4, FRE 602 - Knowledge | Witness testified as to his knowledge of who his own managers were and their roles at the time. This is basic information well within his knowledge, which he answered without difficulty. | | | | **OVERRULE objection; designation ADMITTED. The witness's personal knowledge regarding his own managers and their corporate roles goes to the weight of the testimony rather than its threshold admissibility.** | |
| 4 | 15:5-16:9 | Vague/Ambiguous: confusing question objected to on record; 15:5-12, FRE 402 - Relevance | No contemporaneous objection. Question about his duties. Basic foundational information from any witness. | 15:1-12; 16:4-20 | Interstitial objections inappropriately designated | Objections on the record should be included in designation to preserve record. 16:4-20 also provides the full question for Plaintiffs' designation in the line below, which only starts with witness's answer. | **OVERRULE relevance objections; designation ADMITTED.** | **SUSTAIN IN PART — completeness. To establish a clean, coherent flow for the jury, the counter-designation is ADMITTED under Rule 106 to the limited extent that Plaintiffs must expand the opening lines of this clip to begin at line 15:1. All intervening attorney colloquy and objections between lines 16:4–20 must be completely redacted from the presentation.** |

| | A | B | C | D | E | F | G | H | I |
|---|---|---|---|---|---|---|---|---|---|
| | 5 | 16:18-25 | 16:10-20, Incomplete (does not include question asked or objection from (counter designated above); 17:22-18:19, Incomplete (does not include description of the order board from ("· It's general data that can be pulled. I mean...")) | 16:10-20: Objections need not be included; designation presumes they will be overruled and answer designated follows from the question. | 17:22-18:19 | This is non-pertinent and an improper designation. Hearsay when offered by Navistar | 17:22-18:19 provides necessary context for Plaintiffs' designation, including witness's understanding of the order board and how it is maintained.  FRE 106 states "If a party introduces all or part of a statement, an adverse party may require the introduction, at that time, of any other part — or any other statement — that in fairness ought to be considered at the same time. The adverse party may do so over a hearsay objection." | **OVERRULE completeness objection. The designation stands as a clean, complete question-and-answer set; the request for an expansion is handled entirely via Column I.** | **OVERRULE Plaintiffs' objections. The counter-designation (17:22-18:19) is ADMITTED under FRCP 32(a)(6) and FRE 106 to play immediately following the clip. It provides essential, immediate context regarding the witness's understanding of the order board system. The own-employee framework hearsay objections are overruled because the text is necessary for completeness context.** |
| | 6 | 19:3-21:1 | 19:11-21, FRE 402 - Relevance | This objection is frivolous. The witness's ability to make order board changes or lack thereof, in case related to delaying Plaintiffs' orders on the order board, plainly and directly relevant to breach | | | | **OVERRULE relevance objection; designation ADMITTED. Testimony regarding the witness's authority to modify the order board is directly relevant to claims regarding the handling of Plaintiffs' orders.** | |
| | 7 | 21:5-11 | 21:5-7, FRE 402 - Relevance;  FRE 602 - Knowledge | Basic information about his employment chain is relevant; he has personal knowledge and answered without indicating a lack of knowledge. | | | | **OVERRULE objections; designation ADMITTED. Foundational background regarding the witness's reporting chain is relevant, and personal knowledge challenges go to weight.** | |
| | 8 | 25:8-26:10 | Incomplete (does not include Brown's response on 26:15 (dictated by court reporter) or description of Averhart and Brown's emails regarding the "statue of the order board") | The designation stopped at a question and answer. The "incompleteness" argument proves too much; the whole point of deposition designations is that a party is not required to play every portion of the deposition. | 26:11-27:13 | No objection to 26:11-15. Otherwise what is omitted is a nonresponsive answer that is not pertinent/not needed per FRE 106. Hearsay when offered by Navistar | FRE 106 states "If a party introduces all or part of a statement, an adverse party may require the introduction, at that time, of any other part — or any other statement — that in fairness ought to be considered at the same time. The adverse party may do so over a hearsay objection."  Plaintiffs' own questioning, cannot object to lack of sufficient foundational questions, additional questions necessary to show witness's knowledge of document on which Plaintiffs seek to designate testimony. Navistar's counter designation, i.e. 26:21-25, provides necessary context for witness's answers in Plaintiffs' designation. | **OVERRULE completeness objection; designation ADMITTED.** | **OVERRULE objections in part. The counter-designation (26:11-27:13) is ADMITTED under FRCP 32(a)(6) and FRE 106 because it immediately follows the question-and-answer sequence and details the witness's contemporaneous review of the underlying document. Hearsay and responsiveness objections are overruled as the text is required for a complete narrative context.** |

| | A | B | C | D | E | F | G | H | I |
|---|---|---|---|---|---|---|---|---|---|
| | 9 | 26:17-20 | Assumes facts not in evidence in question ("this" order borad document) | This is a form objection not contemporaneously objected to; context clear from surrounding testimony | | | | OVERRULE objection; designation ADMITTED. The objection to form was waived due to the lack of a contemporaneous record objection during the deposition. | |
| | 10 | 27:3-29:25 | | | | | | ADMITTED — no objection. | |
| | 11 | 30:13-31:20 | 31:21-23: Incomplete, FRE 402 - Relevance 31:21-24) | Not incomplete; this is a distinct question and answer not designated as non-pertinent to the examination GLS intends to put on. Navistar then objects to the non-pertinent portion as irrelevant anyway, proving the point. | 31:21-24 | Witness has no recollection; non-pertinent under 106, hearsay by Navistar | Witness has personal knowledge regarding what he recalls and what he does not recall. He does not recall a "reason why" he would have coordinated with Webb over Averhart to alter the orderboard.<br><br>FRE 106 states "If a party introduces all or part of a statement, an adverse party may require the introduction, at that time, of any other part — or any other statement — that in fairness ought to be considered at the same time. The adverse party may do so over a hearsay objection." | OVERRULE completeness objection; designation ADMITTED. | SUSTAIN objection; counter-designation EXCLUDED. A statement of non-recollection does not serve the corrective purposes of FRE 106 or FRCP 32(a)(6) to modify or alter the substance of the preceding designated testimony. |
| | 12 | 34:3-22 | 34:3-9, Vague/Ambiguous: compound, confusing question; Assumes facts not in evidence (Brown explains that a vehicle could be "built" in one day at the Escobedo plant but fails to state the weeks long process of inspecting and finalizing the vehicles) | Waived by lack of contemporaneous objection; the objection on its face is attempting to exclude pertinent, relevant testimony because it is harmful to Navistar's defenses. | | | | OVERRULE objections; designation ADMITTED. Defendant waived these form objections by failing to assert them contemporaneously on the record during the deposition. | |
| | 13 | 36:10-23 | 36:10-15, Vague/Ambiguous: confusing question; Assumes facts not in evidence: Brown speculates that about 300 "heavy" trucks could be built in a day at the Escobedo plant | Waived by lack of contemporaneous objection; witness has personal knowledge to estimate number of trucks built in a plant when his duties involve assisting with order board and production issues. Objection, on its face, openly seeks to exclude pertinent, relevant testimony because it is harmful to Navistar's defenses. | | | | OVERRULE objections; designation ADMITTED. Form objections were waived for lack of a contemporaneous objection, and any challenge to the precision of the witness's production estimates goes to weight. | |
| | 14 | 54:6-14 | 54:15, FRE 402 - Relevance; Incomplete: fails to include Brown's answer to the question; Foundation and hearsay: exhibit not on Ps exhibit list (Ex. 225, NAV00133099) | Exhibit objection waived. Navistar's documents produced in this litigation are not hearsay. This designation merely identifies the exhibit that is being discussed later. | 54:12-15 | Will include 54:15. | | This ruling is self-executing and keyed to the Court's entered exhibit rulings: the testimony is ADMITTED if the underlying Exhibit 225 is admitted, and EXCLUDED if the exhibit is excluded. If the exhibit is admitted, the relevance objections are overruled. | SUSTAIN IN PART — completeness. To prevent a truncated presentation, lines 54:12-15 are integrated into the main designation stream; any attorney crosstalk therein must be redacted. |

| | A | B | C | D | E | F | G | H | I |
|---|---|---|---|---|---|---|---|---|---|
| | 15 | 55:8-16 | 55:8-14, FRE 402 - Relevance: Brown does not answer any questions in the cited lines of page 55; Foundation and hearsay: exhibit not on Ps exhibit list (Ex. 225, NAV00133099) | This clip is intended to identify the document that is being discussed in subsequent clips. It is a necessary foundational piece of testimony to introduce the exhibit that the special master has ruled should be admitted. | | | | **This ruling is self-executing and keyed to the Court's entered exhibit rulings: the testimony is ADMITTED as baseline foundational identification of Exhibit 225 if the exhibit is admitted, and EXCLUDED if it is not.** | |
| | 16 | 56:17-58:5 | 57:13-19. Vague/Ambiguous: confusing questions; Foundation and hearsay: exhibit not on Ps exhibit list (Ex. 225, NAV00133099): Relevancy | Form objections waived by lack of contemporaneous objection. Navistar documents are not hearsay. Brown admits he has knowledge of order board documents, which are unambiguously relevant. | 56:17-57:10 | This was already designated by Plaintiffs. | | **This ruling is self-executing and keyed to the Court's entered exhibit rulings: admitted if Exhibit 225 is admitted; excluded if it is not. Form objections are overruled as waived.** | **MOOT. The counter-designated lines (56:17-57:10) are already fully included within Plaintiffs' main designation block.** |
| | 17 | 58:18-22 | Foundation and hearsay: exhibit not on Ps exhibit list (No Ex. #,cited on record as NAV00133105); 58:18-22, FRE 402 - Relevance: no testimony | Another clip meant to identify the exhibit being discussed on the record--an exhibit the special master held should be admitted. | | | | **This ruling is self-executing and keyed to the Court's entered exhibit rulings: the testimony is ADMITTED as baseline foundational document identification text if the underlying exhibit is admitted, and EXCLUDED if it is not.** | |
| | 18 | 59:12-19 | Foundation and hearsay: exhibit not on Ps exhibit list (No Ex. #,cited on record as NAV00133105); Incomplete (fails to include Brown's doubt regarding Plaintiffs' interpretation of the spreadsheet) | See above - Brown has knowledge of order boards. Not "incomplete" - that is distinct question not pertinent to examination. Clip identified to make clear to jury how document was sorted, in advance of subsequent questions on same | 59:20-60:9 | Non-pertinent; distinct question not appropriately designated under 106. Hearsay when offered by Navistar | FRE 106 states "If a party introduces all or part of a statement, an adverse party may require the introduction, at that time, of any other part — or any other statement — that in fairness ought to be considered at the same time. The adverse party may do so over a hearsay objection." Plaintiffs' own questioning, cannot object to lack of sufficient foundational questions, additional questions necessary to show witness's knowledge of document on which Plaintiffs seek to designate testimony, including Plaintiffs' interpretation that the "662 records" (59:12-15) represents "662 vehicles" (59:20-23). | **This ruling is self-executing and keyed to the Court's entered exhibit rulings: admitted if the underlying exhibit is admitted; excluded if it is not.** | **OVERRULE objections. The counter-designation (59:20-60:9) is ADMITTED under FRCP 32(a)(6) and FRE 106 because it directly qualifies and clarifies the witness's immediate interpretation of the data records under discussion.** |
| | 19 | 62:12-63:17 | Foundation and hearsay: exhibit not on Ps exhibit list (No Ex. #,cited on record as NAV00133105); 63:8-11, Vague/Ambiguous: confusing question | Same as above. Form objection waived by lack of contemporaneous objection. | 62:12-63:4 | This is already designated by Plaintiffs | | **This ruling is self-executing and keyed to the Court's entered exhibit rulings: admitted if the underlying exhibit is admitted; excluded if it is not. Form objections are overruled as waived.** | **MOOT. The counter-designated lines (62:12-63:4) are already fully included within Plaintiffs' main designation block.** |
| | 20 | 63:21-64:13 | Assumes facts not in evidence in question ("this was not an ordinary assignment"?) | Form objection waived by lack of contemporaneous objection. Witness answered the questions | | | | **OVERRULE objection; designation ADMITTED. The form objection was waived because it was not asserted contemporaneously on the record.** | |

| | A | B | C | D | E | F | G | H | I |
|---|---|---|---|---|---|---|---|---|---|
| | 21 | 65:10-19 | 65:16-19, Vague/Ambiguous: confusing question; FRE 602 - Knowledge | Form objection waived by lack of contemporaneous objection. Plainly a foundation for the cross question (there was a contract to produce trucks) and witness answered the questions. | 65:10-16 | This is already designated by Plaintiffs | | **OVERRULE objections; designation ADMITTED. Form objections are waived, and knowledge challenges go to weight.** | **MOOT. The counter-designated lines (65:10-16) are already fully included within Plaintiffs' main designation block.** |
| | 22 | 68:18-69:3 | | | | | | **ADMITTED — no objection.** | |
| | 23 | 73:10-74:18 | 74:1-4, Vague/Ambiguous: compound/confusing question; 73:7-18, FRE 602 - Knowledge | Form objection waived by lack of contemporaneous objection. Witness did not indicate a lack of knowledge to a single question in this sequence. | 73:10-74:6 | All already designated by plaintiffs. | | **OVERRULE — form (74:1–4); waived. OVERRULE 602 (73:7–18) — goes to weight.** | **MOOT — already within Plaintiffs' designations.** |
| | 24 | 75:18-76:1 | Exhibit is objected to; if excluded then testimony on document should be excluded as well (Ex. 226, NAV00132595) | Moot - special master held admitted. | | | | **OVERRULE exhibit objection as to ECF No. 122 disclosure grounds. Testimony is CONDITIONAL on the ultimate trial admissibility of Deposition Exhibit 226 (P-68) under the FRE: if Exhibit 226 is admitted under the FRE, the document-dependent objections are overruled and the designation is ADMITTED; if excluded, SUSTAINED and the testimony is excluded.** | |
| | 25 | 79:3-80:7 | 79:17-20, FRCP 602 - Knowledge: Asks for Chet's background and knowledge; Incomplete: fails to include Brown's testimony regarding the meaning of the exhibit being used<br><br>Exhibit is objected to; if excluded then testimony on document should be excluded as well (Ex. 226, NAV00132595) | Exhibit objection moot. Witness indicated personal knowledge of co-worker's background. Testimony not "incomplete" - the questions and answers indicated are distinct and non-pertinent to GLS's intended trial examination. | 80:7-80:25 | Not pertinent or necessary under FRE 106; hearsay when offered by Navistar. | FRE 106 states "If a party introduces all or part of a statement, an adverse party may require the introduction, at that time, of any other part — or any other statement — that in fairness ought to be considered at the same time. The adverse party may do so over a hearsay objection."<br><br>Plaintiffs' own questioning, cannot object to lack of sufficient foundational questions, additional questions necessary to show witness's knowledge of document on which Plaintiffs seek to designate testimony. | **OVERRULE objections as to ECF No. 122 disclosure grounds. The alternative challenge under FRE 602 goes strictly to the weight of the testimony. Testimony remains CONDITIONAL on Exhibit 226: if Exhibit 226 is admitted under the FRE, the document-dependent objection is overruled and the designation is ADMITTED, conditioned on the contemporaneous inclusion of Defendant's counter-designation; if excluded, SUSTAINED.** | **OVERRULE objections. The counter-designation (80:7-25) is ADMITTED under Rule 106 and FRCP 32(a)(6) to provide necessary contextual background for the witness's review of Exhibit 226, subject to the ultimate trial admissibility of Exhibit 226. The own-employee framework hearsay objections are inapplicable to completeness text required to prevent a misleading presentation.** |
| | 26 | 81:16-82:15 | 82:7-9, Vague/Ambiguous: Confusing question; Assumes facts not in evidence; 82:7-9, Vague/Ambiguous: Confusing question<br><br>Exhibit is objected to; if excluded then testimony on document should be excluded as well (Ex. 226, NAV00132595) | Form objections waived by lack of contemporaneous objection. Exhibit objection moot per special master | 82:9-82:15 | Already designated | | **OVERRULE objections as to ECF No. 122 disclosure grounds. Form objections are overruled as waived, except as to lines 82:7-9, where the preserved form objection fails on the merits. Testimony remains CONDITIONAL on Exhibit 226: if Exhibit 226 is admitted under the FRE, the designation is ADMITTED; if excluded, SUSTAINED.** | **MOOT. The counter-designated lines (82:9-15) are already fully included within Plaintiffs' main designation block.** |

| | A | B | C | D | E | F | G | H | I |
|---|---|---|---|---|---|---|---|---|---|
| | 27 | 82:7-84:16 | Vague/Ambiguous: confusing, compound question<br><br>Exhibit is objected to; if excluded then testimony on document should be excluded as well (Ex. 226, NAV00132595) | Apart from the objection to 82:7-9, form objections waived due to lack of contemporaneous objection. 82:7-9 was not vague and witness answered "I do not recall." | 82:7-83:14 | To the extent the form objection is overruled, improper to include to jury. | Objections on the record should be included in designation to preserve record. | **OVERRULE objections as to ECF No. 122 disclosure grounds. The form objections are overruled as waived, except as to lines 82:7-9, where the objection fails on the merits. Testimony remains CONDITIONAL on Exhibit 226: if Exhibit 226 is admitted under the FRE, the designation is ADMITTED; if excluded, SUSTAINED.** | **SUSTAIN objection in part. All record objection crosstalk and attorney colloquy between lines 82:7–83:14 must be completely redacted from the presentation shown to the jury. The remaining continuous witness testimony is admitted.** |
| | 28 | 84:19-85:18 | Exhibit is objected to; if excluded then testimony on document should be excluded as well (Ex. 226, NAV00132595) | Objection moot per special master | 85:18-86:16 | Already designated | | **OVERRULE exhibit objection as to ECF No. 122 disclosure grounds. Testimony is CONDITIONAL on the ultimate trial admissibility of Exhibit 226 under the FRE: if Exhibit 226 is admitted under the FRE, the document-dependent objections are overruled and the designation is ADMITTED; if excluded, SUSTAINED.** | **MOOT. Lines 85:18-86:16 are already independently designated by the parties and will play in the continuous trial sequence.** |
| | 29 | 86:7-88:18 | Exhibit is objected to; if excluded then testimony on document should be excluded as well (Ex. 226, NAV00132595) | Objection moot per special master | | | | **OVERRULE exhibit objection as to ECF No. 122 disclosure grounds. Testimony is CONDITIONAL on the ultimate trial admissibility of Exhibit 226 under the FRE: if Exhibit 226 is admitted under the FRE, the document-dependent objections are overruled and the designation is ADMITTED; if excluded, SUSTAINED.** | |
| | 30 | 88:25-88:25 | FRE 402 - Relevance: This one line designation is completely irrelevant; Incomplete<br><br>Exhibit is objected to; if excluded then testimony on document should be excluded as well (Ex. 226, NAV00132595) | Exhibit objection moot. The one line designation is the start of the question that the witness interrupted. Will not object to adding 89:1-89:5 if Navistar wants the cross-talk played. | | | | **OVERRULE objections as to ECF No. 122 disclosure grounds. The relevance objection is overruled under FRE 401/402. Completeness is resolved by the dynamic inclusion of the counter lines. Testimony remains CONDITIONAL on Exhibit 226: if Exhibit 226 is admitted under the FRE, the designation is ADMITTED, conditioned on the continuous inclusion of lines 89:1-5; if excluded, SUSTAINED.** | **OVERRULE objections. Lines 89:1-5 are ADMITTED under Rule 106 to cleanly complete the broken question-and-answer clip for the jury.** |
| | 31 | 89:6-92:5 | 91:3-5, Vague/Ambiguous: confusing, compound question; 90:3-23 FRE 602 - Knowledge<br><br>Exhibit is objected to; if excluded then testimony on document should be excluded as well (Ex. 226, NAV00132595) | Form objections waived by lack of contemporaneous objections. Witness is being asked of his interpretation of what he was told to do by the witnesses; he has knowledge of his own understandings. Exhibit objection moot. | 92:6-92:19 | Inappropriate to designate attorney cross-talk and objections to a question (92:2-5) that Navistar does not object to in this document. 92:18-19 is already designated as the answer to the non-objected to question | Objections on the record should be included in designation to preserve record. | **OVERRULE objections as to ECF No. 122 disclosure grounds. Form objections are overruled as waived, and the personal knowledge challenge under FRE 602 goes to the weight of the evidence. Testimony remains CONDITIONAL on Exhibit 226: if Exhibit 226 is admitted under the FRE, the designation is ADMITTED; if excluded, SUSTAINED.** | **SUSTAIN objection in part. The extensive attorney objection colloquy spanning lines 92:6–17 must be entirely redacted from the video presentation shown to the jury. Line 92:18-19 is admitted as the witness's clean, non-objection answer.** |
| | 32 | 92:18-19 | 92:2-19, Incomplete<br><br>Exhibit is objected to; if excluded then testimony on document should be excluded as well (Ex. 226, NAV00132595) | See above. This is the answer to the question at 92:2-5, that Navistar does not object to in this document. Objection to the exhibit moot. | | | | **OVERRULE objections as to ECF No. 122 disclosure grounds. The completeness objection is overruled. Testimony remains CONDITIONAL on Exhibit 226: if Exhibit 226 is admitted under the FRE, the designation is ADMITTED; if excluded, SUSTAINED.** | |

| | A | B | C | D | E | F | G | H | I |
|---|---|---|---|---|---|---|---|---|---|
| | 33 | 92:23-93:24 | Incomplete: fails to include original question and objectiosn; 93:7-15, FRE 602 - Knowledge<br><br>Exhibit is objected to; if excluded then testimony on document should be excluded as well (Ex. 226, NAV00132595) | Will include 92:20-22 even though it's filler and not the question. | 92:2-22 | See above. Inappropriate inclusion of cross-talk and objections that are not revived in this document. | Objections on the record should be included in designation to preserve record. | **OVERRULE objections as to ECF No. 122 disclosure grounds. The FRE 602 personal knowledge objection goes to the weight of the testimony. Testimony remains CONDITIONAL on Exhibit 226: if Exhibit 226 is admitted under the FRE, the designation is ADMITTED, conditioned on the continuous inclusion of lines 92:20-22; if excluded, SUSTAINED.** | **OVERRULE objections as to ECF No. 122 disclosure grounds. The FRE 602 personal knowledge objection goes to the weight of the testimony. SUSTAIN objection in part. The attorney crosstalk and objection colloquy between lines 92:6–17 must be completely redacted. Counter-designation is otherwise ADMITTED under Rule 106, subject to the ultimate trial admissibility of Exhibit 226.** |
| | 34 | 94:11-16 | 94:11-14, Incomplete; Form/foundation: asks Brown to speculate regarding "placeholders" on the order board<br><br>Exhibit is objected to; if excluded then testimony on document should be excluded as well (Ex. 226, NAV00132595) | The question objecting to "speculation" is not included. This question was not contemporaneously objected to as speculative and witness indicated his knowledge of the distinct question asked here. Exhibit objection moot | 93:25-94:10 | Inappropriate to designate testimony reflecting question that was objected to, leading to contemporaneous reformation. | Objections on the record should be included in designation to preserve record. | **OVERRULE objections as to ECF No. 122 disclosure grounds. The form and speculation objections are overruled as waived on the record, and the completeness objection is overruled. Testimony remains CONDITIONAL on Exhibit 226: if Exhibit 226 is admitted under the FRE, the designation is ADMITTED; if excluded, SUSTAINED.** | **SUSTAIN objection; counter-designation EXCLUDED. The counter-designated block consists of a separate, rephrased question that was objected to and subsequently withdrawn on the record; it does not serve to modify or correct the clear answer given in the main designation.** |
| | 35 | 94:24-95:10 | 94:15-16, Incomplete<br><br>Exhibit is objected to; if excluded then testimony on document should be excluded as well (Ex. 226, NAV00132595) | Exhibit objection moot. 94:15-16 is a complete question and answer. | 95:10-16 | This is a distinct questionswer set, what is omitted is the objection. Inappropriate to include objection that is not sustained. | Objections on the record should be included in designation to preserve record. | **OVERRULE objections as to ECF No. 122 disclosure grounds. The completeness objection is overruled. Testimony remains CONDITIONAL on Exhibit 226: if Exhibit 226 is admitted under the FRE, the designation is ADMITTED; if excluded, SUSTAINED.** | **SUSTAIN objection; counter-designation EXCLUDED. The counter-designated block consists entirely of unrevived record objection colloquy, which must be redacted from the jury presentation.** |
| | 36 | 95:15-20 | 96:1-3, fails to include the entirety of Brown's answer regarding the dealers placing order on page 96 lines 1 through 3<br><br>Exhibit is objected to; if excluded then testimony on document should be excluded as well (Ex. 226, NAV00132595) | 96:1-3 is a distinct question and answer set that was not designated. | 95:21-96:3 | Not pertinent or necessary under FRE 106; hearsay when offered by Navistar. | FRE 106 states "If a party introduces all or part of a statement, an adverse party may require the introduction, at that time, of any other part — or any other statement — that in fairness ought to be considered at the same time. The adverse party may do so over a hearsay objection."<br><br>Plaintiffs' own questioning, cannot object to lack of sufficient foundational questions, additional questions necessary to show witness's knowledge of document on which Plaintiffs' seek to designate testimony. Witness's answer in 95:20 provides "It's a Navistar system" and Navistar's counter-designation provides a brief explanation of that system for context. | **OVERRULE objections as to ECF No. 122 disclosure grounds. Testimony remains CONDITIONAL on Exhibit 226: if Exhibit 226 is admitted under the FRE, the document-dependent testimony objection is overruled and the designation is ADMITTED, subject to the dynamic addition of the counter-designation context; if excluded, SUSTAINED.** | **OVERRULE objections. The counter-designation (95:21-96:3) is ADMITTED under Rule 106 and FRCP 32(a)(6) to provide immediate continuous context explaining the "Navistar system" referenced by the witness, subject to the ultimate trial admissibility of Exhibit 226. The own-employee framework hearsay objections are inapplicable.** |

| | A | B | C | D | E | F | G | H | I |
|---|---|---|---|---|---|---|---|---|---|
| | 37 | 96:4-6 | 96:9, Incomplete: fails to include Brown's actual answer<br><br>Exhibit is objected to; if excluded then testimony on document should be excluded as well (Ex. 226, NAV00132595) | The question is 96:4-6 and the answer is 96:9 and both are designated. Exhibit objection moot. | 96:6-9 | Designation of objection (that is no longer raised in this document) is inappropriate. | Objections on the record should be included in designation to preserve record. | **OVERRULE objections as to ECF No. 122 disclosure grounds. The completeness objection is overruled. Testimony remains CONDITIONAL on Exhibit 226: if Exhibit 226 is admitted under the FRE, the designation is ADMITTED; if excluded, SUSTAINED.** | **SUSTAIN objection; counter-designation EXCLUDED. The counter-designated block contains record objection colloquy, which must be redacted from the video presentation.** |
| | 38 | 96:9-98:4 | Exhibit is objected to; if excluded then testimony on document should be excluded as well (Ex. 226, NAV00132595) | Exhibit objection moot. | | | | **OVERRULE exhibit objection as to ECF No. 122 disclosure grounds. Testimony is CONDITIONAL on the ultimate trial admissibility of Exhibit 226 under the FRE: if Exhibit 226 is admitted under the FRE, the document-dependent objections are overruled and the designation is ADMITTED; if excluded, SUSTAINED.** | |
| | 39 | 113:20-114:21 | 114:4-11, FRE 602 - Knowledge: Asks for information regarding Roman Lewinsky and James, including their role and work location | Witness literally expressed his knowledge of colleagues' work location. | | | | **OVERRULE objection; designation ADMITTED. A witness's knowledge regarding the identity and locations of co-workers goes to the weight of the testimony, not its admissibility.** | |
| | 40 | 114:25-115:24 | 115:17-18, Form/foundation: speculation, Brown says that Ex. 229 was "probably" worked on toward the end of the year | Objection waived by lack of contemporaneous objection. Witness's testimony as to what was "probable" is not speculation. Inference from his knowledge | | | | **OVERRULE objections; designation ADMITTED. The form objection was waived for lack of a contemporaneous record objection, and the witness's characterization of a timeline as "probably" goes to weight rather than threshold admissibility.** | |
| | 41 | 117:25-120:18 | 119:7-19, Form/foundation: speculation, Brown testifies that he believes the "SPA" listed on Ex. 229 is "most likely" the average for the reasons; Assumes facts not in evidence | Form objection waived by lack of contemporaneous objection; witness literally expresses his personal knowledge and understanding of what document reflects. Inference from knowledge is not speculative. | | | | **OVERRULE objections; designation ADMITTED. Form objections were waived for lack of a contemporaneous objection on the record; the witness's continuous understanding of commercial document acronyms is proper testimony within his role, with any precision issues going to weight.** | |
| | 42 | 122:13-18 | | | | | | **ADMITTED — no objection.** | |

| | A | B | C | D | E | F | G | H | I |
|---|---|---|---|---|---|---|---|---|---|
| 43 | | 123:20-126:7 | Incomplete: fails to include the rest of Brown's testimony regarding program and stock customers | There is nothing incomplete. The designated testimony are all complete question and answer sets. | 126:8-16 | Non-pertinent; distinct question not appropriately designated under 106. Hearsay when offered by Navistar | FRE 106 states "If a party introduces all or part of a statement, an adverse party may require the introduction, at that time, of any other part — or any other statement — that in fairness ought to be considered at the same time. The adverse party may do so over a hearsay objection."<br><br>Plaintiffs' own questioning, cannot object to lack of sufficient foundational questions, additional questions necessary to show witness's knowledge of document on which Plaintiffs' seek to designate testimony. 126:8-16 provides brief additional definitions and context for witness's answers in Plaintiffs' designation, including the relevant programs. | **OVERRULE completeness objection; designation ADMITTED.** | **OVERRULE objections. The counter-designation (126:8-16) is ADMITTED under FRCP 32(a)(6) and FRE 106 because it immediately follows the designated testimony and provides necessary context regarding the relevant programs under discussion. Hearsay objections are overruled as context text.** |
| 44 | | 132:11-133:1 | Incomplete: fails to include Brown's full response; 132:22-24, Assumes facts not in evidence | There is nothing incomplete. The designated testimony are all complete question and answer sets. No contemporaneous objection on "assumes facts not in evidence" and the fact at issue--a Navistar document--was identified by the witness who identified what it was. | 133:2-15 | | | **OVERRULE form objections (waived); designation ADMITTED.** | **ADMITTED — no objection.** |
| 45 | | 133:10-15 | 133:7-15, Vague/ambiguous: confusing questions and cross talk starting | Objection waived by lack of contemporaneous objection. There is nothing vague or ambiguous; witness understood and answered. | | | | **OVERRULE objections; designation ADMITTED. The form objections were waived by the failure to raise a contemporaneous objection on the record.** | |
| 46 | | 139:21-140:7 | 130:22-23, Form/foundation: speculation and mistates prior testimony | Form objections waived by lack of contemporaneous objection; witness did not speculate and gave answers to questions. | | | | **OVERRULE objections; designation ADMITTED. Form objections were waived by a lack of a contemporaneous record objection.** | |
| 47 | | 140:19-141:1 | FRE 402 - Relevance: this testimony just introduced Exhibit 232 (NAV00132187) which is on Plaintiff's trial exhibti list and not contested | Exhibit objection moot. Identification of exhibit that is then discussed is not "irrelevant" it is basic foundation. | | | | **OVERRULE 401/402 — foundational identification of Exhibit 232 (NAV00132187), which the objection itself states is on Plaintiffs' trial exhibit list and not contested; OVERRULE 403 — probative value is not substantially outweighed by a danger of unfair prejudice.** | |
| 48 | | 141:7-18 | 142:7-11, Vague/ambiguous: confusing questions | 142:7-11 is not even designated. Any form objections to 141:7-11 would be waived due to lack of contemporaneous objections. | | | | **OVERRULE objections; designation ADMITTED. Form objections were waived due to the lack of a contemporaneous record objection.** | |

| | A | B | C | D | E | F | G | H | I |
|---|---|---|---|---|---|---|---|---|---|
| 97 | 49 | 142:18-144:20 | | | | | | **ADMITTED — no objection.** | |
| 98 | 50 | 145:13-146:5 | 145:21-25 - Assumes facts not in eviednce; compound questions | Form objections waived by lack of contemporaneous objection. Cross-exam questions that the witness answers do not "assume facts not in evidence," they elicit evidence. | 146:6-147:1 | Non-pertinent; distinct question not appropriately designated under 106. Hearsay when offered by Navistar | FRE 106 states "If a party introduces all or part of a statement, an adverse party may require the introduction, at that time, of any other part — or any other statement — that in fairness ought to be considered at the same time. The adverse party may do so over a hearsay objection."<br><br>Plaintiffs' own questioning, cannot object to lack of sufficient foundational questions, additional questions necessary to show witness's knowledge of document on which Plaintiffs' seek to designate testimony. 146:6-147:1 provides brief additional definitions and context for witness's answers in Plaintiffs' designation, including context for why witness would receive the information in the document. | **OVERRULE form objections (waived); designation ADMITTED.** | **OVERRULE objections. The counter-designation (146:6-147:1) is ADMITTED under FRCP 32(a)(6) and FRE 106 to prevent a misleading presentation by providing definitions and continuous context for the corporate information under discussion.** |
| 99 | 51 | 175:1-2 | FRE 402 - Relevance: only introduces exhibit, not testimony: "·(Deposition Exhibit 239 was marked · · ·for identification.)" | No testimony will even play with this clip; it is simply to make clear to the parties and court what exhibit is being discussed when questioning starts at 175:12-15. | | | | **OVERRULE 401/402 — foundational identification of the exhibit under discussion. This ruling is self-executing and keyed to entered exhibit rulings: admitted if the underlying exhibit is admitted; excluded if it is not.** | |
| 100 | 52 | 175:12-15 | FRE 402 - Relevance: no testimony, only Plaintiffs explaining Ex. 239 "·For the record, the attachment there · · ·is -- the parent document is NAV00059270, · · ·and the attachment is NAV00059273.· So just · · ·attach that to 239, Exhibit 239." | This is merely identifying the exhibit that the attorney and witness subsequently discuss. It is necessary foundation. | | | | **OVERRULE 401/402 — foundational identification of the exhibit under discussion. This ruling is self-executing and keyed to entered exhibit rulings: admitted if the underlying exhibit is admitted; excluded if it is not.** | |
| 101 | 53 | 175:24-180:5 | 176:3-6, 177:21-178:1 -- FRE 602 - Knowledge; Vague/Ambiguous; Assumes facts not in evidence; Incomplete: fails to include Brown's explanation 180:7-11 | | 180:6-11 | | | **OVERRULE form and personal knowledge objections (waived / goes to weight); designation ADMITTED conditioned on inclusion of the counter-designation.** | **ADMITTED — no objection.** |
| 102 | 54 | | | | | | | | |

| | A | B | C | D | E | F | G | H | I |
|---|---|---|---|---|---|---|---|---|---|
| 55 | | 180:12-191:9 | 182:1-5; 182:15-183:11; 191:3-5; 190:10-12 - Vague/Ambiguous: compound, confusing questions; Assumes facts in evidence; Misstates testimony; Incomplete: leaves out the remaining testimony and objections on 191 | Form objections waived due to lack of contemporaneous objections. | 191:10-16 | This is a form objection that is not revived by Navistar's additional objections in Column C. Inappropriate to include waived objections in a clip to jury. | The last line of Plaintiffs' designation, 191:9, is a question. 191:10-16 provides Plaintiffs' re-worded question and witness's ultimate answer. Objections on the record should be included in designation to preserve record. | **OVERRULE form objections (waived); designation ADMITTED.** | **SUSTAIN objection in part; counter-designation EXCLUDED as to lines 191:10-15. The counter-designated sequence consists entirely of attorney objections and crosstalk on the record, which must be redacted from the jury presentation.** |
| 56 | | | | | | | | | |
| 57 | | 191:16--191:16 | Incomplete: this is Brown's answer without context or objections | This is the answer after the waived objection (see above at Row 59 Col. F) | | | | **OVERRULE completeness objection; the answer at 191:16 follows from the question at 191:10–15 designated via Item #55, and all attorney colloquy is redacted pursuant to the ruling on Item #55. Designation ADMITTED.** | |
| 58 | | 192:22-195:15 | 194:3-8, 194:9-18 - Vague/Ambiguous: compound, confusing questions; Incomplete: fails to include Brown's final explanation regarding the 1,500 allocation | Form objections waived due to lack of contemporaneous objections. There is nothing incomplete; the entire run here are complete questions and answers. | 195:16-24 | Distinct question that elicited non-pertinent answer; inappropriate under Rule 106 and hearsay if offered by Navistar. | FRE 106 states "If a party introduces all or part of a statement, an adverse party may require the introduction, at that time, of any other part — or any other statement — that in fairness ought to be considered at the same time. The adverse party may do so over a hearsay objection."<br><br>Plaintiffs' own questioning, cannot object to lack of sufficient foundational questions, additional questions necessary to show witness's knowledge of document on which Plaintiffs' seek to designate testimony. 195:21-24 provides necessary context, including an interpretation of numbers on the document, for the questions answered in Plaintiffs' designation. | **OVERRULE form objections (waived); designation ADMITTED.** | **OVERRULE objections. The counter-designation (195:16-24) is ADMITTED under FRE 106 and FRCP 32(a)(6) because it provides immediate clarification and context for the specific numbers on the document discussed in the main designation.** |
| 59 | | 197:3-14 | 197: 8-13 - Form/Foundation: speculation; Incomplete: fails to include the rest of Brown's testimony; FRE 602 - Knowledge: asks questions outside of Brown's knowledge | Form objections waived by lack of contemporaneous objection; Brown's alleged lack of knowledge on topics he reasonably should know given his position is highly relevant by itself. | 197:15-25 | No objection | | **OVERRULE form and FRE 602 objections (waived / goes to weight); designation ADMITTED.** | **ADMITTED — no objection.** |
| 60 | | | | | | | | | |
| 61 | | | | | | | | | |
| 62 | | 201:10-13 | Incomplete: only states Plaintiffs' question, not testimony and leaves out objections | The answer is at 201:22-23 which is included. | 201:14-23 | No objection. | | **OVERRULE completeness objection; designation ADMITTED (conditioned on the counter playing contemporaneously).** | **ADMITTED — no objection.** |

| | A | B | C | D | E | F | G | H | I |
|---|---|---|---|---|---|---|---|---|---|
| | 63 | 201:22-202:15 | 201:24-25: Argumentative, and asserts facts contrary to evidence, "Mostly. Now it's mostly."; Incomplete: fails to include Brown's follow-up reasoning and conclusions | Objection waived by lack of contemporaneous objection. "Mostly" was Brown's own testimony. There is nothing "incomplete" the pull is complete question and answer sets. | 202:16-203:6 | "Counter designation" is non-responsive to a pending question, distinct from selected material, inappropriate under Rule 106 and hearsay if offered by Navistar. | FRE 106 states "If a party introduces all or part of a statement, an adverse party may require the introduction, at that time, of any other part — or any other statement — that in fairness ought to be considered at the same time. The adverse party may do so over a hearsay objection." Plaintiffs' own questioning, cannot object to lack of sufficient foundational questions, additional questions necessary to show witness's knowledge of document on which Plaintiffs' seek to designate testimony. 202:16-203:6 provides witness' additional clarification for his answer in 202:18-22. | **OVERRULE form, waived. Completeness addressed by counter-designation.** | **OVERRULE -- the counter-designation is allowed under Rule 32(a)(6)/Rule 106. OVERRULE the hearsay objections.** |
| | 64 | 208:1-6 | 208:4-6: Vague/ambiguous: confusing question; Incomplete: fails to include objections and ultimate answer to the question "So, Mr. Brown, who told you to come in here and say that the cuts were proportional?· Did somebody tell you to -- to testify that way?" | Form objections waived by lack of contemporaneous objection (which was "asked and answered," an inappropriate objection in general and not revived here).Objections that are waived should not be played to a jury. The "ultimate answer" to the question identified here is plainly included (209:7) | | | | **OVERRULE form objection (waived); SUSTAIN completeness objection. To prevent a disjointed presentation to the jury, Plaintiffs should be ordered to merge Item #64 and Item #65 into a single continuous designation spanning lines 208:1–209:14** | |
| | 65 | 208:14-209:14 | 209:3-6: Argumentative, and asserts facts contrary to evidence, including that someone "told" Brown to "say that the cuts were proportional" | Form objections waived by lack of contemporaneous objections. Cross-examination questions are permitted to be pointed and witness's demeanor in response to a question seeking to elicit the reason for a hostile witness's evasive answers and non-sequitur interjections is highly pertinent to witness credibility. | | | | **MOOT. This designation (lines 208:14–209:14) has been integrated into a single continuous presentation block with Item #64 (spanning lines 208:1–209:14) pursuant to the ruling on Item #64. The substantive form objections raised here are addressed and overruled within that unified ruling.** | |
| | 66 | 210:5-14 | Incomplete: fails to include objections and Plaintiffs argumentative language | Same as above. The deposition selections here are all complete question-answer sets. | 209:15-210:4 | Inappropriate to include lawyer objections that are waived. | Objections on the record should be included in designation to preserve record. | **OVERRULE completeness objection** | **SUSTAIN objection; counter-designation EXCLUDED. Attorney objections and record colloquy are to be redacted from the presentation shown to the jury.** |
| | 67 | 211:9-212:15 | Incomplete: fails to include Brown's full response | The deposition pulls here are all complete question and answer sets | 212:16-19 | 212:16-17 is the Court reporter asking to have her volume turned up. 212:18-19 is included already. | Plaintiffs separate a question and its subsequent answer into two different designations. Navistar seeks to clarify that witness's full answer, 212:14-19, is designated with Plaintiffs' relevant question, 212:13. | **OVERRULE completeness objection** | **MOOT. Lines 212:16–17 consist of administrative court reporter dialogue which is excluded, and lines 212:18–19 are already independently designated and will play via Item #68** |

| | A | B | C | D | E | F | G | H | I |
|---|---|---|---|---|---|---|---|---|---|
| | 68 | 212:18-213:3 | | | | | | ADMITTED — no objection. | |
| | 69 | 214:6-16 | Incomplete: fails to include Brown's full response | These are complete question and answer sets. Nothing incomplete. | 214:17-18 | "counter designation" is a witness interjection not in response to a pending question and inappropriate under FRE 106. Hearsay if offered by Navistar | FRE 106 states "If a party introduces all or part of a statement, an adverse party may require the introduction, at that time, of any other part — or any other statement — that in fairness ought to be considered at the same time. The adverse party may do so over a hearsay objection."<br><br>Plaintiffs' own questioning, cannot object to lack of sufficient foundational questions, additional questions necessary to show witness's knowledge of document on which Plaintiffs' seek to designate testimony. Witness did not finish answering Plaintiffs' question until 214:18. Witness's full answer to the question should be designated if objections are overruled. | OVERRULE completeness objection, conditioned on the contemporaneous inclusion of the continuous answer text at lines 214:17–18 | OVERRULE objections. The counter-designation (214:17–18) is ADMITTED under FRCP 32(a)(6) and FRE 106 because it constitutes the immediate, continuous completion of the witness's response to the designated question. Hearsay objections are inapplicable to contextual text required for completeness. |
| | 70 | 215:2-7 | Incomplete: fails to include Brown's full response | This is merely the question; the answer is designated as well (215:10-11) | 215:8-9 | Attorney's objection (not revived in this document) is not properly shown to jury. | Objections on the record should be included in designation to preserve record. | OVERRULE completeness objection. The witness's answer is immediately provided to the jury via Item #71, and no expansion of this clip is required. | SUSTAIN objection; counter-designation EXCLUDED. Lines 215:8–9 consist entirely of attorney objection colloquy, which must be redacted from the jury presentation |
| | 71 | 215:10-11 | | | | | | ADMITTED — no objection. | |
| | 72 | 215:13-20 | Incomplete: fails to include objections | Improper to include objections that are not revived in this document | 215:21-21 | Same - objections should not be shown to jury. | Objections on the record should be included in designation to preserve record. | OVERRULE completeness objection; designation ADMITTED. The question-and-answer set is substantively complete. | SUSTAIN objection; counter-designation EXCLUDED. Line 215:21 consists entirely of an attorney objection, which must be redacted from the jury presentation. |
| | 73 | 215:22-24 | | | | | | ADMITTED — no objection. | |
| | 74 | 218:25-219:3 | Incomplete: fails to include objections | Improper to include objections that are not revived in this document | 219:4-6 | Objections not properly shown to jury. | Objections on the record should be included in designation to preserve record. | OVERRULE completeness objection | SUSTAIN objection; counter-designation EXCLUDED. Lines 219:4–6 comprise attorney objections and record colloquy, which must be redacted from the jury presentation. |
| | 75 | 219:7-13 | | | | | | ADMITTED — no objection. | |
| | 76 | 221:21-223:13 | | | | | | ADMITTED — no objection. | |
| | 77 | 224:2-225:8 | 224:24-225:3, form - vague, ambiguous | Form objections waived as they were not contemporaneously made | | | | OVERRULE — form; waived. | |
| | 78 | 225:23-25 | FRE 402 - Revelancy: this just instruducing Ex. 245, no testimony | Yes, introducing an exhibit is necessary foundation for the jury to understand the subsequent questions regarding that exhibit. | | | | OVERRULE FRE 402 objection. The clip is an admissible foundational identification of Exhibit 245, providing necessary baseline context for the subsequent testimony. | |

| | A | B | C | D | E | F | G | H | I |
|---|---|---|---|---|---|---|---|---|---|
| 127 | 79 | 227:7-230:10 | | | | | | ADMITTED — no objection. | |
| 128 | 80 | 231:7-25 | FRE 402 - Revelancy: this just instroducing Ex. 246 | Yes, introducing an exhibit is necessary foundation for the jury to understand the subsequent questions regarding that exhibit. | | | | OVERRULE FRE 402 objection. The clip is an admissible foundational identification of Exhibit 246, providing necessary baseline context for the subsequent testimony. | |
| 129 | 81 | 234:24-235:8 | 234:24-235:3, form - vague, ambiguous, compound and confusing questions | Form objections waived due to lack of contemporaneous objections | | | | OVERRULE form objections. Defendant waived these objections by failing to assert them contemporaneously on the record during the deposition; designation ADMITTED. | |
| 130 | 82 | 258:12-16 | Incomplete: fails to include full answer; 258:12-15, form - vague, ambiguous, compound and confusing questions | This is a complete question and answer. Form objections waived due to lack of contemporaneous objection. | 258:17-259:4 | This is not pertinent to the question that GLS selected for the deposition under FRE 106. Hearsay if offered by Navistar. | FRE 106 states "If a party introduces all or part of a statement, an adverse party may require the introduction, at that time, of any other part — or any other statement — that in fairness ought to be considered at the same time. The adverse party may do so over a hearsay objection."<br><br>Plaintiffs' own questioning, cannot object to lack of sufficient foundational questions, additional questions necessary to show witness's knowledge of document on which Plaintiffs' seek to designate testimony. Plaintiffs designated testimony where witness explains that outside issues were affecting production. In 258:17-259:4, witness explains that these issues caused production to come "to a complete halt." | OVERRULE form objection (waived); OVERRULE completeness objection. Designation ADMITTED, conditioned on the contemporaneous inclusion of Defendant's counter-designation at lines 258:17–259:4. | OVERRULE objections. The counter-designation (258:17–259:4) is ADMITTED under FRCP 32(a)(6) and FRE 106 because it directly expands upon and qualifies the witness's continuous testimony regarding production limits. Hearsay objections are overruled as the text is required for completeness. |

| | A | B | C | D | E | F | G | H | I |
|---|---|---|---|---|---|---|---|---|---|
| | 83 | 259:6-261:22 | 259:6-9, 259:11-13, FRE 602, form -- vague, foundation | Form objections waived due to lack of contemporaneous objections. Witness indicated his personal knowledge by answering the questions asked. | 259:5-21; 234:24-235:20 | 259:5 we will add. 259:6-21 is already included. Portions of the transcript from 20 pages earlier is plainly not pertinent to the questions being asked and is inappropriate under FRE 106. Hearsay if offered by Navistar. | FRE 106 states "If a party introduces all or part of a statement, an adverse party may require the introduction, at that time, of any other part — or any other statement — that in fairness ought to be considered at the same time. The adverse party may do so over a hearsay objection." Plaintiffs' own questioning, cannot object to lack of sufficient foundational questions, additional questions necessary to show witness's knowledge of document and questions on which Plaintiffs seek to designate testimony. Navistar's counter-designations in 234:24-235:20 provide context for the downtime witness testified to in 259:14-21 of Plaintiffs' designation. | **OVERRULE form and FRE 602 objections. Form objections were waived for lack of a contemporaneous record objection, and the personal knowledge objection goes to the weight of the testimony rather than its admissibility. Designation ADMITTED.** | **SUSTAIN objections in part; counter-designation EXCLUDED. To the extent the counter-designation covers lines 259:5–21, it is moot as those lines are already included in the main designation. The request to pull in lines 234:24–235:20 from a remote portion of the transcript is denied; separate testimony does not fall within the scope of continuous completeness under FRE 106.** |
| | 84 | 262:23-263:3 | 262:23-263:3, form -- vague ambiguous | Witness specifically asked if he understood the question and stated he did; objection not contemporaneously revived (263:4-10) | 263:4-5 | Inappropriate to add objection. If this is added, 263:4-10 should be included so jury sees witness indicating he understood question despite the lawyer objection. | Objections on the record should be included in designation to preserve record. | **OVERRULE form objection. The objection was waived on the record, and the witness substantively answered the question. Designation ADMITTED.** | **SUSTAIN objection; counter-designation EXCLUDED. Lines 263:4–5 consist of attorney objection colloquy which must be redacted from the jury presentation.** |
| | 85 | 263:11-18 | 263:11-15, form -- vague, ambiguous and calls for speculation | Form objections waived by lack of contemporaneous objection | | | | **OVERRULE objections. Form objections were waived by a lack of a contemporaneous objection on the record, and the speculation objection goes to the weight, not the admissibility, of the testimony. Designation ADMITTED.** | |
| | 86 | 263:25-265:1 | 264:21-265:1, FRE 602, form -- foundation | No problem with form of the question, witness did not express any lack of understanding. | | | | **OVERRULE objections. The witness's foundation and personal knowledge go to the weight of the evidence to be evaluated by the trier of fact, rather than its threshold admissibility. Designation ADMITTED.** | |
| | 87 | 265:4-25 | 265:15-17, form -- vague | No contemporaneous objection on "vagueness" made, witness did not express confusion with the question and then it was clarified and answered again without objection (264:21-265:8) | 265:2-3 | Inappropriate to designate objection | Objections on the record should be included in designation to preserve record. | **OVERRULE form objection. The vagueness objection was waived due to a lack of a contemporaneous record objection. Designation ADMITTED.** | **SUSTAIN objection; counter-designation EXCLUDED. Lines 265:2–3 consist of an attorney objection which must be redacted from the presentation.** |
| | 88 | 266:25-267:21 | exhibit is objected to; if excluded then testimony on document should be excluded as well | Exhibit objection moot per special master. | | | | **This ruling is self-executing and keyed to the Court's entered exhibit rulings: the testimony is ADMITTED if the underlying exhibit is admitted, and EXCLUDED as to document-dependent passages if the exhibit is excluded.** | |

| | A | B | C | D | E | F | G | H | I |
|---|---|---|---|---|---|---|---|---|---|
| | 89 | 268:13-273:3 | 270:20-22, 271:23-272:4, FRE 602, form -- foundation; 272:12-272:15, form -- assumes facts not in evidence | Objections waived due to lack of contemporaneous objections. Witness answered all questions, expressing his knowledge and understanding of documents he worked on within the scope of his duteis. The objections are baseless. | | | | **OVERRULE objections. Form and foundational objections were waived by a lack of a contemporaneous objection on the record; any remaining challenges to the witness's personal knowledge go to the weight of the testimony. Designation ADMITTED.** | |
| | 90 | 279:7-16 | exhibit is objected to; if excluded then testimony on document should be excluded as well | Exhibit objection moot per special master. | | | | **This ruling is self-executing and tied directly to the entered exhibit rulings: admitted if the underlying exhibit is admitted; excluded as to document-dependent testimony if it is not.** | |
| | 91 | 284:2-12 | | | | | | **ADMITTED — no objection.** | |
| | 92 | 284:18-285:21 | exhibit is objected to; if excluded then testimony on document should be excluded as well | Moot per special master | 285:22-287:11 | Non-pertinent to deposition selections; inappropriate under FRE 106 and hearsay if offered by Navistar | FRE 106 states "If a party introduces all or part of a statement, an adverse party may require the introduction, at that time, of any other part — or any other statement — that in fairness ought to be considered at the same time. The adverse party may do so over a hearsay objection." | **This designation is self-executing under the entered exhibit rulings: admitted if the underlying exhibit is admitted; excluded if the exhibit is excluded.** | **SUSTAIN Plaintiffs' objections; counter-designation EXCLUDED. The extended counter-designation narrative (lines 285:22–287:11) introduces an independent line of inquiry and fails to meet the threshold of FRCP 32(a)(6) or FRE 106 completeness required to modify or explain the main designated text.** |
| | 93 | 289:10-291:14 | exhibit is objected to; if excluded then testimony on document should be excluded as well | Moot per special master | | | | **This ruling is self-executing and keyed to the entered exhibit rulings: admitted if the underlying exhibit is admitted; excluded as to document-dependent testimony if it is not.** | |
| | 94 | 291:21-292:13 | 292:2-12, FRE 602, form -- foundation | Objections waived due to lack of contemporaneous objections. "Foundation" was presentation of document witness was familiar with and could answer questions about. Meritless objections | | | | **OVERRULE objections. Form and foundational objections were waived by a lack of a contemporaneous objection on the record; the objection regarding personal knowledge under FRE 602 goes to the weight of the evidence. Designation ADMITTED.** | |
| | 95 | 293:9-12 | 293:9-11, FRE 602, form -- foundation | Objections waived due to lack of contemporaneous objections; question literally asked witness to answer based on his knowledge, for which he has foundation to answer. | | | | **OVERRULE objections. Form and foundational objections were waived by a lack of a contemporaneous objection on the record; the objection regarding personal knowledge under FRE 602 goes to the weight of the evidence. Designation ADMITTED.** | |
| | 96 | 296:4-12 | 296:4-12, form -- calls for speculation | No such contemporaneous objection raised; witness was asked whether or not he had knowledge which is a question he can answer without speculating. | | | | **OVERRULE objections. The form objection was waived for lack of a contemporaneous record objection, and the challenge regarding speculation goes to the weight of the testimony to be evaluated by the jury. Designation ADMITTED.** | |
| | 97 | 296:17-22 | | | | | | **ADMITTED — no objection.** | |

| | A | B | C | D | E | F | G | H | I |
|---|---|---|---|---|---|---|---|---|---|
| | 98 | 297:5-12 | | | | | | ADMITTED — no objection. | |
| | 99 | 297:15-298:15 | 297:19-22, 298:6-9, FRE 602, form -- foundation, calls for speculation | Objections waived due to lack of contemporaneous objection. All questions asked witness of extent of his knowledge; witness's knowledge or lack thereof is not speculation. | | | | OVERRULE objections. Form and foundational objections were waived by a lack of a contemporaneous objection on the record. The objections based on speculation and lack of personal knowledge under FRE 602 go to the weight of the evidence rather than its threshold admissibility. Designation ADMITTED. | |

| Both Parties Designated; See Plaintiffs' Designations Below in Yellow |
|---|

**Kerri Podewelll**

| NAVISTAR'S GENERAL OBJECTIONS: Same general objection as Brown.<br>PLAINTIFFS' GENERAL OBJECTIONS: Same general objection as Brown. | SPECIAL MASTER: Navistar's general (exhibit-dependent) objection is administered row by row through self-executing, exhibit-contingent rulings keyed to the entered exhibit rulings (Report, Part IV.F). As to Plaintiffs' general objection to Navistar's use of this witness's deposition (FRE 804(a)(5)/FRCP 32 unavailability; FRE 804(b)): RECOMMENDED — the objection is not a basis to strike the designations now. Plaintiffs' authorities (Alexander, Peppers, and Atlas Lederer) address admissibility at trial, not the propriety of the designations themselves, and are therefore consistent with deferring the FRE 804(b) predicate to trial: Navistar's substantive use is governed by Rule 32(a), and the unavailability predicate (or, if the witness is called live, the confinement of the deposition to impeachment and other permitted uses) is a foundation to be laid at trial. Navistar has represented that, if neither party calls Podewell live, it does not object to both parties' designations (Report, Background). This own-employee question is analyzed at Report, Part IV.D. The witness-specific Rule 408 settlement-reference and privilege objections are resolved at Report, Part IV.H, and in the row-level rulings below. The row-level rulings below apply accordingly. |
|---|---|

**Podewell — Navistar's Deposition Designations / Plaintiffs' Objections & Counter-Designations**

| # | Navistar's Designation | Plaintiffs' Objection | Navistar's Response to Plaintiffs' Objections | Counter-Designation | Objections to Counter-Designation | | Special Master's Recommended Ruling — Designation / Objection | Special Master's Recommended Ruling — Counter-Designation |
|---|---|---|---|---|---|---|---|---|
| 1 | Page 6, lines 9-11 | None | | | | | **ADMITTED — no objection.** | |
| 2 | Page 11, lines 15-20 | None | | | | | **ADMITTED — no objection.** | |
| 3 | Page 11:25 – Page 12:8 | 401/403 - not the title she held at relevant time | Her role at the time of deposition is relevant context for her answers, including testimony designated by Plaintiffs' that she does not remember the answer to certain questions. | | | | **OVERRULE objections. Corporate titles and reporting lines held at the time of a deposition provide proper baseline context under FRE 401/402. The tracking of dynamic reporting structures is not unfairly prejudicial under FRE 403. Designation ADMITTED.** | |
| 4 | Page 12:22 – Page 13:13 | Object to 12:22-13:1 under 401/403 - not title/reporting structure at relevant time | Her role at the time of deposition is relevant context for her answers, including testimony designated by Plaintiffs' that she does not remember the answer to certain questions. | | | | **OVERRULE objections. The witness's current role and corporate oversight context provide proper baseline framing under FRE 401/402 and FRE 403. Designation ADMITTED.** | |
| 5 | Page 13:25 – Page 14:7 | None | | | | | **ADMITTED — no objection.** | |
| 6 | Page 15, lines 1-16 | None | | | | | **ADMITTED — no objection.** | |
| 7 | Page 18:2 – Page 19:5 | Object to 18:7-18 under 602 (per witness testimony lacks personal knowledge). No objection to the rest. | Witness testifies to her personal recollection. | 19:6-20:18 for completeness | | | **OVERRULE FRE 602 objection. The witness explicitly tracks her personal recollection of the underlying corporate communications; depth challenges go strictly to weight. Designation ADMITTED, conditioned on the contemporaneous addition of the counter-designation.** | **ADMITTED — no objection. Lines 19:6–20:18 are allowed under Rule 106 and FRCP 32(a)(6) for narrative context.** |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 8 | Page 43:23 – Page 44:12 | None except incomplete/cut off - no objection with addition noted to right | Navistar agrees to go to designate 43:9-45:24. | 43:9-22. | Navistar objects to admissibility of document. If objection sustained, Navistar withdraws designation. If admitted, no objection to counter designation. | | **ADMITTED — no objection. Completeness is satisfied by the integration of the preceding text. Designation ADMITTED, conditioned on the contemporaneous addition of lines 43:9–22.** | **This ruling is self-executing and keyed to the entered exhibit rulings for Dep. Ex. 297 / Plaintiffs' Trial Exhibit P-11. If the underlying exhibit is admitted, this document-dependent designation is ADMITTED, conditioned on the contemporaneous integration of completeness lines 43:9–22. If the underlying exhibit is excluded, the testimony is EXCLUDED in full pursuant to Navistar's express condition that it withdraws the designation if its exhibit objection is sustained.** |
| 9 | Page 44:19 – Page 45:24 | None except incomplete/cut off - no objection with addition noted to right | Navistar agrees to go to designate 43:9-45:24. | 45:25-47:1 | Navistar objects to admissibility of document. If objection sustained, Navistar withdraws designation. If admitted, no objection to counter designation. | | **ADMITTED — no objection. Completeness is satisfied by the integration of the subsequent text. Designation ADMITTED, conditioned on the contemporaneous addition of lines 45:25–47:1.** | **This ruling is self-executing and keyed to the entered exhibit rulings for Dep. Ex. 297 / Plaintiffs' Trial Exhibit P-11. If the underlying exhibit is admitted, this document-dependent designation is ADMITTED, conditioned on the contemporaneous integration of completeness lines 45:25–47:1. If the underlying exhibit is excluded, the testimony is EXCLUDED in full pursuant to Navistar's express condition that it withdraws the designation if its exhibit objection is sustained.** |
| 10 | Page 47, lines 10-16 | None | | | | | **ADMITTED — no objection.** | |
| 11 | Page 65:3 – Page 66:2 | 401/403 - incomplete. Hearsay when offered by Navistar. This is colloquy about a document not otherwise part of the testimony; witness indicates lack of personal knowledge under 602 | | If objection not granted in full, add 63:22-65:2 | ~~Navistar withdraws the designation.~~ | | **Designation WITHDRAWN** | **Counter-designation WITHDRAWN** |
| 12 | Page 72, lines 15-25 | None | | | | | **ADMITTED — no objection.** | |
| 13 | Page 138, lines 3-25 | Object to 138:20-25 on completeness grounds; no objection if additional lines added | Not an admissibility objection and Plaintiffs' counter designation is not necessary for completeness. | 139:1-12 | (1) Not responsive counter designation. Designation is about orders and allocation, generally. Counter designation is about a specific document and is not necessary to complete the designated testimony. (2) 602 -- witness testifies to not having context for the email, and not understanding it without additional context. | | **OVERRULE completeness objection. The designation stands alone as a substantively complete question-and-answer clip; the completeness request is resolved entirely via the dynamic addition of the counter-designation. Designation ADMITTED, conditioned on the counter playing contemporaneously.** | **ADMITTED — no objection. Lines 139:1–12 are allowed under Rule 106 and FRCP 32(a)(6) for continuous context.** |
| 14 | Page 150:21 – Page 151:12 | Object to 151:3-12; hearsay if offered by Navistar, 602 lack of personal knowledge. | Witness is subject to cross-examination and being asked about document Plaintiffs' have offered without objection, and on which they have designated testimony (Plaintiffs' designated 150:21-151:2). Prior consistent statement regarding supply shortages. | 150:16-152:12, 152:21-153:2 | 152:9-153:2: 602, witness testified she had no knowledge of the topics of questioning (see 152:33-153:2) | | **OVERRULE objections. Prior consistent statements regarding market-wide supply shortages are properly admissible under FRE 801(d)(1)(B). FRE 602 personal knowledge challenges go entirely to weight. Designation ADMITTED, conditioned on the contemporaneous addition of the counter-designations.** | **OVERRULE objections. The counter-designations (150:16–152:12, 152:21–153:2) are ADMITTED under Rule 106 and FRCP 32(a)(6) to preserve narrative completeness context.** |

| # | | | | | | | Special Master's Recommended Ruling — Designation / Objection | Special Master's Recommended Ruling — Counter-Designation |
|---|---|---|---|---|---|---|---|---|
| 15 | Page 160, lines 12-21 | None except incomplete/cut off - no objection with addition noted to right | Entire question and answer designated, not cut off. | 158:9-162:11 | 150:9-15:form, compound, vague; 160:2-8: 602, with witness testifies she is guessing; 160:22-161:22: 501-403, 408 (witness is asked regarding settlement agreement with another customer); 161:23-162:11: 602 (witnes testifies she is not famliar with terms, and that she would be guessing regarding question) | | **ADMITTED — no objection. The main question stands as unobjected.** | **OVERRULE IN PART / SUSTAIN IN PART. The completeness counter-designation 158:9–162:11 is ADMITTED under Rule 106 and FRCP 32(a)(6) to prevent a fragmented presentation of the SPA-percentage examination Navistar designated at 160:12–21. Navistar's objections to the counter-designated lines are resolved as follows, consistent with the dispositions on the same testimony offered as Plaintiffs' direct designations (##96–97): (1) the form/compound/vague objection is OVERRULED—waived under Rule 32(d)(3)(B) and going to weight (Part IV.A); (2) the Rule 602 objections (160:2–8 and 161:23–162:11), aimed at the witness's estimates and disclaimers ("guessing slightly"), are OVERRULED as going to weight, the testimony being within her role as head of CSA (Part IV.B); and (3) the Rule 401–403 and Rule 408 objection to the settlement reference (160:22–161:22) is governed by Part IV.H—SUSTAINED only insofar as the reference is offered to prove the validity or amount of the disputed claim, and OVERRULED, with the testimony admitted for motive and market context under Rule 408(b), subject to a Rule 105 limiting instruction. The counter-designation is therefore admitted in full for completeness, with the settlement reference cabined to its permitted purpose so that completeness does not enlarge the use of testimony admissible only under Rule 408(b).** |
| 17 | Page 217:1 – Page 219:6 | None except incomplete/cut off - no objection with addition noted to right | Entire questions and answers designated, not cut off. | 219:7-10 | No objection | | **ADMITTED — no objection. The main question stands as unobjected.** | **ADMITTED — no objection. Lines 219:7–10 play dynamically under Rule 106 to maintain sequence integrity.** |

| **Podewell - Plaintiffs' Deposition Designations** |
|---|

| # | Plaintiffs' Designations (Page:Line) | Defendant's Objections | Plaintiffs' Responses to Defendant's Objections | Defendant's Counter-Designations (if objections not sustained in full) | Plaintiffs' Objections to Defendant's Counter-Designations | Defendant's Responses to Plaintiffs' Objections to Defendant's Counter-Designations | Special Master's Recommended Ruling — Designation / Objection | Special Master's Recommended Ruling — Counter-Designation |
|---|---|---|---|---|---|---|---|---|
| 1 | 10:23-25 | | | | | | **ADMITTED — no objection.** | |
| 2 | 11:1-1 | | | | | | **ADMITTED — no objection.** | |
| 3 | 11:12-17 | | | 11:24-12:21 | No objection to including | | **ADMITTED — no objection, conditioned on the contemporaneous inclusion of lines 11:24–12:21 for complete continuity.** | **ADMITTED — no objection.** |
| 4 | 13:2-5 | | | 13:6-13 | No objection to including | | **ADMITTED — no objection, conditioned on the contemporaneous inclusion of lines 13:6–13 for context flow.** | **ADMITTED — no objection.** |
| 5 | 13:25-25 | | | | | | **ADMITTED — no objection.** | |
| 6 | 14:1-11 | | | | | | **ADMITTED — no objection.** | |
| 7 | 15:1-25 | | | | | | **ADMITTED — no objection.** | |
| 8 | 16:1-24 | | | | | | **ADMITTED — no objection.** | |
| 9 | 18:2-6 | | | 18:7-18 | No objection to including | | **ADMITTED — no objection.** | **ADMITTED — no objection.** |
| 10 | 18:19-25 | | | | | | **ADMITTED — no objection.** | |
| 11 | 19:1-25 | | | | | | **ADMITTED — no objection.** | |
| 12 | 20:1-18 | | | | | | **ADMITTED — no objection.** | |

| # | Lines | Objection | Response | | | | Ruling | |
|---|---|---|---|---|---|---|---|---|
| 13 | 21:5-12 | 401-402, 602 | Relevant to Navistar's knowledge of ELC taking ownership of 2023s. Question was clear and witness had no problem answering question based on her duties at Navistar. Foundation objection waived. | | | | **OVERRULE objections. The designated lines tracing internal operational reporting chains are relevant under FRE 401/402, and personal knowledge challenges go entirely to the weight of the evidence. Designation ADMITTED.** | |
| 14 | 31:22-25 | | | | | | **ADMITTED — no objection.** | |
| 15 | 32:1-25 | | | | | | **ADMITTED — no objection.** | |
| 16 | 33:1-25 | | | | | | **ADMITTED — no objection.** | |
| 17 | 34:1-25 | | | | | | **ADMITTED — no objection.** | |
| 18 | 35:1-25 | | | | | | **ADMITTED — no objection.** | |
| 19 | 36:1-25 | | | | | | **ADMITTED — no objection.** | |
| 20 | 37:1-25 | | | | | | **ADMITTED — no objection.** | |
| 21 | 38:1-8 | | | | | | **ADMITTED — no objection.** | |
| 22 | 38:13-25 | Examination regarding objected-to document | | | | | **This ruling is self-executing and keyed to entered exhibit rulings: admitted if the underlying exhibit is admitted; excluded as to document-dependent testimony if it is not. If the exhibit is admitted, relevance objections are overruled on the merits.** | |
| 23 | 39:1-6 | Examination regarding objected-to document | | | | | **This ruling is self-executing and keyed to entered exhibit rulings: admitted if the underlying exhibit is admitted; excluded as to document-dependent testimony if it is not.** | |
| 24 | 39:16-25 | Examination regarding objected-to document | | | | | **This ruling is self-executing and keyed to entered exhibit rulings: admitted if the underlying exhibit is admitted; excluded as to document-dependent testimony if it is not.** | |
| 25 | 40:1-5 | Examination regarding objected-to document | | | | | **This ruling is self-executing and keyed to entered exhibit rulings: admitted if the underlying exhibit is admitted; excluded as to document-dependent testimony if it is not.** | |
| 26 | 41:19-24 | Examination regarding objected-to document | | | | | **This ruling is self-executing and keyed to entered exhibit rulings: admitted if the underlying exhibit is admitted; excluded as to document-dependent testimony if it is not.** | |
| 27 | 43:9-25 | Examination regarding objected-to document | | | | | **This ruling is self-executing and keyed to entered exhibit rulings: admitted if the underlying exhibit is admitted; excluded as to document-dependent testimony if it is not.** | |

| # | Designation | Objection | Counter | Objection to Counter | Response | Ruling | Ruling 2 |
|---|---|---|---|---|---|---|---|
| 28 | 44:1-12 | Examination regarding objected-to document | | | | | This ruling is self-executing and keyed to entered exhibit rulings: admitted if the underlying exhibit is admitted; excluded as to document-dependent testimony if it is not. | |
| 29 | 44:19-25 | Examination regarding objected-to document | | | | | This ruling is self-executing and keyed to entered exhibit rulings: admitted if the underlying exhibit is admitted; excluded as to document-dependent testimony if it is not. | |
| 30 | 45:1-25 | Examination regarding objected-to document | | | | | This ruling is self-executing and keyed to entered exhibit rulings: admitted if the underlying exhibit is admitted; excluded as to document-dependent testimony if it is not. | |
| 31 | 46:1-25 | Examination regarding objected-to document | | | | | This ruling is self-executing and keyed to entered exhibit rulings: admitted if the underlying exhibit is admitted; excluded as to document-dependent testimony if it is not. | |
| 32 | 47:1-1 | Examination regarding objected-to document | | 47:2-48:16 | No objection to including | | This ruling is self-executing and keyed to entered exhibit rulings: admitted if the underlying exhibit is admitted; excluded as to document-dependent testimony if it is not. If the exhibit is admitted, the designation is ADMITTED, conditioned on the contemporaneous addition of the counter. | OVERRULE objections. If the underlying exhibit is admitted, the counter-designation (47:2–48:16) is ADMITTED under Rule 106 and FRCP 32(a)(6) to provide complete continuity. |
| 33 | 70:5-8 | Examination regarding objected-to document;602, the witness testified the nots were taken by others, and that she would be speculating to interpret such notes | Objection waived | 50:25-51:9; 53:16-54:20; 66:3-11;69:15-19 | Plaintiffs object to the Defendant's selections as lacking context and not providing relevant information. | Testimony establishes that document being reviewed is not prepared by witness or her group or any group with interaction with Plaintiffs but rather by accounting. | This ruling is self-executing and keyed to entered exhibit rulings: admitted if the underlying exhibit is admitted; excluded as to document-dependent testimony if it is not. If the exhibit is admitted, the FRE 602 personal knowledge objection goes strictly to weight. Designation ADMITTED, conditioned on the contemporaneous addition of the counters. | OVERRULE objections. If the underlying exhibit is admitted, the requested counter-designations are ADMITTED under Rule 106 and FRCP 32(a)(6) to establish complete context. All internal record argument crosstalk must be redacted. |
| 34 | 71:11-21 | Examination regarding objected-to document; 602, the witness testified the nots were taken by others, and that she would be speculating to interpret such notes and that she did not recal meeting | Objection waived. This selection identifies the exhibit referenced in the testimony, which will be Trial Exhibit P- 11. Witness says she is familiar with the meeting minutes and attends these meetings in her position at Navistar as VP of Central Sales Administration(see page 39). The document involves a meeting of Central Sales Admin. | 71:22-25 | This selection identifies the exhibit referenced in the testimony, which will be Trial Exhibit P- 11. Witness says she is familiar with the meeting minutes and attends these meetings in her position at Navistar as VP of Central Sales Administration(see page 39).(see page 39).  Plaintiffs object to the Defendant's selections as lacking context and not providing relevant information. | Designation establishes witnesses' lack of knowledge regarding documents, which goes to the weight of any testimony she gives regarding the documents. | This ruling is self-executing and keyed to entered exhibit rulings: admitted if the underlying exhibit is admitted; excluded as to document-dependent testimony if it is not. If the exhibit is admitted, the FRE 602 objection goes to weight. Designation ADMITTED, conditioned on the continuous inclusion of lines 71:22–25. | OVERRULE objections. The counter-designation (lines 71:22–25) is ADMITTED under Rule 106 to preserve completeness continuity. |
| 35 | 72:4-25 | Examination regarding objected-to document | | | | | This ruling is self-executing and keyed to entered exhibit rulings: admitted if the underlying exhibit is admitted; excluded as to document-dependent testimony if it is not. | |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 36 | 73:1-13 | Examination regarding objected-to document | | | | | This ruling is self-executing and keyed to entered exhibit rulings: admitted if the underlying exhibit is admitted; excluded as to document-dependent testimony if it is not. | |
| 37 | 77:18-25 | | | | | | ADMITTED — no objection. | |
| 38 | 78:20-25 | | | | | | ADMITTED — no objection. | |
| 39 | 79:1-7 | Starting at 86:25; 401-403, 601, assumes facts not in evidence | | | 86:25 et seq is not selected | 86:25 begins the line of questioning and therefore implicates this designation. | OVERRULE objections. Form and compound objections are waived for lack of a contemporaneous record objection. Personal knowledge and speculation challenges under FRE 602 go entirely to the weight of the testimony. Designation ADMITTED. | |
| 40 | 88:6-25 | Examination regarding objected-to document; Starting at 86:25; 401-403, 601, assumes facts not in evidence | | | 86:25 et seq. is not selected | 86:25 begins the line of questioning and therefore implicates this designation. | This ruling is self-executing and keyed to entered exhibit rulings: admitted if the underlying exhibit is admitted; excluded as to document-dependent testimony if it is not. If the exhibit is admitted, the FRE 602 challenge goes strictly to weight. | |
| 41 | 89:1-25 | Examination regarding objected-to document; 401/403; assumes facts in evidence; attempts to interject discovery dispute | | | | | This ruling is self-executing and keyed to entered exhibit rulings: admitted if the underlying exhibit is admitted; excluded as to document-dependent testimony if it is not. If the exhibit is admitted, the form and relevance objections are overruled on the merits. | |
| 42 | 90:1-25 | Examination regarding objected-to document; ; Starting at 90:14: 401-403, 501-502 | The privilege was waived in a later version of this document, see P-84. That waiver shows there is no basis to assert privilege. The exchange is relevant to executive knowledge and involvemen tin the transacton and motive and defendant's effort to hide behind a non-existent privilege. | | | | This ruling is self-executing and keyed to entered exhibit rulings: admitted if the underlying exhibit is admitted; excluded as to document-dependent testimony if it is not. | |
| 43 | 91:1-4 | 401-403, 501-502 | The privilege was waived in a later version of this document, see P-84. That waiver shows there is no basis to assert privilege. The exchange is relevant to executive knowledge and involvemen tin the transacton and motive and defendant's effort to hide behind a non-existent privilege. | | | | OVERRULE objections. Form and relevance objections are overruled as waived. The privilege challenges under FRE 501/502 are overruled on the merits as the text covers generic operational facts without exposing confidential legal counsel communications. Designation ADMITTED. | |
| 44 | 96:2-25 | Examination regarding objected-to document; | | | | | This ruling is self-executing and keyed to entered exhibit rulings: admitted if the underlying exhibit is admitted; excluded as to document-dependent testimony if it is not. | |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 45 | 97:1-25 | Examination regarding objected-to document; 97:22-25: 602, calls for speculation | The witness had no problem understnading and answering the questions based on the exhibit. | | | | This ruling is self-executing and keyed to entered exhibit rulings: admitted if the underlying exhibit is admitted; excluded as to document-dependent testimony if it is not. If the exhibit is admitted, the FRE 602 personal knowledge challenge goes to weight. | |
| 46 | 98:1-7 | Examination regarding objected-to document; ; 602, calls for speculation (see 98:8-10 | Objection waived | 98:8-10 | | | This ruling is self-executing and keyed to entered exhibit rulings: admitted if the underlying exhibit is admitted; excluded as to document-dependent testimony if it is not. If the exhibit is admitted, the FRE 602 speculation challenge goes strictly to weight. Designation ADMITTED, conditioned on the continuous inclusion of lines 98:8–10. | ADMITTED — no objection. Lines 98:8–10 play dynamically under Rule 106. |
| 47 | 103:16-25 | Examination regarding objected-to document; | | | | | This ruling is self-executing and keyed to entered exhibit rulings: admitted if the underlying exhibit is admitted; excluded as to document-dependent testimony if it is not. | |
| 48 | 104:1-24 | Examination regarding objected-to document; | | | | | This ruling is self-executing and keyed to entered exhibit rulings: admitted if the underlying exhibit is admitted; excluded as to document-dependent testimony if it is not. | |
| 49 | 108:18-25 | Examination regarding objected-to document; 602, the witness testified the nots were taken by others, and that she would be speculating to interpret such notes and that she did not recal meeting | | | | | This ruling is self-executing and keyed to entered exhibit rulings: admitted if the underlying exhibit is admitted; excluded as to document-dependent testimony if it is not. If the exhibit is admitted, the FRE 602 personal knowledge challenge goes to weight. | |
| 50 | 109:1-25 | Examination regarding objected-to document; ; Starting at 109:25: 602, witness testified these series of meeting minutes were not her notes ( 66:3-11;69:15-19) , and that she could not interpret the notes, and that she is making assumptions regarding what was meant (see 111:2-5) | Objection waived. Witness attended the CSA meetings and has a base of knowledge about what was discussed in such meetings and by vitrtue of her position at Navistar as VP of Central Sales Administration(see page 39).. She had no difficulty answering the questions and when uncertain, she said so. | | | | This ruling is self-executing and keyed to entered exhibit rulings: admitted if the underlying exhibit is admitted; excluded as to document-dependent testimony if it is not. | |
| 51 | 110:1-23 | Examination regarding objected-to document; ; 602, witness testified these series of meeting minutes were not her notes ( 66:3-11;69:15-19) , and that she could not interpret the notes, and that she is making assumptions regarding what was meant (see 111:2-5) | Objection waived. Witness attended the CSA meetings and has a base of knowledge about what was discussed in such meetings and by vitrtue of her position at Navistar. She had no difficulty answering the questions and when uncertain, she said so. | 110:24-111:5 | | | This ruling is self-executing and keyed to entered exhibit rulings: admitted if the underlying exhibit is admitted; excluded as to document-dependent testimony if it is not. If the exhibit is admitted, the designation is ADMITTED, conditioned on the contemporaneous addition of the counter. | OVERRULE objections. If the underlying exhibit is admitted, the counter-designation (110:24–111:5) is ADMITTED under Rule 106 and FRCP 32(a)(6) for completeness context. |

| # | Cite | Objection | Response | | Counter | | Ruling | |
|---|---|---|---|---|---|---|---|---|
| 52 | 111:16-25 | Examination regarding objected-to document; | | | | | **This ruling is self-executing and keyed to entered exhibit rulings: admitted if the underlying exhibit is admitted; excluded as to document-dependent testimony if it is not.** | |
| 53 | 112:1-25 | Examination regarding objected-to document; | | | | | **This ruling is self-executing and keyed to entered exhibit rulings: admitted if the underlying exhibit is admitted; excluded as to document-dependent testimony if it is not.** | |
| 54 | Add lines 1 to 4 to 113:5-25 | Examination regarding objected-to document; ; Incomplete designation, question begins at 113:2;602, witness testified to lack of knowledge regarding source of information (113:13-18) | Agree that page 113 lines 1 to 4 should be added. Objection waived. Witness attended the CSA meetings and has a base of knowledge about what was discussed in such meetings and by virtue of her position at Navistar. She had no difficulty answering the questions and when uncertain, she said so. | | Agree that page 113 lines 1 to 4 should be added. Witness attended the CSA meetings and has a base of knowledge about what was discussed in such meetings and by virtue of her position at Navistar. She had no difficulty answering the questions and when uncertain, she said so. | Navistar did not provide a counter-designation and therefore Plaintiffs did not need to provide a response. | **This ruling is self-executing and keyed to entered exhibit rulings: admitted if the underlying exhibit is admitted; excluded as to document-dependent testimony if it is not. Completeness is resolved by the joint agreement of the parties to include the predicate text; lines 113:1–4 are integrated directly into the designation block. If the exhibit is admitted, the FRE 602 personal knowledge objection is OVERRULED as going to weight.** | |
| 55 | 114:1-21 | Examination regarding objected-to document; ;401-403, 408, 602 (witness testified to not drafting these notes, and to not having recollection of them) | Objection waived | | | | **This ruling is self-executing and keyed to entered exhibit rulings: admitted if the underlying exhibit is admitted; excluded as to document-dependent testimony if it is not. If the exhibit is admitted, the FRE 408 objection is OVERRULED on the merits as the discussion is introduced for a permitted purpose (notice and market context) under FRE 408(b). Form and FRE 602 objections are overruled.** | |
| 56 | 117:7-20 | Examination regarding document not on Plaintiffs' trial exhibit list | | | | | **This ruling is self-executing and keyed to entered exhibit rulings: admitted if the underlying exhibit is admitted; excluded as to document-dependent testimony if it is not.** | |
| ##### | 119:17-25 | Examination regarding document not on Plaintiffs' trial exhibit list | | | | | **This ruling is self-executing and keyed to entered exhibit rulings: admitted if the underlying exhibit is admitted; excluded as to document-dependent testimony if it is not.** | |
| 58 | 120:1-22 | Examination regarding document not on Plaitniffs' trial exhibit list until 120:7; starting at 120:8, examination regarding objected-to document; starting at 120:113: 401-403, 408, 602; witness testified that she did not write document and had no knowledge about it (see 121:8-13). | The privilege was waived in a later version of this document, see P-84. That waiver shows there is no basis to assert privilege. The exchange is relevant to executive knowledge and involvemen tin the transacton and motive and defendant's effort to hide behind a non-existent privilege. | | | | **This ruling is self-executing and keyed to entered exhibit rulings: admitted if the underlying exhibit is admitted; excluded as to document-dependent testimony if it is not. If the exhibit is admitted, the FRE 408 compromise objection is overruled on the merits as it is offered for a permitted purpose under FRE 408(b).** | |

| 59 | 120:24-25 | Examination regarding objected-to document; ; 401-403, 408, 602; witness testified that she did not write document and had no knowledge about it (see 121:8-13). | Witness attended the CSA meetings and has a base of knowledge about what was discussed in such meetings and by vitrtue of her position at Navistar. She had no difficulty answering the questions and when uncertain, she said so. This is not a compromise offer under 408. | | | | **This ruling is self-executing and keyed to entered exhibit rulings: admitted if the underlying exhibit is admitted; excluded as to document-dependent testimony if it is not. If the exhibit is admitted, the FRE 408 compromise objection is overruled on the merits as it is offered for a permitted purpose under FRE 408(b).** | |
| 60 | 121:1-25 | **Examination regarding objected-to document; 121:1-23: 401-403, 408, 602; witness testified that she did not write document and had no knowledge about it (see 121:8-13).** | The privilege was waived in a later version of this document, see P-84. That waiver shows there is no basis to assert privilege. The exchange is relevant to executive knowledge and involvemen tin the transacton and motive and defendant's effort to hide behind a non-existent privilege. This is not a compromise offer under 408. | | | | **This ruling is self-executing and keyed to entered exhibit rulings: admitted if the underlying exhibit is admitted; excluded as to document-dependent testimony if it is not. If the exhibit is admitted, the relevance and FRE 408 objections are overruled.** | |
| 61 | 122:1-11 | Examination regarding objected-to document; | | | | | **This ruling is self-executing and keyed to entered exhibit rulings: admitted if the underlying exhibit is admitted; excluded as to document-dependent testimony if it is not.** | |
| 62 | 124:9-20 | Examination regarding objected-to document; 602, the witness testified the nots were taken by others, and that she would be speculating to interpret such notes and that she did not recal meeting | | | | | **This ruling is self-executing and keyed to entered exhibit rulings: admitted if the underlying exhibit is admitted; excluded as to document-dependent testimony if it is not. If the exhibit is admitted, the FRE 602 challenge goes to weight.** | |
| 63 | 126:9-25 | Examination regarding objected to document; 602 | | | | | **This ruling is self-executing and keyed to entered exhibit rulings: admitted if the underlying exhibit is admitted; excluded as to document-dependent testimony if it is not. If the exhibit is admitted, the FRE 602 challenge goes to weight.** | |
| 64 | 127:1-13 | Examination regarding objected to document; 602 | | | | | **This ruling is self-executing and keyed to entered exhibit rulings: admitted if the underlying exhibit is admitted; excluded as to document-dependent testimony if it is not. If the exhibit is admitted, the FRE 602 challenge goes to weight.** | |
| 65 | 127:24-25 | Examination regarding objected to document; 602 | | | | | **This ruling is self-executing and keyed to entered exhibit rulings: admitted if the underlying exhibit is admitted; excluded as to document-dependent testimony if it is not. If the exhibit is admitted, the FRE 602 challenge goes to weight.** | |

| # | Line | Description | Response | | Counter | Reply | Ruling | |
|---|------|-------------|----------|--|---------|-------|--------|--|
| 66 | 128:1-4 | Examination regarding objected to document; 602 | | | | | **This ruling is self-executing and keyed to entered exhibit rulings: admitted if the underlying exhibit is admitted; excluded as to document-dependent testimony if it is not. If the exhibit is admitted, the FRE 602 challenge goes to weight.** | |
| 67 | 129:8-24 | Examination regarding objected-to document; 602, witness testified she did not draft and did not recall | Objection waived. She states a relevant belief as to the meaning of the document as VP of Central Sales Administration and based on her attendance at such meetings. | | She states a relevant belief as to the meaning of the document as VP of Central Sales Administration and based on her attendance at such meetings. | Navistar did not provide a counter-designation and therefore Plaintiffs did not need to provide a response. | **This ruling is self-executing and keyed to entered exhibit rulings: admitted if the underlying exhibit is admitted; excluded as to document-dependent testimony if it is not. If the exhibit is admitted, the FRE 602 personal knowledge objection goes strictly to weight.** | |
| 68 | 130:6-25 | Examination regarding objected-to document; 602, witness testified she did not draft and did not recall and "did not know what [the writing] means" | | | | | **This ruling is self-executing and keyed to entered exhibit rulings: admitted if the underlying exhibit is admitted; excluded as to document-dependent testimony if it is not. If the exhibit is admitted, the FRE 602 personal knowledge objection goes strictly to weight.** | |
| 69 | 131:1-16 | xamination regarding objected-to document; 401-403, facts not in evidence, attempt to interject discovery dispute | The absence of these monthly reports for a period of time is not a discovery dispute. The fact at trial is that they don't exists and their absence for an 11 month period is inexplicable to this witness who believes they should exist. Their absence is relevant becasue this is the precise time period production fo trucks for Central was delayed. | | | | **This ruling is self-executing and keyed to entered exhibit rulings: admitted if the underlying exhibit is admitted; excluded as to document-dependent testimony if it is not. If the exhibit is admitted, form and relevance challenges are overruled.** | |
| 70 | 132:3-16 | xamination regarding objected-to document; | | | | | **This ruling is self-executing and keyed to entered exhibit rulings: admitted if the underlying exhibit is admitted; excluded as to document-dependent testimony if it is not.** | |
| 71 | 133:3-14 | xamination regarding objected-to document; 602, witness testifies to not know what is being referred to at 133:15-21. | Objection waived. | | Agree to add 133: 15 - 21 | | **This ruling is self-executing and keyed to entered exhibit rulings: admitted if the underlying exhibit is admitted; excluded as to document-dependent testimony if it is not. If the exhibit is admitted, the FRE 602 objection goes strictly to weight.** | |
| 72 | 133:22-25 | xamination regarding objected-to document; | | | | | **This ruling is self-executing and keyed to entered exhibit rulings: admitted if the underlying exhibit is admitted; excluded as to document-dependent testimony if it is not.** | |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 73 | 134:1-16 | 602 (see above); 401-403 | The absence of these monthly reports for a period of time is not a discovery dispute. The fact at trial is that they don't exists and their absence for an 11 month period is inexplicable to this witness who believes they should exist. Their absence is relevant becasue this is the precise time period production fo trucks for Central was delayed. 602 objection waived | | | | **OVERRULE objections. The witness possesses proper corporate foundation to discuss operational data under FRE 602, and relevance challenges go to the weight of the evidence. Designation ADMITTED.** | |
| 74 | 136:25-25 | | | | | | **ADMITTED — no objection.** | |
| 75 | 137:1-16 | xamination regarding objected-to document; 602, witness testifies to not know what is being referred to at 133:15-21. | | 137:17-1.38:2 | No objection to including | | **This ruling is self-executing and keyed to entered exhibit rulings: admitted if the underlying exhibit is admitted; excluded as to document-dependent testimony if it is not. If the exhibit is admitted, the designation is ADMITTED, conditioned on the contemporaneous addition of the counter.** | **If the underlying exhibit is admitted, the counter-designation (137:17–138:2) is ADMITTED under Rule 106 and FRCP 32(a)(6) for completeness context. The Special Master notes there appears to be a stray period in the counter-designation.** |
| 76 | 137:23-25 | xamination regarding objected-to document; 602, witness testifies to not know what is being referred to at 133:15-21. | | | | | **This ruling is self-executing and keyed to entered exhibit rulings: admitted if the underlying exhibit is admitted; excluded as to document-dependent testimony if it is not. If the exhibit is admitted, the FRE 602 personal knowledge challenge goes to weight.** | |
| 77 | 138:1-19 | | | 138:20-25 | No objection to including | | **ADMITTED — no objection.** | **ADMITTED — no objection.** |
| 78 | 139:1-8 | xamination regarding objected-to document; ;602, witness testified that she did not have personal involvement and was speculating, (138:20-25, 139:1-5) | Objection waived. Witness she doesn't know without other context, but she then says "other than…" meaning she does have a reason. | 139:9-140:7 | Witness she doesn't know without other context, but she then says "other than…" meaning she does have a reason. | Navistar's counter designations begin with Plaintiffs' counsel asking witness to "explain" the testimony Plaintiffs designated. Navistar's counter-designation therefore provides necessary context for Plaintiffs' designation, including an explanation of the "eDeal system" and a "max limit on the SPAs."<br><br>FRE 106 states "If a party introduces all or part of a statement, an adverse party may require the introduction, at that time, of any other part — or any other statement — that in fairness ought to be considered at the same time. The adverse party may do so over a hearsay objection." | **This ruling is self-executing and keyed to entered exhibit rulings: admitted if the underlying exhibit is admitted; excluded as to document-dependent testimony if it is not. If the exhibit is admitted, the designation is ADMITTED, conditioned on the contemporaneous addition of the counter.** | **OVERRULE objections. If the underlying exhibit is admitted, the counter-designation (139:9–140:7) is ADMITTED under Rule 106 and FRCP 32(a)(6) for completeness context.** |
| 79 | 140:8-25 | 602, witness testified that she did not have personal involvement and was speculating, (138:20-25, 139:1-5, 140:14-16) | Objection wavied. Witness is following instructions form others and identifies who that was. | | | | **OVERRULE FRE 602 objection. Personal knowledge depth regarding corporate oversight files goes to weight rather than threshold admissibility. Designation ADMITTED.** | |

| # | Designation | Objection | Response | Counter | Col6 | Col7 | Ruling | Ruling 2 |
|---|---|---|---|---|---|---|---|---|
| 80 | 141:1-4 | 602, witness testified that she did not have personal involvement and was speculating, (138:20-25, 139:1-5, 140:14-16) | Continuation from prior page identifying one of two executives who made decisions, she just doesn't recall which one was there at the time. | 144:25-145:3 | | | OVERRULE FRE 602 objection. Financial foundation challenges go strictly to weight. Designation ADMITTED, conditioned on the continuous inclusion of lines 144:25–145:3. | ADMITTED — no objection. Lines 144:25–145:3 play dynamically under Rule 106 to maintain sequence integrity. |
| 81 | 143:8-25 | Examination regarding document (53921) that is not on Plaintiffs' trial exhibit list | | | | | OVERRULE objections. Testimony reviewing corporate files is admissible where it establishes relevant background or notice under FRE 401/402, and personal knowledge challenges go strictly to weight. Designation ADMITTED. | |
| 82 | 144:1-20 | Examination regarding document (53921) that is not on Plaintiffs' trial exhibit list; Starting at 144:6; 602, witness testifies as to "belief" without any testimony regarding basis for belief | Objection waived. Witness has no problem answering questions based on her recollection of who had access to SPA data Addition of line 25 is agreed, but should start at 21 with the question that is answered on line 25. | 144:25-145:3 | | | OVERRULE objections. Testimony reviewing corporate files is admissible under FRE 401/402. Designation ADMITTED, conditioned on the continuous inclusion of lines 144:25–145:3. | ADMITTED — no objection. Lines 144:25–145:3 play dynamically under Rule 106 to maintain sequence integrity. |
| 83 | 145:7-25 | | | 146:1-3 | | | ADMITTED — no objection. | ADMITTED — no objection. |
| 84 | 146:4-21 | 401-403 (gratuitous reference to language); 602 (witness testifies she does not recall meeting); question asserts facts not in evidence. | Establishes attendance at a meeting based on the exhibit. Language reference is merely a typo in the document. | 146:22-147:3 | | | OVERRULE objections. Gratuitous language challenges are overruled under FRE 401/402 and FRE 403, and the witness's memory depth goes to weight. Designation ADMITTED, conditioned on the continuous inclusion of lines 146:22–147:3. | ADMITTED — no objection. Lines 146:22–147:3 play dynamically under Rule 106. |
| 85 | 149:23-25 | | | | | | ADMITTED — no objection. | |
| 86 | 150:1-7 | Omits answer (150:8) | line 8 is not an answer. It interrupts the question and will be smoother to present by completing the question on line 16 and then the answer. | | | | SUSTAIN completeness objection. The main designation is excluded because it omits the witness's continuous substantive answer text at line 150:8. | |
| 87 | 150:16-25 | | | | | | ADMITTED — no objection. | |
| 88 | 151:1-2 | | | 150:3-12 | Assume defendant seeks to use lines 3 to 12 from 151 and not 150. Agreed. | Agree, 151:3-12. | ADMITTED — no objection. | ADMITTED — no objection (151:3-12) |
| 89 | 151:13-25 | | | | | | ADMITTED — no objection. | |
| 90 | 152:1-13 | **Starting at 152:9; 602 witness repeatedly testified she had no knowledge of the topics of questioning (See152:22-153:2)** | Establishes that this witness did not have involvment in the allocation decisions. | | | | OVERRULE FRE 602 objection. Knowledge depth regarding tracking sheets goes strictly to weight rather than admissibility. Designation ADMITTED. | |
| 91 | 152:21-25 | 02 witness repeatedly testified she had no knowledge of the topics of questioning (See152:22-153:2) | Establishes that this witness did not have involvment in the allocation decisions. | | | | OVERRULE FRE 602 objection. Knowledge depth regarding tracking sheets goes strictly to weight. Designation ADMITTED. | |
| 92 | 153:1-2 | 02 witness repeatedly testified she had no knowledge of the topics of questioning (See152:22-153:2) | Objecton waived.Establishes that this witness did not have involvment in the allocation decisions. | | | | OVERRULE FRE 602 objection. Knowledge depth goes strictly to weight. Designation ADMITTED. | |

| # | Designation | Objection | Response | | | | Ruling | |
|---|---|---|---|---|---|---|---|---|
| 93 | 158:9-25 | | | | | | **ADMITTED — no objection.** | |
| 94 | 159:1-12 | 159:9-12; form, compound, and vague | Objections wavied. Follow up questions clarify for a reluctant witness on a topic she knows well. Jury entitled to see her combativeness. | | | | **OVERRULE objections. The form, compound, and vagueness objections targeting lines 159:9–12 are overruled as waived for lack of a contemporaneous record objection . The remaining lines (159:1–8) stand as unobjected yellow designations. Designation ADMITTED.** | |
| 95 | 159:14-25 | 159:14-15; form, compound, and vague | Not a question.  It's her answer | | | | **OVERRULE objections. The form and compound objections targeting lines 159:14–15 are overruled as waived. The surrounding continuous lines (159:16–25) stand as unobjected yellow designations. Designation ADMITTED.** | |
| 96 | 160:1-25 | 160:2-8: 602, the witness testifies she is "guessing" at 160:7; 160:22-25 (401-403, 408, reference to settlement with different customer) | Objecton waived. A witness is entitled to provide an educated "guess. She says "slightly guessing. This is a topic she clearly knows and is provding her best recollection and/or being combative. Jury can assess. | | | | **OVERRULE objections. The FRE 602 personal knowledge challenge targeting lines 160:2–8 goes entirely to weight. As to lines 160:22–25, the FRE 408 objection is SUSTAINED only to the extent it is offered to prove the validity or amount of a disputed claim; it is OVERRULED and admitted for permitted purposes (motive and market context) under FRE 408(b). The remaining lines (160:1 and 160:9–21) stand as unobjected yellow designations. Designation ADMITTED.** | |
| 97 | 161:1-25 | 161:1-11; 401-403, 408 ( reference to settlement with different customer); 163:23-25; 602 (witness testifies she is not familiar with term and does not know what it means) | 408 doesn't apply. This is not a compromise that impacts these parties. No prejudice. It is an example of what can impact SPA percentages. Objectons waived. | | | | **OVERRULE objections. The compromise reference targeting lines 161:1–11 is SUSTAINED only to prove the validity of a claim; it is OVERRULED and admitted for permitted motive and market context purposes under FRE 408(b). Relevance challenges are overruled. Designation ADMITTED.** | |
| 98 | 162:1-11 | 602 (witness testifies she does not know what is being referred to and she would be "guessing" regarding question) | She is a recipient of the email and Plaintiff is entitled to question her understanding of the email addressed to her and concerning a meeting she attended.Plaintiff is entitled to her best recollection. | | | | **SUSTAIN FRE 602 objection - speculation** | |
| 99 | 163:3-13 | 602 (witness testifies she does not know what is being referred to and she would be "guessing" regarding question) | Objecton waived. She is a recipient of the email and Plaintiff is entitled to question her understanding of the email addressed to her and concerning a meeting she attended.Plaintiff is entitled to her best recollection. | | | | **SUSTAIN FRE 602 objection - speculation** | |
| 101 | 164:14-25 | | | | | | **ADMITTED — no objection.** | |
| 102 | 165:1-25 | | | | | | **ADMITTED — no objection. This entire range (165:1–25) is conformed as an unobjected yellow designation block; the blue counter designation layer is cleared.** | |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 103 | 166:1-2 | | | | | | ADMITTED — no objection. | |
| 104 | 166:16-25 | | | | | | ADMITTED — no objection. | |
| 105 | 167:1-13 | | | | | | ADMITTED — no objection. This entire range (167:1–13) is conformed as an unobjected yellow designation block; the blue counter designation layer is cleared. | |
| 106 | 167:17-23 | | | 167:24-168:3; 170:24-171:15 | No objection to including | | ADMITTED — no objection. The main lines (167:17–23) stand as an unobjected yellow designation. | ADMITTED — no objection. |
| 107 | 169:16-22 | | | 169:23-170:2; 170:24-171:15 | No objection to including | | ADMITTED — no objection. The main sequence (169:16–22) is conformed as an unobjected yellow designation block; the blue counter designation layer is cleared. | ADMITTED — no objection. |
| 108 | 171:19-25 | | | | | | ADMITTED — no objection. | |
| 109 | 172:1-6 | 172:4-16; form, compound, vague, undefined reference to "Bendix issue" | Questions are clear. Witness is fighting it because it is a critical point on Defendant's impracticability defense. Jury can assess credibility of her testimony.She is invovled in approval process of the deal | | | | OVERRULE objections. Form and compound objections targeting lines 172:4–16 are overruled as waived. The opening lines (172:1–3) stand as an unobjected yellow designation. Designation ADMITTED. | |
| 110 | 172:8-23 | 172:8-18; 602, witness testifies to lacking personal knowledge; 172:19-23: form -- vague, compound, confusing | Objecton waived. Questions are clear. Witness is fighting it because it is a critical point on Defendant's impracticability defense. Jury can assess credibility of her testimony.She is invovled in approval process of the deal | | | | OVERRULE FRE 602 objection. Personal knowledge depth regarding internal systems goes to weight rather than threshold admissibility. Designation ADMITTED. | |
| 111 | 172:25-25 | Question (at 172:19-23), form -- vague, compound, confusing | Questions are clear. Witness is fighting it because it is a critical point on Defendant's impracticability defense. Jury can assess credibility of her testimony.She is invovled in approval process of the deal | | | | OVERRULE form objection. The compound challenge targeting lines 172:19–23 is overruled as waived for lack of a contemporaneous objection on the record. Line 172:25 stands as an unobjected yellow designation. Designation ADMITTED. | |
| 112 | 173:1-3 | Question (at 172:19-23), form -- vague, compound, confusing | Questions are clear. Witness is fighting it because it is a critical point on Defendant's impracticability defense. Jury can assess credibility of her testimony.She is invovled in approval process of the deal | | | | OVERRULE form objection. The compound challenge targeting lines 172:19–23 is overruled as waived. Lines 173:1–3 stand as an unobjected yellow designation block. Designation ADMITTED. | |
| 113 | 173:5-25 | Argumentative, and asserts facts contrary to evidence, counsel misstates prior testimony, then asks a multi-part question with incomplete phrases and asserts that it is a "simple question" | Questions are clear. Witness is fighting it because it is a critical point on Defendant's impracticability defense. Jury can assess credibility of her testimony.She is invovled in approval process of the deal | | | | OVERRULE objections. Argumentative and record-matching objections go to the weight and credibility of the testimony rather than its admissibility. Designation ADMITTED. | |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 114 | 174:1-1 | | | | | | **ADMITTED — no objection.** | |
| 115 | 174:5-25 | | | | | | **ADMITTED — no objection.** | |
| 116 | 175:1-24 | 175:20-24, form, vague and compound | Questions are clear. Witness is fighting it because it is a critical point on Defendant's impracticability defense. Jury can assess credibility of her testimony.She is invovled in approval process of the deal | | | | **OVERRULE form objection. The vagueness and compound challenges targeting lines 175:20–24 are overruled as waived. The preceding sequence (175:1–19) stands as an unobjected yellow designation block. Designation ADMITTED.** | |
| 117 | 176:1-21 | 176:4-21 form, vague, confusing, compound | Questions are clear. Witness is fighting it because it is a critical point on Defendant's impracticability defense. Jury can assess credibility of her testimony.She is invovled in approval process of the deal | | | | **OVERRULE form objection. The vague and confusing challenges targeting lines 176:4–21 are overruled as waived for lack of a contemporaneous record objection. The opening lines (176:1–3) stand as an unobjected yellow designation block. Designation ADMITTED.** | |
| 118 | 176:25-25 | | | | | | **ADMITTED — no objection.** | |
| 119 | 177:1-25 | | | | | | **ADMITTED — no objection.** | |
| 120 | 178:1-9 | | | | | | **ADMITTED — no objection.** | |
| 121 | 178:15-25 | | | | | | **ADMITTED — no objection.** | |
| 122 | 179:1-21 | | | | | | **ADMITTED — no objection.** | |
| 123 | 180:1-18 | | | | | | **ADMITTED — no objection.** | |
| 124 | 180:25-25 | | | | | | **ADMITTED — no objection.** | |
| 125 | 181:1-22 | Examination regarding objected-to document; 602 | | | | | **This ruling is self-executing and keyed to entered exhibit rulings: admitted if the underlying exhibit is admitted; excluded as to document-dependent testimony if it is not. If the exhibit is admitted, the FRE 602 objection goes strictly to weight.** | |
| 126 | 183:17-25 | | | | | | **ADMITTED — no objection.** | |
| 127 | 184:1-25 | | | | | | **ADMITTED — no objection.** | |
| 128 | 185:1-2 | | | 185:3-14 | No objection to including | | **ADMITTED — no objection.** | **ADMITTED — no objection.** |
| 129 | 185:18-25 | | | | | | **ADMITTED — no objection.** | |
| 130 | 186:1-21 | | | 186:22-187:1 | No objection to including | | **ADMITTED — no objection.** | **ADMITTED — no objection.** |
| 131 | 187:2-25 | | | | | | **ADMITTED — no objection.** | |
| 132 | 188:1-25 | | | | | | **ADMITTED — no objection.** | |
| 133 | 189:1-25 | | | | | | **ADMITTED — no objection.** | |

| # | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 134 | 190:1-16 | 190:13-16 is incomplete portion of question | | 190:17-22 | Agree 14 to 16 is not necessary and can be cut. Object to 17 - 22 because it a new topic and not needed here for context. | 190:17-22 provides necessary context for the original designation because it shows the direction of Plaintiffs' questioning and theory, including Plaintiffs' theory that Navistar would have "approve[d]" information even if they knew "it was wrong." FRE 106 states "If a party introduces all or part of a statement, an adverse party may require the introduction, at that time, of any other part — or any other statement — that in fairness ought to be considered at the same time. The adverse party may do so over a hearsay objection." | **SUSTAIN IN PART — completeness. Pursuant to the joint agreement of the parties to sustain the objection targeting lines 190:13–16, those lines are EXCLUDED. The remaining segment (190:1–12) is conformed as an unobjected yellow designation block.** | **OVERRULE objections. Lines 190:17–22 play dynamically under Rule 106 to preserve narrative completeness context.** |
| 135 | 193:7-25 | Examination regarding objected-to document, 602 | | | | | **This ruling is self-executing and keyed to entered exhibit rulings: admitted if the underlying exhibit is admitted; excluded as to document-dependent testimony if it is not. If the exhibit is admitted, the FRE 602 challenge goes to weight.** | |
| 136 | 194:1-6 | Examination regarding objected-to document, 602 | | | | | **This ruling is self-executing and keyed to entered exhibit rulings: admitted if the underlying exhibit is admitted; excluded as to document-dependent testimony if it is not.** | |
| 137 | 194:16-25 | Examination regarding objected-to document, 602 | | 194:7-15 | No objection to including | | **This ruling is self-executing and keyed to entered exhibit rulings: admitted if the underlying exhibit is admitted; excluded as to document-dependent testimony if it is not. If the exhibit is admitted, the designation is ADMITTED, conditioned on the contemporaneous addition of the counter.** | **OVERRULE objections. If the underlying exhibit is admitted, the counter-designation (194:7–15) is ADMITTED under Rule 106 and FRCP 32(a)(6) for completeness context.** |
| 138 | 195:1-25 | Examination regarding objected-to document, 602 | | | | | **This ruling is self-executing and keyed to entered exhibit rulings: admitted if the underlying exhibit is admitted; excluded as to document-dependent testimony if it is not.** | |
| 139 | 196:1-17 | Examination regarding objected-to document, 602 | | 196:18-197:1 | No objection to including | | **This ruling is self-executing and keyed to entered exhibit rulings: admitted if the underlying exhibit is admitted; excluded as to document-dependent testimony if it is not. If the exhibit is admitted, the designation is ADMITTED, conditioned on the contemporaneous addition of the counter.** | **OVERRULE objections. If the underlying exhibit is admitted, the counter-designation (196:18–197:1) is ADMITTED under Rule 106 and FRCP 32(a)(6) for completeness context.** |
| 140 | 197:25-25 | Examination regarding objected-to document, 602 | | | | | **This ruling is self-executing and keyed to entered exhibit rulings: admitted if the underlying exhibit is admitted; excluded as to document-dependent testimony if it is not.** | |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 141 | 198:1-13 | Examination regarding document (17861) that is not on Plaintiffs' trial exhibit list | | 198:14-19 | No objection to including if also include through line 22, | | **OVERRULE objections. Testimony reviewing corporate files is admissible where it establishes relevant background or notice under FRE 401/402, and personal knowledge challenges go strictly to weight. Designation ADMITTED, conditioned on the contemporaneous addition of the counter.** | **OVERRULE objections. The counter-designation plus the extension to line 22 (198:14–22) is ADMITTED under Rule 106 for narrative completeness** |
| 142 | 200:13-25 | Examination regarding document (17861) that is not on Plaintiffs' trial exhibit list | | | | | **OVERRULE objections. Testimony reviewing corporate files is admissible under FRE 401/402. Designation ADMITTED.** | |
| 143 | 201:1-20 | Examination regarding document (17861) that is not on Plaintiffs' trial exhibit list | | | | | **OVERRULE objections. Testimony reviewing corporate files is admissible under FRE 401/402. Designation ADMITTED.** | |
| 144 | 208:22-25 | Examination regarding objected-to document;602 | | | | | **EXCLUDE IN PART -- underlying exhibit P-218 withdrawn; exhibit-dependent testimony excluded. For non-exhibit dependent testimony, FRE 602 challenge goes to weight and is OVERRULED.** | |
| 145 | 209:1-25 | Examination regarding objected-to document;602 | | | | | **EXCLUDE IN PART -- underlying exhibit P-218 withdrawn; exhibit-dependent testimony excluded. For non-exhibit dependent testimony, FRE 602 challenge goes to weight and is OVERRULED.** | |
| 146 | 210:9-19 | Examination regarding objected-to document;602 | | 210:4-8 | Object to including lines 4 to 8. it is unnecessary apology to witness for using a screen rather than hard copy. Wintess had no trouble seeing the document on screen. | counterdesignation withdrawn | **EXCLUDE IN PART -- underlying exhibit P-218 withdrawn; exhibit-dependent testimony excluded. For non-exhibit dependent testimony, FRE 602 challenge goes to weight and is OVERRULED.** | **SUSTAIN - Counter-designation withdrawn** |
| 147 | 210:25-25 | Examination regarding objected-to document;602 | | | | | **EXCLUDE IN PART -- underlying exhibit P-218 withdrawn; exhibit-dependent testimony excluded. For non-exhibit dependent testimony, FRE 602 challenge goes to weight and is OVERRULED.** | |
| 148 | 211:1-25 | Examination regarding objected-to document;602 | | | | | **EXCLUDE IN PART -- underlying exhibit P-218 withdrawn; exhibit-dependent testimony excluded. For non-exhibit dependent testimony, FRE 602 challenge goes to weight and is OVERRULED.** | |
| 149 | 212:1-25 | Examination regarding objected-to document;602; 212:4-8: 602 (witness is not on document, did not put it tgether and, is testifying regarding "assumption", and there is no testimony regarding  basis for assumption) | Objecton waived. Jury can assess basis for her assumption, and witness may make reasonable inferences from her knowledge. Witness has no difficulty interpreting a business document with which she is familiar (page 210 lines 25 to page 211 lines 1 to 12). | | | | **This ruling is self-executing and keyed to entered exhibit rulings: admitted if the underlying exhibit is admitted; excluded as to document-dependent testimony if it is not. If the exhibit is admitted, the FRE 602 personal knowledge objection goes strictly to weight.** | |
| 150 | 213:1-10 | Examination regarding objected-to document;602 | | | | | **This ruling is self-executing and keyed to entered exhibit rulings: admitted if the underlying exhibit is admitted; excluded as to document-dependent testimony if it is not.** | |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 151 | 215:18-25 | Examination regarding objected-to document;602 | | | | | **This ruling is self-executing and keyed to entered exhibit rulings: admitted if the underlying exhibit is admitted; excluded as to document-dependent testimony if it is not.** | |
| 152 | 216:1-21 | Examination regarding objected-to document;602 | | | | | **This ruling is self-executing and keyed to entered exhibit rulings: admitted if the underlying exhibit is admitted; excluded as to document-dependent testimony if it is not.** | |
| 153 | 217:1-25 | | | | | | **ADMITTED — no objection.** | |
| 154 | 218:1-25 | | | | | | **ADMITTED — no objection.** | |
| 155 | 219:1-10 | | | | | | **ADMITTED — no objection.** | |
| 156 | 221:2-25 | | | | | | **ADMITTED — no objection.** | |
| 157 | 224:14-25 | | | | | | **ADMITTED — no objection.** | |
| 158 | 225:1-13 | | | | | | **ADMITTED — no objection.** | |
| 159 | 227:6-25 | 602, witness testifies to having no knowledge, see 228:1-22 | Witnesses establishes her organizaton does not control delivery schedules and order boards. Object ot requested additions as lacking context or relationship to plaintiff's designation. | 226:2-227:3 | | | **OVERRULE — goes to weight; the counter-designation request in Col. D is addressed in Col. I.** | **ADMITTED — no objection/agreed.** |
| 160 | 228:1-22 | 602/401-403 | Objecton waived. Witnesses establishes her organizaton does not control delivery schedules and order boards. Object ot requested additions as lacking context or relationship to plaintiff's designation. | | | | **OVERRULE 602 — goes to weight; OVERRULE 401/402; OVERRULE 403 — probative value is not substantially outweighed by a danger of unfair prejudice; cumulativeness and time are matters of trial presentation under Rule 611(a).** | |
| 161 | 228:25-25 | 602/401-403 | Objecton waived. Witnesses establishes her organizaton does not control delivery schedules and order boards. Object ot requested additions as lacking context or relationship to plaintiff's designation. | | | | **OVERRULE 602 — goes to weight; OVERRULE 401/402; OVERRULE 403 — probative value is not substantially outweighed by a danger of unfair prejudice; cumulativeness and time are matters of trial presentation under Rule 611(a).** | |
| 162 | 229:1-19 | | | | | | **ADMITTED — no objection.** | |
| 163 | 229:22-25 | | | | | | **ADMITTED — no objection.** | |
| 164 | 230:1-25 | | | | | | **ADMITTED — no objection.** | |
| 165 | 231:1-25 | | | | | | **ADMITTED — no objection.** | |
| 166 | 232:1-24 | | | | | | **ADMITTED — no objection.** | |

| 167 | 234:1-25 | Examination regarding objected-to document, double hearsay (Plaintiffs' statements as to why they are upset) | | | | | **This ruling is self-executing under the entered exhibit rulings: admitted if the underlying exhibit is admitted; excluded as to document-dependent testimony if it is not; if the exhibit is admitted, the embedded customer statements are OVERRULED to the extent offered for their effect on Navistar (notice/awareness) rather than their truth, with a limiting instruction available; any hearsay-within-hearsay offered for the truth of the embedded statements is SUSTAINED absent an identified exception, with a Rule 105 limiting instruction confining the testimony to its non-hearsay (notice/awareness) purpose.** | |
| 168 | 235:1-25 | Examination regarding objected-to document, double hearsay (Plaintiffs' statements as to why they are upset) | | | | | **This ruling is self-executing under the entered exhibit rulings: admitted if the underlying exhibit is admitted; excluded as to document-dependent testimony if it is not; if the exhibit is admitted, the embedded customer statements are OVERRULED to the extent offered for their effect on Navistar (notice/awareness) rather than their truth, with a limiting instruction available; any hearsay-within-hearsay offered for the truth of the embedded statements is SUSTAINED absent an identified exception, with a Rule 105 limiting instruction confining the testimony to its non-hearsay (notice/awareness) purpose.** | |
| 169 | 236:1-25 | Examination regarding objected-to document, double hearsay (Plaintiffs' statements as to why they are upset); 602 | | | | | **This ruling is self-executing under the entered exhibit rulings: admitted if the underlying exhibit is admitted; excluded as to document-dependent testimony if it is not; if the exhibit is admitted: the embedded customer statements are OVERRULED to the extent offered for their effect on Navistar (notice/awareness) rather than their truth, with a limiting instruction available — any hearsay-within-hearsay offered for the truth of the embedded statements is SUSTAINED absent an identified exception, with a Rule 105 limiting instruction confining the testimony to its non-hearsay (notice/awareness) purpose; OVERRULE 602 — goes to weight.** | |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 170 | 237:1-20 | Examination regarding objected-to document, double hearsay (Plaintiffs' statements as to why they are upset); 602 | | | | | **This ruling is self-executing under the entered exhibit rulings: admitted if the underlying exhibit is admitted; excluded as to document-dependent testimony if it is not; if the exhibit is admitted: the embedded customer statements are OVERRULED to the extent offered for their effect on Navistar (notice/awareness) rather than their truth, with a limiting instruction available — any hearsay-within-hearsay offered for the truth of the embedded statements is SUSTAINED absent an identified exception, with a Rule 105 limiting instruction confining the testimony to its non-hearsay (notice/awareness) purpose; OVERRULE 602 — goes to weight.** | |
| 171 | 237:22-24 | Examination regarding objected-to document, double hearsay (Plaintiffs' statements as to why they are upset); 602 | | | | | **This ruling is self-executing under the entered exhibit rulings: admitted if the underlying exhibit is admitted; excluded as to document-dependent testimony if it is not; if the exhibit is admitted: the embedded customer statements are OVERRULED to the extent offered for their effect on Navistar (notice/awareness) rather than their truth, with a limiting instruction available — any hearsay-within-hearsay offered for the truth of the embedded statements is SUSTAINED absent an identified exception, with a Rule 105 limiting instruction confining the testimony to its non-hearsay (notice/awareness) purpose; OVERRULE 602 — goes to weight.** | |
| 172 | 238:1-24 | Examination regarding objected-to document, double hearsay (Plaintiffs' statements as to why they are upset); 602 | | | | | **This ruling is self-executing under the entered exhibit rulings: admitted if the underlying exhibit is admitted; excluded as to document-dependent testimony if it is not; if the exhibit is admitted: the embedded customer statements are OVERRULED to the extent offered for their effect on Navistar (notice/awareness) rather than their truth, with a limiting instruction available — any hearsay-within-hearsay offered for the truth of the embedded statements is SUSTAINED absent an identified exception, with a Rule 105 limiting instruction confining the testimony to its non-hearsay (notice/awareness) purpose; OVERRULE 602 — goes to weight.** | |
| 173 | 240:5-25 | Should start at 240:4 | | | Agreed | | **SUSTAIN IN PART — completeness.** | |
| 174 | 241:1-16 | | | | | | **ADMITTED — no objection.** | |
| 175 | 241:18-25 | | | | | | **ADMITTED — no objection.** | |
| 176 | 242:1-11 | | | | | | **ADMITTED — no objection.** | |

|  |  |  |  |  |  |  |  |
|--|--|--|--|--|--|--|--|
|  |  |  |  |  |  |  |  |

| | *Both Parties Designated; See Plaintiffs' Designations Below in Yellow* | |
|---|---|---|

**Wale Akinosho**

| | |
|---|---|
| **NAVISTAR'S GENERAL OBJECTION:** Same general objection as Brown. <br>**PLAINTIFFS' GENERAL OBJECTIONS:** Same general objection as Brown. | SPECIAL MASTER: Navistar's general (exhibit-dependent) objection is administered row by row through self-executing, exhibit-contingent rulings keyed to the entered exhibit rulings (Report, Part IV.F). As to Plaintiffs' general objection to Navistar's use of this witness's deposition (FRE 804(a)(5)/FRCP 32 unavailability; FRE 804(b)): RECOMMENDED — the objection is not a basis to strike the designations now. Plaintiffs' authorities (Alexander, Peppers, and Atlas Lederer) address admissibility at trial, not the propriety of the designations themselves, and are therefore consistent with deferring the FRE 804(b) predicate to trial: Navistar's substantive use is governed by Rule 32(a), and the unavailability predicate (or, if the witness is called live, the confinement of the deposition to impeachment and other permitted uses) is a foundation to be laid at trial. Navistar has represented that, if neither party calls Akinosho live, it does not object to both parties' designations (Report, Background). This own-employee question is analyzed at Report, Part IV.D. The row-level rulings below apply accordingly. |

**Akinosho — Navistar's Deposition Designations / Plaintiffs' Objections & Counter-Designations**

| # | Navistar's Designation | Plaintiffs' Objection (PROPOSED) | Navistar's Response to Plaintiffs' Objections | Counter-Designation | Objections to Counter-Designation | | Special Master's Recommended Ruling — Designation / Objection | Special Master's Recommended Ruling — Counter-Designation |
|---|---|---|---|---|---|---|---|---|
| 1 | Page 6, lines 6-14 | None | | | | | **ADMITTED — no objection.** | |
| 2 | Page 9, lines 14-24 | *None* | | | | | **ADMITTED — no objection.** | |
| 3 | Page 10, lines 6-24 | None | | | | | **ADMITTED — no objection.** | |
| 4 | Page 21:17 – Page 22:8 | None | | | | | **ADMITTED — no objection.** | |
| 5 | Page 22, lines 18-23 | None | | | | | **ADMITTED — no objection.** | |
| 6 | Page 23, lines 1-11 | Incomplete. Add Line 24. | Line 24 is part of an attorney statement that is not otherwise designated | | | | **OVERRULE completeness objection; designation ADMITTED.** Unrevived attorney record colloquy and crosstalk do not play to the jury, and the main designation stands on its own as a substantively complete question-and-answer set. | |
| 7 | Page 24:5 – Page 25:18 | None | | | | | **ADMITTED — no objection.** | |
| 8 | Page 33, lines 2-24 | None | | | | | **ADMITTED — no objection.** | |
| 9 | Page 36:12 – Page 37:17 | FRE 602 / 401. Witness repeatedly disclaims personal knowledge. | Plaintiffs' own questioning, cannot object to lack of sufficient foundational questions, no answer from witness indicates lack of knowledge | | | | **OVERRULE objections; designation ADMITTED.** Challenges to the depth of a corporate employee's personal knowledge or corporate memory go strictly to the weight of the testimony rather than its threshold admissibility. | |

| | | | | | | |
|---|---|---|---|---|---|---|
| 10 | Page 41, lines 8-13 | None except incomplete - no objection if additional lines pulled | see objection to counter designation | 41:14-42:18 | Not responsive counter designation at 42:8-18. Our designation just identifies the document. Counter designation asks an objectionable question (foundation) about Lollis's state of mind and not neccsary to complete the desingation testimony. | **OVERRULE completeness objection. Designation ADMITTED, conditioned on the contemporaneous inclusion of the requested counter-designation block at lines 41:14–42:18.** | **OVERRULE objections. The counter-designation (lines 41:14–42:18) is ADMITTED under FRE 106 and FRCP 32(a)(6) to provide necessary completeness and immediate contextual background to the document identification. The responsiveness objection is overruled because the subsequent lines directly qualify the nature of the document introduced . Navistar's objections regarding foundation and questions targeting an employee's state of mind go strictly to the weight and credibility of the testimony for the jury to evaluate rather than its threshold admissibility.** |
| 11 | Page 43:22 – Page 44:9 | 401/403 and 602 - witness disclaims knowledge of the document being discussed (see 44:10-45:5) | Plaintiffs' own questioning, cannot object to lack of sufficient foundational questions, no answer from witness indicates lack of knowledge | If objection not sustained in full, 44:10-45:5. | | **OVERRULE objections. Personal knowledge and document-familiarity challenges go to the weight of the testimony to be evaluated by the trier of fact. Designation ADMITTED, conditioned on the dynamic addition of the counter-designation.** | **ADMITTED — by agreement. Lines 44:10–45:5 play immediately following the main clip to establish complete narrative continuity.** |
| 12 | Page 45:6 – Page 46:11 | FRE 602 (lack of personal knowledge) re: "supply constraints"; hearsay when offered by Navistar. | Plaintiffs' own questioning, cannot object to lack of sufficient foundational questions, no answer from witness indicates lack of knowledge; no hearsay as never refers to an out of court statement | 174:22–175:9 | | **OVERRULE hearsay objection as to the witness's own conduct and corporate observation; embedded statements of outside parties offered for their truth are excluded absent an identified exception. OVERRULE FRE 602 objection as going to weight. Designation ADMITTED, conditioned on the dynamic addition of the counter-designation.** | **ADMITTED — by agreement. Lines 174:22–175:9 play immediately following the main clip to establish complete narrative continuity (although given how distant this testimony is within the transcript, counsel should confirm that this is, in fact, the testimony Plaintiffs intended to counter-designate).** |
| 13 | Page 47:5 – Page 49:3 | FRE 602 as to the "not enough production" capacity opinion (48:18-49:3). No objection to the rest | Plaintiffs' own questioning, cannot object to lack of sufficient foundational questions, no answer from witness indicates lack of knowledge | | | **OVERRULE objection; designation ADMITTED. An internal operational manager's testimony regarding production line updates goes to the weight, not the admissibility, of the evidence.** | |
| 14 | Page 50, lines 1-13 | FRE 602 (speculation); FRE 401/403. | Plaintiffs' own questioning, cannot object to lack of sufficient foundational questions, no answer from witness indicates lack of knowledge; highly relevant to deal at issue | | | **OVERRULE objections; designation ADMITTED. Speculation challenges go to weight, and commercial production volume testimony is relevant under FRE 401/402.** | |
| 15 | Page 55:19 – Page 56:10 | None | | | | **ADMITTED — no objection.** | |
| 16 | Page 58, lines 4-12 | Incomplete - no objection if surrounding lines added | see objection to counter designation | 57:15-59:2 | counter designations contain entirely argumentative questioning subjec to 401-403 | **OVERRULE completeness objection. Designation ADMITTED, conditioned on the contemporaneous inclusion of the requested counter-designation block at lines 57:15–59:2.** | **OVERRULE objections. The counter-designation (57:15–59:2) is ADMITTED under Rule 106 and FRCP 32(a)(6) as necessary continuous surrounding text. Form objections are overruled as waived, and any internal colloquy must be redacted.** |
| 17 | Page 59:23 – Page 60:17 | None | | | | **ADMITTED — no objection.** | |
| 18 | Page 61, lines 18-21 | None | | | | **ADMITTED — no objection.** | |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 19 | Page 76:17 – Page 77:4 | None | | | | ADMITTED — no objection. | |
| 20 | Page 100:12 – Page 101:4 | FRE 602 (speculation); FRE 401/403. | Plaintiffs' own questioning, cannot object to lack of sufficient foundational questions, no answer from witness indicates lack of knowledge; highly relevant to deal at issue and production capacity | | | OVERRULE objections; designation ADMITTED. Speculation and lack of foundation challenges go entirely to the weight of the testimony, and commercial capacity data is relevant under FRE 401/402. | |
| 21 | Page 126:16 – Page 127:23 | FRE 602 (speculatiorgumentative) / 401/403 (discussing document unrelated to orders at issue). | Plaintiffs' own questioning, cannot object to lack of sufficient foundational questions, no answer from witness indicates lack of knowledge; highly relevant to deal at issue and production capacity | | | OVERRULE objections; designation ADMITTED. The personal knowledge and argumentative form challenges go to weight rather than threshold admissibility. | |
| 22 | Page 147:17 – Page 148:1 | FRE 602 (lack of personal knowledge). | Plaintiffs' own questioning, cannot object to lack of sufficient foundational questions, no answer from witness indicates lack of knowledge | | | OVERRULE objection; designation ADMITTED. Personal knowledge challenges go strictly to the weight of the evidence to be evaluated by the trier of fact. | |
| 23 | Page 159, lines 1-6 | FRE 602 (lack of personal knowledge). | Plaintiffs' own questioning, cannot object to lack of sufficient foundational questions, no answer from witness indicates lack of knowledge | 159:7-161:13 | Not responsive counter designations. Designations asks simply if there came a time when the RH orders changed to LT orders.  The counterdesignations pertain to an exhibit that is not designated about the total number of trucks | OVERRULE objection. Personal knowledge depth goes to weight. Designation ADMITTED, conditioned on the contemporaneous inclusion of the counter-designation block. | OVERRULE objections. The counter-designation (159:7–161:13) is ADMITTED under Rule 106 and FRCP 32(a)(6) as continuous explanatory text. Hearsay and document objections are overruled for this contextual purpose, and internal record objections are redacted. |
| 24 | Page 174, lines 3-17 | FRE 602 (lack of personal knowledge/speculation); 401/403 (relates to a September 2021 document); incompleteness, testimony is in regards to document not on either party's designations; hearsay when offered by Navistar | Plaintiffs' own questioning, cannot object to lack of sufficient foundational questions, no answer from witness indicates lack of knowledge; no hearsay as never refers to an out of court statement | 174:18–175:9 | (1) A proper counterdesignation to identify the document is 169:4-15<br><br>(2)174:22-175:9 is not a responsive counterdesignation: designation is about capacity and shortage of parts; counterdesignation about allocation and who had access to allocation information | This ruling is self-executing and keyed to entered exhibit rulings: admitted if the underlying exhibit is admitted; excluded as to document-dependent testimony if it is not. If the exhibit is admitted, OVERRULE hearsay objection as to the witness's own conduct and corporate observation; embedded statements of outside parties offered for their truth are excluded absent an identified exception. OVERRULE FRE 602 objection as going to weight, conditioned on the contemporaneous inclusion of the context counter-designation specified in Column H. | OVERRULE objections. If the underlying exhibit is admitted, the counter-designation (174:18–175:9) is ADMITTED under Rule 106 and FRCP 32(a)(6) for completeness context. The alternative proposed citation (169:4–15) is excluded as non-continuous narrative text. |

| # | | | | | | |
|---|---|---|---|---|---|---|
| 25 | Page 185, lines 1-19 | See above (relates to same September document); 602; 401/403, incomplete. Hearsay when offered by Navistar. | Plaintiffs' own questioning, cannot object to lack of sufficient foundational questions, no answer from witness indicates lack of knowledge | | | This ruling is self-executing and keyed to entered exhibit rulings: admitted if the underlying exhibit is admitted; excluded as to document-dependent testimony if it is not. If the exhibit is admitted, OVERRULE hearsay objection as to the witness's own conduct and corporate observation; embedded statements of outside parties offered for their truth are excluded absent an identified exception. OVERRULE FRE 602 objection as going to weight, conditioned on the contemporaneous inclusion of the context counter-designation specified in Column H. |
| 26 | Page 248:15 – Page 249:21 | None | | | | ADMITTED — no objection. |
| 27 | Page 287, lines 12-23 | *Incomplete - no objection if surrounding lines added* | | 287:24-288:7 | | OVERRULE completeness objection. Designation ADMITTED, conditioned on the contemporaneous inclusion of the counter-designation block at lines 287:24–288:7. [ADMITTED — no objection/agreed.] |
| 29 | Page 307, lines 9-24 | None | | | | ADMITTED — no objection. |

## Akinosho - Plaintiffs' Deposition Designations

| # | Plaintiffs' Designations (Page:Line) | Defendant's Objections | Plaintiffs' Response to Defendant's Objections | Defendant's Counter-Designation (if objections not sustained in full) | Plaintiffs' Objections to Defendant's Counter-Designations | Defendant's Responses to Plaintiffs' Objections to Defendant's Counter-Designations | Special Master's Recommended Ruling — Designation / Objection | Special Master's Recommended Ruling — Counter-Designation |
|---|---|---|---|---|---|---|---|---|
| 1 | 6:8-14 | | | | | | ADMITTED — no objection. | |
| 2 | 9:14-24 | | | | | | ADMITTED — no objection. | |
| 3 | 10:14-24 | | | | | | ADMITTED — no objection. | |
| 4 | 11:1-5 | | | | | | ADMITTED — no objection. | |
| 5 | 12:17-13:24 | 13:5-12 -- form, vague, compound and confusing question | Objections waived under 32(d)(3)(b) for lack of contemporaneous objection | | | | OVERRULE form objection. Defendant waived these form and vagueness objections by failing to assert them contemporaneously on the record during the deposition. Designation ADMITTED. | |
| 6 | 13:1-14:12 | | | | | | ADMITTED — no objection. | |

| # | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 7 | 42:5-7 | | | | 42:20 - 43:12 | No basis for counter-designation as no objection lodged. Counter-designation irrelevant (401) and lack of personal knowledge per witness | FRE 106 states "If a party introduces all or part of a statement, an adverse party may require the introduction, at that time, of any other part — or any other statement — that in fairness ought to be considered at the same time. The adverse party may do so over a hearsay objection." <br><br>Plaintiffs' own questioning, cannot object to lack of sufficient foundational questions, no answer from witness indicates lack of knowledge | ADMITTED — no objection. | OVERRULE objections. The counter-designation (42:20–43:12) is ADMITTED under Rule 106 and FRCP 32(a)(6) as proper contextual explanation. Personal knowledge and FRE 403 relevance objections go strictly to weight. All record objection crosstalk must be redacted. |
| 8 | 51:22-24 | | | | | | | ADMITTED — no objection. | |
| 9 | 52:7-24 | | | | | | | ADMITTED — no objection. | |
| 10 | 53:22-54:1 | | | | | | | ADMITTED — no objection. | |
| 11 | 56:19-57:22 | 57:10-12; 57:18-22 -- FRE 602, form, foundation calls for speculation | Navistar identified Akinosho as most knowledgeable on production build schedules (Interrog. No. 3). Arithmetic comparing 159 built to 100 promised is not speculation. | | | | | OVERRULE objections. Form and speculation objections are waived for lack of a contemporaneous record objection, and the witness's baseline foundation and arithmetic evaluations go entirely to weight rather than threshold admissibility. Designation ADMITTED. | |
| 12 | 58:1-22 | 58:4-7; 58:13-18 -- FRE 602, form, foundation calls for speculation | See above | | | | | OVERRULE objections. Form objections are waived, and personal knowledge or speculation challenges go entirely to weight. Designation ADMITTED. | |
| 13 | 59:2-3 | 58:21-22; 59:2 -- FRE 602, form, foundation calls for speculation | See above. | | | | | OVERRULE objections; designation ADMITTED. Form challenges are waived, and personal knowledge depth under FRE 602 goes to the weight of the evidence. | |
| 14 | 66:14-67:2 | 66:23-67:4 -- FRE 602, form, foundation; exhibit is objected to; if excluded then testimony on document should be excluded as well | Exhibit objection moot per special master decision. Form objection waived. Akinosho asked questions about whether his recollection was consistent with contents of document Navistar produced; question called for his personal knowledge. Also, | 67:3-5 | If counter-designation allowed, 67:6-10 needs to be included; stub counter-designation is misleading alone | 67:6-10 is atty comment without question or response from witness, inappropriate designation | This ruling is self-executing and keyed to entered exhibit rulings: admitted if the underlying exhibit is admitted; excluded if it is not. If the exhibit is admitted, the form and FRE 602 objections are overruled on the merits, conditioned on the contemporaneous inclusion of the counter-designation. | OVERRULE objections. If the underlying exhibit is admitted, the counter-designation (67:3-5) is ADMITTED under Rule 106 and FRCP 32(a)(6) as immediate continuous explanation text. Form objections are waived, and lawyer crosstalk must be redacted. |
| 15 | 68:4-73:6 | exhibit is objected to; if excluded then testimony on document should be excluded as well | | | | | | This ruling is self-executing and keyed to entered exhibit rulings: admitted if the underlying exhibit is admitted; excluded as to document-dependent testimony if it is not. | |
| 16 | 86:9-18 | exhibit is objected to; if excluded then testimony on document should be excluded as well | Exhibit objection moot per special master decision. | | | | | This ruling is self-executing and keyed to entered exhibit rulings: admitted if the underlying exhibit is admitted; excluded as to document-dependent testimony if it is not. | |

| # | Designation | Objection | Response | Counter-desig. | Counter objection | FRE 106 | Ruling | Final Ruling |
|---|---|---|---|---|---|---|---|---|
| 17 | 90:19-91:7 | exhibit is objected to; if excluded then testimony on document should be excluded as well | Exhibit objection moot per special master decision. | | | | **This ruling is self-executing and keyed to entered exhibit rulings: admitted if the underlying exhibit is admitted; excluded as to document-dependent testimony if it is not.** | |
| 18 | 91:10-15 | exhibit is objected to; if excluded then testimony on document should be excluded as well | Exhibit objection moot per special master decision. | | | | **This ruling is self-executing and keyed to entered exhibit rulings: admitted if the underlying exhibit is admitted; excluded as to document-dependent testimony if it is not.** | |
| 19 | 91:18-23 | exhibit is objected to; if excluded then testimony on document should be excluded as well | Exhibit objection moot per special master decision. | | | | **This ruling is self-executing and keyed to entered exhibit rulings: admitted if the underlying exhibit is admitted; excluded as to document-dependent testimony if it is not.** | |
| 20 | 94:12-23 | exhibit is objected to; if excluded then testimony on document should be excluded as well | Exhibit objection moot per special master decision. | | | | **This ruling is self-executing and keyed to entered exhibit rulings: admitted if the underlying exhibit is admitted; excluded as to document-dependent testimony if it is not.** | |
| 21 | 95:11-15 | exhibit is objected to; if excluded then testimony on document should be excluded as well | Exhibit objection moot per special master decision. | | | | **This ruling is self-executing and keyed to entered exhibit rulings: admitted if the underlying exhibit is admitted; excluded as to document-dependent testimony if it is not.** | |
| 22 | 95:22-96:2 | | Exhibit objection moot per special master decision. | 96:3-96:6 | None | | **ADMITTED — no objection, conditioned on the contemporaneous inclusion of the agreed context clip at lines 96:3–96:6.** | **ADMITTED — by agreement. Lines 96:3–96:6 play dynamically following the main designation block.** |
| 23 | 96:7-10 | exhibit is objected to; if excluded then testimony on document should be excluded as well | Exhibit objection moot per special master decision. | | | | **This ruling is self-executing and keyed to entered exhibit rulings: admitted if the underlying exhibit is admitted; excluded as to document-dependent testimony if it is not.** | |
| 24 | 105:11-107:22 | exhibit is not on Plaintiffs' amended trial exhibit list -- testimony re exhibit should be excluded | Exhibit objection moot per special master decision. | 104:11-105:10 | Hearsay if offered by Navistar; witness lacks personal knowledge per answer | FRE 106 states "If a party introduces all or part of a statement, an adverse party may require the introduction, at that time, of any other part — or any other statement — that in fairness ought to be considered at the same time. The adverse party may do so over a hearsay objection." Plaintiffs' own questioning, cannot object to lack of sufficient foundational questions, additional questions necessary to show witness's knowledge of document on which Plaintiffs' seek to designate testimony | **This ruling is self-executing and keyed to entered exhibit rulings: admitted if the underlying exhibit is admitted; excluded as to document-dependent testimony if it is not. If the exhibit is admitted, the designation is ADMITTED, conditioned on the contemporaneous inclusion of the counter-designation.** | **OVERRULE objections. If the underlying exhibit is admitted, the counter-designation (104:11–105:10) is ADMITTED under Rule 106 and FRCP 32(a)(6) for completeness context. Hearsay and FRE 602 objections are overruled as contextual text, and internal record objections are redacted.** |
| 25 | 108:2-10 | | | | | | **ADMITTED — no objection.** | |
| 26 | 110:15-112:2 | exhibit is not on Plaintiffs' amended trial exhibit list -- testimony re exhibit should be excluded | Exhibit objection moot per special master decision. | | | | **This ruling is self-executing and keyed to entered exhibit rulings: admitted if the underlying exhibit is admitted; excluded as to document-dependent testimony if it is not.** | |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 27 | 112:5-113:9 | exhibit is not on Plaintiffs' amended trial exhibit list -- testimony re exhibit should be excluded | Exhibit objection moot per special master decision. | | | | **This ruling is self-executing and keyed to entered exhibit rulings: admitted if the underlying exhibit is admitted; excluded as to document-dependent testimony if it is not.** |
| 28 | 132:23-133:2 | exhibit is objected to; if excluded then testimony on document should be excluded as well | Exhibit objection moot per special master decision. | | | | **OVERRULE - Only objection is nondisclosure, which was resolved by ECF 122 as a deposition exhibit.** |
| 29 | 133:8-10 | exhibit is objected to; if excluded then testimony on document should be excluded as well | Exhibit objection moot per special master decision. | | | | **OVERRULE - Only objection is nondisclosure, which was resolved by ECF 122 as a deposition exhibit.** |
| 30 | 135:3-5 | exhibit is objected to; if excluded then testimony on document should be excluded as well | Exhibit objection moot per special master decision. | | | | **OVERRULE - Only objection is nondisclosure, which was resolved by ECF 122 as a deposition exhibit.** |
| 31 | 142:3-7 | 142:3-7, FRE 602, form, foundation | Form objection not preserved. Foundation and 602 objection is frivolous; witness copied on the document and agreed to interpretation of document of a sort he is familiar with in employment. | | | | **OVERRULE objections. Form and foundational objections are waived for lack of a contemporaneous record objection; FRE 602 personal knowledge challenges go strictly to weight. Designation ADMITTED.** |
| 32 | 142:10-142:10 | exhibit is objected to; if excluded then testimony on document should be excluded as well | Exhibit objection moot per special master decision. | | | | **OVERRULE - Only objection is nondisclosure, which was resolved by ECF 122 as a deposition exhibit.** |
| 33 | 142:12-22 | exhibit is objected to; if excluded then testimony on document should be excluded as well | Exhibit objection moot per special master decision. | | | | **OVERRULE - Only objection is nondisclosure, which was resolved by ECF 122 as a deposition exhibit.** |
| 34 | 155:12-22 | exhibit is objected to; if excluded then testimony on document should be excluded as well | Exhibit objection moot per special master decision. | | | | **This ruling is self-executing and keyed to entered exhibit rulings: admitted if the underlying exhibit is admitted; excluded as to document-dependent testimony if it is not.** |
| 35 | 156:20-157:3 | exhibit is objected to; if excluded then testimony on document should be excluded as well | Exhibit objection moot per special master decision. | | | | **This ruling is self-executing and keyed to entered exhibit rulings: admitted if the underlying exhibit is admitted; excluded as to document-dependent testimony if it is not.** |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 36 | 159:7-161:13 | exhibit is objected to; if excluded then testimony on document should be excluded as well | Exhibit objection moot per special master decision. | 161:14-163:17 | lack of personal knowledge per witness answer; hearsay when offered by Navistar | FRE 106 states "If a party introduces all or part of a statement, an adverse party may require the introduction, at that time, of any other part — or any other statement — that in fairness ought to be considered at the same time. The adverse party may do so over a hearsay objection."<br><br>Plaintiffs' own questioning, cannot object to lack of sufficient foundational questions, additional questions necessary to show witness's knowledge of document on which Plaintiffs' seek to designate testimony | **This ruling is self-executing and keyed to entered exhibit rulings: admitted if the underlying exhibit is admitted; excluded as to document-dependent testimony if it is not. If the exhibit is admitted, the designation is ADMITTED, conditioned on the contemporaneous inclusion of the counter-designation.** | **OVERRULE objections. If the underlying exhibit is admitted, the counter-designation (161:14–163:17) is ADMITTED UNDER Rule 106 and FRCP 32(a)(6) for completeness context. Hearsay and FRE 602 objections are overruled as context text, and internal record objections are redacted.** |
| 37 | 224:5-14 | | | 224:15-20 | no basis for counter-designation; our designation not objected to | FRE 106 states "If a party introduces all or part of a statement, an adverse party may require the introduction, at that time, of any other part — or any other statement — that in fairness ought to be considered at the same time. The adverse party may do so over a hearsay objection." | **ADMITTED — no objection, conditioned on the contemporaneous inclusion of the counter clip at lines 224:15–20.** | **OVERRULE objections. The counter-designation (224:15–20) is ADMITTED under Rule 106 and FRCP 32(a)(6) as proper continuous contextual text.** |
| 38 | 226:4-6 | 226:4-6, FRE 602 -- form, foundation | Form objection waived. Foundation objection meritless; witness offered understanding of the June delivery deadline as written in contract he was familiar with; Akinosho further copied on emails at pp. 226-227 by his boss Carmichael confirming same contractual understanding. | | | | **OVERRULE objections; designation ADMITTED. Form and foundational objections are waived for lack of a contemporaneous record objection; personal knowledge challenges go strictly to weight.** | |
| 39 | 226:9-227:24 | | | | | | **ADMITTED — no objection.** | |
| 40 | 229:3-229:13 | | | | | | **ADMITTED — no objection.** | |
| 41 | 230:14-24 | | | | | | **ADMITTED — no objection.** | |
| 42 | 231:5-12 | | | | | | **ADMITTED — no objection.** | |
| 43 | 231:19-234:24 | 234:11-24; exhibit is not on Plaintiffs' amended trial exhibit list -- testimony re exhibit should be excluded | Exhibit objection moot per special master decision. | | | | **This ruling is self-executing and keyed to entered exhibit rulings: admitted if the underlying exhibit is admitted; excluded as to document-dependent testimony if it is not.** | |
| 44 | 245:1-246:23 | exhibit is objected to; if excluded then testimony on document should be excluded as well | Exhibit objection moot per special master decision. | | | | **OVERRULE - Only objection is nondisclosure, which was resolved by ECF 122 as a deposition exhibit.** | |
| 45 | 248:2-249:5 | exhibit is objected to; if excluded then testimony on document should be excluded as well | Exhibit objection moot per special master decision. | | | | **This ruling is self-executing and keyed to entered exhibit rulings: admitted if the underlying exhibit is admitted; excluded as to document-dependent testimony if it is not.** | |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 46 | 251:20-252:14 | exhibit is objected to; if excluded then testimony on document should be excluded as well | Exhibit objection moot per special master decision. | | | | **This ruling is self-executing and keyed to entered exhibit rulings: admitted if the underlying exhibit is admitted; excluded as to document-dependent testimony if it is not.** | |
| 47 | 253:11-254:9 | exhibit is objected to; if excluded then testimony on document should be excluded as well | Exhibit objection moot per special master decision. | | | | **This ruling is self-executing and keyed to entered exhibit rulings: admitted if the underlying exhibit is admitted; excluded as to document-dependent testimony if it is not.** | |
| 48 | 255:8-21 | 255:16-18, FRE 602 -- form, foundation | | | | | **OVERRULE objections. Form objections are waived, and foundation/personal knowledge challenges go to weight. Designation ADMITTED.** | |
| 49 | 256:8-261:21 | 256:8-18, 256:23-257:24, FRE 602, form, foundation -- witness was not copied on email being discussed | Objections waived under 32(d)(3)(b) for lack of contemporaneous objection; witness earlier admitted Lollis had same order board access; testimony relates to his own order board contents | | | | **This ruling is self-executing and keyed to entered exhibit rulings: admitted if the underlying exhibit is admitted; excluded as to document-dependent testimony if it is not. Form objections are waived for lack of a contemporaneous objection on the record; personal knowledge under FRE 602 goes strictly to weight.** | |
| 50 | 262:1-12 | | | | | | **ADMITTED — no objection.** | |
| 51 | 263:11-264:14 | | | 264:15-265:8 | no basis for counter-designation; our designation not objected to; lack of personal knowledge | FRE 106 states "If a party introduces all or part of a statement, an adverse party may require the introduction, at that time, of any other part — or any other statement — that in fairness ought to be considered at the same time. The adverse party may do so over a hearsay objection."<br><br>Plaintiffs' own questioning, cannot object to lack of sufficient foundational questions, additional questions necessary to show witness's knowledge of document on which Plaintiffs' seek to designate testimony | **ADMITTED — no objection, conditioned on the contemporaneous inclusion of the requested counter-designation block at lines 264:15–265:8.** | **OVERRULE objections. The counter-designation (264:15–265:8) is ADMITTED under Rule 106 and FRCP 32(a)(6) as continuous contextual text. FRE 602 objections go to weight.** |
| 52 | 265:9-12 | 265:9-11 -- form, speculation | Not speculation; FRE 406 permits testimony about routine practice | | | | **OVERRULE objections. Form objections are waived, and speculation challenges go strictly to weight. Designation ADMITTED.** | |
| 53 | 266:5-7 | | | | | | **ADMITTED — no objection.** | |
| 54 | 267:5-9 | | | | | | **ADMITTED — no objection.** | |
| 55 | 267:13-269:16 | | | | | | **ADMITTED — no objection.** | |
| 56 | 270:12-271:3 | 270:24-271:3 -- FRE 602, form, foundation | There is no problem with the form of the question and witness understood it; the witness can testify as to the lack of a conversation, which is pertinent evidence. | 270:4-7 | Cross-designation not pertinent and includes half of a question but no answer. | counterdesignation withdrawn | **OVERRULE objections. Form objections are waived, and personal knowledge goes to weight. Designation ADMITTED.** | **SUSTAIN - Counter-designation withdrawn** |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| #### | 271:6-7 | | | | | | ADMITTED — no objection. |
| 58 | 272:2-14 | | | | | | ADMITTED — no objection. |
| 59 | 272:19-20 | | | | | | ADMITTED — no objection. |
| 60 | 272:22-274:6 | | | | | | ADMITTED — no objection. |
| 61 | 274:14-275:7 | | | 274:7-13 | | | ADMITTED — no objection, conditioned on the contemporaneous inclusion of lines 274:7–13. | ADMITTED — by agreement. Lines 274:7–13 play dynamically to ensure full contextual continuity. |
| 62 | 275:13-278:14 | exhibit is objected to; if excluded then testimony on document should be excluded as well | Exhibit objection moot per special master decision. | | | | This ruling is self-executing and keyed to entered exhibit rulings: admitted if the underlying exhibit is admitted; excluded as to document-dependent testimony if it is not. |
| 63 | 279:9-280:17 | exhibit is objected to; if excluded then testimony on document should be excluded as well | Exhibit objection moot per special master decision. | | | | This ruling is self-executing and keyed to entered exhibit rulings: admitted if the underlying exhibit is admitted; excluded as to document-dependent testimony if it is not. |
| 64 | 285:13-15 | | | | | | ADMITTED — no objection. |
| 65 | 285:18-285:18 | | | | | | ADMITTED — no objection. |
| 66 | 285:24-287:3 | 286:3-8, 286:15-22, FRE 602 -- form, foundation, compound and confusing question | Objections waived for lack of contemporaneous objection (and witness understood the question and answered). Witness has personal knowledge of his work environment and reasonable inferences to be drawn therefrom | | | | OVERRULE objections. Form and compound objections are waived for lack of a contemporaneous objection on the record; personal knowledge goes to weight. Designation ADMITTED. |
| 67 | 287:1-7 | | | | | | ADMITTED — no objection. |
| 68 | 287:12-288:7 | | | 288:8-290:19 | Witness answer non-responsive (288:8-9); remainder non-responsive to GLS designation and improperly cross-designated. | GLS designation asks for average time to completion of production to delivery. Witness answers in counterdesignation during relevant time period to the case | ADMITTED — no objection, conditioned on the contemporaneous inclusion of the counter-designation sequence. | OVERRULE objections. The counter-designation (288:8–290:19) is ADMITTED under Rule 106 and FRCP 32(a)(6) as continuous explanatory text showing delivery timelines. All embedded witness answers are responsive, and internal record objections are completely redacted. |
| 69 | 300:13-301:21 | | | | | | ADMITTED — no objection. |
| 70 | 302:6-303:16 | | | | | | ADMITTED — no objection. |
| 71 | 304:1-308:20 | exhibit is not on Plaintiffs' amended trial exhibit list -- testimony re exhibit should be excluded | Exhibit objection moot per special master decision. | | | | This ruling is self-executing and keyed to entered exhibit rulings: admitted if the underlying exhibit is admitted; excluded as to document-dependent testimony if it is not. |

|  | A | B | C | D | E | F | G | H | I |
|---|---|---|---|---|---|---|---|---|---|
|  |  | *Only Defendant Designated* |  |  |  |  |  |  |  |
|  | **Nick Schmalenberg** | | | | | | | | |
|  |  | **NAVISTAR'S GENERAL OBJECTIONS:** Same general objection as Brown. **PLAINTIFFS' GENERAL OBJECTIONS:** Schmalenberg is available to testify live and within the 100-mile subpoena radius. Given the testimony for live preference and the Court's discretion, live testimony is required and the deposition should only be used for impeachment. See Gonzalez Production Systems, Inc. v. Martinrea International Inc., 310 F.R.D. 341 (E.D. Mich. 2015) (holding that party could not use opposing party's video deposition when witness available to testify live). | | | | | | SPECIAL MASTER: Plaintiffs' general objection — that Schmalenberg is available within the 100-mile subpoena radius and should testify live, with the deposition confined to impeachment (Gonzalez Production Systems, 310 F.R.D. 341 (E.D. Mich. 2015)) — is RECOMMENDED for disposition as follows: the objection is not a basis to strike the designations now. Navistar's substantive use is governed by Rule 32(a), and this own-employee / availability question is analyzed at Report, Part IV.D; any unavailability predicate is a foundation to be laid at trial. Navistar has represented that, if neither party calls him live, it does not object to both parties' designations (Report, Background), and the related substantive-use question is addressed in the Special Master's separate Report (ECF No. 125), which has not yet been adopted and is not relied upon as an order here. Navistar's general (exhibit-dependent) objection is administered row by row through self-executing, exhibit-contingent rulings keyed to the entered exhibit rulings (Report, Part IV.F). The row-level rulings below resolve every evidentiary objection on its merits and apply accordingly. |  |
|  | **Schmalenberg — Navistar's Deposition Designations / Plaintiffs' Objections & Counter-Designations** | | | | | | | | |
|  | **#** | **Navistar's Designation** | **Plaintiffs' Objection (apart from general objection, above)** | **Navistar's Response to Plaintiffs' Objections** | **Counter-Designation (if objections not sustained in full)** | **Objections to Counter-Designation** |  | **Special Master's Recommended Ruling — Designation / Objection** | **Special Master's Recommended Ruling — Counter-Designation** |
|  | 1 | Page 4, lines 10–13 | None |  |  |  |  | **ADMITTED — no objection.** |  |
|  | 2 | Page 15, lines 2–7 | None |  |  |  |  | **ADMITTED — no objection.** |  |
|  | 3 | Page 16:24 – Page 17:2 | None |  |  |  |  | **ADMITTED — no objection.** |  |
|  | 4 | Page 17, lines 22–23 | None |  |  |  |  | **ADMITTED — no objection.** |  |
|  | 5 | Page 18, lines 10–15 | None |  |  |  |  | **ADMITTED — no objection.** |  |
|  | 6 | Page 20, lines 12–23 | None |  |  |  |  | **ADMITTED — no objection.** |  |
|  | 7 | Page 23, lines 6–23 | None |  |  |  |  | **ADMITTED — no objection.** |  |
|  | 8 | Page 25:2 – Page 26:16 | 401/403 to extent it relates to ELC issue (see summary judgment briefing; issue taken under advisement by Court) | Discussion regarding ELC is clearly relevant as the Court expressly held that "this issue (whether GLS assigned away its rights to any claims in this action) remains to be addressed at trial." See ECF No. 72, PageID. 2970. |  |  |  | **OVERRULE relevance objections. The Court has expressly held that the contract assignment issue remains to be addressed at trial (ECF No. 72); the designated text is highly relevant under FRE 401/402, and the probative value is not substantially outweighed by a danger of unfair prejudice under FRE 403. Designation ADMITTED, subject to the Court's ultimate ruling on the ELC issue. If the Court excludes the ELC framework, this testimony is excluded on the merits as a matter of law.** |  |

| | A | B | C | D | E | F | G | H | I |
|---|---|---|---|---|---|---|---|---|---|
| | 9 | Page 27, lines 2–5 | FRE 602 (lack of personal knowledge/speculation) | Objection waived. | 27:6-16, 28:2-5 | | | **OVERRULE FRE 602 objection. Challenges to the depth of a corporate officer's personal knowledge go to the weight of the testimony rather than its admissibility. Designation ADMITTED, conditioned on the dynamic addition of the counter-designation.** | **ADMITTED — no objection. The counter-designation (lines 27:6–16, 28:2–5) is allowed under Rule 106 and FRCP 32(a)(6) for narrative completeness context.** |
| | 10 | Page 28, lines 6–17 | 401/403 re: ELC issue (see above) | Discussion regarding ELC is clearly relevant as the Court expressly held that "this issue (whether GLS assigned away its rights to any claims in this action) remains to be addressed at trial."  See ECF No. 72, PageID. 2970. | | | | **OVERRULE relevance objections. Financial background detailing the Equipment Lease Contract is probative of active commercial defenses and is not unfairly prejudicial under FRE 403. Designation ADMITTED, subject to the Court's ultimate ruling on the ELC issue. If the Court excludes the ELC framework, this testimony is excluded on the merits as a matter of law.** | |
| | 11 | Page 33, lines 14–25 | 401/403. PAM not a party; description of its business irrelevant/waste of time | PAM and Central are affiliates and both received trucks under the letter agreement that forms the basis of Plaintiffs' breach of contract claim -- background is relevant. | | | | **OVERRULE objections. Testimony establishing corporate relationships between affiliates receiving trucks under the underlying letter agreement is proper baseline background under FRE 401/402, with trial presentation efficiency managed under Rule 611(a). Designation ADMITTED.** | |
| | 12 | Page 34:14 – Page 35:13 | Relevance (401/402) (public nature of company irrelevant); unfair prejudice and confusion (403) (implies deep pockets/doesn't need verdict in favor); FRE 602 (witness "not aware") | Background information regarding relationship between Universal and Central Transport is relevant as Universal purchased many of the used 2018 trucks that form the basis of Plaintiffs' damages claim.  Witness specifically testfied that he did have knowledge. | | | | **OVERRULE objections. Corporate relationships with purchasers of the used trucks forming the core of the damages claim are fully relevant. The deep-pockets prejudice challenge does not substantially outweigh probative value under FRE 403, and the witness's corporate awareness goes to weight. Designation ADMITTED.** | |
| | 13 | Page 36, lines 10–24 | None | | | | | **ADMITTED — no objection.** | |
| | 14 | Page 37, lines 1–6 | 401/403 - leases by Universal (as opposed to used truck purchases) irrelevant/time wasting/confusing | Background information regarding relationship between Universal and Central Transport is relevant as Universal purchased many of the used 2018 trucks that form the basis of Plaintiffs' damages claim. | | | | **OVERRULE objections. Background financial text regarding vehicle leases by an affiliate is relevant to tracking active fleet usage. Cumulativeness and time constraints are trial presentation matters under Rule 611(a) rather than grounds for complete exclusion. Designation ADMITTED.** | |
| | 15 | Page 38, lines 13–25 | None | | | | | **ADMITTED — no objection.** | |
| | 16 | Page 39, lines 16–24 | 403 (cumulative/asked and answered) | Testimony is not cumlative -- compare with 38:13-25. | | | | **OVERRULE FRE 403 objection. The designated text provides distinct financial details compared to the surrounding clips and is not needlessly cumulative under FRE 403. Designation ADMITTED.** | |

| | A | B | C | D | E | F | G | H | I |
|---|---|---|---|---|---|---|---|---|---|
| 22 | 17 | Page 43:2 – Page 44:3 | Form objection as raised. 401/403 on lease revenue issue (see MIL) | Lease revenue is relevant to damages as Navistar is entitled to argue that Plaintiffs' damages should be reduced by lease revenue GLS earned.  See ECF 104, PageID 4104-4109. | | | | **OVERRULE objections. Financial lease revenues are highly relevant to calculating potential damages mitigations and offsets (ECF No. 104). The preserved deposition form objection is overruled on the merits, and the record objection colloquy must be redacted from the jury presentation. Designation ADMITTED.** | |
| 23 | 18 | Page 45, lines 2–5 | 602 (lack of foundation/speculation) | The witness stated "that's my understanding" and was not speculating. | | | | **OVERRULE FRE 602 objection. The witness answered within his role as CFO and corporate understanding; any challenges to his foundation go strictly to the weight of the evidence. Designation ADMITTED.** | |
| 24 | 19 | Page 45, lines 16–22 | None | | | | | **ADMITTED — no objection.** | |
| 25 | 20 | Page 49, lines 3–17 | 401/403 (see objection to cut #17) | Lease revenue is relevant to damages as Navistar is entitled to argue that Plaintiffs' damages should be reduced by lease revenue GLS earned.  See ECF 104, PageID 4104-4109. | | | | **OVERRULE objections. Lease revenue data is relevant to the defense's offset models under FRE 401/402, and its probative value is not substantially outweighed by unfair prejudice under FRE 403. Designation ADMITTED.** | |
| 26 | 21 | Page 54:10 – Page 55:2 | 401/403 (see objection to cut #17) | Lease revenue is relevant to damages as Navistar is entitled to argue that Plaintiffs' damages should be reduced by lease revenue GLS earned.  See ECF 104, PageID 4104-4109. | | | | **OVERRULE objections. Financial offset testimony is admissible under FRE 401/402, and cumulative concerns are governed by trial presentation time limits under Rule 611(a). Designation ADMITTED.** | |
| 27 | 22 | Page 55:19 – Page 56:3 | FRE 106 (incomplete) | | 57:3-23, 59:13-21, 59:24-60:7, 62:8-63:3, 64:21-65:1 | | | **OVERRULE completeness objection. The main designation stands as a complete question-and-answer clip; the completeness request is resolved entirely via the dynamic addition of the counter-designation. Designation ADMITTED, conditioned on the counter playing contemporaneously.** | **ADMITTED — no objection. The counter-designated blocks are allowed under FRE 106 and FRCP 32(a)(6) to establish complete narrative continuity and prevent a truncated presentation.** |
| 28 | 23 | Page 65, lines 2–17 | 401/403 (allocation of Central truck fleet not relevant to issues) | Relevant for context of email that the witness is being questioned on. | | | | **OVERRULE objections. Fleet allocation parameters provide necessary context for the commercial communications under review; time consumption concerns are trial presentation matters under Rule 611(a). Designation ADMITTED.** | |
| 29 | 24 | Page 68:22 – Page 70:7 | As to Moroun "deletion" colloquy, 401/403 (improperly suggests spoliation) & 602 (lack of personal knowledge, speculation re: Moroun email practices) | Navistar withdraws question regarding regarding whether Moroun deletes emails.  69:18-21 | | | | **MOOT IN PART / OVERRULE IN PART. Navistar has expressly withdrawn the email-deletion question spanning lines 69:18–21. Lines 69:18–21 must be entirely redacted/muted from the presentation shown to the jury. As to the remainder of the designation, the relevance and FRE 602 objections are overruled as going to weight and trial time presentation.** | |

| | A | B | C | D | E | F | G | H | I |
|---|---|---|---|---|---|---|---|---|---|
| 30 | 25 | Page 74, lines 10–25 | 602 (lack of personal knowledge; being asked to assume what author meant) | Witness was copied on email and can testify as to his understanding of what was being discussed. | | | | OVERRULE FRE 602 objection. The witness was copied on the underlying correspondence and may properly testify to his contemporaneous understanding of the information; challenges to the depth of his recollection go to weight. Designation ADMITTED. | |
| 31 | 26 | Page 76, lines 3–13 | Objections as raised at deposition; 602 (witness expressly disclaimed knowledge) | Witness did not disclaim knowledge re whether aluminum wheels are a preium to steel wheels. | | | | OVERRULE objections. Disputes over what the witness disclaimed or remembered point directly to credibility and weight for the jury to evaluate. The form objections preserved on the record are overruled on the merits, and all internal objection crosstalk must be redacted from the presentation. Designation ADMITTED. | |
| 32 | 27 | Page 77, lines 5–17 | 602 (personal knowledge; asks witness to interpret statement of another) | Witness understood the quesiton, received the email, and provided his understanding. | | | | OVERRULE FRE 602 objection. A recipient's understanding of a corporate business email goes to weight rather than threshold admissibility. Designation ADMITTED. | |
| 33 | 28 | Page 79:23 – Page 80:21 | 602 (personal knowledge; see above) | Witness understood the quesiton, received the email and provided his understanding. | | | | OVERRULE FRE 602 objection. CFO understanding of internal financial and product communications goes to the weight of the evidence. Designation ADMITTED. | |
| 34 | 29 | Page 83:14 – Page 84:15 | Form/foundation as raised. 602 (lack of personal knowledge). 401/403 on leasing issue (see above) | Witness provided his understanding and as CFO has foundation to discuss lease revenue. As to lease revenue, see above response.  See ECF No. 72, PageID. 2970 | 85:3-22 | | | OVERRULE objections. Lease revenue summaries are highly relevant to active damages calculations, and the CFO possesses proper corporate foundation to discuss them. Form and foundation objections are overruled on the merits, and all internal record objection colloquy must be redacted. Designation ADMITTED, conditioned on the contemporaneous addition of the counter-designation. | ADMITTED — no objection. The counter-designation (lines 85:3–22) is allowed under FRE 106 and FRCP 32(a)(6) for completeness context. |
| 35 | 30 | Page 86, lines 18–23 | FRE 106 (incomplete - depends on status of #31) | Not incomplete as it release to designation on 31. | | | | MOOT. The completeness objection was expressly contingent on the status of Item #31, which has been admitted. No expansion of this clip is required. | |
| 36 | 31 | Page 87:7 – Page 90:23 | 401/403 on lease revenue issue (see above) | Lease revenue is relevant to damages as Navistar is entitled to argue that Plaintiffs' damages should be reduced by lease revenue GLS earned.  See ECF 104, PageID 4104-4109. | | | | OVERRULE objections. Financial offset data is fully relevant to the calculation of contract damages under FRE 401/402, and cumulative challenges are managed under Rule 611(a). Designation ADMITTED. | |
| 37 | 32 | Page 135, lines 2–9 | None | | | | | ADMITTED — no objection. | |

| | A | B | C | D | E | F | G | H | I |
|---|---|---|---|---|---|---|---|---|---|
| 38 | 33 | Page 143, lines 1–24 | Foundation as objected at deposition. 602 (witness lacks personal knowledge/speculation) 401/403 (pertains to improper lease revenue issue per above) | As CFO, witness has knowledge as to increased fuel costs claimed by plaintiffs and lease revenue.  Lease revenue is relevant to damages as Navistar is entitled to argue that Plaintiffs' damages should be reduced by lease revenue GLS earned.  See ECF 104, PageID 4104-4109. | 140:20-142:25 | 141:4-21, 142:21-25 -- FRE 602, form, foundation, witness testified he didn't prepare calculations re fuel consumption | | **OVERRULE objections. Testimony regarding increased fuel consumption claims and lease revenue models falls within the core scope of a corporate CFO's financial reviews; foundation and speculation challenges go entirely to weight. Relevance objections are overruled. Designation ADMITTED, conditioned on the contemporaneous addition of the counter-designation.** | **OVERRULE objections. The counter-designation (lines 140:20–142:25) is ADMITTED under Rule 106 and FRCP 32(a)(6) as necessary completeness text. The alternative form, foundation, and personal knowledge objections go strictly to the weight of the evidence.** |
| 39 | 34 | Page 144:2 – Page 145:6 | Sane as #33 | Same as 33 | | | | **Same objection as #33; ruling restated: OVERRULE 602 and foundation challenges as going to weight; OVERRULE relevance and FRE 403 objections as trial time presentation matters under Rule 611(a). Designation ADMITTED.** | |
| 40 | 35 | Page 145, lines 13–22 | Same as #33 | Same as 33 | | | | **Same objection as #33; ruling restated: OVERRULE 602 and foundation challenges as going to weight; OVERRULE relevance and FRE 403 objections as trial time presentation matters under Rule 611(a). Designation ADMITTED.** | |
| 41 | 36 | Page 146, lines 13–22 | Same as #33 | Same as 33 | 146:23-147:14, 148:7-20 | 148:15-20 -- FRE 602, form, foundation, witness lacks personal knowledge | | **Same objection as #33; ruling restated: OVERRULE 602 and foundation challenges as going to weight; OVERRULE relevance and FRE 403 objections. Designation ADMITTED, conditioned on the contemporaneous addition of the counter-designation.** | **OVERRULE objections. The counter-designation (lines 146:23–147:14, 148:7–20) is ADMITTED under Rule 106 and FRCP 32(a)(6) to preserve narrative completeness context. The alternative form and personal knowledge objections go strictly to weight.** |
| 42 | 37 | Page 149, lines 16–18 | Same as #33 | Same as 33. | | | | **Same objection as #33; ruling restated: OVERRULE 602 and foundation challenges as going to weight; OVERRULE relevance and FRE 403 objections as trial time presentation matters under Rule 611(a). Designation ADMITTED.** | |

|  | A | B | C | D | E | F | G | H | I |
|---|---|---|---|---|---|---|---|---|---|
| 1 | | | | *Only Plaintiffs Designated* | | | | | |
| 2 | **Maria Averhart** | | | | | | | | |
| 3 | NAVISTAR'S GENERAL OBJECTION: Navistar objects to Plaintiffs' designations of Maria Averhart as she will be appearing live for trial and therefore any designations are cumulative and impermissible under FRCP 32. <br> PLAINTIFFS' RESPONSE: Plaintiffs respond that they are permitted to use a party-opponent's deposition for all purposes under Fed. R. Civ. P. 32 and her deposition transcript is not hearsay under Fed. R. Evid. 801. Further, Averhart is not "available" to Plaintiffs through the subpoena power and there is no Court order compelling her attendance. | | | | | | SPECIAL MASTER: Navistar's general objection — that this witness will appear live and the designations are therefore cumulative and impermissible under FRCP 32 — and Plaintiffs' FRCP 32(a)(3)/FRE 801(d)(2) response are the subject of the Special Master's separate Report and Recommendation on the parties' live-witness dispute (ECF No. 125), which has not yet been adopted by the Court and is not relied upon as an order here. To the extent the objection rests on cumulativeness, that is a Rule 403 / Rule 611(a) trial-management matter, not a Rule 32 bar to designating a party-opponent's deposition. The row-level rulings below resolve every evidentiary objection on its merits and apply once substantive use is permitted under ECF No. 125; nothing in those rulings should be read to resolve the live-witness/substantive-use question, which remains pending under ECF No. 125. | |
| 4 | **Averhart — Navistar's Deposition Designations / Plaintiffs' Objections & Counter-Designations** | | | | | | | | |
| 5 | # | Plaintiffs' Designations (Page:Line) | Defendant's Objections | Plaintiffs' Responses to Defendant's Objections | Defendant's Counter-Designations (if objections not sustained in full) | Plaintiffs' Objections to Defendant's Counter-Designations | Defendant's Responses to Plaintiffs Objections | Special Master's Recommended Ruling — Designation / Objection | Special Master's Recommended Ruling — Counter-Designation |
| 6 | 1 | 8:14-21 | | | | | | **ADMITTED — no objection.** | |
| 7 | 2 | 13:7-13 | | | | | | **ADMITTED — no objection.** | |
| 8 | 3 | 18:12-19:23 | | | | | | **ADMITTED — no objection.** | |
| 9 | 4 | 20:9-21:1 | | | | | | **ADMITTED — no objection.** | |
| 10 | 5 | 21:1-24 | | | | | | **ADMITTED — no objection.** | |
| 11 | 6 | 21:13-24:1 | 23:21 - 24, Form -- vague, ambiguous | Question was "do you know why you were copied on these documents" and witness understood and answered. Not vague or ambiguous | 24:2 - 24:5 | Inappropriate to show jury overruled/waived objections | Counter designation withdrawn | **OVERRULE form objection. The vagueness challenge targeting lines 23:21–24 is overruled as waived for lack of a contemporaneous record objection during the deposition. Designation ADMITTED.** | **SUSTAIN - Counter-designation withdrawn** |
| 12 | 7 | 24:6-25:6 | | | | | | **ADMITTED — no objection.** | |
| 13 | 8 | 30:13-31:5 | | | 31:7 - 33:9 | Navistar did not make an objection to the deposition selection here; counter-designations are inappropriate under FRE 106 and hearsay if offered by Navistar | FRE 106 states "If a party introduces all or part of a statement, an adverse party may require the introduction, at that time, of any other part — or any other statement — that in fairness ought to be considered at the same time. The adverse party may do so over a hearsay objection." | **ADMITTED — no objection, conditioned on the contemporaneous inclusion of lines 31:7–33:9 for context continuity.** | **OVERRULE objections. The counter-designation (lines 31:7–33:9) is ADMITTED under Rule 106 and FRCP 32(a)(6) as proper continuous context. Hearsay objections are overruled under the own-employee framework for contextual records.** |
| 14 | 9 | 34:1-13 | 34:6-11 -- form, vague, ambiguous, compound and confusing question | Objection waived by lack of contemporaneous objection | | | | **OVERRULE objections. Form, vagueness, and compound objections targeting lines 34:6–11 are overruled as waived for lack of a contemporaneous record objection. The remainder of the designated sequence (34:1–5 and 34:12–13) stands as unobjected. Designation ADMITTED.** | |

| | A | B | C | D | E | F | G | H | I |
|---|---|---|---|---|---|---|---|---|---|
| | 10 | 35:2-18 | | | 35:19 -36:4 | Navistar did not make an objection to the deposition selection here; counter-designations are inappropriate under FRE 106 and hearsay if offered by Navistar | FRE 106 states "If a party introduces all or part of a statement, an adverse party may require the introduction, at that time, of any other part — or any other statement — that in fairness ought to be considered at the same time. The adverse party may do so over a hearsay objection." | ADMITTED — no objection, conditioned on the contemporaneous inclusion of lines 35:19–36:4 for context. | OVERRULE objections. The counter-designation (lines 35:19–36:4) is ADMITTED under Rule 106 and FRCP 32(a)(6) to establish complete narrative continuity. |
| | 11 | 36:5-9 | | | | | | ADMITTED — no objection. | |
| | 12 | 36:21-37:2 | | | 37:3 - 37:17 | Navistar did not make an objection to the deposition selection here; counter-designations are inappropriate under FRE 106 and hearsay if offered by Navistar | FRE 106 states "If a party introduces all or part of a statement, an adverse party may require the introduction, at that time, of any other part — or any other statement — that in fairness ought to be considered at the same time. The adverse party may do so over a hearsay objection." | ADMITTED — no objection, conditioned on the contemporaneous inclusion of lines 37:3–17 for complete continuity. | OVERRULE objections. The counter-designation (lines 37:3–17) is ADMITTED under Rule 106 and FRCP 32(a)(6) to prevent a truncated or misleading presentation. |
| | 13 | 40:12-41:9 | | | 41:10 - 42:9 | Navistar did not make an objection to the deposition selection here; counter-designations are inappropriate under FRE 106 and hearsay if offered by Navistar | FRE 106 states "If a party introduces all or part of a statement, an adverse party may require the introduction, at that time, of any other part — or any other statement — that in fairness ought to be considered at the same time. The adverse party may do so over a hearsay objection." | ADMITTED — no objection, conditioned on the contemporaneous inclusion of lines 41:10–42:9 for context. | OVERRULE objections. The counter-designation (lines 41:10–42:9) is ADMITTED under Rule 106 and FRCP 32(a)(6) as necessary continuous context. |
| | 14 | 42:10-21 | | | 42:22 - 43:1 | Navistar did not make an objection to the deposition selection here; counter-designations are inappropriate under FRE 106 and hearsay if offered by Navistar | FRE 106 states "If a party introduces all or part of a statement, an adverse party may require the introduction, at that time, of any other part — or any other statement — that in fairness ought to be considered at the same time. The adverse party may do so over a hearsay objection." | ADMITTED — no objection, conditioned on the contemporaneous inclusion of lines 42:22–43:1 for context. | OVERRULE objections. The counter-designation (lines 42:22–43:1) is ADMITTED under Rule 106 and FRCP 32(a)(6) to preserve continuous complete context. |
| | 15 | 44:1-46:7 | 45:2 - 5, FRE 602, vague/ambiguous | Objection waived by lack of contemporaneous objection | | | | OVERRULE objections. The FRE 602 personal knowledge and vagueness challenges targeting lines 45:2–5 go entirely to the weight and credibility of the evidence rather than its threshold admissibility. Designation ADMITTED. | |
| | 16 | 47:10-48:24 | 48:11 - 20, form - vague, ambiguous | Objection waived by lack of contemporaneous objection | | | | OVERRULE form objection. The vagueness and ambiguity challenges targeting lines 48:11–20 are overruled as waived for lack of a contemporaneous record objection. Designation ADMITTED. | |

| | A | B | C | D | E | F | G | H | I |
|---|---|---|---|---|---|---|---|---|---|
| | 17 | 49:7-13 | 49:7-9, FRE 602, form -- speculation | Objection waived by lack of contemporaneous objection to question at 49:7-9. | 49:14-15 | | | OVERRULE objections. Form and speculation challenges targeting lines 49:7–9 are overruled as waived, and FRE 602 personal knowledge arguments go strictly to weight. Designation ADMITTED, conditioned on the continuous inclusion of lines 49:14–15. | ADMITTED — no objection. Lines 49:14–15 play dynamically under Rule 106 to maintain sequence integrity. |
| | 18 | 49:16-22 | 49:16 -18, FRE 602, form -- speculation | Witness specifically asked "to your knowledge." On its face, the question disclaimed a call for speculation. | 49:23 - 50:14 | Non-pertinent back and forth including attorney objections. Inappropriate under Rule 106 and hearsay if offered by Navistar | FRE 106 states "If a party introduces all or part of a statement, an adverse party may require the introduction, at that time, of any other part — or any other statement — that in fairness ought to be considered at the same time. The adverse party may do so over a hearsay objection."  Will remove atty objections at 50:4-5 and 50:8  remainder is necessary for completeness in continued conversation between this designation and the next one | OVERRULE objections. Form and speculation challenges targeting lines 49:16–18 are overruled as waived, and FRE 602 personal knowledge arguments go strictly to weight. Designation ADMITTED, conditioned on the continuous inclusion of lines 49:23–50:14. | OVERRULE objections. The counter-designation (lines 49:23–50:14) is ADMITTED under Rule 106 and FRCP 32(a)(6) to establish proper narrative context. |
| | 19 | 50:15-23 | | | | | | ADMITTED — no objection. | |
| | 20 | 51:7-12 | | | 51:13 - 53:1 | Navistar did not make an objection to the deposition selection here; counter-designations are inappropriate under FRE 106 and hearsay if offered by Navistar | FRE 106 states "If a party introduces all or part of a statement, an adverse party may require the introduction, at that time, of any other part — or any other statement — that in fairness ought to be considered at the same time. The adverse party may do so over a hearsay objection." | ADMITTED — no objection, conditioned on the contemporaneous inclusion of lines 51:13–53:1 for context. | OVERRULE objections. The counter-designation (lines 51:13–53:1) is ADMITTED under Rule 106 and FRCP 32(a)(6) as necessary continuous context. |
| | 21 | 54:10-16 | 54:10 - 16, form -- speculation, vague | Witness clearly understood and answered question, and testimony established that questions about truck delivery were explicitly within her knowledge base. | 54:17-18 | Inappropriate to show jury overruled/waived objections | Counter designation withdrawn | OVERRULE form objection. The speculation challenge targeting lines 54:10–16 is overruled as waived for lack of a contemporaneous record objection; the witness answered within her scope of corporate awareness, going to weight. Designation ADMITTED. | SUSTAIN - Counter-designation withdrawn |
| | 22 | 54:19-55:8 | 55:3 - 8, form -- speculation, vague | Witness clearly understood and answered question, and testimony established that questions about truck delivery were explicitly within her knowledge base. | 55:9 - 55:9 | Inappropriate to show jury overruled/waived objections | Counter designation withdrawn | OVERRULE form objection. Speculation and lack of foundation challenges targeting lines 55:3–8 are overruled as waived. Designation ADMITTED. | SUSTAIN - Counter-designation withdrawn |
| | 23 | 55:10-21 | 55:16 - 18, form -- speculation, vague | Witness clearly understood and answered question, and testimony established that questions about truck delivery were explicitly within her knowledge base. | | | | OVERRULE form objection. Speculation and foundation challenges targeting lines 55:16–18 are overruled as waived. Designation ADMITTED. | |
| | 24 | 56:3-16 | | | | | | ADMITTED — no objection. | |

| | A | B | C | D | E | F | G | H | I |
|---|---|---|---|---|---|---|---|---|---|
| 30 | 25 | 57:18-59:3 | 58:20 - 59:2, form -- hearsay | Form objections waived by lack of contemporaneous objection. Statement by a Navistar employee is non-hearsay. | 59:4-60:6 | Hearsay if offered by Navistar. Non-pertinent and inappropriate under FRE 106 | FRE 106 states "If a party introduces all or part of a statement, an adverse party may require the introduction, at that time, of any other part — or any other statement — that in fairness ought to be considered at the same time. The adverse party may do so over a hearsay objection." | OVERRULE hearsay objection. The text at lines 58:20–59:2 constitutes the statement of a corporate representative offered against her employer and is an admission of a party-opponent under FRE 801(d)(2). Designation ADMITTED, conditioned on the continuous inclusion of lines 59:4–60:6. | OVERRULE objections. The counter-designation (lines 59:4–60:6) is ADMITTED under Rule 106 and FRCP 32(a)(6) to preserve narrative completeness context. |
| 31 | 26 | 60:8-12 | Form -- vague, speculation | The question was not remotely vague, the witness established that this information central to her duties. Witness understood and answered. | 60:13 - 14 | Inappropriate to show jury overruled/waived objections | Counter designation withdrawn | OVERRULE form objection. The vague and speculation challenges targeting the designation are overruled as waived for lack of a contemporaneous record objection. Designation ADMITTED. | SUSTAIN - Counter-designation withdrawn |
| 32 | 27 | 60:15-17 | Form -- vague, speculation | Form objections waived by lack of contemporaneous objection. See also above - witness understood question which is within the core of her job duties. | 60:18 - 61:9 | Hearsay if offered by Navistar. Non-pertinent and inappropriate under FRE 106 | FRE 106 states "If a party introduces all or part of a statement, an adverse party may require the introduction, at that time, of any other part — or any other statement — that in fairness ought to be considered at the same time. The adverse party may do so over a hearsay objection." | OVERRULE form objection. The vague and speculation challenges targeting the designation are overruled as waived. Designation ADMITTED, conditioned on the continuous inclusion of lines 60:18–61:9. | OVERRULE objections. The counter-designation (lines 60:18–61:9) is ADMITTED under Rule 106 and FRCP 32(a)(6) as proper continuous context. |
| 33 | 28 | 61:10-13 | | | | | | ADMITTED — no objection. | |
| 34 | 29 | 62:4-12 | | | 61:14-62:3 | Navistar did not make an objection to the deposition selection here; counter-designations are inappropriate under FRE 106 and hearsay if offered by Navistar | FRE 106 states "If a party introduces all or part of a statement, an adverse party may require the introduction, at that time, of any other part — or any other statement — that in fairness ought to be considered at the same time. The adverse party may do so over a hearsay objection." | ADMITTED — no objection, conditioned on the contemporaneous inclusion of lines 61:14–62:3 for context. | OVERRULE objections. The counter-designation (lines 61:14–62:3) is ADMITTED under Rule 106 and FRCP 32(a)(6) to prevent a truncated presentation. |
| 35 | 30 | 63:21-64:9 | 63:21-22, form -- speculation | Form objections waived by lack of contemporaneous objections. See also above - witness understood, question goes to core job knowledge of witness | 62:13 - 63:20 | Hearsay if offered by Navistar. Non-pertinent and inappropriate under FRE 106 | FRE 106 states "If a party introduces all or part of a statement, an adverse party may require the introduction, at that time, of any other part — or any other statement — that in fairness ought to be considered at the same time. The adverse party may do so over a hearsay objection." | OVERRULE form objection. The speculation challenge targeting lines 63:21–22 is overruled as waived. Designation ADMITTED, conditioned on the continuous inclusion of lines 62:13–63:20. | OVERRULE objections. The counter-designation (lines 62:13–63:20) is ADMITTED under Rule 106 and FRCP 32(a)(6) to preserve continuous context. |
| 36 | 31 | 64:15-65:23 | 65:1-7, form -- hearsay | Form objection waived by lack of contemporaneous objection. Question literally asked witness to explain her own statement to her own subordinate, not hearsay. | 64:10 - 14, 65:24 - 66:22 | Hearsay if offered by Navistar. Non-pertinent and inappropriate under FRE 106 | FRE 106 states "If a party introduces all or part of a statement, an adverse party may require the introduction, at that time, of any other part — or any other statement — that in fairness ought to be considered at the same time. The adverse party may do so over a hearsay objection." | OVERRULE hearsay objection. The targeted lines at 65:1–7 are non-hearsay as an admission of a party-opponent under FRE 801(d)(2). Designation ADMITTED, conditioned on the continuous inclusion of the counter-designations. | OVERRULE objections. The counter-designations (64:10–14, 65:24–66:22) are ADMITTED under Rule 106 and FRCP 32(a)(6) for narrative completeness. |
| 37 | 32 | 70:10-71:5 | | | | | | ADMITTED — no objection. | |
| 38 | 33 | 73:16-75:1 | | | | | | ADMITTED — no objection. | |

| | A | B | C | D | E | F | G | H | I |
|---|---|---|---|---|---|---|---|---|---|
| | 34 | 80:17-81:16 | | | 82:23 - 83:22 | Navistar did not make an objection to the deposition selection here; counter-designations are inappropriate under FRE 106 and hearsay if offered by Navistar | FRE 106 states "If a party introduces all or part of a statement, an adverse party may require the introduction, at that time, of any other part — or any other statement — that in fairness ought to be considered at the same time. The adverse party may do so over a hearsay objection." | ADMITTED — no objection, conditioned on the contemporaneous inclusion of lines 82:23–83:22 for context. | OVERRULE objections. The counter-designation (lines 82:23–83:22) is ADMITTED under Rule 106 and FRCP 32(a)(6) as proper continuous context. |
| | 35 | 87:6-89:5 | 87:6-19, FRE 602, form -- foundation | Form objections waived by lack of contemporaneous objections. Witness literally stated she was familiar with document at issue (which was produced by Navistar) | | | | OVERRULE objections. The FRE 602 and foundation challenges targeting lines 87:6–19 are overruled as waived for lack of a contemporaneous record objection; personal knowledge goes strictly to weight. Designation ADMITTED. | |
| | 36 | 89:14-19 | | | 89:20 - 90:18 | Navistar did not make an objection to the deposition selection here; counter-designations are inappropriate under FRE 106 and hearsay if offered by Navistar | FRE 106 states "If a party introduces all or part of a statement, an adverse party may require the introduction, at that time, of any other part — or any other statement — that in fairness ought to be considered at the same time. The adverse party may do so over a hearsay objection." | ADMITTED — no objection, conditioned on the contemporaneous inclusion of lines 89:20–90:18 for context. | OVERRULE objections. The counter-designation (lines 89:20–90:18) is ADMITTED under Rule 106 and FRCP 32(a)(6) as proper continuous context. |
| | 37 | 97:1-5 | Form -- vague, ambiguous | Form objections waived by lack of contemporaneous objections. | | | | OVERRULE form objection. The vagueness and ambiguity challenges targeting the designation are overruled as waived. Designation ADMITTED. | |
| | 38 | 97:12-99:1 | 98:3-9, FRE 602 | Form objections waived by lack of contemporaneous objections | 99:2 - 12 | Hearsay if offered by Navistar. Non-pertinent and inappropriate under FRE 106 | FRE 106 states "If a party introduces all or part of a statement, an adverse party may require the introduction, at that time, of any other part — or any other statement — that in fairness ought to be considered at the same time. The adverse party may do so over a hearsay objection." | OVERRULE FRE 602 objection. Challenges to the depth of a corporate employee's personal knowledge or memory go strictly to weight rather than threshold admissibility. Designation ADMITTED, conditioned on the continuous inclusion of lines 99:2–12. | ADMITTED — no objection. Lines 99:2–12 play dynamically under Rule 106. |
| | 39 | 99:13-18 | 99:13 - 15, FRE 602, form -- vague | Form objections waived by lack of contemporaneous objections | | | | OVERRULE objections. Form and FRE 602 challenges targeting lines 99:13–15 are overruled as waived. Designation ADMITTED. | |
| | 40 | 115:13-18 | Form - vague, ambiguous | Form objections waived by lack of contemporaneous objections | | | | OVERRULE form objection. The vagueness and ambiguity challenges are overruled as waived. Designation ADMITTED. | |
| | 41 | 116:2-117:1 | | | 117:22 - 118:17 | Navistar did not make an objection to the deposition selection here; counter-designations are inappropriate under FRE 106 and hearsay if offered by Navistar | FRE 106 states "If a party introduces all or part of a statement, an adverse party may require the introduction, at that time, of any other part — or any other statement — that in fairness ought to be considered at the same time. The adverse party may do so over a hearsay objection." | ADMITTED — no objection, conditioned on the contemporaneous inclusion of lines 117:22–118:17 for context. | OVERRULE objections. The counter-designation (lines 117:22–118:17) is ADMITTED under Rule 106 and FRCP 32(a)(6) as proper continuous context. |

| | A | B | C | D | E | F | G | H | I |
|---|---|---|---|---|---|---|---|---|---|
| | 42 | 117:10-21 | | | | | | ADMITTED — no objection. | |
| | 43 | 118:18-119:2 | | | | | | ADMITTED — no objection. | |
| | 44 | 119:22-121:6 | 120:16-19, FRE 402, relevance | Navistar's ability to reallocate production to certain customers is obviously relevant to a case where a primary issue is Navistar's failure to allocate production to Plaintiffs in order to fulfill their contractual obligations. | | | | OVERRULE relevance objection. Portions establishing active operational context are fully relevant under FRE 401/402, and FRE 403 prejudice challenges are overruled. Designation ADMITTED. | |
| | 45 | 121:19-122:14 | | | 122:15-20 | Navistar did not make an objection to the deposition selection here; counter-designations are inappropriate under FRE 106 and hearsay if offered by Navistar | FRE 106 states "If a party introduces all or part of a statement, an adverse party may require the introduction, at that time, of any other part — or any other statement — that in fairness ought to be considered at the same time. The adverse party may do so over a hearsay objection." | ADMITTED — no objection, conditioned on the contemporaneous inclusion of lines 122:15–20 for context. | OVERRULE objections. The counter-designation (lines 122:15–20) is ADMITTED under Rule 106 and FRCP 32(a)(6) as proper continuous context. |
| | 46 | 122:21--23 | | | | | | ADMITTED — no objection. | |
| | 47 | 123:15-124:16 | 124:6-7, FRE 602, form -- speculation as to what Mike Garcia was doing | Form objections waived by lack of contemporaneous objections. Witness not asked to speculate; witness asked to interpret a colleague's request; her own beliefs and feelings are not speculative. | 124:17 - 126:1 | Hearsay if offered by Navistar. Non-pertinent and inappropriate under FRE 106 | FRE 106 states "If a party introduces all or part of a statement, an adverse party may require the introduction, at that time, of any other part — or any other statement — that in fairness ought to be considered at the same time. The adverse party may do so over a hearsay objection." | OVERRULE objections. Form and speculation challenges targeting lines 124:6–7 are overruled as waived. Designation ADMITTED, conditioned on the continuous inclusion of lines 124:17–126:1. | OVERRULE objections. The counter-designation (lines 124:17–126:1) is ADMITTED under Rule 106 and FRCP 32(a)(6) to establish complete narrative continuity. |
| | 48 | 126:5-11 | | | 126:12 - 127:1 | Navistar did not make an objection to the deposition selection here; counter-designations are inappropriate under FRE 106 and hearsay if offered by Navistar | FRE 106 states "If a party introduces all or part of a statement, an adverse party may require the introduction, at that time, of any other part — or any other statement — that in fairness ought to be considered at the same time. The adverse party may do so over a hearsay objection." | ADMITTED — no objection, conditioned on the contemporaneous inclusion of lines 126:12–127:1 for context. | OVERRULE objections. The counter-designation (lines 126:12–127:1) is ADMITTED under Rule 106 and FRCP 32(a)(6) as proper continuous context. |
| | 49 | 127:2-16 | 127:14-16, FRE 602, form -- foundation | Witness asked to testify as to her own knowledge and understood question. No form issue. As to foundation, Averhart held a high-level management position involving truck production and delivery. Question asked her to testify as to her knowledge as to who could alter truck production and delivery. There is implicit foundation to ask a witness what facts she knows. | | | | OVERRULE objections. Form and foundation challenges targeting lines 127:14–16 are overruled as waived. Designation ADMITTED. | |

| | A | B | C | D | E | F | G | H | I |
|---|---|---|---|---|---|---|---|---|---|
| | 50 | 127:19-128:5 | 127:22 - 128:4, FRE form - vague, calls for speculatiojn | Form objections waived due to lack of contemporaneous objections. | | | | **OVERRULE objections. Form, vagueness, and foundational challenges targeting lines 127:22–128:4 are overruled as waived. Designation ADMITTED.** | |
| | 51 | 129:11-12 | | | 129:18-22 | Navistar did not make an objection to the deposition selection here; counter-designations are inappropriate under FRE 106 and hearsay if offered by Navistar | FRE 106 states "If a party introduces all or part of a statement, an adverse party may require the introduction, at that time, of any other part — or any other statement — that in fairness ought to be considered at the same time. The adverse party may do so over a hearsay objection." | **ADMITTED — no objection, conditioned on the contemporaneous inclusion of lines 129:18–22 for context.** | **OVERRULE objections. The counter-designation (lines 129:18–22) is ADMITTED under Rule 106 and FRCP 32(a)(6) to preserve narrative completeness context.** |
| | 52 | 129:23-130:16 | | | | | | **ADMITTED — no objection.** | |
| | 53 | 131:12-132:5 | | | | | | **ADMITTED — no objection.** | |
| | 54 | 132:13-133:3 | 132:13-19 - form -- hearsay | Form objections waived due to lack of contemporaneous objections. Statements from Navistar employees/agents not hearsay | 133:4-22 | | | **OVERRULE hearsay objection. The text at lines 132:13–19 constitutes the statement of a corporate representative offered against her employer and is an admission of a party-opponent under FRE 801(d)(2). The remaining lines (132:20–133:3) stand as unobjected. Designation ADMITTED, conditioned on the continuous inclusion of lines 133:4–22.** | **OVERRULE objections. The counter-designation (lines 133:4–22) is ADMITTED under Rule 106 and FRCP 32(a)(6) to preserve narrative completeness context.** |
| | 55 | 135:14-136:14 | | | | | | **ADMITTED — no objection.** | |
| | 56 | 137:1-13 | | | | | | **ADMITTED — no objection.** | |
| | ##### | 137:22-138:16 | | | | | | **ADMITTED — no objection.** | |
| | 58 | 141:14-142:2 | | | | | | **ADMITTED — no objection.** | |
| | 59 | 145:20-146:19 | 146:11-18 - form -- hearsay | Form objections waived due to lack of contemporaneous objections. Lollis is an agent of Navistar whose statements are not hearsay. | | | | **OVERRULE hearsay objection. The targeted response at lines 146:11–18 is non-hearsay as an admission of a party-opponent under FRE 801(d)(2). The surrounding designated text stands as unobjected. Designation ADMITTED.** | |
| | 60 | 147:9-147:9 | | | | | | **ADMITTED — no objection.** | |
| | 61 | 147:21-148:3 | | | | | | **ADMITTED — no objection.** | |
| | 62 | 154:16-155:21 | | | 155:22 - 156:11 | Navistar did not make an objection to the deposition selection here; counter-designations are inappropriate under FRE 106 and hearsay if offered by Navistar | FRE 106 states "If a party introduces all or part of a statement, an adverse party may require the introduction, at that time, of any other part — or any other statement — that in fairness ought to be considered at the same time. The adverse party may do so over a hearsay objection." | **ADMITTED — no objection, conditioned on the contemporaneous inclusion of lines 155:22–156:11 for context.** | **OVERRULE objections. The counter-designation (lines 155:22–156:11) is ADMITTED under Rule 106 and FRCP 32(a)(6) as proper continuous context.** |
| | 63 | 156:12-15 | | | | | | **ADMITTED — no objection.** | |

| | A | B | C | D | E | F | G | H | I |
|---|---|---|---|---|---|---|---|---|---|
| | 64 | 157:13-158:21 | 157:13 - 20, 157:22, 158:13, FRE 602, form -- hearsay | Form objections waived due to lack of contemporaneous objection. The preserved form objection did not elicit an answer; it elicited a follow-up/clarification that was not objected to. Statements of Navistar employees and agents are not hearsay. | | | | OVERRULE objections. Form, foundation, and personal knowledge challenges targeting lines 157:13–20, 157:22, and 158:13 are overruled as waived. Personal knowledge depth goes to weight. Designation ADMITTED. | |
| | 65 | 165:22-24 | | | | | | ADMITTED — no objection. | |
| | 66 | 166:5-167:21 | | | 169:20 - 172:8 | Navistar did not make an objection to the deposition selection here; counter-designations are inappropriate under FRE 106 and hearsay if offered by Navistar | FRE 106 states "If a party introduces all or part of a statement, an adverse party may require the introduction, at that time, of any other part — or any other statement — that in fairness ought to be considered at the same time. The adverse party may do so over a hearsay objection." | ADMITTED — no objection, conditioned on the contemporaneous inclusion of lines 169:20–172:8 for context. | OVERRULE objections. The counter-designation (lines 169:20–172:8) is ADMITTED under Rule 106 and FRCP 32(a)(6) as proper continuous context. |
| | 67 | 172:20-173:24 | 173:12-15, form, speculation, omits answer to last question | Form objections waived due to lack of contemporaneous objections. | 174:1-3 | No objection to adding 174:1-12. | | OVERRULE objections. Form and speculation challenges targeting lines 173:12–15 are overruled as waived. Designation ADMITTED, conditioned on the continuous inclusion of lines 174:1–3. | ADMITTED — no objection. Lines 174:1–3 play dynamically under Rule 106 to maintain sequence integrity. |
| | 68 | 174:13-16 | | | | | | ADMITTED — no objection. | |
| | 69 | 181:7-14 | | | | | | ADMITTED — no objection. | |
| | 70 | 183:1-185:8 | | | 185:9-187:16 | Navistar did not make an objection to the deposition selection here; counter-designations are inappropriate under FRE 106 and hearsay if offered by Navistar | FRE 106 states "If a party introduces all or part of a statement, an adverse party may require the introduction, at that time, of any other part — or any other statement — that in fairness ought to be considered at the same time. The adverse party may do so over a hearsay objection." | ADMITTED — no objection, conditioned on the contemporaneous inclusion of lines 185:9–187:16 for context. | OVERRULE objections. The counter-designation (lines 185:9–187:16) is ADMITTED under Rule 106 and FRCP 32(a)(6) to establish complete narrative continuity. |
| | 71 | 195:14-195:14 | | | | | | ADMITTED — no objection. | |
| | 72 | 195:20-196:12 | | | | | | ADMITTED — no objection. | |
| | 73 | 196:15-197:3 | Form - vague, ambiguous, designation stops in the middle of a question. | Form objections waived due to lack of contemporaneous objections. 197:4-5 should have been highlighted, no objection. | | | | SUSTAIN IN PART — completeness. To prevent a truncated or misleading presentation to the jury where a question was cut off in the transcript layer, Plaintiffs are ordered to expand and merge this designation to reflect a continuous sequence spanning lines 196:15–197:5. All unpreserved attorney record colloquy within this window must be redacted. | |

| | A | B | C | D | E | F | G | H | I |
|---|---|---|---|---|---|---|---|---|---|
| | 74 | 197:6-199:7 | FRE 602, form, foundation as it relates to NAV00076173; Questions 198:2-3, 198:5-8, 198: 11-15, FRE 602, form -- foundation -- witness lacks knowledge and did not create document | Form objections waived by lack of contemporaneous objection. Document produced by Navistar; there is foundation to ask questions about Navistar's own document. Witness asked to confirm her knowledge of matters documented in the same, which by definition does not call for speculation. | 199:7 - 200:5 | Hearsay if offered by Navistar. Non-pertinent and inappropriate under FRE 106 | FRE 106 states "If a party introduces all or part of a statement, an adverse party may require the introduction, at that time, of any other part — or any other statement — that in fairness ought to be considered at the same time. The adverse party may do so over a hearsay objection." | **OVERRULE objections. Form and foundation challenges targeting the entire range are overruled as waived. The personal knowledge and documentation-origin challenges under FRE 602 go to the weight and credibility of the evidence rather than its threshold admissibility. Designation ADMITTED, conditioned on the continuous inclusion of lines 199:7–200:5.** | **OVERRULE objections. The continuous counter-designation (199:7–200:5) is allowed under Rule 106 and FRCP 32(a)(6) to establish complete narrative continuity.** |
| | 75 | 220:18-19 | FRE 602, form, foundation as it relates to Dep Ex. 283; Questions 221: 10-15, FRE 602, form -- foundation -- witness lacks knowledge and did not create document | Same as above. Document is order board which witness repeatedly discussed and which are a key aspect of her duties. Form objections waived. | | | | **OVERRULE objections as to form, foundation, and waiver grounds. To the extent this testimony is document-dependent on Deposition Exhibit 283, it is ADMITTED pursuant to ECF No. 122 because this was a deposition exhibit.** | |
| | 76 | 221:1-15 | | | | | | **OVERRULE objections. Form and foundational challenges targeting the sub-range at lines 221:10–15 are overruled as waived for lack of a contemporaneous objection on the record. The remainder of the designated block stands as unobjected. Designation ADMITTED.** | |
| | 77 | 221:18-222:21 | | | | | | **ADMITTED — no objection.** | |
| | 78 | 227:12-13 | FRE 602, form, foundation as it relates to Dep. Ex. 284 | Same as above. | | | | **OVERRULE objections. Form, foundation, and FRE 602 speculation challenges are overruled as waived for lack of a contemporaneous objection on the record. Designation ADMITTED.** | |
| | 79 | 227:18-23 | | | | | | **ADMITTED — no objection.** | |
| | 80 | 228:13-230:9 | 229:10-15, FRE 602, form - foundation | Same as above. | | | | **OVERRULE objections. Form, foundation, and FRE 602 speculation challenges targeting lines 229:10–15 are overruled as waived. Designation ADMITTED.** | |
| | 81 | 238:2-3 | FRE 602, form, foundation, hearsay as it relates to Dep. Ex. 287 | Objections waived/no contemporaneous objection. Witness was author of document. Navistar employee statements not hearsay. | | | | **OVERRULE objections. Form, foundation, and FRE 602 speculation challenges are overruled as waived. Designation ADMITTED.** | |
| | 82 | 241:1-242:8 | | | | | | **ADMITTED — no objection.** | |
| | 83 | 243:18-245:4 | | | 243:6-17 | Navistar did not make an objection to the deposition selection here; counter-designations are inappropriate under FRE 106 and hearsay if offered by Navistar | FRE 106 states "If a party introduces all or part of a statement, an adverse party may require the introduction, at that time, of any other part — or any other statement — that in fairness ought to be considered at the same time. The adverse party may do so over a hearsay objection." | **ADMITTED — no objection, conditioned on the contemporaneous inclusion of lines 243:6–17 for context.** | **OVERRULE objections. The counter-designation (lines 243:6–17) is ADMITTED under Rule 106 and FRCP 32(a)(6) to establish proper narrative context.** |

| | A | B | C | D | E | F | G | H | I |
|---|---|---|---|---|---|---|---|---|---|
| | 84 | 247:4-15 | | | 245:19 - 247:3 | Navistar did not make an objection to the deposition selection here; counter-designations are inappropriate under FRE 106 and hearsay if offered by Navistar | FRE 106 states "If a party introduces all or part of a statement, an adverse party may require the introduction, at that time, of any other part — or any other statement — that in fairness ought to be considered at the same time. The adverse party may do so over a hearsay objection." | **ADMITTED — no objection, conditioned on the contemporaneous inclusion of lines 245:19–247:3 for context.** | **OVERRULE objections. The counter-designation (lines 245:19–247:3) is ADMITTED under Rule 106 and FRCP 32(a)(6) to preserve continuous completeness context.** |
| | 85 | 255:2-20 | | | 255:21 - 255:24 | Navistar did not make an objection to the deposition selection here; counter-designations are inappropriate under FRE 106 and hearsay if offered by Navistar | FRE 106 states "If a party introduces all or part of a statement, an adverse party may require the introduction, at that time, of any other part — or any other statement — that in fairness ought to be considered at the same time. The adverse party may do so over a hearsay objection." | **ADMITTED — no objection, conditioned on the contemporaneous inclusion of lines 255:21–255:24 for context.** | **OVERRULE objections. The counter-designation (lines 255:21–255:24) is ADMITTED under Rule 106 and FRCP 32(a)(6) to preserve narrative completeness context.** |
| | 86 | 256:1-12 | | | | | | **ADMITTED — no objection.** | |
| | 87 | 257:8-24 | 257:17-42, form -- vague, ambiguous | Witness understood the question and answered it; neither vague nor ambiguous. | 258:1-2 | Inappropriate to show jury overruled/waived objections | Counter designation withdrawn | **OVERRULE form objection. The vagueness and ambiguity challenges targeting lines 257:17–24 (Defendant's objection is to 257:17-42, which is presumably a transposition) are overruled as waived for lack of a contemporaneous record objection during the deposition. The remainder of the sequence stands as unobjected. Designation ADMITTED.** | **SUSTAIN objection; counter-designation EXCLUDED. The unrevived record objection colloquy at lines 258:1–2 must be completely redacted from the presentation shown to the jury.** |
| | 88 | 258:3-259:10 | 258:17-21, form -- compound question, confusing. | Objection waived/no contemporaneous objection. | | | | **OVERRULE form objection. The compound question challenge targeting lines 258:17–21 is overruled as waived. Designation ADMITTED.** | |
| | 89 | 260:2-12 | 260:2-7, FRE 602, form - vague, foundation as to what "sales" would decide in hypothetical situation | Objection waived/no contemporaneous objection. Witness's answers to questions about how she understands the business to operate is not speculation | | | | **OVERRULE objections. Form and FRE 602 challenges targeting lines 260:2–7 are overruled as waived. Designation ADMITTED.** | |
| | 90 | 262:17-21 | Form - vague, ambiguous | Objection waived/no contemporaneous objection. | 262:00:00 | Hearsay if offered by Navistar. Non-pertinent and inappropriate under FRE 106 | FRE 106 states "If a party introduces all or part of a statement, an adverse party may require the introduction, at that time, of any other part — or any other statement — that in fairness ought to be considered at the same time. The adverse party may do so over a hearsay objection." | **OVERRULE form objection. The vagueness challenge is overruled as waived. Designation ADMITTED.** | **N/A - "262:00:00" does not identify any specific line or lines of testimony. Therefore, no recommendation can be issued.** |
| | 91 | 263:14-264:13 | 263:14-19, form -- vague, ambiguous, assumes facts not in evidence | Objection waived/no contemporaneous objection. Witness specifies her personal knowledge of Navistar's sales telling her that certain customers' production cannot be touched / are protected. | | | | **OVERRULE form objection. The vagueness and ambiguity challenges targeting lines 263:14–19 are overruled as waived. Designation ADMITTED.** | |

|  | A | B | C | D | E | F | G | H | I |
|---|---|---|---|---|---|---|---|---|---|
| 1 | | | | *Only Plaintiffs Designated* | | | | | |
| 2 | **Tony Stinsa** | | | | | | | | |
| 3 | NAVISTAR'S GENERAL OBJECTION: Navistar objects to Plaintiffs' designations of Tony Stinsa as he will be appearing live for trial and therefore any designations are cumulative and impermissible under FRCP 32. PLAINTIFFS' RESPONSE: Plaintiffs respond that they are permitted to use a party-opponent's deposition for all purposes under Fed. R. Civ. P. 32 and his deposition transcript is not hearsay under Fed. R. Evid. 801. Further, Stinsa is not "available" to Plaintiffs through the subpoena power and there is no court order compelling his attendance. | | | | | | SPECIAL MASTER: Navistar's general objection — that this witness will appear live and the designations are therefore cumulative and impermissible under FRCP 32 — and Plaintiffs' FRCP 32(a)(3)/FRE 801(d)(2) response are the subject of the Special Master's separate Report and Recommendation on the parties' live-witness dispute (ECF No. 125), which has not yet been adopted by the Court and is not relied upon as an order here. To the extent the objection rests on cumulativeness, that is a Rule 403 / Rule 611(a) trial-management matter, not a Rule 32 bar to designating a party-opponent's deposition. The specific Rule 403 disputes — including the motive testimony at 67:24–69:1 — are resolved on their merits in the row-level rulings below and at the Rule 403 discussion in Report, Part IV.C. The row-level rulings below apply once substantive use is permitted under ECF No. 125; nothing in those rulings should be read to resolve the live-witness/substantive-use question, which remains pending under ECF No. 125. | |
| 4 | | | | | Stinsa — Navistar's Deposition Designations / Plaintiffs' Objections & Counter-Designations | | | | |
| 5 | | # | Plaintiffs' Designations (Page:Line) | Defendant's Objections | Plaintiffs' Responses to Defendant's Objections | Defendant's Counter-Designations (if objections not sustained in full) | Plaintiffs' Objections to Defendant's Counter-Designations | Defendant's Responses to Plaintiffs' Objections to Defendant's Counter-Designations | Special Master's Recommended Ruling — Designation / Objection | Special Master's Recommended Ruling — Counter-Designation |
| 6 | | 1 | 6:3-4 | | | | | | ADMITTED — no objection. | |
| 7 | | 2 | 7:23-24 | incomplete (does not include answer to question at 8:1) | | 8:01 | Agreed. | | OVERRULE completeness objection. The designation stands as an admissible clip, conditioned on the contemporaneous addition of the counter-designation answer text at line 8:1. | OVERRULE objections. The counter-designation (line 8:1) is ADMITTED by agreement and under Rule 106 and FRCP 32(a)(6) as the necessary immediate completion of the witness's response. |
| 8 | | 3 | 8:1-15 | | | | | | ADMITTED — no objection. | |
| 9 | | 4 | 15:18-24 | incomplete (15:24 is the start to the question but the answer is not designated at 16:1-7) | | 16:1-7 | Clip should end at 23. 15:24 - 16:7 not necessary | 15:24 through 16:8 is necessary to show that Stinsa could have maintained overlapping responsibility when he transitioned from general manager to vice president.<br><br>FRE 106 states "If a party introduces all or part of a statement, an adverse party may require the introduction, at that time, of any other part — or any other statement — that in fairness ought to be considered at the same time. The adverse party may do so over a hearsay objection." | OVERRULE completeness objection. The designation stands as an admissible question-and-answer block, conditioned on the contemporaneous addition of the counter-designation context text at lines 16:1–7. | OVERRULE objections. The counter-designation (lines 16:1–7) is ADMITTED under Rule 106 and FRCP 32(a)(6) to prevent a truncated or misleading presentation. All internal record objection colloquy must be redacted from the jury presentation. |
| 10 | | 5 | 16:8-24 | | | | | | ADMITTED — no objection. | |
| 11 | | 6 | 17:1-4 | | | 17:5-11 | | | ADMITTED — no objection, conditioned on the contemporaneous inclusion of lines 17:5–11 for complete continuity. | OVERRULE objections. The counter-designation (lines 17:5–11) is ADMITTED under Rule 106 and FRCP 32(a)(6) as the immediate continuous explanation accompanying the designated sequence. |
| 12 | | 7 | 18:4-23 | | | | | | ADMITTED — no objection. | |

| | A | B | C | D | E | F | G | H | I |
|---|---|---|---|---|---|---|---|---|---|
| | 8 | 19:14-24 | | | | | | ADMITTED — no objection. | |
| | 9 | 20:1-24 | | | | | | ADMITTED — no objection. | |
| | 10 | 21:1-24 | | | | | | ADMITTED — no objection. | |
| | 11 | 22:1-5 | | | | | | ADMITTED — no objection. | |
| | 12 | 22:15-24 | | | | | | ADMITTED — no objection. | |
| | 13 | 23:1-24 | | | | | | ADMITTED — no objection. | |
| | 14 | 24:1-24 | | | | | | ADMITTED — no objection. | |
| | 15 | 25:1-12 | 25:11-12: 602 | Objection waived by lack of contempraneous objection. There is sufficient basis for witness to answer. | | | | OVERRULE FRE 602 objection. Personal knowledge depth and corporate awareness go strictly to the weight of the testimony to be evaluated by the trier of fact rather than its threshold admissibility. Designation ADMITTED. | |
| | 16 | 25: 20-24 | 602 | There is sufficient basis for witness to answer. | | | | OVERRULE FRE 602 objection. Challenges regarding a corporate employee's personal knowledge and recollection go to the weight, not the admissibility, of the evidence. Designation ADMITTED. | |
| | 17 | 26:1-4 | vague | Question is clear and witness had no difficulty answering | | | | OVERRULE form objection. Defendant waived this vagueness objection by failing to assert it contemporaneously on the record during the deposition. Designation ADMITTED. | |
| | 18 | 26:7-24 | | | | | | ADMITTED — no objection. | |
| | 19 | 27:1-21 | | | | | | ADMITTED — no objection. | |
| | 20 | 35:5-14 | | | 35:15-19 | | | ADMITTED — no objection, conditioned on the continuous addition of lines 35:15–19 to maintain sequence integrity. | OVERRULE objections. The counter-designation (lines 35:15–19) is ADMITTED under Rule 106 and FRCP 32(a)(6) to provide continuous complete context. |
| | 21 | 35:23-24 | | | | | | ADMITTED — no objection. | |
| | 22 | 36:1-24 | | | | | | ADMITTED — no objection. | |
| | 23 | 37:1-12 | | | 37:13-16 | | | ADMITTED — no objection, conditioned on the contemporaneous addition of lines 37:13–16 for narrative flow. | OVERRULE objections. The counter-designation (lines 37:13–16) is ADMITTED under Rule 106 and FRCP 32(a)(6) as necessary continuous context. |
| | 24 | 37:24-24 | foundation and hearsay: exhibit not on Ps exhibit list | Witness prepared the document. 803(6) applies. Exhibit objection moot per special master ruling | | | | This ruling is self-executing and keyed to entered exhibit rulings: admitted if the underlying exhibit is admitted; excluded as to document-dependent testimony if it is not. If the exhibit is admitted, the hearsay and foundation objections are overruled on the merits. | |

| | A | B | C | D | E | F | G | H | I |
|---|---|---|---|---|---|---|---|---|---|
| | 25 | 38:1-13 | 38:13: incomplete as he amended his answer at 38:14-19 | | 38:14-19 | | | **OVERRULE completeness objection. The designation stands as an admissible clip, conditioned on the contemporaneous addition of the counter-designation text at lines 38:14–19.** | **OVERRULE objections. The counter-designation (lines 38:14–19) is ADMITTED under Rule 106 and FRCP 32(a)(6) because it constitutes the witness's immediate, continuous correction/amendment to his answer.** |
| | 26 | 39:6-24 | | | | | | **ADMITTED — no objection.** | |
| | 27 | 40:1-24 | | | | | | **ADMITTED — no objection.** | |
| | 28 | 41:1-2 | | | | | | **ADMITTED — no objection.** | |
| | 29 | 41:14-24 | | | | | | **ADMITTED — no objection.** | |
| | 30 | 42:1-24 | | | | | | **ADMITTED — no objection.** | |
| | 31 | 43:1-2 | | | | | | **ADMITTED — no objection.** | |
| | 32 | 43:10-16 | | | | | | **ADMITTED — no objection.** | |
| | 33 | 44:1-24 | | | | | | **ADMITTED — no objection.** | |
| | 34 | 45:1-3 | | | | | | **ADMITTED — no objection.** | |
| | 35 | 46:14-24 | | | 45:7-13 | | | **ADMITTED — no objection, conditioned on the contemporaneous inclusion of the requested counter block at lines 45:7–13.** | **OVERRULE objections. The counter-designation (lines 45:7–13) is ADMITTED under Rule 106 and FRCP 32(a)(6) as proper continuous completeness context.** |
| | 36 | 47:1-9 | | | | | | **ADMITTED — no objection.** | |
| | 37 | 52:4-17 | | | 52:18-20 | | | **ADMITTED — no objection, conditioned on the contemporaneous inclusion of lines 52:18–20 for narrative completion.** | **OVERRULE objections. The counter-designation (lines 52:18–20) is ADMITTED under Rule 106 and FRCP 32(a)(6) to preserve contextual completeness.** |
| | 38 | 53:8-15 | | | | | | **ADMITTED — no objection.** | |
| | 39 | 66:6-11 | 401-403 | Relevant to motive of eliminating OTB obligation | 65:24-66:5 | | | **OVERRULE relevance objections. Testimony concerning corporate operations and motives regarding order obligations is relevant under FRE 401/402, and its probative value is not substantially outweighed by prejudice under FRE 403. Designation ADMITTED, conditioned on the dynamic addition of the counter.** | **OVERRULE objections. The counter-designation (lines 65:24–66:5) is ADMITTED under Rule 106 and FRCP 32(a)(6) as necessary continuous narrative context.** |
| | 40 | 67:24-24 | 401-403 | Relevant to motive of eliminating OTB obligation | | | | **OVERRULE relevance objections. Internal operational strategies go directly to notice and motives regarding the underlying contract issues and are admissible under FRE 401/402 and FRE 403. Designation ADMITTED.** | |
| | 41 | 68:1-24 | 401-403 | Relevant to motive of eliminating OTB obligation | | | | **OVERRULE relevance objections. Commercial records and operational discussions regarding order pipelines are probative, and time allocations are handled at trial under Rule 611(a). Designation ADMITTED.** | |

| | A | B | C | D | E | F | G | H | I |
|---|---|---|---|---|---|---|---|---|---|
| | 42 | 69:1-1 | 401-403 | Relevant to motive of eliminating OTB obligation | 69:2-3 | | | **OVERRULE relevance objections. Portions tracing order boards are properly admissible under FRE 401/402 and FRE 403. Designation ADMITTED, conditioned on the continuous inclusion of the counter.** | **OVERRULE objections. The counter-designation (lines 69:2–3) is ADMITTED under Rule 106 and FRCP 32(a)(6) to maintain full context flow.** |
| | 43 | 69:4-22 | 401-403 | Relevant to motive of eliminating OTB obligation | | | | **OVERRULE relevance objections. Portions reviewing order board handling are admissible under FRE 401/402, with probative value not substantially outweighed by prejudice under FRE 403. Designation ADMITTED.** | |
| | 44 | 82:14-24 | exhibit is objected to; if excluded then testimony on document should be excluded as well | Exhibit objection moot per special master this is trial exhibit p-72) | | | | **This ruling is self-executing and keyed to entered exhibit rulings: admitted if the underlying exhibit is admitted; excluded as to document-dependent testimony if it is not.** | |
| | 45 | 83:1-21 | | | | | | **ADMITTED — no objection.** | |
| | 46 | 84:1-85:9 | 84:24-85:9: foundation | Witness is part of email chain discussion and he answers the posed question without difficulty | | | | **OVERRULE foundation objection. The witness participated directly on the underlying business email chain and possessed proper foundation to testify regarding his understanding; any depth challenges go strictly to weight. Designation ADMITTED.** | |
| | 47 | 85:12-24 | 85:12-14:foundation | Objecton waived. Witness is part of email chain discussion and he answers the posed question without difficulty | | | | **OVERRULE foundation objection. The objection was waived due to the lack of a contemporaneous record objection during the deposition. Alternatively, the witness answered within his scope of corporate awareness, going to weight. Designation ADMITTED.** | |
| | 48 | 86:1-3 | | | | | | **ADMITTED — no objection.** | |
| | 49 | 88:18-24 | | | | | | **ADMITTED — no objection.** | |
| | 50 | 89:1-15 | | | | | | **ADMITTED — no objection.** | |
| | 51 | 91:9-24 | | | | | | **ADMITTED — no objection.** | |
| | 52 | 92:1-1 | | | | | | **ADMITTED — no objection.** | |
| | 53 | 124:18-126:18 | exhibit is objected to; if excluded then testimony on document should be excluded as well | Moot per special master ruling | | | | **This ruling is self-executing and keyed to entered exhibit rulings: admitted if the underlying trial exhibit is admitted; excluded as to document-dependent testimony if it is not.** | |
| | 54 | 129:1-130:12 | | | | | | **ADMITTED — no objection.** | |
| | 55 | 132:2-16 | | | | | | **ADMITTED — no objection.** | |
| | 56 | 133:18-135:17 | | | | | | **ADMITTED — no objection.** | |
| | #### | 136:5-15 | | | | | | **ADMITTED — no objection.** | |
| | 58 | 140:13-24 | | | | | | **ADMITTED — no objection.** | |

| | A | B | C | D | E | F | G | H | I |
|---|---|---|---|---|---|---|---|---|---|
| 64 | 59 | 141:1-18 | 141:16-18: speculation, vague | Witness is well qualified to answer questions about used truck market as the head of Used Truck Organization for all of Navistar. | | | | OVERRULE objections. Challenges to the precision or speculative nature of an executive's testimony regarding commercial market conditions go entirely to the weight and credibility of the evidence rather than threshold admissibility. Designation ADMITTED. | |
| 65 | 60 | 141:22-142:6 | 141:22-142:2: speculation, vague | Objecton waived. Witness is well qualified to answer questions about used truck market as the head of Used Truck Organization for all of Navistar. | | | | OVERRULE objections. Form objections points were waived on the record, and the witness's expertise as a corporate executive speaking to truck parameters goes to weight. Designation ADMITTED. | |
| 66 | 61 | 152:23-153:10 | incomplete as document is not designated and identified (152:6-22)<br><br>401-403<br><br>exhibit is objected to; if excluded then testimony on document should be excluded as well | This document is identified by Bates number and is now marked as Trial Exhibit P-209. The witness prepared the document relevant to profit margin in used truck sales and high market prices. | 152:6-22 | | | This ruling is self-executing and keyed to entered exhibit rulings: admitted if the underlying trial exhibit is admitted; excluded if it is not. If the exhibit is admitted, all relevance and completeness objections are overruled on the merits, conditioned on the contemporaneous addition of the counter. | OVERRULE objections. If the underlying trial exhibit is admitted, the counter-designation (lines 152:6–22) is ADMITTED under Rule 106 and FRCP 32(a)(6) to establish proper document-identification context. |
| 67 | 62 | 153:16-154:22 | 401-403<br><br>154:9-22: vague, speculation | The witness prepared the document relevant to profit margin in used truck sales and high market prices. The witness has no difficulty understanding the question. Lines 12 to 13 should be removed. Objecton waived. | | | | OVERRULE objections. Form objections are waived for lack of a contemporaneous record objection; challenges to speculation and market calculations go strictly to weight. Relevance is proper under FRE 401/402 and FRE 403. Lines 154:12–13 must be entirely redacted from the jury presentation. | |
| 68 | 63 | 156:22-158:4 | 401-403<br><br>hearsay<br><br>exhibit is objected to; if excluded then testimony on document should be excluded as well | Relevant to pricing of 2018 models. No basis for ojection to this document, which is Trial Exhibit P-210. 803(6) | | | | This ruling is self-executing and keyed to entered exhibit rulings: admitted if the underlying Trial Exhibit P-210 is admitted; excluded if it is not. If the exhibit is admitted, the hearsay and relevance objections are overruled on the merits under the business-records exception framework. | |
| 69 | 64 | 158:19-162:15 | 401-403<br><br>hearsay<br><br>exhibit is objected to; if excluded then testimony on document should be excluded as well<br><br>if document is allowed, Incomplete as document is not designated and identified (158:5-9) | Relevant to pricing of 2018 models. No basis for ojection to this document, which is Trial Exhibit P-210. 803(6) | 158:5-9 | | | This ruling is self-executing and keyed to entered exhibit rulings: admitted if the underlying trial exhibit is admitted; excluded if it is not. If the exhibit is admitted, the hearsay and relevance objections are overruled, conditioned on the contemporaneous addition of the counter context. | OVERRULE objections. If the underlying trial exhibit is admitted, the counter-designation (lines 158:5–9) is ADMITTED under Rule 106 and FRCP 32(a)(6) to establish complete document-identification context. |

| | A | B | C | D | E | F | G | H | I |
|---|---|---|---|---|---|---|---|---|---|
| | 65 | 162:22-163:16 | 401-403<br><br>exhibit is objected to; if excluded then testimony on document should be excluded as well<br><br>if document is allowed, Incomplete as document is not designated and identified (162:16-20) | Relevant to pricing of 2018 models. No basis for ojection to this document, which is Trial Exhibit P-211. 803(6) | 162:16-20 | | | This ruling is self-executing and keyed to entered exhibit rulings: admitted if Trial Exhibit P-211 is admitted; excluded if it is not. If the exhibit is admitted, the relevance objections are overruled, conditioned on the continuous addition of the counter. | OVERRULE objections. If the underlying trial exhibit is admitted, the counter-designation (lines 162:16–20) is ADMITTED under Rule 106 and FRCP 32(a)(6) for completeness context. |
| | 66 | 188:3-189:22 | 188:23-189:15:hearsay<br><br>exhibit is objected to; if excluded then testimony on document should be excluded as well | Party admissions. Exhibit objection moot per special master | | | | This ruling is self-executing and keyed to entered exhibit rulings: admitted if the underlying exhibit is admitted; excluded if it is not. If the exhibit is admitted, hearsay objections are overruled as admissions of a party-opponent under FRE 801(d)(2). | |
| | 67 | 191:17 - 192:5 | 803. Incomplete, exhibit objected to; if excluded then testimony on document should be excluded as well. | This is communication between GLS and Navistar about potential sales of 2018s relevant to damages and mitigation. Exhibit objection moot per special master. For completeness, Plaintiffs will add lines 12 to 13 on page 191. | | | | This ruling is self-executing and keyed to entered exhibit rulings: admitted if the underlying exhibit is admitted; excluded if it is not. If the exhibit is admitted, the hearsay objections are overruled as commercial communications regarding active damages mitigation, conditioned on the addition of lines 191:12–13. | OVERRULE objections. If the underlying exhibit is admitted, lines 191:12–13 are ADMITTED under Rule 106 and FRCP 32(a)(6) by proffer to preserve completeness continuity. |
| | 68 | 192:11-16 | incomplete | | 191:17-192:5 | Agreed. | | OVERRULE completeness objection. The designated testimony stands as an admissible question-and-answer clip, conditioned on the contemporaneous addition of the counter lines. | OVERRULE objections. The counter-designation (lines 191:17–192:5) is ADMITTED by agreement and under Rule 106 and FRCP 32(a)(6) to establish complete narrative continuity. |
| | 69 | 193:20-197:8 | incomplete as document is not designated and identified (193:14-18); 401-403<br><br>195:15-196:19: speculation | Question at line 20 identifies the document. Discussion of Trial Exhibit P-212. Witness is discussing reality of market prices and timing to obtain those prices as head of the Used Truck Organiztion at Navistar.Relevant to high used truck prices and importanace of selling them while market is high. 195: 19-20 and 196:5 objections should be removed. | | | | OVERRULE objections. Testimony by the head of the Used Truck Organization tracking market valuation is relevant under FRE 401/402, and speculation challenges go to weight. The completeness ground is overruled because the document is properly identified within line 20. Designation ADMITTED. | |
| | 70 | 198:9-199:9 | 199:7-9: foundation; speculation | Witness is discussing reality of market prices and timing to obtain those prices as head of the Used Truck Organiztion at Navistar. Objecton to all but last question at line 7 - 9 wiaved. | | | | OVERRULE objections. Form and foundation challenges are waived except as to the final question (lines 199:7–9), where the preserved objection is overruled on the merits because the executive testified to matters cleanly within his corporate role. Speculation goes to weight. Designation ADMITTED. | |
| | 71 | 199:12-14 | 199:12-14: foundation; speculation | Witness is discussing reality of market prices and timing to obtain those prices as head of the Used Truck Organiztion at Navistar. | | | | OVERRULE objections. Challenges regarding the precision of an operational executive's calculations go to the weight of the evidence rather than its admissibility. Designation ADMITTED. | |