# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

|  |  |
|---|---|
| GLS LEASCO, INC., and CENTRAL TRANSPORT LLC<br><br>Plaintiffs,<br><br>v.<br><br>NAVISTAR, INC.<br><br>Defendant. | Civil Action No. 23-cv-12927<br><br>Hon. Mark A. Goldsmith<br><br>Magistrate Judge Anthony P. Patti |

## <u>DEFENDANT NAVISTAR, INC.'S TRIAL BRIEF</u>

# **TABLE OF CONTENTS**

**Page**

I.    PLAINTIFFS CANNOT ESTABLISH THEIR BREACH OF CONTRACT CLAIM. ...................................................................................1

    A.    The May 2022 Letter Agreement Contains No Delivery Deadline. ..............................................................................................1

    B.    Before They Signed, Plaintiffs Knew That The Production Schedule In The May 2022 Letter Agreement Had Changed. ..............2

    C.    Plaintiffs Did Not Provide Reasonable Notice Of Breach. ...................4

    D.    Navistar's Conduct Did Not Cause Any Contract Damages. ...............4

II.    PLAINTIFFS CANNOT ESTABLISH THEIR FRAUD CLAIM. ................5

    A.    The Allegedly False December 2021 Statement Was Never Made. ..............................................................................................6

    B.    The May 2022 Letter Agreement Contradicts Any Reliance. ..............7

    C.    No Independent Fraud Damages Are Recoverable. ............................7

III.    PLAINTIFFS WAIVED, RELEASED, AND SETTLED THEIR CLAIMS AGAINST NAVISTAR. ...............................................................8

    A.    Plaintiffs Waived, Released, And Agreed To An Accord And Satisfaction Of Any Claim For Breach And For Damages Related To The Used Trucks. ...............................................................8

IV.    PLAINTIFFS LACK STANDING. ............................................................10

CONCLUSION .......................................................................................10

Pursuant to the Court's order, Defendant Navistar, Inc. ("Navistar") respectfully submits this Trial Brief to assist the Court by previewing the key issues for trial and identifying the factual contentions Navistar intends to show at trial.

## I. PLAINTIFFS CANNOT ESTABLISH THEIR BREACH OF CONTRACT CLAIM.

To establish their claim for breach of contract, Plaintiffs GLS Leasco, Inc. ("GLS") and Central Transport, LLC ("Central") must prove that: (a) there was a contract; (b) the terms of the contract required performance of certain actions; (c) Navistar breached the contract; and (d) the breach caused injury to GLS and Central. *Keiper, LLC v. Intier Auto., Inc.*, 467 F. App'x 452, 459 (6th Cir. 2012); *Miller-Davis Co. v. Ahrens Constr., Inc.*, 495 Mich. 161, 178 (2014). The sole contract question before the jury is whether Navistar breached the May 2022 Letter Agreement when it failed to deliver all of the trucks "by end of June 2022." ECF No. 72, PageID.2967. Plaintiffs will be unable to prove this claim at trial.

### A. The May 2022 Letter Agreement Contains No Delivery Deadline.

Plaintiffs cannot meet their burden of proving that the May 2022 Letter Agreement required delivery of all trucks by the end of June 2022. Rather, Navistar's Vice President of Sales for the Southwest Region, Sean Carmichael, will testify that the contract provided only a production schedule (which this Court held "was impossible for Navistar to meet," ECF No. 72, PageID.2966), which the parties understood could change "based on available production":

**New Truck Delivery** – based on available production at the time of this letter.

| New Truck Build Month | RH New Truck Builds | LT New Truck Builds | Trades |
|---|---|---|---|
| January | 42 | | 0 |
| February | 32 | | 0 |
| March | 342 | | 0 |
| April | 42 | 300 | 0 |
| May | 3 | 339 | 0 |
| June- Spillover month | | | 0 |
| Total | 461 | 639 | 0 |

ECF No. 29-1, PageID.278.  Indeed, the primary negotiators of the contract, Carmichael and Kyle Blain, GLS's President and Central's Vice President, agree that "production" or "build month" are not the same as a delivery.  Plaintiffs' chosen dealer, Jim Lollis, and Navistar's Manager of Order to Delivery, Maria Averhart, will testify that, after being built, trucks go through quality inspection, dealer customization, and distribution logistics.  This process takes at least four to six weeks.  Every witness who will testify at trial understood this distinction, including Blain.  Even if the agreement is read to require production to be complete by the end of June, that would mean delivery in late July or August at the earliest.

**B.** **Before They Signed, Plaintiffs Knew That The Production Schedule In The May 2022 Letter Agreement Had Changed.**

From December 2021 until Plaintiffs signed on May 18, 2022, the parties vigorously negotiated the terms of the agreement.  Carmichael will testify that, throughout this period, he kept Blain informed of the severity and unpredictability of the supply chain issues Navistar faced, and further expressed that each production schedule he provided was as of the time of his communication, not months or even weeks later. *See, e.g.*, ECF No. 29-1, PageID.277 ("[a]t the time of this letter").  The

2

letter itself stated that Navistar was "working diligently to secure production dates as early as possible based on the current production environment." *Id.* Carmichael and Lollis will explain the impact of Plaintiffs' continuous changes to their truck specifications on the production schedule. Indeed, on April 4, 2022, Carmichael told Blain that the "New Truck Delivery schedule will need to be updated based on getting specs finalized in our system." Ex. A (DX-0040).

Carl Webb, Navistar's Director of Order to Delivery, and Averhart will testify regarding the changes to production, including the severity and unpredictability of the supply chain issues and their ever-changing effects on Navistar's production capacity. Navistar's Group Vice President of Sales, Mark Belisle, will testify regarding how those shortages affected Navistar's entire customer base.

Lollis will testify that, at each step, Plaintiffs were kept abreast of the trucks' production and delivery status and the supply chain issues affecting that production and delivery. Similarly, Lollis will testify that he sent regular production and delivery updates to Blain and Central's Senior Maintenance Coordinator, Brianne Perkins. For example, on April 13, 2022, Lollis sent a production update showing that 390 of the new trucks would not *begin* production until June 2022, and 15 would not begin production until July 2022. ECF No. 126-11, PageID.5774-87 (DX-0043). On April 21, 2022, Perkins confirmed receipt of this production schedule and requested regular updates moving forward. ECF No. 126-12, PageID.5789-801

3

(DX-0088). Lollis will testify that he provided those updates. For example, on May 12, 2022, Lollis provided an updated schedule to Perkins showing that only 61 trucks were built. ECF No. 50-10, PageID.1007 (DX-0089).

After over a month of their own delay, with full knowledge that the Letter Agreement production schedule was outdated and that available production had changed, Plaintiffs signed the May 2022 Letter Agreement on May 18, 2022.

**C.    Plaintiffs Did Not Provide Reasonable Notice Of Breach.**

A person who accepts goods without seasonable notification of breach is barred from any remedy. MCL 440.2607(3)(a); M Civ JI 140.11. Navistar will show, through the examination of Blain and Carmichael, that Plaintiffs did not provide reasonable notice of their asserted breach claim: that Navistar was allegedly required to but did not deliver all trucks by June 30, 2022.

**D.    Navistar's Conduct Did Not Cause Any Contract Damages.**

Plaintiffs cannot prove that any delay in Navistar's delivery caused them any harm. Plaintiffs will rely on the testimony of their expert, Michael N. Kahaian, to prove their damages. Kahaian's calculations, however, suffer from numerous flaws that render his opinion unreliable. *See, e.g.*, ECF Nos. 90, 93, 101, 106, 130.

Navistar's expert, Mark J. Hosfield, will testify that Kahaian's entire opinion rests on a false assumption: the assumption that Plaintiffs would have sold one used truck for each new truck they received and that they would do so in the very same

4

month the new truck was delivered. The record evidence proves this assumption false—Navistar delivered new trucks far faster than Plaintiffs could sell old ones:

- GLS received *114* new trucks by June 2022, but sold *20* used trucks by then;

- GLS received *74* new trucks in July 2022, but sold *none* that month; and

- GLS received *90* new trucks in August 2022, but sold *21* used trucks that month.

ECF No. 121-4, PageID.5318. Navistar expects to show, through Hosfield and the former Vice President of Navistar's Used Truck Organization, Tony Stinsa, as well as Plaintiffs' own witnesses, that Plaintiffs did not sell the used trucks for reasons wholly unrelated to Navistar's alleged delay.

Hosfield will further testify that even adopting Kahaian's flawed assumption that Plaintiffs could and would have sold used trucks in a 1:1 ratio to new trucks received, Plaintiffs failed to mitigate by not making those sales. He will further testify that after accounting for that failure, other flawed assumptions, the $6.2 million payment Plaintiffs received, and the lease revenue GLS earned by continuing to operate the used trucks during the alleged delay period, Plaintiffs suffered no net economic loss from the timing of truck deliveries.

## II. PLAINTIFFS CANNOT ESTABLISH THEIR FRAUD CLAIM.

To establish fraud, Plaintiffs must prove, by clear and convincing evidence, that: (a) Navistar made a representation of a material fact; (b) the representation was false when it was made; (c) Navistar knew the representation was false when it made

5

it, or Navistar made it recklessly, that is, without knowing whether it was true; (d) Navistar made the representation with the intent that Plaintiffs rely on it; (e) Plaintiffs reasonably relied on the representation; and (f) Plaintiffs were damaged as a result of their reliance.  M Civ JI 128.01; *Oraha v. Troy Motors, Inc.*, 2022 WL 3330152, at *3 (Mich. Ct. App. Aug. 11, 2022).  This Court has already limited the surviving fraud claim to a single alleged representation: the December 2021 statement that Navistar "could only produce 600 trucks."   ECF No. 72, PageID.2963–64.  This narrowed claim will fail.

### A.   The Allegedly False December 2021 Statement Was Never Made.

Plaintiffs cannot prove that the allegedly fraudulent statement on December 16, 2021—that Navistar could produce only 600 trucks—was ever made. Carmichael and Belisle will testify that they never said such a thing.  Instead, they simply conveyed the true statement that Navistar had reduced Plaintiffs' *allocation* for 2022, namely the number of units Navistar was setting aside in its production queue for a specific customer, *not* Navistar's total production capacity.  Allocation and capacity are distinct concepts.   Numerous witnesses—including Belisle, Carmichael, and Webb—will confirm that the supply chain issues Navistar faced were real and unpredictable, causing Navistar to need to reduce the allocation for Plaintiffs' trucks. Justin Fink, the president of Summit Holdings (the dealership that Plaintiffs invited to participate in their 2021 competitive bid process for new trucks),

6

will testify that in 2021, Plaintiffs were informed of the severity of the supply chain risks faced by Navistar.

### B.  <u>The May 2022 Letter Agreement Contradicts Any Reliance</u>.

Even if the alleged December 2021 statement were made, Plaintiffs' reliance on that statement was not reasonable. Under Michigan law, a party may not reasonably rely on a representation that contradicts the terms of the written contract they sign. *See Knight v. Wells Fargo*, 2014 WL 4829577, at *6-7 (E.D. Mich. Sep. 29, 2014) (Goldsmith, J.); *Aron Alan, LLC v. Tanfran, Inc.*, 240 F. App'x 678, 682 (6th Cir. 2007). At trial, Plaintiffs will assert that they relied on a statement that Navistar could produce only 600 trucks in 2022. Yet Carmichael and Belisle will testify that shortly after that alleged statement, Plaintiffs began negotiating a new contract for Navistar to produce 1,100 trucks and then signed the May 2022 Letter Agreement to produce 1,100 trucks. It would make no sense that a party's representation that it had capacity to produce only 600 trucks would induce another party to enter an agreement with it for 1,100 trucks. Plaintiffs' reliance is thus unreasonable. Belisle and Carmichael's testimony will also establish they did not make any statement with the requisite fraudulent intent.

### C.  <u>No Independent Fraud Damages Are Recoverable</u>.

Plaintiffs cannot prove that they suffered any damages as a result of their reliance on the December 2021 statement. As Navistar explained, Plaintiffs have

failed to meet their basic discovery obligations with respect to any damages arising from their fraud claim.  *See, e.g.*, ECF Nos. 100, 104, 106, 130.  To the extent Plaintiffs are allowed to present evidence of reputation and harm, Navistar expects to show through examination of Plaintiffs' witnesses and Stinsa that Plaintiffs did not have a reputation for well-maintained trucks that could be harmed.

## III.   PLAINTIFFS WAIVED, RELEASED, AND SETTLED THEIR CLAIMS AGAINST NAVISTAR.

Even if the May 2022 Letter Agreement contained a delivery deadline (it did not), Plaintiffs' conduct extinguished any rights they may have had thereunder. Plaintiffs accepted every new truck, accepted $6.2 million in payment, and continued their business relationship with Navistar for over a year before claiming breach. These actions belie their claims of fraud and breach of contract.

### A.   <u>Plaintiffs Waived, Released, And Agreed To An Accord And Satisfaction Of Any Claim For Breach And For Damages Related To The Used Trucks.</u>

To establish waiver, Navistar need only prove that Plaintiffs voluntarily and knowingly gave up their right to seek damages for the resale value of the used trucks. M Civ JI 142.41.  A release is an agreement to give up or abandon one or more claims or rights. M Civ JI 142.60; *Wyrembelski v. City of St. Clair Shores*, 218 Mich. App. 125, 128 (1996).  To establish accord and satisfaction, Navistar "must show (1) its good-faith dispute of (2) an unliquidated claim of the plaintiff, (3) its conditional tender of money in satisfaction of the claim, and (4) the plaintiff's

8

acceptance of the tender (5) while fully informed of the condition." *Faith Reformed Church of Traverse City v. Thompson*, 248 Mich. App. 487, 492 (2001).

Navistar will prove these defenses through a variety of witnesses. To the extent the Letter Agreement could be read as requiring delivery by June 2022, Lollis will testify that Plaintiffs received regular production and delivery updates showing production of the new trucks expanding past June 2022. Yet Plaintiffs signed the agreement and decided to move forward, waiving any such deadline.

Additionally, Carmichael will testify that Plaintiffs accepted a $6.2 million payment, which expressly "compensated" Plaintiffs for "[a]ssistance for the disposal of the" used trucks (which means resale value), "delayed current and future production on units," and "delayed production resulting in [used trucks] remaining in service." ECF No. 29-1, PageID.279. Indeed, Carmichael will explain that this payment under the May 2022 Letter Agreement was "all-encompassing" for "any and all current or future issues" with the used trucks, including alleged lost resale value. GLS's conduct—accepting $6.2 million for any issues relating to the used trucks after accepting all of the new trucks—constitutes waiver and release of any claim for damages relating to those trucks, as well as an accord and satisfaction.

Accord and satisfaction is further established by Plaintiffs' request and Navistar's agreement that $3.1 million of the $6.2 million release be paid early.

9

## IV.   PLAINTIFFS LACK STANDING.

Plaintiffs' entire case rests upon their contention that GLS urgently needed the new trucks delivered before being able to sell the used trucks in the historic used truck market.  The problem?  GLS assigned all of its rights under the May 2022 Letter Agreement to Equipment Leasing Company, LLC ("ELC").  In turn, Blain will testify that ELC purchased, paid for, and took title to every single new truck. As a result, neither GLS nor Central qualify as buyers under Michigan's Uniform Commercial Code, and they cannot recover consequential damages.  *See* MCL § 440.2715; *Bryant v. BMW of N. Am. LLC*, 585 F. Supp. 3d 1178, 1182–83 (E.D. Wis. 2022).  And because any assignment of GLS's rights was "in his head," Plaintiffs will not be able to establish that Blain carved out their right to bring suit.

## CONCLUSION

Navistar respectfully requests that the Court consider this brief in aid of the proceedings.

DATED: June 16, 2026                   Respectfully submitted,

                                                          /s/ *Kevin M. Jakopchek*
Scott R. Murphy (P68015)              Kevin M. Jakopchek (IL 6317040)
BARNES & THORNBURG LLP             LATHAM & WATKINS LLP
171 Monroe Ave. NW, Suite 1000    330 North Wabash Avenue, Suite 2800
Grand Rapids, MI 49503                 Chicago, Illinois 60611
616-742-3930                              Tel: (312) 876-7700
smurphy@btlaw.com                     kevin.jakopchek@lw.com

*Attorneys for Defendant Navistar, Inc. n/k/a International Motors LLC*

## LOCAL RULE CERTIFICATION

I, Kevin M. Jakopchek, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts).  I also certify that it is the appropriate length.  Local Rule 7.1(d)(3).

/s/ Kevin M. Jakopchek
Kevin M. Jakopchek (IL Bar #6317040)
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, Illinois 60611
Tel: 312.876.7700
Fax: 312.993.9767
kevin.jakopchek@lw.com

## CERTIFICATE OF SERVICE

I certify that on June 16, 2026 a true and correct copy of the foregoing document was filed with the Clerk of Court using the CM/ECF system, which will send electronic notification of such filing to all counsel of record.

*/s/ Kevin M. Jakopchek*