# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

|  |  |
|---|---|
| GLS LEASCO, INC., and CENTRAL TRANSPORT LLC | Civil Action No. 23-cv-12927 |
| Plaintiffs, | Hon. Mark A. Goldsmith |
| v. | Magistrate Judge Anthony P. Patti |
| NAVISTAR, INC. |  |
| Defendant. |  |

## DEFENDANT NAVISTAR, INC.'S RESPONSE TO REPORT AND RECOMMENDATION REGARDING DEPOSITION DESIGNATIONS, COUNTER-DESIGNATIONS, OBJECTIONS, AND RESPONSES

Defendant Navistar, Inc. ("Navistar") respectfully submits this memorandum in response to the Special Master's Report and Recommendation Regarding Deposition Designations, Counter-Designations, Objections, and Responses (the "Report"), ECF Nos. 140, 140-1.

First, Navistar objects to the Special Master's recommendation to overrule the 403 objection to Plaintiffs' designation of Page 160:22-161:11 of Kerri Podewell's Deposition Transcript ("Podewell Deposition").  *See* Ex A.  In this passage, GLS's counsel interjects a discussion of a deal Navistar made with a customer not at issue in this case, Hirschbach Motor Lines ("Hirschbach"), to make the point that said deal was affected by a legal settlement between Hirschbach and Navistar.  When asked to address the relevance of the Hirschbach settlement at the June 11 meeting, Plaintiffs' counsel said:

> H[i]rschbach is one of the only three companies that actually had a higher SPA and the reason for it was because of that settlement. ***So I can't say for sure***, ***but if they were to suggest oh there's other clients who had better deals than Navista***r -- I'm sorry, than GLS, well there was a special circumstance there and I know Herschbach is was one of the only companies that a better SPA.

Navistar's trial defense is ***not*** that Plaintiffs did not get a good deal. Nor is Navistar arguing that Hirschbach or any other customer got any better deal than Plaintiffs.  Interjecting the Hirschbach deal, just to make the point that it was affected by a legal settlement, is not probative of any fact in dispute, and interjects unfair

prejudice by discussing completely unrelated litigation. *See* Fed. R. Evid. 401 (relevance requires a fact "in dispute"); Fed. R. Evid. 403.

Second, Navistar objects to the Special Master's recommendation to overrule the Rule 403 objections to Pages 89:1-25, 131:1-16, and 134:1-16 of the Podewell Deposition. *See* Ex. A.  In these passages, Plaintiffs' counsel makes a number of representations regarding documents he claims were not produced and asks questions suggesting that documents were deleted, raising an inference of spoliation. This questioning and approach are improper.  Plaintiffs claim the relevance is that the "absence of these documents is inexplicable" and that the witness "believes they should exist."  *See* ECF No. 140-1 at PageID 6259 (responding to objection to designation of 134:1-16).  To the extent Plaintiffs believed that documents were not produced or that spoliation occurred, they were required to raise those issues, provide Navistar an opportunity to litigate any spoliation claim, and seek an order regarding such an inference from the court.  *See, e.g.*, *Weber Mfg. Techs., Inc. v. Plasan Carbon Composites, Inc.*, 2016 WL 8114507, at *2–4, (E.D. Mich. July 26, 2016) (holding that the plaintiffs' spoliation motion, made on the eve of trial and not previously brought to the judge's attention, was untimely and noting that spoliation motions should be made while discovery remains open); *Blair v. Nelson*, 2016 WL 10803753, at *2 (M.D. Tenn. July 21, 2016) (excluding evidence that was only relevant to spoliation because spoliation "is a question for the Court and not a

2

question for the jury"); *Woulard v. Greenwood Motor Lines*, 2019 WL 3318467, at *3–4 (S.D. Miss. Feb. 4, 2019) (granting defendants' request to "exclude any reference to discovery disputes, including but not limited to arguments relating to evidence that Defendants allegedly did not produce, generate or preserve" where plaintiff never formally raised spoliation before the Court and never mentioned spoliation until responding to one of defendants' motions in limine); *Mannion v. Ameri-Can Freight Sys. Incorp.*, 2020 WL 417492, at *3–5 (D. Ariz. Jan. 27, 2020) (holding that plaintiffs improperly raised spoliation by treating it "like a run-of-the-mill fact issue to be resolved by the jury" and holding that plaintiffs could not present spoliation where they never asked the court for any pretrial rulings related thereto).[1]

DATED: June 18, 2026                     Respectfully submitted,

                                          /s/ *Kevin M. Jakopchek*

Scott R. Murphy (P68015)                 Kevin M. Jakopchek (IL 6317040)
BARNES & THORNBURG LLP                    LATHAM & WATKINS LLP
171 Monroe Ave. NW, Suite 1000           330 North Wabash Avenue, Suite 2800
Grand Rapids, MI 49503                    Chicago, Illinois 60611
616-742-3930                             Tel: (312) 876-7700
smurphy@btlaw.com                        kevin.jakopchek@lw.com

*Attorneys for Defendant Navistar, Inc. n/k/a International Motors LLC*

---

[1] In addition to these objections, Navistar notes that a number of the Special Master's rulings are contingent upon decisions by the Court regarding exhibits used in the examination, which the Special Master did not rule on, and such matters would appear to need to be resolved before any of Plaintiffs' designations are played.

## LOCAL RULE CERTIFICATION

I, Kevin M. Jakopchek, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts).  I also certify that it is the appropriate length.  Local Rule 7.1(d)(3).

/s/ Kevin M. Jakopchek
Kevin M. Jakopchek (IL Bar #6317040)
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, Illinois 60611
Tel: 312.876.7700
Fax: 312.993.9767
kevin.jakopchek@lw.com

4

**CERTIFICATE OF SERVICE**

I certify that on June 18, 2026 a true and correct copy of the foregoing document was filed with the Clerk of Court using the CM/ECF system, which will send electronic notification of such filing to all counsel of record.

*/s/ Kevin M. Jakopchek*