UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GLS LEASCO, INC. and
CENTRAL TRANSPORT, LLC,

          Case No. 23-cv-12927

  Plaintiffs,

          Hon. Mark A. Goldsmith

v.

          Magistrate Judge Anthony P. Patti

  NAVISTAR, INC.,

Defendant.

---

**Plaintiffs' Trial Brief
on Fraud Damages**

## TABLE OF CONTENTS

INTRODUCTION ..................................................................................................1

ARGUMENT .......................................................................................................1

I.      Defendant Was Informed Regarding Plaintiffs' Fraud Damages, But Failed to Utilize the Discovery Tools at Its Disposal.....................................1

II.     Plaintiffs Adequately Disclosed Their Compensatory Fraud Damages, and, at a Minimum, Had Good Cause to Disclose Late With Their Expert's Second Supplemental Report...........................................................5

CONCLUSION...................................................................................................5

**INTRODUCTION**

Throughout this multi-year litigation, Defendant has had every opportunity to inquire about Plaintiffs' fraud damages. They issued dozens of record requests and interrogatories and took multiple Rule 30(b)(6) corporate depositions, yet never served an interrogatory or designated fraud damages as a deposition topic. They failed to do so even after Plaintiffs supplemented their responses to put Defendant on notice of the fraud damages they would seek. Defendant also never sought to compel any additional responses. Having shirked its own obligations, Defendant now seeks to weaponize that failure by asking this Court to preclude Plaintiffs from recovering these damages. This Court should reject that deeply unfair, eleventh-hour tactic.

**ARGUMENT**

**I.     Defendant Was Informed Regarding Plaintiffs' Fraud Damages, But Failed to Utilize the Discovery Tools at Its Disposal**

The chronology of the pleadings and discovery in this case shows that Defendant failed to ask the right questions to obtain a more fulsome disclosure of this notoriously "intangible" category of damages that is "not quantifiable in monetary terms." *Unibar Maintenance Serv., Inc. v. Saigh*, 283 Mich. App. 609, 630 (2009).

**INITIAL COMPLAINTS**: In the first two Complaints (filed October 25, 2023, and March 8, 2024), Plaintiffs claimed only breach of contract. (*See* ECF Nos. 1-1, 17.)

**JANUARY 12, 2024**: Defendant's first requests for production (**Exhibit 1**) and first interrogatories (**Exhibit 2**) targeted contract damages, not fraud damages. Request 22 sought documents "relating to, evidencing, or tending to support your damages," and GLS responded on February 12, 2024, based on its breach of contract damages.[1] Interrogatory 4 asked about MY 2018 tractor sales; Interrogatory 6—on which Defendant now heavily relies—sought damages "as alleged in paragraph 46 of the Complaint," which did not have a fraud claim. (**Ex. 2 at 4**.) GLS responded on February 12, 2024, noting lower sale prices for MY 2018 tractors, maintenance and repair costs, driver advertising, and financing costs. (*Id.* **at 4–5**.)[2]

**AUGUST 2, 2024**: Defendant sent requests for production and interrogatories to Central. (**Exhibits 3 & 4**.) Requests 11, 31, and 34 sought information and documents relating to specific damages paragraphs in the Amended Complaint (which, again, did not have a fraud cause of action). (**Ex. 3 at 8, 18, 19**.) And

---

[1]Plaintiffs are not relying upon specific documentary evidence in support of their fraud damages beyond their expert Michael Kahaian's reports and the 2017 OTB and July 2021 Agreement Defendant already has.

[2] Plaintiffs have since clarified that they are no longer seeking financing costs as a standalone category of damages in this lawsuit. (ECF No. 105, PageID.4172.)

Interrogatory 1 was similar to GLS Interrogatory 6, seeking "all damages you are seeking in connection with this Action as alleged in your Amended Complaint." (**Ex. 4 at 2**.) Central responded to these Requests on September 10 and 11, 2024.

**SEPTEMBER 20, 2024**: Defendant served on Central a second set of requests for production of which Requests 6 and 7 pertained to damages, seeking "all Documents reflecting the repair and maintenance costs Central has alleged," and "all Documents that reflect additional 'recruitment costs' incurred by Central." (**Exhibit 5 at 5**.) Central initially responded to these requests on October 21, 2024.

**SEPTEMBER 24, 2024**: Plaintiffs filed their Second Amended Complaint. (*See* ECF No. 29.) There, for the first time—following the revelation of Defendant's fraudulent conduct during discovery in this lawsuit—Plaintiffs added a fraud count. (*Id.*, PageID.273–74.) There, Plaintiffs "request[ed] that the Court enter judgment in its favor and against Defendant Navistar in an amount greater than $75,000.00, *plus* interest, costs, *exemplary damages*, attorneys' fees, [and] equitable relief as appropriate." (*Id.*, PageID.274 (emphasis added).)

**THEREAFTER**: Despite the new claim, Defendant never issued new discovery requests inquiring about fraud damages.

**NOVEMBER 8, 2024:** As case development continued and the parties began preparing for Rule 30(b)(6) depositions, Plaintiffs determined that, in fairness, they should alert Defendant to their various fraud damages before those corporate

– 3 –

depositions occurred, so that Defendant could question Plaintiffs' representative on the issue. Plaintiffs provided supplemental answers to Interrogatories 1 and 6, specifically advising Defendant of their fraud damages, even though these requests did not ask questions about fraud damages. (**Exhibit 6 at 5–6**; **Exhibit 7 at 2–3**.) These updated responses explained that Defendant should consult Plaintiffs' expert's report for its damages, as well as noting that Plaintiffs would seek "exemplary damages for the injury to . . . reputation among customers and employees and the loss of . . . goodwill." (***Id.***)

**NOVEMBER 12 & 13, 2024**: The parties then proceeded to hold supplemental 30(b)(6) depositions of Plaintiffs' corporate representative. Despite now having notice of the nature of Plaintiffs' fraud damages, Defendant did not list fraud damages as a topic for inquiry in its amended corporate deposition notices for a "[c]ontinued Rule 30(b)(6) deposition concerning the factual allegations for Plaintiff's fraud claim," and Plaintiffs were not obligated to have a corporate witness prepared on these topics. (*See* **Exhibits 8–13**.) Plaintiffs' corporate representative testified with his then-present understanding and recollection of Plaintiff's fraud damages, but only in his individual capacity. (**Exhibit 14 at 8–16**.)

Thus, despite any claims to the contrary, Defendant never inquired about Plaintiffs' fraud damages, did not request or seek to compel updates, and cannot now use its failure to eliminate Plaintiffs' claims for these categories of damages.

**II.** **Plaintiffs Adequately Disclosed Their Compensatory Fraud Damages, and, at a Minimum, Had Good Cause to Disclose Late With Their Expert's Second Supplemental Report**

Finally, for all of the reasons explained in Plaintiffs' opposition to Defendant's second Motion *in Limine*, the Court should accept Plaintiffs' expert's May 8 Supplemental Report and permit him to testify on those opinions at trial. The May 8 Supplemental Report was not untimely because it is not a *new* opinion; it merely applied the exact same methodology and analysis Plaintiffs' expert has used throughout this case to a related scenario that Defendant was aware of. (ECF No. 121 PageID.4999–5003.) And even if that were not true, Plaintiffs are substantially justified in bringing that report now, under *Howe*'s five-factor test. (*Id.*, PageID.5003–11.)

**CONCLUSION**

The Court should allow Plaintiffs to present their fraud damages to the jury.

Respectfully submitted,

KIENBAUM HARDY
VIVIANO PELTON & FORREST, P.L.C.:

By: _/s/ Thomas J. Davis_
        Thomas J. Davis (P78626)
Counsel for Plaintiffs
280 N. Old Woodward Ave., Ste. 400
Birmingham, MI 48009
(248) 645-0000
tdavis@khvpf.com

Date: June 18, 2026

## LOCAL RULE CERTIFICATION

I, Thomas J. Davis, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify that it is the appropriate length. Local Rule 7.1(d)(3).

*/s/ Thomas J. Davis*
Thomas J. Davis (P78626)
Kienbaum Hardy
Viviano Pelton & Forrest, P.L.C.
280 N. Old Woodward Ave., Ste. 400
Birmingham, MI 48009
(248) 645-0000
tdavis@khvpf.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 18, 2026, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to all ECF participants on record.

/s/ Thomas J. Davis
Thomas J. Davis (P78626)
Kienbaum Hardy
Viviano Pelton & Forrest, P.L.C.
280 N. Old Woodward Ave.
Ste. 400
Birmingham, MI 48009
(248) 645-0000
tdavis@khvpf.com

4902 0148 6518 v. 4

4903-4212-2934, v. 4