# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

|  |  |
|---|---|
| GLS LEASCO, INC., and CENTRAL TRANSPORT LLC<br><br>    Plaintiffs,<br><br>  v.<br><br>NAVISTAR, INC.<br><br>    Defendant. | Civil Action No. 23-cv-12927<br><br>Hon. Mark A. Goldsmith<br><br>Magistrate Judge Anthony P. Patti |

## DEFENDANT NAVISTAR, INC.'S BRIEF REGARDING FRAUD DAMAGES PURSUANT TO COURT'S JUNE 17, 2026 ORDER

## TABLE OF CONTENTS

**Page**

A.  Plaintiffs' Failure To Comply With Their Affirmative Discovery Obligations Alone Requires Exclusion..................................1

B.  When Adding Their Fraud Claim, Plaintiffs Affirmatively Represented They Would Not Seek Compensatory Damages And That No Discovery Extension Would Be Required. .....................2

C.  Plaintiffs Failed To Disclose Any Factual Basis For Reputational Damages In Response To Interrogatories And Affirmatively Stated That Driver Recruitment Damages Would Be Based On Quantified Advertising Costs Disclosed In An Expert Report. ............................................................................3

D.  Plaintiffs Never Produced Any Documents Regarding The Issues In Mr. Blain's June 17, 2026 Declaration. .................................4

**A.      Plaintiffs' Failure To Comply With Their Affirmative Discovery Obligations Alone Requires Exclusion.**

Each "party must, without awaiting a discovery request," produce "a computation of each category of damages claimed" along with "the documents or other evidentiary material . . . on which each computation is based[.]" Fed. R. Civ. P. 26(a)(1)(A)(iii). This encompasses an affirmative duty to disclose "materials bearing on the nature and extent of injuries suffered." *Bessemer & Lake Erie R.R. Co. v. Seaway Marine Transp.*, 596 F.3d 357, 369 (6th Cir. 2010). Parties also "must supplement . . . in a timely manner" any initial disclosures or discovery response that is "incomplete or incorrect." Fed. R. Civ. P. 26(e)(1)(A).

Litigants are barred "from using information or a witness to supply evidence on a motion, at a hearing, or at a trial when the party fails to comply with" Rule 26. *RJ Control Consultants, Inc. v. Multiject, LLC*, 100 F.4th 659, 668 (6th Cir. 2024); Fed. R. Civ. P. 37(c)(1). "Evasive and incomplete" disclosures and responses "must be treated as a failure to disclose." Fed. R. Civ. P. 37(a)(4). The disclosure obligations are affirmative, the sanctions automatic, and parties are not required to move to compel adversaries to produce information required to be disclosed.[1]

---

[1] Rule 37(c) "provides a self-executing sanction . . . without need for a motion [to compel disclosure]." Fed. R. Civ. P. 37(c) Adv. Comm. Note to 1993 Amendment; *Reilly v. Home Depot U.S.A., Inc.*, 670 F. Supp. 3d 126, 140 (D.N.J. 2023) ("there is no need for a litigant to make a motion to compel" and "[l]itigants are warned not to 'indulge in gamesmanship[.]'"); *Johnson v. United Parcel Serv., Inc.*, 236 F.R.D.

Central Transport LLC, the party that Kyle Blain's declaration reveals suffered the reputational damages, *never* made any Rule 26 disclosure. GLS Leasco, Inc. served an initial disclosure that it never supplemented, which neither claimed reputational damages nor fraud-related compensatory damages generally, or OTB-related damages specifically. *See* Ex. A (Jan. 25, 2024 Disclosures). GLS also never disclosed that any witness had personal knowledge of its harm to reputation. When asked about his roles and responsibilities at his depositions, Mr. Blain testified he had been the VP of maintenance since 2018 and did not identify recruiting as one of his responsibilities. *See* Ex. B (Sept. 10, 2024 K. Blain Dep.) at 21:24-22:8.

GLS disclosed damages related to driver recruitment difficulties, *but affirmatively represented* that its damages would be based upon quantifiable costs, which it would calculate. Ex. A (Jan. 25, 2024 Disclosures). It never did, and it never corrected its disclosure to claim unquantified "reputation damages" related to driver recruitment instead.[2] One point of initial disclosures is to *enable* subsequent discovery requests. Plaintiffs' failure to affirmatively disclose bars their damages.

**B.     When Adding Their Fraud Claim, Plaintiffs Affirmatively Represented They Would Not Seek Compensatory Damages And That No Discovery Extension Would Be Required.**

---

376, 378 (E.D. Tenn. 2006) ("Defendants' decision not to request any new disclosures under Rule 26 does not excuse Plaintiffs' failure to disclose[.]").

[2] That Plaintiffs' reputation damages are an attempt to recover quantifiable pecuniary damages that they chose not to quantify also bars them. ECF No. 101, PageID.4012.

2

In moving for leave to add their fraud claim, Plaintiffs represented to this Court that "the new damages-related theories (attorneys' fees based on fraudulent conduct and exemplary damages) do not require expert testimony[.]"  ECF No. 25, PageID.195.  Plaintiffs reiterated:

> The distinct damages theories arising from the fraud claim—***attorneys' fees and exemplary damages—are not subjects of expert testimony***, so there is no need for those matters to be addressed in expert reports.  ***No discovery extension is required***, and the resolution of this dispute will remain on track.

*Id.* at PageID.202-203 (emphasis added).  In other words, Plaintiffs stated their only fraud damages would be attorneys' fees and exemplary damages, and suggested there would be no need for any substantial discovery on exemplary damages.

> **C.**      **Plaintiffs Failed To Disclose Any Factual Basis For Reputational Damages In Response To Interrogatories And Affirmatively Stated That Driver Recruitment Damages Would Be Based On Quantified Advertising Costs Disclosed In An Expert Report.**

Prior to Plaintiffs amending their fraud claim, Navistar sent interrogatories requesting information on Plaintiffs' damages.  *See* Ex. C (Aug. 2, 2024 ROGs to Central), ROG No. 1 ("Identify and describe in detail all damages you are seeking in connection with this Action as alleged in your Amended Complaint"); Ex. D (Jan. 12, 2024 ROGs to GLS), ROG No. 6 ("Identify and describe in detail all damages you are seeking in connection with this Action as alleged in paragraph 46 of the Complaint").  Navistar expressly sought information related to "driver recruitment" and "identification of all facts that support" each category of damages.

3

Plaintiffs now argue they were not required to respond with information related to their fraud claim and that Navistar should have issued new interrogatories, but both GLS and Central supplemented to answer "with respect to the fraud claim." Both identified only exemplary damages and attorneys' fees as fraud damages, and *neither* provided any factual basis. Ex. E (Nov. 8, 2024 Central Supp. ROG R&Os) at 3; Ex. F (Nov. 8, 2024 GLS Supp. ROG R&Os) at 4-6. Plaintiffs' position that Navistar should have known it needed to issue new discovery to get a "real" answer is the exact type of "evasive" discovery behavior that Rule 37 prohibits. In any event, neither GLS nor Central ever corrected their previous responses that any driver recruitment damages would be based upon quantifiable advertising costs.

Because Plaintiffs represented that their recruitment damages would be the subject of calculation, Navistar asked Mr. Blain about the promised calculation. He simply said none had been performed. Ex. G (Nov. 13, 2024 Dep.) at 13:15-22.

### D. Plaintiffs Never Produced Any Documents Regarding The Issues In Mr. Blain's June 17, 2026 Declaration.

In his June 2026 declaration, Mr. Blain avers that (1) Central had a long-standing reputation for poor maintenance, (2) Central had launched a "New Fleet Initiative" to improve its reputation, (3) the New Fleet Initiative was publicized within the company, (4) Central had advertised the average age of trucks in its fleet to its recruits, (5) Central had to "turn down recruits and reject applications" because production delays meant it lacked "sufficient automated trucks," (6) there were

4

"contentious issues" at the terminal in Blaine, Minnesota and other places related to a "mass shortage" of drivers, and (7) Central's sales force "was instructed to publicize the New Fleet Initiative" to Central's customers.  *See* ECF No. 143.

In discovery, Navistar had sent requests for production that would have called for production of documents related to these issues, including documents "relating to, evidencing, or tending to support" Central's claimed damages and increased recruitment costs.  *See* Ex. H (Aug. 2, 2024 RFPs), RFP 11, 31, 32; Ex. I (Sept. 20, 2024 RFPs), RFP 7.  Plaintiffs simply pointed to Mr. Kahaian's report regarding damages, and promised to produce documents related to recruiting costs.  Ex. J (Sept. 11, 2024 Central R&Os); Ex. K (Oct. 21, 2024 Central R&Os).  But Plaintiffs never produced, among others, any documents related to the purported "New Truck Initiative," Central's efforts to publicize it, recruits Central turned down or rejected, the "contentious issues" at its terminals, or the purported "mass shortage" of drivers.

Plaintiffs essentially propose that Mr. Blain testify regarding a series of hearsay communications that Plaintiffs never produced and Navistar cannot test.

DATED: June 18, 2026                          Respectfully submitted,

<table>
<tr><td></td><td>/s/ <em>Kevin M. Jakopchek</em></td></tr>
<tr><td>Scott R. Murphy (P68015)</td><td>Kevin M. Jakopchek (IL 6317040)</td></tr>
<tr><td>BARNES &amp; THORNBURG LLP</td><td>LATHAM &amp; WATKINS LLP</td></tr>
<tr><td>171 Monroe Ave. NW, Suite 1000</td><td>330 North Wabash Avenue, Suite 2800</td></tr>
<tr><td>Grand Rapids, MI 49503</td><td>Chicago, Illinois 60611</td></tr>
<tr><td>616-742-3930</td><td>Tel: (312) 876-7700</td></tr>
<tr><td>smurphy@btlaw.com</td><td>kevin.jakopchek@lw.com</td></tr>
</table>

## LOCAL RULE CERTIFICATION

I, Kevin M. Jakopchek, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts).  I also certify that it is the appropriate length.  Local Rule 7.1(d)(3).

*/s/ Kevin M. Jakopchek*
Kevin M. Jakopchek (IL Bar #6317040)
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, Illinois 60611
Tel: 312.876.7700
Fax: 312.993.9767
kevin.jakopchek@lw.com

6

## CERTIFICATE OF SERVICE

I certify that on June 18, 2026 a true and correct copy of the foregoing document was filed with the Clerk of Court using the CM/ECF system, which will send electronic notification of such filing to all counsel of record.

*/s/ Kevin M. Jakopchek*

7