# EXHIBIT 1

**GLS Leasco, Inc. and Central Transport, LLC v. Navistar, Inc. — Case No. 2:23-cv-12927 (E.D. Mich.)**
**Special Master's Recommendations — Exhibits at Issue in the Deposition Designations (ECF No. 116)**
*Scope: every exhibit cited in the parties' deposition designation charts for Akinosho, Averhart, Brown, Podewell, Schmalenberg, and Stinsa. Date, Description, Bates, Objections, and Responses for listed exhibits are drawn from the parties' exhibit lists in the draft Joint Final Pretrial Order.*

| Trial Exhibit No. | Dep. Ex. No. | Witness(es) | Date | Description | Bates Number | Defendant's Objections | Plaintiffs' Responses | Special Master's Recommendation |
|---|---|---|---|---|---|---|---|---|
| P-11 | 297 | Podewell | 4/26/2021 | CSA/CCO Meeting Minutes | NAV00036751 - 00036759 | FRE 106; FRE 401-403; FRE 501; FRE 801-802 | Relevant to early negotiation history Only a small portion of the document has been redacted for privilege 801(d); 803(6); 807 | OVERRULE FRE 401–403 — Navistar's internal CSA/CCO minutes are relevant to negotiation history and the slot-allocation dispute (e.g., the Central Transport RFP/allocation entries), and probative value is not substantially outweighed by any Rule 403 concern. OVERRULE FRE 801–802 as to Navistar's own statements within the minutes — opposing-party statements under Rule 801(d)(2)(A) and a business record under FRE 803(6); SUSTAIN IN PART as to any embedded third-party statement offered for its truth absent an exception. OVERRULE FRE 501 as to non-privileged content; the limited privilege redaction Plaintiffs identify is maintained and any specific privileged communication remains redacted. FRE 106 satisfied — the complete document is offered; completeness is curable, not exclusionary. ADMITTED subject to trial foundation under FRE 803(6)/901. |
| P-17 | 114 | Akinosho | 6/3/2021 | Email/Attachment Re: SW REGION ORDER-BOARD Attachment: SW REGION ORDERBOARD 6·3·21.xlsx | NAV00037537 - 00037538 | FRE 401-403 | Relevant to allocation of production slots among customers | OVERRULE FRE 401–403 — this internal Navistar order board email and its native attachment (NAV00037538) are directly relevant to the allocation and management of production slots among customers, a core issue, and probative value is not substantially outweighed by any Rule 403 concern. ADMITTED. |

| Trial Exhibit No. | Dep. Ex. No. | Witness(es) | Date | Description | Bates Number | Defendant's Objections | Plaintiffs' Responses | Special Master's Recommendation |
|---|---|---|---|---|---|---|---|---|
| P-34 | 120 | Akinosho | 8/25/2021 | Email Re: CENTRAL - TRANSPORT ORDER (1000) | NAV00007433 | FRE 801-802 | 801(d); 807 | OVERRULE FRE 801–802 as to the statements of Navistar personnel (Carmichael, Akinosho) — opposing-party statements under Rule 801(d)(2)(A), admissible regardless of the dealer-agency question. As to Lollis's forwarded order/scheduling statements, the Rule 801(d)(2)(D) agency-and-scope predicate is a Rule 104(a) trial-foundation matter deferred to trial consistent with the Recommendation on the dealer-agency question; much of that content is order/production data offered as operative fact rather than for its truth. ADMITTED, with any Lollis statement offered for its truth subject to the trial foundation on agency/scope (FRE 807 available as a residual fallback). |
| P-36 | 119 | Akinosho | 8/27/2021 | Email/Attachment Fwd: ACTION ITEM - allocation of remaining orders | NAV00051496 - 00051498 | Not Disclosed | Used as Plaintiffs' Deposition Exhibit 119 | OVERRULE — sole objection is non-disclosure ("good cause"), resolved by ECF No. 122 (adopting ECF No. 108); exhibit used at deposition (Dep. Ex. 119, Akinosho) and within ECF No. 122. No other objection asserted; exhibit ADMITTED. |
| P-38 | 305 | Podewell | 9/17/2021 | Email/Attachment Re: Regional Slot Allocation list for Review | NAV00053923 - 00053924 | FRE 401-403 | Relevant to allocation of production slots among | OVERRULE FRE 401–403 — this internal Navistar email and its attachments (Rush CY22 plan; Regional Slot Allocation List with |
| P-42 | 238 | Brown | 10/20/2021 | Email/Attachment Re: New CY22 Sales Volume Template- action required Attachment: Next 90 Days - CY2022 November Fcst_Sales Production Forecast.xlsx | NAV00132163 - 00132164 | FRE 401-403 | Relevant to allocation of production slots among customers | OVERRULE FRE 401–403 — this internal Navistar email and its CY22 sales-volume template are directly relevant to the communication and implementation of revised customer allocations, a core issue, and probative value is not substantially outweighed by any Rule 403 concern. ADMITTED. |
| P-44 | 239 | Brown | 10/27/2021 | Email/Attachment Re: 2022 OB management and portfolio Attachment: DRAFT CY22 Dealer Allocation v2.pptx Email/Attachment Re: FW: New CY22 Sales Volume Template – action required Attachment: Next 90 Days – CY2022 November Fcst_Sales Production Forecast.xlsx | NAV00059270 - 00059282 | FRE 401-403; Incorrect Description | Relevant to allocation of production slots among customers Description has been corrected | OVERRULE FRE 401–403 — this internal Navistar email chain and its DRAFT CY22 Dealer Allocation deck (v2), in which Brown estimates CY22 customer volumes by reducing each customer's Nov-21–Dec-22 order board by a straight 40%, are directly relevant to the allocation/diversion dispute, and probative value is not substantially outweighed by any Rule 403 concern. OVERRULE the "Incorrect Description" objection — the exhibit-list description accurately identifies the email and its DRAFT CY22 Dealer Allocation attachment; any ambiguity with the successor draft (P-45, v3) is curable by conforming the description to specify the v2 attachment and is not a basis to exclude. ADMITTED. |

| Trial Exhibit No. | Dep. Ex. No. | Witness(es) | Date | Description | Bates Number | Defendant's Objections | Plaintiffs' Responses | Special Master's Recommendation |
|---|---|---|---|---|---|---|---|---|
| P-45 | 240 | Brown | 10/27/2021 | Email Re: 2022 OB management and portfolio Attachment: DRAFT CY22 Dealer Allocation v3.pptx | NAV00059355 - 00059367 | FRE 401-403 | Relevant to allocation of production slots among customers | OVERRULE FRE 401–403 — this internal Navistar email chain and its DRAFT CY22 Dealer Allocation deck (documenting the CY22 allocation reductions, regional allocations, and customer-level DTUs) are directly relevant to the allocation dispute, and probative value is not substantially outweighed by any Rule 403 concern. ADMITTED. |
| P-47 | 241 | Brown | 10/28/2021 | Email/Attachment Re: Allocation Analysis Attachment: CY22 Allocation Analysis_Central-SW-Summit.xlsx | NAV00059704 - 00059705 | FRE 401-403 | Relevant to allocation of production slots among customers | OVERRULE FRE 401–403 — this internal Navistar "Allocation Analysis" and its Central-SW-Summit attachment (showing the reduction of Central Transport's CY22 plan from 1,300 to 600 units) are directly and probative of the allocation/diversion dispute, and probative value is not substantially outweighed by any Rule 403 concern. ADMITTED. |
| P-52 | 298 | Podewell | 11/11/2021 | CSA/CCO Meeting Minutes | NAV00061168 - 00061177 | FRE 106; FRE 401-403; FRE 501-502; FRE 801-802; Not Disclosed | Relevant to executive knowledge of and involvement in the transaction Only a small portion of the document has been redacted for privilege 801(d); 803(6); 807 Used as Plaintiffs' Deposition Exhibit 298 | OVERRULE the "Not Disclosed" objection — the disclosure/good-cause objection is resolved by ECF No. 122. OVERRULE FRE 401–403 — Navistar's internal CSA/CCO accounting/sales-control minutes are relevant to negotiation history and the slot-allocation dispute, including the Central Transport / GLS Leaseco deal-review entry recounting the RFP, counter-offer, and CY22/MY23 deal terms, and probative value is not substantially outweighed by any Rule 403 concern. OVERRULE FRE 801–802 as to Navistar's own statements within the minutes — opposing-party statements under Rule 801(d)(2)(A) and a business record under FRE 803(6); SUSTAIN IN PART as to any embedded third-party statement offered for its truth absent an exception. OVERRULE FRE 501–502 as to non-privileged content; the limited privilege redaction Plaintiffs identify is maintained and any specific privileged communication remains redacted. FRE 106 satisfied — the complete document is offered; completeness is curable, not exclusionary. ADMITTED subject to trial foundation under FRE 803(6)/901. |

| Trial Exhibit No. | Dep. Ex. No. | Witness(es) | Date | Description | Bates Number | Defendant's Objections | Plaintiffs' Responses | Special Master's Recommendation |
|---|---|---|---|---|---|---|---|---|
| P-58 | 232 | Brown | 11/19/2021 | Email/Attachments Re: 2022 plan review by region and in total Attachments: 2022 Presentation.pptx; Dealer Presentations – CO 19-21 OB 22-23 tables – Hard Coded VF.xlsx | NAV00132187 - 00132260 | FRE 401-403 | Relevant to allocation of production slots among customers | OVERRULE FRE 401–403 — this internal Navistar email forwarding the populated "2022 plan review by region" RVP presentation and its native data file (regional production-slot allocations, Dealer Class 6-8 and 4/5 DTU targets, unique-customer-count targets, top-customer chargeout/order-board tables, and pricing buckets) is directly relevant to the allocation and management of production slots among customers, a core issue, and probative value is not substantially outweighed by any Rule 403 concern. ADMITTED. |
| P-62 | 112 | Akinosho | 11/29/2021 | Email/Attachment Re: Op Plan Package Attachment: 6.0 2022 Operating Plan_DRAFT V4.1.pdf | NAV00063250 - 00063252 | FRE 401-403; FRE 501-502; FRE 801-802 | Relevant to impracticability defense Not privileged 801(d); 803(3); 807 | OVERRULE FRE 401–403 — this internal Navistar "2022 Operating Plan" board deck (documenting 2022 production and parts planning, supply constraints, driver shortages, and cost-inflation headwinds) is relevant to Navistar's impracticability/supply-constraint defense and to the production-planning issues in the case, and probative value is not substantially outweighed by any Rule 403 concern. OVERRULE FRE 801–802 — the deck and transmitting email are Navistar's own statements, admissible as opposing-party statements under Rule 801(d)(2)(A); as forward-looking plan/intent they are also admissible under FRE 803(3), and much of the content is the operative fact of the plan itself rather than offered for the truth of any embedded assertion (FRE 807 available as a residual fallback). OVERRULE FRE 501–502 — Plaintiffs offer the document as non-privileged and no specific privileged communication is identified; any discrete privileged material later identified may be redacted without barring admission. ADMITTED subject to trial foundation under FRE 803(6)/901. |

| Trial Exhibit No. | Dep. Ex. No. | Witness(es) | Date | Description | Bates Number | Defendant's Objections | Plaintiffs' Responses | Special Master's Recommendation |
|---|---|---|---|---|---|---|---|---|
| P-221 | 242 | Brown | 11/30/2021 | Email/Attachment Re: Review Dec 2 Slides Attachment: RVP CY22 Presentations - v3.pptx | NAV00011409 | FRE 401-403 | Relevant to allocation of production slots among customers and importance of SPA | OVERRULE FRE 401–403 — this internal Navistar 2022 Sales Plan presentation is directly relevant to the allocation of production slots among customers and the importance of SPA/program-level pricing (e.g., the regional production-slot allocation tables, pricing-bucket analyses, and order-board commentary on slot reductions and restocks), and probative value is not substantially outweighed by any Rule 403 concern. ADMITTED subject to trial foundation under FRE 803(6)/901. |
| P-177 | 300 | Podewell | 12/08/2021 | CSA/CCO Meeting Agenda | NAV00065033 - 00065042 | FRE 106; FRE 501-502; FRE 601-602; FRE 801-802 | Complete document Only a small portion of the document has been redacted for privilege Witnesses expected to testify regarding this exhibit have personal knowledge 801(d); 803(6); 807 | OVERRULE FRE 401–403 — Navistar's internal CSA/CCO agenda is relevant to negotiation history and the slot-allocation dispute (e.g., the Central Transport/GLS Leaseco deal-review entry and the CY22 Order Board Reshuffle relocating second-half CY22 orders to 2023), and probative value is not substantially outweighed by any Rule 403 concern. OVERRULE FRE 801–802 as to Navistar's own statements within the agenda — opposing-party statements under Rule 801(d)(2)(A) and a business record under FRE 803(6); SUSTAIN IN PART as to any embedded third-party statement offered for its truth absent an exception, with FRE 807 available as a residual fallback. OVERRULE FRE 501–502 as to non-privileged content; the limited privilege redaction Plaintiffs identify is maintained and any specific privileged communication remains redacted. OVERRULE FRE 601–602 — competency is presumed under Rule 601 and the personal-knowledge requirement is a witness-by-witness trial-foundation matter, not a basis to exclude. FRE 106 satisfied — the complete document is offered; completeness is curable, not exclusionary. ADMITTED subject to trial foundation under FRE 803(6)/901. |

| Trial Exhibit No. | Dep. Ex. No. | Witness(es) | Date | Description | Bates Number | Defendant's Objections | Plaintiffs' Responses | Special Master's Recommendation |
|---|---|---|---|---|---|---|---|---|
| P-67 | 233 | Brown | 12/15/2021 | Email Re: Central / Universal Revised Economics | NAV00132582 - 00132594 | FRE 106; FRE 401-402 | Relevant to allocation of production slots among customers | OVERRULE FRE 401–402 — these are Navistar's own final CY22 CRC order-board allocation files, showing month-by-month production-slot allocations by region and dealer (including the express Summit allocation adjustments in the Rush "Adj Allocation" tab and the Central Transport entry in the Southwest order board). They go directly to the allocation and diversion of production slots among customers, the core issue in the case, and are plainly relevant under Rules 401–402. OVERRULE FRE 106 as a basis to exclude — the rule of completeness is not an exclusionary rule; it entitles an adverse party to require introduction of any additional portion that in fairness ought to be considered at the same time, and is a tool to add context, not to bar admission. In any event completeness is satisfied here: the complete transmittal email and all five native attachments are offered together as the exhibit. ADMITTED subject to trial foundation under FRE 803(6)/901. |
| P-68 | 226 | Brown | 12/16/2021 | Email Re: Sysco needs pull up | NAV00132595 | FRE 401-403; Not Disclosed | Relevant to allocation of production slots among customers Used as Plaintiffs' Deposition Exhibit 226 | OVERRULE the "Not Disclosed" objectionper ECF No. 122. OVERRULE FRE 401–403 — this internal Navistar email concerns the pulling-forward of Sysco units and the corresponding movement of other Southwest-region orders to accommodate them, and it includes the Central Transport 43-unit build schedule. It is probative of the allocation and reprioritization of production slots among customers, a core issue, and probative value is not substantially outweighed by any Rule 403 concern. ADMITTED. |

| Trial Exhibit No. | Dep. Ex. No. | Witness(es) | Date | Description | Bates Number | Defendant's Objections | Plaintiffs' Responses | Special Master's Recommendation |
|---|---|---|---|---|---|---|---|---|
| P-178 | 301 | Podewell | 12/21/2021 | CSA/CCO Meeting Agenda | NAV00065998 - 00066008 | FRE 106; FRE 501-502; FRE 601-602; FRE 801-802 | Complete document Only a small portion of the document has been redacted for privilege Witnesses expected to testify regarding this exhibit have personal knowledge 801(d); 803(6); 807 | OVERRULE FRE 801–802 as to Navistar's own statements within the minutes — opposing-party statements under Rule 801(d)(2)(A) and a business record under FRE 803(6); SUSTAIN IN PART as to any embedded third-party statement (e.g., references to communications from GLS's counsel) offered for its truth absent an exception, though much such content is offered as operative fact rather than for its truth. OVERRULE FRE 501–502 as to non-privileged content — the limited privilege redaction Plaintiffs identify is maintained and any specific privileged communication remains redacted. OVERRULE FRE 601–602 as a basis to exclude — competency and personal-knowledge foundation are Rule 104 trial matters; the sponsoring witness (Podewell) attended the CSA meetings and has a base of knowledge by virtue of her position. OVERRULE FRE 106 — the complete document is offered; completeness is curable, not exclusionary. ADMITTED subject to trial foundation under FRE 803(6)/901. |

| Trial Exhibit No. | Dep. Ex. No. | Witness(es) | Date | Description | Bates Number | Defendant's Objections | Plaintiffs' Responses | Special Master's Recommendation |
|---|---|---|---|---|---|---|---|---|
| P-72 | 89 | Stinsa | 1/10/2022 | Email Re: Central and Bendix | NAV00067053 | FRE 106; FRE 401-403; FRE 602 | Defendant never produced the linked document Relevant to impracticability defense, terms of agreement, fraudulent misrepresentation, and hostility towards trade-back obligations Witnesses expected to testify regarding this exhibit have personal knowledge | OVERRULE FRE 401–403 — this internal Navistar chain goes to the heart of the disputed facts: the reduction of Plaintiffs' allocation from 1,100 to 600 units, the surcharge and trade terms, and Navistar's internal valuation of the trade-back opportunity. It is highly probative of the allocation, negotiation, and trade-obligation issues, and probative value is not substantially outweighed by any Rule 403 concern. OVERRULE FRE 106 as a basis to exclude — the rule of completeness is not an exclusionary rule, and the objection rests on the non-production of the OneDrive-linked "Central Trades Worksheet"; that attachment's absence is attributable to the producing party and goes to weight, not admissibility, and to the extent any related portion is needed in fairness, completeness is curable at trial. OVERRULE FRE 602 as a basis to exclude — the statements are those of Navistar personnel (Belisle, Stinsa, Adams) in their own internal business communications, admissible as opposing-party statements under Rule 801(d)(2)(A); personal-knowledge foundation under Rule 602 is a Rule 104 matter for trial. ADMITTED subject to trial foundation under FRE 803(6)/901. |
| P-179 | 302 | Podewell | 1/11/2022 | CSA/CCO Meeting Agenda | NAV00067367 - 00067376 | FRE 106; FRE 501-502; FRE 601-602; FRE 801-802 | Complete document Only a small portion of the document has been redacted for privilege Witnesses expected to testify regarding this exhibit have personal knowledge 801(d); 803(6); 807 | OVERRULE FRE 801–802 as to Navistar's own statements within the minutes — opposing-party statements under Rule 801(d)(2)(A) and a business record under FRE 803(6); SUSTAIN IN PART as to any embedded third-party statement offered for its truth absent an exception. OVERRULE FRE 501–502 as to non-privileged content; the limited privilege redaction Plaintiffs identify is maintained. OVERRULE FRE 601–602 as a basis to exclude — competency/personal-knowledge foundation is a Rule 104 trial matter, and the sponsoring witness attended the CSA meetings and has knowledge by virtue of her position. OVERRULE FRE 106 — the complete document is offered; completeness is curable, not exclusionary. ADMITTED subject to trial foundation under FRE 803(6)/901. |

| Trial Exhibit No. | Dep. Ex. No. | Witness(es) | Date | Description | Bates Number | Defendant's Objections | Plaintiffs' Responses | Special Master's Recommendation |
|---|---|---|---|---|---|---|---|---|
| **P-208** | 95 | Stinsa | 1/11/2022 | Navistar 1:1 Meeting January 11, 2022 Presentation | NAV00014025 | FRE 106; FRE 801-802 | Complete document 801(d); 803(3); 807 | OVERRULE FRE 801–802 — the deck is Navistar's own statement, admissible as an opposing-party statement under Rule 801(d)(2)(A); its forward-looking market/forecast content is also admissible as then-existing plan under FRE 803(3), and much is offered as the operative fact of Navistar's internal market assessment rather than for the truth of any embedded third-party figure (FRE 807 available as a residual fallback). OVERRULE FRE 106 — the complete deck is offered; completeness is curable, not exclusionary. ADMITTED subject to trial foundation under FRE 803(6)/901. |
| **P-245d** | 95 | Stinsa | 1/11/2022 | 1:1 Meeting | NAV00014025 | FRE 106; FRE 801-802; Incorrect description | The documents and information are of a type that the expert is allowed to rely upon when testifying under Fed. R. Evid. 703 and may be admissible if necessary under Fed. R. Evid. 703. Plaintiffs' intention is to use this exhibit for demonstrative purposes and to refresh the expert's recollection, consistent with Defendant's stated intention regarding the exhibits to its expert's report. | OVERRULE FRE 801–802 and FRE 106 for the reasons stated as to P-208 (Treated as the speaker-notes version of the same deck). As to the "Incorrect description" objection — OVERRULE as a basis to exclude; an inaccurate exhibit-list description is a labeling matter to be corrected on the record, not grounds for exclusion of the document itself. To the extent P-245D is offered as material the expert relied upon, it is admissible for that purpose under FRE 703; ADMITTED on the same FRE 803(6)/901 trial-foundation basis, with any Rule 703 limiting use reserved to trial. |

| Trial Exhibit No. | Dep. Ex. No. | Witness(es) | Date | Description | Bates Number | Defendant's Objections | Plaintiffs' Responses | Special Master's Recommendation |
|---|---|---|---|---|---|---|---|---|
| **P-84** | 303 | Podewell | 1/25/2022 | CSA/CCO Meeting Minutes | NAV00070971 | FRE 401-403; FRE 501-502; FRE 801-802 | Relevant to executive knowledge of and involvement in the transaction and motive Only a small portion of the document has been redacted for privilege 801(d); 803(6); 807 | OVERRULE FRE 401–403 — these internal control minutes document Navistar's contemporaneous treatment of the Central Transport/GLS deal and the reprioritization of orders among customers, probative of the slot-allocation and deal-structure issues, and probative value is not substantially outweighed by any Rule 403 concern. OVERRULE FRE 801–802 as to Navistar's own statements within the minutes — opposing-party statements under Rule 801(d)(2)(A) and a business record of Navistar's regularly conducted accounting/control function under FRE 803(6); SUSTAIN IN PART as to any embedded third-party statement offered for its truth absent an exception (FRE 807 available as a residual fallback). OVERRULE FRE 501–502 as to non-privileged content — P-84 is the later, produced version in which the privilege was not asserted (Plaintiffs cite it precisely as the waiver reference for the earlier Podewell versions), and only the small portion the parties identify remains redacted; the existing redaction is maintained. ADMITTED subject to trial foundation under FRE 803(6)/901. |
| **P-181** | 310 | Podewell | 2/04/2022 | Email Re: fusion | NAV00073063 | FRE 106; FRE 601-602 | Defendant can submit the attachment if it wishes pursuant to Fed. R. Evid. 106 Witnesses expected to testify regarding this exhibit have personal knowledge | OVERRULE FRE 106 — the rule of completeness is satisfied: the linked spreadsheet (NAV00073064) was produced with the email and is in the record as part of P-181, so the complete communication is available; completeness is curable, not exclusionary, and Defendant remains free to offer any additional portion. OVERRULE FRE 601–602 as a basis to exclude — competency is presumed under Rule 601 and the personal-knowledge requirement of Rule 602 is a witness-by-witness trial-foundation matter; Plaintiffs represent the sponsoring witness(es) have personal knowledge. The email and its attachment are Navistar's own records, admissible under Rule 801(d)(2)(A) and FRE 803(6). ADMITTED subject to trial foundation under FRE 803(6)/901. |

| Trial Exhibit No. | Dep. Ex. No. | Witness(es) | Date | Description | Bates Number | Defendant's Objections | Plaintiffs' Responses | Special Master's Recommendation |
|---|---|---|---|---|---|---|---|---|
| **P-218** | — | Podewell | 2/09/2022 | Email & Attachment Re: Copy of CY2023 Fcst  Sales Production | NAV00132688 - 00132689 | FRE 401-403; FRE 601-602; Not Disclosed | Withdrawn | EXHIBIT WITHDRAWN |
| **P-99** | 229 | Brown | 2/11/2022 | Email/Attachment: Copy of Copy of CY2023 Fcst_Sales Production Forecast - Feb 11 2022.xlsx | NAV00132738 – 00132739 | FRE 401-402; FRE 601-602 | Relevant to allocation of production slots among customers and importance of SPA Witnesses expected to testify regarding this exhibit have personal knowledge | OVERRULE FRE 401–402 — this internal Navistar sales/production forecast, which breaks out volumes and allocations by customer (including a dedicated Central tab) and by SPA bucket, is directly relevant to the allocation of production slots among customers and the role of the SPA, core issues in the case. OVERRULE FRE 601–602 as a basis to exclude — competency is presumed and personal knowledge is a trial-foundation matter, not grounds to bar the exhibit; the deposition objection that Brown's "probably" answer was speculative goes to weight and was, in any event, waived for lack of contemporaneous objection. The email and workbook are Navistar's own records under Rule 801(d)(2)(A) and FRE 803(6). ADMITTED subject to trial foundation under FRE 803(6)/901. |
| **P-111** | 283 | Averhart | 3/2/2022 | Email/Attachment Re: Weekly Orders Meeting Presentation - 03/02/2022 Attachment: Orders Production and Pricing 03-02-22.pdf | NAV00077538 - 00077540 | Not Disclosed | Used as Plaintiffs' Deposition Exhibit 283 | OVERRULE — sole objection is non-disclosure ("good cause"), resolved by ECF No. 122 (adopting ECF No. 108); exhibit used at deposition (Dep. Ex. 283, Averhart) and within ECF No. 122. No other objection asserted; exhibit ADMITTED. |
| **P-113** | 215 | Brown | 3/8/2022 | Email/Attachment Re: Customer Mix Reconnect 3/10 - Consolidated File Attachment: CY22 Cornerstone Customers - Feedback v2 (DL).xlsx | NAV00078883 - 00078884 | FRE 401-403 | Relevant to allocation of production slots among customers and importance of SPA | OVERRULE FRE 401–403 — this internal Navistar exchange ranking and prioritizing customers by volume, allocation, and SPA, and recording cross-functional "cornerstone" determinations, is probative of how Navistar allocated production capacity among customers and the importance it placed on the SPA relationship, and probative value is not substantially outweighed by any Rule 403 concern. The email and workbook are Navistar's own records under Rule 801(d)(2)(A) and FRE 803(6). ADMITTED subject to trial foundation under FRE 803(6)/901. |

| Trial Exhibit No. | Dep. Ex. No. | Witness(es) | Date | Description | Bates Number | Defendant's Objections | Plaintiffs' Responses | Special Master's Recommendation |
|---|---|---|---|---|---|---|---|---|
| **P-183** | 314 | Podewell | 3/15/2022 | Email/Attachments Re: FW: CY22 Sales Production Attachments: CY22 Sales Production.pptx; CY2022 April Fcst_Sales Production Forecast 3.ll.xlsx | NAV00017851 | FRE 401-403; FRE 601-602 | Relevant to allocation of production slots among customers Witnesses expected to testify regarding this exhibit have personal knowledge | OVERRULE FRE 401–403 — this internal Navistar order-board/forecast comparison, which breaks the CY22 order-board-over-Plan variance down to the customer level and identifies the specific fleets driving it, is probative of how Navistar allocated production capacity among customers, a core issue, and probative value is not substantially outweighed by any Rule 403 concern. OVERRULE FRE 601–602 as a basis to exclude — competency is presumed under Rule 601, and the personal-knowledge requirement of Rule 602 is a witness-by-witness trial-foundation matter, not grounds to bar the exhibit; Plaintiffs represent the sponsoring witness(es) have personal knowledge. The email, deck, and workbook are Navistar's own records, admissible under Rule 801(d)(2)(A) and FRE 803(6). ADMITTED subject to trial foundation under FRE 803(6)/901. |
| **P-219** | 225 | Brown | 4/13/2022 | Email/Attachments Re: Fleet Allocation Files 04/12/2022 Attachments (5): Non-Lineset STX - OB 4.12.2022.xlsx; Non-Lineset OB EAP(L1) 4.12.2022.xlsx; SAP- Non Lineset OB 4.12.22.xlsx; EAP L2 - Non Lineset OB 4.12.22.xlsx; OB Jan-Lineset 04.12.2022.xlsx | NAV00133099 - 00133106 | FRE 401-403 | Relevant to allocation of production slots among customers and performance of contract | OVERRULE FRE 401–403 — these internal Navistar fleet-allocation and order-board files, which assign and reshuffle specific production slots among named fleet customers and document the over-slot/under-slot decisions and the pushing of orders into later periods, are directly probative of the allocation of production capacity among customers and of contract performance, the central issues in the case, and probative value is not substantially outweighed by any Rule 403 concern. The email and workbooks are Navistar's own business records, admissible under Rule 801(d)(2)(A) and FRE 803(6). ADMITTED subject to trial foundation under FRE 803(6)/901. |

| Trial Exhibit No. | Dep. Ex. No. | Witness(es) | Date | Description | Bates Number | Defendant's Objections | Plaintiffs' Responses | Special Master's Recommendation |
|---|---|---|---|---|---|---|---|---|
| P-209 | 98 | Stinsa | 4/18/2022 | April 2022 All UTO presentation.pdf | NAV00019849 | FRE 106; FRE 401-403; FRE 801-802 | Complete document Relevant to damages 801(d); 803(3); 807 | OVERRULE FRE 401–403 — Navistar's internal used-truck margin, volume, inventory, and pricing data is relevant to used-truck resale values and margins, which Plaintiffs tie to damages, and probative value is not substantially outweighed by any Rule 403 concern; the inclusion of non-substantive filler slides goes to weight, not admissibility. OVERRULE FRE 801–802 — the deck is Navistar's own statement under Rule 801(d)(2)(A) and a business record under FRE 803(6), and its forward-looking forecast/expectation content is additionally admissible under FRE 803(3). OVERRULE FRE 106 — completeness is satisfied because the complete document is offered; Rule 106 is a curative rule of inclusion, not a basis for exclusion. ADMITTED subject to trial foundation under FRE 803(6)/901. |
| P-215 | 130 | Akinosho | 4/27/2022 | Email/Attachment Re: SPA CHEATSHEET - CENTRAL/UNIVERSAL/PAM Attachment: Net Order Receipts (3).xlsx | NAV00020197 - 00020199 | Not Disclosed | Used as Plaintiffs' Deposition Exhibit 130 | OVERRULE — sole objection is non-disclosure ("good cause"), resolved by ECF No. 122 (adopting ECF No. 108); exhibit used at deposition (Dep. Ex. 130, Akinosho) and within ECF No. 122. No other objection asserted; exhibit ADMITTED. |
| P-128 | 131 | Akinosho; Brown | 5/2/2022 | Email/Attachments Re: 5/2/22 Data Attachments (3): SW slot-build vs. plan_5.2.22 - CY22 only.xlsx; SW slot-build vs. plan_5.2.22 - CY23 only.xlsx; SW OB_CY22- 23 5.2.22.xlsx | NAV00087496 - 00087499 | FRE 401-402; FRE 601-602 | Relevant to allocation of production slots among customers Witnesses expected to testify regarding this exhibit have personal knowledge | OVERRULE FRE 401–402 — this internal Navistar Southwest-region build-vs-plan and order-board data, which measures actual build against planned slots by customer/vehicle center and identifies the specific build slots assigned across dealers and fleets, is directly probative of how Navistar allocated production capacity among customers, a core issue in the case. OVERRULE FRE 601–602 as a basis to exclude — competency is presumed under Rule 601, and the personal-knowledge requirement of Rule 602 is a witness-by-witness trial-foundation matter, not grounds to bar the exhibit; Plaintiffs represent the sponsoring witness(es) have personal knowledge. The email and workbooks are Navistar's own records, admissible under Rule 801(d)(2)(A) and FRE 803(6). ADMITTED subject to trial foundation under FRE 803(6)/901. |

| Trial Exhibit No. | Dep. Ex. No. | Witness(es) | Date | Description | Bates Number | Defendant's Objections | Plaintiffs' Responses | Special Master's Recommendation |
|---|---|---|---|---|---|---|---|---|
| P-132 | 62 | Akinosho | 5/4/2022 | Email/Attachment Re: Central - Production Dates changes.msg Attachment: CENTRAL LT PRODUCTION DATES CHANGED .xlsx | LOLL-0000051 - 0000052 | FRE 801-802; FRE 901 | 801(d); 807 901(b)(1) | OVERRULE FRE 801–802 as to the attached production-schedule data (LOLL-0000052) — the build-date figures are Navistar-origin order and production data offered as operative fact (that the build dates were in fact moved), and to the extent offered for their truth are Navistar's own records under Rule 801(d)(2)(A) and FRE 803(6); FRE 807 is available as a residual fallback. As to Lollis's cover-email statements, his question is not assertions offered for their truth, and his factual recitals track the attached Navistar data; any Lollis statement offered for its truth is subject to the Rule 801(d)(2)(D) agency-and-scope predicate, a Rule 104(a) trial-foundation matter deferred to trial consistent with the Recommendation on the dealer-agency question, with FRE 807 available. OVERRULE FRE 901 as a basis to exclude — authentication is a trial-foundation matter satisfied under Rule 901(b)(1) through a sponsoring witness with knowledge of the order board. ADMITTED, with any Lollis statement offered for its truth subject to the trial foundation on agency/scope. |
| P-210 | 100, 101 | Stinsa | 5/20/2022 | Email/Attachment Re: May CPL Update Attachment: Final Detailed Pricing 05.25.2022 JA.xlsx; Generic Pricing 05.25.2022 JA.xlsx | NAV00088538 - 00088542 | FRE 401-403; FRE 601-602; FRE 801-802 | Relevant to damages Witnesses expected to testify regarding this exhibit have personal knowledge 801(d); 803(3); 803(6); 807 | OVERRULE FRE 401–403 — Navistar's internal used-truck pricing list and the contemporaneous decisions to reduce advertised and take pricing on specific model years are directly probative of used-truck market values and pricing, which Plaintiffs tie to damages, and probative value is not substantially outweighed by any Rule 403 concern. OVERRULE FRE 601–602 as a basis to exclude — competency is presumed and personal knowledge is a witness-by-witness trial-foundation matter; Plaintiffs represent the sponsoring witness(es) have personal knowledge. OVERRULE FRE 801–802 — the email and pricing workbooks are Navistar's own records under Rule 801(d)(2)(A) and FRE 803(6), with the pricing rationale/intent content additionally within FRE 803(3). ADMITTED subject to trial foundation under FRE 803(6)/901. |

| Trial Exhibit No. | Dep. Ex. No. | Witness(es) | Date | Description | Bates Number | Defendant's Objections | Plaintiffs' Responses | Special Master's Recommendation |
|---|---|---|---|---|---|---|---|---|
| **P-139** | 134 | Akinosho | 5/24/2022 | Email/Attachments Re: SW OB Attachments (3): SW OB_CY22-24_5.24.22.xlsx; SW slot-build vs. plan_5.24.22 - CY22 only.xlsx; SW slot-build vs. plan_5.24.22 - CY23 only.xlsx | NAV00021385 - 000021388 | FRE 401-403; FRE 601-602; Not Disclosed | Relevant to allocation of production slots among customers Witnesses expected to testify regarding this exhibit have personal knowledge Identified on Plaintiffs' preliminary trial exhibit list | The "Not Disclosed" objection is resolved by the Stipulated Order on good-cause objections ECF No. 122. OVERRULE FRE 401–403 — this internal Navistar order board and build-vs-plan data, which tracks original-versus-reset slot dates at the order level and measures build against plan by customer, is directly probative of the allocation and reshuffling of production slots among customers, and probative value is not substantially outweighed by any Rule 403 concern. OVERRULE FRE 601–602 as a basis to exclude — competency is presumed and personal knowledge is a witness-by-witness trial-foundation matter; Plaintiffs represent the sponsoring witness(es) have personal knowledge. The email and workbooks are Navistar's own records under Rule 801(d)(2)(A) and FRE 803(6). ADMITTED subject to trial foundation under FRE 803(6)/901. |
| **P-211** | 102 | Stinsa | 5/24/2022 | Email Re: Prep for LT/RH Residual Review | NAV00088892 | FRE 401-403 | Relevant to damages | OVERRULE FRE 401–403 — this internal Navistar UTO/pricing email, which addresses used-truck CPL pricing strategy and the deterioration of LT/RH residual values on the relevant model-year units, is directly relevant to the pricing and valuation of the 2018 trade units and to damages, and probative value is not substantially outweighed by any Rule 403 concern. The email is Navistar's own record under Rule 801(d)(2)(A) and FRE 803(6). The defendant's "incomplete"/identification note implicates FRE 106 and Rule 901 foundation — completeness is curable rather than exclusionary, and authentication is a trial-foundation matter satisfied through a sponsoring witness with knowledge. ADMITTED subject to trial foundation under FRE 803(6)/901. |

| Trial Exhibit No. | Dep. Ex. No. | Witness(es) | Date | Description | Bates Number | Defendant's Objections | Plaintiffs' Responses | Special Master's Recommendation |
|---|---|---|---|---|---|---|---|---|
| **P-169e** | 108 | Stinsa | 11/23/2022 | Communications regarding potential sale of MY 2018 tractors with Navistar. | NAV00027748 | FRE 403; FRE 802-803; Incorrect description | Not unduly prejudicial; probative value outweighs any prejudice 801(d); non-hearsay uses; 807 Description is correct | OVERRULE FRE 802–803 as to the Navistar personnel's statements (Stinsa, Jones, Carmichael, Akinosho) — opposing-party statements under Rule 801(d)(2)(A); much of the content (offer terms, unit counts, prices, mileage figures) is operative fact or non-hearsay context rather than matter offered for its truth. As to the single forwarded Blain/Central email, it is the customer's own statement of the offer it was making — verbal-act/operative-fact (the terms of the proposal), not offered for the truth of any assertion within it; FRE 807 is available as a residual fallback. OVERRULE FRE 403 — probative value as to the valuation and disposition of the 2018 trade units is not substantially outweighed by any unfair-prejudice concern. The "incorrect description" objection is overruled; the chart reflects the description is correct, and any caption dispute is curable and non-exclusionary. ADMITTED. |
| **P-180** | 304 | Podewell | 11/29/2022 | Email/Attachment Re: CSA/CCO Meeting - 11/29/22 Minutes | NAV00105572 - 00105583 | FRE 501-502; FRE 601-602; FRE 801-802 | Only a small portion of the document has been redacted for privilege Witnesses expected to testify regarding this exhibit have personal knowledge 801(d); 803(6); 807 | OVERRULE FRE 501–502 as to non-privileged content; the limited privilege redaction Plaintiffs identify is maintained and any specific privileged communication remains redacted. OVERRULE FRE 601–602 as a basis to exclude — competency is presumed under Rule 601 and the personal-knowledge requirement of Rule 602 is a witness-by-witness trial-foundation matter; Plaintiffs represent the sponsoring witness(es) have personal knowledge. OVERRULE FRE 801–802 as to Navistar's own statements within the minutes — opposing-party statements under Rule 801(d)(2)(A) and a business record under FRE 803(6); as to any embedded third-party statement offered for its truth, that is reserved to trial foundation, with FRE 807 available. This internal CSA/CCO control document is relevant to the deal pipeline, surcharge/trade treatment, and slot/allocation issues. ADMITTED subject to trial foundation under FRE 803(6)/901. |

| Trial Exhibit No. | Dep. Ex. No. | Witness(es) | Date | Description | Bates Number | Defendant's Objections | Plaintiffs' Responses | Special Master's Recommendation |
|---|---|---|---|---|---|---|---|---|
| P-152 | 319 | Podewell | 12/21/2022 | Email: RE: Central Transport - MY24 SPA Summary – UPDATE | NAV00028080 | FRE 401-403; FRE 801-802 | Relevant to terms of agreement and performance of contract 801(d); 803(3); 807 | OVERRULE FRE 401–403 — this internal Navistar chain documenting the surcharge-waiver decision, its accounting treatment, and the underlying delivery-timing and no-trade-agreement background is directly relevant to the terms of the parties' agreement and Navistar's performance, core issues, and probative value is not substantially outweighed by any Rule 403 concern. OVERRULE FRE 801–802 as to the Navistar authors' statements — opposing-party statements under Rule 801(d)(2)(A) and a business record under FRE 803(6). As to the embedded recitation of the customer's reasons for being upset, those plaintiff statements are not offered for their truth but to show notice and the state of the negotiation; to the extent offered for the declarant's state of mind, FRE 803(3) applies, with FRE 807 available as a residual fallback. ADMITTED subject to trial foundation under FRE 803(6)/901. |
| **Exhibits Cited in the Deposition Designations but Not on a Current Trial Exhibit List** | | | | | | | | |
| | 116 | Akinosho | | | | Not on a current trial exhibit list | | EXCLUDE - Not on a trial exhibit list |
| | 117 | Akinosho | | | | Not on a current trial exhibit list | | EXCLUDE - Not on a trial exhibit list |
| | 121 | Akinosho | | | NAV00008728 | Not on a current trial exhibit list | | EXCLUDE - Not on a trial exhibit list |
| | 138 | Akinosho | | | | Not on a current trial exhibit list | | EXCLUDE - Not on a trial exhibit list |
| | 235 | Brown | | | | Not on a current trial exhibit list | | EXCLUDE - Not on a trial exhibit list |
| | 252 | Brown | | | | Not on a current trial exhibit list | | EXCLUDE - Not on a trial exhibit list |
| | 84 | Stinsa | | | NAV00024153 | Not on a current trial exhibit list | | EXCLUDE - Not on a trial exhibit list |
| | **NAV00017861** | Podewell | | | NAV00017861 | Not on a current trial exhibit list | | EXCLUDE - Not on a trial exhibit list |
| | **NAV00045275** | Podewell | | | NAV00045275 | Not on a current trial exhibit list | | EXCLUDE - Not on a trial exhibit list |
| | **NAV00045282** | Podewell | | | NAV00045282 | Not on a current trial exhibit list | | EXCLUDE - Not on a trial exhibit list |
| | **NAV00053921** | Podewell | | | NAV00053921 | Not on a current trial exhibit list | | EXCLUDE - Not on a trial exhibit list |