UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GLS LEASCO, INC. and
CENTRAL TRANSPORT, LLC,

      Plaintiffs,

v.

NAVISTAR, INC.,

      Defendant.

Case No. 23-cv-12927

Hon. Mark A. Goldsmith

Magistrate Judge Anthony P. Patti

---

**REPORT AND RECOMMENDATION OF THE SPECIAL MASTER REGARDING DEFENDANT'S EXHIBITS DX-43, DX-88, AND DX-92 AND THEIR USE DURING OPENING STATEMENTS**

On the Court's June 18, 2026 referral, the Special Master addresses Plaintiffs' objections to three of Defendant's trial exhibits: DX-43, DX-88, and DX-92. DX-43 and DX-88 were addressed in part in the June 10, 2026 Report and Recommendation (ECF No. 132) under Issues 7 and 8; the recommendations below refine that disposition and, as the Court directed, address the use of all three exhibits during opening statements. DX-92, a July 13, 2021 negotiation email concerning the superseded 2021 letter agreement, is addressed here for the first time. The Special Master preserves throughout the trial court's discretion under Federal Rules of Evidence 104, 403, and 611.

1

## I. DX-43 AND DX-88 (APRIL 2022 PRODUCTION-SCHEDULE EMAILS)

DX-43 and DX-88 are materially identical VIN lists that Jim Lollis transmitted to Plaintiffs on April 13 and 21, 2022, in the weeks before Plaintiffs signed the April 2022 Agreement on May 18, 2022. Each reflects estimated build dates indicating that the bulk of the units were not slated to begin production until June 2022, with some extending into July (DX-43; DX-88). They are relevant under Rule 401, a conclusion reinforced by the Court's reliance on DX-43 at summary judgment (ECF No. 72, PageID.2971) and by Navistar's contention that Plaintiffs knew before signing that the schedule had changed (ECF No. 141, PageID.6304-6305). Offered for the non-hearsay purpose of showing Plaintiffs' pre-signing notice and knowledge, the cover emails are not barred by hearsay; and Brianne Perkins's own April 21, 2022 request for weekly production updates in DX-88 is an opposing-party statement under Rule 801(d)(2)(A) (DX-88). Plaintiffs' Rule 403 concern—that the jury will credit a schedule Lollis built as Navistar's fixed, official data—goes to weight and is curable by a limiting instruction. Offered for the truth of the dates, a hearsay foundation must be laid at trial, and Navistar's alternative reliance on Rules 801(d)(1) and 803(5), each of which presumes a testifying witness, is premature (ECF No. 132).

## II.  DX-92 (JULY 13, 2021 FINK–BLAIN NEGOTIATION EMAIL)

DX-92 is a 2021 negotiation communication concerning the July 13, 2021 agreement that the April 2022 letter replaced. It is not wholly excludable. Kyle Blain's (Plaintiff GLS's President and Plaintiff Central's Vice President) own negotiating statements within the chain are opposing-party statements under Rule 801(d)(2)(A). Nor is a categorical relevance bar warranted: the chain tends to show Plaintiffs were told in July 2021 that 2022 production was "full" and supply-constrained, bearing on reasonable reliance and on the meaning of the April 2022 Agreement's "based on available production" language; and Plaintiffs themselves key their fraud damages to the delivery schedule under the July 2021 Agreement (ECF No. 142). The reserved questions are fact-bound: Justin Fink's statements, if offered for their truth against Navistar, depend on the unresolved Rule 801(d)(2)(D) agency determination already committed to trial (ECF No. 132); the relayed Navistar "announcement" requires foundation if offered for its truth; and the Rule 403 and 611 risk of litigating a superseded contract is best weighed in context. If admitted, the full chain comes in under Rule 106.

## III.  USE OF THE EXHIBITS DURING OPENING STATEMENTS

A party may, in opening statements, refer to evidence it reasonably and in good faith expects to be admitted. Because DX-43 and DX-88 are recommended for

admission for the limited notice-and-knowledge purpose, an outright bar on any reference would be unwarranted; the protection Plaintiffs need is against the jury crediting the build dates for their truth before foundation is laid. Navistar should therefore be permitted to reference DX-43 and DX-88 in opening for the notice purpose only—to show what Plaintiffs received and knew before signing—while being precluded from displaying, quoting, or characterizing the dates as Navistar's official, binding, or fixed production schedule pending the reserved truth-of-the-dates ruling. DX-92 stands differently. Because its admissibility beyond Blain's own statements is reserved, and no ruling admitting the document will exist when openings are delivered, Navistar should not display, quote, or characterize the reserved portions of DX-92 in opening.

## RECOMMENDATIONS

For the foregoing reasons, the Special Master respectfully recommends that the Court:

1. As to **DX-43 and DX-88**, hold them ADMISSIBLE for the non-hearsay purpose of establishing Plaintiffs' pre-signing notice and knowledge, subject to Rule 403 and a limiting instruction, and RESERVE the truth-of-the-dates use and its foundation (and the Rule 801(d)(1) and 803(5) theories) to trial;

2. As to **DX-92**, DECLINE to rule categorically; hold that Blain's statements within the chain are admissible under Rule 801(d)(2)(A); and RESERVE relevance, Rule 403, the Fink-agency scope question, and the foundation for any truth-use to trial, with completeness governed by Rule 106;

3. As to **opening statements**, permit Navistar to reference DX-43 and DX-88 for the notice purpose only, while precluding any characterization of

the build dates as Navistar's official or binding schedule, and preclude Navistar from displaying, quoting, or characterizing the reserved portions of DX-92; and

4. RESERVE to the trial court its discretion under Rules 104, 403, and 611, and preserve all substantive objections—relevance, hearsay, authentication, foundation, and completeness—for trial.

The parties may file objections to this Report and Recommendation by 9:00 a.m. on Sunday, June 21, 2026.

Respectfully submitted,

Dated: June 20, 2026

/s/ Nathan J. Fink
Nathan J. Fink
Special Master

5