# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

|  |  |
|---|---|
| GLS LEASCO, INC., and CENTRAL TRANSPORT LLC | Civil Action No. 23-cv-12927 |
| Plaintiffs, | Hon. Mark A. Goldsmith |
| v. | Magistrate Judge Anthony P. Patti |
| NAVISTAR, INC. | |
| Defendant. | |

## DEFENDANT NAVISTAR, INC.'S RESPONSE TO REPORT AND RECOMMENDATION REGARDING DEFENDANT'S EXHIBITS DX-43, DX-88, AND DX-92 AND THEIR USE <u>DURING OPENING STATEMENTS</u>

Defendant Navistar, Inc. ("Navistar") submits this memorandum in response to the Special Master's Report and Recommendation Regarding Defendant's Exhibits DX-43, DX-88, and DX-92 and Their Use During Opening Statements (the "Report"), ECF No. 150. Navistar respectfully objects to the Special Master's recommendation regarding Defendant's Exhibit DX-92 ("DX-92").

The Special Master recommended that portions of Justin Fink's statements within DX-92 be treated as subject to hearsay objections, Rule 611 objections, and Rule 403 objections (including the "risk of litigating a superseded contract") that should be reserved for trial. *Id.*, PageID.6626–27. On that basis, the Special Master recommended that Navistar "should not display, quote, or characterize" DX-92 in its opening statement. *Id.* Navistar respectfully objects for three reasons.

First, Plaintiffs lodged only Rule 401 and 403 objections to DX-92, and Navistar should not be precluded from offering evidence based upon objections Plaintiffs did not raise and therefore have waived. *See* Ex. A (Excerpts of Proposed Joint Final Pretrial Order), at 13 (raising only 401/403 objections); *see also*, *e.g.*, *Sommers-Wilson v. Samsung SDI Am., Inc.*, 2019 WL 3244611, at *3, n.1 (E.D. Mich. Jan. 4, 2019) (Goldsmith, J.) (holding that where a party "raised no issue regarding lateness in the proposed JFPO . . . any such objection now is waived").

Second, even if Plaintiffs had raised a hearsay objection, resolving such an objection as to Navistar's use of the document would not turn on the issue the Special

1

Master has reserved—whether Mr. Fink is an agent of Navistar.  Rather, Navistar offers Mr. Fink's statements for a clear non-hearsay use—notice to GLS Leasco, Inc. ("GLS").

DX-92 consists of emails between Mr. Fink and GLS's President, Kyle Blain, on July 13, 2021 (more than two weeks before the July 2021 Letter Agreement was finalized).  *See* Ex. B (DX-92).  Mr. Fink informs Mr. Blain that Navistar's "2022 calendar production is full," that Navistar is shutting down a plant "for 2 weeks to try and get caught up on supply chain issues," and that shutting down the plant "will only put more pressure on the production schedule." *Id.* at 1.  The Special Master recognized that these statements go to notice, stating that "the chain tends to show Plaintiffs were told in July 2021 that 2022 production was 'full' and supply-constrained."  ECF No. 150, PageID.6626.

Third, the 401 and 403 objections that Plaintiffs lodged to DX-92 should be overruled, especially in light of Plaintiffs' positions regarding the evidence they intend to offer.  The Special Master correctly recognized that the information communicated to Mr. Blain bears upon reasonable reliance as well as the meaning of the "based on available production" language that is in both the 2021 and 2022 supply agreements. *Id.*  That "based on available production" language is, of course, central to the dispute at issue.

But DX-92 is additionally relevant given Plaintiffs' declared intent to offer

evidence that Navistar's order board was full at the time of the July 2021 Letter Agreement as evidence of fraudulent intent.  In successfully opposing Navistar's motion in limine to exclude argument related to the 2021 Letter Agreement, Plaintiffs argued that "Navistar's pre-December 2021 conduct" proves the elements of fraud, including because Navistar's "internal records showed that its production schedule was already full" prior to signing the 2021 Letter Agreement is evidence of fraudulent intent.  ECF 105, PageID.4170.  DX-92 directly undercuts Plaintiffs' theories because the fact that Navistar was trying to fit Plaintiffs into an already-full order board was not a secret—it was communicated directly to GLS.  *See* Ex. B.

It is not *unfairly* prejudicial in any way to prove that Plaintiffs were on notice prior to signing the 2021 Letter Agreement that Navistar was trying to fit Plaintiffs' order into a full production environment.  Quite the opposite, it would be inequitable and unfairly prejudicial to Navistar to allow Plaintiffs to raise issues related to the 2021 Letter Agreement in their opening statement, but preclude Navistar's response based on the risk of "litigating a superseded contract."  ECF No. 150, PageID.6626.  If Plaintiffs are allowed to interject the 2021 Letter Agreement in their opening statement, then Navistar must be allowed to respond, including through relevant, non-hearsay uses of DX-92 (which, again, is not subject to a hearsay objection from Plaintiffs).

For these reasons, Navistar respectfully requests the recommendation

regarding DX-92 be overruled and that Navistar be allowed to show the jury in its opening statement that Mr. Fink told Mr. Blain that Navistar's order board was full prior to Mr. Blain signing the 2021 Letter Agreement.  In the alternative, to the extent that a discussion of evidence that creates a risk of "litigating a superseded contract" is reserved for trial and barred from opening statements, Navistar asks that Plaintiffs be precluded from raising issues related to the 2021 Letter Agreement in their opening statement as well.[1]

DATED: June 21, 2026                    Respectfully submitted,

                                        /s/ Kevin M. Jakopchek

Scott R. Murphy (P68015)                Kevin M. Jakopchek (IL 6317040)
BARNES & THORNBURG LLP                  LATHAM & WATKINS LLP
171 Monroe Ave. NW, Suite 1000          330 North Wabash Avenue, Suite 2800
Grand Rapids, MI 49503                   Chicago, Illinois 60611
616-742-3930                             Tel: (312) 876-7700
smurphy@btlaw.com                        kevin.jakopchek@lw.com

*Attorneys for Defendant Navistar, Inc. n/k/a International Motors LLC*

---

[1] Indeed, the fact that Plaintiffs have the exact same document on their exhibit list as P-23 undercuts their claim that the document is unfairly prejudicial.  *See* Ex. A, at 5.

4

**LOCAL RULE CERTIFICATION**

I, Kevin M. Jakopchek, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts).  I also certify that it is the appropriate length.  Local Rule 7.1(d)(3).

/s/ Kevin M. Jakopchek
Kevin M. Jakopchek (IL Bar #6317040)
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, Illinois 60611
Tel: 312.876.7700
Fax: 312.993.9767
kevin.jakopchek@lw.com

**CERTIFICATE OF SERVICE**

I certify that on June 21, 2026 a true and correct copy of the foregoing document was filed with the Clerk of Court using the CM/ECF system, which will send electronic notification of such filing to all counsel of record.

*/s/ Kevin M. Jakopchek*

6