UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GLS LEASCO, INC. and
CENTRAL TRANSPORT, LLC,

      Plaintiffs,

v.

      NAVISTAR, INC.,

Defendant.

Case No. 23-cv-12927

Hon. Mark A. Goldsmith

Magistrate Judge Anthony P. Patti

---

**Plaintiffs' Objections to the Report and Recommendation of the
Special Master Regarding Deposition Designation
Exhibits Regarding ECF No. 116**

**TABLE OF CONTENTS**

INTRODUCTION ....................................................................................................1

ARGUMENT ..........................................................................................................2

    I.     All of the "Not On a Current Exhibit List" Exclusions Are
          Admissible Documents for Which Navistar Has Suffered No
          Surprise. ...................................................................................................2

    II.    Another of the Special Master's Rulings Is Ambiguous, and
          Plaintiffs Ask the Court to Eliminate the Ambiguity Before Trial. ...........4

    III.   Many of the Special Master's Rulings Include Unclear Reservations
          for Admission "Subject to Trial Foundation Under FRE
          803(6)/901"……………………………………………………6

CONCLUSION ......................................................................................................7

## INTRODUCTION

Plaintiffs GLS Leasco, Inc. and Central Transport, LLC respectfully submit these limited objections to the Special Master's June 20, 2026 Report and Recommendation regarding deposition designation exhibits (ECF No. 149) ("Report"). Plaintiffs accept the great majority of the Special Master's rulings, but respectfully raise three narrow objections to clarify and correct certain minor errors or ambiguities in the Special Master's recommendations.

First, 11 exhibits were excluded solely because the Special Master believed they had not been formally added to Plaintiffs' trial exhibit list, even though each was already a numbered trial exhibit or was expressly authorized for inclusion on the trial exhibit list by the Court's June 8, 2026 Order as a document "used at deposition." Second, one ruling in Plaintiffs' favor contains an ambiguity about the scope of admitted testimony from the David Brown deposition that Plaintiffs ask the Court to clarify now, to avoid a trial interruption. Third, a number of the Special Master's admission rulings include unclear "foundation" reservations under Federal Rules of Evidence 803(6) and 901. Because the parties have not disputed the authenticity of their own produced documents and the Special Master appeared to earlier conclude that the records were admissible under Federal Rule of Evidence 803(6), Plaintiffs ask the Court to confirm that these exhibits are admissible as-is.

**ARGUMENT**

I.  **All of the "Not On a Current Exhibit List" Exclusions Are Admissible Documents for Which Navistar Has Suffered No Surprise.**

As an initial matter, the Special Master is, with all respect, incorrect to exclude the 11 documents listed at the end of his Appendix 1 to his Report (ECF No. 149-1, PageID.6623). All of these exhibits are admissible at trial because they are already numbered trial exhibits and because *prior* rulings of the Special Master concluded that they could be added to Plaintiffs' trial exhibit list.

*First*, three of the 11 exhibits were already numbered trial exhibits on the original Trial Exhibit List:

- NAV00045282 (Podewell) is identical to P-21;

- NAV00053921 (Podewell) is part of the family of documents designated as P-38; and

- NAV00017861 (Podewell) is part of the family of documents designated as P-183.

(*See* May 27, 2026 [Proposed] Joint Final Pretrial Order, Appendix 1 (submitted via the CM/ECF Utilities function).) The remaining eight exhibits were assigned trial exhibit numbers and formally added to Plaintiffs' trial exhibit list on June 18, 2026.

*Second*, the Special Master previously concluded that the documents could be offered as trial exhibits, as all were used at deposition. On June 8, 2026, the Court entered an Order adopting the Special Master's Report and Recommendation that all "[e]xhibits used at deposition" could be "marked and used at trial without further

– 2 –

showing of good cause," even if they were not previously identified on a party's trial exhibit list. (ECF No. 122, PageID.5684-85.) By the Special Master's own admission in Appendix 1 to his Report, each of the exhibits at issue were "[c]ited in the [d]eposition [d]esignations" (ECF No. 149-1, PageID.6623), meaning they were necessarily "used at deposition[s]," (ECF No. 122, PageID.5684-85) and so are admissible:

| Witness | Deposition Exhibit Number | Trial Exhibit Number |
|---|---|---|
| Podewell | NAV00045275 | P-246 |
| | NAV00045282 | Identical to P-21 |
| | NAV00053921 | P-38 |
| | NAV00017861 | P-183 |
| Akinosho | Ex. 121 | P-248 |
| | Ex. 116 | P-249 |
| | Ex. 117 | P-250 |
| | Ex. 138 | P-251 |
| Stinsa | Ex. 84 | P-252 |
| Brown | Ex. 235 | P-253 |
| | Ex. 252 | P-254 |

Navistar was fully aware of Plaintiffs' deposition designations, and the fact that these exhibits were referenced in the designations, before June 18, 2026.

– 3 –

Nevertheless, Navistar attempted to seize on a mere mechanical omission—*i.e.*, that after the Court's June 8, 2026 Order, eight of the deposition exhibits were not given a trial exhibit number until June 18, 2026—to justify their exclusion. That administrative task has now been completed, and Navistar has no basis to argue for the exclusion of these exhibits.

**II.     The Court Should Confirm that Brown's Designated Testimony at 279:7-16 Concerns the Admitted February Email (P-96/Dep. Ex. 245.)**

The Special Master admitted Brown's testimony identifying and discussing a February 8, 2022 email (Exhibit 245) at 225:23-25 and 227:7–230:10. (ECF No. 140-1, PageID.6244-6255, ## 78-79.) For one passage later about the same email—279:7-16—he stated that the designation is admitted if an unnamed "underlying exhibit" was also admitted. (ECF No. 140-1, PageID.6247.) The Court should confirm that the underlying exhibit is Exhibit 245 and that 279:7-16 is admitted, before the open reference becomes a trial-day dispute.

Exhibit 245—Trial Exhibit P-96—is a February 8, 2022 email chain in which Brown asks Maria Averhart to line set 340 of Central's trucks in March, April, and May 2022. (Ex. 1, P-96/Dep. Ex. 245). The designated testimony at 279:7-16 is about that February email: he was asked whether there was enough time to slot trucks for March production back in February when he "asked Mark Belisle for approval to have Maria lineset 340 in March, April, and May" back in February. (Ex. 2, Brown Dep. 279:7–11.) Brown replied "That's what the e-mail stated." *Id.* Because 279:7-

16 refers to Exhibit 245, and Exhibit 245 is admitted, the Special Master's ruling means that this testimony is also admitted.

Nevertheless, because Brown's testimony at 279:7-16 is so damaging to its position, Navistar will likely seize on an ambiguity in the Special Master's ruling: it never names the underlying exhibit. Two accidents of the transcript supply the opening: Exhibit 252 was the last document shown to Brown before the 279:7-16 exchange occurred, and the Special Master excluded Exhibit 252 because it is not on a trial exhibit list. (ECF No. 149-1, PageID.6623.) Because no party designated testimony about Exhibit 252, it is unclear why the Special Master even mentioned it. Navistar will nonetheless argue that because 279:7-16 comes after Exhibit 252 was shown, Exhibit 252 must be its "underlying exhibit" and that excluding Exhibit 252 excludes 279:7-16 with it.

The testimony forecloses that reading. Exhibit 252 is an April 20, 2022 email. (Ex. 3, Dep. Ex. 252). The designated lines ask Brown about the February 2022 approval and the February email that recorded it. (Ex. 2, Brown Dep. at 279:7-16.) Because that February 2022 email is the admitted Exhibit 245, the testimony at 279:7-16 is admitted along with it. The Court should resolve the ambiguity now, before trial, and confirm that 279:7-16 is admitted.

### III. Many of the Special Master's Rulings Include Unclear Reservations for Admission "Subject to Trial Foundation Under FRE 803(6)/901"

Finally, many of the exhibits the Special Master admitted have unclear reservations for "foundation" under Federal Rules of Evidence 803(6) and 901:

- P-11, P-52, P-84, P-139, P-152, P-177, P-178, P-179, P-180, P-181, P-209, P-210: The Special Master initially overruled Navistar's hearsay objection and concluded that Federal Rule of Evidence 803(6) has been satisfied, but then stated the exhibits were "ADMITTED subject to trial foundation under FRE 803(6)." (*See* ECF No. 149-1, PageID.6607, 6609, 6611, 6613-14, 6616, 6619-23.)

- P-62, P-208, P-245D: The Special Master overruled Navistar's hearsay objection and concluded that these exhibits were admissible under Federal Rules of Evidence 801(d)(2)(A), 803(3), and 807, but then stated that they were "ADMITTED subject to trial foundation under FRE 803(6)." (*See id.* at PageID.6610, 6615.)

- P-67, P-72, P-99, P-113, P-128, P-183, P-211, P-219, P-221: Neither party objected to these exhibits on hearsay grounds, but the Special Master stated that they were "ADMITTED subject to trial foundation under FRE 803(6)." (*See id.* at PageID.6611-12, 6614, 6617-19, 6621.)

- P-11, P-52, P-62, P-67, P-72, P-84, P-99, P-113, P-128, P-139, P-152, P-177, P-178, P-180, P-181, P-183, P-208, P-209, P-210, P-211, P-219, P-

221, P-245D: Neither party objected to these exhibits on authenticity grounds, but the Special Master stated that they were "ADMITTED subject to trial foundation under FRE…901." (*See id.* at PageID.6607, 6609-23.)

Given all of this, Plaintiffs ask the Court to clarify that each of these exhibits is admissible as-is, through the video depositions.

## CONCLUSION

This Court should decline to adopt the Special Master's June 20, 2026 Report to the limited extent challenged above.

Respectfully submitted,

KIENBAUM HARDY
VIVIANO PELTON & FORREST, P.L.C.:

By: /s/ Thomas J. Davis
    Eric J. Pelton (P40635)
    Thomas J. Davis (P78626)
Counsel for Plaintiffs
280 N. Old Woodward Ave., Ste. 400
Birmingham, MI 48009
(248) 645-0000
epelton@khvpf.com
Date: June 21, 2026    tdavis@khvpf.com

– 7 –

## LOCAL RULE CERTIFICATION

I, Eric J. Pelton, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify that it is the appropriate length. Local Rule 7.1(d)(3).

*/s/ Thomas J. Davis*
Thomas J. Davis (P78626)
Kienbaum Hardy
Viviano Pelton & Forrest, P.L.C.
280 N. Old Woodward Ave., Ste. 400
Birmingham, MI 48009
(248) 645-0000
tdavis@khvpf.com

**CERTIFICATE OF SERVICE**

I hereby certify that on June 21, 2026, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to all ECF participants on record.

/s/ Eric J. Pelton
Eric J. Pelton (P40635)
Kienbaum Hardy
Viviano Pelton & Forrest, P.L.C.
280 N. Old Woodward Ave.
Ste. 400
Birmingham, MI 48009
(248) 645-0000
epelton@khvpf.com