| Navistar's objections to Plaintiffs' questioning of Jim Lollis* | | |
|---|---|---|
| Objection | Page:Line | Basis |
| 1 | 19:6-21:16 | improper impeachment |
| 2 | 22:19-23:8 | calls for a legal conclusion as it asks if Navistar complied with the contract in question; speculation as Lollis was not involved in the drafting of the 2022 |
| 3 | 23:17-21 | calls for a legal conclusion as it asks if Navistar complied with the contract in question; speculation as Lollis was not involved in the drafting of the 2022 |
| 4 | 33:17-35:3 | improper refreshing recollection |
| 5 | 36:10-37:5 | improper refreshing recollection |
| 6 | 37:6-38:23 | improper impeachment |
| 7 | 48:16-20 | speculation; foundation - witness is never presented with any support for basis |
| 8 | 56:5-12 | foundation; speculation - witness states he has no basis to answer the question |
| 9 | 58:3-11 | foundation; speculation - witness previously stated he has no basis to answer |
| 10 | 62:11-13 | calls for a legal conclusion as it asks if Navistar complied with the contract in question; speculation as Lollis was not involved in the drafting of the 2022 |
| 11 | 64:24-65:7 | calls for a legal conclusion as it asks if Navistar complied with the contract in question; speculation as Lollis was not involved in the drafting of the 2022 |
| 12 | 65:9-17 | calls for a legal conclusion as it asks if Navistar complied with the contract in question; speculation as Lollis was not involved in the drafting of the 2022 |
| 13 | 75:21-25 | calls for a legal conclusion as it asks if Navistar complied with the contract in question; speculation as Lollis was not involved in the drafting of the 2022 |
| 14 | 80:18-24 | misstates the document; calls for a legal conclusion as it asks if Navistar complied with the contract in question; speculation as Lollis was not involved |
| 15 | 89:3-8 | calls for a legal conclusion as it asks if Navistar complied with the contract in question; speculation as Lollis was not involved in the drafting of the 2022 |
| 16 | 93:4-16 | calls for a legal conclusion as it asks if Navistar complied with the contract in question; speculation as Lollis was not involved in the drafting of the 2022 |
| 17 | 102:2-8 | calls for a legal conclusion as it asks if Navistar complied with the contract in question; speculation as Lollis was not involved in the drafting of the 2022 |
| 18 | 103:11-104:8 | calls for a legal conclusion as it asks if Navistar complied with the contract in question; speculation as Lollis was not involved in the drafting of the 2022 agreement; invading province of the jury; 401-403 |

| | | |
|---|---|---|
| 19 | 140:9-141:4 | 401-402: testimony makes clear this is about different trucks not at issue in this matter |
| 20 | 150:3-6 | calls for a legal conclusion as it asks if Navistar complied with the contract in question; speculation as Lollis was not involved in the drafting of the 2022 agreement; invading province of the jury; 401-403 |
| 21 | 157:15-18 | calls for a legal conclusion as it asks if Navistar complied with the contract in question; speculation as Lollis was not involved in the drafting of the 2022 |
| 22 | 162:13-163:2 | calls for a legal conclusion as it asks if Navistar complied with the contract in question; speculation as Lollis was not involved in the drafting of the 2022 |
| 23 | 164:1-6 | calls for a legal conclusion as it asks if Navistar complied with the contract in question; speculation as Lollis was not involved in the drafting of the 2022 |
| 24 | 164:13-24 | calls for a legal conclusion as it asks if Navistar complied with the contract in question; speculation as Lollis was not involved in the drafting of the 2022 agreement; invading province of the jury; 401-403 |
| 25 | 165:1-13 | testimony makes clear this is about different trucks not at issue in this matter |
| 26 | 168:22-169:3 | calls for a legal conclusion as it asks if Navistar complied with the contract in question; speculation as Lollis was not involved in the drafting of the 2022 agreement; invading province of the jury; 401-403 |
| 27 | 172:11-17 | calls for a legal conclusion as it asks if Navistar complied with the contract in question; speculation as Lollis was not involved in the drafting of the 2022 |
| 28 | 172:18-173:23 | outside the scope of the reexamination; improper re-direct |

| Objection | Ex No. | Basis |
|---|---|---|
| 1 | PX 255 | plaintiffs added exhibit to exhibit list during deposition without any notice to Defendants and against parties' agreement that "The parties have agreed that as to the de bene esse depositions of Fink and Lollis, both sides may ask |
| 2 | PX 255 | plaintiffs added exhibit to exhibit list during deposition without any notice to Defendants and against parties' agreement that "The parties have agreed that as to the de bene esse depositions of Fink and Lollis, both sides may ask |

| | | |
|---|---|---|
| 3 | PX 50 | 801-802; hearsay within hearsay as to Joe (GLS employee) statement |
| 4 | PX134 | 801-802: Kyle Blain statement is hearsay |
| 5 | PX138 | 801-802: Kyle Blain statement is hearsay |
| 6 | PX161 | 801-802: Kyle Blain statement is hearsay |
| 7 | PX140 | 801-802: Kyle Blain statement is hearsay |

Navistar's objections to Plaintiffs' questioning of Justin Fink*

| Objection | Page:Line | Basis |
|---|---|---|
| 1 | 13:9-14:5 | Improper impeachment (deposition did not contradict testimony) |
| 2 | 27:43-28:19 | Improper impeachment (deposition did not contradict testimony) |
| 3 | 46:7-47:18 | Object to form -- it is unclear whether quesitoner asking if witness understood the document to be suggesting what is asked at the time it was sent, or understands it that way readingn it now. |
| 4 | 50:9-2 | Object to form -- questioner posits that trucks are "valued" at $62,000 in the OTB.  As questioning establishes, the OTB does not provide a valuation, but rather a pre-negotiated trade-in amount |
| 5 | 55:3-21 | 401/403/602/foundation -- witness does not identify who said from the CSA team made the alleged comment, depriving Navistar of the ability to rebut , and the context-less purported reference by an unknown CSA team member does not make any fact of consequence more or less probable |
| 6 | 58:17-59:8 | 401/403 -- text message refers to characterization of Navistar's price negotiation prior to the signing of 2021 agreement, which Navistar had a right to do and which  is not relevant to the case, use of inflammatory language is prejudicial |
| 7 | 86:2-87:21 | Hearsay --Fink's emailed statements are clearly not in the context of being an agent for Navistar, but are being offered for the truth of the matters asserted; witness is not asked to and does not adopt statements on examination; |
| 8 | 87:4-87:12 | The August 25, 2021 order date in the exhibit being discussed refers to trucks under the 2021 Letter Agreement, the breach of which is not at issue; Plaintiffs' trucks under the 2022 Letter Agreement were ordered at the end of March, 2022. |
| 9 | 87:13-21 | 401/403 -- witness testifies to not being involvedi in 2022 letter agreement negotiation (112:9-112:15), and opinions regarding what the 2022 letter agreement means therefore are not relevant and invade province of jury (see also 128:13-19 -- witness cannot identify basis for the emailed statement) |
| 10 | 166:23-167:13 | Questioning is argumentative, compound, and confusing. |
| 11 | 169:2-170:4 | Navistar incorporates designation objectoin 7 and 9, and questioning refers to draft agreement |
| 12 | 172:8-172:22 | Outside of scope of examination (which was about the absence of complaints that all trucks were not delivered) and hearsay regarding Mr. Blain's statements offered by Plaintiffs. |

| Objection | Ex No. | Basis |
|---|---|---|
| 1 | 8 | 401/403 -- see objection 5 above |
| 2 | 15 | 401/403 -- see objection 6 above; text message refers to characterization of Navistar's price negotiation prior to the signing of 2021 agreement, which Navistar had a right to do and which  is not relevant to the case, use of inflammatory language is prejudicial |
| 3 | 159 | Navistar incorporates Page/Line Objections 7-9 |

*Navistar understands Plaintiffs' positions to be the entirety of the questions and answers from the *De Bene Esse depositions should be designated*