**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

|  |  |
|---|---|
| GLS LEASCO, INC., and CENTRAL TRANSPORT LLC | Civil Action No. 23-cv-12927 |
|  | Hon. Mark A. Goldsmith |
| Plaintiffs, | Magistrate Judge Anthony P. Patti |
| v. |  |
| NAVISTAR, INC. |  |
| Defendant. |  |

**DEFENDANT NAVISTAR, INC.'S**
**MOTION FOR TRIAL CONTINUANCE**

**NOW COMES** Defendant Navistar, Inc. ("Navistar"), by and through undersigned counsel, and respectfully moves this Court to continue the trial currently set for June 23, 2026. (ECF No. 78.)

The Court's recent ruling partially denying Navistar's Motion in Limine No. 8 (ECF No. 101) allows Plaintiffs GLS Leasco, Inc. ("GLS") and Central Transport, LLC ("Central") (collectively, "Plaintiffs") to seek exemplary damages for reputational harm at trial. Despite promising they would do so in this case, Plaintiffs have never quantified this claim—no damages computation exists under Rule 26(a)(1)(A)(iii); Plaintiffs' expert never opined on exemplary damages (Ex. A to

ECF No. 90, Kahaian Dep. at 27:17-23); Plaintiffs' own 30(b)(6) representative admitted that Central could not account for reputational damages (Ex. D to ECF No 101, Blain 9/11/2024 Dep. at 15:3-17:22.); and Plaintiffs wholly failed to provide any factual basis to support the claim.  Plaintiffs did not allude to any factual basis for their exemplary damages (which Navistar asked for in written discovery) until less than a week ago, through the Court-ordered Declaration of Kyle Blain filed June 17, 2026.  (ECF No. 143.)  With only one business day between the Court's ruling and trial, Navistar needs additional time to investigate and rebut these newly injected facts to defend itself at trial.

Accordingly, Navistar requests a 30-day continuance to July 23, 2026, or such other date as the Court deems appropriate, to allow Navistar to conduct discovery on the factual underpinnings of Mr. Blain's June 17, 2026 declaration and Plaintiffs' exemplary damages theory.  Pursuant to Local Rule 7.1(a), concurrence was sought from Plaintiffs' counsel but not obtained.

Dated: June 22, 2026                          Respectfully submitted,

Scott R. Murphy (P68015)            /s/ *Kevin M. Jakopchek*
Anthony C. Sallah (P84136)          Kevin M. Jakopchek (IL 6317040)
BARNES & THORNBURG LLP              LATHAM & WATKINS LLP
171 Monroe Ave. NW, Suite 1000      330 North Wabash Avenue, Suite 2800
Grand Rapids, MI 49503              Chicago, Illinois 60611
Tel: (616)-742-3930                Tel: (312) 876-7700
smurphy@btlaw.com                  kevin.jakopchek@lw.com
asallah@btlaw.com

2

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| GLS LEASCO, INC., and CENTRAL TRANSPORT LLC | Civil Action No. 23-cv-12927 |
| | Hon. Mark A. Goldsmith |
| Plaintiffs, | |
| | Magistrate Judge Anthony P. Patti |
| v. | |
| NAVISTAR, INC. | |
| Defendant. | |

**BRIEF IN SUPPORT OF DEFENDANT NAVISTAR, INC.'S**
**<u>MOTION FOR TRIAL CONTINUANCE</u>**

1

## STATEMENT OF ISSUE PRESENTED

I.      Whether manifest injustice would result under Federal Rule of Civil Procedure 16(e) from requiring Navistar to proceed to trial without any opportunity to prepare a defense to exemplary damages for reputational harm as first expounded upon through new factual allegations less than a week before trial.

II.      Whether good cause exists under Federal Rule of Civil Procedure 16(b)(4) and Local Rule 40.2 to continue the trial date where the Court's ruling permits Plaintiffs to seek exemplary damages and Plaintiffs have disclosed entirely new factual support that was never disclosed during discovery as required.

## CONTROLLING OR MOST APPROPRIATE AUTHORITIES

1. *Design Eng'g & Analysis Servs., Inc. v. Giddy Holdings, Inc.*, No. 21-3433, 2022 WL 874310, at *4 (6th Cir. Mar. 24, 2022)

2. *United States v. 9.19 Acres of Land, More or Less, in Marquette Cnty.*, *Mich.*, 416 F.2d 1244, 1245 (6th Cir. 1969)

3. *Anderson v. Sheppard*, 856 F.2d 741, 745 (6th Cir. 1988)

4. *United States v. Celestine*, No. 06-60059, 2008 U.S. Dist. LEXIS 51925, at *188 (W.D. La. July 7, 2008)

5. *Goerdt v. Midwest Transp. Specialists, Inc.*, No. CV 15-34-DLB-CJS, 2018 WL 326463 (E.D. Ky. Jan. 8, 2018)

6. E.D. Mich. LR 40.2

7. Fed. R. Civ. P. 16(e)

## RELEVANT BACKGROUND

On September 3, 2024, Plaintiffs moved to amend their complaint to include a fraud claim.  Thereafter, Plaintiffs supplemented their interrogatory answers to indicate that they would be seeking "exemplary damages for the injury to its reputation among customers and employees and the loss of its goodwill" but never offered any factual support for the claim. (ECF No. 147-6, PageID.6541.)

In addition, Plaintiffs never proffered any expert testimony concerning reputational damages, and their corporate representative testified that he could not quantify any reputational damages and was not "aware of anyone doing that." (ECF No. 101-5, PageID.4060-64; Blain Dep. at 13:15-22.)

On April 28, 2026, Navistar filed its combined Motion in Limine, including MIL No. 8 seeking to preclude evidence of exemplary damages for reputation and goodwill. (ECF No. 101, PageID.4015-18.)  As Navistar explained, Plaintiffs failed to disclose *any* factual basis for their reputational and goodwill exemplary damages request.  *See id.*

Recognizing that "the record is very sparse on exactly what kind of reputational damage is being sought as part of exemplary damages" with "no specification of exactly what the damage is or was" and "a very sketchy kind of set of statements," the Court ordered Plaintiffs to file "a declaration from any witness

4

who's going to testify regarding damage to reputation or goodwill." June 16, 2026 Hrg at 14-15.

On June 17, 2026, Plaintiffs offered the declaration of Kyle Blain and for the first time disclosed the "New Fleet Initiative" that Central allegedly started in 2015 in support of its claim for reputational and goodwill damages. At no time before Plaintiffs submitted Mr. Blain's affidavit did Plaintiffs disclose this alleged initiative or any of the details in Mr. Blain's declaration, despite Navistar's discovery requests seeking the factual basis for all of Plaintiffs' claims and damages. *See* ECF No. 147.

On June 19, 2026, the Court informed the parties that it would permit Plaintiffs to seek exemplary damages based on reputational damage or loss of goodwill. Trial is set for June 23, 2026, and Navistar is significantly prejudiced by having to defend itself against Plaintiffs' newly asserted and unsubstantiated factual allegations underlying their exemplary damages.

## LEGAL STANDARD

Under E.D. Mich. LR 40.2, a party may seek a continuance by motion showing good cause. Furthermore, after a final pretrial conference, a court may modify the final pretrial order "to prevent manifest injustice." Fed. R. Civ. P. 16(e). In addressing a request for trial continuance, courts "avoid 'mechanical tests' in favor of a totality-of-the-circumstances review," considering "the timing of the request, the need for a continuance, and the prejudice that would result." *Integrated*

*Design Eng'g & Analysis Servs., Inc. v. Giddy Holdings, Inc.*, No. 21-3433, 2022 WL 874310, at \*4 (6th Cir. Mar. 24, 2022) (citations omitted).

## ARGUMENT

**A.      Good Cause Exists for a Continuance and is Necessary to Prevent Manifest Injustice.**

Denial of a continuance constitutes an abuse of discretion when it prejudices a party's ability to present or prepare its case. *United States v. 9.19 Acres of Land, More or Less, in Marquette Cnty., Mich.*, 416 F.2d 1244, 1245 (6th Cir. 1969); *Anderson v. Sheppard*, 856 F.2d 741, 745 (6th Cir. 1988) (holding that a continuance was warranted where the party did not have sufficient time to meaningfully prepare a defense).

Here, Navistar faces a damages theory based on brand-new allegations with no defined contours or factual support. Plaintiffs have sought exemplary damages for reputational harm since September 2024 but in the entirety of this matter have never: (i) supported them with factual allegations (*see generally* ECF No. 147), (ii) quantified them (ECF No. 101-5, PageID.4060-64), (iii) supported them with expert testimony (Ex. A to Dkt. 90, Kahaian Dep. at 27:20-23), or (iv) identified any witness or methodology to value them. Instead, Navistar now faces exemplary damages testimony based on facts it learned of for the first time on June 17, 2026, without any corresponding documents.

6

Forcing Navistar to defend against an unquantified damages theory supported by newly disclosed facts with no opportunity for discovery is manifest injustice. A 30-day continuance is a proportional remedy and good cause exists.

**B.** **Plaintiffs Never Developed Their Exemplary Damages Theory, Leaving Navistar with Nothing to Prepare Against.**

When evaluating requests for continuances, the Sixth Circuit considers "the timing of the request, the need for a continuance, and the prejudice that would result," while "avoid[ing] 'mechanical tests.'" *Integrated Design Eng'g*, 2022 WL 874310, at *4. Each factor favors a continuance.

***Plaintiffs Alleged Several New Facts Regarding Reputation a Week Ago, Leaving Navistar Without a Sufficient Avenue to Prepare.*** The Blain declaration provides new and unsubstantiated allegations that should have been previously disclosed. Among other things, Blain offers that in 2015, to counter Central's previously existing poor reputation, Plaintiffs launched a "focused and expensive" New Fleet Initiative program, which allegedly stalled due to Navistar's alleged conduct and a resulting decrease in available truck drivers, poor company morale, and damaged public reputation. (ECF No. 143). Each of these allegations is entirely new and was never disclosed before. *See* Navistar Response Brief, ECF No. 147, PageID.6498. Plaintiffs essentially propose that Mr. Blain testify regarding a series of hearsay communications that Plaintiffs never produced and Navistar cannot test. (ECF No. 147, PageID.6498.)

7

Navistar must be provided the opportunity to test these allegations through discovery outside of the presence of the jury.  A continuance is warranted where a party cannot meaningfully prepare its defense, as "forcing defendant[] to go to trial without adequate opportunity to prepare a meaningful defense is no trial at all." *See United States v. Celestine*, No. 06-60059, 2008 U.S. Dist. LEXIS 51925, at *188 (W.D. La. July 7, 2008) (granting motion for continuance where plaintiff failed to supplement its discovery as required) (emphasis removed); *Goerdt v. Midwest Transp. Specialists, Inc.*, No. CV 15-34-DLB-CJS, 2018 WL 326463 (E.D. Ky. Jan. 8, 2018).

***Navistar Acted Diligently and Plaintiffs Will Not Be Prejudiced.*** Navistar properly filed MIL No. 8 to challenge exemplary damages (ECF No. 101, PageID.4015-18).  On June 19, Navistar was informed the Court would permit Plaintiffs to seek exemplary damages based on reputational damage or loss of goodwill.  Navistar now brings this motion at the first available opportunity following that ruling.  Navistar will suffer prejudice if it is not allowed to test and explore these new theories, as described above and in the related Motions in Limine. Plaintiffs, on the other hand, will suffer no prejudice by a slight delay in trial to allow for the discovery they should have affirmatively disclosed years ago.  A brief continuance serves the interests of justice by ensuring both parties can try this case fairly.

8

**CONCLUSION**

For these reasons, and for those expressed in ECF No. 147, Navistar requests a 30-day continuance to July 23, 2026, or such other date as the Court deems appropriate to allow Navistar to conduct discovery on Mr. Blain's June 17, 2026 declaration.

Dated: June 22, 2026

Respectfully submitted,

Scott R. Murphy (P68015)
Anthony C. Sallah (P84136)
BARNES & THORNBURG LLP
171 Monroe Ave. NW, Suite 1000
Grand Rapids, MI 49503
Tel: (616)-742-3930
smurphy@btlaw.com
asallah@btlaw.com

/s/ *Kevin M. Jakopchek*
Kevin M. Jakopchek (IL 6317040)
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, Illinois 60611
Tel: (312) 876-7700
kevin.jakopchek@lw.com

9

## LOCAL RULE CERTIFICATION

I, Kevin M. Jakopchek, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for nonproportional fonts) or 14 point (for proportional fonts).  I also certify that it is the appropriate length.  Local Rule 7.1(d)(3).

/s/ *Kevin M. Jakopchek*
*Attorney for Defendant Navistar, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 22, 2026, the foregoing was electronically filed with the CM / ECF system which will send notification of such filing to the e-mail addresses registered in the CM / ECF system, as denoted on the Electronic Mail Notice List.

/s/ *Kevin M. Jakopchek*
*Attorney for Defendant Navistar, Inc.*