# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

|  |  |
|---|---|
| GLS LEASCO, INC., and CENTRAL TRANSPORT LLC<br><br>          Plaintiffs,<br><br>   v.<br><br>NAVISTAR, INC.<br><br>          Defendant. | Civil Action No. 23-cv-12927<br><br>Hon. Mark A. Goldsmith<br><br>Magistrate Judge Anthony P. Patti |

**DEFENDANT NAVISTAR, INC.'S
TRIAL BRIEF REGARDING THE ADMISSIBILITY OF ONLINE
REVIEWS OF CENTRAL TRANSPORT
<u>(DEFENDANT'S EXHIBITS 428–440)</u>**

Defendant Navistar, Inc. ("Navistar") submits this brief in support of the admissibility of Defendant's Exhibits DX-428 through DX-440, consisting of PageVault captures of reviews of Plaintiff Central Transport LLC ("Central"). Navistar respectfully requests that the Court overrule Plaintiffs' objections to these documents that Navistar intends to introduce at trial. Because the Court has indicated its intent to allow Plaintiffs to put on evidence of harm to their reputation and goodwill, and these exhibits are likely to come up during the examination of Kyle Blain, Navistar submits this trial brief in support of their admission.

Plaintiffs objected to each of the Exhibits on the following grounds: "Not on exhibit list. Not timely disclosed in discovery. Hearsay. 401/403. Best evidence rule. Incomplete. Foundation. Authenticity." *See* Ex. A (Excerpt of Proposed Joint Final Pretrial Order), at App. 2, pgs. 53–56.[1]

Rules 401 and 403. According to Plaintiffs, Navistar's conduct damaged Central Transport's ability to "recruit and retain[] drivers," as well as damaged Central Transport's "credibility and reputation in the industry" among customers. ECF No. 143, PageID.6343–44.

Exhibits DX-428–DX-440 consist of reviews of Central Transport, including reviews from current and former employees and customers. They are evidence of

---

[1] The Court previously adopted the Special master's recommendation overruling the timelines objections to these exhibits. ECF No. 108; ECF No. 122.

what is said about Central Transport publicly and what a prospective customer or employee would find on the internet if searching Central Transport.  They therefore go to (i) potential alternate causes of any difficulty in recruiting new drivers (*i.e.* that prospective drivers would see the overwhelmingly negative reviews) and (ii) whether Central Transport's "credibility and reputation" in the industry was already poor—not damaged by the facts at issue in this case.  *See, e.g.*, Ex. B (May 13, 2026 Aff. of Alexander J.W. Sappington, regarding Indeed captures), at DX-436 (Page Vault Capture of Working at Central Transport in Warren, MI from employment site Indeed.com). None of the Federal Rule of Evidence ("FRE") 403 concerns are present. To the extent the reviews are negative, they are not *unfairly* prejudicial; rather, that fact bears directly on Plaintiffs' reputation.

Authentication.  Navistar has produced sufficient evidence to support finding that the Exhibits are what Navistar claims, as required under FRE 901.  Attached to this memorandum are two Affidavits from Alexander J.W. Sappington, Co-Chief Executive Officer at Page Vault Inc., an individual with personal knowledge of how PageVault works and captures website screenshots. *See Specht v. Google Inc.*, 747 F.3d 929, 932 (7th Cir. 2014) (indicating that website screenshots can be authenticated by an affidavit describing the reliability of the archive service from which the screenshots were retrieved); Ex. B (May 13, 2026 Aff. of Alexander J.W. Sappington, regarding Indeed captures); Ex. C (May 14, 2026 Aff. of Alexander

J.W. Sappington, regarding various online reviews).   These Affidavits, in combination with the circumstantial indicia of authenticity contained on the exhibits themselves—the URL, date and time of printing, browser engine, and other metadata—are sufficient to authenticate the Exhibits.  *See Foreword Magazine, Inc. v. OverDrive, Inc.,* 2011 WL 5169384, at *3 (W.D. Mich. Oct. 31, 2011) (noting that "courts generally hold that an affidavit of a witness, when viewed in combination with circumstantial indicia of authenticity (such as the existence of the URL, date of printing, or other identifying information) would support a reasonable juror in the belief that the documents are what the proponent says they are"); *RingCentral, Inc. v. Nextiva, Inc.*, 2021 WL 2476879, at *4 (N.D. Cal. June 17, 2021) (overruling authenticity objection where "the screenshots of the internet reviews contain sufficient indicia of authenticity, including images and names of various customers, website design, dates and time of publication, and the web address of retrieval, in addition to an accompanying declaration"); *Cervini v. Cisneros*, 2024 WL 1252891, at *3 (W.D. Tex. Mar. 22, 2024) (supporting a party's use of an affidavit from PageVault's CEO, explaining the technical process he used to obtain website captures and metadata relevant to those captures, to authenticate documents).[2]

Hearsay.  Hearsay does not prevent Navistar's use of these Exhibits because

---

[2] The Affidavits likewise provide the foundation for the Exhibits.

Navistar offers them for the fact that they were made and are publicly accessible, not for the truth of the matter asserted.  For example, one review stated: "My cousin works there. Theyve missed paychecks[.] told him not to go in for work related injuries[.] They equipment is old and beat up[.] Pay is below average[.] In Cali so your results may vary[.]"  Ex. C (DX-0432.0003).  Navistar is not presenting this review to prove that the reviewer's cousin in fact works at Central or that Plaintiffs missed paychecks or have old and beat up equipment.  Instead, the review is being offered for the simple fact that it exists: it bears directly on Plaintiffs' reputation and shows what information regarding Plaintiffs is publicly available, whether or not the facts asserted are true.  *See Conceal City, L.L.C. v. Looper Law Enf't, LLC*, 2011 WL 5557421, at *7, n.10 (N.D. Tex. Nov. 15, 2011) (admitting website screenshot over hearsay objection because its proponent relied on the evidence "to show what is depicted on the website, not to prove that what is depicted is true").

Moreover, even if the documents would otherwise be hearsay, they would be admissible under FRE 803(21) as evidence of "reputation among . . . associates or in the community" to the same extent that Plaintiffs' proffered hearsay evidence is admissible on that basis.  *See* ECF No. 100, PageID.3877–78.

Best Evidence Rule.  Plaintiffs' Best Evidence Rule objection should be overruled under FRE 1001 because the Exhibits are printouts of the originals and under FRE 1003 because they are duplicates of the originals.  *See Conceal City,*

4

*L.L.C.*, 2011 WL 5557421, at \*7, n.10; *Jones v. Am. Council on Exercise*, 2016 WL 6084636, at \*9 (S.D. Tex. Oct. 18, 2016) (overruling Best Evidence Rule objection after finding website printouts were the best evidence of what is on the internet and that a declaration authenticated the printouts).

<u>Incomplete</u>.  Navistar disagrees that the Exhibits are incomplete.  It offered to meet and confer on the issue; Plaintiffs have not reached out to do so.  *See* Ex. A, at 53 (Plaintiffs' Objection to DX-428).  But even if the Exhibits were incomplete, that fact would not warrant excluding them.  FRE 106 allows an adverse party to require the remainder of an incomplete exhibit to be admitted for full context.  Plaintiffs offer no suggestion as to a more complete version.  This objection should therefore be overruled.

For these reasons, Navistar respectfully requests the Court overrule Plaintiffs' objections to Defendant's Exhibits 428–40.

DATED: June 22, 2026                         Respectfully submitted,

                                                        /s/ *Kevin M. Jakopchek*

Scott R. Murphy (P68015)                Kevin M. Jakopchek (IL 6317040)
BARNES & THORNBURG LLP            LATHAM & WATKINS LLP
171 Monroe Ave. NW, Suite 1000     330 North Wabash Avenue, Suite 2800
Grand Rapids, MI 49503                   Chicago, Illinois 60611
616-742-3930                                    Tel: (312) 876-7700
smurphy@btlaw.com                         kevin.jakopchek@lw.com

*Attorneys for Defendant Navistar, Inc. n/k/a International Motors LLC*

5

## LOCAL RULE CERTIFICATION

I, Kevin M. Jakopchek, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify that it is the appropriate length. Local Rule 7.1(d)(3).

/s/ Kevin M. Jakopchek
Kevin M. Jakopchek (IL Bar #6317040)
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, Illinois 60611
Tel: 312.876.7700
Fax: 312.993.9767
kevin.jakopchek@lw.com

6

## CERTIFICATE OF SERVICE

I certify that on June 22, 2026 a true and correct copy of the foregoing document was filed with the Clerk of Court using the CM/ECF system, which will send electronic notification of such filing to all counsel of record.

*/s/ Kevin M. Jakopchek*