UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GLS LEASCO, INC. and
CENTRAL TRANSPORT, LLC,

        Plaintiffs,

v.

NAVISTAR, INC.,

        Defendant.

Case No. 23-cv-12927

Hon. Mark A. Goldsmith

Magistrate Judge Anthony P. Patti

**Plaintiffs' Opposition to Navistar's Motion to Adjourn Trial**

## Argument

### Navistar's motion is an improper collateral attack on the Court's June 19 ruling and an improper bid to reopen closed discovery.

Navistar moved in limine to exclude exemplary damages based on a theory of non-disclosure on April 28, 2026. ECF No. 101. The Court denied that motion on June 19, 2026, implicitly accepting the argument (*see* ECF No. 146) that Plaintiffs did adequately disclose their exemplary-damages theory and that Navistar squandered its opportunity to take timely discovery into the claim.

Dissatisfied with that ruling, Navistar repackages the same arguments into a motion to adjourn the trial, specifically demanding that the Court stop trial dead in its tracks so that it can have a do-over. The Court should reject this outright. A party's litigation errors do not constitute good cause to modify a scheduling order. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) ("carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.") Nor can Navistar show diligence, which is the linchpin on which Rule 16 good cause turns. *Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003). Although Navistar claims that it filed this motion as soon as it was possible, that is untrue. Navistar flagged this supposed "non-disclosure" issue in its April 2026 motion in limine, where it argued for exclusion. ECF No. 101. Navistar did not move for a continuance, an adjournment, or leave to take discovery, in the alternative or otherwise. *Id.* at PageID.4021. That choice is fatal.

*Good v. BioLife Plasma Services, L.P.*, is directly on point. 656 F. Supp. 3d 738 (E.D. Mich. 2023). After the defendants there lost a motion to exclude a witness's testimony, they sought to depose her after the close of discovery and weeks before trial. *Id.* at 740. The Court denied leave for lack of diligence. *Id.* The defendants' excuse for not pursuing the deposition earlier was that they had been litigating their earlier exclusion motion, but the court held that a pending motion in limine is not "sufficient justification for not seeking to depose a witness." *Id.* Because diligence is measured from when a party learns of the issue—not from the date of the court ruling it disliked—the defendants could not transform their failed litigation strategy into good cause to reopen discovery. *Id.* at 740-741.

So too here. At best, Navistar's diligence is measured from April 2026, when it knew enough to seek exclusion of the exemplary damages claim, not from the June 19 ruling it now protests.[1] Navistar could have sought to reopen discovery long ago. But having gambled that the Court would exclude Plaintiffs' exemplary damages theory altogether (quite possibly out of concern that the Court *would* have granted the alternative relief of additional discovery when trial was still months distant), Navistar is not entitled to ask this Court to stop the freight train of trial, prejudicially

---

[1]In actuality, diligence should be measured from September 2024, when Plaintiffs filed their Second Amended Complaint—a time when discovery was still open and Navistar could have fully engaged in discovery without the need to ask for a scheduling-order change.

depriving Plaintiffs of the opportunity to finally obtain redress for Navistar's now four-year-old contract breach and fraud.

### Conclusion

The Court should deny Navistar's motion to adjourn the trial and to reopen discovery.

Respectfully submitted,

KIENBAUM HARDY
VIVIANO PELTON & FORREST, P.L.C.

By: */s/Thomas J. Davis*
    Eric J. Pelton (P40635)
    Thomas J. Davis (P78626)
Attorneys for Plaintiffs
280 N. Old Woodward Ave., Ste. 400
Birmingham, MI 48009
(248) 645-0000
epelton@khvpf.com
tdavis@khvpf.com

Dated: June 22, 2026

– 3 –

## LOCAL RULE CERTIFICATION

I, Thomas J. Davis, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify that it is the appropriate length. Local Rule 7.1(d)(3).

/s/ Thomas J. Davis
Thomas J. Davis (P78626)
Kienbaum Hardy
Viviano Pelton & Forrest, P.L.C.
280 N. Old Woodward Ave., Ste. 400
Birmingham, MI 48009
(248) 645-0000
tdavis@khvpf.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 22, 2026, I electronically filed this document with the Clerk of the Court using the ECF system which will send notification of such filing to all parties of record.

*/s/Thomas J. Davis*
Thomas J. Davis (P78626)
Kienbaum Hardy
Viviano Pelton & Forrest, P.L.C.
280 N. Old Woodward Ave., Suite 400
Birmingham, MI  48009
(248) 645-0000
tdavis@khvpf.com