UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GLS LEASCO, INC. and
CENTRAL TRANSPORT, LLC,

      Plaintiffs,

v.

      NAVISTAR, INC.,

Defendant.

Case No. 23-cv-12927

Hon. Mark A. Goldsmith

Magistrate Judge Anthony P. Patti

---

**Plaintiffs' Brief in Opposition to Defendant Navistar Inc.'s Trial Brief Regarding the Admissibility of Online Reviews of Central Transport (Defendant's Exhibits 428–440)**

**TABLE OF CONTENTS**

INTRODUCTION ...................................................................................................1

ARGUMENT ........................................................................................................2

    I.      Navistar's Exhibits 428–440 Are Untimely and Were Never Listed on Any Exhibit List or Good Cause List, Precluding Their Admission.....................................................................................2

    II.    Navistar Has No Ability to Lay a Foundation or Show the Authenticity of These Exhibits...............................................................3

    III.   These Online Reviews Are Irrelevant and Overly Prejudicial..................5

    IV.   The Exhibits Are All Inadmissible Hearsay, Or Even Hearsay Within Hearsay, Precluding Their Admission at Trial.............................7

CONCLUSION...................................................................................................10

**INTRODUCTION**

Navistar asks this Court to allow a jury to decide Central Transport's reputation (and so its exemplary damages) based on anonymous internet reviews scraped from Google and Indeed—exhibits that Navistar never placed on any exhibit list, authenticated with a witness it never disclosed, and now seeks to introduce through a web-capture affidavit that cannot be tested by cross-examination. That is not how federal trials work.

The infirmities here are independent and cumulative. Exhibits 428–440 were never listed on Navistar's exhibit spreadsheet and thus remain subject to the Court's good-cause requirement, which Navistar has not even attempted to satisfy. The only witness Navistar has identified to authenticate them, Alexander Sappington, appears nowhere on any party's witness list, meaning his affidavit cannot substitute for the live testimony Plaintiffs have the right to challenge. Even setting those threshold defects aside, the reviews are largely irrelevant to the narrow reputational question this trial will present: driver recruitment and large-customer confidence following Central Transport's New Fleet Initiative. And the minimal probative value of reviews dating back to 2012 from unverified strangers is substantially outweighed by the risk of unfair prejudice and jury confusion. And as a final, independent bar, every one of these exhibits is inadmissible hearsay offered for precisely the truth of the matter asserted: that Central Transport's reputation was poor. Anonymous posts on review

platforms cannot satisfy the personal-knowledge and community-membership predicates that give Rule 803(21) its trustworthiness rationale, and several of the reviews pile hearsay on hearsay with no exception in sight.

## ARGUMENT

### I.   Navistar's Exhibits 428–440 Are Untimely and Were Never Listed on Any Exhibit List or Good Cause List, Precluding Their Admission

As an initial matter, Navistar is incorrect to claim that "[t]he Court previously adopted the Special master's recommendation overruling the timelines objections to these exhibits." ECF No. 157 ("Nav. Br."), PageID.7492 n. 1. Not so.

This Court's Order Amending the Case Management and Scheduling Order stated that "[a]bsent good cause, only those exhibits that have been listed on an exhibit list previously filed and in the proposed JFPO may be offered into evidence." ECF No. 78, PageID.3059. And both parties were told by the Special Master to identify the good cause necessary to present at trial any exhibits not falling into a stipulated category of accepted exhibits (none of which covered these "captures" of online reviews of Central Transport). Despite this fact, Navistar presented its good-cause list to the Special Master, but these exhibits *were not on it*. ECF No. 107-1. In a subsequent stipulated order, the Court adopted without objection the Special Master's ruling on certain remaining objections to exhibits that were on the parties' proposed exhibit lists but which were not on either party's preliminary exhibit lists. *See* ECF No. 122. In that Order, as relevant here, the Court held only that "[t]he

– 2 –

exhibits listed in the following documents may be marked and used at trial without further showing of good cause (subject to any other objections that a party may make): a. ECF No. 107-1 and b. ECF No. 107-2." ECF No. 122, PageID.5685–86 (formatting altered). But, again, ECF No. 107-1—"Navistar's Exhibit Spreadsheet for Joint Memorandum Regarding Objections to Exhibits"—nowhere lists any of the Exhibits 428–440 that are at issue here. *See* ECF No. 107-1, PageID.4646 (jumping from Exhibit 299 to Exhibit 441). Thus, Navistar is incorrect to claim that this Court has already overruled timeliness objections.

Rather, these exhibits are clearly untimely and were sprung on Plaintiffs improperly, in contravention of the Court's Case Management and Scheduling Order. ECF No. 78. Given their *extremely* late proffering, Plaintiffs have been completely blindsided by these exhibits and their admission at trial would be deeply unfair and prejudicial.

## II.   Navistar Has No Ability to Lay a Foundation or Show the Authenticity of These Exhibits

Relatedly, Navistar also has no ability to lay any foundation or show the authenticity of any of Exhibits 428–440, further precluding their admission. Federal Rule of Evidence 901(a) requires the proponent of an item of evidence to "produce evidence sufficient to support a finding that the item is what the proponent claims it is." And, at trial, the generally accepted form of evidence to authenticate a document is "[t]estimony of a [w]itness with [k]nowledge," i.e., "[t]estimony that an item is

what it is claimed to be." Fed. R. Evid. 901(b)(1). Navistar has no ability to do that. Alexander J.W. Sappington, the affiant who claims to have knowledge of how Page Vault Inc. "works and captures website screenshots," has never been listed on Navistar's witness lists (or, for that matter, *any* party's witness lists) at any point in this years-long litigation, meaning he cannot "be permitted to testify at trial." ECF No. 78, PageID.3058. And his affidavit is not curative of this issue—"affidavits and depositions . . . (especially affidavits) are not generally admissible at trial" and are only "admissible in summary judgment proceedings" to the extent the declarant's testimony "would be admissible if he were testifying live." *Eisenstadt v. Centel Corp.*, 113 F.3d 738, 742 (7th Cir. 1997). Plaintiffs have the right to cross-examine witnesses, and cannot inquire into how Mr. Sappington conducted his work or what sources he reviewed, what he excluded, whether the webpages he "captured" included all of the reviews, and numerous other questions. In sum, Navistar's tactics of doing no discovery or inquiry into Central Transport's reputation throughout this lawsuit, only to present an untested (and now untestable) affidavit and screenshots on the eve of trial would deprive Plaintiffs of the ability to examine the evidence Navistar seeks to present to the jury.

None of the cases Navistar cites are to the contrary. For example, *Specht v. Google Inc.*, 747 F.3d 929 (7th Cir. 2014)—for which Navistar cites the opinion's recounting of the proceedings in the district court, not actual legal analysis—merely

– 4 –

noted that "[t]he district court excluded these screenshots [of webpages] because, without an affidavit describing the reliability of the archive service, they were not properly authenticated," in its discussion of whether the district court properly granted Google *summary disposition*, not following a trial. *Id.* at 932–33. The same is true for the other cases Navistar cites: *Foreword Magazine, Inc. v. OverDrive, Inc.*, No. 1:10-cv-1144, 2011 WL 5169384, at \*1 (W.D. Mich. Oct. 31, 2011), and *RingCentral, Inc. v. Nextiva, Inc.*, No. 19-CV-02626-NC, 2021 WL 2476879, at \*1 (N.D. Cal. June 17, 2021), were both decisions on summary judgment, and *Cervini v. Cisneros*, No. 1:21-CV-565-RP, 2024 WL 1252891, at \*1 (W.D. Tex. Mar. 22, 2024), was a decision on a motion for leave to serve amended disclosures. Thus, none of these decisions support the admission of evidence *at trial* authenticated merely by an affidavit of an unknown witness not subject to cross-examination.

### III.   These Online Reviews Are Irrelevant and Overly Prejudicial

Under the Federal Rules of Evidence, "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence," Fed. R. Evid. 401, and "evidence which is not relevant is not admissible," Fed. R. Evid. 402. And, even if relevant, the court may exclude evidence "if its probative value is substantially outweighed by a danger of one or more of the following: unfair

– 5 –

prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

Significant amounts of the "captured" webpages and review that Navistar seeks to admit are irrelevant to the exemplary-damages question Plaintiffs intend to present to the jury, rendering these proposed exhibits inadmissible and overly prejudicial. As Plaintiffs explained in submitting to the Court Kyle Blain's declaration on Central Transport's exemplary damages and reputational issues relevant to those damages, "[f]or many years, Central Transport had a poor reputation for using old and poorly maintained trucks," which the company determined was caused by "the appearance, condition, and age of these older trucks." ECF No. 143, PageID.6337. And, by purchasing newer trucks, particularly those with automatic transmissions, Central Transport "began to change [its] reputation in the marketplace," improving others' views of Central Transport on "reliability, confidence in the business, and pride." *Id.*, PageID.6338–40.

Much of the evidence Navistar seeks to present in rebuttal is completely irrelevant to these reputational questions at issue. For example, discussions of workplace gossip for salaried office workers and office culture are completely irrelevant to driver recruiting and customer beliefs. ECF No. 157-3, PageID.7512, 7514. No better are allegations of "shady business tactics" or the numerous accounts from completely unrelated job descriptions, such as accounts receivables or

customer service representatives. *See, e.g.*, *Id.*, PageID.7516–20. These completely inapposite accounts are peppered throughout the exhibits, rendering their probative value null. Moreover, the reviews stretch significantly back into the past, all the way back to 2012, *see id.*, PageID.7566, well before Central Transport began its New Fleet Initiative that began improving its reputation, ECF No. 143, PageID.6337. Taken all together, then, these exhibits have very limited probative value, and will serve only to unfairly prejudice Plaintiffs and mislead the jury. Fed. R. Evid. 403.

## IV. The Exhibits Are All Inadmissible Hearsay, Or Even Hearsay Within Hearsay, Precluding Their Admission at Trial

"Hearsay is an out-of-court statement introduced for the truth of the matter asserted in the statement." *Reed v. May*, 134 F.4th 455, 460 (6th Cir.) (citation omitted); *see also* Fed. R. Evid. 801(c). In general, hearsay is prohibited "unless the litigants can fit that evidence into one of the exceptions to the hearsay ban." *Insight Terminal Sols., LLC v. Cecelia Fin. Mgmt.*, 148 F.4th 869, 877 (6th Cir. 2025). One such exception is evidence regarding a party's reputation concerning character, but that only applies to a "reputation among a person's associates or in the community concerning the person's character." Fed. R. Evid. 803(21); *see also* 1 U.S.C. § 1.

Here, the online reviews Navistar seeks to introduce via Exhibits 428 through 440 are classic hearsay. Navistar's own trial brief reveals the true purpose of these exhibits: it argues they are "evidence of what is said about Central Transport publicly" and that they bear on "whether Central Transport's 'credibility and

reputation' in the industry was already poor." Nav. Br., PageID.7492. That is not a non-hearsay purpose. It is the paradigmatic truth-of-the-matter-asserted use. Navistar does not seek to introduce these reviews merely to prove that pixels appeared on a screen; it seeks to persuade the jury that Central Transport's reputation was actually damaged before the events at issue in this case. Every negative review it plans to display to the jury—whether recounting poor pay, unsafe equipment, or mistreatment of employees—is offered precisely because Navistar wants the jury to accept those characterizations as reflecting Central Transport's actual reputation. That is hearsay, and so is prohibited "unless the litigants can fit that evidence into one of the exceptions to the hearsay ban." *Insight Terminal*, 148 F.4th at 877.

Navistar cannot fit these reviews into the reputation exception of Federal Rule of Evidence 803(21). That exception covers only "reputation among a person's associates or in the community concerning the person's character." *Id.* The Advisory Committee Notes ground the exception's trustworthiness in Wigmore's principle that reputation evidence is reliable when "persons having personal knowledge have disclosed facts which have thus been discussed in the community" such that "the community's conclusion, if any has been formed, is likely to be a trustworthy one." Fed. R. Evid. 803 (Advisory Comm.'s Notes) (quoting 5 Wigmore § 1580, p. 444). Anonymous internet reviews posted on Google and Indeed cannot satisfy that standard. There is no way to determine from the face of these exhibits whether any

– 8 –

individual reviewer was ever a Central Transport employee, customer, or business associate, or whether they had any personal knowledge of Central Transport's operations whatsoever. Review platforms like Google and Indeed permit anyone, anywhere, to post a rating without verifying their identity or their relationship to the reviewed entity. Because the foundational predicate of Rule 803(21)—that the declarants are associates or community members with actual personal knowledge—cannot be established for a single one of these anonymous posts, the exception does not apply, and the evidence remains inadmissible hearsay.

The problem deepens further because several of these reviews contain hearsay within hearsay, rendering them independently inadmissible under Federal Rule of Evidence 805. That rule requires that when a hearsay statement contains another hearsay statement, "each part of the combined statement" must independently conform to a hearsay exception. Fed. R. Evid. 805. Navistar's own brief quotes one such review as an example: "My cousin works there. Theyve missed paychecks[.] told him not to go in for work related injuries." ECF No. 157, PageID.7494. That review is a mere recounting of what a third party purportedly experienced, not a firsthand account. The anonymous poster is the first out-of-court declarant; the cousin, whose alleged statements are being relayed, is a second. Even if Navistar could somehow establish that the reviewer qualifies as an "associate" or "community member" sufficient to invoke Rule 803(21), it would still have no exception to cover

– 9 –

the cousin's embedded statements, which are themselves hearsay offered for the truth of the conditions they describe. Navistar has offered no basis for admitting those inner statements, and without one, Rule 805 further bars the exhibit.

## CONCLUSION

This Court should deny Navistar's request to present at trial this untimely, improper, and inadmissible evidence found at Defendant's Exhibits 428–440.

Respectfully submitted,

KIENBAUM HARDY
VIVIANO PELTON & FORREST, P.L.C.:

By: _/s/ Thomas J. Davis_
    Eric J. Pelton (P40635)
    Thomas J. Davis (P78626)
Counsel for Plaintiffs
280 N. Old Woodward Ave., Ste. 400
Birmingham, MI 48009
(248) 645-0000
epelton@khvpf.com
Date: June 24, 2026    tdavis@khvpf.com

**LOCAL RULE CERTIFICATION**

I, Eric J. Pelton, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify that it is the appropriate length. Local Rule 7.1(d)(3).

/s/ Thomas J. Davis
Thomas J. Davis (P78626)
Kienbaum Hardy
Viviano Pelton & Forrest, P.L.C.
280 N. Old Woodward Ave., Ste. 400
Birmingham, MI 48009
(248) 645-0000
tdavis@khvpf.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 24, 2026, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to all ECF participants on record.

/s/ Thomas J. Davis
Thomas J. Davis (P78626)
Kienbaum Hardy
Viviano Pelton & Forrest, P.L.C.
280 N. Old Woodward Ave.
Ste. 400
Birmingham, MI 48009
(248) 645-0000
tdavis@khvpf.com

4933-6141-5863, v. 1