## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

|  |  |
|---|---|
| GLS LEASCO, INC., and CENTRAL TRANSPORT LLC<br><br>               Plaintiffs,<br><br>     v.<br><br>NAVISTAR, INC.<br><br>              Defendant. | Civil Action No. 23-cv-12927<br><br>Hon. Mark A. Goldsmith<br><br>Magistrate Judge Anthony P. Patti |

## DEFENDANT NAVISTAR, INC.'S REPLY BRIEF IN SUPPORT OF DEFENSE TRIAL EXHIBITS 428 TO 440

Defendant Navistar, Inc. ("Navistar") respectfully submits this brief in reply to Plaintiffs' Brief in Opposition to Navistar's Trial Brief Regarding the Admissibility of Online Reviews of Central Transport (Defendant's Exhibits 428–440).

**Timeliness.**   Plaintiffs argue that Navistar did not timely disclose these Exhibits or include them on any exhibit list or good cause list. *See* ECF No. 161. To the contrary, Navistar included these exhibits on their Exhibit list attached to the Parties' Joint Final Pretrial Order ("JFPO") on May 27, 2026.

After those exhibit lists were submitted, Special Master Fink requested a joint memorandum from the parties regarding specific exhibits to which disagreement remained. Plaintiffs identified "48 exhibits on Defendant's trial exhibit list to which Plaintiffs still object (see Ex. A)." ECF No. 107. Exhibits 428–440 were **not** on that list. *See* ECF No. 107-1. The parties later stipulated that, among other things, "after conferring with the Special Master, the parties' remaining disagreements were … Plaintiffs' objection to 48 exhibits on Defendant's trial exhibit list identified on neither party's preliminary list (ECF No. 107-1, Ex. A)…." ECF No. 122. It follows that Plaintiffs did not have a problem with the timeliness of Navistar's disclosure.

If Plaintiffs identified those Exhibits on their list of those for which disagreement remained, the Special Master's ruling affirmatively overruling Plaintiffs' objections to all 48 exhibits supports that the Special Master would have

1

found good cause to allow Defendant to use Exhibits 428-440 too. The Special Master stated that "Plaintiffs' September 24, 2024 amendment adding a fraud claim less than one month before the preliminary exhibit list deadline supplies independent good cause for additional documents bearing on Defendant's knowledge, intent, and state of mind—precisely the universe in which most of the 48 contested documents sit." ECF No. 108, PageID.4667–68. Here, Plaintiffs have had notice of the Exhibits identified within the JFPO, which was exchanged at the same time and therefore with sufficient lead. Moreover, given the June 17, 2026 declaration of Kyle Blain (ECF No. 143), there is an even stronger good cause basis for these Exhibits' inclusion.

*Hearsay.* Plaintiffs also argue that the Exhibits are "classic hearsay" because the purpose of the Exhibits is to introduce the reviews to prove what appeared on the screen—that Central's reputation was damaged before the events at issue in this case. *See* ECF No. 161. That characterization of Navistar's intended use is inaccurate and does not align with how hearsay works. Hearsay is a statement offered for the truth of the matter asserted. Navistar is not positing that the information contained in the statements is true; instead, Navistar intends to use the Exhibits to show what was publicly available online about Central, which creates Central's reputation, whether or not the underlying facts contained in that online information are true.

2

To put a finer point on it, the reviews presumably were created by customers and employees to share their experience, but those reviews now create Central's reputation. The opposite *could have* occurred—hypothetically, Central could have written thousands of reviews praising the trucks that were allegedly poorly maintained, and those posts would *also* go to Central's *reputation*, whether or not the posts contained *true* information.

Moreover, Plaintiffs argue that these Exhibits are not admissible under FRE 803(21), providing an exception for reputation among a person's associates or in the community concerning the person's character. They note that the exception is rooted in trustworthiness and that the online reviews are not trustworthy. Plaintiffs, however, rely on the same basis for Mr. Blain's testimony regarding Central's positive reputation. To the extent any reputation testimony lacks trustworthiness, Mr. Blain's testimony regarding the reputation of his own company falls within that category—and that is the only evidence Plaintiffs intend to offer regarding Central's reputation. It is unclear why Plaintiffs believe they should be allowed to rely on FRE 803(21) to have their desired reputation evidence admitted but Navistar should be prevented from using that same basis to rebut that reputation testimony.

*Authentication.* Finally, Plaintiffs argue that the supporting affidavits of the co-CEO of PageVault are insufficient to lay foundation for and authenticate the Exhibits. ECF No. 151-3, 151-4. But Navistar has produced "evidence sufficient to

3

support a finding" under FRE 901(a) that the webpage captures of Central's online reviews are authentic. *See* Fed. R. Evid. 901(a) ("proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is"). An affidavit by a witness who is familiar with the technical process of creating the record is produced is sufficient:

> "Although Rule 901(b)(1) certainly is met by the testimony of a witness that actually drafted the exhibit, it is not required that the authenticating witness have personal knowledge of the making of a particular exhibit if he or she has personal knowledge of how that type of exhibit is routinely made."

*Lorraine v. Markel Am. Ins. Co.*, 241 F.R.D. 534, 545 (D. Md. 2007). In ruling on a motion in limine, the court in *Pohl v. MH Sub I, LLC* recognized that "the proponent of printouts from WayBack Machine"—a similar webpage archive service—"need only provide an 'affidavit of a person with personal knowledge who can attest that the third-party crawler operates to create an unaltered copy of a website as it appears on a given day' to satisfy the authenticity requirement under Federal Rule of Evidence 901(a)." 332 F.R.D. 713, 718 (N.D. Fla. 2019). Contrary to Plaintiffs' assertion, affidavits are sufficient for use authentication beyond summary judgment.

Moreover, archived webpages are routinely admitted as reliable and accurate sources of online information. *See Pohl*, 332 F.R.D. 713, 721 (N.D. Fla. 2019) ("[C]ourts generally hold that an affidavit of a witness, when viewed in combination

4

with circumstantial indicia of authenticity (such as the existence of the URL, date of printing, or other identifying information) would support a reasonable juror in the belief that the documents are what the proponent says they area."); *id.* (overruling authenticity objection to "WayBack Machine evidence because they 'can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned'" (citing Fed. R. Evid. 201(b)(2))).   Indeed, this Court utilizes a webpage archiving service—PermaCC—to preserve online records from the Internet for the judicial record.  *See Michigan v. McGough*, 2026 WL 1434861, at *1 n.1 (E.D. Mich. May 21, 2026) (Goldsmith, J.) ("Washtenaw County Court Record: https://perma.cc/K9V3-9U6S. Public records and government documents, including those available from reliable sources on the Internet, are subject to judicial notice.").

For the reasons herein, Plaintiffs' objections to Defendant's Exhibits 428-440 should be overruled, and the Exhibits should be admitted.

DATED: June 24, 2026                              Respectfully submitted,

|  |  |
|---|---|
|  | /s/ *Kevin M. Jakopchek* |
| Scott R. Murphy (P68015) | Kevin M. Jakopchek (IL 6317040) |
| BARNES & THORNBURG LLP | LATHAM & WATKINS LLP |
| 171 Monroe Ave. NW, Suite 1000 | 330 North Wabash Avenue, Suite 2800 |
| Grand Rapids, MI 49503 | Chicago, Illinois 60611 |
| 616-742-3930 | Tel: (312) 876-7700 |
| smurphy@btlaw.com | kevin.jakopchek@lw.com |

*Attorneys for Defendant Navistar, Inc. n/k/a International Motors LLC*

5

**LOCAL RULE CERTIFICATION**

I, Kevin M. Jakopchek, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify that it is the appropriate length. Local Rule 7.1(d)(3).

/s/ Kevin M. Jakopchek
Kevin M. Jakopchek (IL Bar #6317040)
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, Illinois 60611
Tel: 312.876.7700
Fax: 312.993.9767
kevin.jakopchek@lw.com

## CERTIFICATE OF SERVICE

I certify that on June 24, 2026 a true and correct copy of the foregoing document was filed with the Clerk of Court using the CM/ECF system, which will send electronic notification of such filing to all counsel of record.

*/s/ Kevin M. Jakopchek*