UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GLS LEASCO, INC. and
CENTRAL TRANSPORT, LLC,

          Case No. 23-cv-12927

     Plaintiffs,

          Hon. Mark A. Goldsmith

v.

          Magistrate Judge Anthony P. Patti

     NAVISTAR, INC.,

Defendant.

---

**Plaintiffs' Motion to Admit Navistar's Concededly Authentic Dealer and Customer Contracts Produced Under Court Order (P-185 and P-186)**

Plaintiffs GLS LeasCo, Inc. add Central Transport, LLC move this Court in limine for an order addressing certain discovery issues that have arisen during the Court of trial. In support of the motion, GLS relies on the facts and arguments in the brief accompanying this Motion.

WHEREFORE, Plaintiffs request that the Court grant this motion in limine and that the Court order:

1.     That Plaintiffs' exhibits P-185 and P-186 (various customer and dealer contracts Navistar entered into) be admitted as authentic without the need for any sponsoring witness; and

2.      That the Court rule that Plaintiffs may use these admitted exhibits to the same extent as any other admitted documentary evidence, to question or impeach Navistar witnesses.

Respectfully submitted,

KIENBAUM HARDY
VIVIANO PELTON & FORREST, P.L.C.:

By:    /s/ Thomas J. Davis
        Eric J. Pelton (P40635)
        Thomas J. Davis (P78626)
        Counsel for Plaintiffs
280 N. Old Woodward Ave., Ste. 400
Birmingham, MI 48009
(248) 645-0000
epelton@khvpf.com
tdavis@khvpf.com

Date:  June 28, 2026

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GLS LEASCO, INC. and
CENTRAL TRANSPORT, LLC,

        Plaintiffs,

v.

        NAVISTAR, INC.,

Defendant.

Case No. 23-cv-12927

Hon. Mark A. Goldsmith

Magistrate Judge Anthony P. Patti

**Brief in Support of Plaintiffs' Motion to Admit Navistar's Concededly
Authentic Dealer and Customer Contracts Produced Under
Court Order (P-185 and P-186)**

**TABLE OF CONTENTS**

INTRODUCTION ........................................................................................................1

ARGUMENT .............................................................................................................2

    I.      Navistar's Customer Contracts Are Admissible and Authenticated Without a Sponsoring Witness ...............................................................2

    II.    Once Admitted, Any Evidence Can Be Used to Contradict or Impeach Witness Claims—Including, as Relevant Here—Claims that Navistar Had No Choice But to Supply "The Little Guy" With Plaintiffs' Allocation .................................................................3

CONCLUSION ..........................................................................................................5

**INTRODUCTION**

On February 3, 2026, this Court—after engaging a Discovery Master—resolved a long-pending discovery dispute regarding Navistar's refusal to produce contracts with its dealers and customers for sale of heavy trucks in 2022. ECF No. 94, PageID.3788-89. Navistar produced the documents, which are on Plaintiffs' Trial Exhibit List as P-185 and P-186. As the Court's order states, this evidence is relevant to Navistar's commercial impracticability defense, and Navistar is *barred* from offering testimony or evidence of customer and dealer contracts for 2022 besides the ones disclosed. *Id.* at PageID.3789.

Navistar designated every page of these documents as Attorneys' Eyes Only. Within minutes of resolving the AEO issue—with Navistar specifically telling this Court on Friday that it would not object to the jury seeing the AEO documents—Navistar told Plaintiffs off-the-record that it would object in full to Plaintiffs' use of these concededly-authentic, court-ordered documents because Plaintiffs have no "sponsoring witness." Navistar, of course, produced these documents after the close of discovery and, for many of the contracts, have never revealed who authored them. But it is of no matter: the notion that a "sponsoring witness" is required for the admission of authentic, non-hearsay documents is meritless. The Court should admit P-185 and P-186, and confirm that Plaintiffs may use these documents with Navistar's forthcoming witnesses.

## ARGUMENT

**I. Navistar's Customer Contracts Are Admissible and Authenticated Without a Sponsoring Witness**

Navistar produced several contracts related to 2022 truck sales under Court order. Counsel conceded authenticity.[1] The Court's order requiring production confirms the contracts are relevant here. And contracts are the classic example of non-hearsay "verbal acts."[2] No more is needed to admit them.

"If a document is concededly authentic, relevant, and not otherwise objected to, there is no need for a sponsoring witness. Bluntly put, it may be handed up to the Court." *New York v. UPS, Inc.*, No. 15-cv-1136, 2016 WL 11950056, at *1 (S.D.N.Y. Sep. 14, 2016), *aff'd* 942 F.3d 554, 592–593 (2nd Cir. 2019). Federal Rule 901 permits authentication via several means, which *may* include "testimony from someone with knowledge of the evidence offered," *United States v. Dunnican*, 961 F.3d 859, 872 (6th Cir. 2020), but which may also occur through "distinctive characteristics" of the document "that establish authenticity, *id.* There is "no freestanding 'sponsoring witness' requirement in the Federal Rules of Evidence," and documents are admissible into evidence if authentic, relevant, and not hearsay.

---

[1] *See* Parties' Proposed JFPTO. Navistar had little choice. Authentication asks if documents originated from their purported source; thus, the "very act of production [is] implicit authentication." *United States v. Brown*, 688 F.2d 1112, 1116 (7th Cir. 1982). That reasoning carries even more weight here, as any authenticity challenge would imply that Navistar produced fake documents in response to a Court order.

[2] *See, e.g., Robertson v. U.S. Bank, N.A.*, 831 F.3d 757, 763–64 (6th Cir. 2016).

– 2 –

*TEK Glob., S.R.L. v. Sealant Sys. Int'l, Inc.,* No. 11-CV-00774-VC, 2017 WL 952955, at *1 (N.D. Cal. Mar. 12, 2017).

Courts have thus rejected the precise gambit Navistar plays here, overruling "any objection to the introduction of [a party's own] documents based on the lack of a sponsoring witness . . . given the lack of support for such an objection in the Federal Rules of Evidence." *Wherevertv, Inc. v. Comcast Cable Commc'ns, LLC*, No. 2:18-CV-529, 2023 WL 2664200, at *2 (M.D. Fla. Mar. 28, 2023); *see also UPS*, 942 F.3d at 592–593 (holding that where UPS "had stipulated to [a spreadsheet's] authenticity, "the plaintiffs could offer the spreadsheets without the need for a sponsoring witness" and they could be "admitted into evidence without accompanying testimony.") The Court should admit P-185 and P-186.

## II. Once Admitted, Evidence Can Be Used to Contradict or Impeach Witness Claims—Including, as Relevant Here—Claims that Navistar Had No Choice But to Supply "The Little Guy" With Plaintiffs' Allocation.

The Federal Rules of Evidence impose no limitation on the substantive use of admitted exhibits to contradict witness testimony. Once a document is received into evidence, it becomes part of the trial record available for all purposes, including confrontation of any witness whose testimony it contradicts. Rule 607 authorizes any party to attack the credibility of any witness, Fed. R. Civ. P. 607, and Rule 611(a) vests the court with broad authority over the mode and order of examining witnesses and presenting evidence, Fed. R. Civ. P. 611(a). The Supreme Court has

– 3 –

recognized that cross-examination—including confrontation with documentary evidence—is "the principal means by which the believability of a witness and the truth of his testimony are tested." *Davis v. Alaska*, 415 U.S. 308, 316 (1974). As just one example, courts routinely (and "correct[ly]") permit such impeachment by "specific contradiction," by allowing parties to present evidence that "tends to show [the witness] has erred about or falsified certain facts, and therefore is capable of error or lying." 1 McCormick On Evid. § 45 (9th ed.); *see also United States v. Craig*, 953 F.3d 898, 904–05 (6th Cir. 2020) (recognizing that "federal courts have permitted this type of impeachment").

The contracts at issue are Navistar contracts and party admissions reflecting voluntary commitments that Navistar made.[3] If a Navistar witness testifies that the company had no choice but to divert trucks or components to other customers—e.g., that supplying Plaintiffs was impractical, or unreasonable, or the like—statements in those contracts suggesting otherwise may be properly used to contradict the witness's factual premise, regardless of whether the witness had any personal role in executing the contract at issue. Plaintiffs are entitled to confront that witness with the admitted contracts, and to argue to the jury that the documentary record is

---

[3]For these reasons, even though contracts are not "hearsay" because they are verbal acts, they are also not hearsay when offered by Plaintiffs under Rule 801(d)(2)(D) because they are party-opponent admissions of Navistar.

– 4 –

irreconcilable with his claims of corporate necessity. The jury may weigh the contracts against his testimony and draw its own conclusions. This amounts to the straightforward use of admitted evidence to contradict a witness's account of the facts, which is among the oldest and most fundamental functions of cross-examination.

## CONCLUSION

The Court should declare the Navistar Contract Exhibits (Plaintiffs' Exhibit Nos. 185–186) admissible at trial without a sponsoring witness, and confirm that Plaintiffs may use these exhibits in questioning Navistar witnesses, subject to any specific objections to particular questions.

Respectfully submitted,

KIENBAUM HARDY
VIVIANO PELTON & FORREST, P.L.C.:

By:     /s/ Thomas J. Davis
    Eric J. Pelton (P40635)
    Thomas J. Davis (P78626)
Counsel for Plaintiffs
280 N. Old Woodward Ave., Ste. 400
Birmingham, MI 48009
(248) 645-0000
epelton@khvpf.com
Date:  June 28, 2026        tdavis@khvpf.com

## LOCAL RULE CERTIFICATION

I, Thomas J. Davis, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify that it is the appropriate length. Local Rule 7.1(d)(3).

/s/ Thomas J. Davis
Thomas J. Davis (P78626)
Kienbaum Hardy
Viviano Pelton & Forrest, P.L.C.
280 N. Old Woodward Ave., Ste. 400
Birmingham, MI 48009
(248) 645-0000
tdavis@khvpf.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 28, 2026, I electronically filed this document with the Clerk of the Court using the ECF system which will send notification of such filing to all ECF participants on record.

*/s/ Thomas J. Davis*
Thomas J. Davis (P78626)
Kienbaum Hardy
Viviano Pelton & Forrest, P.L.C.
280 N. Old Woodward Ave.
Ste. 400
Birmingham, MI 48009
(248) 645-0000
tdavis@khvpf.com
