UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GLS LEASCO, INC. and
CENTRAL TRANSPORT, LLC,

      Plaintiffs,

v.

NAVISTAR, INC.,

      Defendant.

Case No. 23-cv-12927

Hon. Mark A. Goldsmith

Magistrate Judge Anthony P. Patti

**Plaintiffs' Trial Brief Regarding the Presentation
of Exemplary Damages to the Jury**

## TABLE OF CONTENTS

INTRODUCTION ....................................................................................................1

ARGUMENT ..........................................................................................................2

    I.     Under Michigan Law, Exemplary Damages Are to Be Presented to the Jury Holistically, Based Upon the Trial Record, with the Amount of Damages Reserved to the Sound Judgment of the Jury........................2

CONCLUSION ........................................................................................................4

**INTRODUCTION**

Not every injury can be specifically measured in exacting fashion. When a defendant's fraud damages something as intangible as a company's standing with its customers and its own workforce, Michigan law does not ask the jury to price it with false precision. Instead, the law asks the jury to weigh the whole of the evidence and arrive at a figure that fairly compensates the harm, even though no invoice or spreadsheet could have produced that figure in the first place.

Michigan's exemplary-damages doctrine rests on a simple premise: some harms are real even though they cannot be counted. A person's humiliation at being defrauded is one example; a company's loss of standing with the people who work for it and the customers who depend on it is another. Michigan courts have long treated corporate reputational injury as compensable, provable by inference from the surrounding circumstances, and valued not by formula but by the collective judgment of the jury that heard the case. The court's role in that process is a limited one: once the plaintiff has shown that the defendant's conduct proximately caused the harm, the amount necessary to compensate it belongs to the jury, checked only by the ordinary requirement that the award fall within the bounds of reason. That is exactly how this case should be argued to the jury.

## ARGUMENT

**I.**    **Under Michigan Law, Exemplary Damages Are to Be Presented to the Jury Holistically, Based Upon the Trial Record, With the Amount of Damages Reserved to the Sound Judgment of the Jury.**

The framework for awarding exemplary damages to a corporate defendant is set forth in *Unibar Maint. Servs., Inc. v. Saigh*, 283 Mich. App. 609 (2009). *Unibar* explained that a corporation may seek exemplary damages "for injuries . . . that cannot be measured or estimated in monetary terms," such as "a loss of reputation as a skillful company," a "loss of good will," and "any damage to other types of company reputation amongst either employees or customers." *Id* at 631. *Unibar* also confirms that "direct evidence of an injury" "is not essential" to recovery of exemplary damages so long as the plaintiff can show that "the injury . . . [is] natural and proximate in view of the nature of the defendant's conduct." *Id.* at 632.

In *Unibar*, insurance agents defrauded a company by selling sham, unlicensed, insolvent employee health plans, leaving employees with unpaid claims, uncovered prescriptions, and doctors' collection actions against them. *Id.* at 612–13. Exemplary damages were proper on this record because reputational injury was an unavoidable inference from the evidence, even though plaintiff neither quantified the reputational harm nor offered direct proof that its standing among employees had suffered. *Id.* at 632–33. Instead, the court drew inferences from the record—employee complaints and resulting resignations—concluding that "plaintiff's

reputation amongst its employees suffered as the proximate result of [the] defendants' actions," and that this unquantifiable injury was properly compensated through exemplary damages. *Id.* at 632.

In Michigan, such unquantifiable damages are left to the sound judgment of the jury. For instance, in *Peisner v. Detroit Free Press, Inc.*, 421 Mich. 125, 140–41 (1984), the Michigan Supreme Court addressed exemplary damages available in a defamation case, which compensate the "incremental injury to feelings attributable to defendant's malice." The Court affirmed the following jury instruction:

> "Now, which, if any, of those elements of damage has been proved is for you to decide. But you have to decide that based upon evidence and not upon speculation, not upon guess and not upon conjecture. The amount of money to be awarded for certain of these elements of damage—such as: mental anguish, denial of social pleasures, embarrassment, mortification and ridicule and things like that—the amount of money awarded for those elements can't be proved in a precise dollar amount. The law leaves both amounts to your sound judgment. But your verdict must be solely to compensate the Plaintiff for his damages and not to punish the Defendants."

*Id.* at 138–39, 141. And this instructional standard for non-quantifiable injuries is likewise incorporated into Michigan Civil Jury Instructions:

> The amount of money to be awarded for certain of these elements of damage cannot be proved in a precise dollar amount. The law leaves such amount to your sound judgment. Your verdict must be solely to compensate plaintiff for [ his / her ] damages, and not to punish the defendant.

M. Civ. JI 50.01.[1]

Here, reputational injuries to a company, among its employees and customers, are "unquantifiable and recoverable as exemplary damages." *Unibar*, 283 Mich. App. at 631. The jury should be told that the amount of exemplary damages is thus left to their sound judgment, so long as the award is related to compensating Plaintiffs rather punishing Navistar.

## CONCLUSION

This Court should permit Plaintiffs to present evidence of Plaintiffs' exemplary damages holistically, and then argue to the jury that they are permitted to award an amount of such damages as are adequate to compensate Plaintiffs for harm to its goodwill and reputation.

---

[1] Secondary sources agree. A practitioners' guide to pleading and proving exemplary damages under Michigan law describes the measure of such damages as a "quintessential issue for the trier of fact" where the amount is not otherwise fixed by law, cabined only by the requirement that the award not be "unjustifiably excessive." J. Engelhardt & C. Engelhardt, *Best Practices in Pleading and Proving Exemplary Damages*, 103 Mich. B.J. 34, 35 (Feb. 2024). Michigan's ICLE damages manual likewise requires only that a plaintiff prove, by a preponderance of the evidence, "both hurt feelings and malicious action that caused the injury." *Damages and Remedies in Michigan* § 1.13, at 12 (ICLE 4th ed. 2018).

– 4 –

Respectfully submitted,

KIENBAUM HARDY
VIVIANO PELTON & FORREST, P.L.C.:

By:    /s/ Thomas J. Davis
     Eric J. Pelton (P40635)
     Thomas J. Davis (P78626)
Lauren Walas (P87669(
Sean T.H. Dutton (P77515)
Counsel for Plaintiffs
280 N. Old Woodward Ave., Ste. 400
Birmingham, MI 48009
(248) 645-0000
epelton@khvpf.com
tdavis@khvpf.com
lwalas@khvpf.com
sdutton@khvpf.com

Date:  July 6, 202

– 5 –

**LOCAL RULE CERTIFICATION**

I, Thomas J. Davis, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify that it is the appropriate length. Local Rule 7.1(d)(3).

/s/ Thomas J. Davis
Thomas J. Davis (P78626)
Kienbaum Hardy
Viviano Pelton & Forrest, P.L.C.
280 N. Old Woodward Ave., Ste. 400
Birmingham, MI 48009
(248) 645-0000
tdavis@khvpf.com

## CERTIFICATE OF SERVICE

I hereby certify that on July 6, 2026, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to all ECF participants on record.

*/s/ Thomas J. Davis*
Thomas J. Davis (P78626)
Kienbaum Hardy
Viviano Pelton & Forrest, P.L.C.
280 N. Old Woodward Ave.
Ste. 400
Birmingham, MI 48009
(248) 645-0000
tdavis@khvpf.com

4898-2899-0651, v. 1